| | |
|---|---|
| 1 | THOMAS F. KOEGEL (SBN 125852) |
|   | tkoegel@crowell.com |
| 2 | NATHANIEL P. BUALAT (SBN 226917) |
|   | nbualat@crowell.com |
| 3 | CROWELL & MORING LLP |
|   | 275 Battery Street, 23rd Floor |
| 4 | San Francisco, California 94111 |
|   | Telephone: 415.986.2800 |
| 5 | Facsimile: 415.986.2827 |
| 6 | CHRISTOPHER FLYNN (admitted *pro hac vice*) |
|   | cflynn@crowell.com |
| 7 | CROWELL & MORING LLP |
|   | 1001 Pennsylvania Avenue, N.W. |
| 8 | Washington, D.C. 20004-2595 |
|   | Telephone: (202) 624-2500 |
| 9 | Facsimile: (202) 628-5116 |
| 10 | JENNIFER S. ROMANO (SBN 195953) |
|    | jromano@crowell.com |
| 11 | CROWELL & MORING LLP |
|    | 515 South Flower Street, 40th Floor |
| 12 | Los Angeles, California 90071 |
|    | Telephone: (213) 622-4750 |
| 13 | Facsimile: (213) 622-2690 |
| 14 | Attorneys for Defendants |
|    | UNITED HEALTHCARE INSURANCE COMPANY |
| 15 | and UNITED BEHAVIORAL HEALTH |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, on behalf of themselves and all others similarly situated, and BRIAN MUIR, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendants. | Case No. 3:14-CV-02346-JCS<br><br>**DEFENDANTS UNITED HEALTHCARE INSURANCE COMPANY AND UNITED BEHAVIORAL HEALTH'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF AND EXHIBITS TO THE DECLARATIONS OF JENNIFER D. THOMPSON KINBERGER AND JANE E. STALINSKI**<br><br>Judge:       Hon. Joseph Spero<br>Courtroom:   G<br><br>Action Filed: May 21, 2014 |

Pursuant to Civil Local Rules 79-5 and 7-11, defendants United Healthcare Insurance Company ("UHIC") and United Behavioral Health ("UBH") (collectively, "Defendants"), respectfully move this Court for leave to file under seal portions of and exhibits to (1) the Declaration of Jennifer D. Thompson Kinberger in Support of Defendants United Healthcare Insurance Company and United Behavioral Health's Motion to Transfer Venue under 28 U.S.C. § 1404(a) ("Kinberger Declaration" or "Kinberger Decl.") and (2) the Declaration of Jane E. Stalinski in Support of Defendants United Healthcare Insurance Company and United Behavioral Health's Motions to Transfer Venue under 28 U.S.C. § 1404(a), to Dismiss, and to Seal ("Stalinski Declaration" or "Stalinski Decl.").

Specifically, Defendants request that the following materials be filed under seal because they contain personal information relating to Plaintiffs (the "Personal Information"):

- Portions of the Kinberger Declaration, as identified with highlighting in the versions submitted to the Court;
- Exhibits 1-3 to the Kinberger Declaration in their entirety;
- Portions of the Stalinski Declaration, as identified with highlighting in the versions submitted to the Court; and
- Exhibits 5-6 of the Stalinski Declaration in their entirety.

Defendants further request that the following materials be filed under seal because they contain confidential, proprietary, and competitively-sensitive information relating to Defendants (the "Competitively Sensitive Information"):

- Exhibits 1 and 3 of the Stalinski Declaration in their entirety.

This motion is accompanied by the Declaration of Nathaniel P. Bualat in Support of Defendants' Administrative Motion to Seal ("Bualat Declaration" or "Bualat Decl.") and the Stalinski Declaration pursuant to Civil Local Rule 79-5(d)(1)(A), a stipulation pursuant to Civil Local Rules 7-11, and a proposed order in accordance with Civil Local Rules 7-11 and 79-5(d)(1)(B).

**DISCUSSION**

The Ninth Circuit has articulated two standards for evaluating a sealing request: (i) a "compelling reasons" standard, for materials used at trial or filed as part of dispositive motions, and (ii) a more lenient, "good cause" standard applied to non-dispositive motions filed during the pendency of an action. *See Kamakana v. City and Co. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Here, because the information that Defendants seek to seal is in support of Defendants' non-dispositive Motion to Transfer Venue[1], the more lenient "good cause" standard should apply to Defendants' request to seal.

