| | |
|---|---|
| 1 | THOMAS F. KOEGEL (SBN 125852) |
|   | tkoegel@crowell.com |
| 2 | NATHANIEL P. BUALAT (SBN 226917) |
|   | nbualat@crowell.com |
| 3 | CROWELL & MORING LLP |
|   | 275 Battery Street, 23rd Floor |
| 4 | San Francisco, California 94111 |
|   | Telephone: 415.986.2800 |
| 5 | Facsimile: 415.986.2827 |
| 6 | CHRISTOPHER FLYNN (admitted *pro hac vice*) |
|   | cflynn@crowell.com |
| 7 | CROWELL & MORING LLP |
|   | 1001 Pennsylvania Avenue, N.W. |
| 8 | Washington, D.C. 20004-2595 |
|   | Telephone: (202) 624-2500 |
| 9 | Facsimile: (202) 628-5116 |
| 10 | JENNIFER S. ROMANO (SBN 195953) |
|    | jromano@crowell.com |
| 11 | CROWELL & MORING LLP |
|    | 515 South Flower Street, 40th Floor |
| 12 | Los Angeles, California 90071 |
|    | Telephone: (213) 622-4750 |
| 13 | Facsimile: (213) 622-2690 |
| 14 | Attorneys for Defendants |
|    | UNITED HEALTHCARE INSURANCE COMPANY |
| 15 | and UNITED BEHAVIORAL HEALTH |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, on behalf of themselves and all others similarly situated, and BRIAN MUIR, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendants. | Case No. 3:14-CV-02346-JCS<br><br>**DECLARATION OF JANE E. STALINSKI IN SUPPORT OF DEFENDANTS UNITED HEALTHCARE INSURANCE COMPANY AND UNITED BEHAVIORAL HEALTH'S MOTIONS TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), TO DISMISS, AND TO SEAL**<br><br>Date: September 26, 2014<br>Time: 2:00 P.M.<br>Judge: Hon. Joseph Spero<br>Courtroom: G<br>Action Filed: May 21, 2014<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DECL. OF STALINSKI ISO DEFENDANTS' MOT. TO
TRANSFER VENUE, TO DISMISS & TO SEAL;
CASE NO. 3:14-CV-02346-JCS

I, Jane E. Stalinksi, hereby declare are follows:

1. I am a Legal Case Information Analyst for United Healthcare Services, Inc. ("UHS"). I have been employed as a Legal Case Information Analyst at UHS for 13 years. Before becoming a Legal Case Information Analyst, I previously worked for UHS for 3 years in another capacity. I have personal knowledge of the facts stated herein, and if called as a witness, could and would testify competently thereto.

2. As a Legal Case Information Analyst, my role includes providing support for UHS' legal department by conducting operational research and analysis as well as document retrieval. In that role, I have become familiar with the record-keeping of UHS and certain of its affiliated companies, including United Healthcare Insurance Company ("UHIC") (UHS and UHIC are collectively referred to herein as "United"), with respect to processing a claim for benefits submitted on behalf of a health plan member and appeals related to such claims. As part of my duties, I have gained firsthand experience with the procedures used by United personnel to create and maintain such records, including ones like those referred to below and attached to this declaration. I have also become familiar with how United creates and maintains its databases of plan documents, certificates of coverage, policy agreements, and other agreements relating to its administration of health plans.

3. Among other things, United acts as an administrator of health plans for employers. Employers that offer health benefits to their employees typically offer those benefits in one of two ways: they purchase health insurance from an insurance company (known as fully-insured plans), or they provide administrative services to employers that sponsor and fund their own health plans (self-insured or self-funded plans).

4. According to United's records, UHIC offers health benefits to members of Insperity Holding, Inc.'s ("Insperity") health plan, which is fully-insured, through a Group Policy under which Insperity is the "Enrolling Group." The Group Policy for Insperity includes documents titled "Group Policy", "Certificate(s) of Coverage", and "Schedule(s) of Benefits." Attached as Exhibit 1 is a true and correct copy of the document titled "Group Policy for Insperity

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

DECL. OF STALINSKI ISO DEFENDANTS' MOT. TO
TRANSFER VENUE, TO DISMISS & TO SEAL;
CASE NO. 3:14-CV-02346-JCS

Holdings, Inc., Enrolling Group Number: 701648," which has an effective date of January 1, 2013. Attached as Exhibit 2 is a true and correct copy of the document titled "Certificate of Coverage For the Health Savings Account (HAS) Plan 7PB of Insperity Holdings, Inc., Enrolling Group Number: 701648," which has an effective date of January 1, 2013 and includes a "Schedule of Benefits."

