| | |
|---|---|
| 1 | THOMAS F. KOEGEL (SBN 125852) |
|   | tkoegel@crowell.com |
| 2 | NATHANIEL P. BUALAT (SBN 226917) |
|   | nbualat@crowell.com |
| 3 | CROWELL & MORING LLP |
|   | 275 Battery Street, 23rd Floor |
| 4 | San Francisco, California  94111 |
|   | Telephone: 415.986.2800 |
| 5 | Facsimile: 415.986.2827 |
| 6 | CHRISTOPHER FLYNN (admitted *pro hac vice*) |
|   | cflynn@crowell.com |
| 7 | CROWELL & MORING LLP |
|   | 1001 Pennsylvania Avenue, N.W. |
| 8 | Washington, D.C. 20004-2595 |
|   | Telephone: (202) 624-2500 |
| 9 | Facsimile: (202) 628-5116 |
| 10 | JENNIFER S. ROMANO (SBN 195953) |
|    | jromano@crowell.com |
| 11 | CROWELL & MORING LLP |
|    | 515 South Flower Street, 40th Floor |
| 12 | Los Angeles, California 90071 |
|    | Telephone: (213) 622-4750 |
| 13 | Facsimile: (213) 622-2690 |
| 14 | Attorneys for Defendants |
|    | UNITED HEALTHCARE INSURANCE COMPANY |
| 15 | and UNITED BEHAVIORAL HEALTH |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, on behalf of themselves and all others similarly situated, and BRIAN MUIR, on his own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS), <br><br> Defendants. | Case No. 3:14-CV-02346-JCS <br><br> **DECLARATION OF JENNIFER D. THOMPSON KINBERGER IN SUPPORT OF DEFENDANTS UNITED HEALTHCARE INSURANCE COMPANY AND UNITED BEHAVIORAL HEALTH'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)** <br><br> Date:           September 26, 2014 <br> Time:          2:00 P.M. <br> Judge:         Hon. Joseph Spero <br> Courtroom: G <br> Action Filed: May 21, 2014 <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DECL. OF THOMPSON KINBERGER ISO
DEFENDANTS' MOT. TO TRANSFER VENUE; CASE
NO. 3:14-CV-02346-JCS

I, Jennifer D. Thompson Kinberger, MA, CLA, hereby declare are follows:

1. I am a Business Operations Assurance Consultant at United Behavioral Health ("UBH"), which operates as OptumHealth Behavioral Solutions. I have been employed as a Business Operations Assurance Consultant at UBH since November 2012. Before November 2012, I worked as a regulatory compliance analyst at UBH for 8 years. I have personal knowledge of the facts stated herein, and if called as a witness, could and would testify competently thereto.

2. As a Business Operations Assurance Consultant my role at UBH includes record management for appeals, including related claims documents, and review and analysis of certain appeal functions. Generally, an "appeal" is when a health plan member or someone on his behalf requests further review of UBH's determination of whether a particular service is covered by the member's plan and/or how much coverage that plan provides for the service. A welfare plan member's request for coverage is often referred to as a "claim." A claim is generally the document submitted by a provider, not usually by the member. Appeals typically occur when a member's claim has been completely or partially denied and the member seeks further review of the denial.

3. In my role as Business Operations Assurance Consultant, I have become familiar with how and where UBH processes claims and appeals as well as UBH's record-keeping for both. As part of my duties, I have gained firsthand experience with the procedures used by UBH personnel to create and maintain such records, including ones like those referred to below and attached to this declaration.

4. According to records in UBH's possession, ████████ has benefits through Insperity Holdings, Inc. ("Insperity") and is a member of the Insperity health plan by way of her father's (████████) employment. ████████'s employer is located in New Jersey.

5. According to UBH's records, in May 2013, ████████ requested coverage for treatment at Monte Nido Lake Vista located in Agoura Hills, California. Attached as Exhibit 1 is a true and correct copy of a portion of claim forms in UBH's records relating to ████████'s

coverage requests, some of which ▇▇▇ or a representative for her directly submitted to UBH.

