1 THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
2 NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
3 CROWELL & MORING LLP
275 Battery Street, 23rd Floor
4 San Francisco, California 94111
Telephone: 415.986.2800
5 Facsimile: 415.986.2827

6 CHRISTOPHER FLYNN (admitted *pro hac vice*)
cflynn@crowell.com
7 CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
8 Washington, D.C. 20004-2595
Telephone: (202) 624-2500
9 Facsimile: (202) 628-5116

10 JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
11 CROWELL & MORING LLP
515 South Flower Street, 40th Floor
12 Los Angeles, California 90071
Telephone: (213) 622-4750
13 Facsimile: (213) 622-2690

14 Attorneys for Defendants
UNITED HEALTHCARE INSURANCE COMPANY
15 and UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, on behalf of themselves and all others similarly situated, and BRIAN MUIR, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY and UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendants. | Case No. 3:14-CV-02346-JCS<br><br>**DEFENDANTS UNITED HEALTHCARE INSURANCE COMPANY AND UNITED BEHAVIORAL HEALTH'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 26, 2014<br>Time: 2:00 P.M.<br>Judge: Hon. Joseph Spero<br>Courtroom: G<br>Action Filed: May 21, 2014 |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANTS' MOT. TO TRANSFER VENUE;
MEMO. OF P&A IN SUPPORT THEREOF;
CASE NO. 3:14-CV-02346-JCS

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION TO TRANSFER VENUE ............................................. 1

ISSUE TO BE DECIDED................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I. INTRODUCTION ............................................................................................................... 2

II. STATEMENT OF FACTS ................................................................................................. 3

    A. Plaintiffs David Wit And Natasha Wit Reside In The Southern District Of New York And Seek Payment From Defendants For Services Rendered Outside Of The Northern District Of California ...................................................... 3

    B. Plaintiff Brian Muir Does Not Reside In The Northern District Of California Nor Does He Seek Payment From Defendants For Services Rendered In This District ................................................................................................ 4

    C. Defendants' Alleged Conduct Did Not Occur In The Northern District Of California........................................................................................................................ 5

III. ARGUMENT ....................................................................................................................... 7

    A. A District Court May Transfer A Case Under 28 U.S.C. § 1404(a) In The Interest Of Convenience And Justice Based On Individualized Case-By-Case Considerations ................................................................................................... 7

    B. The Section 1404(a) Factors Favor Transfer To The Southern District Of New York ........................................................................................................................ 8

        1. This Action Could Have Been Brought In The Southern District Of New York ............................................................................................................. 9

        2. Because Of The Absence Of Connections Between Plaintiffs' Class Action Claims And The Northern District Of California, Little Or No Deference Should Be Paid To Plaintiffs' Choice of Forum .................. 9

        3. The Convenience Of Party And Non-Party Witnesses Weighs In Favor Of Transfer To The Southern District Of New York ...................... 11

        4. The Interests Of Justice Weigh In Favor Of Transfer To The Southern District Of New York ................................................................. 13

IV. CONCLUSION ................................................................................................................. 15

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-i-

DEFENDANTS' MOT. TO TRANSFER VENUE;
MEMO. OF P&A IN SUPPORT THEREOF;
CASE NO. 3:14-CV-02346-JCS

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Continental Grain Co. v. The F.B.L.–585*,
  364 U.S. 19 (1960) .................................................................................................. 7

*CoxCom, Inc. v. Hybrid Patents Inc.*,
  2007 WL 2500982 (N.D. Cal. Aug. 30, 2007) ..................................................... 11

*David v. Alphin*,
  2007 WL 39400 (N.D. Cal. Jan. 4, 2007) ......................................................... 9, 13

*Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharm.*,
  2002 WL 31655328 (N.D. Cal. Nov. 21, 2002) ............................................ 7, 8, 13

*Doe v. PricewaterhouseCoopers Health & Welfare Benefit Plan*,
  C 13-02710 JSW, 2014 WL 2737840 (N.D. Cal. June 11, 2014) ........................ 15

*Guy v. Hartford Life Grp. Ins. Co.*,
  2011 WL 5525965 (N.D. Cal. Nov. 14, 2011) ....................................................... 9

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) .................................................................................. 8

*Lipnick v. United Air Lines, Inc.*,
  2011 WL 4026647 (N.D. Cal. Sept. 9, 2011) ....................................................... 11

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) .................................................................................. 9

*M.K. v. Visa Cigna Network POS Plan*,
  2013 WL 2146609 (N.D. Cal. May 15, 2013) ....................................................... 7

