THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, California  94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

CHRISTOPHER FLYNN (admitted *pro hac vice*)
cflynn@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, on behalf of themselves and all others similarly situated, BRIAN MUIR, on his own behalf and on behalf of all others similarly situated, BRANDT PFEIFER, on behalf of the Estate of his deceased wife, Lauralee Pfeifer, and all others similarly situated, LORI FLANZRAICH, on behalf of her daughter Casey Flanzraich and all others similarly situated, and CECILIA HOLDNAK, on behalf of herself, her daughter Emily Holdnak, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH | Case No. 3:14-CV-02346-JCS<br><br>**DEFENDANT UNITED BEHAVIORAL HEALTH'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          November 21, 2014<br>Time:          9:30 A.M.<br>Judge:         Hon. Joseph C. Spero<br>Courtroom:      G<br><br>Action Filed:    May 21, 2014 |

1   (operating as OPTUMHEALTH
    BEHAVIORAL SOLUTIONS),
2
                    Defendant.
3

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS .................................................................. 1

ISSUES TO BE DECIDED ........................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 2

INTRODUCTION ........................................................................................................................ 2

STATEMENT OF FACTS ........................................................................................................... 4

        A.     Summary of Relevant Factual Allegations .................................................. 4

        B.     Summary of Plaintiffs' Counts and Requested Relief ............................... 5

ARGUMENT ................................................................................................................................ 7

I.     Count I Should Be Dismissed Because Plaintiffs Fail To State A Claim For Breach of Fiduciary Duty Under ERISA § 502(a)(1)(B) ...................................... 8

II.    Counts I and II Should Be Dismissed Because UBH Is Not a Proper Defendant Under ERISA § 502(a)(1)(B) ............................................................ 10

III.   Counts III and IV Should Be Dismissed Because Plaintiffs' Claims under ERISA § 502(a)(3) Are Nothing More Than Repackaged Denial-of-Benefits Claims ................................................................................................ 13

IV.   Counts III and IV Should Be Dismissed Because the Remedies Available under ERISA § 502(a)(1)(B) Could Adequately Remedy Plaintiffs' Alleged Injuries ..................................................................................................... 14

V.    Plaintiffs' Request for a "Surcharge" Remedy Is Improper and Should Be Dismissed ..................................................................................................... 16

        A.     Plaintiffs' Request for Surcharge in the Form of Expenses Allegedly Saved by UBH's Corporate Affiliates and Plaintiffs' Out-of-Pocket Costs Is Improper ................................................................. 17

        B.     Plaintiffs' Request for UBH's Revenue for Providing Mental Health and Substance Abuse-Related Claims Administration Services Is Improper ................................................................................ 18

        C.     Plaintiffs' Request for Pre-Judgment Interest as a Surcharge Is Improper ...................................................................................................... 19

CONCLUSION ........................................................................................................................... 20

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-i-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adams v. Anheuser-Busch Companies, Inc.*
2011 WL 1559793 (S.D. Ohio Apr. 25, 2011) ........................................................ 14

*Ashcroft v. Iqbal*
556 U.S. 662, 129 S. Ct. 1937 (2009) ...................................................................... 7

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................................... 7

*Bowles v. Reade*
198 F.3d 752 (9th Cir. 1999) ................................................................................... 14

*Brady v. United of Omaha Life Ins. Co.*
902 F. Supp. 2d 1274 (N.D. Cal. 2012) ............................................................. 15, 16

*Cigna Corp. v. Amara*
131 S. Ct. 1866 (2011) ............................................................................................ 15

*Cline v. Indus. Maint. Eng'g & Contracting Co.*
200 F.3d 1223 (9th Cir. 2000) ........................................................................... 14, 17

*Coronado v. Chevy Chase Bank, FSB*
554 F. App'x. 549 (9th Cir. 2014) ............................................................................. 7

*Crummett v. Metro. Life Ins. Co.*
2007 WL 2071704 (D.D.C. July 16, 2007) ............................................................. 14

*Cyr v. Reliance Standard Life Ins.*
642 F.3d 1202 (9th Cir. 2011) ........................................................................... 11, 12

*Dorrough v. Dean Foods Co. Group Disability Plan*
2005 WL 2122301 (N.D. Cal. Aug. 30, 2005) ........................................................ 10

*Echague v. Metropolitan Life Ins. Co.*
__ F. Supp. 2d ___, 2014 WL 2089331 (ND Cal. May 19, 2014) ........................... 11

*Feinberg v. RM Acquisition, LLC,*
629 F.3d 671 (7th Cir. 2011) ................................................................................... 12

*Fifth Third Bancorp v. Dudenhoeffer*
134 S. Ct. 2459 (2014) .............................................................................................. 7

*Gabriel v. Alaska Elec. Pension Fund*
755 F.3d 647 (9th Cir. 2014) ....................................................................... 17, 18, 19

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Great-West. Life & Annuity Ins. Co. v. Knudson*
534 U.S. 204, 122 S. Ct. 708 (2002) ............................................................... 18

*Hurst v. Siemens Corp. Grp. Ins.*
2014 WL 4230458 (E.D. Pa. Aug. 27, 2014) .......................................... 10

*Johns v. Blue Cross Blue Shield of Michigan*
2009 WL 646636 (E.D. Mich. Mar. 10, 2009) ...................................... 13, 14

*Johnson v. Buckley*
356 F.3d 1067 (9th Cir. 2004) ............................................................. 14, 17

*Jon N. v. Blue Cross Blue Shield of Massachusetts*
684 F. Supp. 2d 190 (D.Mass. 2010) .................................................. 10

*Larson v. United Healthcare Ins. Co.*
723 F.3d. 905 (7th Cir. 2013) .......................................................... 11, 12, 15

*LaRue v. DeWolff, Boberg & Associates, Inc.*
552 U.S. 248, 128 S. Ct. 1020 (2008) (Roberts, J., concurring) ............ 8

*Mass. Mut. Life Ins. Co. v. Russell*
473 U.S. 134, 105 S. Ct. 3085 (1985) .................................................. 8, 15

*McKenzie v. Wells Fargo*
931 F. Supp. 2d 1028 (N.D. Cal. 2013) ............................................... 19

*Reimann v. Anthem Ins. Companies, Inc.*
2008 WL 4810543 (S.D. Ind. Oct. 31, 2008).......................................... 10

*Sender v. Franklin Resources, Inc.*
931 F. Supp. 2d 959 (ND Cal. 2013) .................................................. 11, 12

*Shroyer v. New Cingular Wireless Services, Inc.*
622 F.3d 1035 (9th Cir. 2010)............................................................... 7, 20

*Skretvedt v. El DuPont Demours*
372 F.3d 193 (3d Cir. 2004).................................................................. 19

*Smith v. Medical Mutual of Ohio, Inc.*
2008 WL 780613 (S.D. Ohio Mar. 24, 2008) *aff'd sub nom. Smith v. Health Servs. of Coshocton*, 314 F. App'x 848 (6th Cir. 2009) ...................... 10

