PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DAVID AND NATASHA WIT, *et al.*,

Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),

Defendant.

Case No. 3:14-CV-02346-JCS
Action Filed: May 21, 2014

**DECLARATION OF CAROLINE E. REYNOLDS IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT UNITED BEHAVIORAL HEALTH TO PRODUCE DOCUMENTS IMPROPERLY WITHHELD OR REDACTED AS PRIVILEGED**

GARY ALEXANDER, *et al.*,

Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),

Defendant.

Case No. 3:14-CV-05337-JCS
Action Filed: December 4, 2014

Date: January 8, 2016
Time: 9:30 A.M.
Judge: Hon. Joseph C. Spero
Courtroom: G

I, CAROLINE E. REYNOLDS, declare and state as follows:

1. I am over 18 years of age. I am an attorney licensed to practice in the District of Columbia and have been admitted to practice *pro hac vice* in this action. I am a partner of the law firm Zuckerman Spaeder LLP, and counsel of record for Plaintiffs David and Natasha Wit, Brian Muir, Brandt Pfeifer, Lori Flanzraich, and Cecilia Holdnak in *Wit*, *et al. v. United Behavioral Health*, Case No. 3:14-CV-02346-JCS (the "*Wit* Case") and Plaintiffs Gary Alexander, Corinna Klein, and David Haffner in *Alexander, et al. v. United Behavioral Health*, Case No. 3:14-CV-05337-JCS (the "*Alexander* Case") (collectively, "Plaintiffs"). I am responsible for the day-to-day management of this action. I have personal knowledge of the facts set forth herein.

2. Attached as Exhibit A hereto is a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents in the *Wit* Case, which were served on UBH on December 8, 2014.

3. Attached as Exhibit B hereto is a true and correct copy of Defendant United Behavioral Health's Responses to Plaintiffs' First Set of Requests for Production of Documents in the *Wit* case, which were served on Plaintiffs on January 21, 2015.

4. Attached as Exhibit C hereto is a true and correct copy of an e-mail dated May 29, 2015, from Nathaniel Bualat, counsel for UBH, to Andrew Caridas, counsel for plaintiffs, memorializing the parties' agreed list of search terms. Earlier emails in the string have been omitted.

5. Attached as Exhibit D hereto is a true and correct copy of six letters exchanged by the parties in the process of meeting and conferring about UBH's privilege assertions. The exhibit contains the following letters:

a. An August, 21, 2015 letter from Andrew Caridas, counsel for Plaintiffs, to Nathaniel P. Bualat, counsel for UBH.

b. A September 4, 2015 letter from Katharine F. Barach, counsel for UBH, to Andrew Caridas, counsel for Plaintiffs.

c. An October 14, 2015 letter from Caroline E. Reynolds, counsel for Plaintiffs, to Nathaniel P. Bualat, counsel for UBH.

d. An October 30, 2015 letter from Nathaniel P. Bualat, counsel for UBH, to Caroline E. Reynolds, counsel for Plaintiffs.

e. A November 6, 2015 letter from Caroline E. Reynolds, counsel for Plaintiffs, to Nathaniel P. Bualat, counsel for UBH.

f. A November 11, 2015 letter from Nathaniel P. Bualat, counsel for UBH, to Caroline E. Reynolds, counsel for Plaintiffs.

6. Attached as Exhibit E hereto is a true and correct copy of a privilege log UBH served on Plaintiffs on October 2, 2015.

7. Attached as Exhibit F hereto is a true and correct copy of a privilege log UBH served on Plaintiffs on October 30, 2015.

8. Attached, collectively, as Exhibit G hereto are true and correct copies of charts identifying the documents on UBH's privilege log to which each of Plaintiffs' arguments applies.

a. Exhibit G.1 identifies which of the documents UBH has redacted on privilege grounds fall in to each of the nine categories described in Plaintiffs' Motion to Compel at pages 5-6. This chart is sorted by category, and then by privilege log number.

b. Exhibit G.2 also identifies which of the documents UBH has redacted on privilege grounds fall in to each of the nine categories described in Plaintiffs' Motion to Compel at pages 5-6. This chart, however, is sorted only by privilege log number.

