# EXHIBIT B

| | |
|---|---|
| 1 | THOMAS F. KOEGEL (SBN 125852) |
| | tkoegel@crowell.com |
| 2 | NATHANIEL P. BUALAT (SBN 226917) |
| | nbualat@crowell.com |
| 3 | JOSEPH V. BUI (SBN 293256) |
| | jbui@crowell.com |
| 4 | CROWELL & MORING LLP |
| | 275 Battery Street, 23rd Floor |
| 5 | San Francisco, California 94111 |
| | Telephone: 415.986.2800 |
| 6 | Facsimile: 415.986.2827 |
| 7 | CHRISTOPHER FLYNN (admitted *pro hac vice*) |
| | cflynn@crowell.com |
| 8 | CROWELL & MORING LLP |
| | 1001 Pennsylvania Avenue, NW |
| 9 | Washington, DC 20004 |
| | Telephone: 202.624.2500 |
| 10 | Facsimile: 202.628.5116 |
| 11 | JENNIFER S. ROMANO (SBN 195953) |
| | jromano@crowell.com |
| 12 | CROWELL & MORING LLP |
| | 515 South Flower St., 40th Floor |
| 13 | Los Angeles, CA 90071 |
| | Telephone: 213.622.4750 |
| 14 | Facsimile: 213.622.2690 |
| 15 | Attorneys for Defendant |
| | UNITED BEHAVIORAL HEALTH |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al., | Case No. 3:14-CV-02346-JCS |
| Plaintiffs, | **DEFENDANT UNITED BEHAVIORAL HEALTH'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS), | |
| Defendant. | |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS;
CASE NO. 3:14-CV-02346-JCS

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFFS, DAVID AND NATASHA WIT, et al. |
| RESPONDING PARTY: | DEFENDANT, UNITED BEHAVIORAL HEALTH |
| SET NO.: | ONE |

Defendant United Behavioral Health (operating as Optumhealth Behavioral Solutions) ("UBH" or "Defendant") responds and objects to Plaintiffs David and Natasha Wit, et al. ("Plaintiffs") First Request for Production of Documents (the "Requests") as follows:

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any ground that would require the exclusion of any statements herein if any statements contained herein were made by a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial. The fact that UBH has responded to any requests should not be taken as an admission that the documents provided in response, or the subject matter contained in those documents, constitute admissible evidence. UBH reserves the right to make any changes to these responses if it appears that omissions or errors have been made herein or that further and more accurate information or documents are available. No incidental or implied admissions are intended.

Furthermore, discovery is ongoing in this action and all responses are based only upon the information and documents presently available to and specifically known by UBH. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts or add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, which may lead to substantial additions to, changes in and variations from the responses below. UBH reserves the right to supplement its responses and the documents produced when and if additional information or documents are located. These responses are given without prejudice to UBH's right to present, at time of trial, facts or other evidence discovered subsequent to these responses.

## GENERAL OBJECTIONS

The following General Objections and UBH's specific objections and responses to the Requests shall have the same force and effect as if fully set forth in response to each Request:

1. UBH objects to each Request to the extent it seeks to impose obligations upon UBH that are broader than or inconsistent with the Federal Rules of Civil Procedure, or the Local Rules or Court orders of the United States District Court for the Northern District of California, San Francisco Division.

2. UBH objects to each Request to the extent it calls for the disclosure of documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, as provided by any applicable law. UBH does not intend to produce such privileged, immune, or protected documents, and nothing contained in these responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity, or other protection. UBH's inadvertent disclosure of any such documents, if any, is not to be deemed a waiver of any privilege, immunity, or other protection, and UBH expressly reserves the right to object to the introduction at trial or any other use of such documents that may be inadvertently disclosed. An objection based on a privilege, immunity, or other protection should not be construed as a representation that responsive documents exist or existed. Such an objection indicates only that the Request is of such a scope as to potentially embrace privileged, immune, or otherwise protected documents.

