# EXHIBIT J

# PWBA Office of Regulations and Interpretations

## Advisory Opinion

July 31, 1996

Frederick W. Dennerline III, Esq.
Fillenwarth, Dennerline, Groth & Towe
1213 N. Arlington Avenue
Suite 204
Indianapolis, Indiana 46219

96-14A
ERISA SEC.
104(b)

Dear Mr. Dennerline:

This is in response to your request for an advisory opinion concerning the scope of section 104(b)(2) and 104(b)(4) of the Employee Retirement Income Security Income Act of 1974 (ERISA). Specifically, you have inquired whether the schedule of "usual and customary" fees, which is used as a basis for determining the dollar amount that will be paid for health claims made under a welfare benefit plan, must be made available for examination and/or furnished by the plan administrator upon the request of a plan participant or beneficiary.

You represent the Oil, Chemical and Atomic Workers Local Union No. 7-159, whose members are employed by the Kokomo Gas & Fuel Company (the Company). The Company maintains the Kokomo Gas & Fuel Company Health Plan (the Plan). The Plan is a welfare benefit plan and, in many instances, provides for the reimbursement of the full cost of medical care incurred by the employee-participants, based on a "usual and customary" fee.

The Plan document, however, does not include the schedule of "usual and customary" fees. In response to questions concerning the basis for the "usual and customary" charge allowed for certain procedures, participants and beneficiaries have been advised that the information from which the determination of the "usual and customary" fee is derived is proprietary and not disclosable to them. You represent that several participants in the Plan believe that, in order for them to be fully cognizant of their benefit entitlement, they are entitled to disclosure of all of the "usual and customary" recitations set forth in any document which the plan administrator may use to calculate the payment of benefits.

Section 104(b)(2) of ERISA requires that the administrator shall make copies of the plan description, the latest annual report, bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated available for examination by any plan participant or beneficiary. Section 104(b)(4) requires the furnishing of such documents to participants and beneficiaries upon written request, although plan administrators may impose a reasonable charge to cover the cost of providing these

documents.[1]

The legislative history of ERISA suggests that plan participants and beneficiaries should have access to documents that directly affect their benefit entitlements under an employee benefit plan.[2] Consistent with this Congressional intent, it is the view of the Department of Labor that, for purposes of section 104(b)(2) and 104(b)(4), any document or instrument that specifies procedures, formulas, methodologies, or schedules to be applied in determining or calculating a participant's or beneficiary's benefit entitlement under an employee benefit plan would constitute an instrument under which the plan is established or operated, regardless of whether such information is contained in a document designated as the "plan document." Accordingly, studies, schedules or similar documents that contain information and data, such as information and data relating to standard charges for specific medical or surgical procedures, that, in turn, serve as the basis for determining or calculating a participant's or beneficiary's benefit entitlements under an employee benefit plan would constitute "instruments under which the plan is . . . operated." Thus, it appears that the schedule of "usual and customary" fees described in your letter would be required to be disclosed to participants and beneficiaries in accordance with section 104(b)(2) and 104(b)(4) of ERISA.

This letter constitutes an advisory opinion under ERISA Procedure 76-1. Accordingly, this letter is issued subject to the provisions of that procedure, including section 10 thereof, relating to the effect of advisory opinions.

Sincerely,

JOHN J. CANARY
Chief, Division of Reporting and Disclosure
Office of Regulations and Interpretations

---

[1] Pursuant to 29 C.F.R. § 2520.104b-30, the charge assessed by the plan administrator to cover the costs of furnishing documents is reasonable if it is equal to the actual cost per page for the least expensive means of acceptable reproduction, but in no event may such charge exceed 25 cents per page. No other charge for furnishing documents, such as handling or postage charges, is considered reasonable.

[2] See H.R. Rep. No. 533, 93d Cong. 1st Sess. 10-11 (1973), and S. Rep. No. 127, 93d Cong., 1st Sess. 27-28 (1973).

---

**---DISCLAIMER---**



 DOL Homepage    PWBA Homepage    Top of Document    Top of List