UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WIT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant.<br><br>GARY ALEXANDER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant. | Case No. 14-cv-02346-JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**ORDER FOR DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 97 |

Plaintiffs have filed an Administrative Motion to Seal Portions of the Motion to Compel and Exhibits to the Declaration of Caroline E. Reynolds in Support Thereof ("Motion to Seal"), asking the Court for leave to file under seal certain exhibits that Defendants have designated Confidential or Highly Confidential under the parties' stipulated protective order, as well as portions of Plaintiffs' Motion to Compel that quote from these documents. Case No. 14-cv-2346 JCS, Docket No. 97; Case No. 14-cv-5337 JCS, Docket No. 62. Pursuant to Civil Local Rule 79-5(e), a party seeking to file materials under seal on the basis of another party's designation of that material as confidential must give notice to the designating party, who is required to file within four days a declaration establishing that all of the designated material is sealable. Rule 79-5(d)(1)(A) provides that "[r]eference to a stipulation or protective order that allows a party to

1  designate certain documents as confidential is not sufficient to establish that a document, or
2  portions thereof, are sealable." Instead of following the procedure set forth in Rule 79-5, Plaintiffs
3  have provided a stipulation, subject to the approval of the Court, that Plaintiffs may file the
4  designated materials under seal. The parties' stipulation is insufficient to establish that the
5  materials sought to be sealed are sealable and does not comply with Rule 79-5.

6  Documents attached to nondispositive motions "are often unrelated, or only tangentially
7  related, to the underlying cause of action," and therefore, parties moving to seal must meet the
8  lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Kamakana v.*
9  *City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotations and citations
10 omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice
11 or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors*
12 *Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R.
13 Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated
14 reasoning" are not sufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th
15 Cir.1992). Further, while "[a] protective order sealing the documents during discovery may
16 reflect the court's previous determination that good cause exists to keep the documents sealed, . . .
17 a blanket protective order that allows the parties to designate confidential documents does not
18 provide sufficient judicial scrutiny to determine whether each particular document should remain
19 sealed." *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-CV-05236-PSG, 2013 WL 5770317, at
20 *1 (N.D. Cal. Oct. 24, 2013).

21 Accordingly, Defendants are ordered to file, no later than Friday, December 4, 2015, a
22 declaration showing that there is good cause to seal the specific materials identified by Plaintiffs in
23 their Motion to Seal. Failure to file a declaration in compliance with Civil Local Rule 79-5 will
24 result in denial of Plaintiffs' Motion to Seal.

25 **IT IS SO ORDERED.**
26 Dated: November 30, 2015

27 _____
    JOSEPH C. SPERO
28  Chief Magistrate Judge