Meiram Bendat (Cal. Bar No. 198884)
PSYCH-APPEAL, INC.
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
399 Park Avenue, 14th Floor
New York, NY 10036
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs and Proposed Intervenor Plaintiff Linda Tillitt*
*(Additional Counsel on Signature Page)*

# UNITED STATED DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, on behalf of themselves and all others similarly situated, BRIAN MUIR, on his own behalf and on behalf of all others similarly situated, BRANDT PFEIFER, on behalf of the Estate of his deceased wife, Lauralee Pfeifer, and all others similarly situated, LORI FLANZRAICH, on behalf of her daughter Casey Flanzraich and all others similarly situated, and CECILIA HOLDNAK, on behalf of herself, her daughter Emily Holdnak, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>    Defendant. | Case No. 3:14-CV-02346-JCS<br><br>**PROPOSED INTERVENOR PLAINTIFF LINDA TILLITT'S NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: February 12, 2016<br>Time: 9:30 A.M.<br>Judge: Hon. Joseph C. Spero<br>Courtroom: G<br>Action Filed: May 21, 2014 |

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................1

ISSUES TO BE DECIDED ................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................1

INTRODUCTION ...............................................................................................................1

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT .......................................................................................................................5

  I. Proposed Intervenor Has Independent Grounds for Jurisdiction ...............................6

  II. Proposed Intervenor's Motion is Timely ...................................................................6

  III. Proposed Intervenor Possesses Claims that Share Common Questions of Law and Fact ..........................................................................................................8

  IV. Proposed Intervenor Will Contribute to the Efficient Litigation of this Case ..........................................................................................................................9

CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

Page

**Cases**

*Cal. Dump Truck Owners Ass'n v. Nichols*,
275 F.R.D. 303 (E.D. Cal. 2011) ................................................................................................ 6

*Ctr. for Biological Diversity v. EPA*,
No. 11-cv-00293-JCS, 2013 WL 1729573 (N.D. Cal. Apr. 22, 2013) ..................................... 5

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1998) .................................................................................................... 9

*In re JDS Uniphase Corp. Sec. Litig.*,
No. C 02-1486 CW, 2005 WL 2562621 (N.D. Cal. Oct. 12, 2005) ........................................ 7

*Kamakahi v. Am. Soc. for Reproductive Medicine*,
No. 11-cv-01781-JCS, 2015 WL 1926312 (N.D. Cal. Apr. 27, 2015) .................................... 7

*Munoz v. PHH Corp.*,
No. 1:08-cv-0759-AWI-BAM, 2013 WL 3935054 (E.D. Cal. July 29, 2013) ........................ 6

*Nw. Forest Res. Council v. Glickman*,
82 F.3d 825 (9th Cir. 1996) ...................................................................................................... 6

*Spangler v. Pasadena City Bd. of Educ.*,
552 F.2d 1326 (9th Cir. 1977) .......................................................................................... 5, 9, 10

*United States v. City of Los Angeles, Cal.*,
288 F.3d 391 (9th Cir. 2002) .................................................................................................... 5

*Venegas v. Skaggs*,
867 F.2d 527 (9th Cir. 1989) ................................................................................................. 5, 9

**Statutes**

28 U.S.C. § 1331 ............................................................................................................................ 6

**Other Authorities**

6 *Moore's Federal Practice* (Matthew Bender 3d ed. 2015) ..................................................... 7, 8

C. Wright, A. Miller & M. Kane, 7C *Federal Practice & Procedure* (3d ed. 2015) .................... 6

**Rules**

Fed. R. Civ. P. 24(b) ...................................................................................................................... 9

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................................. 5

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 12, 2016 at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom G, 15th floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Joseph C. Spero, Linda Tillitt will and hereby does move to intervene in this action. Tillitt moves to intervene on behalf of herself, her deceased son Maxwell Tillitt, and all others similarly situated. This motion is made pursuant to Federal Rule of Civil Procedure 24, and is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, the proposed Complaint in Intervention attached as Exhibit A thereto, the [Proposed] Order, any oral argument heard by the Court, such additional evidence as may be submitted to the Court, and such other matters as the Court deems proper.

