THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
JOSEPH BUI (SBN 293256)
jbui@crowell.com
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

CHRISTOPHER FLYNN (admitted *pro hac vice*)
cflynn@crowell.com
APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br><br>**DEFENDANT UNITED BEHAVIORAL HEALTH'S OPPOSITION TO PROPOSED INTERVENOR PLAINTIFF LINDA TILLITT'S MOTION TO INTERVENE**<br><br>Date: February 12, 2016<br>Time: 9:30 a.m.<br>Judge: Hon. Joseph Spero<br>Courtroom: G |

# TABLE OF CONTENTS


Page

BACKGROUND .......... 1

ARGUMENT .......... 3

I. INTERVENTION IS UNTIMELY. .......... 3

A. The Proceedings Are Too Advanced For Intervention To Be Timely. .......... 4

B. Intervention Would Be Prejudicial And Would Unduly Delay These Proceedings. .......... 6

C. Proposed Intervenor's Undue Delay Further Weights Against Intervention. .......... 8

II. INTERVENTION IS BOTH UNNECESSARY & PROCEDURALLY IMPROPER. .......... 9

A. Proposed Intervenor's Rights Are Protected By The Existing Putative Class Representatives. .......... 9

B. Proposed Intervenor's Motion is an Improper, and Untimely, Attempt to Amend the First Amended Complaint. .......... 11

CONCLUSION .......... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Pipe & Const. Co. v. Utah*,
414 U.S. 538 (1974)....................10

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
309 F.3d 1113 (9th Cir. 2002)....................8

*Cooke v. Town of Colorado City*,
No. CV-10-08105-PCT-JAT, 2013 WL 5302194 (D. Ariz. Sept. 19, 2013)....................7

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1998)....................3

*Drakes Bay Oyster Co. v. Salazar*,
No. 12-CV-06134-YGR, 2013 WL 451813 (N.D. Cal. Feb. 4, 2013), *aff'd sub nom. Drakes Bay Oyster Co. v. Envtl. Action Comm. of W. Marin*, 571 F. App'x 605 (9th Cir. 2014)....................7

*Faulkner v. MacLean Eng'g & Mktg. Co.*,
No. 3:04-CV-0677-LRH (RAM), 2006 WL 2864114 (D. Nev. Oct. 5, 2006)....................7

*Harris v. Vector Mktg. Corp.*,
No. C-08-5198 EMC, 2010 WL 3743532 (N.D. Cal. Sept. 17, 2010)....................5

*Henrikson v. Turbomeca, S.A.*,
No. CIV. S-06-1563 WBS DAD, 2007 WL 2215398 (E.D. Cal. July 30, 2007)....................5

*In re JDS Uniphase Corp. Sec. Litig.*,
No. C 02-1486 CW, 2005 WL 2562621 (N.D. Cal. Oct. 12, 2005)....................5, 10

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992)....................11

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
No. 11-CV-01781-JCS, 2015 WL 1926312 (N.D. Cal. Apr. 27, 2015).................... *passim*

*Kukui Gardens Corp. v. Holco Capital Grp., Inc.*,
261 F.R.D. 523 (D. Haw. 2009)....................4

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997)....................3, 4, 7

*Montgomery v. United States*,
No. 09-CV-1588 JLS WVG, 2012 WL 124854 (S.D. Cal. Jan. 17, 2012)....................8

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Moore v. Verizon Commc'ns Inc.*,
No. C 09-1823 SBA, 2013 WL 450365 (N.D. Cal. Feb. 5, 2013) .......... 9

*Morazan v. Aramark Unif. & Career Apparel Grp., Inc.*,
No. 13-CV-00936-YGR, 2013 WL 4734061 (N.D. Cal. Sept. 3, 2013) .......... 9

*Munoz v. PHH Corp.*,
No. 1:08-CV-0759-AWI-BAM, 2013 WL 3935054 (E.D. Cal. July 29, 2013) .......... 5, 9, 10

