1  Meiram Bendat (Cal. Bar No. 198884)
   PSYCH-APPEAL, INC.
2  8560 West Sunset Boulevard, Suite 500
   West Hollywood, CA 90069
3  Tel: (310) 598-3690, x.101
   Fax: (888) 975-1957
4  mbendat@psych-appeal.com

5
   D. Brian Hufford (admitted *pro hac vice*)
6  Jason S. Cowart (admitted *pro hac vice*)
   ZUCKERMAN SPAEDER LLP
7  399 Park Avenue, 14th Floor
   New York, NY 10036
8  Tel: (212) 704-9600
   Fax: (212) 704-4256
9  dbhufford@zuckerman.com
   jcowart@zuckerman.com
10

11 *Attorneys for Plaintiffs and Proposed*
   *Intervenor Plaintiff Linda Tillitt*
12 *(Additional Counsel on Signature Page)*

13
## UNITED STATED DISTRICT COURT
14 ## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION
15

16 DAVID AND NATASHA WIT, on behalf of          ) Case No. 3:14-CV-02346-JCS
   themselves and all others similarly situated,  )
17 BRIAN MUIR, on his own behalf and             )
   on behalf of all others similarly situated,    ) **PROPOSED INTERVENOR**
18 BRANDT PFEIFER, on behalf of the Estate of    ) **PLAINTIFF LINDA TILLITT'S**
   his deceased wife, Lauralee Pfeifer, and all others ) **REPLY MEMORANDUM IN**
19 similarly situated, LORI FLANZRAICH,          ) **SUPPORT OF HER**
   on behalf of her daughter Casey Flanzraich and all ) **MOTION TO INTERVENE**
20 others similarly situated, and CECILIA         )
   HOLDNAK, on behalf of herself, her daughter   )
21 Emily Holdnak, and all others similarly situated, )
                                                  )
22                                                ) Hearing Date:   February 12, 2016
                Plaintiffs,                       ) Time:           9:30 A.M.
23                                                ) Judge:          Hon. Joseph C. Spero
        v.                                        ) Courtroom:      G
24                                                ) Action Filed:   May 21, 2014
   UNITED BEHAVIORAL HEALTH                       )
25 (operating as OPTUMHEALTH BEHAVIORAL          )
   SOLUTIONS),                                    )
26                                                )
                                                  )
27                Defendant.                      )

28 PROPOSED INTERVENOR PL.'S REPLY MEM.
   IN SUPP. OF MOT. TO INTERVENE
   CASE NO. 3:14-CV-02346-JCS

5184091.1

**INTRODUCTION**

Notwithstanding Defendant's objection and opposition thereto, the simple fact remains that Ms. Tillitt's Motion to Intervene ("Motion") presents the most efficient vehicle for her claims to be heard. Like the current Plaintiffs in this case, Ms. Tillitt has been grievously harmed by Defendant's promulgation and application of its improperly restrictive guidelines, leading to the untimely death of her son after Defendant relied on those invalid guidelines to deny further coverage for residential treatment for his serious addiction and mental illness. Ms. Tillitt is, by Defendant's own admission, undoubtedly a member of the putative class. She also—undoubtedly, given the Court's denial of Defendant's motion to dismiss in this case—pleads legally sufficient claims against Defendant and is entitled to have those claims heard by the Court. The only question for the Court is whether Ms. Tillitt should be permitted to bring her claims in this action, where they will result in minimal additional expenditure of the Court's resources or of those of the parties, or whether Ms. Tillitt must bring a separate case. Because Ms. Tillitt's intervention would not prejudice Defendant, while forcing her to proceed via separate lawsuit would cause significant unnecessary expense to everyone, including Defendant, the Court should grant Ms. Tillitt's Motion.

**ARGUMENT**

The Ninth Circuit has set forth the following three criteria for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B): (1) independent grounds for jurisdiction; (2) the motion to intervene is timely; and (3) the applicant's claim or defense and the main action have a question of law or question of fact in common. *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 403 (9th Cir. 2002). The Court may also consider whether permitting intervention would prejudice the existing parties or serve the interests of judicial economy. *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989). Because Defendant concedes that Ms. Tillitt's claims

PROPOSED INTERVENOR PL.'S REPLY MEM.
IN SUPP. OF MOT. TO INTERVENE
CASE NO. 3:14-CV-02346-JCS

5184091.1

share at least one question of law or fact with the current Plaintiffs' claims, and that the Court has independent jurisdiction over Ms. Tillitt's claims, the only question left for the Court is whether the Motion is untimely, such that the prejudice to Defendant in letting Ms. Tillitt intervene outweighs the judicial economy of hearing her "virtually identical," legal claims in the same case. *See* Opposition to Motion ("Opp."), ECF 119 at 3.

