UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WIT, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>        Defendant. | Case No.  14-cv-02346-JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**ORDER GRANTING MOTIONS TO INTERVENE**<br><br>Re: Dkt. No. 116 (Case No. 14-cv-02346 JCS) & 79 (Case No. 14-cv-05337 JCS) |
| GARY ALEXANDER, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>        Defendant. | |

**I.      INTRODUCTION**

A motion to intervene pursuant to Rule 24(b), governing permissive joinder, has been filed each of the related cases. *See* Case No. C-14-2346, Docket No. 116 ("Tillitt Motion") & Case No. C-14-5337 ("Driscoll Motion") (collectively, the "Motions"). For the reasons stated below, the Motions are GRANTED.[1]

**II.     BACKGROUND**

The complaint in Case No. C-14-2346 ("*Wit*") was filed on May 21, 2014. In *Wit*, Plaintiffs brought a putative class action against Defendants UBH and United Healthcare,

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). In addition, both of the Proposed Intervenors, Linda Tillitt and Michael Driscoll, have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

challenging Defendants' denials of benefit claims relating to residential treatment of mental health and substance abuse disorders. On August 18, 2014, Plaintiffs filed a First Amended Class Action Complaint ("CAC") that named only UBH as a defendant. UBH brought a motion to dismiss the CAC under Rule 12(b)(6), which the Court denied on November 20, 2014. Discovery commenced in the *Wit* action at that time.

On December 4, 2014, Plaintiffs in Case No. C-14-5337 ("*Alexander*") brought a putative class action against UBH asserting claims very similar to the claims in *Wit*. The parties are represented by the same counsel in both cases. The Court related the *Alexander* and *Wit* cases on January 22, 2015. UBH brought a motion to dismiss in the *Alexander* case, which was denied on April 7, 2015. Discovery in the *Alexander* case commenced at that time.

In both *Wit* and *Alexander*, the parties have been conducting class discovery, with a discovery cut-off date of February 25, 2016. Plaintiffs' motion for class certification is due on March 28, 2016.

The pending motions to intervene were filed on January 7, 2016. In the Driscoll Motion, Proposed Intervenor Michael Driscoll seeks to intervene in the *Alexander* case to protect the interests of his daughter . . . on the basis that he "has been injured by Defendant UBH's application of its overly-restrictive internal benefit determination guidelines when it wrongfully denied the claim for insurance coverage for [her] intensive outpatient treatment." Driscoll Motion at 1. Driscoll appealed the denial, which was affirmed by UBH, and then sought review by an external reviewer. Proposed Intervenor Complaint (Driscoll) ¶¶ 67-70. On February 25, 2015 the external reviewer upheld UBH's denial of benefits. *Id*. ¶ 70. The allegations in his Proposed Intervenor Complaint are virtually identical to those in the *Alexander* complaint, except with respect to the specific factual allegations relating to Driscoll's daughter.

In the Tillitt Motion, Proposed Intervenor Linda Tillitt seeks to intervene in the *Wit* case to protect the interests of her deceased son relating to UBH's "refusal to provide coverage for the residential treatment of her son . . ., which led to [his] death from a drug overdose." Tillitt Motion at 1. Tillitt's son died of a drug overdose on September 26, 2015, after UBH had terminated coverage of his residential treatment in July 2015. Proposed Intervenor Complaint (Tillitt) ¶¶ 72-

1  73. Like the Driscoll Proposed Intervenor Complaint, the allegations in the Tillitt Proposed
2  Intervenor Complaint are virtually identical to the allegations in the *Wit* complaint.

### III.  ANALYSIS

To intervene permissively under Rule 24(b)(1), a party "must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citing *Nw. Forest Resource Council*, 82 F.3d at 839). If the party seeking to intervene satisfies those elements, the district court "is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention," including "the nature and extent of the intervenors' interest," "whether the intervenors' interests are adequately represented by other parties," and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *See Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). The district court has broad discretion to grant or deny the motion, but "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Donnelly*, 159 F.3d at 412; *see also* Fed. R. Civ. P. 24(b)(3). "[J]udicial economy is a relevant consideration in deciding a motion for permissive intervention." *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989) aff'd sub nom. *Venegas v. Mitchell*, 495 U.S. 82 (1990).

With respect to the threshold requirements for permissive intervention, UBH does not dispute that the proposed intervenors have met the first and third requirements, that is, that their claims share common questions of law or fact with the *Wit* and *Alexander* actions and that the Court has an independent basis for jurisdiction over their claims. UBH argues, however, that Driscoll and Tillitt should not be permitted to intervene because their motions are untimely. In determining whether a motion to intervene is timely, courts consider "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997).

There was some delay on the part of Driscoll and Tillitt in bringing their motions. As

3

noted above, Driscoll's appeal of UBH's denial of benefits for his daughter's IOP treatment was rejected by an outside reviewer on February 25, 2015, while UBH's denial of coverage to Tillitt for her son's in-patient treatment was denied in July of 2015.  This modest delay is not sufficient to render the motions to intervene untimely, however, because *Wit* and *Alexander* are at a relatively early stage.  Class discovery has not yet closed and almost two months remain before Plaintiffs' class certification motion is due to be filed.  Dates have not yet been set for dispositive motions, which are not imminent.

Nor will intervention at this early stage of the case result in prejudice to UBH.  Given that the class claims of the proposed intervenors are virtually identical to those of the plaintiffs in *Wit* and *Alexander*, UBH will only be required to conduct a small amount of additional discovery if Tillitt and Driscoll are permitted to intervene.  While this may impose some burden on UBH, the Court notes that UBH will be required to perform the same work if Tillitt and Driscoll must file their claims in separate actions.  Thus, this burden does not amount to prejudice that would justify denying permissive intervention.  *See Kamakahi v. Am. Soc'y for Reprod. Med.,* No. 11-CV-01781-JCS, 2015 WL 1926312, at *4 (N.D. Cal. Apr. 27, 2015) ("prejudice is evaluated based on the difference between timely and untimely intervention—not based on the work Defendants would need to do regardless of when [proposed intervenors] sought to intervene") (citing *Day v. Apoliona,* 505 F.3d 963, 965 (9th Cir.2007)).  The Court concludes that the threshold requirements for permissive intervention are satisfied as to both Tillitt and Driscoll.

The Court further finds that exercising its discretion to permit permissive intervention by Tillitt and Driscoll is appropriate based on judicial economy.  In particular, requiring Tillitt and Driscoll to litigate their claims in separate proceedings would result in significant duplication of effort given the overlap in the claims of the proposed intervenors with those of the plaintiffs in *Wit* and *Alexander*.  Further, as no class has yet been certified, it is not possible to determine whether the interests of the proposed intervenors will be adequately represented in the two actions that are currently pending.  Therefore, the Court rejects UBH's assertion that the Motions should be denied on that ground.

## IV. CONCLUSION

The Motions are GRANTED.

**IT IS SO ORDERED.**

Dated: February 9, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge