THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
JOSEPH BUI (SBN 293256)
jbui@crowell.com
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

CHRISTOPHER FLYNN (admitted *pro hac vice*)
cflynn@crowell.com
APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DAVID AND NATASHA WIT, et al.,

Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH,

Defendant.

Case No. 3:14-CV-02346-JCS

**DEFENDANT UNITED BEHAVIORAL HEALTH'S OBJECTIONS TO REPLY EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**[Local Rule 7-3(d)(1)]**

Action File: May 21, 2014

Judge: Hon. Joseph Spero
Courtroom: G

| | |
|---|---|
| GARY ALEXANDER, et al.,<br>Plaintiffs,<br>v.<br>UNITED BEHAVIORAL HEALTH,<br>Defendant. | Case No. 3:14-CV-05337-JCS<br>Action Filed: December 4, 2014 |

Pursuant to Local Rule 7-3(d)(1), Defendant United Behavioral Health ("UBH") provides the following objections to the reply evidence submitted with Plaintiffs' Reply Memorandum in Support of Motion for Class Certification (Doc. No. 153 in *Wit*; Doc. No. 116 in *Alexander*).

| **Objection No.** | **Exhibit to Reynolds Decl.**[1] | **Objection** |
|---|---|---|
| 1. | Exhibit V (cited in Plaintiffs' Reply Memorandum at 3:26-28 and 4:10.) | Improper Summary (Fed. R. Evid. 1006); Misleading; Inaccurate<br><br>Plaintiffs contend that Exhibit V, titled "Plan Term Analysis," is a chart quoting language in relevant plans, and suggest that almost all of the plans at issue exclude services that are either inconsistent with generally accepted standards of care, inconsistent with UBH's guidelines, or both.<br><br>The quotations provided in Exhibit V are incomplete and misleading in at least three respects. *Amarel v. Connell*, 102 F. 3d 1494, 1516 (9th Cir. 1996) (requiring that summaries under FRE 1006 be accurate).<br><br>First, Plaintiffs cherry-pick language while failing to disclose language in most plans making the exclusions dependent on the individualized judgment of UBH. For example, some of the plan provisions addressed in the chart state that services are excluded when, in UBH's "reasonable judgment"or "reasonable opinion", the services are inconsistent with generally accepted standards of care and/or UBH's guidelines. (*E.g.*, Ex. L0050, L0065, L0077, L0098, L0113, L0126, L0134, M0011, M0034, M0056, M0095, M0110, M0124, M0161, M0172, M0236, M0249, M0259, M0260, M0276, M0288, M0314, M0326, M0364, M0379, M0394, M0411, M0461, M0487, M0507, M0523, M0556, M0564, M0591, M0592, M0620, M0633, M0646, M0660, M0677, M0691, M0705, N0007, N0025, N0048, N0063, N0078, N0101, N0125, N0141, N0172, N0189, N0197, N0208, N0229, N0241, N0279, O0014, O0041, O0070, O0083, O0094, O0112, and O0126). Other plan provisions addressed in the chart state that services are not "covered health services" or "medically necessary" and therefore |

[1] Declaration of Caroline E. Reynolds in Support of Plaintiffs' Reply In Support of Motion for Class Certification ("Reynolds Decl.") (Doc. No. 153-1 in *Wit*; Doc. No. 116-1 in *Alexander*).

| **Objection No.** | **Exhibit to Reynolds Decl.**[1] | **Objection** |
|---|---|---|
| | | excluded when "we," "the Plan," "United Healthcare," "[UBH's] medical director," or the "Claims Administrator or its designee, within the Claims Administrator's sole discretion" determine that the services are inconsistent with generally accepted standards of care, UBH's guidelines, and/or other requirements. (*E.g.*, Ex. L0017, L0037, L0117, L0138, L0149, L0173, M0003, M0038, M0070, M0083, M0128, M0147, M0204, M0217, M0225, M0241, M0263, M0280, M0303, M0349, M0399, M0429, M0443, M0491, M0527, M0545, N0010, N0030, N0087, N0163, N0174, N0234, N0308, N0337, O0018, O0023, O0031, O0058, O0076, O0085, O0098, O0151, and O0159).<br><br>Second, Exhibit V cites multiple plans that were not in effect at the time of the putative class member's denial, and thus are irrelevant. For example, sample plan member RTC-50's denial date was August 9, 2013, but in Exhibit V, Plaintiffs cite a plan for that member that did not become effective until January 1, 2014. (*See* Ex. M, Part 13 at M0640.) Conversely, for sample member OP-03, Plaintiffs cite an outdated July 1, 2012 plan that was not in effect at the time of that member's September 30, 2013 denial. (*See* Ex. N, Part 1 at N0043.) At the time of the denial, that member had a later, January 1, 2013 plan, not cited by Plaintiffs in Exhibit V.<br><br>Third, Exhibit V is further misleading because it purports to quote plan language in bold text when the original language was not in bold text, without indicating that Plaintiffs have added the bolded emphasis. |

Dated: May 19, 2016 CROWELL & MORING, LLP

Respectfully submitted,

*<u>/s/ Nathaniel P. Bualat</u>*
Christopher Flynn
Jennifer D. Romano
April N. Ross
Nathaniel P. Bualat
Attorneys for Defendant
UNITED BEHAVIORAL HEALTH