THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

CHRISTOPHER FLYNN (admitted *pro hac vice*)
cflynn@crowell.com
APRIL ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO AMEND PRETRIAL SCHEDULE**<br><br>Judge: Hon. Joseph C. Spero<br><br>Courtroom: G |

| | |
|---|---|
| GARY ALEXANDER, et al.,<br>Plaintiffs,<br>v.<br>UNITED BEHAVIORAL HEALTH,<br>Defendant. | Case No. 3:14-CV-05337-JCS<br><br>Action Filed: December 4, 2014 |

Since December 2016, Defendant United Behavioral Health ("UBH") has recognized and discussed with Plaintiffs the fact that the current pretrial schedule, set on November 7, 2016, would not allow for the completion of the discovery that Plaintiffs has served and identified as forthcoming. The parties have had extensive negotiations about the timing of discovery responses and a proposed alternative pretrial schedule for this matter. The parties reached an agreement in principal about an alternate schedule and were on the brink of submitting that proposed amended schedule to the Court through a negotiated stipulation. Declaration of Nathaniel P. Bualat in Support of Defendant's Opposition to Plaintiffs' Administrative Motion to Amend Pretrial Schedule ("Bualat Declaration" or "Bualat Decl.") ¶¶ 5-6.

After that agreement was reached, however, Plaintiffs identified additional discovery that they had not previously mentioned, including discovery that was not, or would not be, directly tied to any newly produced information or documents. *Id.* ¶ 6. In particular, Plaintiffs stated that they wanted to take another Rule 30(b)(6) deposition on undisclosed topics, several new fact witness depositions, and undisclosed additional written discovery. What little information Plaintiffs provided about these depositions and written discovery make it clear that the topics would not be limited to newly produced information or documents, but, instead, that this discovery could have been propounded or raised earlier based on previously produced or publicly available information and documents. Plaintiffs also did not disclose the specifics of the deposition topics or the written discovery requests, identify how many topics or requests they would propound, or specify when they would propound this discovery. UBH could not agree to the inclusion of such belated and unknown discovery in the negotiated schedule because it did not know what it would entail. UBH, however, told Plaintiffs that it remained willing to agree to the negotiated pretrial schedule, provided that the stipulation for the pretrial schedule noted that this new discovery was an open issue for further discussion and the negotiated deadlines related only to existing discovery. *Id.* UBH also noted that under the existing schedule and Local Rule 37-3, any new written discovery should have been served by no later than January 4, 2017. *Id.*

Plaintiffs were unwilling to agree to that compromise and filed the instant motion. Without explanation, the motion seeks a different schedule than what the parties negotiated only

days earlier and makes spurious claims about UBH's conduct in discovery in this matter. As discussed below, while UBH agrees that the pretrial schedule should be amended, the Court should adopt the parties' negotiated schedule, not Plaintiffs' unilateral proposal. In addition, Plaintiffs' description of UBH's conduct in discovery is inaccurate and unfortunate.

## I. The Court Should Adopt The Parties' Negotiated Schedule.

Over the course of several weeks, the parties negotiated the following amended pretrial schedule. In negotiating this schedule, Plaintiffs were aware of the timing of UBH's production of information and documents, as the parties have had frequent meet-and-confer discussions. *See, e.g.*, Bualat Decl. ¶¶ 22-23.

| **Negotiated Pretrial Schedule** | | |
|---|---|---|
| **Item** | **Current Date** | **Proposed New Date** |
| Deadline for UBH to complete production of all documents it agreed to review for responsiveness as of 1/18/2017 | None | 2/17/2017 |
| Deadline for UBH to produce privilege log re documents it agreed to review for responsiveness as of 1/18/2017 | None | 2/24/2017 |
| Fact discovery cutoff (other than discovery relating to ERISA status of Class members' Plans) | 2/3/2017 | 4/7/2017 |
| Designation of experts | 3/1/2017 | 3/24/2017 |
| Rebuttal reports due | 3/29/2017 | 4/21/2017 |
| Expert discovery cutoff | 4/28/2017 | 5/12/2017 |
| Deadline to file dispositive and *Daubert* motions | 5/19/2017 | 6/2/2017 |
| Oppositions to dispositive and *Daubert* motions | 6/16/2017 | 6/30/2017 |
| Replies on dispositive and *Daubert* motions | 6/23/2017 | 7/13/2017 |
| Dispositive and *Daubert* motions hearing | 7/28/2017 | 8/18/2017 |
| Pretrial Conference | 10/6/2017 | Same |
| Trial Date | 10/16/2017 | Same |

This schedule adequately addresses the concerns Plaintiffs assert in their motion, including providing Plaintiffs with seven weeks to complete discovery after UBH completes the production of the documents it agreed to produce as of January 18, 2017. Indeed, in late October 2016, Plaintiffs only asked for three total months to complete discovery, so this additional time should be sufficient for Plaintiffs. Bualat Decl. ¶ 2. This schedule also only impacts the Court by

moving the date for the hearing on dispositive and *Daubert* motions by three weeks, while retaining both the five-week period between the close of briefing on those motions and the hearing, as well as the dates for the pre-trial conference and trial that were previously set by the Court. Finally, this schedule reduces the overlap of fact discovery with expert discovery.

