THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

CHRISTOPHER FLYNN (admitted *pro hac vice*)
cflynn@crowell.com
APRIL ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING CLASS NOTICE AND OPT-OUT PROCEDURES**<br><br>Judge: Hon. Joseph C. Spero<br><br>Courtroom: G |

| | |
|---|---|
| GARY ALEXANDER, et al.,<br>Plaintiffs,<br>v.<br>UNITED BEHAVIORAL HEALTH,<br>Defendant. | Case No. 3:14-CV-05337-JCS<br><br>Action Filed: December 4, 2014 |

## I. INTRODUCTION

In its September 19, 2016 Order Granting Motion for Class Certification (*Wit* Dkt. No. 174), the Court certified three classes: the *Wit* Guideline Class, the *Alexander* Guideline Class, and the State Mandate Class. Each class seeks four distinct remedies: declaratory relief, prospective injunctive relief, retrospective injunctive relief, and a restitutionary surcharge. These remedies arise under two different ERISA theories, breach of fiduciary duty and wrongful denial of benefits. Plaintiffs do not seek the same remedy under each legal theory, nor do the *Wit* and *Alexander* Plaintiffs allocate the claims and remedies identically in the two actions.

The Court certified all three classes under Rule 23(b)(1), 23(b)(2) and 23(b)(3).[1] Because the classes include a Rule 23(b)(3) component, and at least some individualized remedies, due process requires that the Court issue notice to the class and provide an opportunity for class members to opt out of the Rule 23(b)(3) component of this action. On December 9, 2016, the parties submitted their joint class notice plan and separate proposed forms of class notice (*Wit* Dkt. No. 189). During the February 3, 2017 Case Management Conference, the Court asked the parties to submit supplemental briefing on the form of class notice and, more specifically, how the Court should structure the opt-out rights of class members consistent with due process and Rule 23.

Because Plaintiffs have chosen to intertwine both mandatory remedies (declaratory relief and a prospective injunction) and individualized remedies (restitutionary surcharge and a retrospective injunction requiring reprocessing of individual benefit requests) in a single action, class notice is required in this case and should be issued before any determination on the merits. The class notice must: (1) explain each remedy sought by Plaintiffs under each claim in these actions; (2) explain the benefits and risks of remaining part of the class with respect to each claim and remedy, including the risk that a class member may receive fewer benefits under a class judgment than they have already received, and the risk that they may be precluded from bringing

[1] UBH has filed a petition pursuant to Rule 23(f) with the Court of Appeals seeking interlocutory appeal of the class certification order. In submitting this supplemental brief, UBH does not waive its position that class certification in this matter is improper.

future individual actions; and (3) permit class members to opt out of the individualized, but not the mandatory, remedies Plaintiffs seek.

## II. PLAINTIFFS' CLAIMS AND PROPOSED REMEDIES

### A. Claim One: Breach of Fiduciary Duty

In "Claim One" (Counts I and III of the operative complaints), Plaintiffs allege that UBH breached a fiduciary duty to class members by developing and using clinical coverage guidelines that Plaintiffs contend are inconsistent with generally accepted standards of care and the terms of the class members' benefit plans. *See* Mtn. for Class Cert., *Wit* Dkt. No. 133, pp. 4-5. Plaintiffs seek different remedies for Claim One in the *Wit* and *Alexander* cases.

In *Wit*, Plaintiffs seek three remedies[2] under Claim One:

1. A declaration "that UBH's internal guidelines…were developed in violation of UBH's fiduciary duties,"

2. A "permanent injunction ordering UBH to stop utilizing the guidelines…and instead adopt or develop guidelines that are consistent with those that are generally accepted and with the requirements of applicable state law" and to "faithfully apply" those new guidelines "in processing future claims," and

3. A restitutionary "surcharge to Plaintiffs and members of the Class in the amount equivalent to the revenue [UBH] generated from its corporate affiliates or the plans for providing mental health and substance abuse-related claims administration services with respect to claims filed by Plaintiffs and members of the Class…."[3]

*Wit* FAC, *Wit* Dkt. No. 39, pp. 65-66 ¶¶ D, E, H, & I; *accord* Tillitt Intervenor Compl. *Wit* Dkt. No. 123, pp. 29-30 ¶¶ D, E, H, & I.

