PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x 101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES REGARDING OPT-OUT PROCEDURES** |
| GARY ALEXANDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-05337-JCS |

## ISSUE TO BE DECIDED

1. Is an opt-out right necessary in this case?

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs submit this memorandum of points and authorities on several matters raised by the Court during the February 3, 2017 Case Management Conference, related to opt-out rights and procedures.

### I. Background

The Court is already well versed in Plaintiffs' claims. The first claim, which the parties have called **Claim One**, is for breach of fiduciary duty, based on UBH's development and use of Guidelines for making certain coverage decisions, which are much more restrictive than generally accepted standards of care. *Wit* ECF No. 39 (First Am. Class Action Compl., Sept. 2, 2014) (hereafter "*Wit* Compl.") at ¶¶ 198, 210; *Wit* ECF No. 123 (Intervenor Compl., Feb. 12, 2016) (hereafter "*Tillitt* Compl.") at ¶¶ 88, 99; *Alexander* ECF No. 1 (Class Action Compl., Dec. 4, 2014) (hereafter "*Alexander* Compl.") at ¶¶ 136, 146; *Alexander* ECF No. 87 (Intervenor Compl., Feb. 12, 2016) (hereafter "*Driscoll* Compl.") at ¶¶ 86, 96.[1] In **Claim Two**, Plaintiffs allege that UBH improperly adjudicated and denied Class members' requests for coverage because UBH used its overly restrictive internal Guidelines in making those determinations. *Wit* Compl. ¶¶ 205, 214; *Tillitt* Compl. ¶¶ 94, 101-03; *Alexander* Compl. ¶¶ 141-42, 150; *Driscoll* Compl. ¶¶ 91-92, 100.[2]

To remedy this misconduct, Plaintiffs seek declaratory and injunctive relief, including:

---

[1] In each case, Count I asserts the breach of fiduciary duty claim pursuant to 29 U.S.C. § 1132(a)(1)(B); Count III asserts the claim pursuant to § 1132(a)(3)(A), only to the extent that the injunctive relief the Plaintiffs seek is unavailable under § 1132(a)(1)(B). In denying UBH's motion to dismiss the *Wit* complaint, the Court found that Plaintiffs are entitled to plead their claims in the alternative. *Wit* ECF No. 63 at 17.

[2] In each case, Count II asserts the improper denial of benefits claim pursuant to 29 U.S.C. § 1132(a)(1)(B), and Count IV asserts the claim pursuant to § 1132(a)(3)(A), only to the extent that the injunctive relief the Plaintiffs seek is unavailable under § 1132(a)(1)(B). Again, the Court has already ruled that Plaintiffs are entitled to plead their claims in the alternative. *Wit* ECF No. 63 at 17.

(a) a declaration that UBH's Guidelines were developed in violation of its fiduciary duties and that UBH's denials of Class members' requests for coverage pursuant to those Guidelines were wrongful;

(b) an injunction enjoining UBH from utilizing the challenged Guidelines going forward, and requiring UBH to adopt or develop guidelines that are consistent with generally accepted standards of care and with applicable state law;

(c) an injunction ordering UBH to reprocess the Class members' claims pursuant to those newly adopted or developed guidelines that are consistent with generally accepted standards of care and with the requirements of applicable state law;

(d) an injunction requiring UBH to faithfully apply appropriate guidelines (including new guidelines developed or adopted pursuant to the injunctive relief above) in reprocessing claims and in processing future claims; and

(e) an equitable surcharge order, requiring UBH to pay to the Class the amount of the revenue UBH earned for administering the class members' claims.

*See, e.g.*, *Wit* Compl. at 65-66; *Alexander* Compl. at 50-51.

