PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x 101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES REGARDING OPT-OUT PROCEDURES** |
| GARY ALEXANDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-05337-JCS |

Plaintiffs submit this reply memorandum in further response to the Court's inquiries during the February 3, 2017 Case Management Conference regarding an appropriate opt-out procedure.

As an initial matter, the parties agree on two points. **First**, they agree that at least as to Plaintiffs' request for a declaratory judgment and prospective injunctive relief (items (a) and (b), and (d) as it applies to future claims, on page 2 of Plaintiffs' Memorandum), the Court need *not* grant class members an opt-out right. Pls.' Mem. (*Wit* ECF No. 215) at 4-6; Def.'s Br. (*Wit* ECF No. 214) at 5-6. **Second**, the parties agree that, in the event the classes remain certified under Rule 23(b)(3), class members should be granted some type of opt-out right. *See* Pls.' Mem. at 3-4; Def.'s Br. at 5.

The parties' central disagreement boils down to whether the requested reprocessing and/or surcharge remedies necessitate an opt-out right (section 1), and whether such right should apply only to such remedies or to the claims as a whole (section 2).

## I. Neither The Surcharge Nor Reprocessing Remedies Require An Opt-Out Right.

Of the five categories of remedies Plaintiffs seek (*see* Pls.' Mem. at 2), the parties agree that class Members should not be allowed to opt out of the request for a declaratory judgment and an injunction requiring UBH to adopt new Guidelines and to apply them going forward. UBH, however, argues that Plaintiffs, through surcharge and reprocessing, seek "individualized relief from which absent class members must have the opportunity to exclude themselves." Def.'s Br. at 6.

At their core, UBH's arguments are thinly veiled efforts to re-litigate (a) this Court's class certification order, and especially its findings regarding commonality and typicality (*see* Class Cert. Order (*Wit* ECF No. 174) ("Class Cert. Order") at 30-34, 40-43, 47-49, 53-54; *see also* Pls.' Class Cert. Reply (*Wit* ECF No. 160) ("Class Cert. Reply") at 7-8, Pls.' Mem. at 6:17-7:5), and (b) the preclusion-related arguments UBH raised in its Rule 7-9 motion (*Wit* ECF No. 177), and its Rule 23(f) petition, which this Court (*Wit* ECF No. 181 at 5) and the Ninth Circuit have now both rejected. (Yesterday, the Ninth Circuit denied UBH's 23(f) petition. Order, No. 16-80164 (9th Cir. Mar. 2, 2017), ECF No. 6.) UBH's refusal to accept these decisions should be rejected

(again). The surcharge and reprocessing relief Plaintiffs seek is not "individualized" and a judgment in this case would not preclude a class member from pursuing, in a separate action, any claims other than those asserted by the classes, namely that UBH (1) breached its fiduciary duties by developing and using coverage Guidelines inconsistent with generally accepted standards of care, and (2) improperly denied class members' claims because it used those overly restrictive Guidelines in doing so. The Court obviously should decline UBH's invitation to revisit its findings.

UBH's only other arguments are based entirely on a mischaracterization of the relief Plaintiffs seek through surcharge and reprocessing.

### A. Class Members Would Have Nothing To Gain From Opting Out Of Plaintiffs' Request For A Surcharge.

UBH argues that "due process" requires an opportunity for class members to opt out of the requested surcharge because that remedy is a form of "individualized relief." Def.'s Br. at 6. But the surcharge Plaintiffs seek is not "individualized," nor does it require an opt-out right.

