1

2

3

4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    DAVID WIT, et al.,                          Case No.  14-cv-02346-JCS
                                                 Related Case No. 14-cv-05337 JCS
              Plaintiffs,

8         v.                                     **ORDER RE JOINT MOTION FOR
                                                 APPROVAL OF NOTICE PLAN AND
9                                                AMEND CLASS DEFINITIONS**

10   UNITED BEHAVIORAL HEALTH,
                                                 Dkt. No. 189 (Case No. 14-cv-02346-JCS)
              Defendant.                         Dkt. No. 174 (Case No. 14-cv-05337-JCS)

11

*United States District Court
Northern District of California*

## I.     INTRODUCTION

On September 19, 2016, the Court granted Plaintiffs' Motion for Class Certification in these related cases,[1] certifying two classes in the *Wit* case and one in *Alexander.*  Subsequently, the Court denied Defendant UBH's request to reconsider its order or to certify the order for interlocutory review.  On October 26, 2016, UBH filed with the Ninth Circuit Court of Appeals a petition for leave to appeal pursuant to Rule 23(f) of the Federal Rules of Civil Procedure ("the Rule 23(f) Petition").  The Ninth Circuit denied the Rule 23(f) Petition on March 2, 2017. Presently before the Court is the parties' Joint Motion for Approval of Notice Plan and to Amend Class Definitions ("Motion").  A hearing on the Motion was held on February 3, 2017 at 9:30 a.m. and the parties submitted supplemental briefs following the hearing.[2]

## II.    BACKGROUND

### A.     The Motion

The parties have agreed to a Notice Plan that provides for notice to be mailed to each class

---

[1] The Court refers to Case No. 14-cv-02346-JCS as "*Wit*" or "the *Wit* case."  The Court refers to Case No. 14-cv-05337-JCS as "*Alexander*" or "the *Alexander* case."
[2] The parties have consented to the jurisdiction of the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

1  member.  Motion at 2 & Ex. A (Notice Plan).  Under that plan, notices are to be mailed by June

2  16, 2017 and the deadline to opt out is July 27, 2017 (40 days after the notices are mailed and one

3  day before the current dispositive motions date).   The Notice Plan provides that no new class

4  members will be added after June 1, 2017 and the parties have stipulated to amend the class

5  definitions consistent with that limitation.  Therefore, the Court GRANTS the motion to amend

6  the class definitions.  The parties disagree as to the form of notice, however.  *See* Motion Exs. B-

7  D (Plaintiffs' proposed notices) & Exs. E-G (UBH's proposed notices).

8      There are three primary disputes.  First, UBH has added the words "was owed benefits" to

9  Paragraph 2(a), summarizing Plaintiffs' claims.  *See* Motion, Exs. H-J (redline versions of

10  notices).   Plaintiffs contend these words improperly suggest that they must prove that each class

11  member was owed benefits.  Conversely, UBH contends this language accurately conveys the

12  nature of Plaintiffs' claims, which "require a showing that UBH's conduct caused absent class

13  members actual harm by denying them benefits to which they were otherwise entitled."  Motion at

14  6-7, 9.

15      Second, Plaintiffs assert UBH's proposed notices are complicated and confusing to the

16  extent that they attempt to draw "claim-by-claim" and "remedy-by-remedy" distinctions in

17  Paragraph 2(a).  Motion at 7.  In addition, Plaintiffs assert, UBH mistakenly states that the

18  surcharge remedy is sought only as to Claim One when in fact, it is sought as to both Claim One

19  and Claim Two.[3]  UBH argues that under Rule 23(b)(3), it is important to "clarify" the remedies

20  Plaintiffs are seeking for each alleged wrong so that class members will have enough information

21  to make an informed decision as to whether to opt out or remain in the class.  *Id*. at 9-10.

