THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

CHRISTOPHER FLYNN (admitted *pro hac vice*)
cflynn@crowell.com
APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID WIT et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | Case No. 14-cv-02346 JCS <br> Related Case No. 14-cv-05337 JCS <br><br> STIPULATION AND [PROPOSED] ORDER REGARDING AMENDMENT OF DATE LIMITATION OF *ALEXANDER* GUIDELINE CLASS DEFINITION <br><br> [Civil L.Rs. 6-1, 16-2(e)] |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 1 | **GARY ALEXANDER et al.,** |
| 2 | Plaintiffs, |
| 3 | v. |
| 4 | **UNITED BEHAVIORAL HEALTH,** |
| 5 | Defendant. |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

## STIPULATION

Consistent with Civil Local Rules 6-1(b) and 7-12, the parties in the above-captioned cases stipulate as follows to amend the date limitation in the *Alexander* Guideline Class definition:

**WHEREAS** Plaintiffs David Wit, Natasha Wit, and Brian Muir filed a putative class action complaint against Defendants United Healthcare Insurance Company and United Behavioral Health ("UBH") on May 21, 2014 ("the *Wit* lawsuit");

**WHEREAS** Plaintiffs Gary Alexander, Corinna Klein, and David Haffner filed a putative class action complaint against Defendant UBH on December 4, 2014 ("the *Alexander* lawsuit");

**WHEREAS** the Court granted Plaintiffs' motion to relate the *Wit* lawsuit and the *Alexander* lawsuit on January 22, 2015;

**WHEREAS** the Court granted Plaintiffs' motion for class certification on September 19, 2016;

**WHEREAS** the Court approved the parties' stipulation regarding class notice on April 3, 2017, including a proposed class notice incorporating the following definition for the *Alexander* Guideline Class:

> Any member of a health benefit plan governed by ERISA whose request for coverage of outpatient or intensive outpatient services for a mental illness or substance use disorder was denied by UBH, in whole or in part, between May 22, 2011 and June 1, 2017, based upon UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines.
>
> The *Alexander* Guideline Class excludes any member of a fully insured plan governed by both ERISA and the state law of Connecticut, Illinois, Rhode Island or Texas, whose request for coverage of intensive outpatient treatment or outpatient treatment related to a substance use disorder.;

and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

**WHEREAS** under the applicable statute of limitations the *Alexander* Guideline Class definition should be changed as follows:

> Any member of a health benefit plan governed by ERISA whose request for coverage of outpatient or intensive outpatient services for a mental illness or substance use disorder was denied by UBH, in whole or in part, between ~~May 22, 2011~~ December 4, 2011 and June 1, 2017, based upon UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines.
>
> The *Alexander* Guideline Class excludes any member of a fully insured plan governed by both ERISA and the state law of Connecticut, Illinois, Rhode Island or Texas, whose request for coverage of intensive outpatient treatment or outpatient treatment related to a substance use disorder.;

**THE PARTIES HEREBY STIPULATE AND AGREE** that, subject to the Court's approval:

The *Alexander* Guideline Class definition shall now be for all purposes, including for purposes of class notification, as follows:

> Any member of a health benefit plan governed by ERISA whose request for coverage of outpatient or intensive outpatient services for a mental illness or substance use disorder was denied by UBH, in whole or in part, between December 4, 2011 and June 1, 2017, based upon UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines.
>
> The *Alexander* Guideline Class excludes any member of a fully insured plan governed by both ERISA and the state law of Connecticut, Illinois, Rhode Island or Texas, whose request for coverage of intensive outpatient treatment or outpatient treatment related to a substance use disorder.

Dated: June 5, 2017    **CROWELL & MORING LLP**

/s/ *Jennifer S. Romano*

Jennifer S. Romano

Attorneys for UNITED BEHAVIORAL HEALTH

Dated: June 5, 2017    **ZUCKERMAN SPAEDER LLP**

/s/ *Caroline E. Reynolds*

Caroline E. Reynolds

Attorneys for CLASS PLAINTIFFS

## ATTESTATION

Consistent with Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated: June 5, 2017  **CROWELL & MORING LLP**

*/s/ Jennifer S. Romano*

Jennifer S. Romano

Attorneys for UNITED BEHAVIORAL HEALTH

# [PROPOSED] ORDER

Consistent with the parties' June 5, 2017 stipulation, the Court hereby ORDERS that the *Alexander* Guideline Class Definition shall be amended for all purposes in this litigation as follows:

> Any member of a health benefit plan governed by ERISA whose request for coverage of outpatient or intensive outpatient services for a mental illness or substance use disorder was denied by UBH, in whole or in part, between December 4, 2011 and June 1, 2017, based upon UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines.
>
> The *Alexander* Guideline Class excludes any member of a fully insured plan governed by both ERISA and the state law of Connecticut, Illinois, Rhode Island or Texas, whose request for coverage of intensive outpatient treatment or outpatient treatment related to a substance use disorder.

Dated: June 8, 2018

_____
Honorable Joseph C. Spero
Chief United States Magistrate Judge