PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Caroline E. Reynolds (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 822-8106
creynolds@zuckerman.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al., | Case No. 3:14-CV-02346-JCS |
| Plaintiffs, | |
| v. | |
| UNITED BEHAVIORAL HEALTH, | |
| Defendant. | |
| GARY ALEXANDER, et al., | Case No. 3:14-CV-05337-JCS |
| Plaintiffs, | |
| v. | **STIPULATIONS OF FACT** |
| UNITED BEHAVIORAL HEALTH, | |
| Defendant. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>RECITALS</u>**

WHEREAS, on May 8, 2017, the Court ordered the parties to file a "joint case management conference statement with joint stipulations regarding appropriate groupings and which coverage determination guidelines incorporate which level of care guidelines."

WHEREAS, since then, the parties have met-and-conferred on numerous occasions via written correspondence and telephonic conferences about potential joint stipulations regarding the groupings of UBH's coverage determination guidelines.

WHEREAS, through stipulations and Court orders, the deadline to file joint stipulations regarding the groupings of coverage determination guidelines has been extended to June 9, 2017.

WHEREAS, Plaintiffs David and Natasha Wit, Brian Muir, Brandt Pfeifer, Lori Flanzraich, Cecilia Holdnak, Gary Alexander, Corinna Klein, and David Haffner (collectively "Plaintiffs") contend that each "Coverage Determination Guidelines" (or "CDGs") on Exhibit A incorporates the admission, continued stay and discharge criteria contained in the referenced "Level of Care Guidelines" (or "LOCGs" or "LOCs"), whether by cross-reference, by containing language identical to or substantially similar to the language in a specific Level of Care Guideline, or based on other evidence to be presented at trial.

WHEREAS, Plaintiffs contend that the groupings set forth in Exhibit A will streamline the presentation of evidence at trial because the CDGs are flawed to the same extent and for the same reasons as the LOCGs whose level of care criteria they incorporate, such that, if the Court determines that a referenced LOCG includes level of care criteria that are inconsistent with generally accepted standards of care such that UBH's use of that LOCG was improper, UBH's use of a CDG incorporating that LOCG was likewise improper.

WHEREAS, except for Coverage Determination Guidelines that relate specifically to substance use disorders (listed in Group 8, described below), or contain or refer to criteria for determining whether care is "custodial" (listed in Group 9, described below), Plaintiffs challenge the Coverage Determination Guidelines in these cases only to the extent that they incorporate a Level of Care Guideline (whether by cross-reference or otherwise).

WHEREAS, UBH disagrees that the various references to LOCGs in the CDGs that are

1  set forth in paragraphs 20-28, below, and in Exhibit A (a) incorporate the entirety of the

2  referenced LOCG(s) into the CDG such that the LOCG(s) is completely part of the CDG at issue

3  or (b) warrant imposing all the findings about the referenced LOCG(s) onto the CDG.

4         WHEREAS, UBH contends that the groupings set forth in paragraphs 20-28, below, and

5  in Exhibit A are not suitable to try this case on a classwide basis because, among other things,

6  even though portions of LOCGs are incorporated into or referenced in CDGs in varying and

7  differing degrees, there is not complete incorporation of all the terms of a particular LOCG into

8  all of the CDGs that are part of the same group.

9                            **STIPULATIONS OF FACT**

10        By and through their undersigned counsel of record, Plaintiffs David and Natasha Wit,

11 Brian Muir, Brandt Pfeifer, Lori Flanzraich, Cecilia Holdnak, Gary Alexander, Corinna Klein,

12 and David Haffner (collectively "Plaintiffs"), and Defendant United Behavioral Health ("UBH"),

13 admit, for the purposes of the above-captioned cases only, the truth of the definitions and facts set

14 forth below.

15                               **DEFINITIONS**

16    1.    "UBH" means defendant United Behavioral Health, whether or not operating as

17 OptumHealth Behavioral Solutions, along with each of its employees.

18    2.    "Plan" means an employer-sponsored health benefit plan governed by ERISA for

19 which UBH is/was responsible for making coverage determinations with respect to Requests for

20 Coverage for mental health or substance use disorder treatment during the Class Period.

21    3.    "Request for Coverage" means a request for insurance coverage under a Plan,

22 whether prospective or retrospective, for outpatient, intensive outpatient or residential treatment

23 for mental health conditions or substance use disorders.

24    4.    "Clinical Non-Coverage Determination" means any clinical denial of a Request for

25 Coverage, whether or not such denial or determination is/was final.

26    5.    "Member" means a Participant in or Beneficiary of a Plan, as defined in 29 U.S.C.

27 § 1002(7) & (8).

