THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
JOSEPH BUI (SBN 293256)
jbui@crowell.com
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

CHRISTOPHER FLYNN (admitted *pro hac vice*)
cflynn@crowell.com
APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID WIT et al.**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED BEHAVIORAL HEALTH**,<br><br>Defendant. | Case No. 14-cv-02346 JCS<br><br>**DEFENDANT UNITED BEHAVIORAL HEALTH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Hon. Joseph C. Spero<br><br>Hearing Date: July 28, 2017<br>Hearing Time: 9:30 a.m.<br>Courtroom: G |

| | |
|---|---|
| **GARY ALEXANDER et al.,**<br>Plaintiffs,<br>v.<br>**UNITED BEHAVIORAL HEALTH,**<br>Defendant. | Case No. 15-cv-05337 JCS |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Civil Local Rules 79-5(e) and 7-11(b) and the protective order ("Protective Order") entered by the Court in this action, Defendant United Behavioral Health ("UBH") hereby submits this Memorandum of Points and Authorities in support of Plaintiffs' pending administrative motion to seal certain documents in support of Plaintiffs' opposition to UBH's Motion for Summary Judgment. (*Wit* ECF No. 260; *Alexander* ECF No. 217.) Specifically, UBH files this Memorandum of Points and Authorities in support of Plaintiffs' motion to seal Exhibits 60 through 65, 74, and 76 to the Declaration of Caroline E. Reynolds in Opposition to UBH's Motion for Summary Judgment ("Reynolds Declaration").[1] UBH also files this Memorandum of Points and Authorities in support of Plaintiffs' motion to seal portions of Plaintiffs' Memorandum of Points and Authorities in Opposition to UBH's Motion for Summary Judgment at page 20 footnote 26, and page 25, line 4, which reference the information contained in Exhibits 60 through 65, 74, and 76 of the Reynolds Declaration.

Compelling reasons exists for filing these nine documents partially or entirely under seal because each of them contains sensitive "business information that might harm [UBH's] competitive standing" if disclosed to the public. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Specifically, three exhibits to the Reynolds Declaration contain sensitive financial information, three contain sensitive information about UBH's confidential internal review processes, and two contain sensitive business information falling into both categories. Additionally, Plaintiffs opposition brief references sensitive information contained in all eight exhibits. Pursuant to Civil Local Rules 7-11(b) and 79-5(e), this Memorandum of Points and Authorities is accompanied by the Declarations of Jennifer S. Romano ("Romano Declaration"), Heather W. Catlin ("Catlin Declaration"), and Lorenzo Triana, M.D ("Triana Declaration"). The Romano, Catlin, and Triana Declarations identify the documents which are sought to be filed

[1] Plaintiffs also move to file additional documents under seal. (*Wit* ECF No. 260; *Alexander* ECF No. 217.) UBH does not oppose Plaintiffs' other requests, but files this Memorandum of Points and Authorities under Local Rule 7-11(b) specifically in support of the eight exhibits referenced herein.

under seal.

## I. Argument

First, Plaintiffs' motion to file under seal Exhibits 65, 74, and 76 – and the portions of Plaintiffs' Opposition to UBH's Motion for Summary Judgment discussing those exhibits – should be granted because these documents consist in their entirety of UBH's competitively-sensitive financial information, including summaries of UBH's annual profit, profit margin, pricing, and internal financial projections. This proprietary financial information is not publicly disclosed and could harm UBH's competitive standing if disclosed to the public. (Catlin Decl. ¶ 5.) Accordingly, there are "compelling reasons" to seal each of those three documents in their entirety pursuant to Civil Local Rule 79-5(b). *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (granting motion to seal under Civ. L.R. 79-5(b) because "pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard"); *accord In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("pricing terms, royalty rates, and guaranteed minimum payment terms" subject to sealing under "compelling reasons" standard because such financial "information…plainly falls within the definition of 'trade secrets.'").

Second, Plaintiffs' motion to file under seal Exhibits 60, 61, and 62 – and the portions of Plaintiffs' Opposition to UBH's Motion for Summary Judgment discussing those exhibits – should be granted because these documents consist in their entirety of UBH's competitively-sensitive information about its confidential internal process for considering potential changes to its guidelines, which is not publicly disclosed and could harm UBH's competitive standing if disclosed to the public. (Triana Decl. ¶ 5.) Accordingly, there are "compelling reasons" to seal each of those three documents in their entirety pursuant to Civil Local Rule 79-5(b). *See Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (granting motion to seal under Civ. L.R. 79-5(b) for email exchanges that contained "sensitive information about Apple's internal review process" under "compelling reasons" standard).

Finally, Plaintiffs' motion to file under seal Exhibits 63 and 64 – and the portions of Plaintiffs' Opposition to UBH's Motion for Summary Judgment discussing those exhibits – should be granted because these documents consist in their entirety of UBH's competitively-sensitive information about both its sensitive financial information and its confidential internal process for considering potential changes to its guidelines, neither of which is publicly disclosed and could harm UBH's competitive standing if disclosed to the public. (Catlin Decl. ¶ 5; Triana Decl. ¶ 5.) Accordingly, there are "compelling reasons" to seal both of those documents in their entirety pursuant to Civil Local Rule 79-5(b).

## II. Conclusion

For the reasons set above and in the Romano, Triana, and Catlin Declarations filed concurrently herewith, UBH requests that the Court grant Plaintiffs' Administrative Motion to Seal with respect to exhibits 60 through 65, 74, and 76, and with respect to Plaintiffs' Memorandum of Points and Authorities in Opposition to UBH's Motion for Summary Judgment at page 20 footnote 26, and page 25, line 4. (*Wit* ECF No. 260; *Alexander* ECF No. 217.)

Dated: June 20, 2017

CROWELL & MORING, LLP

/s/ *Jennifer S. Romano*
Christopher Flynn
Jennifer S. Romano
April N. Ross
Nathaniel P. Bualat
Attorneys for Defendant
United Behavioral Health