JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
JEFFREY H. RUTHERFORD (SBN 181695)
jrutherford@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DAVID WIT et al.,**

Plaintiffs,

v.

**UNITED BEHAVIORAL HEALTH,**

Defendant.

Case No. 14-cv-02346 JCS
Related Case No. 14-cv-05337 JCS

**DEFENDANT UNITED BEHAVIORAL HEALTH'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1**

Hon. Joseph C. Spero

Hearing Date: October 6, 2017
Hearing Time: 2:00 p.m.
Courtroom: G

**GARY ALEXANDER et al.,**

Plaintiffs,

v.

**UNITED BEHAVIORAL HEALTH,**

Defendant.

# I. INTRODUCTION

Plaintiffs move to exclude the following evidence on the ground that it is not relevant: "(1) the administrative records of 108 absent class members who were in the 'claims sample' at the class certification stage and (2) the plans for these absent class members." (Pl.'s MIL No. 1, at i:1-3.)

In this motion, Plaintiffs again concede, as they have throughout this case, that evidence about individualized benefit decisions, medical treatment, or clinical presentation is not relevant to proving their class-wide claims, because it is not evidence common to the Class. If this case proceeds to the trial on Plaintiffs' certified theories of liability, UBH agrees that the individualized circumstances of the Class members are irrelevant because that information "could only bear on the question of individual members' entitlement to benefits, which is not at issue" given how Plaintiffs have framed this case.[1] (Pl's MIL No. 1 at i:12-13.) In fact, UBH has also moved to exclude this same evidence. (*See* UBH MIL No. 1). Inexplicably, however, Plaintiffs seek an exception for their own administrative records detailing their own treatment, their own specific benefit determinations, and their own clinical presentations and symptoms.

To the extent Plaintiffs seek to exclude individualized evidence about the sample Class members while submitting evidence about their own individual circumstances, UBH opposes this motion, as it is improper cherry-picking. If Plaintiffs are allowed to introduce evidence of their own individual benefit decisions to prove UBH's conduct toward the Class as a whole, UBH must be permitted to rebut that evidence with evidence about the sample Class members who, unlike Plaintiffs, were not hand-picked by Plaintiffs' counsel, but instead randomly selected from the Class population. Plaintiffs' contrary argument misconstrues the nature of the Court's class certification holding, and seeks to divest Plaintiffs of their burden to prove common claims with

---

[1] UBH maintains that under both 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3), Plaintiffs must prove that at least one of the specific "flaws" they allege in the Guidelines actually affected the outcome of each Class members' benefit decision. Accordingly, UBH contends that individual evidence is not only relevant, but necessary to prove every Class member's claim, rendering this action inappropriate for class treatment. UBH recognizes that the Court disagrees and instead opposes Plaintiffs' motion based on Plaintiffs' position that such evidence is irrelevant to the narrow, process-only claims that will be tried in this case.

common evidence.

And to the extent Plaintiffs also seek to exclude evidence concerning the absent Class members' health benefit plans (which UBH has not moved to exclude), that evidence is highly relevant and admissible, as Plaintiffs' claims indisputably challenge UBH's interpretation of those very documents. The core question in this case is one of plan interpretation. The plans, including absent Class members' plans, create the relevant legal obligations and are "the linchpin" of Plaintiffs' ERISA claims under 29 U.S.C. 1132(a)(1)(B) and (a)(3). *Heimeshoff v. Hartford Life & Accident Ins. Co.*, __ U.S. __, 134 S. Ct. 604, 612 (2013); *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100-101 (2013).

## II. ARGUMENT

### A. Evidence About Individual Benefit Decisions and Circumstances Is Either Relevant Or It Is Not, Regardless of Whether It Relates to a Named Plaintiff.

