JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
JEFFREY H. RUTHERFORD (SBN 181695)
jrutherford@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DAVID WIT et al.**,

Plaintiffs,

v.

**UNITED BEHAVIORAL HEALTH**,

Defendant.

Case No. 14-cv-02346 JCS
Related Case No. 14-cv-05337 JCS

**UNITED BEHAVIORAL HEALTH'S OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 2**

Hon. Joseph C. Spero
Hearing: October 6, 2017 at 2:00 p.m.
Courtroom: G

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**GARY ALEXANDER et al.,**

Plaintiffs,

v.

**UNITED BEHAVIORAL HEALTH,**

Defendant.



CROWELL & MORING LLP
ATTORNEYS AT LAW

## I. INTRODUCTION

Plaintiffs seek to exclude "any and all evidence, references to evidence, testimony, and argument by UBH relating to any basis for the denial of benefits to Plaintiffs that was not communicated to Plaintiffs during the administrative process." (Pls. Mot. in Limine No. 2 ("Mot."), at 2:11–15.) Plaintiffs' motion is a solution in search of a problem. UBH does not intend to introduce evidence suggesting Plaintiffs' benefit requests were denied for reasons "not communicated to Plaintiffs during the administrative process." Indeed, UBH maintains that *all* individualized evidence about specific coverage determinations is irrelevant and should be excluded if this case proceeds at trial on the certified process-based theories of liability articulated by Plaintiffs. (*See* UBH Mot. in Limine No. 1.) This includes any evidence about the basis for a particular denial, whether or not it falls within the scope of the individual's administrative record.

But if the Court allows Plaintiffs to introduce individualized evidence about their own diagnosis, symptoms, treatment, or coverage decisions, UBH should be allowed to respond with its own evidence providing context for or further explaining the stated bases for the coverage determinations at issue. Without this evidence, the Court will only hear one side of the story. Thus, to the extent the Plaintiffs' motion can be read to encompass evidence expounding upon the *stated reasons* for UBH's coverage determinations, UBH opposes the motion.

## II. ANALYSIS

### A. The Parties Agree That Individualized Evidence Outside The Administrative Record Is Irrelevant.

UBH agrees with Plaintiffs that individualized evidence about a particular denial not contained in the "administrative record" is irrelevant and should be excluded. When a plan member submits a request for coverage under her health plan, UBH assigns a peer reviewer—a medical doctor or a Ph.D.-level clinician —to confer with the member's provider and assess a host of information about the member's diagnosis, symptoms, clinical presentation, and proposed treatment plan. The peer reviewer reviews this information in the context of the applicable rules governing when coverage is and is not available under a particular benefit plan, including the plan terms, relevant state and federal regulations, industry standards, and UBH's clinical Guidelines,

and applies his or her clinical judgment to determine whether the requested coverage is available under the terms of the member's plan. If a peer reviewer denies coverage, UBH sends the member a letter explaining the reasons for the denial and citing to relevant plan terms or Guidelines. That letter and all of the underlying records related to the coverage determination form the "administrative record." UBH does not intend to introduce evidence at trial suggesting that Plaintiffs' coverage determinations were based on reasons not found in the administrative record. If this is all Plaintiffs seek to exclude, the motion is moot.

**B. The Cases Plaintiffs Cite Are Inapposite.**

In misrepresenting the evidence UBH will offer at trial, Plaintiffs' motion conflates evidence illuminating *existing* bases for denials with evidence suggesting *other* bases for denials. For this reason, the two cases Plaintiffs cite are inapposite. In each, the plan administrator attempted to assert *new* grounds for a benefit decision during the course of litigation that had not previously been communicated to the beneficiary. Neither involved the situation here, where UBH simply intends to explain the existing bases for denial, to the extent Plaintiffs introduce evidence about those individualized benefit determinations.

In *Harlick v. Blue Shield of California*, 686 F.3d 699 (9th Cir. 2012), the plaintiff sued her plan administrator after the administrator determined that the plaintiff's health benefits plan did not cover residential treatment. *Id.* at 705–06. The district court agreed with the plan administrator and granted judgment in its favor. *Id.* at 706. The Ninth Circuit reversed, holding that although the plan did not cover residential treatment, California law mandated that the plan cover the plaintiff's claim if it was "medically necessary treatment." *Id.* The plan administrator sought administrative remand to determine whether the residential treatment program was medically necessary. *Id.* at 719. The Ninth Circuit refused, holding that the administrator was required to provide all reasons for denial when it initially denied the claim, and that by failing to dispute the medical necessity of the claim during the administrative process, it had waived its ability to consider this basis later. *Id.* at 720–21.

