JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
JEFFREY H. RUTHERFORD (SBN 181695)
jrutherford@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DAVID WIT et al.**,

Plaintiffs,

v.

**UNITED BEHAVIORAL HEALTH**,

Defendant.

Case No. 3:14-CV-02346-JCS
Related Case No. 3:14-cv-05337-JCS

**DEFENDANT UNITED BEHAVIORAL HEALTH'S OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3**

Hon. Joseph C. Spero

Hearing Date: October 6, 2017
Hearing Time: 2:00 p.m.
Courtroom: G

**GARY ALEXANDER et al.,**

Plaintiffs,

v.

**UNITED BEHAVIORAL HEALTH,**
Defendant.

## MEMORANDUM OF POINTS AND AUTHORITIES

In their third motion *in limine*, Plaintiffs invent a novel theory of estoppel in which statements pulled from the Court's interlocutory orders somehow preclude UBH from fully litigating factual and legal issues at trial. Specifically, Plaintiffs point to seven statements of fact—four from the Court's summary judgment order and three from the Court's class certification order—and three "conclusions of law," and argue that because these statements appear in previous Court orders, they have been completely and forever resolved. Plaintiffs' attempt to tie UBH's hands at trial finds no support in the Federal Rules of Evidence, case law, or other authority, and Plaintiffs conspicuously cite no authority in their Motion.

To the extent the Court's statements reflect testimony or declarations from UBH employees, UBH does not contest the accuracy of those statements. But UBH should not be foreclosed from further developing these facts, or from introducing them into the record at trial. Nor is UBH precluded from challenging or admitting evidence addressing the ability of the Plaintiffs to prove their claims on a class-wide basis or to establish their own standing. Plaintiffs' assertion that the Court's earlier rulings on these issues are legally binding grossly misconstrues the procedural posture of the Court's interlocutory class certification and summary judgment orders. And because standing is a jurisdictional issue, it remains appropriate for the Court to assess it at all stages of litigation. Plaintiffs' motion raises significant due process concerns and turns the well-established framework of civil procedure on its head. The motion should be denied.

### I. Statements Of Fact In The Court's Earlier Orders Do Not Preclude The Admission Of Trial Evidence.

Plaintiffs argue that because the Court recited certain facts in its class certification and summary judgment orders, those facts are cemented in the record and UBH may not contest them, or introduce evidence to the contrary, at trial. Plaintiffs' argument misconstrues the procedural nature of these interlocutory orders, and aims to impose evidentiary bars that simply do not exist.

#### A. UBH Is Not Barred From Contesting Facts Articulated In The Court's Class Certification Order.

At the class certification stage, courts are dissuaded from examining merits issues, let alone deciding them. *Amgen, Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 467

(2013). The purpose of a class certification motion is to determine whether common *questions* of law and fact exist, not to answer those questions. *Id.* at 466. ("Merits questions may be *considered* to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."). It is therefore well established that "the determination as to a Rule 23 requirement is made only for purposes of class certification and is not binding on the trier of facts, even if that trier is the class certification judge." *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (citing *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004)). This Court recognized this distinction in its summary judgment ruling. *See* Order Granting in Part UBH's Motion for Summary Judgment (ECF No. 286) at 18:24-19:3 ("the ultimate question addressed in the Class Certification Order was whether Plaintiffs' claims were amenable to class treatment under Rule 23 when considered in light of Plaintiffs' theories of the case.… [The Court] did not directly consider the question of whether Plaintiffs could prevail on their claims under those theories.").

To hold otherwise, and to bar UBH from introducing evidence at trial, would raise serious due process concerns. " *See Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) ("Although some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits to the class certification stage.") (quotation omitted). Class and merits discovery is often bifurcated in putative class actions. The class certification decision was issued prior to most of the merits discovery, and reflects an undeveloped and incomplete factual record. Thus, while "the Court was required to make findings in support of its conclusion that the requirements of Rule 23 were satisfied," (Pl's Mot. *in Limine* No. 3 at 3:6-7), these findings apply only to the narrow question of whether class certification was appropriate at that time.

Despite the narrow class certification inquiry, Plaintiffs ask the Court to rule that three specific "factual findings" in the Court's Class Certification Order preclude UBH from "contesting, or submitting evidence for the purpose of contesting" those matters at trial. To the extent these statements simply quote from or restate deposition testimony or statements in

declarations from UBH employees, UBH does not contest the accuracy of said testimony or statements. But UBH is not foreclosed from further developing these facts at trial, or from introducing them into the record at trial, simply because the Court touched upon similar issues during an earlier phase of the case.[1] And to the extent they reflect contested factual issues addressed at the preliminary class certification phase, no authority supports barring UBH from offering evidence on those issues at trial on the merits.

**B. UBH Is Not Bound By Facts Articulated In The Summary Judgment Order.**

Plaintiffs also contend that UBH is bound by "issues that the Court ruled on" in its Summary Judgment Order. But "the denial of a motion for a summary judgment . . . decides only one thing—that the case should go to trial." *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25 (1966). Denial of summary judgment does not cement the factual record; it determines only that there is a dispute as to a material fact. Fed. R. Civ. P. 56(a). Indeed, at summary judgment the Court is required to draw any necessary factual inferences in favor of the non-moving party. *See A.G. v. Paradise Valley Unified School Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016) ("We draw all justifiable inference factual inferences in favor of the nonmoving party . . . ."). To the extent the Court included statements of fact in its Summary Judgment Order, UBH is not precluded from further developing, contesting, or introducing onto the record, such facts at trial.

