PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Action Filed: May 21, 2014<br><br>**PLAINTIFFS' OPPOSITION TO UBH'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF PLAINTIFFS' AND CLASS MEMBERS' INDIVIDUAL BENEFIT DECISIONS AND CIRCUMSTANCES** |
| GARY ALEXANDER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-05337-JCS<br>Action Filed: December 4, 2014<br><br>Trial Date: October 16, 2017<br>Time: 8:30 A.M.<br>Judge: Hon. Joseph C. Spero<br>Courtroom: G<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

UBH's premise in this motion—that Plaintiffs seek to admit evidence concerning their individual situations to show that they would have been entitled to coverage—is wrong. UBH asserts that evidence of Plaintiffs' conditions, treatment and denials could only be relevant to show that they were *entitled* to coverage for the treatment for which they sought coverage. *See, e.g.*, Mot. 4:5-6 ("Individualized evidence of Plaintiffs' own benefit denials is not relevant."). But that is not Plaintiffs' purpose for the evidence. In fact, the evidence supports Plaintiffs' plain-meaning reading of the Guidelines, shows how the Guidelines fall below generally accepted standards of care, and contradicts UBH's contorted interpretations. Plaintiffs intend to use the evidence for these plainly admissible purposes, among others.[1]

Each of the named Plaintiffs, like each of the class members, was denied coverage for residential, outpatient, or intensive outpatient treatment pursuant to UBH's Guidelines. This case is about whether those Guidelines are more restrictive than generally accepted standards of care; whether UBH's denials of Plaintiffs' requests for coverage pursuant to those Guidelines were wrongful; and the equitable remedies the Court should order if Plaintiffs prevail at trial. In its Motion *in Limine* No. 1 to Exclude Evidence of Plaintiffs' and Class Members' Individual Benefit Decisions and Circumstances ("Mot."), UBH moves to exclude evidence that is relevant to each of those critical questions, namely evidence "concerning UBH's denials of coverage with respect to each of the Named Plaintiffs [or Class members] . . . ." Mot. i:5-6 (alterations in original). In particular, UBH moves to exclude:

(1) UBH's administrative records for each of the named Plaintiffs;

(2) Plaintiffs' testimony "regarding [their] clinical presentations, treatment, coverage requests, clinical non-coverage determinations [*i.e.*, denials], and any internal and/or external appeals"; and

(3) Expert opinion "relating to the named Plaintiffs' individual mental health or substance use disorders and their individual benefit decisions." Mot. i.

---

[1] There may be additional issues to which the evidence is relevant, such as establishing core facts including that Plaintiffs were prescribed treatment, they requested coverage, and UBH issued final adverse benefit determinations denying the requests based on its Guidelines. For current purposes, the point is that Plaintiffs need only *one* purpose for which the evidence at issue is relevant for UBH's motion to be denied.

As an initial matter, the administrative records are plainly admissible, and UBH's motion does not suggest otherwise. In ERISA cases, courts always consider "the administrative record"; the only evidentiary question typically raised is whether the court can consider "additional evidence." *See, e.g.*, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006).[2] UBH's other arguments fail because they are based on the false premise noted above.

## I. EVIDENCE CONCERNING PLAINTIFFS' TREATMENT AND BENEFIT DENIALS IS RELEVANT TO SHOW HOW UBH'S GUIDELINES ARE OVERLY RESTRICTIVE.

UBH finally concedes that evidence of absent class members' individual benefit claims are "irrelevant" where, as here, Plaintiffs challenge the uniform standard that was applied to all of their and the class members' requests for coverage. Mot. 1 n.2.[3] But it suggests that exclusion of individualized absent class member evidence *also* requires exclusion of evidence related to UBH's denial of Plaintiffs' own requests for coverage. Not so, because the evidence is relevant for other purposes.

