JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
JEFFREY H. RUTHERFORD (SBN 181695)
jrutherford@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO THE CONSOLIDATED DECLARATION OF JENNIFER S. ROMANO IN SUPPORT OF ITS MOTIONS IN LIMINE**<br><br>Trial Date:    October 16, 2017<br><br>Judge:    Hon. Joseph Spero<br>Courtroom:    G |

DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL;
CASE NOS. 3:14-CV-02346-JCS, 3:14-CV-05337-JCS

SFACTIVE-904589052.4

CROWELL
& MORING LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 1 | GARY ALEXANDER, et al., |
| 2 | Plaintiffs, |
| 3 | v. |
| 4 | UNITED BEHAVIORAL HEALTH, |
| 5 | Defendant. |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

SFACTIVE-904589052.4

DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL;
CASE NOS. 3:14-CV-02346-JCS, 3:14-CV-05337-JCS

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rules 79-5 and 7-11 and the protective order ("Protective Order") entered by the Court in this action, Defendant United Behavioral Health ("UBH") hereby moves to file under seal twenty-one exhibits to the Consolidated Declaration Of Jennifer S. Romano In Support Of Defendant UBH's Motions In Limine (the "Romano Declaration") and limited portions of UBH's Motions *in Limine* and Opposition to Plaintiffs' Motion *in Limine* that reference these exhibits, filed concurrently herewith. Specifically, UBH moves to file the following entirely or partially under seal:

- Exs. 1 through 6, 8, 9, 11 through 17, 19 through 22, and 26 to the Romano Declaration;
- portions of UBH's Motion *in Limine* No. 1 at page 6 footnote 3;
- portions of UBH's Motion *in Limine* No. 3 at page 4, lines 10, 13, and 23 and page 5, line 27; and
- portions of UBH's Opposition to Plaintiffs' Motion *in Limine* No. 2 at page 4 lines 6 through 15, 18 through 21, and 23 through 26.

Compelling reasons exist for filing these documents entirely or partially under seal because each contains at least one of the following: (**i**) sensitive financial information that might harm UBH's competitive standing if disclosed to the public; (**ii**) confidential business information about UBH's internal practices that might harm UBH's competitive standing if disclosed to the public; (**iii**) personal health information ("PHI") and/or personally identifying identification ("PII") of members in UBH's plans; and/or (**iv**) confidential communications subject to the attorney-client privilege, which has not been waived. Pursuant to Civil Local Rules 7-11 and 79-5, this motion is accompanied by the Declarations of Nathaniel P. Bualat (the "Bualat Declaration") and Adam Easterday (the "Easterday Declaration").

**I.  Compelling Reasons Exist to File Under Seal UBH's Sensitive Financial Information.**

Compelling reasons exist to file under seal Exs. 16, 17, 19 through 22, and 26 as well as the related portions of UBH's Motion *in Limine* No. 3 because these documents reflect UBH's sensitive financial information—including UBH's Per-Member, Per-Month ("PMPM") rates, rate structures, internal financial projections, and summaries of UBH's annual profit. If a competitor

of UBH's were to obtain information about UBH's PMPM rates or rate structures, the competitor could market to UBH's customers or potential customers by using this information to price under UBH. Further, UBH's customers or potential customers could use UBH's rates and/or rate structure in negotiations to UBH's disadvantage. Finally, UBH's internal financial projections reflect UBH's potential future business decisions, which could be used by a UBH competitor to interfere with UBH's ability to enact these decisions.

