PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Action Filed: May 21, 2014<br><br>**DECLARATION OF CAROLINE E. REYNOLDS IN OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL TRIAL EXHIBITS** |
| GARY ALEXANDER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-05337-JCS<br>Action Filed: December 4, 2014<br><br>Judge: Hon. Joseph C. Spero<br>Courtroom: G |

I, CAROLINE E. REYNOLDS, declare and state as follows:

1. I am an attorney with the law firm of Zuckerman Spaeder LLP, counsel for Plaintiffs in the above-captioned action. I make this declaration in support of Plaintiffs' Opposition to Defendant's Administrative Motion to Seal Trial Exhibits ("Motion," ECF No. 332). I have personal knowledge of the matters stated in this declaration, and I could and would testify competently about them if called upon to do so.

2. **Exhibit 1** hereto is a true and correct copy of the parties' Stipulation Concerning Production of Privileged Guideline Documents, dated August 10, 2016.

3. **Exhibit 2** hereto is a true and correct copy of the parties' Second Stipulation Concerning Production of Privileged Guideline Documents, dated March 28, 2017.

4. On Defendant's privilege log, which was provided to Plaintiffs on March 29, 2017, with respect to those documents for which Defendant claims sealing is necessary on the basis of privilege, Defendant only invoked attorney work-product protection for one such document, corresponding to Trial Exhibit 438.

5. Defendant's privilege log, provided to Plaintiffs on March 29, 2017, contained entries that were highlighted in order to signal which documents were produced pursuant to the parties' stipulations concerning the fiduciary exception. Entry number 726, corresponding to Trial Exhibit 795, was not highlighted in such manner.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of October, 2017, in Washington, D.C.

/s/ *Caroline E. Reynolds*
Caroline E. Reynolds