THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

CHRISTOPHER FLYNN (admitted *pro hac vice*)
cflynn@crowell.com
APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al*,<br>Plaintiffs,<br>v.<br>UNITED BEHAVIORAL HEALTH,<br>Defendant. | Case No. 3:14-CV-02346-JCS<br>**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

GARY ALEXANDER, *et al.*

Plaintiffs

v.

UNITED BEHAVIORAL HEALTH

Defendant.

Case No. 3:14-CV-05337-JCS

**PROPOUNDING PARTY:** **PLAINTIFFS, DAVID AND NATASHA WIT, *et al.* & GARY ALEXANDER, *et al.***

**RESPONDING PARTY:** **DEFENDANT UNITED BEHAVIORAL HEALTH**

**SET NUMBER:** **ONE (1)**

Defendant United Behavioral Health (operating as Optumhealth Behavioral Solutions) ("UBH" or "Defendant") responds and objects to Plaintiffs David and Natasha Wit, *et al.* and Gary Alexander, *et al.* ("Plaintiffs'") First Set of Requests for Admission as follows:

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and to any and all other objections on any ground that would require the exclusion of any statements herein if any statements contained herein were made by a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

Furthermore, UBH is presently engaged in the investigation and review of the subject of this litigation and therefore reserves the right to amend its responses to this set of Requests for Admission should future investigation and review indicate such amendment is necessary and appropriate. Accordingly, these responses are given without prejudice to UBH's right to present, at time of trial, court hearing, or similar proceeding facts or other evidence which are discovered subsequent to these responses.

///

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION**

Subject to and without waiving or departing from the objections identified above, and specifically incorporating those objections into each response set forth below, UBH responds to Plaintiffs' Requests for Admission as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that UBH keeps track of which Plans are ERISA Plans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

UBH objects to this Request on the ground that it calls for information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. UBH further objects to this Request on the ground that it is vague and ambiguous with respect to Plaintiffs' use of the phrase "keeps track". In responding to this Request, UBH will interpret the phrase "keeps track" to mean that UBH has a method of tracking which of the plans it administers are governed by ERISA such that UBH can identify all such ERISA plans using an automated search.

Subject to UBH's understanding of the phrase "keeps track" as set forth herein, and subject to and without waiving UBH's objections, denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that UBH makes Medical Necessity Determinations and/or Clinical Coverage Determinations on behalf of Plaintiffs' ERISA Plans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

UBH objects to the definition of the term "Medical Necessity Determination" as vague and ambiguous because the incorporated term "Benefit Claim" is vague and ambiguous with respect to the meaning of the word "claim." In responding to this Request, UBH will interpret the phrase "Medical Necessity Determination" to mean a determination by UBH as to whether treatment sought by a member for which the member seeks benefits under the member's Plan is medically necessary.

UBH also objects to this Request to the extent that Plaintiffs' use of the term "Clinical Coverage Determinations" suggests that all Plans administered by UBH condition coverage upon

a finding that the relevant treatment "is consistent with generally accepted standards of care and/or prevailing medical standards, and/or…sufficient research or other evidence." In responding to this Request, UBH will interpret the term "Clinical Coverage Determination" to mean UBH's determination as to whether the treatment sought by a member in connection with a Benefit Claim is consistent with the terms of the individual member's benefit Plan.

Subject to UBH's understanding of the terms "Medical Necessity Determination" and "Clinical Coverage Determination" as set forth herein, and subject to and without waiving UBH's objections, admitted.

**REQUEST FOR ADMISSION NO. 3:**

Admit that UBH exercises discretion when it makes Medical Necessity Determinations and/or Clinical Coverage Determinations on behalf of Plaintiffs' ERISA Plans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

UBH objects to this Request to the extent the use of the term "discretion" calls for a legal conclusion. In responding to this Request, UBH will apply the Oxford English Dictionary definition of "discretion" and will accordingly interpret "discretion" to mean the authority to act according to one's judgment.

