JEFFREY H. RUTHERFORD (SBN 181695)
jrutherford@crowell.com
JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant, | Case No. 3:14-cv-02346-JCS<br><br>Related Case No. 3:14-cv-05337-JCS<br><br>**UBH'S OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE**<br><br>Honorable Joseph C. Spero |

GARY ALEXANDER, et al.,

Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH,

Defendant,

Defendant United Behavioral Health ("UBH") objects to the following new evidence in Plaintiffs' Post-Trial Reply Brief (ECF No. 404):[1]

1. **Evidence That Class Members Sought Coverage From Texas Providers**

In their Post-Trial Reply Brief, Plaintiffs cite to the class list as evidence that UBH failed to apply the criteria issued by the Texas Department of Insurance to 24 class members who, according to Plaintiffs, sought treatment from providers located in Texas under plans governed by Texas law. (ECF No. 404, pp 77:17–78:3 (citing Ex. 255), 77 n.82.) Plaintiffs did not discuss any of this evidence at trial or in their Post-Trial Brief. UBH objects to Plaintiffs' belated citation to this evidence on two grounds.

First, the handful of entries on the class list that Plaintiffs cite in reply were never discussed at trial. Plaintiffs' attempt to explain the significance of these entries through post-trial attorney argument rather than a sponsoring witness at trial is in direct violation of the Court's order that the parties "explain everything to [the Court] during trial" through a "witness [who] has to explain . . . why it's important." (Oct. 5, 2017 Pretrial Hrg. Tr., pp. 35:13–17, 42:20–24; *see also* ECF No. 351, p. 9 (requiring all evidence to be introduced at trial).)[2]

Second, per the Court's instruction, Plaintiffs' Proposed Findings of Fact were required to "put forward the detail of the exact thing that you think I need to find and cites to where the evidence is" and Plaintiffs' Post-Trial Brief was required to "make [their] case" by presenting the same comprehensive set of facts "in an argument form." (Trial Tr., 1934:13–1935:1.) Although Plaintiffs now contend that evidence relating to these 24 class members satisfies their burden of classwide proof, they failed to cite it in their Post-Trial Brief or Proposed Findings of Fact, denying UBH the opportunity to respond. Plaintiffs waived any argument that they satisfied their

[1] UBH also intends to seek leave from the Court to file a sur-reply. To the extent the Court overrules any of UBH's objections herein, UBH is entitled to an opportunity to respond to evidence and related arguments raised for the first time in Plaintiffs' Post-Trial Reply Brief.

[2] Plaintiffs introduced the class list (Trial Ex. 255) pursuant to a stipulation without any sponsoring witness. (Trial Tr. 825:4–19.) The only witness to testify about the class list at trial was UBH's witness Frances Bridge. Plaintiffs' counsel cross-examined Ms. Bridge at length, but declined to ask her any questions about the class list. (Trial Tr. 1505:14–1538:21 (Bridge).)

classwide burden of proof based on evidence or arguments that were not addressed in their Post-Trial Brief, and such evidence should not be considered. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in an appellant's reply brief are generally deemed waived."); *All Pac. Trading, Inc. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427, 1434 (9th Cir. 1993) ("Failure to raise the issue in the opening brief waived that issue"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.")

Accordingly, UBH objects to Plaintiffs reliance on the class list, (Ex. 255), as evidence that UBH failed to adhere to Texas state law.

**2. Exhibit A**

Also for the first time in reply, Plaintiffs attempt to introduce a summary "Exhibit A" that was neither offered nor discussed at trial. Exhibit A purports to summarize the amendment procedures for the benefit plans in evidence. (ECF Nos. 404-1, 405.)[3] UBH objects to Exhibit A on the ground that it consists of new evidence not introduced at trial; lacks a sponsoring witness, and, thus, is inadmissible because it has not been authenticated; and was not discussed in Plaintiffs' opening brief.

Exhibit A is nothing more than a belated summary exhibit under Federal Rule of Evidence 1006, which Plaintiffs did not disclose before or during trial, did not offer into evidence at trial, and for which they offered no evidence laying a foundation for its admissibility or authenticity. This unauthenticated summary exhibit is inadmissible and should be disregarded. *See Colón-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 31 (1st Cir. 2011) ("for summary evidence to be admitted into court, there must be, like all evidence, a proper foundation laid for its admission"); *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998) ("In order to lay a proper foundation for a summary, the proponent should present the testimony of the witness who

---

[3] Plaintiffs originally submitted Exhibit A as ECF No. 404-1, but filed a "Corrected" Exhibit A as ECF No. 405. UBH objects to both versions of "Exhibit A".

supervised its preparation.”).

Moreover, as previously discussed, the Court informed the parties at the October 5, 2017 pretrial conference that they needed to introduce *at trial* any evidence on which they wanted to rely. (ECF No. 351 at 9.) Plaintiffs did not identify Exhibit A on the Joint Trial Exhibit List and made no effort to introduce it at trial. Nor is the exhibit an attempt by Plaintiffs to consolidate testimony or arguments put forth at trial; Plaintiffs did not present any testimony or argument at trial regarding any of these provisions, and did not discuss any of these plan terms in their opening Post-Trial Brief.

Lastly, UBH objects to Exhibit A on the additional ground that Plaintiffs failed to include it, or cite to the plan terms purportedly summarized therein, in their opening brief. As discussed above, any arguments predicated on this new evidence are waived. *Anderson*, 472 F.3d at 668; *All Pac. Trading, Inc.*, 7 F.3d at 1434.

For the above stated reasons, UBH objects to Plaintiffs’ Exhibit A.

**3. Definitions Contained In The Oxford English Dictionary, The Merriam-Webster Dictionary, And Stedman’s Medical Dictionary.**

In their Post-Trial Reply Brief, Plaintiffs cite to the definitions of the words “acute,” “presenting,” “presenting symptom,” “lead,” and “precipitate” contained in the Oxford English Dictionary, the Merriam-Webster Dictionary, and Stedman’s Medical Dictionary. (*See* ECF No. 404, pp. 28–32.) Plaintiffs use the new dictionary definitions for the first time in their reply brief to argue the meaning of UBH’s guidelines. (*Id.*) UBH objects to Plaintiffs’ use of those definitions because they consist of new evidence not introduced at trial. Plaintiffs did not introduce those dictionary definitions at trial or discuss them with any witness at trial. Nor did Plaintiffs list the dictionaries on the Joint Trial Exhibit List. (ECF No. 359.)

If Plaintiffs believed these definitions were relevant to prove the meaning of UBH’s guidelines, they could have and should have offered them at trial pursuant to the Court’s instruction. (Oct. 5, 2017 Pretrial Hrg. Tr., pp. 35:13–17, 42:20–24; *see also* ECF No. 351, p. 9.) Had Plaintiffs complied with the Court’s orders, UBH would have had the opportunity to present evidence explaining if and how those definitions apply in the context of UBH’s guidelines.

Moreover, a fulsome record regarding the meaning of these terms already exists; both UBH and Plaintiffs questioned numerous fact and expert witnesses on how they interpreted the meaning of these words without reference to Plaintiffs' eleventh-hour dictionary definitions.

For the above stated reasons, UBH objects to Plaintiffs' introduction of dictionary definitions that are not in evidence for the purpose of proving the meaning of terms used in UBH's guidelines.

**Conclusion**

For the above stated reasons, UBH objects to the Plaintiffs' reliance on the above discussed new evidence.

DATED: February 20, 2017

CROWELL & MORING LLP

By: */s/ Jennifer S. Romano*
Jennifer S. Romano
Attorneys for Defendant
UNITED BEHAVIORAL HEALTH