PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | Case No. 3:14-CV-02346-JCS <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: March 22, 2019 <br><br> Judge: Hon. Joseph C. Spero <br> Courtroom: G |
| GARY ALEXANDER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | Case No. 3:14-CV-05337-JCS |

Pursuant to Civil Local Rule 16-10(d) and the Court's February 28, 2019 Scheduling Order (*Wit* Dkt. No. 415), Plaintiffs and Defendant, by and through their respective counsel, submit the following Joint Case Management Statement. As set forth in Local Rule 16-10(d), the parties are reporting progress or changes since the last statement was filed in these consolidated cases. In addition, as the Court directed in its Scheduling Order, the parties propose a schedule for the remedy phase of the case. UBH also addresses other motions it plans to file, and Plaintiffs respond to those proposals. Where indicated by the headings "Plaintiffs' Position" and "UBH's Position," Plaintiffs and UBH, respectively, set forth their separate positions.

## I. Post-Trial Findings of Fact and Conclusions of Law

Following a trial on the merits and post-trial briefing, the Court issued its Findings of Fact and Conclusions of Law on February 28, 2019 (*Wit* Dkt. No. 413). The Court concluded (in part) that Defendant United Behavioral Health ("UBH") violated its fiduciary duties by adopting Guidelines that are unreasonable and do not reflect generally accepted standards of care, and that UBH abused its discretion in denying class members' requests for coverage based in whole or in part on its Guidelines. Because the Court found UBH liable on the merits of Plaintiffs' claims, the Court ordered that the case will proceed to the remedies phase.

## II. Additional Post-Trial Motions Proposed by Defendant UBH

### A. UBH's Position

#### 1. Rule 52 Motion

The parties agree that the issue of whether the CDGs incorporate the LOCGs "is ripe for resolution," and UBH contends that the issue should be resolved now as part of the Court's liability findings. UBH intends to bring a motion pursuant to Fed. R. Civ. P. 52(b) for additional findings on this issue and on UBH's liability under the Custodial Care CDGs. At trial, the parties submitted evidence about whether and to what extent the CDGs incorporate the LOCG criteria challenged by Plaintiffs in this case. Apart from the Custodial Care CDGs, Plaintiffs challenge the remaining CDGs only to the extent they incorporate the LOCGs. The Court declined to make factual findings on whether the CDGs incorporate the LOCGs, deferring this issue to the remedies phase. Dkt. No. 413, ¶ 47, n.7. Likewise, while the Court acknowledged trial evidence showing

1  that some class members' plans include definitions of custodial care that align with UBH's

2  Custodial Care CDGs, and noted that this may preclude a finding of liability as to custodial care

3  denials issued under those plans, the Court declined to decide this issue in the liability phase. *Id.*

4  ¶ 148. Whether and how these CDGs are inconsistent with the terms of the Plaintiffs' and class

5  members' plans is a question of liability that should be resolved prior to addressing remedies.

6  UBH therefore requests that its motion for additional findings under Rule 52(b) be resolved prior

7  to the commencement of briefing on remedies.

8        Simultaneous with its motion for additional findings under Rule 52(b), UBH intends to

9  bring a motion for judgment under Rule 52(c) based on Plaintiffs' failure to present evidence at

10  trial with respect to each of the elements of their claims, including evidence that any Plaintiff or

11  absent class member would have been entitled to benefits if UBH had adopted guidelines that

12  were consistent with generally accepted standards of care and evidence that any Plaintiff or any

13  class member was denied benefits because of the alleged deficiencies in the guidelines.

### 2. Motion for Decertification

15        At the conclusion of trial, UBH sought permission to bring a motion to decertify the

16  classes in this matter. The Court stated that it will allow UBH to bring a motion to decertify the

17  class(es) pursuant to Fed. R. Civ. P. 23(c) "at some point" after the conclusion of post-trial

18  briefing on the issue of liability. Trial Tr. 1932:1-17.

19        After the Court resolves the remaining liability issues discussed above, UBH intends to

20  bring a motion to decertify the classes, in whole or in part, based on the Court's Findings of Fact

21  and Conclusions of Law and the evidence adduced at trial relating to the Plan language applicable

22  to each class member, the varied guidelines at issue, whether and how each of the CDGs at issue

23  incorporate differing portions of the LOCGs, and application of the guidelines in benefit

24  decisions. Because the outcome of UBH's anticipated Rule 52(b) motion for additional findings

25  on these issues may substantially impact UBH's decertification arguments, UBH submits that the

26  decertification motion should be filed after a ruling on UBH's Rule 52(b) motion and after the

27  Court issues any additional findings of fact or conclusions of law. And because the scope of the

28  certified class necessarily impacts the scope of the remedy, and who is entitled to any remedy, the

1  decertification motion should be resolved before the Court addresses remedies.

### B. Plaintiffs' Position

Despite the Court's admonition that "[t]he Court is prepared to proceed to the remedy phase of the case," Dkt. No. 415, UBH now proposes *two* separate rounds of additional briefing *before* the parties turn to remedies. UBH's transparent attempt to inject months of delay into the case should be summarily rejected.

