Exhibit A: Revised Website Content (Clean)

# Welcome to the UBH Guidelines Class Action Lawsuit Website

Update May 2019: The Court publicly filed its post-trial Findings of Fact and Conclusions of Law on March 5, 2019. The opinion is available here. On March 29, 2019, the Court set a schedule for briefing appropriate remedies and other motions based on the Court's liability findings. The case will not be over until after the Court issues a ruling on remedies.

On September 19, 2016, the Court certified three classes in the above-captioned cases. These classes consist of individuals whose claims for insurance benefits for outpatient, intensive outpatient, or residential treatment of a mental illness or substance use disorder were denied by UBH, based in whole or in part upon UBH's Guidelines, during certain time periods. If you are a member of one or more of the classes, you may be entitled to participate in the remedies the Court orders in this lawsuit.

The Wit State Mandate Class, The Wit Guideline Class, and the Alexander Guideline Class, as well as the criteria for class membership, are more fully described in FAQ 2.

This website is a summary of the lawsuit. It also describes who is eligible to be included in the classes and the effect of participating in this lawsuit as a class member.

This is a civil lawsuit filed in the United States District Court for the Northern District of California. The complaint names as defendant United Behavioral Health (operating as OptumHealth Behavioral Solutions). On September 19, 2016, the Court appointed as Class Representatives for the Wit Guideline Class David and Natasha Wit, Lori Flanzraich, Cecilia Holdnak, Brian Muir, and Linda Tillitt. The Court appointed Brandt Pfeifer as Class Representative for the Wit State Mandate Class. The Class Representatives the Court appointed for the Alexander Guideline Class include Gary Alexander, David Haffner, and Michael Driscoll.

The trial in this case began October 16, 2017, and concluded on November 1, 2017, after which the parties submitted post-trial briefs.

On March 5, 2019, the Court publicly filed its post-trial Findings of Fact and Conclusions of Law, which found UBH liable for breaching its fiduciary duties to the class members and for wrongfully denying the class members' claims for benefits by using Guidelines that conflicted with the class members' plans. The opinion is available **here**.

The current phase of the case is focused on determining what remedies the Court will order for the class members. On March 29, 2019, the Court set a schedule for the parties to submit briefs addressing what remedies are appropriate based on the Court's liability findings. The briefing schedule continues through mid-July 2019, after which the Court may hold a hearing. After considering the briefs and arguments, the Court will enter an order on remedies.

Notwithstanding the Court's Findings of Fact and Conclusions of Law on liability, UBH denies that it did anything wrong and denies that it breached any fiduciary obligations to Class members when it developed and adopted its Guidelines. UBH contends that its Guidelines are consistent with generally accepted standards of care, are consistent with the terms of each Class member's health benefit plan, and do not need to be rewritten.

UBH also denies that it abused its discretion as a benefit plan administrator when it denied Class members' requests for coverage. UBH asserts that its decisions to deny Class members' requests for coverage were based on, as appropriate, applicable state law, the terms of each Class member's health benefit plan, the circumstances of each Class member's clinical situation, the sound clinical

**Exhibit A: Revised Website Content (Clean)**

judgment of its reviewing clinicians, and generally accepted standards of care, including but not limited to generally accepted standards of care reflected in UBH's Guidelines and any criteria mandated by state law. UBH maintains that it appropriately denied Class members' requests for coverage in whole or in part because Class members were not entitled to some or all of the benefits they requested under the terms of their individual health benefit plans, and that UBH complied with applicable state law in determining Class members' requests for coverage.

UBH has filed a Motion for Class Decertification, which will be briefed and argued on the same schedule as the remedies.

To learn more about the case and how your legal rights may be affected, please review the Lawsuit Documents and answers to the Frequently Asked Questions provided on this website.

**Exhibit A: Revised Website Content (Clean)**

# Important Dates

**May 3, 2019**   Plaintiffs filed Opening Remedies Brief and UBH filed Motion for Class Decertification

**June 14, 2019**   UBH files Opposition to Plaintiffs' Remedies Brief, and Plaintiffs file Opposition to UBH's Motion for Class Decertification

**July 10, 2019**   Plaintiffs file Remedies Reply Brief, and UBH files Reply in Support of Motion for Class Decertification

**Exhibit A: Revised Website Content (Clean)**

# Frequently Asked Questions

Following is a list of frequently asked questions about this Action. To view the answer to a question, please click on the question from the list below. The answers to these questions will be updated periodically to reflect the current status of the lawsuit.

