JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID WIT et al.**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED BEHAVIORAL HEALTH**,<br><br>Defendant. | Case No. 14-cv-02346 JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**DECLARATION OF HEATHER M. BOWDEN IN SUPPORT OF UNITED BEHAVIORAL HEALTH'S RESPONSE TO PLAINTIFFS' REMEDIES BRIEF**<br><br>Hon. Joseph C. Spero |

**GARY ALEXANDER et al.,**

Plaintiffs,

v.

**UNITED BEHAVIORAL HEALTH,**

Defendant.

I, Heather M. Bowden, declare and state as follows:

1. I am a Senior Claims Business Process Consultant for United Behavioral Health. ("UBH"). I have been employed at UBH, or a related UnitedHealth Group entity since 2008, and have been in this specific role since 2015. I have personal knowledge of the facts stated herein, and if called as a witness, could and would testify competently thereto.

2. As a Senior Claims Business Process Consultant, my role includes supporting UBH's claims adjudication processes and the maintenance and functionality of UBH's primary commercial claims system. In that role, I have become familiar with the databases and systems utilized by UBH for processing claims for payment of substance use and mental health benefits submitted by members, participants, and beneficiaries (or their healthcare providers) of the health benefit plans administered by UBH ("Claims Systems"). Specifically, as a Senior Claims Business Process Consultant, I am familiar with the information collected and stored by UBH in its Claims Systems, as well as the manner in which UBH's Claims Systems interact with other databases maintained by UBH, including UBH's clinical adverse benefit determination systems ("ABD Systems").

3. UBH maintains several different Claims Systems, which store and process claims information based on the underlying account associated with each claim. Although each of these Claims Systems is slightly different, all of UBH's Claims Systems are used to store, process and adjudicate claims for the actual payment of substance use and mental health benefits ("Claims").

4. Each of UBH's Claims Systems is separate and distinct from UBH's ABD Systems, which store information regarding clinical benefit determinations that are frequently made before a Claim is ever submitted to UBH. Although UBH's claims processing staff can manually reference UBH's ABD Systems to determine whether a Claim is eligible for payment, individual Claims records in UBH's Claims Systems are not electronically linked with individual adverse benefit determinations in UBH's ABD Systems in a way that would link a specific benefit determination in UBH's ABD Systems to a specific Claim in one of UBH's Claims Systems.

5. Providers and members submit Claims in a variety of different ways, and use a variety of different billing or procedure codes to denote similar services. As a result, UBH's Claims Systems do not always include information that would make it possible to distinguish claims for residential treatment from other forms of inpatient treatment, such as acute hospitalization or residential detoxification services.

6. In the event that UBH denies a request for authorization or a Claim for payment, UBH's in-network providers are typically not permitted to seek additional payment from the member beyond the member's deductible, co-pay, or co-insurance under the plan (sometimes known as "balance billing") unless the member has signed a separate agreement and specifically agreed to pay. UBH's Claims Systems do not contain information about whether members who were denied benefits from an in-network provider signed any such agreement

7. UBH's Claims Systems also do not contain information about whether the member's provider (whether in-network or out-of-network) balance billed or otherwise pursued payments from the member for an unpaid Claim beyond the member's deductible, co-pay, co-insurance under the plan. UBH's Claims Systems also do not contain information about whether the provider waived any right to balance bill or otherwise pursue payments from the member for an unpaid Claim beyond the member's deductible, co-pay, co-insurance under the plan.

8. If UBH denied a claim for payment, UBH's Claims Systems generally do not reflect whether the member separately received coverage for the same services from another secondary insurer (e.g., insurance provided through a spouse's benefit plan or a government-sponsored health plan).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of June, 2019, at New Orleans, Louisiana.

[signature]

Heather M. Bowden