JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID WIT et al.**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED BEHAVIORAL HEALTH**,<br><br>Defendant. | Case No. 14-cv-02346 JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**DECLARATION OF KRISTEN C. CLARK IN SUPPORT OF UNITED BEHAVIORAL HEALTH'S RESPONSE TO PLAINTIFFS' REMEDIES BRIEF**<br><br>Hon. Joseph C. Spero |

**GARY ALEXANDER et al.,**

Plaintiffs,

v.

**UNITED BEHAVIORAL HEALTH,**

Defendant.

I, Kristen C. Clark, declare and state as follows:

1. I am an Associate Director of Optum Legal Entity Regulatory Licensing for Optum. I have been employed at Optum, or a related UnitedHealth Group entity since 2005, and have been in this specific role since 2014. I have personal knowledge of the facts stated herein, and if called as a witness, could and would testify competently thereto.

2. As an Associate Director of Optum Legal Entity Regulatory Licensing, I lead the Optum regulatory legal entity licensing team within Optum. In my role, I supervise and participate in the preparation and submission of various regulatory filings made by United Behavioral Health ("UBH") under different state laws nationwide. These regulatory filings include filings related to state licenses required for UBH to conduct utilization review activities. I am familiar with various filing, notice, and approval requirements imposed on UBH under various state laws relating to material changes or modifications to the clinical criteria and guidelines that UBH uses in determining mental health and substance use benefits under the benefit plans it administers.

3. Among the 30 states in which UBH is required to obtain a license to conduct utilization review activities, 25 states require that UBH either provide notice or seek prior approval any time it makes a material modification to any of the documents on file with the state to support UBH's utilization review license.

4. In 13 of the 25 states requiring notice or approval of a material modification, UBH is required to file a copy of its Utilization Management Program Description ("UMPD") with the state. This means that UBH is required to provide notice any time it makes a material modification to the UMPD on file with the state, such as a wholesale change to the clinical review guidelines described in the UMPD.

5. In five of the 25 states requiring notice or approval of a material modification, UBH is required to file a copy of its clinical review guidelines directly with the state. This means that UBH is required to provide notice any time it makes a material modification to the guidelines on file with the state, such as the wholesale adoption of a different set of clinical guidelines.

6. In 12 other states, UBH is not required to file its UMPD or clinical guidelines directly with the state, but may still be required to seek prior approval or provide notice to the extent UBH's adoption of new guidelines impacts any other documents on file with those states to support its utilization review license.

7. The process for providing notice or obtaining approval of a material modification varies by state. For example, some states require that UBH obtain prior approval before it can materially modify a document on file with the state supporting its utilization review license, and in some of those states, UBH is required to give either a 30- or 60-day notice before it can make material modifications to its UMPD or to the clinical guidelines, or other documentation, on file with the state.

8. Even in states where UBH is required to give notice rather than seek prior approval, state regulators typically have the authority to reject, or require changes or amendments be made to the documentation provided for material modifications submitted by UBH. For that reason, it is UBH's practice to seek confirmation from state regulators that a material modification has been accepted for use, even if UBH is required to provide notice, rather than to seek prior approval.

9. Approval or confirmation that a material change has been accepted can take a substantial amount of time. For example, after UBH approved the ASAM Criteria internally in 2018, UBH was required to (and did) submit that modification to a number of state regulators. In one state, it took four months before UBH finally received confirmation that its adoption of the ASAM Criteria had been accepted by the state.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of June, 2019, at Scandia, Minnesota.

Kristen C. Clark

Kristen C. Clark