PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs and the Classes*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Action Filed: May 21, 2014<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT UBH'S REQUEST FOR JUDICIAL NOTICE** |
| GARY ALEXANDER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-05337-JCS<br>Action Filed: December 4, 2014 |

1	UBH asks the Court to take "judicial notice," pursuant to Federal Rule of Evidence 201,
2	of the allegations in a recently-filed complaint in another case.  *See* Request for Judicial Notice
3	in Support of UBH's Response to Plaintiffs' Remedies Brief ("UBH's Request"), *Wit* Dkt. No.
4	440 (Sept. 26, 2019) at 1:4-5 & Ex. A (copy of complaint filed in *Meridian Treatment Servs., et*
5	*al. v. United Behavioral Health*, Case No. 3:19-cv-05721).  The Court should reject UBH's
6	request, for at least three reasons.
7	First, the allegations in the *Meridian* complaint are not judicially noticeable facts under
8	Federal Rule of Evidence 201. The Rule states that "[t]he court may judicially notice a fact that
9	is not subject to reasonable dispute because it (1) is generally known within the trial court's
10	territorial jurisdiction; or (2) can be accurately and readily determined from sources whose
11	accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  But the *Meridian* allegations are
12	just that: unproven allegations in a newly-filed complaint.  UBH has not even answered the
13	complaint yet, and, tellingly, reserves the right to *deny* all of the allegations—including the very
14	allegations about the existence, scope, and/or validity of provider assignments UBH asks the
15	Court to "notice" here.  UBH's Req. at 1:22-24.   The *Meridian* allegations are clearly "subject to
16	reasonable dispute," are not "generally known," and do not come from "sources whose accuracy
17	cannot reasonably be questioned."  Fed. R. Evid. 201.  Rule 201, therefore, is patently
18	inapplicable and UBH's request for "judicial notice" of the allegations is nothing short of
19	frivolous.
20	Second, UBH's "request for judicial notice" is a procedurally improper attempt to file a
21	surreply on remedies without seeking leave to do so.  In its opposition to Plaintiffs' remedies
22	brief, UBH argued that the potential existence of provider assignments precluded the Court from
23	ordering a reprocessing remedy.  *See* United Behavioral Health's Resp. to Pls.' Remedies Br.,
24	*Wit* Dkt. No. 428-4 (June 14, 2019) at 24:19-25:8.  In reply, Plaintiffs explained that UBH's
25	argument was meritless because, among other reasons, there is *no evidence* anywhere in the
26	record in this case that any class member assigned away all of his or her ERISA rights, including
27	the right to sue UBH for breaching its fiduciary duties—to the contrary, the only relevant
28

evidence in the record suggests that the class members' plans *preclude* assignments.[1]  Pls.' Reply in Supp. of their Req. for Remedies, *Wit* Dkt. No. 434-4 (July 10, 2019) at 27:11-28:16.  UBH's "request for judicial notice" of allegations relating to provider assignments is plainly an attempt to have the last word on this issue, without seeking leave of Court as UBH was required to do. *See* Civil Local R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval . . . .").

Third, even if the Court were to "notice" the *Meridian* complaint—which it should not—those allegations do not support UBH's argument that provider assignments somehow preclude relief in this case.  The provider plaintiffs in *Meridian* do not come close to alleging that they have obtained all of their patients' ERISA rights.  Instead, they merely allege that their assignments "entitle them to direct payment of claims by UBH."  UBH's Req. at Ex. A (*Meridian* Compl.) ¶ 2; *see also id.* ¶ 17 (assignments enabled providers "to seek payment directly from UBH for treatment services"); ¶ 122 (Meridian patients "assign[ed] their rights to insurance payment to Meridian"); ¶ 134 (same as to Serenity patients); ¶ 147 (same as to Harmony patients).  As the Court—and UBH—well know, Plaintiffs do not seek an award of benefits in this case.  And as the Ninth Circuit has held, even an assignment of the right to receive direct payment *is not sufficient* to assign a claim for breach of fiduciary duty or any other ERISA claims.  *See, e.g.*, *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1293-94 (9th Cir. 2014) (finding that patients who assigned "the right to seek payment of benefits directly from their Plans" did not also assign "their claims for breach of fiduciary duty"); *DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc.*, 852 F.3d 868, 877 (9th Cir. 2017) (holding that assignment of right to payment of benefits "does not encompass . . . claims for declaratory and injunctive relief . . . or for breach of fiduciary duty").  Thus, *even if* the Court were to take all of the allegations in *Meridian* as true (which it should not), and also

---

[1] To the extent UBH's Request is a belated attempt to present evidence of such purported assignments, the Court should reject it. UBH had the opportunity at trial to offer evidence of any relevant assignments, but did not do so. Any attempt to supplement the record at this point is two years too late. More to the point, however, the untested allegations in the *Meridian* complaint are simply *not evidence* and the Court should not treat them as such.

1 were to consider the assignment allegations as substantive evidence in this case (which they are
2 not), those "judicially noticed facts" still would not provide any justification for denying the
3 classes a reprocessing remedy, or any of the other remedies they have requested, for UBH's
4 proven breaches of fiduciary duty and other ERISA violations.  The *Meridian* complaint does not
5 change the fact that UBH has never come forward with evidence suggesting that any class
6 member, let alone a substantial number of them, have completely divested themselves of the
7 ERISA claims asserted in this case.

Put simply, the *Meridian* case is completely irrelevant to any of the issues presently before the Court.  The *Meridian* plaintiffs do not assert any claims under ERISA, instead raising a variety of claims under California law sounding in fraud, breach of contract and unfair business practices.  Moreover, the *Meridian* complaint expressly *excludes* any legal claims relating to the benefit determinations that would be subject to reprocessing in this case.  UBH's Req. at Ex. A (*Meridian* Compl.) ¶ 45 ("Plaintiffs, with this Complaint, are not pursuing legal claims with respect to any specific UBH benefit determinations challenged by individual members of the certified classes in *Wit* or *Alexander* above . . .").

Because the allegations in *Meridian* are not proven facts; do not meet the requirements of Federal Rule of Evidence 201; and, even if true, would not have any bearing on what remedy is appropriate in this case, or any other pertinent issue, the Court should reject UBH's request for judicial notice of the *Meridian* complaint.

Dated: October 1, 2019

ZUCKERMAN SPAEDER LLP

*/s/ Caroline E. Reynolds*
Caroline E. Reynolds

PSYCH-APPEAL, INC.
Meiram Bendat

*Attorneys for Class Plaintiffs*