PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs and the Classes*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS), <br><br> Defendant. | Case No. 3:14-CV-02346-JCS <br> Action Filed: May 21, 2014 <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT UBH'S NOTICE OF RECENT AUTHORITY** |
| GARY ALEXANDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS), <br><br> Defendant. | Case No. 3:14-CV-05337-JCS <br> Action Filed: December 4, 2014 |

The Local Rules allow a party to bring to the Court's attention a "*relevant* judicial opinion" published after the close of briefing on a motion.  *See* Local Civ. R. 7-3(d)(2) (emphasis added).  The case UBH seeks to draw to the Court's attention, however, is not remotely relevant to any issues presently before the Court.  *See AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, __ F.3d __, 2019 WL 4316088 (11th Cir. Sept. 12, 2019) (hereinafter "*Suncoast*").

*Suncoast* involved class claims for personal injury damages owed pursuant to car insurance policies regulated under Florida law, not welfare benefit plans subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA").  *Id.* at *1.  For that reason, the Eleventh Circuit's Rule 23 analysis did not consider the duties of an ERISA fiduciary, including the fiduciary duty to "discharge his duties . . . in accordance with the documents and instruments governing the plan," 29 U.S.C. § 1104(a)(1)(D); the implications of ERISA's carefully-crafted administrative-appeal regime; or the fact that ERISA's default remedy when a benefit determination stems from a misinterpretation of an ERISA plan is remand to the administrator for a new decision under the correct interpretation.  *See, e.g.*, *Saffle v. Sierra Pac. Power Co. Barg. Unit Long Term Disab. Income Plan*, 85 F.3d 455, 461 (9th Cir. 1996) (remand for reprocessing is the default remedy "when an ERISA plan administrator, with discretion to apply a plan, has misconstrued the Plan and applied a wrong standard to a benefits determination"); *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1330 (11th Cir. 2001) ("[A]s a general rule, remand to the plan fiduciary is the appropriate remedy when the plan administrator has not had an opportunity to consider evidence on an issue.").

Moreover, the Eleventh Circuit emphasized that the district court had rejected a Rule 23(b)(3) class—a ruling the *Suncoast* plaintiffs chose not to appeal—and thus viewed the *Suncoast* plaintiffs' request for injunctive relief as an improper attempt to re-style the claims to avoid the predominance and superiority requirements.  *See Suncoast*, 2019 WL 4316088, at *3. Here, by contrast, the Court *granted* class certification under Rule 23(b)(3).  In addition, while the Eleventh Circuit found the prospective injunctive relief requested by the *Suncoast* plaintiffs to be *de minimis* and a sham, *id*. at *5, here the forward-looking injunctive relief (prohibiting

1  UBH from using its overly-restrictive Guidelines and requiring UBH to use Guidelines that
2  comport with generally accepted standards of care) is an essential part of providing a complete
3  and meaningful remedy for the ERISA violations proven at trial.
4       Because the case UBH cites is entirely irrelevant, the Court should disregard UBH's
5  Notice of Supplemental Authority.

7  Dated: October 1, 2019            ZUCKERMAN SPAEDER LLP

          */s/ Caroline E. Reynolds*
          Caroline E. Reynolds

          PSYCH-APPEAL, INC.
          Meiram Bendat

          *Attorneys for Class Plaintiffs*