Through this Motion, Defendants seek to seal two types of information: personal information and protected health information relating to Plaintiffs ("Personal Information") and confidential, proprietary, and competitively-sensitive information relating to Defendants ("Competitively Sensitive Information"). As discussed below, the Bualat Declaration and Paragraph 9 of the Stalinski Declaration establish that the information identified above is sealable under the "good cause" standard, as well as under the "compelling reasons" standard.

**Personal Information**

The Personal Information at issue in this Motion includes information reflecting Plaintiffs David Wit's, Natasha Wit's, and/or Brian Muir's health information, addresses, dates of birth, health plan identification numbers, healthcare medical record and claim numbers, social security numbers, and phone numbers. Declaration of Nathaniel P. Bualat in Support of Defendants' Administrative Motion to Seal Portions of and Exhibits to the Declarations of Jennifer D. Thompson Kinberger and Jane E. Stalinski, ¶¶ 2-4. Such information has been considered to be individually identifiable health information under the Health Insurance Portability and Accountability Act. *See* 45 CFR § 164.514 (listing information that should be removed to de-identify protected health information, including birth dates, telephone numbers, social security

---

[1] While the Stalinski Declaration also supports Defendants' concurrently-filed Motion to Dismiss, Defendants rely upon Paragraphs 4-5 of and Exhibits 2 and 4 to the Stalinski Declaration for their Motion to Dismiss and Defendants do not seek to seal those paragraphs or exhibits.

numbers, medical record numbers, health plan beneficiary numbers, and account numbers). Accordingly, there is "good cause" and "compelling reasons" to seal the Personal Information at issue in this Motion.

### Competitively Sensitive Information

It is well-established that "access to judicial records is not absolute," and that certain types of non-public, commercially sensitive documents may be protected from public disclosure. *See Kamakana*, 447 F.3d at 1178 (9th Cir. 2006). Rule 26 of the Federal Rules of Civil Procedure provides district courts with broad discretion to seal filed materials in order to protect, among other things, "a trade secret or other confidential research, development, or commercial information." *See* Fed. R. Civ. P. 26(c)(1)(g). Moreover, the financial details and other negotiated terms of contractual agreements meet the good cause and compelling reasons standards. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining that "pricing terms, royalty rates, and guaranteed minimum payment terms" constitute the "precise sort of information" that under the compelling reasons standard "plainly falls within the definition of trade secrets and therefore must be sealed."); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangements" and that disclosure of "pricing arrangements, business model and strategies" of the designating party "would allow its competitors to copy or adopt these practices … reducing or eliminating the competitive advantage that this information provides"); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (finding pricing, profit, and customer information sealable under the compelling reasons standard).

Here, as set forth in Paragraph 9 of the Stalinski Declaration, the Competitively Sensitive Information reflects the negotiated terms of Defendants' contractual agreements, which includes the structure of Defendants' relationships with clients and the rates that Defendants charge for their services and/or products. Stalinski Decl., ¶ 9. This type of information is properly sealable because disclosure would provide competitors as well as potential clients with unfair bargaining leverage in future negotiations. *See, e.g., Rainbow Bus. Solutions*, 2013 U.S. Dist. LEXIS 67190,

at *9 ("the public disclosure of [contract terms] would impede [the party's] ability to negotiate with business partners and to stay competitive in the marketplace.")  In addition, disclosure of this type of information could be used by competitors to undercut pricing and provide an unfair competitive advantage.  Accordingly, there is "good cause" and "compelling reasons" to seal the Competitively Sensitive Information at issue in this Motion.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to file the following materials under seal:

- Portions of the Kinberger Declaration, as identified with highlighting in the versions submitted to the Court;
- Exhibits 1-3 to the Kinberger Declaration in their entirety;
- Portions of the Stalinski Declaration, as identified with highlighting in the versions submitted to the Court; and
- Exhibits 1, 3, 5 and 6 of the Stalinski Declaration in their entirety.

Dated: July 18, 2014                                      CROWELL & MORING LLP


                                                           /s/ Nathaniel P. Bualat

                                                        Christopher Flynn
                                                        Jennifer S. Romano
                                                        Nathaniel P. Bualat
                                                       Attorneys for Defendants
                                          UNITED HEALTHCARE INSURANCE COMPANY
                                              and UNITED BEHAVIORAL HEALTH

SFACTIVE-903375876.2