5. According to United's records, Deloitte LLP has a contract with UHS to provide specified administrative services associated with Deloitte's self-funded plan, including the processing of claims submitted on behalf of members of the Deloitte plan (the "Administrative Services Agreement" or "Deloitte ASA"). Attached as Exhibit 3 is a true and correct copy of the Deloitte ASA with an effective date of January 1, 2001. Also attached, as Exhibit 4, is a true and correct copy of the following plan document for the Deloitte plan: UnitedHealthcare Options PPO Plan: Active Employees, Partners/Principals, Effective January 1, 2012 (and applicable through 2013).

6. According to United's records, ▇▇▇▇ is a member of the Insperity health plan. ▇▇▇ requested coverage for services rendered at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ by a clinician named ▇▇▇▇▇▇▇▇, MS, RD, CDN. The dates of service for claims billed by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and rendered by ▇▇▇▇▇ include the following months: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. There are two addresses for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; one in Scarsdale, New York and the other in New York, New York. Attached as Exhibit 5 is a true and correct copy of a portion of claim forms in United's records relating to ▇▇▇▇'s coverage requests, some of which ▇▇▇▇ or a representative for her directly submitted to United. Also attached as Exhibit 6 are true and correct copies of correspondence that United sent to ▇▇▇▇ and ▇▇▇▇, respectively, relating to ▇▇▇▇'s coverage requests.

7. According to United's records relating to ▇▇▇▇, the claims adjudication of ▇▇▇▇'s claims relating to ▇▇▇▇'s services occurred outside of California. In addition, the medical claim review—which includes a review of the benefits available under ▇▇▇▇'s plan

and a recommendation relating to the adjudication of the claim—of ▮▮▮▮'s claims relating to ▮▮▮▮'s services occurred in Texas.  Finally, the further review of ▮▮▮▮'s request for coverage (*see, e.g.,* April 1, 2014 letter in Exhibit 6) occurred outside of California.

8. The records discussed in Paragraphs 4-6 and attached hereto as Exhibits 1-6 were prepared and/or received in the regular course of business, at or near the time of the occurrence of the matters set forth by (or from information transmitted by) a person with knowledge of those matters.  The records were kept in the course of United's regularly conducted activity.  The source of the information and method of preparation were such as to indicate their trustworthiness.  With respect to United's records relating to claims discussed in Paragraph 6 and reflected in Exhibit 5, it is United's regular procedure and practice to receive claim forms from providers and input and store them in United's records for the purposes of processing the claims, including potentially approving payment of the claims.  United relies upon such claim forms and their accuracy in its processing of claims.

9. It is United's practice to treat the "Group Policy" document for the Insperity health plan and the Deloitte ASA discussed in Paragraphs 4-5, which, respectively, are attached as Exhibits 1 and 3, as confidential documents and not disclose them publicly.  Based on my role as a Legal Case Information Analyst, my understanding is that these documents contain United's confidential, proprietary, and competitively-sensitive information relating to their business operations, including relating to the structure of their relationships with clients and the rates that they charge for their services and/or products.  I further understand that public disclosure of this confidential, proprietary, and competitively-sensitive information could cause United competitive harm as well as adversely affect their negotiations with current or future clients.

//

//

//

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

DECL. OF STALINSKI ISO DEFENDANTS' MOT. TO
TRANSFER VENUE, TO DISMISS & TO SEAL;
CASE NO. 3:14-CV-02346-JCS

I declare under penalty of perjury under the penalty of perjury that the foregoing is true and correct.

Executed this 16th day of July, 2014, at Cleveland, Ohio.

*Jane E. Stalinski*

SFACTIVE-903373249.4