6. According to UBH's records, ▇▇▇ is a member of the Deloitte LLP health plan. In March 2013, ▇▇▇ requested coverage for treatment at Sierra Tucson located in Tucson, Arizona. ▇▇▇ also requested coverage for services rendered by ▇▇▇ in Chicago, Illinois. The dates for the services rendered by ▇▇▇, include dates in the following months: ▇▇▇. Attached as Exhibit 2 is a true and correct copy of a portion of claim forms in UBH's records relating to ▇▇▇'s coverage requests.

7. UBH's denial of ▇▇▇'s claim for services at Sierra Tucson was reviewed and upheld by an Independent Review Organization (IRO) called MES Solutions. An IRO is a third-party organization that determines medical necessity and appropriateness of health care delivered or proposed to be delivered. MES Solutions' Peer Review Services, which performed the independent review, is based in Norwood, Massachusetts. Attached as Exhibit 3 is a true and correct copy of MES Solutions' Independent Review Decision, which is a part of UBH's records relating to ▇▇▇'s coverage requests.

8. The following are the names and locations of all persons raised in Plaintiffs' complaint that are affiliated with UBH:

 a. Theodore Allchin, MD is an Associate Medical Director for UBH. Dr. Allchin works in UBH's offices in Schaumburg, Illinois. Dr. Allchin evaluated ▇▇▇'s claim relating to her treatment at Monte Nido Lake Vista, making an initial determination about that claim.

 b. Roxanne Sanders, MD is a Medical Director for UBH. Dr. Sanders works in UBH's offices in Schaumburg, Illinois. Dr. Sanders evaluated ▇▇▇'s claim relating to her treatment at Monte Nido Lake Vista, making an appeal determination about that claim.

 c. Anitra Stewart, LAPC is a Care Advocate for UBH. Ms. Stewart works in UBH's offices in Atlanta, Georgia. Ms. Stewart performed work relating to ▇▇▇'s

claim relating to his treatment at Sierra Tucson.

      d.      Jerome Kaufman, MD was an Associate Medical Director for UBH.  Dr. Kaufman worked remotely from Florida through UBH's offices in Atlanta, Georgia.  Dr. Kaufman evaluated ▓▓▓▓'s claim relating to his treatment at Sierra Tucson, making an initial determination about that claim.

      e.      Jed Goldart, MD is an Associate Medical Director for UBH.  Dr. Goldart works remotely in Rockville, Maryland through UBH's offices in Atlanta, Georgia.  Dr. Goldart evaluated ▓▓▓▓'s claim relating to his treatment at Sierra Tucson, making an appeal determination about that claim.

      f.      Rosalyn Chambliss, LPC is a Care Advocate for UBH.  Ms. Chambliss works in UBH's offices in Atlanta, Georgia.  Ms. Chambliss worked on ▓▓▓▓'s claim relating to his treatment at Sierra Tucson.

      9.      The records discussed in Paragraphs 4-7 and attached hereto as Exhibits 1-3 were prepared and/or received in the regular course of business, at or near the time of the occurrence of the matters set forth by (or from information transmitted by) a person with knowledge of those matters.  The records were kept in the course of UBH's regularly conducted activity.  The source of the information and method of preparation were such as to indicate their trustworthiness.  In particular, with respect to UBH's records relating to claims discussed in Paragraphs 4-7 and reflected in Exhibits 1-2, it is UBH's regular procedure and practice to receive claim forms from providers and input and store them in UBH's records for the purposes of processing the claims, including potentially approving payment of the claims.  UBH relies upon such claims forms and their accuracy in its processing of claims.

//

//

//

1  I declare under penalty of perjury under the penalty of perjury that the foregoing is true
2  and correct.
3  Executed this _11_ day of July, 2014, at San Diego California
4
5  _/s/ Jenifer Thompson Kinberger_
6  SFACTIVE-903372643.2

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

DECL. OF THOMPSON KINBERGER ISO
DEFENDANTS' MOT. TO TRANSFER VENUE; CASE
NO. 3:14-CV-02346-JCS