*McCormack v. Safeway Stores, Inc.*,
  2012 WL 5948965 (N.D. Cal. Nov. 28, 2012) ....................................................... 9

*Park v. Dole Fresh Vegetables, Inc.*,
  964 F. Supp. 2d 1088 (N.D. Cal. 2013) ......................................................... 7, 8, 12

*Shemano-Krupp v. Mut. of Omaha Ins. Co.*,
  No. C 05-04693 JSW, 2006 WL 3365595 (N.D. Cal. Nov. 20, 2006) ................. 15

*Smith v. Aetna Life Ins. Co.*,
  2011 WL 3904131 (N.D. Cal. Sept. 6, 2011) ......................................................... 9

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) .............................................................................................. 7, 8

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ............................................................................................... 7

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ii-

DEFENDANTS' MOT. TO TRANSFER VENUE;
MEMO. OF P&A IN SUPPORT THEREOF;
CASE NO. 3:14-CV-02346-JCS

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Wang Labs., Inc. v. Kagan*,
  990 F.2d 1126 (9th Cir. 1993) .................................................................................................. 15

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................... passim

29 U.S.C. § 1132(a) ..................................................................................................................... 14

29 U.S.C. § 1132(e)(2) ........................................................................................................... 3, 8, 9

**Rules**

Fed. R. Civ. P. 45(c)(1) ............................................................................................................... 12

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

DEFENDANTS' MOT. TO TRANSFER VENUE;
MEMO. OF P&A IN SUPPORT THEREOF;
CASE NO. 3:14-CV-02346-JCS

## NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 26, 2014 at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom G, 15th floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Joseph Spero, Defendants United Healthcare Insurance Company ("UHIC") and United Behavioral Health ("UBH") (collectively, "Defendants") will and hereby do move to transfer this action from this Court to the U.S. District Court for the Southern District of New York.

Defendants move pursuant to 28 U.S.C. Section 1404(a) for an order transferring this action to the U.S. District Court for the Southern District of New York. Defendants' Motion to Transfer Venue is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Declarations of Jane Stalinski, Jennifer Thompson Kinberger, Gerard Niewenhous, and Nathaniel Bualat, all pleadings on file in this matter, and other matters as may be presented to the Court at the time of the hearing or otherwise.

## ISSUE TO BE DECIDED (L.R. 7-4(A)(3))

Whether this case should be transferred to the Southern District of New York because: (i) the action could have been brought there; (ii) Plaintiffs' choice of forum should be given little or no deference because of a lack of any connection between this District and the situs of material events in this case; (iii) the Southern District of New York is more convenient for the majority of potential witnesses; and (iv) the interests of justice favor transfer to the Southern District of New York.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

DEFENDANTS' MOT. TO TRANSFER VENUE;
MEMO. OF P&A IN SUPPORT THEREOF;
CASE NO. 3:14-CV-02346-JCS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiffs David Wit, Natasha Wit and Brian Muir ("Plaintiffs") filed this putative class action against Defendants to challenge Defendants' denial of coverage for certain health care services provided to Plaintiffs. All of Plaintiffs' claims are brought under the Employee Retirement Income Security Act of 1974 ("ERISA") because their health plans at issue are governed by ERISA.

Plaintiffs do not reside in this District. The health care services at issue did not take place in this District, and the decisions challenged in this case were not made in this District. Because this District has no nexus with the issues in dispute, this case should be transferred out of this District and to the Southern District of New York, where there are far greater connections to the actions and matters at issue.

The only connection between Plaintiffs' class allegations and this District is that one of the defendants, UBH, is headquartered in San Francisco. But the events and actions alleged by Plaintiffs did not take place in UBH's San Francisco office or anywhere else in the Northern District of California. While the material events occurred in multiple districts around the country, more events occurred and allegedly continue to occur in the Southern District of New York, as compared to any other district. Without question, as between the Southern District of New York and the Northern District of California—where no material events occurred—the Southern District of New York has more interest in the issues presented by this lawsuit. For example:

- Plaintiffs David Wit and Natasha Wit reside in the Southern District of New York (Larchmont, New York, which is in Westchester County);
- Ms. Wit received, and continues to receive, some of the services at issue in this action in the Southern District of New York;
- Deloitte LLP—the Plan Sponsor, Plan Administrator, and Agent for Service of Process of the plan to which Plaintiff Mr. Muir belongs—is located in the Southern District of New York, and Deloitte retains responsibility for the design and administration of the plan it sponsors; and

- The Administrative Services Agreement through which Defendants serve as the claims administrator for Mr. Muir's plan is governed by the laws of the State of New York, as well as ERISA.