*Standard Ins. Co. v. Morrison*
584 F.3d 837 (9th Cir. 2009)................................................................. 9

CROWELL
& MORING LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Susilo v. Wells Fargo*
796 F. Supp. 2d (C.D. Cal. 2011) ........................................................................ 19

*Varity Corp. v. Howe*
506 U.S. 489, 113 S. Ct. 892 (1996) ........................................................ 9, 13, 14, 17

*Vincenzo v. Hewlett-Packard Co.*
2013 WL 3327892 (ND Cal. June 28, 2013) ....................................................... 11

*Whittlestone, Inc. v. Handi–Craft Co.*
618 F3d 970 (9th Cir. 2010) ................................................................................ 19

*Wise v. Verizon Commc'ns, Inc.*
600 F.3d 1180 (9th Cir. 2010) ............................................................................ 16

*Zadrozny v. Bank of New York Mellon*
720 F.3d 1163 (9th Cir. 2013) .............................................................................. 7

**FEDERAL STATUTES**

ERISA § 404(a) (29 U.S.C. § 1104(a)) ............................................................... 5, 8

ERISA § 502(a) (29 U.S.C. § 1132(a)) ................................................................ 8, 9

ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) ..................................... passim

ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) ............................................... passim

ERISA § 502(a)(3)(A) (29 U.S.C. § 1132(a)(3)(A)) ............................................. 6

ERISA § 502(a)(3)(B) (29 U.S.C. § 1132(a)(3)(B)) ................................... 6, 15, 20

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ................................................................................................ 7

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 6

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2014 at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom G, 15th floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Joseph C. Spero, Defendant United Behavioral Health ("UBH" or "Defendant") will and hereby does move to dismiss with prejudice the First Amended Class Action Complaint (Corrected) ("FAC") filed by Plaintiffs David Wit, Natasha Wit, Brian Muir, Brandt Pfeifer, Lori Flanzraich, and Cecilia Holdnak (collectively, "Plaintiffs"). UBH moves the Court for an order dismissing Counts I, II, III, IV, and the request for a "surcharge" in Plaintiffs' FAC. UBH's Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6), and is based on this Notice of Motion and Motion, all pleadings on file in this matter, and other matters as may be presented to the Court.

## ISSUES TO BE DECIDED

1.      Whether Count I in Plaintiffs' FAC should be dismissed for failure to state a claim because Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B) does not permit a cause of action for breach of fiduciary duty that is separate and distinct from an actual claim for benefits.

2.      Whether Counts I and II should be dismissed for failure to state a claim because Plaintiffs fail to allege facts sufficient to demonstrate that UBH is a proper defendant under ERISA § 502(a)(1)(B).

3.      Whether Counts III and IV should be dismissed for failure to state a claim for breach of fiduciary duty under ERISA § 502(a)(3) because Plaintiffs are improperly attempting to repackage a denial-of-benefits claim into claims under § 502(a)(3).

4.      Whether Counts III and IV should be dismissed for failure to state a claim for breach of fiduciary duty under ERISA § 502(a)(3) because the remedies available under ERISA § 502(a)(1)(B) could adequately remedy Plaintiffs' alleged injuries.

5.      Whether Plaintiffs' request for a "surcharge" and Count IV should be dismissed because they impermissibly seek compensatory damages and other unavailable relief.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs' putative class-action FAC is facially deficient and should be dismissed with prejudice. Plaintiffs voluntarily amended their original Complaint after UBH filed a Motion to Dismiss. In their original Complaint, Plaintiffs asserted various violations of the Federal Mental Health Parity and Addiction Equity Act. In their FAC, Plaintiffs have abandoned their initial theory of the case and allege instead that UBH is liable under ERISA based on certain criteria it uses to evaluate requests for residential treatment. Like the first iteration of their pleading, the FAC asserts claims that are unsupported by the law and devoid of necessary facts.

Plaintiffs now allege that in determining whether each of the Plaintiffs was entitled to coverage for residential treatment, UBH did not *solely* base its decision on criteria that Plaintiffs allege should guide those decisions. Those allegations are meritless, but more fundamentally, they fail to state ERISA claims and should be dismissed.

Plaintiffs attempt to plead four separate Counts that each run afoul of the specific pleading requirements under ERISA's comprehensive remedial scheme. Each of these Counts complains of essentially the same conduct; namely, that UBH (a) improperly developed guidelines for determining whether residential care for the treatment of mental health and substance use disorders was covered by Plaintiffs' respective welfare benefit plans and (b) used those allegedly improper guidelines to deny Plaintiffs' benefits claims for residential treatment. Plaintiffs then seek relief in the form of declarations that UBH improperly denied their benefits, injunctions to recover previously denied benefits and to clarify Plaintiffs' future right to benefits, as well as a "surcharge" against UBH that requests, in part, payment of their denied benefits. Despite Plaintiffs' efforts to plead multiple ERISA breach of fiduciary duty claims, those claims simply mimic the denial-of-benefits claim pled against the wrong party (Count II). Each of Plaintiffs' Counts should be dismissed because they each fail to allege facts sufficient to state a claim upon which relief can be granted.

Specifically, Plaintiffs' Counts I, II, III, IV, and their request for a "surcharge" in their FAC should be dismissed for the following reasons:

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

First, Plaintiffs' claim, in Count I, that UBH violated its fiduciary duties simply by developing (as opposed to using) allegedly improper guidelines to determine Plaintiffs' eligibility for benefits. This claim should be dismissed because ERISA § 502(a)(1)(B) does not provide for a cause of action for breach of fiduciary duty that is separate and distinct from an actual claim for benefits.

Second, in Count II, Plaintiffs seek recovery of allegedly denied benefits against UBH under ERISA § 502(a)(1)(B). The Court should dismiss this Count, as well as Count I, because UBH is not a proper defendant for claims under § 502(a)(1)(B). Plaintiffs allege only that UBH is a claims administrator and concede that entities *other than* UBH are obligated to pay for any benefits due under Plaintiffs' plans. Under Ninth Circuit precedent and precedent from this Court, Plaintiffs must do more than merely allege that UBH is a decisionmaker on their claim. UBH, therefore, is not a proper defendant for Plaintiffs' claims under § 502(a)(1)(B).

Third, Plaintiffs seek injunctive and/or equitable relief under ERISA § 502(a)(3) in Counts III and IV based upon the exact conduct complained of in Counts I and II. Counts III and IV are nothing more than repackaged denial-of-benefits claims and do not support causes of action requiring an "independent" breach of fiduciary duty.

Fourth, Counts III and IV also fail because, even assuming that Plaintiffs' assertions relating to the conduct of UBH are accurate (they are not), the remedies available under ERISA § 502(a)(1)(B) could adequately address those purported wrongs and they improperly seek relief that is duplicative of the relief that could be available under § 502(a)(1)(B).