c. Exhibit G.3 identifies which documents UBH has withheld, in full, from production on the basis of its "individual benefit claim" ground and which documents it has withheld, in full, on the basis of its "adverse interests" ground. This chart is sorted by the "Reason Fiduciary Exception Does Not Apply" column.

i. The "Reason Fiduciary Exception Does Not Apply" column asserts that the purported legal advice or request for legal advice in the documents in

the "individual benefit claim" group concern: (i) "general benefit adjudication unrelated to named plaintiffs or benefits sought by named plaintiffs"; or (ii) "specific benefit claims unrelated to the named plaintiffs or the benefits sought by named plaintiffs."

   ii. The "Reason Fiduciary Exception Does Not Apply" column asserts that the purported legal advice or request for legal advice in the documents in the "adverse interests" group concern: "specific regulatory or litigation exposure or matters." These entries have been shaded gray.

d.  Exhibit G.4 also identifies which documents UBH has withheld, in full, from production on the basis of its "individual benefit claim" ground and which documents it has withheld, in full, on the basis of its "adverse interests" ground. This chart is sorted by log number. The "Reason Fiduciary Exception Does Not Apply" entries are shaded gray for the documents as to which UBH has asserted its "adverse interests" ground.

9. Attached, collectively, as Exhibit H hereto are true and correct copies of certain documents produced by UBH, with redactions, in the above-referenced actions.

   a. Exhibit H.1 contains five examples of documents falling in Category 1 identified in Plaintiffs' Motion to Compel at page 5. UBH produced the documents with the following beginning bates numbers: UBHWIT0058303, UBHWIT0058442, UBHWIT0058603, UBHWIT0058628, UBHWIT0064176, UBHWIT0064374.

   b. Exhibit H.2 contains two examples of documents falling in Category 2 identified in Plaintiffs' Motion to Compel at page 5. UBH produced the documents with the following beginning bates numbers: UBHWIT0058452, UBHWIT0058458.

   c. Exhibit H.3 contains one example of a document falling in Category 3 identified in Plaintiffs' Motion to Compel at page 5. UBH produced the document with the beginning bates number UBHWIT0063959.

    d.  Exhibit H.4 contains two examples of documents falling in Category 4 identified in Plaintiffs' Motion to Compel at page 5.  UBH produced the documents with the following beginning bates numbers: UBHWIT0047809, UBHWIT0063926.

    e.  Exhibit H.5 contains three examples of documents falling in Category 5 identified in Plaintiffs' Motion to Compel at page 5.  UBH produced the documents with the following beginning bates numbers: UBHWIT0058368, UBHWIT0058370 (which is an attachment to UBHWIT0058368), and UBHWIT0063760.

    f.  Exhibit H.6 contains one example of a document falling in Category 6 identified in Plaintiffs' Motion to Compel at page 6.  UBH produced the document with the beginning bates number UBHWIT0049510.

    g.  Exhibit H.7 contains one example of a document falling in Category 7 identified in Plaintiffs' Motion to Compel at page 6.  UBH produced the document with the beginning bates number UBHWIT0058449.

    h.  Exhibit H.8 contains one example of a document falling in Category 8 identified in Plaintiffs' Motion to Compel at page 6.  UBH produced the document with the beginning bates number UBHWIT0046455.

    i.  Exhibit H.9 contains one example of a document falling in Category 9 identified in Plaintiffs' Motion to Compel at page 6.  UBH produced the document with the beginning bates number UBHWIT0046452.

10.  Attached as Exhibit I hereto is a true and correct copy of a chart of the documents appearing on UBH's October 30, 2015 privilege log as to which Plaintiffs contend that UBH clearly has not established that the attorney-client privilege applies.  This chart is sorted by log number.

11.  Attached as Exhibit J hereto is a true and correct copy of the Department of Labor's Advisory Opinion 96-14A (July 31, 1996).  The advisory opinion is available on the internet at the following address: http://www.dol.gov/ebsa/programs/ori/advisory96/96-14a.htm (last visited November 23, 2015).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of November, 2015, at Washington, D.C.

/s/ Caroline E. Reynolds
Caroline E. Reynolds

REYNOLDS DECL. IN SUPP. OF PLS.' MOT. TO COMPEL
CASE NOS. 3:14-CV-02346-JCS; 3:14-CV-05337-JCS 5