3. UBH objects to each Request to the extent it seeks production of documents containing UBH's confidential financial, proprietary, trade secret, or other confidential or competitively sensitive business information. UBH also objects to each Request to the extent it seeks the production of documents subject to confidentiality rights of third parties not affiliated with UBH, where such disclosure is prohibited by the terms of any protective order or any obligations of confidentiality between UBH and third parties or between UBH and its employees.

4. UBH objects to each Request to the extent it is vague, overly broad, unduly burdensome, exceeds the boundaries of discoverable information, or fails to describe the documents sought with the required reasonable particularity.

5. UBH objects to each Request to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

6. UBH objects to each Request to the extent it seeks to impose an obligation upon UBH to produce documents in the possession, custody, or control of third parties. UBH objects to each Request to the extent it seeks the production of documents in the public domain, because the burden of obtaining access to the documents is substantially the same for both parties.

7. UBH objects to each Request to the extent it seeks documents that are neither relevant to any claim or defense of the parties nor reasonably calculated to lead to the discovery of admissible evidence, or that otherwise fall outside the scope of discoverable information under Rule 26 of the Federal Rules of Civil Procedure.

8. UBH objects to each Request to the extent it seeks to require supplementation of discovery responses beyond the duty to supplement required by Rule 26(e) of the Federal Rules of Civil Procedure and other applicable rules. UBH will comply with its obligations under Rule 26(e) of the Federal Rules of Civil Procedure and any other applicable rules in this regard.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to Definitions and Instructions apply to UBH's responses to the Requests and shall have the same force and effect as if fully set forth in UBH's specific response to each Request. Objections to specific wording or aspects of the definitions are not intended to, and shall not be construed to imply that the definition is otherwise unobjectionable.

1. UBH objects to the definition of the term "UBH" as overbroad and unduly burdensome in that it purports to include persons who may not be under UBH's control. UBH further objects to the definition of the term "UBH" to the extent it seeks to impose obligations and duties not prescribed by the Federal Rules of Civil Procedure or Rules of the United States District Court for the Northern District of California. UBH will interpret the term "UBH" to refer to UBH and its employees.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS;
CASE NO. 3:14-CV-02346-JCS

2. UBH objects to the definition of "Plan Term Document" as vague, ambiguous and overbroad because no definition of "official Plan documents" is provided, and the terms "administrative services agreements with regard to one or more Plans," and "group contracts with respect to one or more Plans" are vague, ambiguous and overbroad as they relate to the allegations in this lawsuit.

3. UBH objects to the definition of "Benefit Claim" as vague and ambiguous with respect to the term "claim."

4. UBH objects to the definition of "Benefit Adjudicator" as vague and ambiguous because the term "Benefit Claim" is also vague and ambiguous (as set forth above).

5. UBH objects to the definition of "UBH LOS Benchmarks" as vague and ambiguous with respect to the language "appropriate 'length of stay' in, or duration of, a course of residential treatment."

6. UBH objects to the definition of "Other UBH Guidelines" as vague and ambiguous because the terms "Benefit Adjudicators" and "Benefit Claims" are also vague and ambiguous (as set forth above).

7. UBH objects to the definition of "Nationally Recognized Guidelines" on the ground that it requires UBH to use its subjective judgment and/or to speculate as to what is a "nationally recognized" organization. UBH further objects to this definition to the extent it seeks to impose greater obligations upon UBH than required by the Federal Rules of Civil Procedure or the Rules of the United States District Court for the Northern District of California.

8. UBH objects to the definition of "Identify" to the extent that it is overbroad and/or seeks to impose greater obligations upon UBH than required by the Federal Rules of Civil Procedure or the Rules of the United States District Court for the Northern District of California.

9. UBH objects to the Instructions set forth in the Requests to the extent, as applied to any specific Request, they seek to impose greater obligations upon UBH than required by the Federal Rules of Civil Procedure or the Rules of the United States District Court for the Northern District of California. UBH will respond in a manner that is consistent with the obligations

imposed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the Northern District of California.