## ISSUES TO BE DECIDED

Whether Linda Tillitt may intervene in this action to protect her interests, her deceased son's interests, and the interests of class members relating to Defendant's refusal to provide coverage for the residential treatment of her son Maxwell Tillitt, which led to Maxwell Tillitt's death from a drug overdose.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Like current Plaintiff Brandt Pfeifer, whose late wife Lauralee forewent additional residential treatment for her serious alcohol addiction after it became clear that Defendant would not provide further coverage, Prospective Intervenor Linda (DeeDee) Tillitt experienced Defendant's denial of coverage for her son Max's medically necessary, and perhaps life-saving, residential treatment for his serious drug abuse disorder based on its application of its overly-restrictive internal benefit determination guidelines for substance abuse treatment. And like

PROPOSED INTERVENOR PL.'S MOT.
TO INTERVENE; MEMO. OF P&A IN SUPPORT
CASE NO. 3:14-CV-02346-JCS

5094927.8

Lauralee Pfeifer, Max Tillitt tragically died due to his substance abuse when he relapsed soon after being forced to leave residential treatment due to Defendant's denial of coverage.

In short, the Prospective Intervenor Linda Tillitt has been grievously harmed by Defendant's misconduct. The harm she has suffered is identical to the harm suffered by the current Plaintiffs in this case, and of the putative class members those Plaintiffs seek to represent. The Prospective Intervenor accordingly seeks to intervene in this action, and to join the current Plaintiffs in bringing her complaint against Defendant on behalf of herself, her deceased son Maxwell Tillitt, and all others similarly situated.

Because it would be hard to envision a more motivated class representative than a mother fighting to make sure no parent needlessly experiences the staggering grief of losing a child, because this motion is timely—coming less than four months after Max Tillitt's tragic death following Defendant's denial of coverage for his continued treatment—and because this motion will not prejudice Defendant in any way, the Court should grant the Prospective Intervenor leave to join this lawsuit as a named plaintiff.

**STATEMENT OF FACTS**

This action commenced in May, 2014, when Plaintiffs filed their original complaint against UBH and United Healthcare Insurance Company. In July 2014, the parties stipulated to Plaintiffs' filing an amended complaint, and on August 18, 2014, Plaintiffs filed an amended complaint against UBH alone (the First Amended Complaint ("FAC")). As set forth in the FAC, each Plaintiff was the beneficiary of an employer-sponsored health plan covered by ERISA that included coverage for mental health and substance abuse treatment commensurate with generally accepted standards in the medical community. FAC ¶¶ 1, 2, 13. Plaintiffs and their relatives were entitled to coverage for residential care to treat their serious mental health and substance abuse

problems, but UBH wrongfully denied their claims. FAC ¶¶ 9, 10-15, 199-200. UBH employed a two-pronged approach to deny Plaintiffs and other claimants benefits to which they were entitled. First, UBH promulgated improperly restrictive benefit determination guidelines pursuant to which it denied Plaintiffs' claims for coverage, and second, UBH denied some claims even when they satisfied UBH's restrictive residential treatment guidelines. FAC ¶ 15. Plaintiffs bring their claims against UBH on an individual and class basis.

After the filing of the FAC, UBH filed a motion to dismiss, which this Court denied in November 2014. Since then, the parties have conducted discovery relating to class certification. Plaintiffs have not yet moved for class certification. Linda Tillitt seeks to intervene in the action at this time.

Linda Tillitt is a participant in a self-funded, large group plan sponsored by Lockton, Inc., which is subject to ERISA (the "Lockton Plan"). (Ex. A, Complaint in Intervention at ¶ 42.) UBH adjudicates claims under the Lockton Plan. (*Id.* at ¶ 15.) The Lockton Plan's mental health and substance disorder benefits include residential treatment, on an in- and out-of-network basis. (*Id.* at ¶¶ 46-47.) Linda Tillitt's son Maxwell Tillitt ("Max") was a beneficiary under the Lockton Plan. (*Id.* at ¶ 42.)

Max struggled with substance use disorder and bipolar disorder from an early age. (*Id.* at ¶ 48.) On June 18, 2015, Max was admitted to Beauterre Recovery Institute ("Beauterre"), a state licensed residential treatment facility that specializes in the treatment of persons with chemical substance abuse and mental health disorders. (*Id.*) Max was admitted to Beauterre for treatment of co-occurring substance use disorder, bipolar disorder, and sleep disorder. (*Id.*) Upon Max's admission, Beauterre performed a Comprehensive Assessment of Max. (*Id.* at ¶ 49.) Max reported that he had participated in rehabilitation programs seven or eight times and relapsed