*N. Cal. River Watch v. Fluor Corp.*,
No. 10-CV-05105-MEJ, 2014 WL 3385287 (N.D. Cal. July 9, 2014) .......... 6

*Nw. Forest Res. Council v. Glickman*,
82 F.3d 825 (9th Cir. 1996) .......... 5

*Sierra Nevada Forest Prot. Campaign v. Tippin*,
No. CIV.S-06-00351FCDDAD, 2006 WL 1319397 (E.D. Cal. May 15, 2006) .......... 5

*Smith ex rel. Thompson v. Los Angeles Unified Sch. Dist.*,
No. CV 93-7044 RSWL GHKX, 2014 WL 176677 (C.D. Cal. Jan 16, 2014) .......... 8

*United States v. Oregon*,
745 F.2d 550 (9th Cir. 1984) .......... 9

*Venegas v. Skaggs*,
867 F.2d 527 (9th Cir. 1989) .......... 3

**Other Authorities**

Fed. R. Civ. P. 16(b) .......... 11

Fed. R. Civ. P. 24(b)(1)(B) .......... 3

Fed. R. Civ. P. 24(b)(3) .......... 8

## INTRODUCTION

After nearly two years of active litigation, and less than one month before the close of class discovery, Linda Tillitt ("Proposed Intervenor") seeks to intervene in this action. Her motion is untimely, procedurally improper, prejudicial, and unnecessary. Proposed Intervenor does not explain how her participation in this action will contribute to its efficient litigation or protect rights that she will otherwise risk losing absent intervention. To the contrary, she admits that she is a member of the putative class and that she believes the current plaintiffs are adequate class representatives. Her intervention adds no benefit to the resolution of this case, and instead would return the proceedings to the pleading stage, upsetting the parties' and the Court's diligent efforts to complete class discovery and move to the question of class certification.

The time for new parties to enter the case has long passed. And make no mistake – Linda Tillet is not an intervenor; she is a new plaintiff. She is represented by the same counsel and seeks to assert the same rights asserted by the current named plaintiffs. This litigation cannot remain a perpetually open forum where members of the putative class come to voice their disagreements with UBH's coverage determinations. It is time to conclude class discovery – a task the parties have been diligently engaged in for more than a year – and move forward towards resolution of class issues. In keeping with the well-considered schedule for this case, this Court should deny Proposed Intervenor's untimely and prejudicial Motion to Intervene.

## BACKGROUND

Plaintiffs in this case allege that they (or their family members) were members of employer-sponsored employee welfare benefit plans governed by ERISA, and that each of these health welfare plans covers, among other things, treatment for mental illness and substance use disorders in a residential treatment setting. First Amended Complaint ("FAC") ¶¶ 1-2. Plaintiffs allege that either they or their family members required mental health or substance use treatment in a residential facility, and that UBH denied part or all of the benefits claims made for that treatment. *See, e.g.,* FAC ¶¶ 47, 79, 127, 143, 173. Plaintiffs challenge these benefit denials, alleging that in evaluating whether the treatment was medically necessary or otherwise covered by the plan, UBH applied certain level of care guidelines and coverage determination guidelines

that do not comport with generally accepted standards of care promulgated by particular provider organizations and advocacy groups.

Each plaintiff's claim is premised on the facts relating to his or her own particular treatment, with particular providers, and individual decisions made by UBH about whether benefits were available under the member's particular plan for that treatment in light of the plaintiff's (or their family member's) specific clinical circumstances. Proposed Intervenor's claim is no less individualized. She alleges that, on June 18, 2015, her son was admitted to a residential treatment facility in Minnesota for substance abuse and mental health treatment. Mot. 3. UBH apparently provided benefits for his treatment for several weeks until July 9, 2015, when UBH determined that coverage was no longer available under the terms of Proposed Intervneor's benefit plan. *Id.* at 4. The facility requested an urgent appeal, which was reviewed by a UBH medical director. Such appeals typically involve review of the clinical record as well as a live conversation with the member's treating provider about the member's clinical circumstances and treatment. Following review, UBH denied this appeal, and Proposed Intervenor's son was discharged from the facility several days later. *Id.* at 5. Proposed Intervenor alleges in her proposed complaint that UBH's review of her benefit claim and the resulting denial of coverage for her son's residential treatment was the result of UBH's application of specific coverage determination guidelines and level of care guidelines, which she alleges were overly restrictive and not in line with generally accepted standards of care.