**I.      Proposed Intervenor's Motion is Timely and does not Unduly Prejudice Defendant**

Because this case remains in the class discovery stage, the deadline for such discovery, while approaching, has not passed, and any minimal additional discovery necessitated by Ms. Tillitt's intervention can be readily completed in the time that remains, the motion is timely and will not cause undue prejudice to Defendant, much less to the efficient resolution of these proceedings. Despite Defendant's protests regarding the progress of discovery in this case, permitting intervention will hardly "return the proceedings to the pleading stage" or "require UBH and the Court to backtrack and repeat much of this activity." *See* Opp. at 1, 4. By Defendant's own admission, Ms. Tillitt's legal claims are virtually identical to the current Plaintiffs' claims, *see* Opp. at 3, meaning that Defendant's two unsuccessful attempts at dismissal in this case and the related *Alexander* case foreclose the possibility of further proceedings at the pleading stage.

While, as Defendant notes, the parties have indeed engaged in the laborious process of discovery for over a year, including Plaintiffs' recently successful motion to compel, *see* Opp. at 4, nearly all such discovery has focused on issues related to the putative class as a whole, rather than any single Plaintiff. Discovery related to each individual Plaintiff has been streamlined and free of controversy on both sides, involving a small number of readily-identifiable documents and generally two depositions: the Plaintiff and the relevant provider. Defendant has served

2

identical document requests and interrogatories with respect to each current Plaintiff, and undoubtedly would seek the same information with respect to any intervenor. Ms. Tillitt is prepared to serve her responsive documents and interrogatory responses promptly should the Court grant her Motion, without waiting for Defendant to serve new requests, and would naturally abide by the agreements reached between the current parties with respect to the scope of discovery. For its part, Defendant would merely need to produce Ms. Tillitt's late son's claim file.

There is little reason why completing such discovery would delay these proceedings. The minimal additional discovery could readily be completed before the close of class certification discovery on February 25, 2016. Ms. Tillitt would certainly serve all her discovery responses and make herself available for deposition before that date. But even if Defendant was somehow unable to complete its discovery before that cutoff, it would have another full month to do so before receiving Plaintiffs' motion for class certification. Neither the current Plaintiffs nor Ms. Tillitt would object to Defendant using that time to complete discovery with respect to Ms. Tillitt's claims.

As this Court has previously stated, "prejudice is evaluated based on the difference between timely and untimely intervention—not based on the work Defendants would need to do regardless of when [proposed intervenors] sought to intervene." *Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 11-cv-01781-JCS, 2015 WL 1926312, at *4 (N.D. Cal. Apr. 27, 2015). The only additional work necessary to accommodate Ms. Tillitt's intervention is a responsive pleading and limited discovery that would have been necessary regardless of the moment at which Ms. Tillitt sought to intervene. Her intervention will not delay the Court's decision

3

PROPOSED INTERVENOR PL.'S REPLY MEM.
IN SUPP. OF MOT. TO INTERVENE
CASE NO. 3:14-CV-02346-JCS

5184091.1

1    regarding class certification, or any other aspect of these proceedings. Accordingly, there is no

2    prejudice in permitting Ms. Tillitt to intervene, and her Motion is timely.

3    **II.      Permitting Intervention Serves the Interests of Judicial Economy**

4              Not only would permitting Ms. Tillitt's intervention cause no prejudice to Defendant or

5    these proceedings, denying intervention would be profoundly wasteful. Far from having merely

6    one common question of law or fact, Ms. Tillitt's claims are inexorably linked to those of each

7    Plaintiff. Defendant admits that her claims are "virtually identical" to those of the current

8    Plaintiffs. Opp. at 3. Like the current Plaintiffs, Ms. Tillitt alleges that UBH has breached and

9    continues to breach its obligations under ERISA by promulgating unduly restrictive guidelines

10   and using those guidelines as the basis for wrongfully denying claims. Thus, even if Ms. Tillitt

11   were forced—through a denial of her intervention—to instead pursue a separate ERISA action,

12   such a case would be predominated by the questions of fact and law in common with this case:

13   whether UBH promulgated improperly restrictive benefit determination guidelines and whether

14   these improperly restrictive guidelines and the wrongful denials of coverage based on those

15   guidelines constitute violations of ERISA. Were Ms. Tillitt forced to bring these identical legal

16   claims in a new case, she "would then face a considerable delay and expense in having [her]

17   claim determined[,] . . . would be required to make a record that would consist of facts and

18   arguments that are already before this court[, and] . . . would be forced to litigate before a judge

19   who lacks the long experience with this case, and with these parties, that this court has had.

20   Equity, along with judicial economy, dictate that this court" hear Ms. Tillitt's claims. *Venegas*,

21   867 F.2d at 531, *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990) (quoting *Wood v.*

22   *Motorola, Inc.*, 587 F. Supp. 531, 532-33 (D. Haw. 1984)).