Plaintiffs' proposed amended schedule makes several problematic changes to the negotiated schedule that should preclude its adoption.

First, Plaintiffs provide UBH with less time to complete certain productions than the parties previously agreed. UBH already told Plaintiffs that it would need until February 17, 2017 to complete these productions. Plaintiffs do not explain why the productions should or could be completed earlier. While Plaintiffs want to impose an earlier deadline on UBH, they, at the same time, provide themselves with an extra month to complete discovery. Plaintiffs do not explain why UBH should be given less time to review and produce tens of thousands of documents while Plaintiffs get even more time to complete as yet unspecified discovery.

Second, Plaintiffs insert a deadline of February 17, 2017 for the parties to present discovery disputes to the Court "arising from discovery requests served as of February 4, 2017." It appears Plaintiffs want to be able to serve any number of new discovery requests by February 4 (a Saturday) and require UBH to respond to them, meet-and-confer about them, and present its position to the Court in thirteen days total. Plaintiffs cite no authority that would allow for this extraordinary shortening of the timing that the Federal Rules of Civil Procedure provide for discovery responses. Indeed, Plaintiff fail to acknowledge this extraordinary request, which cannot be made through an administrative motion. Moreover, Plaintiffs fail to say what this new discovery will be, so assessing the full implications of this request is not possible.

Third, the deadline for UBH to provide a privilege log is not limited to any set of requested documents like the production deadline is. Any date set for UBH to produce a privilege log should be similarly limited to the same set of requested documents.

The Court should adopt the schedule that the parties negotiated, which was sufficient from the perspective of both sides to provide enough time to complete existing discovery. In addition, Plaintiffs' right to propound new discovery and previously undisclosed depositions that could

have been propounded by January 4, 2017 should be subject to further discussion and potentially Court involvement. *See* Local Rule 37-3 (stating that the "discovery cut-off" is the date that all responses to written discovery is "due"); *see also TVI Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, at *3 (N.D. Cal. 2012).

## II. Plaintiffs Mischaracterize UBH's Conduct in Discovery.

Over the more than two years that these cases have been pending, UBH and Plaintiffs have worked well together to address discovery issues. Despite conflicting views on many issues, the Court has been asked to intervene in discovery only once. That issue related to whether privileged communications about UBH's administration of behavioral health benefits were subject to the so-called "fiduciary exception." That aside, the parties have been able to work through disputes about the scope of discovery without the Court's intervention. This is a testament to UBH's willingness to work with Plaintiffs.

As discussed above and in detail in the Bualat Declaration, UBH has continued, and will continue, to work with Plaintiffs in good faith to resolve the scope of discovery and avoid Court intervention, if possible. This includes being willing to work with Plaintiffs on completing potential discovery that arises solely from newly produced information. UBH disagrees with Plaintiffs' inflammatory characterization of UBH's conduct in discovery and finds it disappointing. While the Bualat Declaration sets forth the detail as to why Plaintiffs' portrayal of UBH's conduct is inaccurate, UBH calls out several items here to clarify the record:

- UBH has not slow-rolled productions or disclosure of information. UBH has timely responded to Plaintiffs' discovery and meet-and-confer inquiries, keeping Plaintiffs apprised the entire time and relying upon Plaintiffs' statements about prioritizing certain discovery responses over others. *See, e.g.*, Bualat Decl. ¶¶ 19-23.

- The parties' misunderstanding of the relevant discovery period appears to fuel most of Plaintiffs' accusations about UBH's alleged conduct. But, as set forth in Paragraphs 9 through 12 of the Bualat Declaration, UBH's understanding that certain discovery would be limited to the 2010 through 2014 period was based on its prior productions and discovery responses that were expressly limited to that period even though those productions and responses were provided in 2016. Plaintiffs did not raised any concerns about that date limitation for the better part of a year and the misunderstanding only came to light because UBH sought to

reconfirm the understanding in December 2016. *Id.* ¶¶ 9-12.

- UBH did not hide information about recent changes to the committee responsible for its Level of Care Guidelines ("LOCs") and Coverage Determination Guidelines ("CDGs"). UBH disclosed that information when it supplemented its earlier discovery responses that were expressly limited to the 2010 to 2014 period. *Id.* ¶ 24.
- UBH has not misrepresented facts about performance evaluations and criteria used to evaluate the employees that are authorized to issue denials of requests for coverage. UBH has consistently said that such employees are not evaluated based on the issuance of denials or denial rates. No evidence from any produced performance evaluation (or any other source) is to the contrary. *Id.* ¶ 25.
- UBH did not mislead Plaintiffs about Gerard Niewenhous' role with respect to LOCs and CDGs. *Id.* ¶ 28.

## III. Conclusion

For the foregoing reasons, the Court should adopt the parties' negotiated schedule set forth above in lieu of Plaintiffs' proposed schedule and require that the parties meet-and-confer about Plaintiffs' proposed new discovery that could have been propounded by January 4, 2017.

Dated: January 31, 2017

CROWELL & MORING LLP

__/s/_Nathaniel P. Bualat_______

Christopher Flynn
Jennifer D. Romano
April N. Ross
Nathaniel P. Bualat
Attorneys for Defendant
United Behavioral Health