In *Alexander*, Plaintiffs seek only the first two remedies for Claim One. The *Alexander* Plaintiffs do not seek a surcharge as a remedy for Claim One. *Alexander* Compl., *Alexander* Dkt.

---

[2] Plaintiffs originally prayed for reprocessing as an additional remedy for Claim One. *See* Wit FAC, p. 65-66 ¶¶ G-H (praying for reprocessing as a remedy to Counts II and III). However, in granting class certification, this Court construed Plaintiffs' reprocessing remedy as applicable only to Claim Two. Order Granting Class Cert., *Wit* Dkt. No. 174, p. 11.

[3] Plaintiffs also prayed for a compensatory surcharge remedy in the amount of class members' out-of-pocket expenses incurred for denied coverage requests. *Wit* FAC, *Wit* Dkt. No. 39, p. 66 ¶ I. Recognizing that such a request would preclude class certification, Plaintiffs dropped their request for out-of-pocket damages in their reply brief in support of class certification. *See* Pltf. Reply ISO Class Cert., *Wit* Dkt. No. 153, p. 16 n.22.

No. 1, p. 51 ¶ G (praying for surcharge exclusively as a remedy for Count IV); Driscoll Intervenor Compl., *Alexander* Dkt. No. 87, p. 27 ¶ G (same).

**B. Claim Two: Improper Denial of Benefits**

In "Claim Two" (Counts II and IV of the operative complaints), Plaintiffs allege that UBH used its Guidelines to improperly deny the Class members' claims for "insurance benefits they were owed." *Wit* FAC, *Wit* Dkt. No. 39, ¶ 206 ("Plaintiffs and the members of the Class have been harmed by Defendants' improper benefit denials because they were deprived of insurance benefits they were owed."); *Alexander* Compl, *Alexander* Dkt. No. 1, ¶ 142 (same); Tillitt Intervenor Compl. *Wit* Dkt. No. 123, ¶ 95 (same); *Alexander* Dkt. No. 87, ¶ 92 (same); Driscoll Intervenor Compl., *Alexander* Dkt. No. 87, ¶ 92; *see also* Mtn. for Class Cert., *Wit* Dkt. No. 133, pp. 5-7. Plaintiffs in both *Wit* and *Alexander* seek two remedies under Claim Two:

1. An injunction "ordering UBH to reprocess claims…that it previously denied (in whole or in part) pursuant to new guidelines that are consistent with those that are generally accepted and with the requirements of applicable state law," and

2. A restitutionary "surcharge to Plaintiffs and members of the Class in the amount equivalent to the revenue [UBH] generated from its corporate affiliates or the plans for providing mental health and substance abuse-related claims administration services with respect to claims filed by Plaintiffs and members of the Class…."

*Wit* FAC, *Wit* Dkt. No. 1, pp. 65-66 ¶¶ G-I; *Alexander* Compl, *Alexander* Dkt. No. 1, p. 51, ¶¶ E-G.

**III. ARGUMENT**

The Court certified each of Plaintiffs' three proposed classes under both Claim One and Claim Two. Although UBH respectfully disagrees that Plaintiffs' claims are suitable for class certification, the Court must now determine the appropriate process for administering class notice consistent with due process and Rule 23. UBH submits this supplemental brief to address four questions:

(a) Is notice required under these circumstances?

(b) Should class members be permitted to opt out of certain claims or remedies, and if so, which ones?

(c) When should notice issue?

(d) What form should the notice take?