On September 19, 2016, the Court certified three classes to pursue these claims, each under all three subsections of Rule 23(b). The Court certified the classes under **Rule 23(b)(1)** because "all class members' plans require as one condition of coverage that the treatment at issue must be consistent with generally accepted standards of care and that UBH Guidelines are intended to embody those standards," and because "multiple challenges to the Guidelines by putative class members could lead to inconsistent results." ECF No. 174 ("Cert. Order") at 41. The Court also certified the classes under **Rule 23(b)(2)** because "all of the class members have been subjected to the same Guidelines which, according to Plaintiffs, are more restrictive than the generally accepted standards that are a precondition for coverage under all of their plans (for the Guideline Classes) or the relevant state law mandates (for the *Wit* State Mandate Class)." *Id.* at 47. In granting Plaintiffs' motion to certify the classes under Rules 23(b)(1) and (b)(2), the Court also found that the equitable surcharge remedy Plaintiffs seek is "incidental" to the principal remedies of declaratory and injunctive relief. *Id.* at 41, 43. Finally, the Court certified the classes

under **Rule 23(b)(3)**, for largely the same reasons, *i.e.*, "the case stands or falls based on the question of whether the use of UBH's Guidelines to adjudicate the class members' claims constituted a breach of fiduciary duty or was arbitrary and capricious," and because Plaintiffs' surcharge claim "can be determined without the need to conduct a class-member-by-class-member inquiry." *Id.* at 53-54.

UBH moved for reconsideration, arguing principally that a judgment in the case would "preclude absent class members from bringing later benefits claims . . . arising out of the same denial of benefits." *Wit* ECF No. 177 at 12. In opposition, Plaintiffs explained, among other things, that a class action "does not resolve any claim based on individual circumstances that [were] not addressed in the class action." *Wit* ECF No. 179 at 15 (quoting *Akootchook v. United States*, 271 F.3d 1160, 1165 n.24 (9th Cir. 2001)). The Court denied UBH's motion for reconsideration. *Wit* ECF No. 181. UBH filed a petition with the Ninth Circuit, seeking leave pursuant to Rule 23(f) to appeal that issue; the petition remains pending.

Following the parties' submission of their Joint Motion for Approval of Notice Plan (*Wit* ECF No. 189), they appeared before the Court on February 3, 2017. The Court inquired whether an opt-out procedure is necessary in this case, and, if so, the proper opt-out procedure and whether it would require amending the class certification order. Ex. A (Transcript of Proceedings, Feb. 3, 2017) at 4-18.

## II. An Opt-Out Right Is Required In Class Actions Certified Under Rule 23(b)(3).

As noted above, Plaintiffs sought certification under all three subsections of Rule 23(b). Plaintiffs sought certification under Rule 23(b)(3) in case the Court were to "disagree" with Plaintiffs as to whether they "can obtain all of the relief that they seek . . . through a class certified under Rule 23(b)(1) and/or (b)(2)." ECF No. 128-3 at 22. The Court concluded that Plaintiffs *can* obtain all of the relief they seek—including a surcharge—through the classes the Court certified under Rule 23(b)(1) and (b)(2). Cert. Order at 41, 43. After all, surcharge is a purely equitable remedy, *Cigna Corp. v. Amara*, 563 U.S. 421, 442 (2011), and even if surcharge were a form of "monetary" relief, any such relief would be incidental to the injunctive relief to which Plaintiffs will be entitled under Rule 23(b)(1) and/or (b)(2), as the Court has already held. Cert.

Order at 43. However, because the classes also satisfy all the requirements for certification under Rule 23(b)(3), the Court also—correctly—granted Plaintiffs' motion to certify the classes under that Rule as well. *Id.* at 53-55.

As the Court recognized by directing the parties to submit a notice plan, notice and an opportunity to opt out are mandatory for Rule 23(b)(3) classes. Fed. R. Civ. P. 23(c)(2)(B) ("For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances . . . . The notice must clearly and concisely state . . . (v) that the court will exclude from the class any member who requests exclusion."). Moreover, insofar as the classes also have been certified under Rule 23(b)(1) and (b)(2), the Court has discretion to authorize an opt-out procedure. *See* William Rubenstein *et al.*, *Newberg on Class Actions* § 4:36 (5th ed. 2016) ("*Newberg*") ("[A] court overseeing a (b)(2) class action is not required to provide notice and opt out rights with regard to the certification decision, but it may do so."). The Court's "discretionary authority" to grant opt-out rights in a (b)(1)/(b)(2) class "lie[s] in Rule 23(d)(1)(E)," *Newberg* § 9:51, which provides that, just as a court may order "appropriate notice to some or all class members," or "impose conditions on the representative parties," or "require that the pleadings be amended," a court administering any class action may "deal with similar procedural matters." Fed. R. Civ. P. 23(d)(1)(E).[3]