UBH starts off by arguing that Plaintiffs are seeking, through the surcharge, to "return class members to status quo." *Id.* at 7.[1] But Plaintiffs have specifically *disclaimed* that measure of surcharge (*i.e.*, the class members' losses). Instead, the surcharge they seek is disgorgement by UBH of *its* unjust *gain*, as Plaintiffs have repeatedly made clear, including in the very sentence of

[1] UBH also incorrectly asserts that, in the *Alexander* case, Plaintiffs do not seek a surcharge "as a remedy for Claim One." Def.'s Br. at 2. This argument is beside the point, as it has nothing to do with whether an opt-out procedure is necessary in this case. In any event, although the *Alexander* complaint specifically mentions surcharge with reference to Count IV, Plaintiffs have repeatedly made clear, including in their motion for class certification, that they seek a surcharge remedy pursuant to both Claim One and Claim Two, and have never drawn any distinctions between the remedies they seek in the two cases. *See, e.g.*, Pls.' Mot. for Class Cert. (*Wit* ECF No. 143-3) at 21 n.14, 22; Joint Case Mgmt. Statement (*Alexander* ECF No. 41 at 11; Class Cert. Reply at 16. The Court also made this clear in its certification order. Class Cert. Order at 11:10-11. Even UBH, in its opposition to Plaintiffs' class certification motion, considered Plaintiffs' request for a surcharge as applying equally to both cases. *Wit* ECF No. 149 at 30:7-14. Moreover, in both cases, Plaintiffs' complaints expressly request not only the particular identified remedies, but also "such other and further relief as is just and proper." *Alexander* Compl. (ECF No. 1) at 52 ¶ I; *Wit* First Am. Compl. (ECF No. 39) at 66 ¶ K. In any event, if the Court, at some later stage, were to conclude that the *Alexander* complaint did not sufficiently put UBH on notice of Plaintiffs' surcharge claim, Plaintiffs will move to amend the complaint under Rule 15, and UBH will have no basis to claim prejudice, for those same reasons.

the filing UBH cites. *Id.* at 6 ("Plaintiffs seek a surcharge to disgorge from UBH the unjust benefit it received due to its inequitable conduct.") (quoting Class Cert. Reply at 16:8-11). Disgorging from UBH its unjust enrichment does not require any particularized, individual findings; to the contrary, as an equitable remedy, disgorgement need only reflect a "*reasonable approximation* of the amount of the wrongful gain." Restatement (Third) of Restitution and Unjust Enrichment ("Restatement") § 51(5)(d) (2011) (emphasis added). *See also id.* cmt. i ("[T]he claimant's burden of proof . . . is ordinarily met as soon as the claimant presents a coherent theory of recovery in unjust enrichment."). In short, there is nothing individualized about determining how much UBH has earned from its administration of the Plaintiffs' plans.

UBH's argument is really that it has a defense to the surcharge remedy—that it should be permitted to offset "the amount of other benefits that each class member actually received"—that makes the surcharge "individualized." Def.'s Br. at 7. But this argument misses the point about what the surcharge is, and why UBH's retention of its revenue associated with administering the class members' plans is unjust, even if UBH approved *other* claims submitted by class members. **First**, UBH was paid to serve as a faithful fiduciary, developing guidelines and administering benefits consistent with the requirements of class members' plans. Once Plaintiffs prove that UBH *breached* those duties, equity will require UBH to disgorge the revenues associated with administering those plans, even if it happens that UBH "approved" some other, different claims. **Second**, as discussed below, it would be inequitable to permit UBH, in reprocessing the claims that it denied under the Guidelines, to "offset" additional benefits by (1) going back and finding prior, different claims that UBH *approved*, (2) reversing those claims (*i.e.*, reversing its own prior determinations that the treatments were medically necessary), and then (3) stripping those previously approved benefits by "offsetting" them against the reprocessed claims (also for medically necessary care).

Finally, UBH also suggests that an opt-out right is necessary to protect class members who might wish to bring "individual claims for monetary relief for guidelines-based benefits denials that are different from or in addition to the surcharge remedy plaintiffs seek." Def.'s Br. at 7. As an initial matter, monetary damages as such are not available under ERISA. *See McLeod*

*v. Oregon Lithoprint Inc.*, 102 F.3d 376, 378 (9th Cir. 1996). Thus, what UBH seems to have in mind is a class member who, in an individual ERISA case, might choose to request, *as a surcharge*, the amount the person paid out of pocket for services as to which UBH denied coverage. But that person, as a member of this class, would get that relief through reprocessing: if under revised Guidelines the person would have been entitled to coverage for services that he or she paid for out of pocket, the person will be entitled to those benefits after reprocessing. Thus, this argument is illusory as well.