22      Finally, Plaintiffs object to language proposed by Defendants addressing the practical and

23  preclusive effects of both remaining in the class and opting out.  Plaintiffs particularly object to

24  proposed language at the end of Paragraph 2(a) stating that if UBH is ordered to reprocess

25  Plaintiffs' denied claims it might *also* revisit claims that were previously approved and reduce

26

27  ─────────────

28  [3] In the operative complaints, Plaintiffs assert two claims: 1) breach of fiduciary duty (the "Breach of Fiduciary Duty Claim" or "Claim One"); and 2) arbitrary and capricious denial of benefits ("the Arbitrary and Capricious Denial of Benefits Claim" or "Claim Two").

benefits on those claims. Plaintiffs contend it is improper to give notice of this possibility when it has not been addressed or approved by the Court. Furthermore, they assert, the notice is intended to inform class members of what remedies Plaintiffs are seeking, not what Defendants are seeking. *Id*. at 7. Defendants counter that due process requires Plaintiffs be informed of this risk. *Id*. at 11.

Plaintiffs also object to the statement in Paragraph 6, proposed by Defendants, that a class member who opts out will still be bound by the outcome of the litigation to the extent the Guidelines are changed. Motion at 7. According to Plaintiffs, that statement is contrary to the law and will confuse class members. *Id*. at 6-7. UBH, on the other hand, contends it is undeniable that some of the injunctive and declaratory relief sought on the Breach of Fiduciary Duty Claim would apply to all class members regardless of whether they opt out of the class; UBH argues class members should be informed of this fact. *Id*. at 12-13.

Also incorrect, according to Plaintiffs, is language proposed by Defendants informing class members that they may be precluded from asserting other claims that are not being pursued by the class, under the doctrine of *res judicata*. *Id*. at 8. That statement is contrary to current law, Plaintiffs assert. *Id*. at 8 n. 4 (citing *Akootchook v. United States*, 271 F.3d 1160, 1165 n. 24 (9th Cir. 2001)). UBH argues that the *res judicata* effect of participating in this lawsuit may be broader than suggested in Plaintiffs' proposed notice. *Id*. at 11 (citing *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir. 1992)).

### B.    The Supplemental Briefs

At the February 3, 2017 hearing, the Court opined that some of the disputes regarding the proposed notices turn on the specific nature of the relief Plaintiffs intend to seek and the related question of what claims or remedies, if any, class members should be permitted to opt out of. The parties filed supplemental briefs addressing these questions following the hearing.

In Plaintiffs' supplemental briefs, they suggest that the Court could drop the Rule 23(b)(3) certification because none of the remedies they seek requires individualized inquiries and all can be awarded under Rule 23(b)(1) and (2). Were the Court to decertify the classes under Rule 23(b)(3), notice could be dispenses with altogether, they contend. In the alternative, Plaintiffs propose that to the extent the Court finds that the surcharge and reprocessing remedies are forms

of relief that may be awarded only under Rule 23(b)(3), class members should be permitted to opt out of the action altogether – an approach they contend will be more easily understood by class members than permitting them to opt out of specific remedies.  Plaintiffs agree with UBH, however, that any declaratory judgment and prospective injunctive relief will apply to all future claims, regardless of whether or not an individual opted out of the *Wit* or *Alexander* classes.

Defendants reject Plaintiffs' assertion that the surcharge and reprocessing remedies can be awarded under Rule 23(b)(1) or (2), arguing that both require individualized inquiries and that class members must be given an opportunity to opt out of them.  They agree with Plaintiffs that the declaratory relief they seek, and any prospective injunctive relief awarded, will be binding on all class members regardless of whether or not they opt out.

## III.   ANALYSIS

### A.   Legal Standards

Pursuant to Rule 23, "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court *may* direct appropriate notice to the class."  Fed. R. Civ. P. 23(c)(2)(A).  In addition, where a class has been certified under Rule 23(b)(3), "the court *must* direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B) (emphasis added).  The notice required for Rule 23(b)(3) classes must state "clearly and concisely . . .  in plain, easily understood language:"

(i)  the nature of the action;

(ii)   the definition of the class certified;

(iii)  the class claims, issues, or defenses;

(iv)  that a class member may enter an appearance through an attorney if the member so desires;

(v)  that the court will exclude from the class any member who requests exclusion;

(vi)  the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Ninth Circuit has explained that the adequacy of notice to Rule 23(b)(3) class members is measured with reference to due process. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998) ("All class members in a Rule 23(b)(3) action are entitled to due process, including notice) (citing *Phillips Petroleum v. Shutts*, 472 U.S. 797, 810–813, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985)). The right of a Rule 23(b)(3) class member to due process "include[s] an opportunity to be excluded from the action." *Id*. In particular, Rule 23(b)(3) class members "have the right to intelligently and individually choose whether to continue in a suit as class members." *Id*. (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–77 (1974)). According to Newberg on Class Actions, "[t]he Manual for Complex Litigation augments Rule 23's list by noting that 'sufficient information about the case should be provided to enable class members to make an informed decision about their participation' and suggesting that the notice . . . explain any risks and benefits of retaining class membership and opting out, while emphasizing that the court has not ruled on the merits of any claims or defenses." Newberg on Class Actions § 8:12 (5th ed.).