28    6.    "Peer Reviewer" means a physician or doctoral-level psychologist authorized by

UBH to make a Clinical Non-Coverage Determination.

7.      The word "include" (and any variations thereof) means including, but not limited to.

## **FACTS**

1.      Among other things, UBH administers insurance benefits for behavioral health services for various health benefit Plans.

2.      Behavioral health services include services for the specific diagnosis and treatment of mental health conditions or substance use disorders.

3.      UBH administers Requests for Coverage on behalf of Members of ERISA-governed health benefit Plans.

4.      At the time of each named Plaintiff's Non-Coverage Determination that gives rise to his or her claims in this action, as described in the Complaints, the Plaintiff's Plan was governed by ERISA.

5.      The specific terms and conditions of coverage for mental health and substance use disorder treatment administered by UBH are set forth in the Plan term documents for each Plan, including but not limited to the Certificate of Coverage and/or Summary Plan Description.

6.      UBH has created a set of clinical policies and guidelines, which include but are not limited to its LOCGs and its CDGs which are discussed further in ¶¶ 10-31, below.

7.      Before UBH issues a Clinical Non-Coverage Determination, it offers a peer review with a Peer Reviewer.

8.      If the Peer Reviewer makes a Clinical Non-Coverage Determination, UBH provides written notification of the determination to the Member and the provider.

9.      UBH's Peer Reviewers include their notes relating to each Clinical Non-Coverage Determination, the facts considered in making the determination, and the rationale for their decision, in electronic databases, including the LINX database and the PULSE database.  The LINX database and the PULSE database are sources for some of the clinical information that is in the ARTT database.

10.      The document produced by UBH with the bates number UBHWIT0014654 is a

1    true and correct copy of the Level of Care Guidelines in effect from March 28, 2011 to March 25,

2    2012 (hereafter, the "2011 Level of Care Guidelines").

3          11.    The document produced by UBH with the bates number UBHWIT0000001 is a

4    true and correct copy of the Level of Care Guidelines in effect from March 26, 2012 to March 18,

5    2013 (hereafter, the "2012 Level of Care Guidelines").

6          12.    The document produced by UBH with the bates number UBHWIT0000082 is a

7    true and correct copy of the Level of Care Guidelines in effect from March 19, 2013 to January

8    20, 2014 (hereafter, the "2013 Level of Care Guidelines").

9          13.    The document produced by UBH with the bates number UBHWIT0000170 is a

10   true and correct copy of the Level of Care Guidelines in effect from January 21, 2014 to January

11   19, 2015 (hereafter, the "2014 Level of Care Guidelines").

12         14.    The document produced by UBH with the bates number UBHWIT0354266 is a

13   true and correct copy of the Level of Care Guidelines in effect from January 20, 2015 to January

14   18, 2016 (hereafter, the "2015 Level of Care Guidelines").

15         15.    The document produced by UBH with the bates number UBHWIT0353748 is a

16   true and correct copy of the Level of Care Guidelines in effect from January 19, 2016 to June 20,

17   2016 (hereafter, the "January 2016 Level of Care Guidelines").

18         16.    The document produced by UBH with the bates number UBHWIT0656347 is a

19   true and correct copy of the Level of Care Guidelines in effect from June 20, 2016 to March 12,

20   2017 (hereafter, the "June 2016 Level of Care Guidelines").

21         17.    The document attached as Exhibit B is a true and correct copy of the Level of Care

22   Guidelines in effect from March 12, 2017 to the present (hereafter, the "2017 Level of Care

23   Guidelines").

24         18.    The documents attached as Exhibits C through H are true and correct copies of the

25   following Coverage Determination Guidelines:

26              a.   Exhibit C – Anxiety Disorders (effective February 1, 2017 to the present);

27              b.   Exhibit D – Disruptive, Impulse-Control & Conduct Disorders (effective February

28                  1, 2017 to the present);

c. Exhibit E – Bipolar and Related Disorders (effective May 1, 2017 to the present);

d. Exhibit F – Custodial care (inpatient & residential services) (effective March 1, 2017 to the present);

e. Exhibit G – Other Conditions That May Be a Focus of Clinical Attention (Previously V-Code Conditions) (effective May 1, 2017 to the present);

f. Exhibit H – Trauma- and Stressor-Related Disorders (effective May 1, 2017 to the present).