#### 1. Individualized Evidence of All Class Members' Individual Benefit Decisions and Circumstances Is Irrelevant.

UBH and Plaintiffs agree on two key aspects of Plaintiffs' first motion *in limine*. First, UBH and Plaintiffs agree that Plaintiffs' claims must be "adjudicated on a common basis" using common proof. (Pl's MIL No. 1, at v:17-18.) *See also Stockwell v. City & Cty. of San Francisco*, No. C 08-5180 PJH, 2015 WL 2173852, at *6 (N.D. Cal. May 8, 2015) (class action plaintiffs must prove their claims "at trial through evidence . . . common to the class rather than individual to its members."); *Marlo v. United Parcel Serv., Inc.*, 251 F.R.D. 476, 483 (C.D. Cal. 2008) ("[A] plaintiff must provide common evidence . . . [to] proceed with a class action trial."). Second, UBH and Plaintiffs agree that the "administrative records . . . for particular absent class members [are] not relevant and should be excluded" because individualized evidence "is not admissible on issues that can be adjudicated commonly across the class." (*Id.* at iv:12-13, v:18-19.) As the cases cited by Plaintiffs recognize, individualized evidence is irrelevant at a class action trial unless it "can be properly generalized to the class as a whole." *Plascencia v. Lending 1st Mortg.*, No. C 07-4485 CW, 2011 WL 5914278, at *2 (N.D. Cal. Nov. 28, 2011); *see also Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1048 (2016) (statistical evidence from a "representative sample" admissible in a class action *if* it would be admissible "in each [class members'] individual

action"). The parties are thus in agreement that because individualized evidence about a particular member's diagnosis, symptoms, treatment, or benefit determination cannot "be properly generalized to the class as a whole," it is not relevant to this trial.

The parties disagree about whether this reasoning applies equally to evidence about the *Plaintiffs'* individual benefit determinations.[2] Plaintiffs do not explain how their individual benefit decisions and experiences are any more probative of their class-wide, process-based claims than those of the absent class members they seek to exclude. They are not. UBH maintains that *all* evidence of individualized benefit decisions and circumstances should be excluded, as explained in UBH's Motion *in Limine* No. 1.

Plaintiffs distort the Court's class certification ruling in an effort to render their own individualized experiences relevant to this trial while moving to exclude the very same evidence about the sample members. According to Plaintiffs, the Court's procedural determination that their claims are "typical" of the Class means that "by adjudicating the Named Plaintiffs' claims," the Court will "by definition also be adjudicating the class claims." (Pl's MIL No. 1, at iv:3-5.) Plaintiffs argue that the fact of class certification somehow eliminates their burden to prove their class-wide claims with class-wide proof. (*See* Opp'n to UBH's Mot. for Summ. J., ECF No. 261, at 3 n.6 [arguing that the typicality finding means that "[t]he merits inquiry focuses exclusively on the Named Plaintiffs' cases."].)

Plaintiffs misapprehend the nature of the Court's certification decision.[3] It is true that "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named

---

[2] When Plaintiffs obtained class certification based on the argument that "'individualized' information that UBH utilizes when adjudicating claims…is irrelevant to Plaintiffs' actual claims," they made no distinction between absent Class members and the named Plaintiffs, who are also members of the Class. (Pl's Reply ISO Class Cert., ECF No. 153, at 8:1-2.)

[3] As UBH notes in opposition to Plaintiffs' third motion *in limine*, the Court's class certification decision was not a final determination at all, let alone a final decision on the merits. *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco,* 688 F.2d 615, 633 (9th Cir. 1982) ("a district court's order respecting class status is not final . . . but rather, it is inherently tentative"). "Although some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (quotation omitted).

plaintiff, so go the claims of the class." *O'Connor v. Boeing N. American, Inc.*, 197 F.R.D. 404, 412 (C.D. Cal. 2000) (quotation omitted). But this inquiry simply tests whether the "named plaintiffs [are] members of the class they purport to represent." *Brown v. NFL Players Ass'n*, 281 F.R.D. 437, 442 (C.D. Cal. 2012). It does not mean that Plaintiffs can prove their individual claims with uniquely individualized evidence and then decree that they have proven the claims of the Class. Rather, "[t]he test of typicality is . . . whether the action is based on conduct which is *not unique to the named plaintiffs* . . . ." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (emphasis added) (quotation omitted). *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 665 (C.D. Cal. 2009) ("typicality . . . is not satisfied where evidence needed to prove the named plaintiff's claims is not probative of other class members' claims.").