*Nieves v. Prudential Insurance. Co. of America*, 233 F. Supp. 3d 755 (D. Ariz. 2017), likewise involved an attempt by the plan administrator to introduce through litigation a new

reason to uphold a denial of coverage. There, the plan administrator determined that the plaintiff was not covered by the relevant plan when the plaintiff's disability arose. *Id.* at 758. The plan administrator denied the requested disability benefits on that basis, acknowledging that it did not even review the plaintiff's medical records. *Id.* The district court determined that the plaintiff *had* been covered by the plan when he became disabled, but the plan administrator argued that even if the plaintiff was covered by the plan, he was not disabled and not entitled to benefits on that basis. The court rejected the plan administrator's alternative argument, noting that "[t]he problem with this position is that [the plan administrator] never took it before [the] litigation." *Id.* at 761–62.

Both *Harlick* and *Nieves* stand for the proposition that an ERISA plan administrator cannot assert in litigation a basis for denial of benefits that was not raised during the administrative process. *Id.*; *see also Harlick*, 686 F.3d at 719–20. That proposition has no bearing on this case. UBH has not asserted any new grounds for denial of the Plaintiffs' benefit requests, and does not intend to assert any "new grounds" at trial.

**C. If Plaintiffs Are Allowed To Offer Extrinsic Evidence About Their Individual Coverage Determinations, UBH Should Be Permitted To Explain Those Decisions.**

To the extent Plaintiffs' motion can be construed as seeking to prevent UBH from putting on evidence about the *stated* reasons for particular coverage determinations, the motion should be denied. Plaintiffs have stated that they intend for each named plaintiff to testify at trial about their personal experiences, requests for benefits, and the denial of those requests. UBH has moved to exclude that evidence as irrelevant in its first motion *in limine*. If the Court denies UBH's motion and allows Plaintiffs to present evidence outside of the administrative record about their medical conditions, treatment, or individual coverage determinations, the Court should permit UBH to respond to that evidence with testimony by its own witnesses who were involved in those coverage decisions or familiar with the process. UBH's witnesses will not testify about "other bases for the denial of Plaintiffs' benefits [that] were not communicated to Plaintiffs' during the administrative process." (Mot. at 5:4–7.) Instead, they will explain the process and reasoning

underlying the bases for denial set forth in the documents, much as Plaintiffs themselves wish to provide testimony about "UBH's denials of coverage with respect to each of the Named Plaintiffs [or Class members], including denial letters sent to each Named Plaintiff [or Class member] and UBH's internal records concerning these denials." (July 21, 2017 Joint Case Mgmt. Stmt., ECF No. 273, at 6:27–7:5.)

For example, [redacted] (*See* Wit Denial Letter, Ex. 1 to UBH's Mot. in Limine No. 1, at 9–10 .)

While this letter identifies a number of reasons for the coverage determination, it does not offer the full picture standing alone. [redacted] These questions cannot be efficiently or easily answered simply by pointing to the documents in the administrative record. [redacted] will not offer additional reasons why coverage *could have* been denied; he will explain *why* coverage was denied for the reasons explicitly communicated to Ms. Wit.

This contextual evidence is appropriate rebuttal evidence in the event the individual Plaintiffs are permitted to testify and introduce evidence about their individual circumstances. Thus, to the extent Plaintiffs' motion can be construed as extending to bar evidence explaining the stated reasons for the coverage determinations at issue, the motion should be denied.

## III. CONCLUSION

Depending on how broadly it can be construed, Plaintiff's Motion in Limine No. 2 asks the Court either to exclude evidence no one plans to introduce, or to hinder UBH's ability to put on appropriate rebuttal evidence before trial has even started. At the very least the Motion should be denied without prejudice to revisiting the issue during trial as the evidence develops. *See Mims v. Federal Express Corp.*, No. CV 13-03947-AB (SSX), 2015 WL 12711651 (C.D. Cal. Jan. 15, 2015) (discussing the limitations of motions *in limine*).

Dated: September 15, 2017

**CROWELL & MORING LLP**

*/s/* Jennifer S. Romano

Jennifer S. Romano

Attorneys for UNITED BEHAVIORAL HEALTH