Nevertheless, Plaintiffs argue without authority that UBH should be barred from introducing evidence contesting four "findings of fact" in the Summary Judgment Order. These "findings" relate to the language of the thousands of benefit plans at issue in this case, the purpose and development of UBH's Guidelines, the extent to which UBH incorporated the challenged level of care criteria at issue into different guidelines, and the reasons UBH denied the class members' requests for coverage. These are core issues at the heart of this case, and are very

---

[1] To the extent Plaintiffs are concerned that UBH may try to contradict at trial statements its employees previously made in depositions or declarations, Plaintiffs are free to introduce impeachment evidence at trial.

much in dispute. The fact that the Court – citing only its early Class Certification Order – briefly addressed these issues in the "Factual Background" section of its Summary Judgment Order does not make them proven facts that cannot be contested through witness testimony and documentary evidence at trial. To hold that it does would deprive UBH of its due process right to present a fulsome defense to the merits of Plaintiffs' claims.

## II. Legal Findings In The Court's Earlier Orders Do Not Preclude Argument At Trial Or The Admission Of Trial Evidence.

Plaintiffs also seek to foreclose argument or evidence at trial related to two legal issues. First, Plaintiffs' contend that because the Court found their claims "typical" of the class members, Plaintiffs do not need to prove their class-wide claims with evidence common to the class, and instead can prove their individual claims and somehow impute those findings to the absent class members. Second, Plaintiffs contend that their standing to assert all of the claims in their complaints has been established by virtue of the Court denying UBH summary judgment on that issue. Neither argument is supported by the law.

### A. Class Certification Does Not Eliminate Plaintiffs' Obligation To Prove Their Claims Using Evidence Common To The Class.

Plaintiffs incorrectly contend that because the Court certified classes and named them class representatives under Rule 23, they need only prove the merits of their individual claims in order to successfully resolve the claims of all class members. Plaintiffs seek to bar UBH from "contesting, or submitting evidence for the purpose of contesting" their position that in "adjudicating the Named Plaintiffs' claims, [the Court] would *by definition* also be adjudicating the class claims." Pl's Mot. *in Limine* No. 3 at 2, 4. It is telling, but unsurprising, that Plaintiffs cite *no authority at all* in their Motion. There is no rule in the Federal Rules of Evidence or any other authority precluding a defendant from challenging at trial the sufficiency of the plaintiff's proof.

While it is true that the Court found the Plaintiffs' claims "typical" of the claims of the class members under Rule 23, the Court also found that Plaintiffs could proceed as a class only because they could prove their class-wide claims with evidence *common to the class*. Order

Granting Motion for Class Certification (ECF No. 174) at 30:16–27, 53:22–55:4. Adjudicating the Plaintiffs' claims will not "by definition" resolve the class members' claims unless Plaintiffs prove their claims with common proof, not proof about their own individual denials and experiences. As in every class action, Plaintiffs must prove their claims "at trial through evidence . . . common to the class rather than individual to its members." *Stockwell v. City & Cty. of San Francisco*, No. C 08-5180 PJH, 2015 WL 2173852, at *6 (N.D. Cal. May 8, 2015) (citing *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013); *accord In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311–12 (3d Cir. 2008); *Marlo v. United Parcel Serv., Inc.*, 251 F.R.D. 476, 483 (C.D. Cal. 2008) ("[A] plaintiff must provide common evidence . . . [to] proceed with a class action trial.").

And if Plaintiffs cannot muster sufficient common evidence to prove the class-wide claims they assert, it is entirely appropriate for UBH to bring this shortcoming to the Court's attention during or after trial. Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Accordingly, "[a] district court may decertify a class at any time, including during or after trial. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). Plaintiffs are obligated to prove, throughout the course of this litigation, that their claims, and the evidence that underlies their claims, are common and typical of the class at large. *See Mazzei v. Money Store*, 308 F.R.D. 92, 112–13 (S.D.N.Y. 2015) (decertifying class after trial because of lack of evidence proving typicality between claims of named and absent class members); *Dilts v. Penske Logistics, LLC*, No. 08-CV-318-CAB BLM, 2014 WL 305039, at *3 (S.D. Cal. Jan. 21, 2014) (decertifying class after trial because "[common] evidence did not materialize").

If Plaintiffs cannot present evidence common and typical to the class, then their claims are, by definition, individualized, rendering decertification appropriate. In certifying the classes, the Court determined that Plaintiffs *could* prove their claims with common evidence; it did not relieve them of the burden of doing so. Plaintiffs cannot shirk their obligation to prove class-wide claims with evidence common to the class simply by pointing to the fact that a class was certified.

Nor can they bar UBH from holding them to this burden of proof at trial.

**B. Denial Of Summary Judgment Does Not Forever Resolve Plaintiffs' Standing.**

Finally, Plaintiffs contend UBH should be barred from challenging Plaintiffs' standing using evidence developed at trial simply because the Court previously declined to grant UBH summary judgment on standing grounds. "Standing represents a jurisdiction requirement which remains open to review at all stages of the litigation." *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 546–47 (1986)). Because standing is "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The Court's conclusion that UBH is not entitled to summary judgment on the basis of standing does not relieve Plaintiffs of their obligation to prove that their standing is "supported adequately by the evidence adduced at trial." *Id*. (quoting *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 115 n. 31 (1979)). "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Id*. There is no legal basis to bar UBH from informing the Court if Plaintiffs fall short of that burden.

**CONCLUSION**

Plaintiffs' Motion *in Limine* No. 3 is utterly devoid of legal support and seeks only to tie UBH's hands at trial. For the reasons stated above, the Court should deny Plaintiffs' Motion.

Dated: September 15, 2017

CROWELL & MORING LLP

/s/ *Jennifer S. Romano*
Jennifer S. Romano
Jeffrey H. Rutherford
April N. Ross
Nathaniel P. Bualat
Attorneys for Defendant