Plaintiffs' testimony and that of their experts has not been offered on the question of whether the Plaintiffs or their family members should have *received* coverage for treatment at the requested levels of care. Instead, the testimony about Plaintiffs' treatment history, and the related documentary and expert proof, will serve to illustrate how UBH's Guidelines are defective. A typical example is reflected in the expert report of Dr. Eric Plakun, which UBH attached to its own motion:

> The case of David Haffner *illustrates this focus on resolution of acute presenting symptoms* as the over-riding determinant of the need for treatment—without regard to underlying comorbidity and chronicity that may complicate the clinical picture. In December 2011 Mr. Haffner was a 38-year-old man with [redacted]

---

[2] The substantive portions of UBH's motion (*i.e.*, excluding the cover page and tables) comprise 8-½ pages, in contravention of the Court's July 28, 2017 case management order, which set a seven-page limit. *Id.* 3:7-9, ECF No. 275. The motion should be denied on that ground alone.

[3] That concession should be sufficient to dispose of UBH's reliance on absent class member evidence. The Court should grant Plaintiffs' motion *in limine* to exclude administrative files or expert testimony on the individual claims of absent class members. *See* Plfs.' Mot. in Lim. No. 1.

> [redacted]. Based on a UBH review, his helpful twice weekly outpatient psychotherapy was reduced to once a month medication management. It is apparent that *the standard used by UBH, focused on whether the treatment was needed to "prevent deterioration" or "treat an urgent situation" was so narrow and focused on acute presenting symptoms that the larger clinical context was ignored, including the potential impact of comorbidity and chronicity and the need to grapple with such underlying issues to achieve recovery*.

Mot. Ex. 6 at 9 (emphases added, footnotes omitted).

UBH does not suggest that Plaintiffs should be barred from offering evidence on the question of whether UBH's Guidelines are overly restrictive. Nor could it; that is a central issue for trial. Thus, UBH's relevance argument fails, and its motion should be denied.

Relatedly, the evidence will also be relevant for another purpose: to prove, essentially, that the Guidelines mean what they say. UBH has suggested, and surely intends to argue at trial, that the Guidelines do not mean what they say, and are only rough guideposts to otherwise entirely discretionary analyses of patients' circumstances. *See, e.g.*, Defs.' Proposed Findings of Fact & Conclusions of Law, 7:11-13, ECF No. 301 ("UBH's clinicians are permitted to, and do, authorize coverage for treatment that in the clinician's clinical judgment is appropriate in light of the individualized information received from the treating provider, even if the treatment is inconsistent with the Guidelines."). This defense will collapse at trial in the face of aggregate evidence. One way will be through Plaintiffs' and their experts' testimony. UBH's letters denying Plaintiffs' requests for coverage, for example, make clear that UBH does, in fact, consider short-term, acute symptoms to be a condition of coverage—just as its Guidelines say—and does not take co-occurring psychiatric and medical conditions into account in determining coverage. But the Plaintiffs will testify, for example, regarding the chronicity and complexity of their conditions, and Plaintiffs' experts will opine that that is precisely the problem: acute symptoms are *not* the be-all, end-all of whether a patient needs RTC, OP or IOP treatment.

Once the purpose of this evidence is properly understood, UBH's judicial estoppel argument fails as well. Contrary to Defendant's assertion, Motion 1:16-19; 3:6-25, Plaintiffs

have never "conceded" that all evidence about the Plaintiffs' benefit claims is irrelevant to the issues to be tried. Whenever UBH quotes a supposed concession by Plaintiffs, or a ruling by the Court, about the "irrelevance" of individual circumstances, it elides the distinction between the question whether Plaintiffs and/or class members were entitled to benefits, on one hand, and the question whether UBH's application of flawed Guidelines rendered the denials wrongful, on the other. *See* Mot. 1:2-3, 2:16-3:5. Because there is no inconsistency between Plaintiffs' current position, its prior position, or the Court's rulings, judicial estoppel does not apply. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) ("a party's later position must be *clearly inconsistent* with its earlier position") (emphasis added). *See also Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 994 (9th Cir. 2012) ("[T]he doctrine of judicial estoppel applies when a party's position is tantamount to a knowing misrepresentation to or even fraud on the court.") (quoting *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 235 F.3d 1184, 1190 (9th Cir. 2000)). Nor does UBH point to a ruling by this Court that the circumstances of Plaintiffs' benefit claims are irrelevant to evaluating the propriety of the Guidelines. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) ("This court has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position.").