Courts in the Ninth Circuit consistently seal "pricing terms" like the ones discussed in these documents because such data amounts to a protected trade secret under the compelling reasons standard. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (finding that "pricing terms . . . plainly fall[] within the definition of 'trade secrets'" under "compelling reasons" standard and thereby warrant a seal order). Courts also seal confidential "business information [that] could harm a litigant's competitive standing" because it "could place [the litigant] in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to [litigant's] competitive standing." *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd*, No. 14-CV-01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (internal quotation marks omitted). As set forth in the Easterday Declaration, this proprietary financial information is not publicly disclosed and there is a substantial risk that UBH would suffer serious competitive harm if it were disclosed to the public. Easterday Declaration ¶ 3, 4. *See* Declaration Of Heather W. Catlin In Support Of Plaintiffs' Administrative Motion To File Documents Under Seal, ECF No. 264-3 (declaration of Heather W. Catlin noting that financial information is confidential and could harm UBH if disclosed); *See also Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (granting motion to seal under Civ. L.R. 79-5(b) because "pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard").

This Court has previously determined that similar sensitive financial information met the standard for sealing, first during the Class Certification hearing (ECF No. 140), and again throughout the briefing at the summary judgment phase under the heightened "compelling

1   reasons" standard for sealing (ECF No. 255). This information is also the subject of Plaintiffs'

2   pending motions to file certain documents under seal. ECF Nos. 303, 305.

3   **II.      Compelling Reasons Exist to File Under Seal UBH's Business Information.**

4              In the alternative, compelling reasons also exist to file under seal Exs. 16, 17, 19, and 26

5   because these documents consist of UBH's confidential business information, including its

6   internal process for reviewing and potentially changing its utilization management process. As set

7   forth in the Easterday Declaration, this information is not publicly disclosed and could harm

8   UBH's competitive standing if disclosed to the public. Easterday Declaration ¶ 6, 7. *See*

9   Declaration Of Lorenzo Triana In Support Of Plaintiffs' Administrative Motion To File

10  Documents Under Seal, ECF No. 264-2 (declaration of Lorenzo Triana noting competitive

11  sensitivity of similar information relating to the same internal process). For example, if one of

12  UBH's competitors were to obtain this information, it could determine UBH's internal review

13  process and reporting and analytic capabilities and structure, which are market differentiators for

14  UBH. *See Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *4 (N.D. Cal.

15  Mar. 17, 2017) (granting motion to seal under Civ. L.R. 79-5(b) for email exchanges that

16  contained "sensitive information about Apple's internal review process" under "compelling

17  reasons" standard). Accordingly, there are compelling reasons to seal each of those documents in

18  their entirety pursuant to Civil Local Rule 79-5(b).

19             Further, this Court has already granted UBH's motion to file under seal similar documents

20  relating to the same internal process under the same compelling reasons standard in UBH's

21  opening motion for summary judgment. ECF No. 268.

22  **II.      Compelling Reasons Exist to File Under Seal PHI and PII.**

23             There are compelling reasons to file under seal Exs. 1 through 6, 8, 9, and 11 through 14

24  and the related portions of UBH's Motion *in Limine* No. 1 and UBH's Opposition to Plaintiffs'

25  Motion *in Limine* No. 2 because these documents reflect information about Plaintiffs' medical

26  and mental health as well as substance use disorders. Sealing is warranted even though the case

27  notes for members of the *Wit* and *Alexander* denial samples have been anonymized and the

28  named plaintiffs have made some information public, due to the risk that this sensitive health

-3-

SFACTIVE-904589052.4

1  information could be misused. As the Bualat Declaration discusses in greater depth, these
2  documents contain information regarding the types of services sought, diagnoses at issue, dates of
3  denials, relevant jurisdictions, and relevant health plans. Bualat Declaration ¶ 4–15.