UBH objects to the definition of the term "Medical Necessity Determination" as vague and ambiguous because the incorporated term "Benefit Claim" is vague and ambiguous with respect to the meaning of the word "claim." In responding to this Request, UBH will interpret the phrase "Medical Necessity Determination" to mean a determination by UBH as to whether treatment sought by a member for which the member seeks benefits under the member's Plan is medically necessary.

UBH also objects to this Request to the extent that Plaintiffs' use of the term "Clinical Coverage Determinations" suggests that all Plans administered by UBH condition coverage upon a finding that the relevant treatment "is consistent with generally accepted standards of care and/or prevailing medical standards, and/or…sufficient research or other evidence." In responding to this Request, UBH will interpret the term "Clinical Coverage Determination" to

mean UBH's determination as to whether the treatment sought by a member in connection with a Benefit Claim is consistent with the terms of the individual member's benefit Plan.

Subject to UBH's understanding of the terms "discretion", "Medical Necessity Determination" and "Clinical Coverage Determination" as set forth herein, and subject to and without waiving UBH's objections, admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit that UBH makes Medical Necessity Determinations and/or Clinical Coverage Determinations on behalf of all other ERISA Plans.

**RESPONSE TO REQUEST FOR ADMISSION NO 4:**

UBH objects to the definition of the term "Medical Necessity Determination" as vague and ambiguous because the incorporated term "Benefit Claim" is vague and ambiguous with respect to the meaning of the word "claim." In responding to this Request, UBH will interpret the phrase "Medical Necessity Determination" to mean a determination by UBH as to whether treatment sought by a member for which the member seeks benefits under the member's Plan is medically necessary.

UBH also objects to this Request to the extent that Plaintiffs' use of the term "Clinical Coverage Determinations" suggests that all Plans administered by UBH condition coverage upon a finding that the relevant treatment "is consistent with generally accepted standards of care and/or prevailing medical standards, and/or…sufficient research or other evidence." In responding to this Request, UBH will interpret the term "Clinical Coverage Determination" to mean UBH's determination as to whether the treatment sought by a member in connection with a Benefit Claim is consistent with the terms of the individual member's benefit Plan.

Subject to and without waiving UBH's objections, denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that UBH exercises discretion when it makes Medical Necessity Determinations and/or Clinical Coverage Determinations on behalf of all other ERISA Plans.

///

///

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

UBH objects to this Request to the extent the use of the term "discretion" calls for a legal conclusion. In responding to this Request, UBH will apply the Oxford English Dictionary definition of "discretion" and will accordingly interpret "discretion" to mean the authority to act according to one's judgment.

UBH objects to the definition of the term "Medical Necessity Determination" as vague and ambiguous because the incorporated term "Benefit Claim" is vague and ambiguous with respect to the meaning of the word "claim." In responding to this Request, UBH will interpret the phrase "Medical Necessity Determination" to mean a determination by UBH as to whether treatment sought by a member for which the member seeks benefits under the member's Plan is medically necessary.

UBH also objects to this Request to the extent that Plaintiffs' use of the term "Clinical Coverage Determinations" suggests that all Plans administered by UBH condition coverage upon a finding that the relevant treatment "is consistent with generally accepted standards of care and/or prevailing medical standards, and/or...sufficient research or other evidence." In responding to this Request, UBH will interpret the term "Clinical Coverage Determination" to mean UBH's determination as to whether the treatment sought by a member in connection with a Benefit Claim is consistent with the terms of the individual member's benefit Plan.

Subject to and without waiving UBH's objections, denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that at least one of the reasons for which UBH created, developed or revised its UBH LOCs was to assist its Clinical Benefit Adjudicators in making Medical Necessity Determinations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

UBH objects to the definition of the term "Medical Necessity Determination" as vague and ambiguous because the incorporated term "Benefit Claim" is vague and ambiguous with respect to the meaning of the word "claim." In responding to this Request, UBH will interpret the phrase "Medical Necessity Determination" to mean a determination by UBH as to whether treatment sought by a member for which the member seeks benefits under the member's Plan is medically necessary.