### 1. UBH's Proposed Motion Under Rules 52(b) and (c).

As explained below, UBH's proposed Rule 52 motion is utterly frivolous and will serve no purpose other than to cause unnecessary delay and increase the burden on Plaintiffs' counsel as they are preparing their remedies brief. The Court should not even permit UBH to file it, let alone build a lengthy delay into the schedule in order to accommodate it.

First, UBH's intended motion under Rule 52(b) to seek "additional findings" as to whether UBH's Coverage Determination Guidelines (CDGs) incorporate the coverage criteria in its Level of Care Guidelines (LOCGs), and on UBH's liability under its Custodial Care CDGs, has no merit whatsoever.[1] On the incorporation issue, the motion is entirely unnecessary. The Court has already stated its intention to issue additional findings on that very issue, when deciding on appropriate remedies. *See Wit* Dkt. No. 413 at 23 n.7 (noting that Plaintiffs presented evidence at trial "that the diagnosis-specific CDGs listed in Trial Ex. 880 incorporate UBH's LOCGs" and stating that "[t]hat issue will be decided at a later stage of the case, when the Court addresses remedies."). There is no need for UBH to file a motion asking the Court to do something it has already stated it plans to do.

Nor is any further briefing called for. The parties submitted evidence on incorporation at trial and presented argument on the issue in their post-trial briefs, and now agree that the issue is ripe for resolution. A separate briefing period devoted to an issue that is already fully developed would only waste time. If it would be helpful to the Court, Plaintiffs are prepared to give oral

---

[1] UBH's Rule 52(b) motion is procedurally improper as well, insofar as Rule 52(b) applies only after the entry of judgment, which has not yet occurred in this case. *See* Fed. R. Civ. P. 52(b) ("On a party's motion filed no later than 28 days after the entry of judgment…").

1   argument on the issue on March 29, 2019.  Otherwise, the issue can and should be resolved
2   without further proceedings.

3   Second, UBH's proposed Rule 52(b) motion is plainly unwarranted to the extent it seeks
4   to revisit the Court's liability findings as to UBH's Custodial Care CDGs.  Contrary to UBH's
5   assertion above, the Court did not "decline[]" to decide whether any plan definitions of "custodial
6   care" preclude a finding of UBH's liability as to UBH's use of its Custodial Care CDGs.  The
7   Court did decide that question, and explicitly found, based on the evidence presented at trial, that
8   they do not.  Indeed, in the very paragraph UBH cites, the Court found that *none* of the Plans of
9   the Claim Sample members – the only plans that matter for purposes of this case – "include[s] the
10  overly restrictive definitions of 'active treatment' and 'improvement' that significantly expand the
11  concept of custodial care in UBH's CDGs and LOCGs."  *Wit* Dkt. No. 413 at 77 (¶ 148).  The
12  Court did not need to answer the question of whether some hypothetical plan's explicit inclusion
13  of those overly-restrictive definitions might limit coverage, for one simple reason: that
14  hypothetical question was not and is not before the Court.  UBH offered absolutely no evidence at
15  trial that any such plan exists.  There are thus no grounds for additional briefing or "additional
16  findings" on the Custodial Care CDGs, either.

17  Third, UBH also is not entitled to file a second motion under Rule 52(c) to assert, once
18  again, its meritless argument that Plaintiffs must prove actual entitlement to benefits in order to
19  succeed on their claims in this case.  UBH made a Rule 52(c) motion on this ground at trial.  *See*
20  Trial Tr. 827:7-829:16.  The Court rejected that motion, holding in its February 28, 2019
21  Conclusions of Law that the requirement that UBH's breach of fiduciary duty "must have caused
22  harm to Plaintiffs" "is met" in this case.  *Wit* Dkt. No. 413 at 104 (¶ 204) (incorporating and
23  declining to revisit the Court's holding on summary judgment that "denial of [Plaintiffs'] right to
24  fair adjudication of their claims for coverage based on Guidelines that were developed solely for
25  their benefit" is cognizable harm for purposes of the breach of fiduciary duty claim).  UBH has
26  unsuccessfully asserted this argument repeatedly throughout the case.  *See, e.g.*, Def.'s Opp. To
27  Mot. for Class Certification, *Wit* Dkt. No. 149 (April 28, 2016) at 20-23. 27-29; Defs.' Mot. for
28  Leave to File Mot. for Reconsideration, *Wit* Dkt. No. 177 (Sept. 30, 2016), at 10-11; Def.'s Mot.

for Summ. J., *Wit* Dkt. No. 248 (May 19, 2017), at 10-16; Trial Tr. 6:20-23 (UBH Counsel: "[T]he evidence presented in connection with the class certification motion continues to demonstrate class certification wasn't appropriate."); *id.* 827:7 (UBH mid-trial oral Rule 52(c) motion arguing that "plaintiffs have not offered class-wide proof that any breach of fiduciary duty caused harm to the plaintiffs or class members"). As the Court assured UBH in the pretrial conference, the issue is well preserved for appeal. *See* Tr. of Pretrial Conf. (Oct. 5, 2017) at 51:12-14 (explaining that "the legal question of whether or not [Plaintiffs] had to prove that [each class member was in fact entitled to benefits] and the ruling on the legal matter that they do not is preserved for appeal"). UBH knows the Court is not going to change its ruling on this issue at this point and does not need to re-assert the argument in order to preserve its appeal rights. The only purpose for filing such a motion, therefore, would be to "cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 11(b)(1).