1. **What is this lawsuit about?**

   The case involves two lawsuits, which are both civil lawsuits filed in the United States District Court for the Northern District of California. Both complaints name as defendant United Behavioral Health (operating as OptumHealth Behavioral Solutions).  The cases have now been consolidated for all purposes.

   On September 19, 2016, the Court appointed as Class Representatives for the Wit Guideline Class David and Natasha Wit, Lori Flanzraich, Cecilia Holdnak, Brian Muir, and Linda Tillitt. The Court appointed Brandt Pfeifer as Class Representative for the Wit State Mandate Class. The Class Representatives the Court appointed as for the Alexander Guideline Class include Gary Alexander, David Haffner, and Michael Driscoll.

   a. **What are the Plaintiffs' claims?**

      **Wit Guideline Class and Alexander Guideline Class**

      Plaintiffs assert claims under ERISA, a federal statute. Plaintiffs claim that UBH violated ERISA with respect to the Wit Guideline Class and the Alexander Guideline Class in two ways: (1) by creating and adopting coverage criteria (its "Guidelines"), for its use in adjudicating claims for insurance benefits for outpatient, intensive outpatient, or residential treatment for a mental illness or substance use disorder, that were more restrictive than generally accepted standards of care and the terms of the Class members' insurance plans, which Plaintiffs claim breached fiduciary duties UBH owed to the Class members; and (2) by using its Guidelines to deny the Class members' claims for benefits for outpatient, intensive outpatient, or residential treatment for a mental illness or substance use disorder, which made the denials arbitrary and capricious.

      Plaintiffs are asking the Court, among other things: (a) to declare that UBH's Guidelines are inconsistent with generally accepted standards; (b) to order UBH to adopt new Guidelines that are consistent with generally accepted standards and to use appropriate Guidelines going forward; (c) to order UBH to reprocess the Class members' claims for benefits using the new Guidelines the Plaintiffs have asked for; (d) to order other relief the Court deems appropriate; and (e) to order UBH to pay attorneys' fees and costs to the Plaintiffs' lawyers. If the Court orders UBH to reprocess Class members' benefit claims, that reprocessing could result in a different coverage decision and additional payment of benefits to some or all Class members, but there is no guarantee that UBH will approve any particular Class member's request for coverage or pay additional benefits as the result of reprocessing.

**Exhibit A: Revised Website Content (Clean)**

**Wit State Mandate Class**

Plaintiffs assert claims under ERISA, a federal statute. Plaintiffs claim that UBH violated ERISA with respect to the Wit State Mandate Class in two ways: (1) by creating and adopting its own coverage criteria (its "Guidelines"), for its use in adjudicating claims for insurance benefits for residential treatment of substance use disorders, instead of adopting the coverage criteria mandated by certain states' laws; and (2) by using its Guidelines to deny the Class members' claims for benefits for residential treatment of substance use disorders, instead of using only the Guidelines that were mandated by state law, which made the denials arbitrary and capricious.

Plaintiffs are asking the Court, among other things: (a) to declare that UBH's Guidelines are inconsistent with the relevant state law mandates; (b) to order UBH to use the appropriate state-mandated Guidelines going forward; (c) to order UBH to reprocess the Class members' claims for benefits using the appropriate state-mandated Guidelines; (d) to order other relief the Court deems appropriate; and (e) to order UBH to pay attorneys' fees and costs to the Plaintiffs' lawyers. If the Court orders UBH to reprocess Class members' benefit claims, that reprocessing could result in a different coverage decision and additional payment of benefits to some or all Class members, but there is no guarantee that UBH will approve any particular Class member's request for coverage or pay additional benefits as the result of reprocessing.

b.  **What is UBH's position?**

UBH denies any wrongdoing or liability for the claims alleged.

UBH denies that it did anything wrong and denies that it breached any fiduciary obligations to Class members when it developed and adopted its Guidelines. UBH contends that its Guidelines are consistent with generally accepted standards of care, are consistent with the terms of each Class member's health benefit plan, and do not need to be rewritten.

UBH also denies that it abused its discretion as a benefit plan administrator when it denied Class members' requests for coverage. UBH asserts that its decisions to deny Class members' requests for coverage were based on, as appropriate, applicable state law, the terms of each Class member's health benefit plan, the circumstances of each Class member's clinical situation, the sound clinical judgment of its reviewing clinicians, and generally accepted standards of care, including but not limited to generally accepted standards of care reflected in UBH's Guidelines and any guidelines mandated by state law. UBH maintains that it appropriately denied Class members' requests for coverage in whole or in part because Class members were not entitled to some or all of the benefits they requested under the terms of their individual health benefit plans, and that UBH complied with applicable state law in determining Class members' requests for coverage.