Accordingly, this case should be transferred to the Southern District of New York under 28 U.S.C. § 1404(a) because: (1) the action could have been brought there under ERISA's venue provision, 29 U.S.C. § 1132(e)(2); (2) Plaintiffs' choice of forum should be given little or no deference because of a lack of any connection between this District and the situs of material events in this case; (3) the Southern District of New York is more convenient for the vast majority of potential witnesses; and (4) the interests of justice favor transfer to the Southern District of New York.[1]

## II. STATEMENT OF FACTS

### A. Plaintiffs David Wit And Natasha Wit Reside In The Southern District Of New York And Seek Payment From Defendants For Services Rendered Outside Of The Northern District Of California.

Mr. Wit and Ms. Wit reside in Larchmont, New York.  Compl. ¶ 27.  Mr. Wit has benefits through Insperity Group Holdings, Inc.[2] ("Insperity") and is a member of the Insperity health plan by way of Mr. Wit's employment with a New Jersey-based company.  *Id.* ¶¶ 28-29; Declaration of Jennifer D. Thompson Kinberger in Support of Defendants United Healthcare Insurance Company and United Behavioral Health's Motion to Transfer Venue under 28 U.S.C. § 1404(a) ("Kinberger Decl."), ¶¶ 4-5, Ex. 1.

Plaintiffs allege that Ms. Wit received residential facility treatment and nutritional counseling for an eating disorder, and that the claims submitted by her providers were not paid by Defendants.  *Id.* ¶¶ 32-35, 43-44.  Plaintiffs allege that the denial of coverage for these services

---

[1] Defendants concurrently filed a Motion to Dismiss Plaintiffs' claims. Defendants respectfully request that the Court rule on this Motion to Transfer before reaching Defendants' Motion to Dismiss.

[2] Insperity is a publicly-traded, professional employer organization ("PEO") that, according to its website, provides human resource outsourcing, among other things, to over 100,000 businesses with over 2 million employees. "About Us," *Insperity*, *available at* http://www.insperity.com/about-us (last visited July 17, 2014). Insperity's headquarters are in Houston, Texas. *Id.*

breached the terms of the Wits' health plan and/or violated federal law. *Id.* ¶ 32. Specifically, Plaintiffs allege that the level of care and coverage determination guidelines used by Defendants to process and ultimately deny the claims were inconsistent with prevailing medical standards and discriminate against members with mental illness. *Id.* ¶¶ 10-26. The residential treatment services provided to Ms. Wit were provided by Monte Nido Vista in a city called Agoura Hills in Southern California. *Id.* ¶¶ 32-33; Kinberger Decl., ¶ 5, Ex. 1. The other services at issue for Ms. Wit, including nutritional counseling, were rendered or are being rendered in New York, New York and/or Westchester County, New York where Ms. Wit resides. Compl. ¶¶ 32-33, 43, 46; Declaration of Jane E. Stalinski in Support of Defendants United Healthcare Insurance Company and United Behavioral Health's Motion to Transfer Venue under 28 U.S.C. § 1404(a), to Dismiss, and to Seal ("Stalinski Decl."), ¶ 6, Exs. 5-6. None of the services at issue for Ms. Wit were rendered in the Northern District of California.

> **B.    Plaintiff Brian Muir Does Not Reside In The Northern District Of California Nor Does He Seek Payment From Defendants For Services Rendered In This District.**

Mr. Muir resides in Chicago, Illinois. Compl. ¶¶ 73. Mr. Muir is a member of a self-funded group plan sponsored by Deloitte. *Id.* Deloitte, which according to plan documents is located in New York, New York, is designated as the "Plan Sponsor", "Plan Administrator", and "Agent for Service of Process" for the plan. Stalinski Decl., ¶ 5, Ex. 4 at 77-78. Deloitte has a contract with Defendants' affiliate, United Healthcare Services, Inc., to provide administrative services associated with the Deloitte plan (the "Administrative Services Agreement" or "Deloitte ASA"), including processing of claims. *Id.*, ¶ 5, Ex. 3. Under the Deloitte ASA, Deloitte retains responsibilities over the administration of the plan it sponsors. For instance, except as set forth in the Deloitte ASA, Deloitte has "total responsibility for the Plan for purposes of this Agreement including its benefit design and compliance with any laws that apply to [Deloitte] or the Plan, whether or not [Deloitte] or someone [Deloitte] designate[s] is the Plan Administrator." *Id.* at § 2.2 (p. 3-4) (also providing that Defendants "are not the Plan Administrator[s] of the Plan"). Deloitte also can change plan terms, including plan benefits. *Id.* at § 2.5 (p. 4). By its terms, the

Deloitte ASA is governed by the laws of the State of New York, as well as ERISA. *Id.* at § 13.3 (p. 15).