Fifth, Plaintiffs' request for a "surcharge" is improper based on the facts pled and the legal theories advanced. A "surcharge" may be available under ERISA § 502(a)(3) to remedy harm to a plan or require disgorgement of profits due to a breach of fiduciary duty. Plaintiffs' request for a surcharge, on the other hand, improperly seeks compensatory damages and administrative fees paid to UBH that are not conditioned on the outcome of its adjudication of the benefits claims at issue.

Based on the foregoing, UBH respectfully requests that the Court grant this Motion and dismiss Plaintiffs' First Amended Complaint (Corrected) in its entirety with prejudice.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

**STATEMENT OF FACTS**

A.     **Summary of Relevant Factual Allegations**

1.     **Plaintiffs' Allegations Regarding The Applicable Health Plans and UBH's Role**

Plaintiffs allege that they (or their family members) were members of employer-sponsored employee welfare benefit plans governed by ERISA ("Plaintiffs' Plans").  FAC ¶ 1.  Plaintiffs allege that each of these health welfare plans covers, among other things, treatment for mental illness and substance use disorders.  FAC ¶ 2.

Plaintiffs further allege that the plans delegate to UBH the responsibility for determining the availability of benefits in response to claims made by plan members for mental health and substance use-related services (a process also known as adjudicating benefits claims).  FAC ¶ 3.  Plaintiffs acknowledge, however, that entities other than UBH are ultimately responsible for paying any benefits owed once UBH adjudicates their benefits claims.  FAC ¶ 9.  For instance, Plaintiffs allege that, for the Wit, Pfeifer, and Flanzraich plans, UBH's corporate affiliates (none of which are named as defendants) pay health benefits owed under the terms of the relevant plan.  *Id.*  For the Muir and Holdnak plans, Plaintiffs allege that benefits are paid from the assets of the sponsors of the plans (neither of which is named as a defendant).  *Id.*  In addition, Plaintiffs either allege that entities other than UBH are the designated "plan administrators" for each of Plaintiffs' Plans, or do not allege that UBH is the "plan administrator."  *See, e.g.*, FAC ¶¶ 40 and 53.  According to the FAC, UBH's role with respect to each of Plaintiffs' Plans is limited to adjudicating, but not paying for, benefits claims related to mental health or substance use.

2.     **Plaintiffs' Allegations Regarding UBH's Denial of Benefits**

Plaintiffs allege that each of the Plans at issue provides coverage for residential treatment.  FAC ¶ 2.  Plaintiffs also allege that they either required mental health or substance use treatment in a residential care facility within the last two years, or represent a family member who required such treatment.  FAC ¶¶ 43, 63, 121, 140, 164.  Plaintiffs further contend that UBH adjudicated benefits claims relating to each of the residential treatments at issue, and that UBH denied part or all of the benefits claims made.  *See, e.g.,* FAC ¶¶ 47, 79, 127, 143, 173.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

Plaintiffs contend that UBH denied their benefits claims using, among other things, "level of care" and "coverage determination" guidelines. *See, e.g.,* FAC ¶¶ 3, 205. Plaintiffs assert that certain of these guidelines do not comport with generally accepted standards of care promulgated by one or more of three provider organizations/advocacy groups. FAC ¶¶ 11–12, 37, 105, 198. Plaintiffs further allege that UBH made various other errors in adjudicating their claims, including (a) applying the wrong internal guidelines, (b) drawing factual conclusions not supported by the evidence, and (c) citing additional guidelines that were not part of the Plaintiff Plan at issue. FAC ¶¶ 15, 205.

### B.      Summary of Plaintiffs' Counts and Requested Relief

Plaintiffs attempt to plead four Counts in the FAC, all of which stem from the denial of residential treatment benefits.

First, Plaintiffs assert a claim in Count I for breach of fiduciary obligations under 29 U.S.C. § 1132(a)(1)(B) (also known as ERISA § 502(a)(1)(B)). FAC ¶¶ 195, 197. Plaintiffs claim that UBH breached its fiduciary duties under 29 U.S.C. § 1104(a) (also known as ERISA § 404(a)) by allegedly developing coverage guidelines for residential treatment that are more restrictive than those that are generally accepted. FAC ¶¶ 196–198. Those guidelines, however, could only affect Plaintiffs if used to adjudicate the subject benefits claim. Plaintiffs effectively admit that fact by alleging, in Count I, that UBH's development of the guidelines purportedly harmed Plaintiffs by "artificially decreas[ing] the number and value of covered claims" and "subject[ing] [Plaintiffs' benefits claims] to UBH's restrictive guidelines making it less likely that UBH will determine that [those] claims are covered." FAC ¶¶ 199, 201.

Second, Plaintiffs bring a separate claim under ERISA § 502(a)(1)(B) in Count II for improper denial of benefits. FAC ¶¶ 204, 206. According to Plaintiffs, their benefits claims relating to residential treatment for mental health and/or substance use were improperly denied because UBH used the allegedly over-restrictive guidelines that are the subject of Count I in adjudicating their claims. FAC ¶ 205. In Count II, Plaintiffs also claim that UBH improperly (a) applied the wrong internal guidelines, (b) ignored evidence, and (c) applied additional guidelines that were not part of the Plaintiff Plan at issue. FAC ¶ 205.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

1    Third, Plaintiffs bring a contingent breach of fiduciary duty claim in Count III purportedly

2    under 29 U.S.C. § 1132(a)(3)(A) (also known as ERISA § 502(a)(3)(A)).   FAC ¶ 209.  This

3    Count explicitly relies on the facts and theories underlying Plaintiffs' Counts I and II, and "is

4    brought . . . only to the extent that the Court finds that the injunctive relief sought to remedy

5    Counts I and/or II are unavailable pursuant to [ERISA § 502(a)(1)(B)]."  FAC ¶ 209.  Plaintiffs

6    do not allege any new facts or legal theories in this Count.

7    Fourth, Plaintiffs bring a nearly-identical contingent breach of fiduciary duty claim in

8    Count IV, this time under ERISA § 502(a)(3)(B).  FAC ¶ 213.  Count IV "is [also] brought . . .

9    only to the extent that the Court finds that the equitable relief sought to remedy Counts I and II

10   are unavailable pursuant to [ERISA § 502(a)(1)(B)]."  FAC ¶ 213.  Plaintiffs do not allege any

11   new facts or legal theories supporting this Count.

12   Plaintiffs request the following relief in the FAC: (a) for Counts I–III, declarations that

13   UBH improperly denied their benefits because of, among other things, the allegedly improper

14   guidelines (FAC ¶¶ D, F); and (b) for Counts I–III, injunctions to recover previously denied

15   benefits and clarify Plaintiffs' future right to benefits (FAC ¶¶ E, G–H).