10.   UBH objects to the Instructions set forth in the Requests to the extent, as applied to any specific request, they call for the production of: information not in UBH's possession, custody, or control; attorney work product or information protected by any privilege; or UBH's confidential or proprietary business information.

11.   UBH specifically objects to Instruction No. 8 on the ground that it seeks to impose obligations and duties not prescribed by the Federal Rules of Civil Procedure or Rules of the United States District Court for the Northern District of California. UBH will interpret its obligations in response to the Requests to include producing documents that are in the possession, custody, or control of UBH and/or its employees.

## SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

Subject to and without waiving or departing from the General Objections, the Objections to Definitions, or the Objections to Instructions identified above, and specifically incorporating the General Objections, the Objections to Definitions, and the Objections to Instructions identified above into each Specific Response and Objection set forth below, UBH responds to each Request as follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All Plan Term Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Plan Term Documents" as defined by Plaintiffs as vague, ambiguous, overbroad and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects

to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually agreeable scope for this Request, including responding with respect to a small sample of the Plans at issue in this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents relating to types or categories of Plans, including templates for Plan Term Documents, sample Plan Term Documents, and Documents classifying or grouping Plans and/or Plan Term Documents based on shared characteristics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Plan Term Documents" as defined by Plaintiffs as vague, ambiguous, overbroad and not susceptible to a meaningful response. UBH further objects to the terms "types or categories of Plans" and "Documents classifying or grouping Plans and/or Plan Terms Documents" as vague and ambiguous and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually agreeable scope for this Request, including responding with respect to a small sample of the Plans at issue in this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All UBH LOCs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will produce all LOCs used by UBH from January 1, 2009 to the present in determining whether residential treatment is/was a covered benefit for mental health or substance use under an ERISA health plan administered by UBH.

**REQUEST FOR PRODUCTION NO. 4:**

All UBH CDGs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will produce all CDG's used by UBH from January 1, 2009 to the present in determining whether residential treatment is/was a covered benefit for mental health or substance use under an ERISA health plan administered by UBH.

**REQUEST FOR PRODUCTION NO. 5:**

All UBH LOS Benchmarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "UBH LOS Benchmarks" as defined by Plaintiffs as vague, ambiguous, overbroad and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually agreeable scope for this Request, including responding with respect to a small sample of the documents at issue in this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Other UBH Guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually agreeable scope for this Request, including responding with respect to a small sample of the documents at issue in this Request.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS;
CASE NO. 3:14-CV-02346-JCS

**REQUEST FOR PRODUCTION NO. 7:**

All Communications to or from a Benefit Adjudicator regarding application of UBH LOCs to Benefit Claims, whether or not such Communications explicitly mention residential treatment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Benefit Adjudicator" and "Benefit Claims" as defined by Plaintiffs as vague, ambiguous, overbroad and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually agreeable scope for this Request, including responding with respect to a small sample of the documents at issue in this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications to or from a Benefit Adjudicator regarding application of UBH CDGs to Benefit Claims, whether or not such Communications explicitly mention residential treatment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Benefit Adjudicator" and "Benefit Claims" as defined by Plaintiffs as vague, ambiguous, overbroad and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS;
CASE NO. 3:14-CV-02346-JCS

permissible discovery.  UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually agreeable scope for this Request, including responding with respect to a small sample of the documents at issue in this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications to or from a Benefit Adjudicator regarding application of UBH LOS Benchmarks to Benefit Claims, whether or not such Communications explicitly mention residential treatment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Benefit Adjudicator" and "Benefit Claims" as defined by Plaintiffs as vague, ambiguous, overbroad and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually agreeable scope for this Request, including responding with respect to a small sample of the documents at issue in this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Communications to or from a Benefit Adjudicator regarding application of Other UBH Guidelines to Benefit Claims, whether or not such Communications explicitly mention residential treatment.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS:
CASE NO. 3:14-CV-02346-JCS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Benefit Adjudicator" and "Benefit Claims" as defined by Plaintiffs as vague, ambiguous, overbroad and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually agreeable scope for this Request, including responding with respect to a small sample of the documents at issue in this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications to or from a Benefit Adjudicator regarding application of Nationally Recognized Guidelines to Benefit Claims, whether or not such Communications explicitly mention residential treatment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the terms "Benefit Adjudicator," "Benefit Claims" and "Nationally Recognized Guidelines" as defined by Plaintiffs as vague, ambiguous, overbroad and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS:
CASE NO. 3:14-CV-02346-JCS