after each rehabilitation program. (*Id.*) In 2014, he successfully completed an inpatient detoxification and rehabilitation program, and he followed that program with his longest period of sobriety since his substance use disorder began; he was sober for seven weeks. (*Id.*) Max stated that his bipolar disorder and struggles with sleep made it difficult for him to maintain sobriety. (*Id.*) The Comprehensive Assessment found that Max presented with severe disorders related to the use of alcohol, cannabis, opioids (including heroin), and stimulants (including amphetamines and cocaine). (*Id.* at ¶ 50.) The assessment found that Max had a high risk of relapse and no recognition or understanding of relapse and recidivism issues. (*Id.*) It further found that Max had a severe lack of impulse control and coping skills and frequent thoughts of suicide. (*Id.* at ¶ 51.) Max reported two past suicide attempts, both times by overdosing on drugs. (*Id.*) The assessment also noted that Max lacked employment and relied on his divorced parents, was on probation, that his recovery environment was "chronically antagonistic," and that Max "lack[ed] insight into how to build and maintain structured daily living, as well as how to nurture and access a sober support network in recovery." (*Id. at* ¶ 52.) Finally, the assessment noted that Max's motivation for change was unknown and that he "[d]isplay[ed] inconsistent compliance, minimal awareness of either [his] addiction or mental disorder, and [was] minimally cooperative." (*Id.* at ¶ 53.)

By July 10, Max showed some progress but still struggled with cravings for heroin, unstable health, and frequent thoughts of suicide or harm to others. (*Id.* at ¶ 66.) Nevertheless, UBH terminated coverage for Max's treatment as of July 9, 2015. On July 10, 2015, Beauterre requested an urgent appeal of the denial, which UBH denied on July 13, 2015. (*Id.* at ¶¶ 67-68.) UBH's denials were based on UBH's application of its overly restrictive Coverage Determination Guidelines and Level of Care Guidelines, which are inconsistent with generally

accepted standards of medical practice. (*Id.* at ¶ 38.) On July 13, 2015, Max was discharged from Beauterre. (*Id.* at ¶ 72.) Because UBH terminated coverage so abruptly, the facility had no discharge plan in place at that time. (*Id.*) Max then relapsed. (*Id.* at ¶ 73.) On September 26, 2015, Max died of a drug overdose at the age of 21. (*Id.*)

## ARGUMENT

The court may permit intervention under Federal Rule of Civil Procedure 24(b)(1)(B), which provides that "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The Ninth Circuit has set forth the following three criteria for permissive intervention: (1) independent grounds for jurisdiction; (2) the motion to intervene is timely; and (3) the applicant's claim or defense and the main action have a question of law or question of fact in common. *United States v. City of Los Angeles, Cal.*, 288 F.3d 391 (9th Cir. 2002); *see also Ctr. for Biological Diversity v. EPA*, No. 11-cv-00293-JCS, 2013 WL 1729573, at *5 (N.D. Cal. Apr. 22, 2013). When presented with a motion for permissive intervention, a court also may consider factors such as undue delay or prejudice to the parties, the adequacy of representation by existing parties, judicial economy, *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989), and other related considerations. *See Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (factors include the intervenors' interest in the litigation, their standing to raise issues, their claims' relation to the merits of the case, whether intervention will prolong or unduly delay the litigation, "and whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." (footnotes omitted)). As set forth below, Proposed Intervenor has jurisdictional grounds for her claims, her motion is timely, and she has claims that share with

the main action common questions of law and fact. In addition, other factors a court may consider all point in favor of intervention here.

I. **Proposed Intervenor Has Independent Grounds for Jurisdiction**

Proposed Intervenor has independent grounds for jurisdiction based on 28 U.S.C. § 1331, which provides for this Court's jurisdiction over claims brought pursuant to federal statutes. Proposed Intervenor brings claims under ERISA, the same statute that gives rise to Plaintiffs' claims. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and this element of permissive intervention is satisfied. *See Cal. Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 309 (E.D. Cal. 2011) (finding jurisdictional element of permissive intervention satisfied as the court had an independent ground for jurisdiction under 28 U.S.C. § 1331); C. Wright, A. Miller & M. Kane, 7C *Federal Practice & Procedure* § 1917 (3d ed. 2015) ("In federal-question cases there should be no problem of jurisdiction . . . when one seeking to intervene as a plaintiff relies on the same federal statute as does the original plaintiff.").