While a plethora of individualized facts underlie her claims, Proposed Intervenor challenges the same guidelines as the named plaintiffs, and asserts the same legal claims. Indeed, she admits that her legal claims for relief "are the same" as those of the existing plaintiffs. *Id.* at 9. She also admits that she is a member of the putative class the current plaintiffs seek to represent, and that "the putative class [Proposed Intervenor] seeks to represent is identical to the putative class in this case, and would include the named plaintiffs in this case." *Id.* Proposed Intervenor provides no grounds in her moving papers demonstrating that her addition as a plaintiff in this case would add a new dimension or otherwise contribute to this litigation beyond inserting yet another set of individualized facts and circumstances.

## ARGUMENT

Proposed Intervenor seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). In the Ninth Circuit, there are three prerequisites for permissive intervention: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). It is Proposed Intervenor's burden to show that her application meets all three requirements. *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citation omitted).

UBH does not dispute that the allegations in the Proposed Complaint provide the Court with independent grounds for jurisdiction. And, for the limited purposes of deciding the present motion, UBH does not dispute that Proposed Intervenor's *allegations* share at least one common question of law or fact with plaintiffs' *allegations,* since Proposed Intervenor's legal claims are virtually identical to the plaintiffs' legal claims.[1] However, "[t]he existence of a common question of law or fact does not automatically entitle an applicant to intervene." *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989). Proposed Intervenor still must show that her motion is timely. And even if all three requirements are satisfied, district courts still have discretion to deny intervention. *See Donnelly*, 159 F.3d at 412.

## I. INTERVENTION IS UNTIMELY.

In determining the timeliness of a motion to intervene, courts consider three factors: "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay. . . . In the context of permissive intervention, however, [courts] analyze the timeliness element more strictly than [they] do with intervention as of right." *League of United Latin Am. Citizens*, 131 F.3d at 1308 (citing *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).

[1] UBH disputes that either Proposed Intervenor's or plaintiffs' claims are suitable for class-wide resolution. Among other things, the evidence on class certification will demonstrate that plaintiffs' and Proposed Intervenor's claims are predominated by a myriad of individualized issues, and are not suitable for class treatment.

Here, Proposed Intervenor's untimeliness is fatal to her Motion. This case has been pending for nearly two years, during which the parties and the Court have addressed numerous substantive issues. The parties are only weeks away from completing class discovery. UBH has deposed all of the plaintiffs and their treating providers, and has served all of its written discovery relating to the class issues. Proposed Intervenor now seeks to disrupt these proceedings, offering no explanation for her or her counsel's delay, and ignoring the prejudicial effect of intervention to both UBH and the efficient adjudication of this matter. Because Proposed Intervenor's causes of action are nearly identical to the plaintiffs' causes of action in the First Amended Complaint, and because Proposed Intervenor's rights are protected by the existing class representatives at this stage, intervention would amount to an unnecessary waste of the parties' and the Court's resources at a time when the end of the class discovery phase is imminent.

**A. The Proceedings Are Too Advanced For Intervention To Be Timely.**

The stage-of-the-proceedings inquiry focuses on what has occurred in the proceedings at the time intervention is sought, not on what has yet to occur. *See League of United Latin Am. Citizens*, 131 F.3d at 1303 (finding the fact that no trial date had been set not determinative and affirming denial of motion to intervene). The proceedings here, which began in May 2014, have included motions to dismiss, amended pleadings, and extensive discovery. Indeed, Phase I discovery – focused on class certification issues – is set to close in one month. UBH has deposed all plaintiffs and their providers, and plaintiffs have indicated their intent to depose UBH's employees along with UBH's expert in the final month of discovery. The parties have also exchanged extensive written discovery, which has on one occasion led to a motion to compel. In short, the existing parties have been hard at work for nearly two years preparing this case for the now imminent class certification proceedings. Proposed Intervenor's motion would require UBH and the Court to backtrack and repeat much of this activity.