PROPOSED INTERVENOR PL.'S REPLY MEM.
IN SUPP. OF MOT. TO INTERVENE
CASE NO. 3:14-CV-02346-JCS

5184091.1

The duplication of effort that a separate proceeding would produce is staggering. It is entirely possible that Defendant, faced with a new case and possibly a new forum, would seek to defeat Ms. Tillitt's claims on the pleadings, leading to a costly round of briefing this Court has already dispensed with. Discovery on the merits on Ms. Tillitt's claims would be largely duplicative of the merits discovery still to be done in this case, including costly expert witnesses to evaluate Defendant's guidelines. It would also retread discovery that has already been done in this case, due to significant overlap between class certification and merits discovery. The minimal additional discovery needed for Ms. Tillitt to intervene at this time would result in an enormous savings of judicial resources, Ms. Tillitt's resources, and Defendant's resources. The proverbial ounce of prevention is worth, in this case, many pounds of cure.

Moreover, Defendant attempts to distinguish Ms. Tillitt's authority in support of inter-vention, on the ground that in those "cases the courts specifically allowed intervention to cure or address a pleading deficiency in the putative class representatives' complaints, often after ruling on class certification." *See* Opp. at 5-6 (citing *Kamakahi*, 2015 WL 1926312, at *1-2; *Munoz v. PHH Corp.*, 2013 WL 3935054, at *8 (E.D. Cal. July 29, 2013); *In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 2562621, at *3–4 (N.D. Cal. Oct. 12, 2005)). Defendant further explains that "intervention might be appropriate after the Court rules on the class certification issue," and that "[a]t that time, Proposed Intervenor may seek to intervene if in fact her interests diverge from the resulting class or to pursue her claims individually if class certification is denied." Opp. at 10. Apparently Defendant's solution for Ms. Tillitt's intervention, which would cause no delay or prejudice now, is to instead position it after the Court has considered class certification once, when intervention has the potential of causing significant delay and prejudice. This would be needlessly wasteful. While Plaintiffs certainly contend that they adequately represent the putative

5

PROPOSED INTERVENOR PL.'S REPLY MEM.
IN SUPP. OF MOT. TO INTERVENE
CASE NO. 3:14-CV-02346-JCS

5184091.1

class, and Ms. Tillitt does not claim that there is any defect in the current pleadings in this case that would prevent a class from being certified, there is no denying that Ms. Tillitt herself is a motivated and meritorious class representative. And it certainly appears that Defendant intends to oppose class certification, including, presumably, based on an argument regarding the adequacy of the current Plaintiffs. The Court has nothing to gain, and possibly months to lose, from first conducting the class certification inquiry with just the current Plaintiffs. If the Court were to reach a decision that would then necessitate Ms. Tillitt's intervention, it will result in a second class-certification process, likely lasting six months or more, that Ms. Tillitt's timely intervention now would have rendered unnecessary.

**III.     The Motion is not an Improper Attempt to Amend the Complaint**

Defendant's final argument, that Ms. Tillitt's Motion is an improper attempt by Plaintiffs to amend their complaint in this case, is spurious. The Proposed Intervenor Complaint attached to the Motion makes allegations identical to the First Amended Complaint, other than the factual allegations specific to Ms. Tillitt and her late son. The only effect of granting the Motion would be Ms. Tillitt's addition as a Plaintiff. Otherwise, the scope of this case would be unchanged. Ms. Tillitt "seeks to represent an identical class as plaintiffs, on identical claims, and for identical alleged harm." Opp. at 11. Her Motion is no more an attempt to amend the complaint than any other motion to intervene: There is no requirement that an intervenor select different counsel than the existing Plaintiffs, and selecting the same counsel—a choice that streamlines the process and makes intervention far less prejudicial—should hardly work to Ms. Tillitt's disadvantage.

**CONCLUSION**

For the reasons set forth above, Ms. Tillitt's request to intervene should be granted.

6

PROPOSED INTERVENOR PL.'S REPLY MEM.
IN SUPP. OF MOT. TO INTERVENE
CASE NO. 3:14-CV-02346-JCS

5184091.1

Dated:   January 28, 2016          Respectfully submitted,


/s/ D. Brian Hufford

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Caroline E. Reynolds (admitted *pro hac vice*)
Andrew Caridas (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
creynolds@zuckerman.com
acaridas@zuckerman.com

PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

*Attorneys for Plaintiffs and Proposed Intervenor Plaintiff Linda Tillitt*

7

PROPOSED INTERVENOR PL.'S REPLY MEM.
IN SUPP. OF MOT. TO INTERVENE
CASE NO. 3:14-CV-02346-JCS

5184091.1