**A. Class Notice is Required.**

The threshold question in any certified class action is whether notice must be issued to absent class members. Under Rule 23(c)(2)(A), notice *may* be directed to a class certified under Rule 23(b)(1) or 23(b)(2), but notice is not mandatory. By contrast, Rule 23(c)(2)(B) demands that notice *must* be directed to a class certified under Rule 23(b)(3). Here, the Court certified Plaintiffs' claims for class treatment as "hybrid" classes under Rules 23(b)(1), 23(b)(2), *and* 23(b)(3). There is no question that class notice is mandatory under these circumstances. *See* Fed. R. Civ. P. 23(c)(2)(B) ("For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances…."); Newberg on Class Actions, § 8:9 (5th ed. 2015) (the mandatory notice requirements for 23(b)(3) classes apply to "hybrid" classes that are certified under Rule 23(b)(3) and 23(b)(1) or (b)(2)); Fed. R. Civ. P. 23, Committee Notes on Rules – 2003 Amendments ("If a Rule 23(b)(3) class is certified in conjunction with a (b)(2) class, the (c)(2)(B) notice requirements must be satisfied as to the (b)(3) class."). Where notice is required, Rule 23(c)(2)(B) dictates its contents:

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

As pled and certified, Plaintiffs' claims dictate that absent class members receive notice and an opportunity to opt out.

**B. Class Members Must Be Afforded Opt-Out Rights.**

An absent class member's right to opt out of a class action depends on the nature of the

remedy sought. *McReynolds v. Sodexho Marriott Servs., Inc.*, 208 F.R.D. 428, 448 (D.D.C. 2002) ("Central to the Rule 23 analysis are the remedies sought by plaintiffs"). Irrespective of the underlying legal claim, absent class members have a due process right to opt out of classes seeking individualized relief, which is why such individualized claims are typically reserved for certification under Rule 23(b)(3). When the claim seeks individualized relief, "depriving people of the right to sue' by approving a mandatory class absent notice and opt-out rights would violate due process." *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 560 (C.D. Cal. 2012) (internal quotes and citations omitted).

By contrast, absent class members do not enjoy a right to opt out of so-called "mandatory" class remedies that apply to class members irrespective of whether they opt out. Newberg on Class Actions § 8:3 (5th ed.); *accord Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) ("In a Rule 23(b)(2) class action…class members are not allowed to opt out."). This is because "the key" to a <u>mandatory</u> class "is the indivisible nature of the injunctive or declaratory remedy warranted" – that "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).

Here, Plaintiffs seek a hodge-podge of mandatory and individualized remedies intertwined under each legal theory. The nature of Plaintiffs' claims dictate that class members receive an opportunity to opt out of some, but not all, of Plaintiffs' proposed remedies.

### 1. Class Members Must Be Given The Opportunity To Opt Out Of Claim One's Surcharge Remedy.

In Claim One, the *Wit* Plaintiffs seek both mandatory relief and individualized relief, while the *Alexander* Plaintiffs seek only mandatory relief. Specifically, both sets of Plaintiffs seek mandatory relief in the form of: (1) a declaration that UBH developed it guidelines in breach of a fiduciary duty; and (2) an injunction ordering UBH to rewrite its guidelines and apply those guidelines to future benefit determinations. The *Wit* Plaintiffs also seek individualized relief in the form of a restitutionary surcharge remedy for each class member.

Absent class members do not (and should not) have a right to opt out of the mandatory relief sought in Claim One. A declaration is by its very nature "indivisible." If absent class

members could opt out of the declaratory relief plaintiffs seek, absent class members who opted out could sue UBH on identical grounds relating to UBH's guidelines and potentially obtain an inconsistent judicial declaration, defeating the purpose of Rule 23(b)(1)(A). *See Alsup v. Montgomery Ward & Co.*, 57 F.R.D. 89, 91 (N.D. Cal. 1972) (Rule 23 "(b)(1)(A) was drafted to protect a defendant where different parties were attempting to impose different standards of conduct upon him"). Likewise, any new guidelines UBH is required to develop will be applicable to all members of its administered health plans going forward (subject to individual plan and state law exceptions). If class members were permitted to opt out of a prospective injunction requiring UBH to develop and apply new guidelines going forward, those members would receive all of the benefit of the injunction if awarded in favor of the class, without bearing any of the risk of a preclusive judgment in favor of UBH, an impermissible result in light of Rule 23's aim of avoiding repetitious litigation. *See Frank v. United Airlines, Inc.*, 216 F.3d at 851 ("In a Rule 23(b)(2) class action…class members are not allowed to opt out.").