For these reasons, insofar as the classes remain certified not only under Rule 23(b)(1) and (b)(2), but (b)(3) as well, class members should be permitted to opt out of the action as a whole.

## III. No Opt-Out Procedure Is Necessary If The Classes Proceed Solely Under Rules 23(b)(1) and (b)(2).

While Rule 23 requires the Court to permit class members to opt out of a class certified

[3] The Seventh Circuit has conceptualized such an opt-out process as "treat[ing] a Rule 23(b)(2) class *as if* it were under Rule 23(b)(3), giving notice and an opportunity to opt out." *Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 898 (7th Cir. 1999) (emphasis in original). *See also Ayers v. Thompson*, 358 F.3d 356, 375-76 (5th Cir. 2004) (explaining that a court "may require that an opt-out right and notice thereof be given [in a (b)(2) case] should it believe that such a right is desirable to protect the interests of the absent class members," but holding that the district court did not abuse its discretion in denying certain objectors' motions to opt out, because the class had sought "solely injunctive and declaratory relief," and the objectors had "failed to show the existence of individual claims that [were] separate and distinct from the claims for class-wide relief").

under Rule 23(b)(3), the same requirement does not apply to classes certified solely under Rule 23(b)(1) and/or (b)(2). For the reasons that follow, Plaintiffs submit that retaining the Rule 23(b)(3) certification, and consequently, retaining an opt-out procedure, is not necessary here.

In this case, UBH will be called to account for a narrow—but highly significant—question: whether UBH's Guidelines are inconsistent with generally accepted standards of care. That fundamental question underlies both Class Claims: Claim One, that UBH breached its fiduciary duties by adopting and applying Guidelines that are inconsistent with generally accepted standards of care, and Claim Two, that UBH acted arbitrarily and capriciously by denying class members' claims pursuant to its fundamentally flawed Guidelines. As the Court found with respect to both claims, "inconsistent or varying adjudications . . . would establish incompatible standards of conduct for [UBH]." Fed. R. Civ. P. 23(b)(1)(A); Cert. Order at 40-43. And as to both claims, "[UBH] has acted . . . on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); Cert. Order at 46-51. Moreover, Plaintiffs seek solely equitable relief: a declaratory judgment; an injunction requiring UBH to adopt revised Guidelines, to reprocess class members' claims pursuant to revised Guidelines, and to faithfully apply appropriate guidelines in processing future claims; and an equitable surcharge.

Although, as discussed above, courts have discretion to permit class members to opt out of claims certified under Rules 23(b)(1) or (b)(2), they generally do not permit opt-outs in such cases because "opting out" of such a class "is often impracticable." *Newberg* § 4:36. "[A] (b)(2) class exists in situations in which individual litigation will invariably affect the rights of others, such as civil rights cases like *Brown v. Board of Education*. . . There is no realistic sense of 'opting out' of such a class." *Id.* That is precisely why (b)(1)/(b)(2) class actions are such efficient methods for adjudicating class claims like the ones Plaintiffs assert here. The Court aptly captured that point at the status conference, noting that an opt-out right "doesn't really make a lot of sense if we're discussing prospective relief that is clearly going to apply across the board." Ex. A at 6. UBH's Guidelines either are, or are not, inconsistent with generally accepted standards of care. Thus, most straightforwardly, Claim One is inherently a claim as to which

granting an opt-out right could undermine the purposes of Rules 23(b)(1) or (b)(2).