**B. Reprocessing Also Does Not Require An Opt-Out Right Because UBH Will Not Be Allowed To Use It To Further Harm Class Members.**

The only argument UBH makes about the reprocessing remedy that is not a rehash of its previously rejected arguments is the equally shocking contention that if the Court enters judgment for Plaintiffs, and finds that UBH has breached its fiduciary duties and unlawfully denied class members' claims by applying illegally restrictive guidelines, UBH will then be free, upon remand of the claims to UBH (*i.e.*, through reprocessing) to "offset" any additional benefits it must pay against other claims that it "*approved*." Def.'s Br. at 7. UBH previously pushed this argument in its proposed class notice, which it argued should include the following language:

> Reprocessing a benefit denial could also result in a different coverage decision that provides for fewer benefits than were previously approved if: (1) UBH previously denied a request for residential treatment services but approved coverage of alternative treatments services; and (2) on reprocessing, UBH determines that the Class member was not entitled to the treatment services originally requested by the Class member or the alternative benefit UBH previously approved.

*Wit* ECF No. 189-9.

This argument is not only offensive; it is illusory and wrong.

**First**, it is outrageous to suggest that when the Court orders UBH to reprocess a claim that it denied, UBH will be entitled to find some different claim, for a different service – one that UBH already determined was for *medically necessary* care – and to reverse that approval and retroactively deny that different claim and then claw that back through "set off." If a given treatment was so clearly necessary that even UBH approved it for coverage, it defies belief that,

after being found to have breached its fiduciary duties and being enjoined from applying its Guidelines, it would be lawful for UBH to retroactively deny class members' other claims that it had previously approved.

**Second**, this case is about UBH's adoption and application of Guidelines that are overly *restrictive*. The remedy Plaintiffs will seek is reformation of the Guidelines to make them consistent with generally accepted standards – meaning that the reformed Guidelines will necessarily be *less* restrictive. It is inconceivable to Plaintiffs that faithful application of less restrictive Guidelines could actually result in UBH somehow denying *more* benefits than it previously denied to the class members.

**Third,** as noted above, the Court will have broad discretion in crafting an appropriate injunction in this case. *See, e.g.*, *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1185-86 (9th Cir. 2004) (upholding, as "appropriate equitable relief," a detailed injunction the district court had "fashioned" in order to "put[] them in the position they would have been had Chevron not breached its fiduciary duty"). Since it is now clear that UBH intends to subvert the remedial process and use reprocessing to further harm class members, the Court should bear that intention in mind when – at the conclusion of the case – the parties will brief the exact contours of injunctive relief requiring reprocessing.

For these reasons, UBH's suggestion that class members could be "harmed" by reprocessing are not only illusory, but reveals the lengths to which UBH is willing to go to avoid the fair and reasonable consequences of its serious and ongoing breaches of fiduciary duty.

**II. If The Court Grants An Opt-Out Right, It Has Discretion On How To Fashion It.**

For the reasons stated here and previously, no opt-out right is necessary to protect class members' rights. But if the Court *does* provide an opt-out procedure—either because the case remains certified under (b)(3), or because the Court exercises its discretion to permit opt-outs under (b)(1) and (b)(2)—there also remains the question whether class members should be permitted to opt out of the case as a whole, or only particular remedies. The Court has wide discretion on that question. *See* Pls.' Mem. at 3-4. If the Court does provide for an opt-out procedure, Plaintiffs submit that the clearest, most straightforward approach would be to allow

class members to opt out of the case as a whole. Plaintiffs submit that individual lawsuits to separately pursue remedies that are otherwise available through this case would be highly inefficient and would unnecessarily burden the courts. Moreover, providing such a procedure may create some confusion – particularly because class members already remain free to pursue *different* claims.