### B.   Description of Claims and Remedies

#### 1.   "They were owed"

UBH contends the description of Plaintiffs' claims, in Paragraph 2(a), must include the following statement: "Plaintiffs claim that UBH violated ERISA in two ways: . . . (2) by using its Guidelines to deny the Class members' claims for benefits **they were owed** for residential treatment for a mental illness or substance use disorder, which made the denials arbitrary and capricious." The dispute relates to the language in bold, which UBH contends is "critical" to the class members' understanding of the nature of Plaintiffs' claims. In particular, this language is offered in order to inform the class members that Plaintiffs' claims "require a showing that UBH's conduct caused absent class members actual harm by denying them benefits to which they were otherwise entitled." The Court finds this language to be unnecessary and potentially confusing.

First, the Class Notice is to be written in "plain" language so that it can be "easily understood." The words UBH seeks to insert will not add to the class members' understanding of Plaintiffs' claims – the distinction UBH seeks to draw between denial of class members' "claims

for benefits for residential treatment" (Plaintiffs' proposed language) and denial of their "claims for benefits they were owed for residential treatment" is simply too subtle.  While counsel and the Court may understand that the additional language refers to one of UBH's arguments in this case, it is unlikely that these words will contribute to the class members' understanding of the claims.

Second, UBH's assertion that the claims require that the absent class must have suffered actual harm in the form of denial of benefits is inconsistent with the Court's ruling in the Class Certification Order.  In that Order, the Court found that the relevant harm alleged in Plaintiffs' claims was procedural, namely, the application of allegedly faulty Guidelines in adjudicating their claims.  *See* Class Certification Order at 31 ("The harm alleged by Plaintiffs – the promulgation and application of defective guidelines to the putative class members – is common to all of the putative class members.")

Therefore, the Court rejects UBH's request to include this proposed language in the class notice.

### 2. "Claim-by-claim," "remedy-by-remedy"

UBH seeks to identify the specific remedies sought by Plaintiffs for each of Plaintiffs' claims.  *See* Paragraph 2(a) (second paragraph of section).  The Court agrees with Plaintiffs that this description of the claims is not likely to be useful to class members and will more likely create confusion given the significant overlap between the two claims and the remedies sought on each claim.  As discussed further below, the class members' ability to opt out (or not) turns on the nature of the remedies Plaintiffs' seek rather than the underlying claims.  Therefore, the Court concludes Plaintiffs' proposed description of the claims in Paragraph 2(a) of the Notices should be used rather than Defendants' description of the claims.

### C. Possibility of Losing Other Benefits if Claims are Reprocessed under New Guidelines

At the end of Paragraph 2(a) of the Notice, UBH seeks to include the following language:

> Reprocessing a benefit denial could also result in a different coverage decision that provides for fewer benefits than were previously approved if: (1) UBH previously denied a request for residential treatment services but approved coverage of alternative treatments services; and (2) on reprocessing, UBH determines that the Class member was not entitled to the treatment services

United States District Court
Northern District of California

1     originally requested by the Class member or the alternative benefit
     UBH previously approved.

2 Motion, Exs. E-G.  Plaintiffs' proposed description of the reprocessing remedy is simpler, stating

3 as follows:

4     If the Court orders UBH to reprocess Class members' benefit
     claims, that reprocessing could result in a different coverage

5     decision and additional payment of benefits, but there is no
     guarantee that UBH will approve any Class member's request for

6     coverage or pay additional benefits as the result of reprocessing.

7 Motion, Exs. B-D.   Plaintiffs strongly object to UBH's version to the extent that it raises the

8 specter that participation in this action could result in class members' actually being held liable for

9 treatment that UBH previously approved as an alternative to residential treatment.  The Court

10 agrees that the version proposed by UBH is inappropriate.