19. The chart attached hereto as Exhibit A is a list of all Level of Care Guidelines and certain Coverage Determination Guidelines in effect from May 22, 2011 through the present, each of which was produced by UBH with the bates numbers listed on the chart (with the exception of the 2017 Level of Care Guidelines and any CDGs listed with an end date of "Present," which Plaintiffs have obtained from UBH's website, www.providerexpress.com). Each document listed on the chart is a true and correct copy of the specified Level of Care Guidelines or Coverage Determination Guideline. The dates listed in the columns headed "Start Date" and "End Date" state the dates on which each listed guideline was in effect. Plaintiffs confirm that Exhibit A contains a complete list of all guidelines at issue in these related actions.

20. The guidelines in Plaintiffs' proposed "Group 1" are indicated on Exhibit A and are also listed in the Chart attached hereto as Exhibit A.1. The 2011 Level of Care Guidelines were in effect for at least some of the same period as the Coverage Determination Guidelines listed in Exhibit A.1, as reflected in the "Start Date" and "End Date" columns of the chart.

21. The guidelines in Plaintiffs' proposed "Group 2" are indicated on Exhibit A and are also listed in the Chart attached hereto as Exhibit A.2. The 2012 Level of Care Guidelines (a) were in effect for at least some of the same period as the Coverage Determination Guidelines listed in Exhibit A.2, as reflected in the "Start Date" and "End Date" columns of the chart, and/or (b) were specifically referenced in those Coverage Determination Guidelines. Some Coverage Determination Guidelines that are in "Group 2" were adopted after the 2012 Level of Care Guidelines were no longer in effect. Those Coverage Determination Guidelines are in "Group 2" based only on a reference or citation to the 2012 Level of Care Guidelines and are shown in the

1   attached Exhibit I, which duplicates information from Exhibit A for the Coverage Determination

2   Guidelines at issue, by green highlighting.

3        22.    The guidelines in Plaintiffs' proposed "Group 3" are indicated on Exhibit A and

4   are also listed in the Chart attached hereto as Exhibit A.3.  The 2013 Level of Care Guidelines (a)

5   were in effect for at least some of the same period as the Coverage Determination Guidelines

6   listed in Exhibit A.3, as reflected in the "Start Date" and "End Date" columns of the chart, and/or

7   (b) were specifically referenced in those Coverage Determination Guidelines.  Some Coverage

8   Determination Guidelines that are in "Group 3" were adopted after the 2013 Level of Care

9   Guidelines  no longer in effect.  Those Coverage Determination Guidelines are in "Group 3"

10  based only on a reference or citation to the 2013 Level of Care Guidelines and are shown in

11  Exhibit I by green highlighting.

12       23.    The guidelines in Plaintiffs' proposed "Group 4" are indicated on Exhibit A and

13  are also listed in the Chart attached hereto as Exhibit A.4.  The 2014 Level of Care Guidelines (a)

14  were in effect for at least some of the same period as the Coverage Determination Guidelines

15  listed in Exhibit A.4, as reflected in the "Start Date" and "End Date" columns of the chart, and/or

16  (b) were specifically referenced in those Coverage Determination Guidelines.  Some Coverage

17  Determination Guidelines that are in "Group 4" were adopted after the 2014 Level of Care

18  Guidelines were no longer in effect.  Those Coverage Determination Guidelines are in "Group 4"

19  based only on a reference or citation to the 2014 Level of Care Guidelines and are shown in

20  Exhibit I by green highlighting.

21       24.    The guidelines in Plaintiffs' proposed "Group 5" are indicated on Exhibit A and

22  are also listed in the Chart attached hereto as Exhibit A.5.  The 2015 Level of Care Guidelines (a)

23  were in effect for at least some of the same period as the Coverage Determination Guidelines

24  listed in Exhibit A.5, as reflected in the "Start Date" and "End Date" columns of the chart, and/or

25  (b) were specifically referenced in those Coverage Determination Guidelines.  Some Coverage

26  Determination Guidelines that are in "Group 5" were adopted after the 2015 Level of Care

27  Guidelines were no longer in effect.  Those Coverage Determination Guidelines are in "Group 5"

28  based only on a reference or citation to the 2015 Level of Care Guidelines and are shown in

1    Exhibit I by green highlighting.

2         25.    The guidelines in Plaintiffs' proposed "Group 6" are indicated on Exhibit A and

3    are also listed in the Chart attached hereto as Exhibit A.6.  The 2016 Level of Care Guidelines (a)

4    were in effect for at least some of the same period as the Coverage Determination Guidelines

5    listed in Exhibit A.6, as reflected in the "Start Date" and "End Date" columns of the chart, and/or

6    (b) were specifically referenced in those Coverage Determination Guidelines.  Some Coverage

7    Determination Guidelines that are in "Group 6" were adopted after the 2016 Level of Care

8    Guidelines were no longer in effect.  Those Coverage Determination Guidelines are in "Group 6"

9    based only on a reference or citation to the 2016 Level of Care Guidelines and are shown in

10   Exhibit I by green highlighting.

11        26.    The guidelines in Plaintiffs' proposed "Group 7" are indicated on Exhibit A and

12   are also listed in the Chart attached hereto as Exhibit A.7.  The 2017 Level of Care Guidelines

13   were in effect for at least some of the same period as the Coverage Determination Guidelines

14   listed in Exhibit A.7, as reflected in the "Start Date" and "End Date" columns of the chart.