If Plaintiffs must use individualized evidence of their unique circumstances to prove their claims, their claims are not typical, and the Class should be decertified. If on the other hand, evidence of Plaintiffs' individual benefit decisions and circumstances is not necessary to prove their class-wide claims, it is irrelevant and, therefore, inadmissible. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *see also* Pl's MIL No. 1, at iv:10-13 (admitting that individualized evidence "is not admissible on issues that can be adjudicated commonly across the class"). Plaintiffs cannot have it both ways, decreeing their own individualized evidence relevant, while excluding the same evidence for other members of the Class.

### 2. If Plaintiffs Are Permitted to Offer Evidence of their Individual Benefit Decisions and Circumstances, UBH Must Be Permitted to Offer Similar Evidence Relating to the Absent Class Members

If the Court denies UBH's Motion *in Limine* No. 1 and allows Plaintiffs to introduce individualized evidence about their own benefit determinations, treatment, and clinical presentations, UBH should be permitted to rebut that evidence with evidence about the randomly-selected sample members who, unlike Plaintiffs, were not hand-picked by Plaintiffs' counsel. For example, if Plaintiffs introduce evidence of their own benefit decisions to prove that UBH applied its Guidelines in a particular way, or that the Guidelines do not permit peer reviewers to exercise independent clinical judgment, UBH must be allowed to rebut that evidence with evidence showing that UBH's Guidelines are applied in different ways and used more used flexibly to

inform, not replace, the clinical judgment of UBH's doctoral-level clinicians.

Plaintiffs argue the UBH should be foreclosed from doing so because "administrative files… require expert exposition" (Pl's MIL No. 1, at vi:10-11) and, according to Plaintiffs, UBH did not disclose expert testimony on that subject. Plaintiffs do not explain why the Class members' administrative records require expert testimony, nor do they identify a single document in any Class members' administrative record that could be admitted or understood only through expert testimony. At a minimum, the Court should decline to rule on this speculative objection to future evidence until Plaintiffs make a specific objection to specific evidence at the appropriate time. *See Mims v. Fed. Express Corp.*, No. CV 13-03947-AB (SSX), 2015 WL 12711651, at *1 (C.D. Cal. Jan. 15, 2015) ("The Court . . . cannot determine the admissibility of evidence in a vacuum. Without context of the specific evidence at issue, it is impossible to determine" whether the evidence in question is admissible for a given purpose.). In any event, as UBH will demonstrate at trial, expert testimony is not necessary to place these benefit decisions into evidence. To the extent it becomes necessary to rebut Plaintiffs' trial-by-example evidence, UBH will offer evidence of absent Class members' benefit decisions through the testimony of UBH's percipient witnesses who were either involved in those benefit decisions or who have personal knowledge of the process.

Plaintiffs also argue in passing that evidence relating to absent Class members benefit decisions should be excluded under Rule 403. (Pl's MIL No. 1, at vi:21-26.) UBH agrees that evidence of *all* Class members' individual benefit decisions – including those of the Class representatives – should be excluded under both Rule 402 and Rule 403. What Plaintiffs cannot do is cherry-pick certain irrelevant evidence and invoke Rule 403 to foreclose a meaningful response. "The discretion allowed by Rule 403 must be applied evenhandedly." *United States v. Sellers*, 566 F.2d 884, 886 (4th Cir. 1977).