Appropriately understanding the purpose of this evidence also shows why UBH's argument that Plaintiffs are attempting to prove this case without common evidence is unfounded. *See* Mot. 1:20-2:7; 3:25-6:3. Where Plaintiffs' evidence is illustrative of flaws in the Guidelines—Guidelines that were cited in denial letters to all class members—the evidence *is* "common." UBH points to no authority holding that evidence of named plaintiffs' own circumstances cannot be a component of class-wide proof; in fact, its authority stands for the opposite proposition. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016) (evidence that would be admissible in an individual lawsuit "cannot be deemed improper merely because the claim is brought on behalf of a class," because such restriction would violate the Rules Enabling Act); *id.* at 1048 ("[T]he experiences of a subset of employees can be probative

as to the experiences of all of them."); *Marlo v. United Parcel Serv., Inc.*, 251 F.R.D. 476, 485 n.7 (C.D. Cal. 2008) ("Common proof . . . will often require individual employee testimony . . . . The type of common proof needed will vary based upon the factual circumstances and alleged legal wrong."); *Stockwell v. City & Cty. of San Francisco*, 2015 WL 2173852, at *6 (N.D. Cal. May 8, 2015) (discussing inapplicable issue of predominance under Rule 23(b)(3)); *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 774-75 (7th Cir. 2013) (dealing with inapplicable issue of damages calculations; "[t]here would have been no problem had the plaintiffs been seeking just injunctive or declaratory relief"). Indeed, it is telling that class action defendants generally do not even dispute the propriety of named plaintiffs' testimony. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 2013 WL 6535164, at *20 (C.D. Cal. Dec. 9, 2013) ("[Defendant] argues that plaintiffs should be limited to the testimony of the named plaintiff[]."); *Low v. Trump Univ., LLC*, 2016 WL 6732110, at *1-*2 (S.D. Cal. Nov. 15, 2016) (dispute only as to absent class member testimony).

UBH's argument that the evidence at issue is impermissible "statistical[] . . . evidence" is misplaced for similar reasons. In *Espenscheid*, for example, the plaintiffs were satellite dish technicians who were "paid on a piece-rate basis—so many dollars per job—rather than being paid a fixed hourly wage." 705 F.3d at 772-73. They alleged that the defendant violated the Fair Labor Standards Act by failing to pay them overtime. But that required them to prove, whether in an individual or class case, how many hours the Plaintiffs and class members actually worked each week. They sought to "get around the problem of variance" among the number of hours class members each worked "by presenting testimony at trial from 42 'representative' members of the class," but offered no evidence that the sample was representative. *Id.* at 774. But, again, Plaintiffs here are not seeking an award of benefits for themselves or the class members. *Espenscheid* and similar cases are simply inapposite.

## II. <u>EVIDENCE CONCERNING PLAINTIFFS' TREATMENT AND BENEFIT DENIALS IS RELEVANT TO THE REMEDIES PLAINTIFFS SEEK.</u>

The evidence is also relevant to the question of the appropriate remedy. Plaintiffs are

entitled to various forms of "equitable" relief, which by definition requires the Court to consider the various equities involved in UBH denying Plaintiffs' and class members' claims pursuant to unlawful Guidelines. *See Bd. of Trustees of Bay Area Roofers Health & Welfare Tr. Fund v. Westech Roofing*, 2014 WL 4383062, at *3 (N.D. Cal. Sept. 4, 2014) ("Accordingly, the right to injunctive relief under ERISA is subject to a traditional equity analysis.") (Spero, J.). The equitable remedies Plaintiffs request include prospective reformation of UBH's Guidelines and class-wide reprocessing under proper Guidelines. The circumstances of UBH's denial of Plaintiffs' requests for benefits will be relevant to whether equity requires such remedies.