4  Disclosure of the type of information described above would harm the individuals to
5  whom the information pertains, as reflected by the safeguards contained in the Privacy Rules of
6  the Health Insurance Portability and Accountability Act ("HIPAA"), codified at 45 C.F.R. Parts
7  160 and 164. For example, if this highly personal information is not sealed, members of the
8  public—including potential employers—would be able to access and use the information against
9  the Plaintiffs in question by disseminating it to associates of those individuals. Such harm
10 outweighs the public policies favoring disclosure. Courts in the Ninth Circuits "recognize the
11 important public and private interests in protecting medical records from wholesale public
12 disclosure." *See Fischer v. City of Portland*, No. CV 02-1728, 2003 WL 23537981, at *3 (D. Or.
13 Aug. 22, 2003). *See also A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL
14 4076364, at *2 (N.D. Cal. July 2, 2015) (sealing medical records attached to motion for summary
15 judgment under the "compelling reasons" standard); *San Ramon Reg'l Med. Ctr., Inc. v. Principal
16 Life Ins. Co.*, No. 10–cv–02258–SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011)
17 (sealing *sua sponte* medical records attached to motion to dismiss).

18 **III.   Compelling Reasons Exist to File Under Seal Attorney-Client Communications.**

19 Finally, compelling reasons exist to file Exs. 15 and 19 under seal because they reflect the
20 legal advice of UBH's in-house attorneys, including Adam Easterday, Esq. Indeed, each exhibit
21 contains emails or quotes of emails in which Mr. Easterday provides legal advice. The entirety of
22 each exhibit is privileged because, as the exhibits and Mr. Easterday's declaration demonstrate,
23 he also gave legal advice at various meetings which is reflected in the comments of the non-
24 attorneys. Easterday Declaration ¶ 8; Bualat Declaration ¶ 16. In the rare case that a party files
25 privileged documents without waiving the privilege, the documents should be filed under seal.
26 *See Salcido v. Chappell*, No. 09-00586 MMC, 2012 WL 6126368, at *1 (N.D. Cal. Dec. 10,
27 2012) (granting motion to seal portions of petition for writ of habeas corpus to "protect privileged
28

-4-

DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL;
CASE NOS. 3:14-CV-02346-JCS, 3:14-CV-05337-JCS

SFACTIVE-904589052.4

1 attorney-client communications and work product information disclosed in his Petition and in any
2 further litigation of his claims").

3       UBH did not waive privilege over this document by producing it to Plaintiffs in this case.
4 As this Court held, "when counsel is advising an ERISA trustee about plan administration, this
5 advice is generally for the benefit of the plan members." ECF No. 118. *See also Stephan v. Unum*
6 *Life Ins. Co. of America*, 697 F.3d 917, 931 (9th Cir. 2012) (under the fiduciary exception, the
7 "plan beneficiary . . . is the 'real client'" of the legal advice relating to plan administration).
8 Accordingly, UBH's disclosure of privileged information to Plaintiffs did not constitute a waiver
9 of any privilege because Plaintiffs, as beneficiaries of that legal advice, fall within the scope of
10 the privilege itself. *Wsol v. Fiduciary Mgmt. Assocs., Inc.*, No. 99 C 1719, 1999 WL 1129100, at
11 *4 (N.D. Ill. Dec. 7, 1999) ("because the fiduciary exception provides that attorney-trustee
12 communications regarding fund management are not privileged as against a fund beneficiary,
13 disclosure to the beneficiary cannot waive the privilege"). Because the communications reflected
14 in exhibit number 15 remain privileged, compelling reasons exist to file this exhibit under seal.
15 *Guidiville Rancheria of California v. United States*, No. 12-CV-1326 YGR, 2013 WL 6571945,
16 at *9 (N.D. Cal. Dec. 13, 2013) ("[T]he attorney-client privilege . . . establishes compelling
17 reasons for sealing [a document] from the public record").

18 **II. Conclusion**

19       For the reasons set forth above and in the Bualat and Easterday Declarations, filed
20 concurrently herewith, UBH requests that this Court grant UBH's Administrative Motion to Seal.

22 Dated: September 15, 2017                         CROWELL & MORING, LLP

24                                                 /s/ Nathaniel Bualat
25                                                 Jennifer S. Romano
                                                Jeffrey H. Rutherford
26                                                 April N. Ross
                                                Nathaniel P. Bualat
27                                                 Attorneys for Defendant
                                                United Behavioral Health
28