Subject to UBH's understanding of the term "Medical Necessity Determination" as set forth herein, and subject to and without waiving UBH's objections, admitted.

**REQUEST FOR ADMISSION NO. 7:**

Admit that at least one of the reasons for which UBH created, developed or revised its UBH CDGs was to assist its Clinical Benefit Adjudicators in making Clinical Coverage Determinations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

UBH objects to this Request for Admission to the extent that Plaintiffs' use of the term "Clinical Coverage Determinations" suggests that all Plans administered by UBH condition coverage upon a finding that the relevant treatment "is consistent with generally accepted standards of care and/or prevailing medical standards, and/or…sufficient research or other evidence." In responding to this Request, UBH will interpret the term "Clinical Coverage Determination" to mean UBH's determination as to whether the treatment sought by a member in connection with a Benefit Claim is consistent with the terms of the individual member's benefit Plan.

Subject to UBH's understanding of the term "Clinical Coverage Determination" as set forth herein, and subject to and without waiving UBH's objections, admitted.

**REQUEST FOR ADMISSION NO. 8:**

Admit that UBH exercised discretion when it created, developed or revised its UBH LOCs and UBH CDGs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

~~UBH objects to this Request to the extent the use of the term "discretion" calls for a legal conclusion.~~ In responding to this Request, UBH will apply the Oxford English Dictionary definition of "discretion" and will accordingly interpret "discretion" to mean the authority to act according to one's judgment.

Subject to UBH's understanding of the term "discretion" as set forth herein, and subject to and without waiving UBH's objections, admitted.

**REQUEST FOR ADMISSION NO. 9:**

Admit that UBH's internal policies and practices instruct UBH's Clinical Benefit Adjudicators to utilize UBH LOCs when they make Medical Necessity Determinations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

~~UBH objects to the definition of the term "Medical Necessity Determination" as vague and ambiguous because the incorporated term "Benefit Claim" is vague and ambiguous with respect to the meaning of the word "claim."~~ In responding to this Request, UBH will interpret the phrase "Medical Necessity Determination" to mean a determination by UBH as to whether treatment sought by a member for which the member seeks benefits under the member's Plan is medically necessary.

~~UBH further objects to this Request to the extent it suggests that LOCs are the only information utilized by UBH Clinical Benefit Adjudicators when making Medical Necessity Determinations.~~

~~Subject to UBH's understanding of the term "Medical Necessity Determinations" as set forth herein, and subject to and without waiving UBH's objections~~, UBH admits that its internal policies and practices instruct its Medical Directors and Psychology Reviewers to utilize UBH LOCs, as well as state guidelines, plan language, facts relating to member condition, diagnosis and treatment, information learned from providers[s], other available clinical information, and the individual's professional judgment and experience when making decisions as to whether a particular service is medically necessary under that member's plan.

**REQUEST FOR ADMISSION NO. 10:**

Admit that UBH's Clinical Benefit Adjudicators utilize UBH LOCs when they make Medical Necessity Determinations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

~~UBH objects to the definition of the term "Medical Necessity Determination" as vague and ambiguous because the incorporated term "Benefit Claim" is vague and ambiguous with respect to the meaning of the word "claim."~~ In responding to this Request, UBH will interpret the phrase "Medical Necessity Determination" to mean a determination by UBH as to whether treatment sought by a member for which the member seeks benefits under the member's Plan is medically necessary.

~~UBH further objects to this Request to the extent it suggests that LOCs are the only information utilized by UBH Clinical Benefit Adjudicators when making Medical Necessity Determinations.~~

~~Subject to UBH's understanding of the term "Medical Necessity Determinations" as set forth herein, and subject to and without waiving UBH's objections,~~ UBH admits that its Medical Directors and Psychology Reviewers utilize UBH LOCs, as well as state guidelines, plan language, facts relating to member condition, diagnosis and treatment, information learned from providers[s], other available clinical information, and the individual's professional judgment and experience when making decisions as to whether a particular service is medically necessary under that member's plan.