Because UBH's proposed "Rule 52 motion" is both meritless and procedurally improper and is designed only to delay the final resolution of this case, the Court should not allow UBH to file it.

### 2. UBH's Proposed Motion to Decertify

At trial, the Court indicated that it would allow UBH to file a motion to decertify the Class "at some point." Plaintiffs will oppose any such motion. Plaintiffs respectfully request that the Court admonish UBH that a motion to decertify should not repeat legal arguments UBH has unsuccessfully raised previously in this case, nor should such a motion present new evidence if that evidence was available to UBH at the time of trial. Plaintiffs further request that the Court direct the parties to brief UBH's decertification motion simultaneously with the briefing on the remedies. Plaintiffs have expanded their proposed briefing schedule to allow for such simultaneous briefing. Plaintiffs do not believe any valid grounds for decertification exist, and strongly oppose any delay to the ultimate resolution of this case resulting from UBH's motion.

### III. Settlement and ADR

The parties attempted to resolve the case through an alternative dispute resolution process coordinated by Magistrate Judge Ryu, but were unable to reach an agreement. The parties do not

believe further attempts at ADR would be fruitful at this time.

## IV. Proposed Schedule

### A. Plaintiffs' Position

Plaintiffs propose the following schedule for the remainder of the case:

- **April 19, 2019**: [1] Plaintiffs file their remedies brief and proposed order, setting forth in detail the relief Plaintiffs request to remedy UBH's ERISA violations, and the legal authority supporting Plaintiffs' entitlement to that relief; and [2] UBH files its Motion to Decertify.
- **May 17, 2019**: [1] UBH files its opposition to Plaintiffs' request for remedies; and [2] Plaintiffs file their opposition to UBH's Motion to Decertify.
- **June 7, 2019**: [1] Plaintiffs file their reply in support of their request for remedies; and [2] UBH files its reply in support of its Motion to Decertify.
- **To be Scheduled by the Court**: Oral argument on remedies and UBH's motion to decertify.
- **Within 2 weeks after the Court's ruling on remedies**, Plaintiffs will submit their application for attorneys' fees and expenses.

### B. UBH's Position

As discussed above, UBH contends that its motion for additional findings under Rule 52(b) and for judgment on partial findings under Rule 52(c) should be addressed first, followed by UBH's motion for decertification. UBH proposes that the parties commence briefing on the issue of appropriate remedies after the Court has resolved the remaining questions of liability and class certification, and proposes the following schedule.

**Briefing and Argument on UBH's Rule 52 Motion for Additional Findings**

- **April 19, 2019**: UBH's Rule 52 Motion due.
- **May 10, 2019**: Plaintiffs' opposition brief due.
- **May 24, 2019**: UBH's reply brief due.
- **To be Scheduled by the Court**: Oral argument on UBH's motion for additional findings.

**Briefing and Argument on UBH's Rule 23(c) Motion for Decertification**

- **21 days after the Court's ruling on UBH's Rule 52(b) motion**: UBH's motion for decertification due.
- **21 days after UBH files its motion**: Plaintiffs' opposition brief due.
- **14 days after Plaintiffs' opposition is filed**: UBH's reply brief due.
- **To be Scheduled by the Court**: Oral argument on UBH's motion for decertification.

**Briefing and Argument on Remedies**

- **21 days after the Court's ruling on UBH's motion for decertification**: Plaintiffs' brief on remedies due.
- **30 days after Plaintiffs' remedies brief is filed**: UBH's response to Plaintiffs' remedies brief due.
- **14 days after Plaintiffs' opposition is filed**: Plaintiffs' reply brief due.
- **To be Scheduled by the Court**: Oral argument on remedies.

Respectfully Submitted:

Dated: March 22, 2019                           ZUCKERMAN SPAEDER LLP

                                                /s/ Caroline E. Reynolds

                                                Caroline E. Reynolds
                                                Adam Abelson
                                                Attorneys for Plaintiffs


Dated: March 22, 2019                           CROWELL & MORING LLP

                                                /s/ Jennifer Romano

                                                Jennifer S. Romano
                                                April N. Ross
                                                Nathaniel P. Bualat
                                                Andrew Holmer
                                                Attorneys for Defendant United Behavioral Health

-7-    JOINT CASE MANAGEMENT STATEMENT;
CASE NOS. 3:14-CV-02346-JCS, 3:14-CV-05337-JCS

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: March 22, 2019                                   /s/ Caroline E. Reynolds
                                                        Caroline E. Reynolds