**Exhibit A: Revised Website Content (Clean)**

2. **Who is a Class Member?**

By Order dated September 19, 2016, as amended on March 9, 2017 and June 8, 2017, the Court certified the following class of plaintiffs in this case:

The **"Wit Guideline Class,"** which includes: Any member of a health benefit plan governed by ERISA whose request for coverage of residential treatment services for a mental illness or substance use disorder was denied by UBH, in whole or in part, between May 22, 2011 and June 1, 2017, based upon UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines.

The Wit Guideline Class excludes members of the Wit State Mandate Class, described below.

The **"Alexander Guideline Class,"** which includes: Any member of a health benefit plan governed by ERISA whose request for coverage of outpatient or intensive outpatient services for a mental illness or substance use disorder was denied by UBH, in whole or in part, between December 4, 2011 and June 1, 2017, based upon UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines.

The Alexander Guideline Class excludes any member of a fully insured plan governed by both ERISA and the state law of Connecticut, Illinois, Rhode Island or Texas, whose request for coverage of intensive outpatient treatment or outpatient treatment was related to a substance use disorder, except that the Alexander Guideline Class includes members of plans governed by the state law of Texas who were denied coverage of substance use disorder services sought or provided outside Texas.

The **"Wit State Mandate Class,"** which includes: Any member of a fully-insured health benefit plan governed by both ERISA and the state law of Connecticut, Illinois, Rhode Island, or Texas, whose request for coverage of residential treatment services for a substance use disorder was denied by UBH, in whole or in part, within the Class period, based upon UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines, and not upon the level-of-care criteria mandated by the applicable state law. With respect to plans governed by Texas law, the Wit State Mandate Class includes only denials of requests for coverage of substance use disorder services that were sought or received in Texas.

The Class period for the Wit State Mandate Class includes denials governed by Texas law that occurred between May 22, 2011 and June 1, 2017, denials governed by Illinois law that occurred between August 18, 2011 and June 1, 2017, denials governed by Connecticut law that occurred between October 1, 2013 and June 1, 2017, and denials governed by Rhode Island law that occurred between July 10, 2015 and June 1, 2017.

3. **Who represents the class?**

The Class Representatives and Plaintiffs' Counsel represent the Alexander Guideline Class, the Wit Guideline Class, the Wit State Mandate Class, and all of the Class members. The Court appointed two law firms as Plaintiffs' Counsel to represent the class in this case. These firms are

**Exhibit A: Revised Website Content (Clean)**

Zuckerman Spaeder LLP, 1800 M Street NW, Washington, D.C., 20036 and Psych-Appeal, Inc., 8560 West Sunset Boulevard, Suite 500, West Hollywood, CA 90069. Further information about this case may be obtained from these firms at www.zuckerman.com or www.psych-appeal.com.

You may also contact Plaintiffs' Counsel at (202) 778-1800 or (310) 598-3690.

Plaintiffs' Counsel has agreed to pursue this lawsuit on a contingent-fee basis. Plaintiffs' attorneys' fees and expenses will be payable only in the event of a judgment or settlement in favor of the classes, if any, and will be subject to approval by the Court. Class members will not have to separately pay Plaintiffs' Counsel any additional amounts.

4. **How do I participate in this Class Action?**

If you fall within the definition of any of the classes set forth above and did not opt out before the exclusion deadline previously set by the Court (July 27, 2017 or September 8, 2017, depending on the class), you are a class member. As a class member, you will be bound by any judgment or settlement, whether favorable or unfavorable, in this lawsuit. Thus, as a class member, you will be able to participate in any relief obtained in the case. Irrespective of whether you or the Plaintiffs win or lose, you will not be able to bring individual legal claims against UBH challenging UBH's Guidelines on the ground that they are inconsistent with generally accepted standards of care or challenging UBH's denial of your claim for benefits for outpatient, intensive outpatient, or residential treatment for a mental illness or substance use disorder on the ground that UBH's use of its Guidelines rendered its decision arbitrary and capricious, nor will you be able to obtain any relief in connection with such claims other than the relief obtained by the Class. You will also be bound if an unfavorable judgment is rendered in favor of UBH.  It is UBH's position that the full scope of the individual claims you have given up would be decided by the court in any future action you try to file.