Plaintiffs allege that Mr. Muir received residential facility services for substance use disorder, and the claims submitted by his provider were not paid. *See* Compl. ¶¶ 78-81. Plaintiffs further allege that the denial of coverage for these services breached the terms of Mr. Muir's health plan and violated federal law. *Id.* ¶ 84. Specifically, Plaintiffs allege that the level of care and coverage determination guidelines used by Defendants to process and ultimately deny the claims were inconsistent with prevailing medical standards and discriminate against patients with mental illness. *See id.* ¶¶ 52-72, 84. The services for which Mr. Muir seeks payment were rendered in Tucson, Arizona. *Id.* ¶ 79; Kinberger Decl., ¶ 6, Ex. 2. None were rendered in the Northern District of California.

### C. Defendants' Alleged Conduct Did Not Occur In The Northern District Of California.

UHIC's corporate headquarters are located in Hartford, Connecticut. Compl. ¶ 6. UBH's corporate headquarters are located in San Francisco, California. *Id.* ¶ 7. While Defendants' corporate headquarters are located in those two cities, Defendants conduct the claims administration of welfare benefit plans in offices across the United States. *See, e.g.,* Kinberger Decl., ¶ 8. Indeed, the processing and administration of the claims at issue in this case did not occur in the Northern District of California. *Id.*; Stalinski Decl., ¶ 7.

With respect to Ms. Wit, the claims were sent and processed as follows.

- Ms. Wit received residential treatment in Agoura Hills, California, and then outpatient treatment and nutritional counseling in New York, and Ms. Wit, a representative, or her providers submitted claims to be paid for the treatment. Kinberger Decl., ¶ 5, Ex. 1; Stalinski Decl., ¶ 6, Exs. 5-6.

- Defendants' decisions regarding Ms. Wit's benefits and denial of the claims were made outside of California, including in Schaumburg, Illinois and Texas. Kinberger Decl., ¶ 8a; Stalinski Decl., ¶ 7.

- Ms. Wit submitted an appeal of the denial of coverage for her residential

treatment, and the appeal was evaluated and ultimately denied by a Medical Director based in Schaumburg, Illinois.  Kinberger Decl., ¶ 8b.

- The level of care and coverage determination guidelines used to evaluate the claims for Ms. Wit's residential treatment services and nutritional counseling were developed in Minnesota and Florida.  Declaration of Gerard Niewenhous in Support of Defendants United Healthcare Insurance Company and United Behavioral Health's Motion to Transfer Venue under 28 U.S.C. § 1404(a) ("Niewenhous Decl."), ¶¶ 2-3.

With respect to Mr. Muir, the claims were sent and processed as follows:

- Mr. Muir received residential treatment in Tucson, Arizona, and his provider submitted claims to be paid for the treatment.  Kinberger Decl., ¶ 6, Ex. 2.
- Defendants' decisions regarding Mr. Muir's benefits and denial of the claims were made through Atlanta, Georgia, with employees also working in Florida.  *Id.*, ¶ 8c, 8d, 8f.
- Mr. Muir submitted an appeal of the denial of coverage for his residential treatment, and the appeal was evaluated and ultimately denied by a Medical Director based in Rockville, Maryland.  Kinberger Decl., ¶ 8e.
- The level of care and coverage determination guidelines used by Defendants to evaluate the claims for Mr. Muir's residential treatment services were developed in Minnesota and Florida.  Niewenhous Decl., ¶¶ 2-3.
- Mr. Muir requested that an independent review organization, or IRO, conduct a separate review of the decision to deny Mr. Muir's claim for residential treatment services.  The IRO, MES Solutions, is located in Norwood, Massachusetts.  The IRO upheld the denial of benefits.  Kinberger Decl., ¶ 7, Ex. 3.

### III.   ARGUMENT

#### A. A District Court May Transfer A Case Under 28 U.S.C. § 1404(a) In The Interest Of Convenience And Justice Based On Individualized Case-By-Case Considerations.

A motion to transfer venue from one district to another is governed by 28 U.S.C.