16   In addition, Plaintiffs seek an equitable "surcharge" from UBH in Counts I–II and IV

17   equal to: (1) "the revenue [UBH] generated from its corporate affiliates or the plans for providing

18   mental health and substance abuse-related claims administration services with respect to claims

19   filed by Plaintiffs and members of the Class"; (2) "expenses that UBH's corporate affiliates saved

20   due to UBH's wrongful denials"; (3) "the out-of-pocket costs for residential treatment that

21   Plaintiffs and members of the Class incurred following UBH's wrongful denial"; and/or (4) "pre-

22   judgment interest."  FAC ¶ I.  Plaintiffs' request for an equitable "surcharge" seeks compensatory

23   damages and administrative fees paid to UBH that it receives regardless of whether it approved or

24   denied the benefits claims at issue.  Indeed, Plaintiffs seek these compensatory damages from

25   UBH in the form of "equitable" relief despite their allegations that entities **_other than_** UBH have

26   the obligation to make the payment for any benefits due under Plaintiffs' Plans.

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

**ARGUMENT**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim.  On a motion to dismiss, the Court will accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff.  *Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013).  The Court is not required, however, to accept conclusory allegations, unsupported conclusions, or unwarranted inferences, even if cast in the form of factual allegations.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965–66 (2007).

A dismissal for failure to state a claim is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted).  To survive dismissal, the plaintiff must also provide the grounds upon which his claim rests through specific factual allegations sufficient to raise a right to relief above the speculative level.  *Coronado v. Chevy Chase Bank, FSB*, 554 F. App'x. 549, 550–51 (9th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1265–66).  The complaint must contain sufficient factual matter that it states a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009); Fed. R. Civ. P. 8(a).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663, 129 S. Ct. at 1940.  Although the "plausibility standard is not akin to a 'probability requirement,'" it does require "more than a sheer possibility that a defendant has acted unlawfully."  *Id*. at 678, 129 S. Ct. 1949.

ERISA plaintiffs must fully satisfy these same pleading standards.  Notably, consistent with *Twombly* and *Iqbal*, in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), the Supreme Court emphasized that courts have an obligation to scrutinize ERISA class actions to separate the "plausible sheep from the meritless goats."  *Id*. at 2470.  This requires a reviewing court to engage in a "careful, context-sensitive scrutiny of a complaint's allegations" to ensure that, prior to engaging in costly discovery, the complaint properly states a claim for relief.  *Id.*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

**I.      Count I Should Be Dismissed Because Plaintiffs Fail To State A Claim For Breach of Fiduciary Duty Under ERISA § 502(a)(1)(B).**

The Supreme Court has described the civil enforcement provisions of ERISA § 502(a) as "carefully integrated" and the remedial scheme within § 502(a) as an "interlocking, interrelated, and interdependent" part of a "comprehensive and reticulated statute." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 105 S. Ct. 3085, 3092–93 (1985) (internal quotation marks omitted). The Supreme Court has expressed reluctance to tamper with "an enforcement scheme crafted with such evident care as the one in ERISA." *Id.* at 147, 105 S. Ct. at 3093. ERISA's civil enforcement provision has ten different subsections which, in many situations, give rise to separate and distinguishable causes of action, demand proof of different elements, are available against only certain defendants, and provide various and differing forms of relief. *See LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 258–59, 128 S. Ct. 1020, 1027–28 (2008) (Roberts, J., concurring) (discussing the distinctions between § 502 subsections (a)(1)(B), (a)(2), and (a)(3)).

Against that carefully integrated and crafted remedial scheme as a backdrop, Plaintiffs style Count I as a "Claim for Violation of Fiduciary Obligations" that is being "brought pursuant to 29 U.S.C. § 1132(a)(1)(B)" (also known as ERISA § 502(a)(1)(B)). FAC ¶ 195. In Count I, Plaintiffs allege that UBH violated its fiduciary duties under ERISA § 404(a) (FAC ¶¶ 197-198) by developing allegedly restrictive level of care guidelines and coverage determine guidelines that UBH could use to determine coverage for residential treatment for mental health and substance use. Plaintiffs allege that UBH violated its fiduciary obligations under ERISA § 404(a) to (i) use reasonable "care, skill, prudence, and diligence" and (ii) act "solely in the interests of the participants and beneficiaries" for the "exclusive purpose" of providing benefits to participants and their beneficiaries in accordance with the terms of the plans it administers. FAC ¶ 197 (quoting ERISA § 404(a)).

Plaintiffs thus appear to ask this Court to impose an independent fiduciary obligation on UBH that separates UBH's development of the guidelines at issue from UBH's actual use of them in making determinations about benefits claims. To the extent Plaintiffs assert that theory in

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

Count I, it should be dismissed, because no such independent duty exists under ERISA § 502(a)(1)(B).  Until a guideline is *applied* to a benefits claim, it does not affect the provision of benefits to participants.

ERISA § 502(a)(1)(B) provides that it is to be used by a participant or beneficiary "*to recover benefits* due to him under the terms of his plan, to enforce his rights under the terms of the plan, or *to clarify his rights to future benefits* under the terms of the plan" (emphasis added); *see also Varity Corp. v. Howe,* 506 U.S. 489, 512, 113 S. Ct. 892 (1996) (stating that the specific focus area of § 502(a)(1) is the "wrongful denial of benefits and information"); *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 845 (9th Cir. 2009) ("ERISA provides an exclusive remedial scheme for insureds who have been denied benefits . . . .[§ 502(a)(1)(B)].").  Nothing in the ERISA statutory scheme or case law supports Plaintiffs' position that § 502(a)(1)(B) provides for a cause of action for breach of fiduciary duty that is separate and distinct from an actual claim for benefits.  For example, in *Varity*, the Supreme Court recognized a claim for breach of fiduciary duty under § 502(a)(1)(B), but only in the context of a challenge to the defendant's interpretation of a plan document and the *payment of claims*.  506 U.S. 489, 512, 113 S. Ct. 892.

In contrast, Plaintiffs allege a variety of alleged fiduciary breaches under § 502(a)(1)(B) in UBH's development of its guidelines for evaluating claims for residential treatment.  *See* FAC ¶¶ 196-198.  Count I, however, does not assert a breach of fiduciary duty related to the denial of any specific claims.  Rather, it purports solely to address UBH's "promulgat[ion] [of] improperly restrictive guidelines."  FAC ¶ 199.  But, as Plaintiffs admit, the alleged breach of a fiduciary duty only harms Plaintiffs "because their *claims* have been subjected to UBH's restrictive guidelines making it less likely that UBH will determine that their *claims* are covered."  FAC ¶ 201 (emphasis added); *see also id.* ¶ 199 ("By promulgating improperly restrictive guidelines, UBH artificially decreased the number and value of covered claims . . . .").  Thus, in pleading Count I, Plaintiffs implicitly acknowledge that the conduct at issue could only be actionable under

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

§ 502(a)(1)(B) when it affects claims determinations or adjudication.[1]

Plaintiffs cannot plead an ERISA breach of fiduciary claim for improperly developing guidelines where the alleged breach is disconnected from the adjudication of a benefits claim. Such a claim is simply not actionable as a breach of fiduciary duty under § 502(a)(1)(B) and, as a result, Plaintiffs' Count I should be dismissed for failure to state a claim.[2]

## II.    Counts I and II Should Be Dismissed Because UBH Is Not a Proper Defendant Under ERISA § 502(a)(1)(B).

Plaintiffs' Counts I and II should be dismissed because UBH is not a proper defendant to Plaintiffs' claims under ERISA § 502(a)(1)(B).  Counts I and II are fatally flawed because Plaintiffs allege that UBH is merely a claims administrator and that entities other than UBH have

---

[1] Plaintiffs also acknowledge that UBH's internal policies, including guidelines, are merely a means by which UBH determines coverage of plan member claims for mental health or substance use benefits.  FAC ¶ 196.