agreeable scope for this Request, including responding with respect to a small sample of the documents at issue in this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents related to the training, instruction, or guidance UBH provides to Benefit Adjudicators with respect to handling Benefit Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Benefit Adjudicators" and "Benefit Claims" as defined by Plaintiffs as vague, ambiguous, overbroad and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will produce documents used from January 1, 2009 to the present to provide training, instruction or guidance to UBH employees in determining whether criteria set forth in UBH's LOCs and/or CDG's for determining whether residential treatment is/was a covered benefit for mental health or substance use under an ERISA health plan were satisfied.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents related to UBH's performance evaluations of Benefit Adjudicators, including any such evaluations, the criteria used for such evaluations, and Communications regarding such evaluations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Benefit Adjudicator" as defined by Plaintiffs as vague and ambiguous and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that

CROWELL
& MORING LLP
ATTORNEYS AT LAW

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS:
CASE NO. 3:14-CV-02346-JCS

are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects on the ground that this Request invades the privacy rights of its employees. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents related to the compensation, including any bonuses, that UBH provides to Benefit Adjudicators, including the amount of annual compensation, the criteria used to establish compensation, and Communications regarding compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Benefit Adjudicator" as defined by Plaintiffs as vague and ambiguous and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects on the ground that this Request invades the privacy rights of its employees. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents related to Benefit Claims submitted by or on behalf of the Named Beneficiaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the term "Benefit Claims" as defined by Plaintiffs as vague and ambiguous and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS;
CASE NO. 3:14-CV-02346-JCS

are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will produce all documents from January 1, 2009 to the present that relate to any request by or on behalf of the Named Beneficiaries for coverage for residential treatment under a health plan administered by UBH.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents related to Benefit Claims submitted by or on behalf of someone other than a Named Beneficiary, for which UBH denied coverage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this Request as overly broad in scope. UBH objects to the use of the terms "Benefit Claims" as defined by Plaintiffs as vague and ambiguous and not susceptible to a meaningful response. UBH objects to this Request on the ground that it calls for documents that are not relevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of permissible discovery. UBH objects to this Request on the ground that it is unduly burdensome, particularly in light of the procedural posture of the case.

Subject to these objections, and without waiving them, UBH responds as follows: UBH will meet and confer with Plaintiffs, in good faith, to discuss an appropriate and mutually agreeable scope for this Request, including responding with respect to a small sample of the documents at issue in this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents that You have obtained by issuing subpoenas *duces tecum* to third parties in connection with this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

UBH responds that it has not issued any subpoena duces tecum to a third party in this case, and thus, no responsive documents exist.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS;
CASE NO. 3:14-CV-02346-JCS

**REQUEST FOR PRODUCTION NO. 18:**

All Documents provided to, received from, prepared by, or relied upon by any of Your expert witness whom You intend to call this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this request on the ground that it is premature, discovery is ongoing, and the deadline to designate expert witnesses is in the future. UBH objects to this Request to the extent that it calls for the disclosure of documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, as provided by any applicable law. UBH objects to this Request to the extent that it seeks to subject UBH to expert discovery beyond what is required under the Federal Rules of Civil Procedure. UBH will comply with its obligations under the Federal Rules of Civil Procedure and any other rules applicable to expert discovery consistent with the deadlines set by the Court.