II. **Proposed Intervenor's Motion is Timely**

The following three criteria determine whether a motion is timely: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836-37 (9th Cir. 1996).

Because this case remains in the class discovery stage, the early stage of the proceedings weighs in favor of intervention. Courts in the Ninth Circuit routinely allow intervention where, as here, discovery is ongoing and dispositive motions have not been filed. *See, e.g., Munoz v. PHH Corp.*, No. 1:08-cv-0759-AWI-BAM, 2013 WL 3935054, at *7 (E.D. Cal. July 29, 2013) (stage of proceedings weighed in favor of intervention where discovery was ongoing, a deadline for dispositive motions had not been set, and a scheduling order establishing a trial date had not

been entered, even though case had been pending for five years); *In re JDS Uniphase Corp. Sec. Litig.*, No. C 02-1486 CW, 2005 WL 2562621, at *4 (N.D. Cal. Oct. 12, 2005) (despite the fact that more than three years had passed since the filing of the original complaint, court found that the stage of the proceedings weighed in favor of granting the motion to intervene where the proceedings were "still at a relatively early stage: the class ha[d] not yet been certified; discovery [wa]s still underway; and the deadline for dispositive motions [wa]s not yet imminent."). The crucial question is whether proceedings of substance have occurred, and here, they have not. *See* 6 *Moore's Federal Practice* § 24.21[1], at 83-84 (Matthew Bender 3d ed. 2015) ("The mere passage of time, in itself, does not render a motion untimely; rather, the important question concerns actual proceedings of substance on the merits.").

Intervention would not prejudice UBH. This Court has noted that "prejudice is evaluated based on the difference between timely and untimely intervention—not based on the work Defendants would need to do regardless of when [proposed intervenors] sought to intervene." *Kamakahi v. Am. Soc. for Reproductive Medicine*, No. 11-cv-01781-JCS, 2015 WL 1926312, at *4 (N.D. Cal. Apr. 27, 2015). As stated above, this litigation remains at the early stages and intervention will not force UBH to re-litigate substantive issues. To the extent UBH claims that both it and Proposed Intervenor will require discovery and depositions regarding Proposed Intervenor's claims before the end of class discovery, "[t]he actual work that will need to be done as a result of intervention is almost entirely the same work that would have been required if Proposed Intervenors had intervened earlier." *Id.* Moreover, Proposed Intervenor is represented by the same counsel as the Named Plaintiffs in this action and will work with counsel to streamline discovery regarding her claims.

Any delay in Proposed Intervenor's motion is understandable and excusable, and does not weigh against intervention. Proposed Intervenor's claims arose after the action commenced, and Proposed Intervenor worked diligently to exhaust her appeals to UBH while simultaneously dealing with the burdens of managing her child's mental health treatments. UBH's denial of coverage for Max Tillitt occurred in July 2015, and Max Tillitt was discharged from residential treatment shortly thereafter. Max Tillitt died of a drug overdose on September 26, 2015, leaving his mother to see to his affairs (including the grave injustice that ultimately cost Max his life). Ms. Tillitt seeks to intervene at this time on her own behalf, on behalf of her deceased son, and on behalf of similarly situated individuals. Ms. Tillitt has worked diligently under dire circumstances to join this action in an efficient way.

### III. Proposed Intervenor Possesses Claims that Share Common Questions of Law and Fact

Like the Plaintiffs in this action, Proposed Intervenor brings claims related to UBH's wrongful denials of coverage based on UBH's application of its overly-restrictive Coverage Determination Guidelines and Level of Care Guidelines. "A common question of law or fact routinely exists if the intervenor has a claim against the defendant that is identical to a claim asserted by the existing plaintiff." 6 *Moore's Federal Practice* § 24.11 (Matthew Bender 3d ed. 2015). Like Plaintiffs, Proposed Intervenor alleges that UBH has breached and continues to breach its obligations under ERISA by promulgating unduly restrictive guidelines and then denying claims based upon those restrictive guidelines. The central common question of fact between Plaintiffs' and Proposed Intervenor's claims is whether UBH promulgated improperly restrictive benefit determination guidelines. The related central question of law is whether these improperly restrictive guidelines and the wrongful denials of coverage based on those guidelines constitute violations of ERISA.