Similar developments have been sufficient for courts in this Circuit to find that the stage of the proceedings weighed against intervention, even in cases where less time had passed since the filing of the initial complaint. *See, e.g.*, *Kukui Gardens Corp. v. Holco Capital Grp., Inc.*, 261 F.R.D. 523, 529 (D. Haw. 2009) (finding stage of proceedings to weigh against intervention and

disregarding emphasis on "pretrial nature of proceedings" where case had been pending for one year and court had substantively and substantially engaged the issues in the case); *Henrikson v. Turbomeca, S.A.*, No. CIV. S-06-1563 WBS DAD, 2007 WL 2215398, at *2 (E.D. Cal. July 30, 2007) (finding stage of proceedings to weigh against intervention where class action had been pending for one year and litigation had progressed beyond pleading stage); *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2010 WL 3743532, at *5 (N.D. Cal. Sept. 17, 2010) (finding stage of proceedings to weigh against intervention where lawsuit had been pending for almost two years and hearing on class certification was imminent); *cf. Nw. Forest Res. Council*, 82 F.3d at 837 (finding stage of proceedings to weigh in favor of intervention where non-party moved to intervene less than a week after original complaint was filed, before defendants had answered, and before any substantive proceedings had taken place); *Sierra Nevada Forest Prot. Campaign v. Tippin*, No. CIV.S-06-00351FCDDAD, 2006 WL 1319397, at *3 (E.D. Cal. May 15, 2006) (finding stage of proceedings to weigh in favor of intervention where case had been pending for less than two months, prior to filing of responses, and prior to issuance of scheduling order). As in the foregoing cases, the relevant consideration here is how much the parties and the Court have engaged with the case. There can be no dispute that this Court has engaged extensively in these proceedings.

Proposed Intervenor cites three cases she says support late intervention, but her cases are inapposite. Two proceedings were stayed, and thus inactive, before or at the time the motions to intervene were granted. *See Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 11-CV-01781-JCS, 2015 WL 1926312, at *2 (N.D. Cal. Apr. 27, 2015); *Munoz v. PHH Corp.*, No. 1:08-CV-0759-AWI-BAM, 2013 WL 3935054, at *7 (E.D. Cal. July 29, 2013). More importantly, in all three cases the courts specifically allowed intervention to cure or address a pleading deficiency in the putative class representatives' complaints, often after ruling on class certification. *See Kamakahi*, 2015 WL 1926312, at *1–2 (finding that proposed intervenors would address lack of standing to seek in injunctive relief found by court in named plaintiffs' complaint); *Munoz*, 2013 WL 3935054, at *8 (finding that proposed intervenor's presence would cure putative class representatives' inability to represent class regarding tolling allegations in complaint); *In re JDS*

*Uniphase Corp. Sec. Litig.*, No. C 02-1486 CW, 2005 WL 2562621, at *3–4 (N.D. Cal. Oct. 12, 2005) (finding that proposed intervenors sought to cure alleged standing deficiencies in class claims). Here, Proposed Intervenor does not suggest her presence is needed to cure pleading deficiencies or otherwise remedy a flaw in the existing plaintiffs' case. She simply wishes to insert herself as a new party. In light of the advanced stage of the proceedings, her effort is untimely and improper.