Yet in *Wit*, Claim One *also* seeks the sort of individualized relief from which absent class members must have the opportunity to exclude themselves under Rule 23(b)(3). When a proposed remedy provides individualized relief to absent class members, due process requires that class members receive both notice and "an opportunity to remove [themselves] from the class…." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12; *see also Dukes*, 564 U.S. at 360-61 (Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages"); *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973) ("Infrequently, if ever, will [Rule 23(b)(1)(A) be appropriate] when the action is for money damages"). "[W]hether the monetary relief is understood as legal damages or an equitable remedy is irrelevant to this analysis." *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 541 (N.D. Cal. 2012).

Plaintiffs' equitable surcharge remedy is premised on a restitutionary theory of unjust enrichment. *See* Pltf. Reply ISO Class Cert., *Wit* Dkt. No. 153, p. 16:8-11 ("Plaintiffs seek a surcharge to disgorge from UBH the unjust benefit it received due to its inequitable conduct"). A request for a "surcharge on an unjust enrichment theory…almost certainly" requires the due

process rights afforded class members under Rule 23(b)(3). *Amara v. CIGNA Corp*, 925 F. Supp. 2d 242, 264 (D. Conn. 2012) (so holding on remand from the Supreme Court in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011).).

Despite Plaintiffs' contentions to the contrary, the surcharge remedy is inherently individualized. "Since the purpose of restitution is to return class members to status quo, the amount of restitution due must account for the benefits each class member received in each transaction." *Ackerman v. Coca-Cola Co.*, No. 09 CV 395 DLI RML, 2013 WL 7044866, at *17 (E.D.N.Y. July 18, 2013) (internal quotes omitted); *accord Cal. Ironworkers Field Pension Trust v. Loomis Sayles & Co.*, 259 F.3d 1036, 1047-48 (ERISA trustee may offset losses against gains related to the same alleged breach of fiduciary duty). That is especially so here because, even if Plaintiffs could prove on a classwide basis that UBH breached a fiduciary duty in developing and applying the guidelines, it is undisputed that UBH routinely *approved* other coverage for some class members. That means that for each class member, UBH will be able to offer evidence that the amount of any alleged unjust enrichment "surcharge award" must be offset by the amount of other benefits that each class member actually received.

Moreover, any Class member who does not opt out will be subject to ordinary preclusion rules, and both Rule 23(c)(2) and basic due process require that absent Class members are informed of this risk. Here, this risk is particularly acute when it comes to Claim One's surcharge remedy, because class members may later be precluded from bringing individual claims for monetary relief for guidelines-based benefits denials that are different from or in addition to the surcharge remedy plaintiffs seek. *See Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992) (prior class action judgment "foreclosed" plaintiff "from seeking other or further injunctive relief"); *Johnson v. Gen. Motors Corp.*, 598 F.2d 432, 438 (5th Cir. 1979) (res judicata would bar all equitable relief that could have been sought in prior class action) (cited with approval on other grounds in *Frank v. United Airlines, Inc.*, 216 F.3d at 860). Thus, with respect to Claim One, class members must be given the opportunity to opt out of the surcharge remedy Plaintiffs seek.

//

//

**2. Class Members Must Be Given The Opportunity To Opt Out Of Claim Two In Its Entirety.**

Class members must also be afforded the opportunity to opt out of Claim Two in its entirety, as all of the relief sought in this claim is individualized. Plaintiffs in both actions seek a surcharge under Claim Two, and so must be informed of the right to opt out of that remedy for the reasons just explained. They also seek retrospective injunctive relief requiring UBH to reprocess individual class members' benefit claims, which also requires an opt-out right.