The same conclusion follows as to Claim Two. The sole denial-of-benefits claim that has been certified—and thus the sole claim that could be precluded if brought in a subsequent individual action by a class member—is that the denials at issue were wrongful because UBH used Guidelines that were more restrictive than generally accepted standards of care. For the same reasons that successive litigation on Claim One could be incompatible with Rules 23(b)(1) and (b)(2), there also is no reason to permit class members to opt out of this case and file individual denial-of-benefit lawsuits based *solely* on Claim Two. (A claim that a class member's benefits were denied for some other reason, such as that UBH arbitrarily ignored certain aspects of a member's medical records, would not be precluded by this case, and therefore no opt-out right would be necessary to protect class members' rights to bring such claims.[4])

There also does not appear to be any reason to provide an opt-out procedure as to particular remedies sought in this case, or to create subclasses to do so. A declaratory judgment and injunction requiring UBH to adopt revised Guidelines and to faithfully apply them to future claims are indivisible remedies; UBH either will, or will not, have to adopt new Guidelines to render them consistent with generally accepted standards of care.

The same goes for the reprocessing remedy. In an individual case based on the same claims as asserted here, there could be no greater, or different, reprocessing remedy to which a plaintiff might be entitled; a court either would, or would not, remand the case to UBH to reprocess the claim under Guidelines. *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Plan*, 85 F.3d 455, 456 (9th Cir. 1996) ("[W]hen, as here, the administrator construes a plan provision erroneously, the court should not itself decide whether benefits should be awarded but rather should remand to the administrator for it to make that decision under the

---

[4] "[A] judgment in a class action does not preclude later lawsuits by class members concerning individualized claims: such claims generally cannot be brought into the class suit (which aggregates litigation about common issues) and hence they *are not* precluded by the class judgment." *Newberg* § 18:18 (emphasis added). *See also Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996) ("[T]he general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events.").

plan, properly construed.”). Again, if an individual class member were to assert a *different* claim (*e.g.*, that UBH’s denial was wrongful for some reason other than that the Guidelines were more restrictive than generally accepted standards of care), that claim would not be precluded, and so there is no need to grant an opt-out right here to protect class members’ rights to reprocessing based on such distinct claims.

A class member also would have no reason to opt out of the equitable surcharge remedy. Plaintiffs seek a surcharge measured in terms of a disgorgement of UBH’s unjust enrichment. Even if some other measure of surcharge (like make-whole relief requiring UBH to cover out-of-pocket expenditures) is theoretically available under ERISA in some instances, such a remedy would be duplicative of what class members would obtain through the reprocessing remedy Plaintiffs already seek.

Finally, and for related reasons, an opt-out procedure is not necessary in this case to protect class members’ Due Process rights. Plaintiffs’ claims are purely equitable and turn on class-wide questions. As the Court previously observed, “the absence of notice and an opportunity to opt out of the classes will not raise Due Process concerns and the reasons for precluding certification under (b)(1) and (b)(2) where individualized inquiries as to money damages are required do not apply.” Cert. Order at 42. *See also Linney v. Cellular Alaska P’ship*, 151 F.3d 1234, 1240 (9th Cir. 1998) (“[D]ue process requires the option to opt-out only in the limited set of claims that are ‘wholly or predominately for money judgments.’”) (quoting *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992)).

**IV. Conclusion**

For the foregoing reasons, Plaintiffs respectfully submit that an opt-out procedure is not necessary in this case. If the Court agrees with this conclusion, Plaintiffs propose that the Court should amend its order granting class certification so that the classes are certified only under Rule 23(b)(1) and (b)(2), and not under Rule 23(b)(3).

Dated: February 24, 2017

Respectfully submitted,


*/s/ Caroline E. Reynolds*
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Meiram Bendat (Cal. Bar No. 198884)
PSYCH-APPEAL, INC.
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

Caroline E. Reynolds (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
creynolds@zuckerman.com

Martin S. Himeles, Jr. (admitted *pro hac vice*)
Daniel P. Moylan (admitted *pro hac vice*)
Adam B. Abelson (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
mhimeles@zuckerman.com
dmoylan@zuckerman.com
aabelson@zuckerman.com

*Attorneys for Plaintiffs*