To be sure, the declaratory and prospective injunctive relief Plaintiffs seek would apply across the board, to all current and future UBH beneficiaries—which is why UBH concedes that at least those remedies are best understood within the framework of (b)(1) and (b)(2). Def.'s Br. at 5-6. But any perceived tension between the "mandatory" nature of those remedies, and a right of class members to opt out of the case as a whole, dissipates when considering that, either way, the new Guidelines the Court will impose will not only benefit class members (whose claims UBH denied), but also many, many non-class members (such as those who may make claims in the future). Allowing class members to "opt out" of the case as a whole—as opposed to only specified remedies—would simply put them in the same position, with respect to prospective relief, as non-class members.

**III. Notice**

In their brief, Defendants also address the timing and content of class notice. *Id.* at 9-12. Plaintiffs did not understand the Court to be requesting additional briefing on these issues, or on whether notice should issue at all. But especially with the Ninth Circuit now having denied UBH's 23(f) petition, Plaintiffs take this opportunity to make two points.

***First***, for all the same reasons that no opt-out right is necessary in this case (*see* Pls.' Mem. at 4-7, and § I, *supra*), the Court need not direct notice to the class at all. Different notice (and opt-out) rules will apply, of course, if the case continues to proceed under subsection (b)(3) (*see* Fed. R. Civ. P. 23(c)(2)(B)), and may apply if parties later reach a settlement (*see* Fed. R. Civ. P. 23(e)(1)). Notice would be mandatory in those circumstances.

But if the Court accepts Plaintiffs' suggestion that the case proceed solely under subsections (b)(1) and/or (b)(2) (*see* Pls.' Mem. at 4-7), then no notice is necessary. The principal purpose of class notice is to inform class members, where they have an opt-out right, of

that right. Indeed, that is why it is entirely a discretionary matter under Rule 23 whether notice is issued in a class action certified solely under subsections (b)(1) and/or (b)(2). Fed. R. Civ. P. 23(c)(2)(A). *See* William Rubenstein *et al.*, *Newberg on Class Actions* § 8:2 (5th ed. 2013) ("[G]iven that there is no right to opt out of (b)(1) and (b)(2) class actions, certification notice is discretionary."); *id.* § 8:3 ("[M]ost courts require notice only in exceptional circumstances where due process concerns argue in favor of it.").

***Second***, if the Court elects to continue to administer this case under (b)(3) (which would make class notice mandatory), or to proceed only under (b)(1) and (b)(2) (but exercise its discretion to issue class notice), Plaintiffs request an opportunity to submit revised class notices. Any class notice should make more clear that class members would not be precluded from asserting any claims other than those that have been certified. And a (b)(1)/(b)(2)-only notice obviously would require deleting section 6 (the opt-out section) from the proposed notices, and likely would require other modifications as well.

## IV. Conclusion

For these reasons and those previously stated, an opt-out procedure is not necessary in this case, and the Court should amend its order granting class certification to proceed only under Rule 23(b)(1) and (b)(2), and not under Rule 23(b)(3).

Dated: March 3, 2017

Respectfully submitted,

*/s/ Caroline E. Reynolds*

D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Meiram Bendat (Cal. Bar No. 198884)
PSYCH-APPEAL, INC.
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

Caroline E. Reynolds (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
creynolds@zuckerman.com

Martin S. Himeles, Jr. (admitted *pro hac vice*)
Daniel P. Moylan (admitted *pro hac vice*)
Adam B. Abelson (admitted *pro hac vice*)
ZUCKERMAN SPAEDER LLP
100 E. Pratt St., Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
mhimeles@zuckerman.com
dmoylan@zuckerman.com
aabelson@zuckerman.com

*Attorneys for Plaintiffs*