11   UBH contends this language should be included as a matter of due process because a class

12 member must have sufficient information about the risks of participation to make an informed

13 choice about whether to participate.   Motion at 11 ("Under Rule 23(c)(2) and basic standards of

14 due process, Class members must be informed of that risk before they make a decision about their

15 participation in this lawsuit.").  Neither UBH nor Plaintiffs cite any case that is factually on point,

16 or even that sets forth any guidelines that might assist the Court in evaluating this issue.  The

17 Court assumes, however, without deciding, that a class member has a due process right to be

18 informed in the class notice if there is a possibility that is more than remote that he or she could

19 not only fail to receive an award of denied benefits but also retroactively lose coverage for other

20 treatment already received as a result of participating in the action.  Here, however, UBH has

21 pointed to no authority suggesting to the Court that the scenario described in the Notice is likely to

22 occur.

23   UBH states that Plaintiffs "conceded that UBH would have discretion to conduct a full

24 review of each class members' entitlement to benefits," citing Plaintiffs' Reply brief on its Class

25 Certification Motion, Docket No. 153 at 6.  In the cited section, Plaintiffs argued that the class

26 claims would not require individualized inquiries about each class member's denied claim because

27 "reprocessing is the preferred form of judicial relief when a denial is determined to be arbitrary."

28 Nothing in the cited passage, however, addresses whether UBH would be permitted to reopen

United States District Court
Northern District of California

benefits determinations granting coverage as to treatments *other* than the residential treatment that is the subject of Plaintiffs' claims.   Certainly, Plaintiffs have not conceded that such a remedy would be appropriate.  Although the Court does not decide the question of whether such a remedy could ever be appropriate, UBH's failure to point to any case in which such a remedy has been awarded persuades the Court that the likelihood of the scenario described in UBH's version of the Notice actually occurring is remote.  Therefore, the Court declines to include this language and instead adopts the language proposed by Plaintiffs quoted above.

**D.   *Res Judicata* Effect of Judgment**

Plaintiffs challenge language in Paragraphs 5 and 6 of the Notice proposed by UBH that they contend informs "class members that they may be precluded from asserting other claims that are not being pursued by the class under the doctrine of *res judicata*."  Motion at 8.   The language in Paragraph 5 to which Plaintiffs object is the following paragraph proposed by UBH:

> It is also possible that if you do nothing now and remain in the Class, you may be precluded from suing UBH as part of any other lawsuit asserting claims that could have been, but were not, raised in this lawsuit. Participating in this action as a Class member could mean that you will be unable to sue UBH based on claims that UBH created and adopted Guidelines that were flawed for any reason, or that UBH's decision to deny a benefit request between May 22, 2011 and June 1, 2017 for residential treatment of a mental illness or substance use disorder was improper for any reason.

Motion, Exs. E-G.  The language in Paragraph 6 to which Plaintiffs object is the sentence:  "Even if you choose to be excluded from the class in this case, you may also give up rights to other claims that could have been, but were not, raised in this lawsuit based on assertions that UBH breached a fiduciary duty by developing inappropriate Guidelines."

UBH proposes the language in Paragraph 5 on the basis that "Class members may be precluded from bringing any future litigation challenging their denial of benefits – even if that challenge is premised on a different theory of wrongdoing than Plaintiffs' narrow guideline theory – because the operative 'cause of action' is the benefit denial itself, not the specific basis for the denial." Motion  at 11-12;  *see also*  Rule 23(f) Petition at 15-16.   UBH acknowledges that the Court already rejected the same argument in its order denying the motion to reconsider.  In particular, in that Order, the undersigned stated:

United States District Court
Northern District of California

1
2
3
4
5
6
7

> UBH's argument that the alleged narrowing of Plaintiffs' claims will result in manifest injustice to absent class members is unpersuasive given that under the doctrine of res judicata adjudication of claims that are common to a class does not preclude subsequent litigation of individual claims that were not pursued by the class. *See* *Akootchook v. United States*, 271 F.3d 1160, 1164 (9th Cir. 2001) (holding that adjudication of class claims did not preclude class members from subsequently pursuing individual claims and noting that a contrary result "would destroy the purpose of class actions under Rule 23(b)(2) [because] [i]f all class members had to bring their own individual claims in addition to the common class claims, it would destroy the efficiency of having class actions and reduce the benefit of joining such a suit.").