15        27.    The chart attached hereto as Exhibit A.8, titled "Group 8," lists all UBH Level of

16   Care Guidelines and Coverage Determination Guidelines in effect at any point from May 22,

17   2011 through June 1, 2017 that contain or refer to level of care criteria for the treatment of

18   substance use disorders.

19        28.    The chart attached hereto as Exhibit A.9, titled "Group 9," lists all UBH Level of

20   Care Guidelines and Coverage Determination Guidelines in effect at any point from May 22,

21   2011 through June 1, 2017 that contain or refer to criteria for determining whether care is

22   "custodial."

23        29.    In addition to being in effect for at least some of the same period as the Level of

24   Care Guideline with the corresponding "Group" number(s) (as set forth in ¶¶ 19-27, above), each

25   of the Coverage Determination Guidelines listed in Exhibit A contains one or more references to

26   one or more Level of Care Guidelines.  The categories of reference language used in each CDG

27   are indicated in Columns O through V of Exhibit A.

28        30.    Where indicated by an "X," the specified CDG contains the identified category of

-7-

reference language, as follows:

    a.   An "X" in the column titled "LOCG Reference A" means that the Coverage Determination Guideline contains a reference to a Plan exclusion for services that are "not consistent with . . . [UBH's] level of care guidelines as modified from time to time" or an exclusion for services that is similar to it.

    b.   An "X" in the column titled "LOCG Reference B" means that the Coverage Determination Guideline contains the following language or language similar to it: UBH "maintains that treatment . . . should be consistent with its level of care guidelines . . . ."

    c.   An "X" in the column titled "LOCG Reference C" means that the Coverage Determination Guideline contains the following language or language similar to it: UBH "maintains clinical protocols that include the Level of Care Guidelines which describe the scientific evidence, prevailing medical standards and clinical guidelines supporting our determinations regarding treatment…[that are] available…upon request."

    d.   An "X" in the column titled "LOCG Reference D" means that the Coverage Determination Guideline contains the following language or language similar to it: UBH "maintains clinical protocols that describe the scientific evidence, prevailing medical standards and clinical guidelines supporting our determinations regarding [treatment/specific services]…[that are] available…upon request," but this language does not include the words, "Level of Care Guidelines."

    e.   An "X" in the column titled "LOCG Reference E" means that the Coverage Determination Guideline cites a Level of Care Guideline as support in a specific paragraph or paragraphs.

    f.   An "X" in the column titled "LOCG Reference F" means that the Coverage Determination Guideline contains language that is similar to the "Common Criteria" and/or language relating to various levels of care from a specific Level of Care Guideline.

g.  An "X" in the column titled "LOCG Reference G" means that the Coverage Determination Guideline contains all of the provisions of the "Common Criteria and Clinical Best Practices for All Levels of Care" section of UBH's 2015 and 2016 Level of Care Guidelines.

h.  An "X" in the column titled "LOCG Reference H" means that, among other language, the Coverage Determination Guideline includes a section entitled, "Level of Care Guidelines," which states:

> "Optum/ OptumHealthBehavioral Solutions of California Level of Care Guidelines are available at: https://www.providerexpress.com/content/ope-provexpr/us/en/clinical-resources/guidelines-policies/locg.html
>
> The Level of Care Guidelines are a set of objective and evidence-based behavioral health guidelines used to standardize coverage determinations, promote evidence-based practices, and support members' recovery, resiliency, and wellbeing."

In the version of each such Coverage Determination Guideline available on UBH's website, the citation in blue, above, operates as a hyperlink to the 2017 Level of Care Guidelines.

31.  The LOCGs and CDGs identified in paragraphs 10-18, above, and/or on Exhibit A are admissible into evidence at the trial of the above-captioned cases.

Dated:  June 9, 2017

*/s/ Caroline Reynolds*

*On Behalf of Plaintiffs*

*/s/ Nathanial Bualat*

*On Behalf of Defendant United Behavioral Health*

1

**FILER'S ATTESTATION**

2

3

      Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the

4

filing of this document has been obtained from the other signatories.

5

Dated: June 9, 2017                                        */s/ Caroline Reynolds*

6

                                         Caroline Reynolds

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28