### B. Plaintiffs' Attempt to Exclude Evidence of Class Members' Benefit Plans Is Contrary to ERISA and Plaintiffs' Plan-Based Claims

Plaintiffs' motion sweeps more broadly than the individualized clinical information discussed above. Plaintiffs also seek to exclude the benefit Plans governing the absent Class

members' claims. But Plaintiffs admit that the central issue in this case is whether UBH's Guidelines imposed "a standard more restrictive than that provided by Plaintiffs' [and Class members'] plans . . . ." (Pl's Trial Br., ECF No. 299, at 14:8-9; *accord* Pl's MIL No. 1, at vi:24-26 (arguing that the "central issue in this case" is "whether UBH's Guidelines are overly restrictive."). By Plaintiffs' own account, the ultimate question at trial is whether the Guidelines "are consistent with the terms of their plans." (Pl's MIL No. 1, at iii:5-8 [quotations omitted].)[4]

It is therefore astounding for Plaintiffs to argue that "there can be no conceivable relevance of the absent class members' . . . plans" in a trial that *indisputably* hinges on the meaning of those very documents. (Pl's MIL No. 1, at iv:1-2.) Plaintiffs do not cite a single authority in support of this proposition because none exists. Quite the opposite: the "focus on the written terms of the plan is the linchpin" of ERISA. *Heimeshoff*, 134 S. Ct. at 612 (each of section (a)(1)(B)'s three enforcement mechanisms focuses on rights arising *"under the terms of the plan"*); *accord US Airways*, 569 U.S. at 100-101 (section (a)(3) "countenances only such relief as will enforce *the terms of the plan* or the statute"). "[T]he question is not whether [UBH's] policy is improper; rather, the question is whether [UBH's] policy is improper according to the terms of *each* plan giving rise to a claim." *Lipstein v. UnitedHealth Grp.*, 296 F.R.D. 279, 290 (D. N.J. 2013). Plaintiffs' motion to exclude the Plans is the functional equivalent of a motion to exclude the operative contracts in a breach of contract case. It makes no sense.

Plaintiffs' only justification for excluding absent Class members' Plans is to argue that "[t]his Court has already found that" the Plans "require as a precondition for coverage that the treatment at issue must be consistent with generally accepted standards of care." (Pl's MIL No. 1, at ii:25-27.) As UBH explains in its opposition to Plaintiffs' third motion *in limine*, that preliminary finding at the class certification phase is not binding at trial and does not alleviate

[4] Each of Plaintiffs' four Counts must be reviewed under the deferential abuse of discretion standard. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) ("Any dispute over the precise terms of the plan" is reviewed for abuse of discretion). Accordingly, the ultimate question at trial is not whether UBH's Guidelines were consistent with Class members' Plans, but whether UBH's construction of each Class members' Plan, as reflected in the Guidelines, was *unreasonable*. *Moyle v. Liberty Mut. Retirement Ben. Plan*, 823 F.3d 948, 958 (9th Cir. 2016).

Plaintiffs' burden of proof. "Although some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage." *Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (quotation omitted); *see also In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) ("the determination as to a Rule 23 requirement is made only for purposes of class certification and is not binding on the trier of facts, even if that trier is the class certification judge." )

Even if the Court's preliminary class certification findings were binding at trial on the merits, the absent Class members' plans would still be highly relevant at trial. The fact that consistency with generally accepted standards of care is one precondition for coverage does not mean that the plans uniformly cover all services that are consistent with generally accepted standards. As UBH will demonstrate at trial, the Plans include numerous other exclusions and limitations that are directly relevant to the "flaws" Plaintiffs allege in the Guidelines, including, for example, the very definition of "custodial care" that Plaintiffs challenge in this case. (*See*, *e.g.*, UBH's Trial Br., at 10:25-11:14, 12:24-13:11.) Evidence of these and other Plan terms is essential because UBH cannot have breached a duty to any Class member (let alone abused its discretion) if UBH complied with the express term of the member's plan. *See Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004) (no claim for breach of ERISA duties of prudence and loyalty where "Defendants complied with the Plan's lawful terms and were under no legal obligation to deviate from those terms").

## III. CONCLUSION

In light of the foregoing, UBH respectfully asks the Court to deny Plaintiffs' Motion *in Limine* No. 1.

Dated: September 15, 2017

CROWELL & MORING LLP

/s/ *Jennifer S. Romano*
Jennifer S. Romano
Attorney for Defendant