For these reasons, Plaintiffs' testimony, and the experts' testimony about them, is relevant and admissible.

## III. THIS EVIDENCE IS NOT CUMULATIVE AND WILL NOT MAKE TRIAL UNMANAGEABLE.

UBH also argues that even if the evidence is relevant, it should be excluded under Rule 403 because, "[i]f the named Plaintiffs are allowed to testify about their individual clinical circumstances and benefit requests, the Court will be faced with a host of mini-trials about those irrelevant issues." Mot. 6:15-17. Using evidence of Plaintiffs' benefit claims to exemplify problems with UBH's Guidelines is not "irrelevant" or "tangential[]" Mot. 6:19. The Guidelines' propriety is the central issue in this case, and there is no issue being separately tried about Plaintiffs' individual situations.

UBH asserts that this evidence is cumulative on the issue that its Guidelines were applied to Plaintiffs' and the class members' benefit decisions. Mot. 2:9-11; 6:9-14. But the evidence is being offered not only to prove the straightforward fact of UBH's reliance on its Guidelines, but also to demonstrate how the Guidelines fall short of generally accepted standards of care. That is why UBH's suggestion that it "offered to stipulate" that UBH "applied its Guidelines in the benefit decisions at issue" is beside the point.[4] The evidence is not cumulative or a waste of trial

---

[4] In citing *Old Chief v. United States*, 519 U.S. 172 (1997), UBH also omits the lengthy discussion that a party cannot freely "stipulate or admit his way out of the full evidentiary force of [a] case[]." *Id.* at 186-87. The Court counseled against efforts like UBH's to sanitize the real-

time. *See Obrey v. Johnson*, 400 F.3d 691, 697-98, 701-02 (9th Cir. 2005) (finding reversible error in district court's decision to exclude evidence based on mini-trial and delay concerns: "anecdotal evidence of past discrimination can be used to establish a general discriminatory pattern"; thus, evidence was "directly probative of the central issues in dispute"); *United States v. Evans*, 728 F.3d 953, 965 & n.14 (9th Cir. 2013) (decision to exclude was error where evidence was pertinent to "central issue" in case, such that considerations of undue delay, cumulativeness, and waste of time "carr[ied] minimal weight"); *United States v. Brenes*, 647 F. App'x 700, 700 (9th Cir. 2016) (rejecting defendant's argument that evidence should have been excluded under Rule 403 where evidence provided a "functional demonstration" that was "probative of the central issue at trial") (*cert. denied*, 137 S. Ct. 812 (2017)).

Finally, UBH states it will "defend itself by cross-examining Plaintiffs about their individualized circumstances and introducing affirmative evidence about the content and context of their benefit denials," which will add trial time. Mot. 2:12-13. *See also id.* 6:15-7:12. If UBH wastes the Court's and parties' time with jaunts on irrelevant issues (such as Plaintiffs' entitlement to treatment), Plaintiffs may very well object. But UBH is of course free to challenge Plaintiffs' showing that the Guidelines were unduly restrictive. It is unavoidable that significant trial time will be spent on close analysis of the Guidelines – such evidentiary presentations do not constitute "*undue* delay" as contemplated by Rule 403.

## CONCLUSION

For the foregoing reasons, the Court should reject UBH's Motion *in Limine* No. 1.

---

world context of a lawsuit: "making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness," *id.* at 187; "the evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance, and so to implicate the law's moral underpinnings[]," *id.* at 187-88; "[p]eople who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and [a factfinder] asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard," *id.* at 189.

Dated: September 15, 2017

ZUCKERMAN SPAEDER LLP

s/ Caroline E. Reynolds
D. Brian Hufford
Jason S. Cowart
Carl S. Kravitz
Aitan D. Goelman
Caroline E. Reynolds
Adam B. Abelson
Sara Alpert Lawson

PSYCH-APPEAL, INC.
Meiram Bendat

*Attorneys for Plaintiffs*