**REQUEST FOR ADMISSION NO. 11:**

Admit that UBH's internal policies and practices instruct UBH's Clinical Benefit Adjudicators to utilize UBH CDGs when they make Clinical Coverage Determinations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

~~UBH objects to this Request for Admission to the extent that Plaintiffs' use of the term "Clinical Coverage Determinations" suggests that all Plans administered by UBH condition coverage upon a finding that the relevant treatment "is consistent with generally accepted standards of care and/or prevailing medical standards, and/or…sufficient research or other~~

~~evidence.~~" In responding to this Request, UBH will interpret the term "Clinical Coverage Determination" to mean UBH's determination as to whether the treatment sought by a member in connection with a Benefit Claim is consistent with the terms of the individual member's benefit Plan.

~~UBH further objects to this Request to the extent it suggests that CDGs are the only information utilized by UBH Clinical Benefit Adjudicators when making Clinical Coverage Determinations.~~

Subject to ~~UBH's understanding of the term "Clinical Coverage Determination" as set forth herein, and subject to and without waiving UBH's objections~~, UBH admits that its internal policies and practices instruct its Medical Directors and Psychology Reviewers to utilize UBH CDGs, as well as state guidelines, plan language, facts relating to member condition, diagnosis and treatment, information learned from providers[s], other available clinical information, and the individual's professional judgment and experience when making decisions as to whether a particular service is covered under the terms of that member's plan.

**REQUEST FOR ADMISSION NO. 12:**

Admit that UBH's Clinical Benefit Adjudicators utilize UBH CDGs when they make Clinical Coverage Determinations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

~~UBH objects to this Request for Admission to the extent that Plaintiffs' use of the term "Clinical Coverage Determinations" suggests that all Plans administered by UBH condition coverage upon a finding that the relevant treatment "is consistent with generally accepted standards of care and/or prevailing medical standards, and/or…sufficient research or other evidence.~~" In responding to this Request, UBH will interpret the term "Clinical Coverage Determination" to mean UBH's determination as to whether the treatment sought by a member in connection with a Benefit Claim is consistent with the terms of the individual member's benefit Plan.

UBH further objects to this Request to the extent it suggests that CDGs are the only information utilized by UBH Clinical Benefit Adjudicators when making Clinical Coverage Determinations.

Subject to UBH's understanding of the term "Clinical Coverage Determination" as set forth herein, and subject to and without waiving UBH's objections, UBH admits that its Medical Directors and Psychology Reviewers utilize UBH CDGs, as well as state guidelines, plan language, facts relating to member condition, diagnosis and treatment, information learned from providers[s], other available clinical information, and the individual's professional judgment and experience when making decisions as to whether a particular service is covered under the terms of that member's plan.

**REQUEST FOR ADMISSION NO. 13:**

Admit that each UBH CDG reflects, on its face, the date on which it was approved and the date of its most recent revision.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Subject to and without waiving UBH's objections, denied to the extent that Plaintiffs' use of the conjunctive "and" suggests that each UBH CDG reflects both the date on which it was approved and the date of its most recent revision.

**REQUEST FOR ADMISSION NO. 14:**

Admit that with respect to any particular UBH CDG, the most recently revised version is the version in effect.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Subject to and without waiving UBH's objections, denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that UBH has no authority to amend the language or terms of any of the Plans it administers.

///

///

///

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Subject to and without waiving UBH's objections, admitted.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the document produced by UBH with the bates range UBHWIT0000170-UBHWIT0000267 is a complete and genuine copy of the UBH LOCs that were in effect in 2014.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Subject to and without waiving UBH's objections, admitted.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the document attached hereto as Exhibit A is a complete and genuine copy of the UBH LOCs that are in effect in 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Subject to and without waiving UBH's objections, admitted.

Dated: January 11, 2016

CROWELL & MORING LLP

Christopher Flynn
Jennifer S. Romano
April N. Ross
Nathaniel P. Bualat
Attorneys for Defendant
United Behavioral Health

SFACTIVE-903914085.2