Any Class member who did not request exclusion may also enter an appearance through their own counsel at their own expense.

5. **How can I be excluded from the class?**

The exclusion deadline set by the Court was July 27, 2017 or September 8, 2017, depending on the class.  If you did not opt out before that date, you are a member of the class.

6. **What was the result of the trial?**

In its Findings of Fact and Conclusions of Law, which were publicly filed on March 5, 2019, the Court held UBH liable on all counts for wrongful denial of benefits and breach of fiduciary duty, under 29 U.S.C. §§ 1132(a)(1)(B), (a)(3)(A), and (a)(3)(B), the Employee Retirement Income Security Act, also known as "ERISA."

Plaintiffs were required to prove their claims at trial. The trial ran from October 16, 2017, to November 1, 2017, in the United States District Court for the Northern District of California, San

**Exhibit A: Revised Website Content (Clean)**

Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom G. During the trial, the Court heard all of the evidence, and on February 28, 2019, entered its decision about the merits of Plaintiffs' claims. The Court made the opinion publicly available on March 5, 2019.

7. **Is the case over?**

No. The Court has entered findings on UBH's liability, but it has not yet decided what remedies it should order for the class. UBH has also filed a Motion for Class Decertification, on which the Court will rule.   After the Court makes a decision on remedies and decertification, it will enter a final judgment in the case.  UBH will then have an opportunity to appeal the decision.

8. **How can I obtain more information?**

Additional information about the Action, including copies of the Plaintiffs' Complaint, UBH's Answer, the Court's Order Granting Motion for Class Certification, and the Court's post-trial Findings of Fact and Conclusions of Law, is available in the Lawsuit Documents section of this website.

Any questions you have should be directed to Plaintiffs' Counsel or the Notice Administrator. **DO NOT CALL THE COURT OR UNITED BEHAVIORAL HEALTH**.

*Plaintiffs' Counsel:*

Caroline E. Reynolds
D. Brian Hufford
Jason S. Cowart
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800

Meiram Bendat
PSYCH-APPEAL, INC.
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690

*Notice Administrator:*

UBH Guideline Class Notice Administrator
c/o Dahl Administration
PO Box 3614
Minneapolis, MN 55403-0614

This website does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this lawsuit are available for inspection during business hours at the United States District Court, 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102.

**Exhibit A: Revised Website Content (Clean)**

9. **What if I need to correct my mailing address?**

   If you received a Notice at your correct mailing address, you do not have to do anything to receive further notices concerning this litigation. If a Notice was forwarded by the postal service, or if it was sent to an individual or address that is not correct or current, you should immediately contact the Notice Administrator at the address provided in FAQ 8.

# LAWSUIT DOCUMENTS

**Post-Trial Ruling**

- **Findings of Fact and Conclusions of Law**

---

**Notices/Orders**

- **Notice - Alexander Guideline Class**

- **Notice - Wit Guideline Class**

- **Notice - Wit State Mandate Class**

- **Order Granting Motion for Class Certification**

- **Scheduling Order**

- **Supplemental Notice – Wit Guideline Class**

- **Supplemental Notice – Wit Guideline Class**

- **Supplemental Notice – Wit State Mandate Class**

- **Supplemental Notice – Alexander Guideline Class**

---

**Pleadings (Wit et al. v. United Behavioral Health)**

- **First Amended Class Action Complaint**

- **Intervenor Complaint**

- **UBH's Answer to First Amended Class Action Complaint**

- **UBH's Answer to Intervenor Complaint**

---

**Pleadings (Alexander et al. v. United Behavioral Health)**

**Exhibit A: Revised Website Content (Clean)**

- **Class Action Complaint**

- **Intervenor Complaint**

- **UBH's Answer to Class Action Complaint**

- **UBH's Answer to Intervenor Complaint**

**Exhibit A: Revised Website Content (Clean)**

# CONTACT INFORMATION

*Contact the Notice Administrator:*

**TELEPHONE:** 1-855-234-7133

**EMAIL:** info@UBHGuidelinesClassAction.com

**MAIL:** UBH Guideline Class Notice Administrator
c/o Dahl Administration
PO Box 3614
Minneapolis, MN 55403-0614

---

***Plaintiffs' Counsel:***

Caroline E. Reynolds
D. Brian Hufford
Jason S. Cowart
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800

Meiram Bendat
PSYCH-APPEAL, INC.
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690