§ 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Whether to transfer venue is left to the "broad discretion" of the district court and is based upon consideration of the relevant, case-specific circumstances. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 108 S. Ct. 2239, 2245 (1988); *see also Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharm.*, 2002 WL 31655328, at *2 (N.D. Cal. Nov. 21, 2002) (citation omitted) (transferring ERISA case for denial of disability benefits to the Northern District of Texas).

Section 1404(a) specifically reflects Congress' "increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *M.K. v. Visa Cigna Network POS Plan*, 2013 WL 2146609, at *2 (N.D. Cal. May 15, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964)). The section's purpose "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen*, 376 U.S. at 616, 84 S. Ct. at 809 (quoting *Continental Grain Co. v. The F.B.L.–585*, 364 U.S. 19, 27, 80 S. Ct. 1470, 1474 (1960)).

When ruling on a motion to transfer venue, a district court must engage in a two-step analysis. First, the court must examine the threshold question of "whether the case could have been brought in the forum to which the moving party seeks to transfer the case." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013); *see M.K.*, 2013 WL 2146609, at *2 (transferring ERISA case for denial of medical benefits to the District of Utah, despite the defendant's headquarters in and sufficient minimum contacts to the Northern District of California). ERISA's venue provision provides that such cases "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2). Once the moving party has satisfied this threshold question, the court must then examine the "individualized, case-by-case consideration[s] of convenience and fairness." *Stewart Org., Inc.*, 487 U.S. at 29, 108 S. Ct. at 2244 (citation and internal quotation marks omitted).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

DEFENDANTS' MOT. TO TRANSFER VENUE;
MEMO. OF P&A IN SUPPORT THEREOF;
CASE NO. 3:14-CV-02346-JCS

As part of this latter inquiry, the district court must consider each of the mandatory factors enumerated in § 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Park*, 964 F. Supp. 2d at 1093; *Deputy*, 2002 WL 31655328, at *2. The court may also consider a number of other non-exhaustive private and public interest factors that are subsumed within the mandatory factors, and that directly affect the relative convenience of the forum:

> (1) the location where the relevant agreements were negotiated and executed,
> (2) the state that is most familiar with the governing law,
> (3) the plaintiff's choice of forum,
> (4) the respective parties' contacts with the forum,
> (5) the contacts relating to the plaintiff's cause of action in the chosen forum,
> (6) the differences in the costs of litigation in the two forums,
> (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and
> (8) the ease of access to sources of proof.

*Park*, 964 F. Supp. 2d at 1093 (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). While no single factor is dispositive, "the convenience of witnesses is often the most important factor in resolving a motion to transfer." *Id.* at 1093, 1095 (alterations and internal quotation marks omitted). Even if venue is proper in the district where the case is filed, it is well within the district court's discretion to transfer the case—based on the totality of the circumstances and the balance of conveniences—"to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

    **B.**    **The Section 1404(a) Factors Favor Transfer To The Southern District Of New York.**

In this case, the overwhelming majority of factors weigh in favor of transfer to the Southern District of New York. This case could have been brought in the Southern District of New York, and the totality of the circumstances and the balance of conveniences favor transfer to that District.

    **1.**    **This Action Could Have Been Brought In The Southern District Of New York.**

First, as a threshold matter, this action could have been brought in the Southern District of

CROWELL & MORING LLP
ATTORNEYS AT LAW

DEFENDANTS' MOT. TO TRANSFER VENUE;
MEMO. OF P&A IN SUPPORT THEREOF;
CASE NO. 3:14-CV-02346-JCS

New York. Plaintiffs could have brought this action "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." *See* 29 U.S.C. § 1132(e)(2).

All parties and the acts at issue in this case have significant connections to the Southern District of New York. Mr. Wit and Ms. Wit currently reside in the Southern District of New York (in Westchester County). Ms. Wit received her nutritional counseling services at issue in this case in that District. *See* Compl., ¶¶ 43-50, 111-114; Stalinski Decl., ¶ 6, Exs. 5-6. The ERISA plan applicable to Mr. Muir is administered by Deloitte in the Southern District of New York. Stalinski Decl., ¶ 5, Ex. 4 at 77-78. Deloitte retains responsibilities as the Plan Administrator relating to the terms and administration of Mr. Muir's plan. Stalinski Decl., ¶ 5, Ex. 3 at §§ 2.2, 2.5 (p. 3-4); *see also* Section II.B, above. Finally, Defendants do business in the Southern District of New York. *See, e.g.,* Stalinski Decl., ¶¶ 5-6, Exs. 3, 4 at 77-78; Compl. ¶ 27.