[2] UBH is not aware of any authority for the proposition that a plaintiff can maintain a cause of action for breach of fiduciary duty under ERISA § 502(a)(1)(B) outside the context of a challenge to a denial of benefits.  Indeed, the case law uniformly addresses claims regarding improper guidelines/policies or the improper use of guidelines/policies in the context of actual claim denials.  *See, e.g., Reimann v. Anthem Ins. Companies, Inc.*, 2008 WL 4810543, at *25 (S.D. Ind. Oct. 31, 2008) (in this denial-of-benefits case, the plaintiff challenged the defendant's reliance on its internal policy/guidelines in denying pre-approval for a cancer treatment, but, applying an arbitrary and capricious standard, the court concluded that the defendant's internal policy was "not inconsistent with the general definitions of 'Covered Transplant Procedure' and 'Medically Necessary' as set forth in the [plan document]"); *Smith v. Medical Mutual of Ohio, Inc.*, 2008 WL 780613, at *6-8 (S.D. Ohio Mar. 24, 2008) *aff'd sub nom. Smith v. Health Servs. of Coshocton*, 314 F. App'x 848 (6th Cir. 2009) (in this denial-of-benefits case, the plaintiff challenged the defendant's policy/guideline for determining whether a surgical procedure was medically necessary, but the court found "that [the defendant's] corporate policy . . . is consistent with the terms of the Plan. . . .  Thus, the Court finds that use of the policy is [] reasonable and does not render the decision of [the defendant] to deny benefits arbitrary and capricious."); *Hurst v. Siemens Corp. Grp. Ins.*, 2014 WL 4230458, at *13 (E.D. Pa. Aug. 27, 2014) (in this denial-of-benefits case, the plaintiff claimed that the defendant improperly applied its own level of care guidelines to determine medical necessity and eligibility for residential treatment, but, applying an arbitrary and capricious standard, the court concluded that the defendant properly applied its internal guidelines to deny coverage); *Jon N. v. Blue Cross Blue Shield of Massachusetts*, 684 F. Supp. 2d 190, 199–201 (D.Mass. 2010) (in this denial-of-benefits case, the court found for the defendant, rejecting the plaintiff's argument that the defendant improperly denied the plaintiff's claim by failing to use the proper criteria from particular guidelines); *Dorrough v. Dean Foods Co. Grp. Disability Plan*, 2005 WL 2122301, at *3–4 (N.D. Cal. Aug. 30, 2005) (in this denial-of-benefits case, the plaintiff claimed that the defendant should not have used generalized, internal guidelines regarding recovery times to evaluate the plaintiff's benefits claim because the guidelines were not sufficiently individualized, but the court found that the health plan's interpretation of the plan terms was reasonable).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

the obligation to make any payment for benefits due under Plaintiffs' Plans. *See, e.g.*, FAC ¶¶ 9 ("The Wit, Pfeifer, and Flanzraich plans are 'fully-insured,' meaning that health care benefits are paid by Defendant UBH's corporate affiliates . . . The same is largely true with respect to Muir and Holdnak's plans, even though these plans are 'self-funded[]'[a]lthough these plans require that benefits be paid, in the first instance, from the assets of Muir and Holdnak's group plan sponsors . . . ."), 40, 54, 117, 159, Requested Relief ¶ I.

In order to be a proper defendant in a suit for recovery under § 502(a)(1)(B), an entity must do more than merely decide claims. *See*, *e.g.*, *Cyr v. Reliance Standard Life Ins.*, 642 F.3d 1202, 1206-07 (9th Cir. 2011) (holding that an insurer is a proper party defendant where the insurer is the obligor responsible for paying any benefits due); *Sender v. Franklin Res., Inc.*, 931 F. Supp. 2d 959, 972, 974 (N.D. Cal. 2013) (holding that a mere decisionmaker on a claim for benefits is not a proper defendant in a claim under § 502(a)(1)(B) where the decisionmaker is not the ERISA plan, the designated ERISA plan administrator, or the entity responsible for paying benefits); *Vincenzo v. Hewlett-Packard Co.*, 2013 WL 3327892, at *17-18 (N.D. Cal. June 28, 2013) (holding that an ERISA plan administrator that is responsible for funding benefits is a proper defendant)[3]; *see also Larson v. United Healthcare Ins. Co.*, 723 F.3d. 905, 913-16 (7th Cir. 2013).

In *Cyr*, the Ninth Circuit held that an insurer that was not an ERISA plan or an ERISA plan administrator could be a proper defendant in a claim for benefits under § 502(a)(1)(B) because it "denied Cyr's request for increased benefits even though, as plan insurer, it was responsible for paying legitimate benefit claims." *Cyr*, 642 F.3d at 1207; *see Larson*, 723 F.3d at 915–16 (holding that an insurance company that was neither the plan nor the designated

---

[3] In *Vincenzo*, this Court considered whether the entity responsible for funding the plan was involved in the administration of benefits claims. It found that the entity was indistinct from and effectively the designated ERISA plan administrator and involved in the administration of benefits claims because its representatives acted as the plan administrator and the denial of the claims at issue were on the entity's letterhead. 2013 WL 3327892, at *17-18; *see also Echague v. Metro. Life Ins. Co.*, __ F. Supp. 2d ___, 2014 WL 2089331, at *6-7 (N.D. Cal. May 19, 2014) (holding that an ERISA plan administrator is not a proper defendant when it had no role in deciding a claim or funding the benefits).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

administrator could be a proper defendant if the company decides all eligibility questions *and* owes the benefits, and stating that its holding was consistent with *Cyr*).[4]

In *Sender*, this Court ruled that an employer (which was not the ERISA plan or the ERISA plan administrator) was not a proper defendant in a claim brought under § 502(a)(1)(B) where the employer was alleged to be merely a decisionmaker on the challenged claim.  Applying *Cyr*, this Court ruled that the most relevant question in determining whether a party (other than the plan or the designated plan administrator) was a proper defendant was whether the party was obligated to pay benefits due.  *Sender*, 931 F. Supp. 2d at 974 ("[E]ven assuming that [the defendant] was the decisionmaker for the Plan, that would simply mean (as [the defendant] argues) that, at best, it would be ordered to make a benefits decision favorable to [the plaintiff], should he prevail on the merits.  Thus, ultimately, the question comes down to *who* has the responsibility to actually pay benefits." (emphasis in original)).  The *Sender* court cited the Seventh Circuit—which the court stated was consistent with Ninth Circuit law—as support for its reasoning: "[t]he proper defendant in a suit for benefits under an ERISA plan is . . . normally the plan itself, rather than the plan administrator, because the plan is the obligor[;] [t]o sue the administrator for benefits is like suing a corporation's CEO to collect a corporate debt."  *Id.* (quoting *Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir. 2011) (alterations in original)).