**REQUEST FOR PRODUCTION NO. 19:**

All exhibits and any other evidence on which You intend to rely to oppose class certification in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

UBH refers to and incorporates by reference its General Objections as set forth above. UBH objects to this request on the ground that it is premature, discovery is ongoing, Plaintiffs have not yet filed a motion for class certification, and the deadline for UBH to file any opposition to a motion for class certification is in the future. UBH objects to this Request on the ground that it calls for the disclosure of documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection, as provided by any applicable law.

| | |
|---|---|
| Dated: January 21, 2015 | CROWELL & MORING LLP |
| | /s/ Nathaniel Bualat |
| | Christopher Flynn |
| | Jennifer S. Romano |
| | Nathaniel P. Bualat |
| | Joseph V. Bui |
| | Attorney for Defendant |
| | UNITED BEHAVIORAL HEALTH |

SFACTIVE-903566698.1

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-16-

UBH'S RESPONSES TO PLAINTIFFS'
FIRST SET OF RFPS:
CASE NO. 3:14-CV-02346-JCS

# CERTIFICATE OF SERVICE

I, William H. Morris, state:

My business address is 275 Battery Street, 23rd Floor, San Francisco, California 94111. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**DEFENDANT UNITED BEHAVIORAL HEALTH'S
RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS**

on the following person(s) in this action:

| | |
|---|---|
| Meiram Bendat, Esq.<br>PSYCH-APPEAL, INC.<br>8560 West Sunset Boulevard, Suite 500<br>West Hollywood, CA 90069<br>Tel: (310) 598-3690, x.101<br>Fax: (310) 564-0040<br>meiram@psych-appeal.org | Attorneys for Plaintiffs |
| D. Brian Hufford, Esq.<br>Jason S. Cowart, Esq.<br>ZUCKERMAN SPAEDER LLP<br>399 Park Avenue, 14th Floor<br>New York, NY 10022<br>Tel: (212) 704-9600<br>Fax: (212) 704-4256<br>dbhufford@zuckerman.com<br>jcowart@zuckerman.com | Attorneys for Plaintiffs |
| Andrew Caridas, Esq.<br>ZUCKERMAN SPAEDER LLP<br>1800 M Street NW, Suite 1000<br>Washington, DC 20036-5802<br>Tel: (202) 778-1855<br>Fax: (202) 822-8106<br>acaridas@zuckerman.com | Attorneys for Plaintiffs |
| Anthony F. Maul (subject to *pro hac vice* admission)<br>THEMAUL FIRM, P.C.<br>68 Jay Street, Suite 201<br>Brooklyn, NY 11201<br>Tel: (646) 263-5780<br>Fax: (866) 488-7936<br>afmaul@maulfirm.com | Attorneys for Plaintiffs |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| 1 | | |
| 2 | | BY FIRST CLASS MAIL: I am employed in the City and County of San Francisco where the mailing occurred. I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid. I placed the envelope or package for collection and mailing, following our ordinary business practice. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service. |
| 6 | ¨ | BY MESSENGER SERVICE: I served the document(s) identified above by placing them in an envelope or package addressed to the person(s) listed above and providing them to a professional messenger service for service. A declaration of personal service by the messenger is attached. |
| 9 | ¨ | BY OVERNIGHT DELIVERY: I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, in an envelope or package designated by the overnight delivery carrier with delivery fees paid or provided for. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, or by delivering to a courier or driver authorized by the overnight delivery carrier to receive documents. |
| 13 | ¨ | BY FACSIMILE: Based on an agreement of the parties to accept service by facsimile transmission, I faxed the document(s) identified above to the person(s) at the fax number(s) listed above. The transmission was reported complete and without error. I have attached a copy of the transmission report that was issued by the facsimile machine. |
| 16 | X | BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept service by electronic mail, I caused the document(s) identified above to be transmitted electronically to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on January 21, 2015, at San Francisco, California.

*/s/ William H. Morris*
William H. Morris

SFACTIVE-903566698.1