Permissive intervention is appropriate where, as here, the claims are the same and the common questions of law and fact questions will require the same factual proof on UBH's policies and procedures, and the implementation of the same. *Cf. Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (upholding denial of permissive intervention where plaintiffs' claims and intervenors' claims shared "no common factual proof"). Simply put, there are no material factual or legal questions pertinent to the Prospective Intervenor's claims against UBH that are not also at issue in this case. Ms. Tillitt is unquestionably a member of the putative class in this case, and the putative class that Ms. Tillitt seeks to represent is identical to the putative class in this case, and would include the named plaintiffs in this case. Accordingly, the case for permissive intervention could not be stronger.

## IV. Proposed Intervenor Will Contribute to the Efficient Litigation of this Case

While Rule 24(b) vests discretion in the Court to determine the fairest and most efficient method of handling a case, here "all of the considerations which guide the exercise of judicial discretion clearly weigh in favor of permissive intervention." *Venegas*, 867 F.2d at 530. In addition to the three requirements for permissive intervention set forth *supra*, the Ninth Circuit has evaluated whether intervention would "unduly delay or prejudice the adjudication of the rights of the original parties," whether the movant's interests are "adequately represented by existing parties," and whether the intervention would contribute to judicial economy. *Id.* at 530-31; *see also Spangler*, 552 F.2d at 1329 (setting forth similar considerations).

Here, Proposed Intervenor will not cause delay or prejudice to the Plaintiffs or Defendant. Proposed Intervenor seeks to join this action during the class discovery stage and will work with Defendant to ensure expeditious discovery in advance of the class certification motion. Proposed Intervenor and Plaintiffs will not require any additional time for discovery, nor will the

9
PROPOSED INTERVENOR PL.'S MOT.
TO INTERVENE; MEMO. OF P&A IN SUPPORT
CASE NO. 3:14-CV-02346-JCS

5094927.8

presence of Proposed Intervenor retread any decided issues in this case. As to the question of whether the current Plaintiffs can adequately represent Proposed Intervenor's claims, while Proposed Intervenor is represented by the same counsel as Plaintiffs and believes that strong grounds exist for class certification, at present this action contains only individual claims brought by Plaintiffs. Proposed Intervenor has her own individual claims, and the Plaintiffs currently cannot represent those claims. Finally, intervention will contribute to judicial economy. Proposed Intervenor could bring separate claims in her home state alleging substantially the same conduct by UBH that Plaintiffs allege. Yet Proposed Intervenor seeks to conserve judicial resources by joining this pending action in one location. Discovery into UBH's restrictive guidelines and their processes for denying claims will only need to occur once, and if a class is certified, Proposed Intervenor will be able to participate in one comprehensive action regarding UBH's conduct. Finally, Proposed Intervenor will contribute to the full development of this action. As demonstrated by the factual basis for her claims, she is motivated to fully develop the record in this case and arrive at a just and equitable outcome. *Spangler*, 552 F.2d at 1329.

## CONCLUSION

For the reasons set forth above, Proposed Intervenor's request to intervene should be granted.

PROPOSED INTERVENOR PL.'S MOT.
TO INTERVENE; MEMO. OF P&A IN SUPPORT
CASE NO. 3:14-CV-02346-JCS

10

5094927.8

| | |
|---|---|
| Dated: January 7, 2016 | Respectfully submitted,<br><br>/s/ D. Brian Hufford<br>ZUCKERMAN SPAEDER LLP<br>D. Brian Hufford (admitted *pro hac vice*)<br>Jason S. Cowart (admitted *pro hac vice*)<br>399 Park Avenue, 14th Floor<br>New York, NY 10022<br>Tel: (212) 704-9600<br>Fax: (212) 704-4256<br>dbhufford@zuckerman.com<br>jcowart@zuckerman.com<br><br>Caroline E. Reynolds (admitted *pro hac vice*)<br>Andrew Caridas (admitted *pro hac vice*)<br>1800 M Street, N.W., Suite 1000<br>Washington, D.C. 20036<br>Tel: (202) 778-1800<br>Fax: (202) 822-8106<br>acaridas@zuckerman.com<br>creynolds@zuckerman.com<br><br>PSYCH-APPEAL, INC.<br>Meiram Bendat (Cal. Bar No. 198884)<br>8560 West Sunset Boulevard, Suite 500<br>West Hollywood, CA 90069<br>Tel: (310) 598-3690, x.101<br>Fax: (888) 975-1957<br>mbendat@psych-appeal.com<br><br>*Attorneys for Plaintiffs and Proposed Intervenor Plaintiff Linda Tillitt* |