**B. Intervention Would Be Prejudicial And Would Unduly Delay These Proceedings.**

The second factor this court must consider—prejudice—weighs heavily against allowing intervention. In assessing a request to intervene, courts consider whether any prejudice will attain as a result of "the delay in moving to intervene." *See, e.g.*, *N. Cal. River Watch v. Fluor Corp.*, No. 10-CV-05105-MEJ, 2014 WL 3385287, at *15 (N.D. Cal. July 9, 2014) (citation omitted). Proposed Intervenor's motion is set for hearing on February 12, 2016, a mere thirteen days before the close of Phase I pre-class certification discovery. *See* Dec. 18, 2015 Order, ECF No. 113 (setting February 25, 2016, as the discovery cutoff for Phase I pre-class certification discovery). Proposed Intervenor seeks to be a class representative in this action. If her motion is granted, discovery on her class claims will be necessary. But the impending discovery deadline makes it virtually impossible for UBH to adequately conduct such discovery.

Indeed, if the Court were to grant Proposed Intervenor's Motion, UBH will have at most thirteen days to obtain documents and to schedule, prepare for, and conduct the depositions of Proposed Intervenor and the third-party provider(s) who submitted the benefit claim(s) at issue in the Proposed Complaint. While Proposed Intervenor promises to "work with counsel [for UBH] to streamline discovery regarding her claims," (Mot. 7), this is simply a *post facto* attempt to alleviate the prejudice, and one that will not suffice. Even if UBH can manage to notice, prepare for and take Proposed Intervenor's deposition in the remaining days of discovery (days that are already jammed with plaintiffs' own depositions of UBH personnel), UBH will not have sufficient time to conduct any written discovery about her claims, or obtain the relevant documents. Moreover, there is no reason to expect that Proposed Intervenor's third-party

provider, who likely has a demanding schedule, will be available on only days' notice to produce documents and sit for a deposition. UBH would need to undertake these time-consuming efforts to take even minimal discovery about Proposed Intervenor's claims. And it would be forced to do so while preparing for and defending the depositions of its own key witnesses, after UBH diligently concluded its own class certification discovery in advance of the original discovery deadline of January 11.

In reality, granting Proposed Intervenor's motion would likely necessitate yet another extension of the Phase I discovery deadline, which has already been extended three times. While delays are not alone decisive (*see League of United Latin Am. Citizens*, 131 F.3d at 1304), further extensions of the same deadline to allow an otherwise untimely and unnecessary intervention contravenes the parties' and the Court's reliance on the discovery schedule previously set, and is unduly prejudicial to UBH. *See, e.g.*, *Cooke v. Town of Colorado City*, No. CV-10-08105-PCT-JAT, 2013 WL 5302194, at *2 (D. Ariz. Sept. 19, 2013) (finding prejudice where parties had "worked diligently to meet th[e] [c]ourt's deadlines"); *Drakes Bay Oyster Co. v. Salazar*, No. 12-CV-06134-YGR, 2013 WL 451813, at *9 (N.D. Cal. Feb. 4, 2013) (finding prejudice where intervention would "not necessarily facilitate resolution on the merits, but [where it was] likely to result in duplicative briefing adding a layer of unwarranted procedural complexity"), *aff'd sub nom. Drakes Bay Oyster Co. v. Envtl. Action Comm. of W. Marin*, 571 F. App'x 605 (9th Cir. 2014); *Faulkner v. MacLean Eng'g & Mktg. Co.*, No. 3:04-CV-0677-LRH (RAM), 2006 WL 2864114, at *3 (D. Nev. Oct. 5, 2006) (finding prejudice where intervention "would potentially cause significant delays" and where "multiple discovery extensions ha[d] already been granted"). After two years of litigation and three continuances of the class discovery deadline, the time has come to resolve the critical issue of class certification.

Proposed Intervenor cites to this Court's order granting a motion to intervene in *Kamakahi*, 2015 WL 1926312, claiming this supports her position that intervention will not prejudice UBH. In *Kamakahi*, this Court found significant that "[t]he actual work that [needed] to be done as a result of intervention [was] almost entirely the same work that would have been required if [the intervenors] had intervened earlier, or even if they had been parties from the

outset." *Kamakahi*, 2015 WL 1926312 at *4. But Proposed Intervenor fails to recognize a crucial fact distinguishing *Kamakahi* from his case – at the time of the Court's order in *Kamakahi*, the proceedings were stayed pending appellate review of the Court's earlier class certification order. *See id.* at *2. The risk of undue delay and the specter of upcoming deadlines were non-existent. Here, by contrast, the proceedings are actively and rapidly moving toward the conclusion of Phase I discovery and briefing on the question of class certification.