Due process requires notice and an opportunity to opt out of the class "when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Dukes*, 564 U.S. at 360 (holding so in the context of Rule 23(b)(2)). Even when the class does not seek money damages, in other words, class members must be given the option of opting out if the class asserts "claims for individualized relief…." *Id.*

For this reason, courts frequently refuse to certify mandatory classes where "as a substantive matter, the relief sought would merely initiate a process through which highly individualized determinations of liability and remedy are made." *Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 489, 499 (7th Cir. 2012) (denying certification of a (b)(2) class where plaintiffs' proposed injunction would merely require defendant to "initiate a process of professional evaluation" to determine whether individual class members were disabled and entitled to individual education plans). Even when "the plaintiffs have superficially structured their case around a claim for class-wide injunctive and declaratory relief," a mandatory class is inappropriate (and notice is required) "if individualized relief is sought—even individual injunctive relief." *Id.*; accord *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 530-31 (D.C. Cir. 2006) (holding mandatory class inappropriate where plaintiffs' proposed remedy was "an injunction requiring Delta to process each class members' baggage claim"); *Jaffe v. U.S.*, 592 F.2d 712, 714-15 (3d Cir. 1979) (holding plaintiffs' request for injunction ordering government to provide "all medical care and necessary treatment" was "in fact,…a claim for money damages," and rejecting plaintiff's attempt to "transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money").

The question here, then, is whether the injunctive relief Plaintiffs press in Claim Two amounts to "individualized relief." *Dukes*, 564 U.S. at 360. The answer is yes—Plaintiffs' request for reprocessing of each class member's *individual benefit determination* is unquestionably an individualized remedy that requires notice and an opportunity to opt out. *See Jamie S.*, 668 F.3d at 489, 499; *Richards*, 453 F.3d at 530-31.

The need to offer class members the opportunity to opt out of this reprocessing of every individual's benefit determination is obvious. Plaintiffs concede that UBH would have discretion to conduct a full review of each class members' entitlement to benefits. *See* Pls. Reply in Supp. of Mot. for Class Cert. at 6:2-16, Dkt. No. 153 (citing *Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 460-61 (9th Cir. 1996)). That means that this review could result in additional benefits; it could also result in the same benefit decision (i.e., no additional benefits); and, most important, it could result in a *less favorable* benefit decision. For example, class members who received alternative benefits who are not afforded the right to opt out may find that they receive lower benefits under the reprocessed guidelines than they already received before this action. Thus, if class members are not afforded the opportunity to opt out, they may find themselves at the conclusion of this action worse off than they were at its commencement. And what's more, class members who do not opt out may be precluded from bringing any future litigation challenging their denial of benefits. This is true even if that challenge were premised on a different theory of wrongdoing than Plaintiffs' narrow guideline theory, because the operative "cause of action" is the benefit denial itself, not the specific basis for the denial. *See, e.g.*, *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 896 (8th Cir. 2005) (holding subsequent ERISA lawsuit arose from the "same nucleus of operative facts" because "the wrong for which [plaintiff sought] redress-the denial of her claims based on the plan-year limit-[was] the same"). Under Rule 23(c)(2) and basic standards of due process, class members must be informed of these risks before they make a decision about their participation in this lawsuit.

**C. Class Notice Should Be Issued Before Any Determination On The Merits.**

Because the Court certified both Claim One and Claim Two under Rule 23(b)(3), notice

should be issued prior to any determination of the merits of either claim so that class members may elect whether to participate in those claims and the relief sought thereunder. Where a class is certified under Rule 23(b)(3), class members must be entitled to opt out prior to any decision on the merits of the case. Fed. R. Civ. P. 23(c)(2)(B)(v); *see also Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995). Ordinarily, Class members are not permitted to opt out after a decision on the merits has been rendered. *See, e.g., Schwarzschild*, 69 F.3d at 295 (in order to avoid "one-way intervention," Rule 23(c)(2) contemplates that class notice will be sent "*before* the parties are aware of the district court's judgment on the merits."). Among the procedural and due process requirements afforded a Rule 23(b)(3) class is the requirement that the notice fully advise absent class members of "the class claims, issues, or defenses" and "the binding effect of a class judgment." Fed. R. Civ. P. 23(c)(2)(B)(iii), (c)(2)(B)(vii).

For the reasons already explained, both Claim One and Claim Two seek individualized relief, at least in part. Thus, both Claim One and Claim Two require notice and the opportunity to opt out of at least some of Plaintiffs' proposed remedies. The only permissible way to give effect to these notice and opt-out requirements is to afford absent class members a single notice of the action that provides class members an opportunity to opt out of Plaintiffs' individualized remedies *and* explains the binding impact of Plaintiffs' mandatory claims.