*See* Docket No. 181 at 5. Because the Court has already concluded that UBH's position does not comport with current law of *res judicata*, it declines to include the language requested by UBH in the Notice.

### E.   Exclusion from the Class

Paragraph 6 of the proposed Notices addresses the implications of remaining in the class as opposed to opting out of it. The difficulty here is that while the Court has certified a "hybrid" class action by certifying the proposed classes under Rule 23(b)(3) (which typically involves claims for individualized relief such as money damages) and Rule 23(b)(1) and (2) (which typically involve mandatory injunctive or declaratory relief that is binding on all class members), the Plaintiffs did not request – and the Court did not create – separate classes that differentiate between the (b)(3) remedies and the (b)(1) and (b)(2) remedies. *See* Newberg on Class Actions § 4:38 (5th ed.) at163-64. The parties agree that the injunctive and declaratory relief sought by Plaintiffs in the *Wit* and *Alexander* classes are most appropriately considered mandatory relief of the sort that is awarded to (b)(1) and (b)(2) classes, and therefore, as to these remedies, class members effectively cannot opt out, at least as to prospective injunctive relief. Their disagreement relates to the reprocessing and surcharge remedies.

Defendants contend both the reprocessing and the surcharge remedies involve individualized inquiries and can only be awarded on the basis of the (b)(3) certification (meaning that class members must be permitted to opt out of both remedies). Plaintiffs contend these remedies do not require individualized inquiries and that they could be awarded on the basis of the (b)(1) and (b)(2) certifications (meaning that class members need not be permitted to opt out of

United States District Court
Northern District of California

these remedies and notice is class notice optional).  In the alternative, Plaintiffs suggest that if the Court declines to decertify under Rule 23(b)(3), class members should be offered the option of opting out of the case altogether  rather than allowing them to out of these remedies individually.

The Court declines Plaintiffs' invitation to modify the basis for its class certification order. Further, the Court concludes that there sound reasons for treating the reprocessing and surcharge remedies as (b)(3) remedies that require notice and allow class members to opt out.  With respect to the reprocessing remedy, while Plaintiffs are correct that class members will not be barred from bringing separate actions asserting claims that were not addressed in this action even if they do *not* opt out of the class (as discussed above), a class member may nonetheless prefer to assert all of his or her claims relating to a denial of benefits in a single proceeding rather than having to go through two proceedings to challenge a denial of benefits.   As to the surcharge, while the Court is not persuaded by UBH's assertion that individualized inquiries will be required to assess the amount of the surcharge under the theory asserted by Plaintiffs in *Wit* and *Alexander*, *see* Class Certification Order at 53-54, it is possible that a class member might want to seek a surcharge based on a theory that the *Wit* and *Alexander* class representatives have dropped.  In particular, as Plaintiffs recognize in their supplemental reply brief, a class member "might choose to request, as a surcharge, the amount the person paid out of pocket for services as to which UBH denied coverage." *See* Case No. 14-2346, Docket No. 218 at 4.  Although Plaintiffs contend the same remedy could be obtained through the reprocessing remedy, there may be class members who would, due to the specific circumstances of the claim denial, prefer to forego any reprocessing remedy that may be ordered in this case in favor of a proceeding where they can assert all of their challenges in a single (or different) forum.  For these reasons, the Court finds that neither the reprocessing remedy nor the surcharge remedy is mandatory.   Further, because of the manageability problems (and potential confusion) that may arise from giving class members multiple options for opting out of specific remedies, the Court concludes that there should be only a single option offered to class members for opting out of the case as a whole.

**IV.     CONCLUSION**

    With this guidance, the parties are requested to meet and confer to draft wording for Paragraph 6 of the Notice that is consistent with the discussion above. The remaining sections of the Notices should be revised to reflect the Court's rulings in this Order.  The parties' stipulated Notices – or if they cannot agree, separate proposed Notices – shall be filed by **March 24, 2017**. If the parties cannot agree on the content of Paragraph 6, they may file a joint brief, not to exceed five pages, explaining the basis for their disagreements.

    **IT IS SO ORDERED.**

Dated:  March 9, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California