**2. Because Of The Absence Of Connections Between Plaintiffs' Class Action Claims And The Northern District Of California, Little Or No Deference Should Be Paid To Plaintiffs' Choice of Forum.**

Although Plaintiffs, without explanation, filed their suit in the Northern District of California, little or no deference should be given to that choice. "Where a plaintiff does not reside in the forum, the Court may afford his choice [of forum] considerably less weight. *See Smith v. Aetna Life Ins. Co.*, 2011 WL 3904131, at *2 (N.D. Cal. Sept. 6, 2011) (transferring ERISA case for denial of long-term disability benefits to the Middle District of North Carolina); *Guy v. Hartford Life Grp. Ins. Co.*, 2011 WL 5525965, at *2 (N.D. Cal. Nov. 14, 2011) (transferring ERISA case for denial of long-term disability benefits to the Southern District of Texas and stating, "[w]here a plaintiff does not reside in the forum and the operative facts occurred outside the forum, the Court may afford [that] choice considerably less weight"); *McCormack v. Safeway Stores, Inc.*, 2012 WL 5948965, at *4 (N.D. Cal. Nov. 28, 2012) (transferring Title VII case to the District of Arizona and stating, "[d]eference to the plaintiff's choice of forum should be minimized where, as here, the forum selected by plaintiffs is not the situs of material events"). Similarly, a plaintiff's choice of forum is given less deference when the plaintiff brings a class action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (upholding

the district court's transfer to the Southern District of New York); *David v. Alphin*, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007) (transferring ERISA case for breach of fiduciary duty and violation of prohibited actions to the Western District of North Carolina and stating, "Plaintiffs' choice of forum is entitled to less deference where, as here, the action is brought on behalf of a nationwide class" (alteration, citation, and internal quotation marks omitted)).

Here, none of the Plaintiffs resides in the Northern District of California—or even within the State of California. Mr. Wit and Ms. Wit live in the Southern District of New York. Mr. Muir resides in the Northern District of Illinois (Chicago), which is more than a thousand miles closer to the Southern District of New York than it is to the Northern District of California. Compl. ¶¶ 27, 73. Moreover, as Plaintiffs have styled their complaint, they purport to bring suit in a representative capacity "on behalf of themselves and all others similarly situated" (*Id.* at 2, ¶¶ 88-100)—a breathtakingly broad, nationwide class of people located across all 50 states—which further diminishes any deference to their choice of forum.

Finally, neither the alleged conduct about which Plaintiffs complain nor the services for which they seek payment occurred in the Northern District of California. Ms. Wit's services at issue were provided in the Southern District of New York and the Central District of California. Mr. Muir's services were provided in the District of Arizona. The decisions made and appeals conducted by the Defendants with regard to Ms. Wit's benefits occurred outside of California, including in the Northern District of Illinois and Texas, and decisions about Mr. Muir's benefits occurred in the Northern District of Georgia, the District of Maryland, and Florida. *See* Section II.C, above. Further, Defendants' guidelines challenged by Plaintiffs (*see, e.g.,* Compl. ¶¶ 10-17, 19-22, 26, 36-38, 40, 53-63, and 81-83) were developed in the District of Minnesota and Florida. Niewenhous Decl., ¶¶ 2-3.

Accordingly, because of the lack of any meaningful connection to the Northern District of California, Plaintiffs' choice of that forum should not be given any deference. Instead, as discussed below, the most convenient forum with the most significant connection to the issues Plaintiffs raise in this action—the Southern District of New York—should be the forum for this dispute.

### 3. The Convenience Of Party And Non-Party Witnesses Weighs In Favor Of Transfer To The Southern District Of New York.

The convenience of party and non-party witnesses weighs decidedly in favor of transferring the case to the Southern District of New York.[3] *Lipnick v. United Air Lines, Inc.*, 2011 WL 4026647, at *2 (N.D. Cal. Sept. 9, 2011) ("Courts in this district have called 'the convenience of witnesses often the most important factor in deciding whether to transfer an action.'") (citation and internal quotation marks omitted); *CoxCom, Inc. v. Hybrid Patents Inc.*, 2007 WL 2500982, at *2 (N.D. Cal. Aug. 30, 2007) ("With respect to the convenience of third-party witnesses, often the most significant factor, the Court finds transfer would be substantially more convenient for each such witness . . .").

As set forth above, Plaintiffs reside in the Southern District of New York and Northern District of Illinois. While UBH has its corporate headquarters in the Northern District of California,[4] the material actions alleged by Plaintiffs did not take place there, and the majority of Defendants' decisions or conduct at issue in this action occurred closer to the Southern District of New York than to the Northern District of California. Accordingly, it would be more convenient to party witnesses to appear at trial in the Southern District of New York.