Plaintiffs have pled no facts demonstrating that UBH is a proper defendant in a claim under § 502(a)(1)(B).  Unlike the insurer in *Cyr*, UBH had no obligation to fund benefits for any of Plaintiffs' Plans.  Nor have Plaintiffs pled that UBH is an ERISA plan or plan administrator.

---

[4] The Seventh Circuit explained *Cyr's* holding as being dependent on the insurer's existing obligation to pay the benefits:

> By necessary implication . . . *a cause of action for "benefits due" must be brought against the party having the obligation to pay*. . . . .  Typically the plan owes the benefits and is the right defendant.  But . . . [w]hen an employee-benefits plan is implemented *by insurance* and the insurance company decides contractual eligibility and benefits questions *and* pays the claims, an action against the insurer for benefits due "is precisely the civil action authorized by § 1132(a)(1)(B)."

*Larson*, 723 F.3d at 913 (quoting *Cyr*, 642 F.3d at 1207) (emphasis added) (citations omitted).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

Instead, Plaintiffs concede in their FAC that UBH is merely a claims administrator and not the obligor under any of Plaintiffs' Plans.  Accordingly, Plaintiffs' Counts I and II should be dismissed for failure to state a claim.

**III.    Counts III and IV Should Be Dismissed Because Plaintiffs' Claims under ERISA § 502(a)(3) Are Nothing More Than Repackaged Denial-of-Benefits Claims.**

Plaintiffs' Counts III and IV are purportedly "contingent" causes of action in which Plaintiffs fail to allege *any* new facts or legal theories.  Instead, Plaintiffs assert that those counts are "brought pursuant to [ERISA § 502(a)(3) only to the extent that the Court finds that the injunctive relief sought to remedy Counts I and/or II are unavailable pursuant to [ERISA § 502(a)(1)(B)]."  FAC ¶¶ 209, 213.

Counts III and IV should be dismissed because those counts are nothing more than Plaintiffs' attempt to improperly repackage their denial-of-benefits claim as an independent breach of fiduciary duty claim like the plaintiff in *Johns v. Blue Cross Blue Shield of Michigan*. 2009 WL 646636 (E.D. Mich. Mar. 10, 2009).  In *Johns*, the plaintiff brought claims, including a breach of fiduciary duty claim (under § 502(a)(3)) relating to certain treatments for autism.  *Id.* at *4-5.  The plaintiff argued that he had stated an independent breach of fiduciary duty claim because he was not simply challenging the denial of benefits for the autism treatment, but also the defendant's plan-wide policy and procedure of denying such benefits as experimental.  *Id.* at *4. According to the plaintiff, that policy was a breach of fiduciary duty independent of the actual nonpayment of benefits.  *Id.*

The *Johns* court rejected this argument as simply an attempt to repackage a denial-of-benefits claim.  2009 WL 646636, at *4-5.  The court reasoned that the plaintiff's complaint did not allege that the policy had any effect other than determining whether benefits would be paid. *Id.*  "Thus, any breach of duty or of the plan that [the defendant] might have committed by creating a policy of categorizing [the autism treatment] as 'experimental' can be fully remedied under [ERISA § 502(a)(1)(B)], by ordering [the defendant] to pay over the benefits due, and by clarifying [the plaintiff's] and the putative class members' right to receive such benefits in the future.  Under the rationale of *Varity* and *Wilkins*, this means that no further equitable relief

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

1   would be 'appropriate' under [ERISA § 502(a)(3)]."  *Id.*; *see Adams v. Anheuser-Busch*

2   *Companies, Inc.*, 2011 WL 1559793, at *7 (S.D. Ohio Apr. 25, 2011) (in a pension benefits case

3   in which the plaintiffs claimed they received fewer benefits due to the plan administrator's

4   improper application and interpretation of plan terms, the court stated that "[t]he proper remedy

5   for breaches of fiduciary duty that take the form of denials of plan benefits is therefore a [denial

6   of benefits] suit under [ERISA § 502(a)(1)(B)]"); *Crummett v. Metro. Life Ins. Co.*, 2007 WL

7   2071704, at *2 (D.D.C. July 16, 2007) (recognizing that the "majority view" throughout the

8   country is that "where a plaintiff's fiduciary-duty/equitable claims brought under § 502(a)(3) are

9   'nothing more than repackaged denial of benefits claims,' they must be dismissed" (citation

10  omitted)).  Because Plaintiffs' § 502(a)(3) claims (Counts III and IV) are simply the repackaging

11  of their denial-of-benefits claim they should be dismissed.

12  **IV.   Counts III and IV Should Be Dismissed Because the Remedies Available under**
13  **ERISA § 502(a)(1)(B) Could Adequately Remedy Plaintiffs' Alleged Injuries.**

14          As discussed above, at most, Plaintiffs have pled a denial-of-benefits claim.  Therefore,

15  Counts III and IV fail.  Assuming that Plaintiffs are right about the conduct at issue (they are not),

16  the remedies available under ERISA § 502(a)(1)(B) are adequate for a denial-of-benefits claim,

17  and relief under ERISA § 502(a)(3) is limited to "injuries caused by [ERISA] violations that

18  § 502 does not elsewhere adequately remedy." *Varity*, 516 U.S. at 512, 116 S. Ct. at 1078.  Where

19  a plaintiff alleges an injury that § 502 addresses elsewhere, § 502(a)(3)'s "catchall" cause of

20  action is unavailable.  *See id.* at 515, 116 S. Ct. at 1079; *Cline v. Indus. Maint. Eng'g &*

21  *Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (stating that § 502(a)(3) "provides relief

22  only for injuries for which adequate remedy is not otherwise provided"); *Johnson v. Buckley*, 356

23  F.3d 1067, 1077 (9th Cir. 2004) ("[W]hen relief is available under [§ 502(a)(1)], courts will not

24  allow relief under [§ 502(a)(3)'s] 'catch-all provision.'"); *Bowles v. Reade*, 198 F.3d 752, 760

25  (9th Cir. 1999) ("[S]ince the Supreme Court's decision in *Varity*, we have denied plaintiffs

26  individual relief under § 502(a)(3) where another section of ERISA already provided them with

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

an adequate remedy.").[5]

Indeed, the relief that Plaintiffs request through their § 502(a)(3) claims is duplicative of relief that could be available under § 502(a)(1)(B).  A participant or beneficiary of a plan can bring a civil action under ERISA § 502(a)(1)(B) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Section  502(a)(1)(B) provides for declaratory relief, an injunction that effectuates the recovery of benefits, enforcement of rights under the terms of a plan, and clarification of rights to future benefits under the terms of the plan.  *See Russell*, 473 U.S. at 146–47, 105 S. Ct. at 3092 ("To recover the benefits due her, [the plaintiff] could have filed an action pursuant to § 502(a)(1)(B) to recover accrued benefits, to obtain a declaratory judgment that she is entitled to benefits under the provisions of the plan contract, and to enjoin the plan administrator from improperly refusing to pay benefits in the future."); *see also Larson*, 723 F.3d at 911 (same).