As Rule 24 itself states, this Court must consider "whether the intervention will unduly delay" the proceedings in exercising its discretion to grant or deny intervention. Fed. R. Civ. P. 24(b)(3); *see also Smith ex rel. Thompson v. Los Angeles Unified Sch. Dist.*, No. CV 93-7044 RSWL GHKX, 2014 WL 176677, at *6 (C.D. Cal. Jan. 16, 2014) (finding that "[p]rejudice may be found where intervention would prolong the litigation" (citing *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002))); *Montgomery v. United States*, No. 09-CV-1588 JLS WVG, 2012 WL 124854, at *2 (S.D. Cal. Jan. 17, 2012) (same). Here, undue delay and prejudice is the inevitable result of Proposed Intervenor's entrance as a putative class representative only thirteen days before the Phase I discovery deadline and after almost two years of active litigation.

### C. Proposed Intervenor's Undue Delay Further Weighs Against Intervention.

"[A] party seeking to intervene must act as soon as he knows ***or has reason to know*** that his interests might be adversely affected by the outcome of the litigation." *Cal. Dep't of Toxic Substances Control*, 309 F.3d at 1120 (9th Cir. 2002) (emphasis in original) (quoting *United States v. State of Or.*, 913 F.2d 576, 589 (9th Cir. 1990)); *Kamakahi*, 2015 WL 1926312, at *5 (citation omitted). Proposed Intervenor's claims arise from the denial of a request for benefits in July 2015, six months before she filed this motion. Plaintiffs' counsel, who also represent Proposed Intervenor, announced their intention to file the instant motion to intervene more than two months ago at a November 12, 2015 Case Management Conference. At that time there were two months remaining before the January 11, 2016 Phase I discovery deadline (which has now been extended to February 25, 2016). Yet plaintiffs' counsel did not file at that time. Instead, they inexplicably waited another two months until the eve of the discovery deadline before filing

their motion and a complaint in intervention that is virtually a carbon-copy of their First Amended Complaint. Proposed Intervenor does not explain this delay.

Unlike other cases where courts allowed delayed interventions, there has been no change in circumstances between the time Proposed Intervenor could or should have intervened and the moment when intervention was sought. *See, e.g.*, *United States v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984); *Kamakahi*, 2015 WL 1926312, at *1–2; *Munoz*, 2013 WL 3935054, at *8. Proposed Intervenor offers no explanation for her failure to act, except the naked declaration that she has been diligent in the meantime. This bare assertion does not justify the delay. *See, e.g.*, *Morazan v. Aramark Unif. & Career Apparel Grp., Inc.*, No. 13-CV-00936-YGR, 2013 WL 4734061, at *4 (N.D. Cal. Sept. 3, 2013) (finding two-month delay unjustified where would-be intervenors argued they had been working with the parties on settlement negotiations). If Proposed Intervenor had timely moved for intervention as soon as her benefit claims were denied in July 2015 or even when her counsel first indicated their intent to file in November 2015, discovery on her claims and class allegations could have been completed within the Phase I discovery period. Presently, however, her motion to intervene will be heard less than two weeks before the end of Phase I discovery, leaving no time to conduct adequate discovery of her claims.

## II. INTERVENTION IS BOTH UNNECESSARY & PROCEDURALLY IMPROPER.

Intervention should be denied for the additional reason that it is entirely unnecessary. Adding Proposed Intervenor as a class representative will not do anything to advance her claims or those of the putative class. In reality, the Motion to Intervene is a thinly veiled attempt to amend the First Amendmen Complaint to add a new putative class representative nearly 18 months after the deadline for doing so. Under these circumstances, intervention should be denied.