**D. The Court Should Adopt UBH's Proposed Notices.**

UBH previously submitted proposed Notices of Pendency as Exhibit E (Notice of Pendency directed to *Wit* Guideline Class), Exhibit F (Notice of Pendency directed to *Wit* State Mandate Class), and Exhibit G (Notice of Pendency directed to *Alexander* Guideline Class) to the parties' Joint Motion for Approval of Notice Plan. *See Wit* Dkt. No. 189. Unlike Plaintiffs' proposed notices, UBH's proposed Notices inform absent class members of the nature of the remedies Plaintiffs seek for each claim. Such information is critical to aid the class members in understanding the impact of the mandatory relief Plaintiffs seek for the class and, crucially, in deciding whether they wish to opt out of the individualized remedies Plaintiffs seek on their behalf. After all, class notice under Rule 23(b)(3) must "describe the relief sought" in a manner sufficient "to enable class members to make an informed decision about their participation."

Manual for Complex Litigation (4th) § 21.311. And because the nature of the relief Plaintiffs seek with respect to each claim informs the scope of class members' ability to opt out, the notice issued by the Court must give class members sufficient information about each claim and each corresponding remedy to permit them to make an informed decision.

Class members cannot make an informed decision about whether to opt out of the classes without understanding the risks associated with the reprocessing remedy Plaintiffs seek in this litigation, including the potential that review of a given class members' prior benefit determination may result in a less favorable benefit decision. Nor can class members make an informed decision without understanding that their participation in this lawsuit might preclude their ability to bring future claims arising from the same facts as this lawsuit.[4] UBH's proposed notices provide this information to absent class members, whereas Plaintiffs' do not.

UBH's proposed notices also explain to the class members that their opt-out rights are limited to certain claims and remedies in this action. While class members may opt out of Claim Two (improper denial of benefits), their opt-out rights are more limited with respect to Claim One (breach of fiduciary duty). Plaintiffs cannot dispute that, to the extent their claims were certified for class treatment under Rule 23(b)(1) or (2), their class claim seeking declaratory and injunctive relief on the theory that UBH breached a fiduciary duty by developing and adopting guidelines that were inconsistent with generally accepted standards of care is the sort of "mandatory class" that class members cannot opt out of. If, for example, Plaintiffs succeed on the merits of that claim and this Court orders UBH to rewrite its guidelines, those guidelines would apply to *all* class members going forward, irrespective of whether a particular person chose to opt out of this litigation. Likewise, *as certified*, Plaintiffs' request for a declaration that UBH's guidelines are inconsistent with generally accepted standards of care would apply equally to all class members, not just those who choose to remain in the class. Plaintiffs' proposed notice does not distinguish between their claim for prospective remedies for breach of fiduciary duty (from which class

[4] The preclusive effect of class certification in this case is, in part, addressed in UBH's pending Rule 23(f) petition for review of the class certification order by the Court of Appeals.

members may not opt out), and their individualized claims for denial of benefits and surcharge relief (from which Plaintiffs and UBH agree class members may opt out), leaving class members with the false impression that they may opt out of this entire litigation. UBH's proposed notice simply informs class members of this important limitation on their ability to opt out.

UBH's proposed Notices provide additional information that Class members are entitled to know to make an informed decision about whether to participate in or opt out of the class. UBH respectfully requests that the Court adopt UBH's proposed Class Notices under the joint Notice Plan.

## IV. Conclusion

For the foregoing reasons, UBH respectfully requests that the Court adopt the proposed notices submitted by UBH as Exhibits E, F and G to the December 9, 2016 Joint Motion for Approval of Notice Plan.

Dated: February 24,2017

CROWELL & MORING LLP

By: */s/ Jennifer S. Romano*
Christopher Flynn
Jennifer S. Romano
April N. Ross
Nathaniel P. Bualat
Attorneys for Defendant
UNITED BEHAVIORAL HEALTH