The convenience of non-party witnesses–an even more important factor–also favors transferring this case to the Southern District of New York. Other than the residential treatment Ms. Wit received in April through June 2013 at the Monte Nido facility located in Agoura Hills, California (located in the Central District of California), all of the other services for Ms. Wit– including services for nutritional counseling–were provided by individuals in the Southern District of New York. Stalinski Decl., ¶ 6, Ex. 5.

Third party witnesses relating to Mr. Muir also have no connection to the Northern

---

[3] Although judicial review of the benefits decisions made under Plaintiffs' ERISA plans is limited to the administrative record, Plaintiffs' allegations indicate that Plaintiffs may seek to introduce evidence outside of the applicable administrative record. *See* Compl. ¶ 66. Accordingly, Defendants address this factor without restriction to the "administrative record."

[4] UHIC's corporate headquarters are in Hartford, Connecticut, which is about 100 miles from New York, New York.

1  District of California. Mr. Muir's other health care providers, including his psychiatrist who
2  referred him to residential treatment, are located in the Northern District of Illinois, with the
3  exception of the residential treatment provider, Sierra Tucson, which is in the District of Arizona.
4  Kinberger Decl., ¶ 6, Ex. 2; Compl. ¶ 79. In addition, at Mr. Muir's counsel's request, the
5  decision denying Mr. Muir's benefits claim was independently reviewed by an IRO, MES
6  Solutions. MES Solutions—which upheld the denial—is located in the District of Massachusetts
7  (Norwood, Massachusetts), less than two hundred miles from New York, New York.

8  Further, Deloitte, the Plan Sponsor and Plan Administrator for Mr. Muir's plan, confirms
9  in its plan documents that it is located in the Southern District of New York (New York, New
10 York). And Mr. Wit's employer is located within 100 miles of the Southern District of New
11 York.

12 The Northern District of California does not have the power to compel any of these party
13 or non-party witnesses located outside of California to testify at trial in this District. Fed. R. Civ.
14 P. 45(c)(1) (limiting power to compel appearance at trial to either a location within one hundred
15 miles of where the witness resides or the state where the witness resides, is employed or regularly
16 transacts business); *see also id.* at Advisory Committee Notes (stating "Rule 45(c)(1)(A) does not
17 authorize a subpoena for trial to require a party or party officer to travel more than 100 miles
18 unless the party or party officer resides, is employed, or regularly transacts business in person in
19 the state"). Thus, if venue is not transferred to the Southern District of New York, Defendants
20 would be unable to compel either of the Plaintiffs to appear in person at trial, and among the
21 providers, it would be limited only to compelling the attendance of personnel from the Monte
22 Nido facility in Agoura Hills, which provided services to Ms. Wit for two months. Compl. ¶¶ 32,
23 42. This unavailability of compulsory process to compel attendance at trial further warrants a
24 transfer to the Southern District of New York. *See Park*, 964 F. Supp. 2d at 1093 (listing "the
25 availability of compulsory process to compel attendance of unwilling non-party witnesses" as a
26 factor in determining transfer). Without a venue change, Defendants' ability to defend
27 themselves could be partially dependent upon the mercy of these witnesses and their willingness
28 to travel across the country to testify in San Francisco. *See Deputy*, 2002 WL 31655328, at *3–4

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

DEFENDANTS' MOT. TO TRANSFER VENUE;
MEMO. OF P&A IN SUPPORT THEREOF;
CASE NO. 3:14-CV-02346-JCS

(transferring ERISA case for denial of disability benefits to the Northern District of Texas where none of the parties and none of the witnesses resided in the Northern District of California, and where the non-party witnesses "would have to travel great distances to testify at a trial").

### 4. The Interests Of Justice Weigh In Favor Of Transfer To The Southern District Of New York.

"A district court hearing a motion to transfer must also consider public-interest factors such as relative degrees of court congestion, local interest in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated forum with jury duty." *David*, 2007 WL 39400, at *5. These public interest factors also weigh in favor of transferring this action to the Southern District of New York.

#### a. The Southern District Of New York Has A Greater Interest In This Dispute.

Mr. Wit and Ms. Wit, residents in the Southern District of New York, are suing over the denial of benefits relating to, among other things, nutritional counseling that Ms. Wit is receiving in the Southern District of New York. In contrast, there is no allegation that Ms. Wit was ever in the Northern District of California. And the alleged conduct at issue in this case did not occur in UBH's headquarters in San Francisco or anywhere in the Northern District. Thus, the Southern District of New York has a greater interest in the resolution of this case, which involves one of its resident's claims about health care services rendered in that District.