Here, the relief that Plaintiffs seek through Counts III and IV (*see* FAC, Requested Relief ¶¶ D–I) is identical to the relief that Plaintiffs seek through their Counts based on § 502(a)(1)(B).  Moreover, each of Plaintiffs' requests for relief is based on an alleged denial of benefits and requests relief that could be available through a claim for the denial of benefits under § 502(a)(1)(B).  *See Russell*, 473 U.S. at 146–47, 105 S. Ct. at 3092.  For example, Plaintiffs seek:

- Through ¶¶ D and F, declarations that UBH improperly denied their benefits because of, among other things, the allegedly improper guidelines;

- Through ¶¶ E and G–H, injunctions to recover previously denied benefits and clarify Plaintiffs' future right to benefits through a mandate that UBH use

---

[5] While § 502(a)(3)(B) authorizes suits for "appropriate equitable relief" to remedy violations of a plan or to enforce its provisions, courts have limited and narrowed this phrase to include only "those categories of relief that, traditionally speaking (*i.e.*, prior to the merger of law and equity) were *typically* available in equity."  *Cigna Corp. v. Amara*, 131 S. Ct. 1866, 1878 (2011) (emphasis in original) (internal quotation marks omitted); *see also Brady v. United of Omaha Life Ins. Co.*, 902 F. Supp. 2d 1274, 1281 (N.D. Cal. 2012) (interpreting § 502(a)(3) as providing a "relatively narrow" scope of relief).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-15-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

1    Plaintiffs' chosen guidelines in reprocessing Plaintiffs' rejected benefits claims

2    and for future claims;[6] and

3    • Through ¶ I, a "surcharge" that would pay them the amount of their denied

4    benefits.[7]

5    Plaintiffs, therefore, seek an order prohibiting the use of allegedly improper policies and practices

6    (*e.g.*, the level of care and coverage determination guidelines) so that Plaintiffs can recover the

7    denied benefits that were subject to those policies and practices and to clarify their rights to those

8    same benefits in the future.

9         Thus, the relief Plaintiffs seek under § 502(a)(3) is duplicative of the relief that could be

10   available under § 502(a)(1)(B).  *See Brady*, 902 F. Supp. 2d at 1285–86 (finding a declaration to

11   an entitlement to future benefits was duplicative of relief available under § 502(a)(1)(B)); *see also*

12   *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (upholding the dismissal of

13   a § 502(a)(3) claim because it was duplicative of the plaintiff's § 502(a)(1)(B) claims).  Because

14   § 502(a)(1)(B) could provide appropriate remedies if Plaintiffs prevail on their § 502(a)(1)(B)

15   claim and Plaintiffs Counts III and IV seek relief that is duplicative of the relief they seek for that

16   claim, Counts III and IV should be dismissed.

17   **V.    Plaintiffs' Request for a "Surcharge" Remedy Is Improper and Should Be**

18   **Dismissed.**

19        Although a "surcharge" may be available in limited circumstances under ERISA

20   § 502(a)(3) to remedy harm to a plan or disgorgement of profits due to a breach of fiduciary duty,

21   ───────────────────

22        [6] Plaintiffs attempt to separate the relief they seek through their Counts I and II, but, like
     their attempt to separate the development of guidelines from the adjudication of their benefits

23   claims, those efforts are unpersuasive and contradicted by Plaintiffs' allegations.  For example,
     ¶¶ G and H are contingent upon ¶¶ D and E because they assume that the existing guidelines are

24   deemed to be improper and UBH has to develop new ones.  *See* FAC, Requested Relief ¶ G
     (seeking an order for "UBH to reprocess claims for residential treatment . . . pursuant to new

25   guidelines"), ¶ H (seeking an order for "UBH to faithfully apply its promulgated guidelines
     (including any guidelines UBH may adopt or promulgate in response to the relief sought herein

26   [i.e., through ¶¶ D and E])").

27        [7] As discussed below, Plaintiffs request for a "surcharge" is improper.  In addition, UBH
     does not concede that under the facts Plaintiffs have pled that they would be entitled to any of the

28   declarations or injunctions that they seek.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

Plaintiffs' "surcharge" prayer impermissibly seeks compensatory damages and administrative fees paid to UBH that are not conditioned on the outcome of its adjudication of the benefits claims at issue. In their request for a "surcharge" (FAC, Requested Relief ¶ I), Plaintiffs seek from UBH a "surcharge" equal to (a) UBH's revenue for its claims adjudication services relating to Plaintiffs' claims, (b) expenses UBH's corporate affiliates' saved due the denial of Plaintiffs' benefits claims, (c) Plaintiffs' "out-of-pocket" costs for their denied residential treatment, and/or (d) "pre-judgment interest". These requests for compensatory damages and UBH's administrative fees are impermissible.

### A.   Plaintiffs' Request for Surcharge in the Form of Expenses Allegedly Saved by UBH's Corporate Affiliates and Plaintiffs' Out-of-Pocket Costs Is Improper.

Plaintiffs request a "surcharge" in the form of "expenses that UBH's corporate affiliates saved" due to UBH's denials and Plaintiffs' "out-of-pocket costs" for the residential treatment for which coverage was denied. This is the same remedy available for Plaintiffs' denial-of-benefit claims. The amount UBH's corporate affiliates allegedly saved by not making benefits payments equals the amount that Plaintiffs claim should have been approved by UBH. And, Plaintiffs' "out-of-pocket costs" are either equal to or greater than those amounts. Because these requests are nothing more than a request for the payment of the denied benefits, the relief available to Plaintiffs under § 502(a)(1)(B) is adequate. As discussed in Section IV above, that fact alone renders the same relief unavailable under § 502(a)(3) and Plaintiffs' request improper. *See Varity*, 516 U.S. at 512, 116 S. Ct. at 1078 (stating that § 502(a)(3) only allows a plaintiff to seek "appropriate equitable relief for injuries caused by [ERISA] violations that § 502 does not elsewhere adequately remedy"); *Cline*, 200 F.3d at 1229; *Johnson*, 356 F.3d at 1077.