### A. Proposed Intervenor's Rights Are Protected By The Existing Putative Class Representatives.

At minimum, Proposed Intervenor must show that her belated intervention is necessary because the existing parties or counsel do not adequately represent her interests. *See Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 450365, at *9–10 (N.D. Cal. Feb. 5, 2013). Proposed Intervenor acknowledges this point, noting that the Ninth Circuit considers

"whether the movant's interests are 'adequately represented by existing parties'" in determining whether permissive intervention is appropriate. *See* Mot. 9 (quoting *Venegas*, 867 F.2d at 530-31). Yet Proposed Intervenor does not argue that her interests are not adequately represented by the existing plaintiffs or counsel. To the contrary, Proposed Intervenor "believes that strong grounds exist for class certification" as the case is presently constituted, *see id.* at 10, and concedes that the she is a member of the putative class, *see id.* at 9. This renders the need for intervention non-existent.

This is not a situation where the would-be intervenor's interests differ from the interests of the putative class representatives or where she alleges that the named plaintiffs are inadequate class representatives. *Cf. Kamakahi*, 2015 WL 1926312, at *1–2; *Munoz*, 2013 WL 3935054, at *8; *In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 2562621, at *3–4. As those cases demonstrate, intervention might be appropriate after the Court rules on the class certification issue. At that time, Proposed Intervenor may seek to intervene if in fact her interests diverge from the resulting class or to pursue her claims individually if class certification is denied.

For the time being, however, Proposed Intervenor states "there are no material… legal questions pertinent to the Prospective Intervenor's claims against UBH that are not also at issue in this case." Mot. 9. Those plaintiffs, who have been litigating this case for nearly two years, are already pursing Proposed Intervenor's claims. And given her representation that her legal claims are the same as the existing class representatives' legal claims, Proposed Intervenor need not worry about the statute of limitations expiring on her claims. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) (the statute of limitations on the claims of absent putative class members is tolled by the pending class action until the class question is decided). As the Supreme Court explained in *American Pipe*, Rule 23 is not an invitation to joinder but a mechanism "designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions," including the filing of "individual motions to join or intervene as parties." *See id.* at 550–51.

### B. Proposed Intervenor's Motion is an Improper, and Untimely, Attempt to Amend the First Amended Complaint.

The time to amend the pleadings is long past. Yet, that is what Proposed Intervenor seeks to do. This is not a case where a non-party whose interests differ from those of the existing parties seeks through her own counsel to have her unique interests protected. Here, Proposed Intervenor is represented by the same counsel as plaintiffs, and admits that she seeks to represent an identical class as plaintiffs, on identical claims, and for identical alleged harm. *See* Mot. 8–9. This is nothing more – or less – than an improper and transparent attempt by plaintiffs' counsel to amend the First Amended Complaint, perhaps to add more sympathetic putative class representatives. Yet plaintiffs were required to file any final amendment to their complaint by August 18, 2014, nearly 18 months ago. *See* July 29, 2014 Order 5 (ECF No. 31).

Once a court sets a deadline for amending the pleadings, no later amendments made be made without first asking the court to modify its order upon a showing of good cause. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (explaining that "party seeking to amend pleading after date specified in scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15" (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987))). Plaintiffs cannot meet the good cause standard, which focuses on "the diligence of the party seeking the amendment." *See Johnson*, 975 F.2d at 609 ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). The Motion to Intervene offers no explanation for why the Court should modify its scheduling order and allow her to join this case nearly a year and a half after the deadline for adding new parties.

## CONCLUSION

The Court should not condone Plaintiffs' attempt to thwart the Court's carefully crafted schedule only one month before the end of Phase I discovery. For the reasons set forth herein,

Defendant United Behavioral Health respectfully requests that Proposed Intervenor's Motion to Intervene be denied.

Dated: January 21, 2016

CROWELL & MORING LLP

/s/Nathaniel P. Bualat

Christopher Flynn
Jennifer D. Romano
April N. Ross
Nathaniel P. Bualat
Attorneys for Defendant
United Behavioral Health