Similarly, Mr. Muir's claims have a greater connection to the Southern District of New York than to the Northern District of California. While Mr. Muir resides in Chicago, according to Deloitte's plan documents, the administration of Mr. Muir's plan is partially done in the Southern District of New York. Stalinski Decl., ¶ 5, Ex. 3 at § 2.2 (p. 3). That administration includes the design of the plan, including plan benefits by Deloitte. *Id.* In addition, the Deloitte ASA is governed by the laws of the State of New York as well as ERISA. *Id.* at § 13.3 (p. 15).

Based on the connections between the allegations in the Complaint and the Southern District of New York, that District has a great interest in deciding this dispute, especially as

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

DEFENDANTS' MOT. TO TRANSFER VENUE;
MEMO. OF P&A IN SUPPORT THEREOF;
CASE NO. 3:14-CV-02346-JCS

compared to the absence of any interest in this suit in the Northern District of California.

### b. The Southern District Of New York's Docket Is Less Congested Than The Northern District Of California's Docket.

While it is clear that both the Southern District of New York and Northern District of California have large dockets, the greater volume of unweighted and weighted[5] cases filed in the last year in the Northern District of California warrants transfer.  The Southern District of New York has 28 judgeships as compared to 14 in the Northern District of California.  Declaration of Nathaniel Bualat in Support of Defendants United Healthcare Insurance Company and United Behavioral Health's Motion to Transfer Venue under 28 U.S.C. § 1404(a), ¶ 2, Ex. 1.  For the year ending September 30, 2013, the Southern District of New York had significantly fewer unweighted and weighted filings per judgeship than the Northern District of California: 398 to 516 (unweighted); 472 to 618 (weighted).  *Id*.  Based on these caseload comparisons, the Southern District of New York has a less congested judicial docket of new cases than the Northern District of California and transfer to the Southern District of New York would serve the public's interests.

### c. The Southern District Of New York Is Most Familiar With Potentially Applicable Law.

While Plaintiffs bring this case under ERISA Section 502(a) (29 U.S.C. § 1132(a)), where state law would apply, applicable choice of law provisions select law from states other than California.[6]  The Group Policy for Insperity, through which Ms. Wit claims benefits, provides for application of Texas law, which neither favors venue in this District nor the Southern District of

---

[5] "Case weights are a measure of the judicial work required by cases of different types. They indicate how much more or less time-consuming one type of case is compared to other cases."  Federal Judicial Center, "2003–2004 District Court Case-Weighting Study," at 1 (2005), *available at* https://bulk.resource.org/courts.gov/fjc/CaseWts0.pdf.

[6] The Ninth Circuit has held that "[w]here a choice-of-law is made by an ERISA plan, it should be followed, if not unreasonable or fundamentally unfair." *Wang Labs., Inc. v. Kagan*, 990 F.2d 1126, 1128-29 (9th Cir. 1993); *see also Shemano-Krupp v. Mut. of Omaha Ins. Co.*, No. C 05-04693 JSW, 2006 WL 3365595 (N.D. Cal. Nov. 20, 2006); *Doe v. PricewaterhouseCoopers Health & Welfare Benefit Plan*, C 13-02710 JSW, 2014 WL 2737840 (N.D. Cal. June 11, 2014).

California. Stalinski Decl., ¶ 4, Ex. 1 at "Exhibit 1" ¶ 3 (p. 10). But, the Deloitte ASA provides that the "Agreement is governed by ERISA and, if applicable, the laws of the State of New York." *Id.*, ¶ 5, Ex. 3 at § 13.3 (p. 15). The Southern District of New York is more familiar with New York law than the Northern District of California. This familiarity with potentially applicable law favors the requested transfer.

## IV.   CONCLUSION

Based on the totality of the circumstances and the balance of the relevant factors in this case—particularly the proximity of the majority of party and non-party witnesses to the Southern District of New York, the interests of justice, and the minimal weight that should be afforded to Plaintiffs' choice of forum—Defendants respectfully request that this Court grant Defendants' Motion and transfer this case to the Southern District of New York.

Dated: July 18, 2014                                                          CROWELL & MORING LLP


/s/ Nathaniel P. Bualat

Jennifer S. Romano
Nathaniel P. Bualat
Attorneys for Defendants
UNITED HEALTHCARE INSURANCE COMPANY
and UNITED BEHAVIORAL HEALTH

SFACTIVE-903367437.4