Further, a "surcharge" under § 502(a)(3) does not allow for the payment of compensatory damages to a plaintiff. *Gabriel v. Alaska Elec. Pension Fund*, 755 F.3d 647, 660 (9th Cir. 2014) (holding that relief under § 502(a)(3) is only available for "categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)"). As discussed above, a "surcharge" equal to either the savings UBH's affiliates realized or Plaintiffs' out-of-pocket costs would be an award of compensatory damages to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

Plaintiffs.

In addition, an ERISA fiduciary cannot be subject to a "surcharge" for an alleged breach of a fiduciary duty that did not result in a loss to the plan or profits to that same fiduciary. *Gabriel*, 755 F.3d at 660.  UBH's affiliates' alleged savings and Plaintiffs' out-of-pocket costs are not losses to any of the plans at issue, nor are they ***UBH's*** profits.

Finally, Plaintiffs cannot recover from UBH funds that it does not possess under a "surcharge" theory.  *Great-West. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708 (2002).  In *Knudson*, the Supreme Court held that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property ***in the defendant's possession***."  534 U.S. at 213, 122 S. Ct. at 714–15 (emphasis added); *see also Gabriel*, 755 F.3d at 656 ("[A] plaintiff could seek restitution in equity only where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." (internal quotations marks omitted)).  UBH does not possess the money Plaintiffs paid for their residential treatment—their providers have those funds.  UBH also does not possess its affiliates' alleged savings; those non-party affiliates do.

### B.   Plaintiffs' Request for UBH's Revenue for Providing Mental Health and Substance Abuse-Related Claims Administration Services Is Improper.

Plaintiffs also are not entitled to the revenue that UBH receives for its claims administration services under a "surcharge" theory.  As set forth above, a "surcharge" is only available for a breach of a fiduciary duty that results in a loss to the plan or profits to the breaching fiduciary that result from the breach.  *Gabriel*, 755 F.3d at 660.  UBH's revenue at issue in this request is not a loss to the plan or profits to UBH due to its alleged breach of fiduciary duty. According to Plaintiffs, UBH's alleged breach of fiduciary duty stems from its denial of benefit payments to Plaintiffs, which means that the ***plans*** at issue did not suffer any loss.

Moreover, Plaintiffs have not alleged (nor could they) that UBH only received the revenue Plaintiffs seek because it denied Plaintiffs' claims or the revenue is contingent upon any

CROWELL
& MORING LLP
ATTORNEYS AT LAW

SFACTIVE-903441848.1

1   particular claim determinations.  Because Plaintiffs have not made (and cannot make) those

2   allegations, which would tie the alleged breach of fiduciary duty to the revenue sought, UBH's

3   revenue for its claims administration services is not "profit" from any alleged breach of a

4   fiduciary duty that could be subject to a "surcharge" under § 502(a)(3).  *Gabriel*, 755 F.3d at 660.

5       **C.    Plaintiffs' Request for Pre-Judgment Interest as a Surcharge Is Improper.**

6       While pre-judgment interest can be, under certain circumstances, available under

7   § 502(a)(1)(B), Plaintiffs nevertheless seek pre-judgment interest as a "surcharge" against UBH.

8   That remedy, however, is unavailable.  Interest recoverable under a surcharge theory is based on

9   unjust enrichment principles under which the party responsible for paying the benefits owed

10  unjustly "profited" from the retention of the amounts that should have been paid.  *See Skretvedt v.*

11  *El DuPont Demours*, 372 F.3d 193, 208–10 (3d Cir. 2004).  This "interest" or "profit" that

12  Plaintiffs seek as a surcharge is unavailable to them from UBH because, as discussed above, UBH

13  does not possess any of that alleged "interest" or those purported "profits" and Plaintiffs have not

14  alleged that UBH is the payor of benefits under any of the plans at issue.  Indeed, Plaintiffs

15  acknowledge that other parties are responsible for the payment of approved benefits.  *See, e.g.,*

16  FAC ¶ 9 ("The Wit, Pfeifer, and Flanzraich plans are 'fully-insured,' meaning that health care

17  benefits are paid by Defendant UBH's corporate affiliates . . . .  The same is largely true with

18  respect to Muir and Holdnak's plans, even though they are 'self-funded[]' [a]lthough these plans

19  require that benefits be paid, in the first instance, from the assets of Muir and Holdnak's group

20  plan sponsors . . . ."); *see also* FAC, Requested Relief ¶ I (seeking savings UBH's corporate

21  affiliates realized due to the denial of benefits).  Accordingly, Plaintiffs' prayer for a "surcharge"

22  should be dismissed.[8]

23  ───────────────

24      [8] A motion to dismiss is a proper vehicle for the elimination of Plaintiffs' improper request
    for a "surcharge."  *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973–974 (9th Cir.
    2010) (explaining that an attempt to dismiss a portion of a plaintiff's complaint, such as prayer for

25  lost profits or consequential damages, was suited to a Rule 12(b)(6) motion); *McKenzie v. Wells
    Fargo*, 931 F. Supp. 2d 1028, 1040-41 (N.D. Cal. 2013) (finding a Rule 12(b)(6) motion to be a

26  proper procedural vehicle for dismissal of portions of a complaint) (citing *Whittlestone*, 618 F.3d
    at 973).  In the alternative, UBH moves to strike Plaintiffs' surcharge prayer under Rule 12(f).

27  *See Susilo v. Wells Fargo*, 796 F. Supp. 2d, 1177, 1196 (C.D. Cal. 2011) (stating that a Court may
    strike under Rule 12(f) a prayer for relief which is not available as a matter of law).

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1

1    In addition, because the sole relief that Plaintiffs seek through their Count IV is a

2    "surcharge," Count IV should be dismissed for a failure to allege facts sufficient to support a

3    cognizable legal theory.[9]  *Shroyer*, 622 F3d at 1041.

### CONCLUSION

5    For the foregoing reasons, Defendants respectfully request that the Court grant

6    Defendants' Motion and dismiss Plaintiffs' First Amended Complaint (Corrected) in its entirety

7    with prejudice

8    Dated: September 24, 2014                          CROWELL & MORING LLP

9

10                                                      /s/ Nathaniel P. Bualat

11                                                      Christopher Flynn
12                                                      Jennifer D. Romano
                                                        Nathaniel P. Bualat
13                                                      Attorneys for Defendant
                                                        UNITED BEHAVIORAL HEALTH

---

[9]  Plaintiffs may argue that the deficiencies in the relief a claim seeks are not grounds to
dismiss that claim.  But Plaintiffs' Count IV was brought solely to obtain the particular relief set
forth in FAC, Requested Relief ¶ I (*see* FAC ¶ 213 ("This count is brought pursuant to 29 U.S.C.
§ 1132(a)(3)(B) only to the extent that the Court finds that ***the equitable relief sought*** to remedy
Counts I and II are unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B).") (emphasis added).
Paragraph I is thus the only equitable relief Plaintiff seek through their Count IV.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-                         DEFENDANT'S MOT. TO DISMISS; MEMO. OF P&A
                            IN SUPPORT THEREOF; CASE NO. 3:14-CV-02346-JCS

SFACTIVE-903441848.1