PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x 101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | Case No. 3:14-CV-02346-JCS <br><br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO SUBMIT NEWLY-DISCOVERED EVIDENCE IN SUPPORT OF MOTION FOR REMEDIES** |
| GARY ALEXANDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | Case No. 3:14-CV-05337-JCS <br><br><br> Hon. Joseph C. Spero <br> Courtroom:          G |

## MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 7-11, Plaintiffs hereby move this Honorable Court for leave to submit, in further support of Plaintiffs' Request for Remedies in the above-captioned consolidated cases, the attached Declaration of Bernadette Cattaneo and exhibits thereto. Plaintiffs offer this newly-discovered evidence because it is directly relevant to arguments UBH made in opposition to the equitable remedies Plaintiffs have requested. In support of their Motion, Plaintiffs state as follows:

As the Court is aware, to remedy UBH's ERISA violations, Plaintiffs requested, among other things, an order requiring UBH to stop using its faulty level of care guidelines and instead use criteria that are actually consistent with generally accepted standards of care. Pls.' Opening Remedies Br. (May 3, 2019), *Wit* Dkt. No. 426 ("Remedies Br."), at 21. For substance use disorder claims, Plaintiffs asked the Court to order UBH to use *The ASAM Criteria*. *Id*. at Proposed Order, § IV.A.1-2. Plaintiffs also asked the Court to remand the class members' prior adverse benefit determinations to UBH for new coverage decisions, and again to order UBH to use *The ASAM Criteria* when reprocessing substance use disorder claims. *Id*. at 12-14. Plaintiffs requested that a Special Master be appointed to oversee the implementation of a training program for UBH's employees and management on how to apply the mandated criteria, and to monitor UBH's reprocessing of the class members' claims to ensure that UBH applies the criteria fairly. *Id*. at 21, 29-31.

UBH opposed all of this requested relief. *See generally*, Response to Pls.' Remedies Br. (June 14, 2019), *Wit* Dkt. No. 429 ("Response"). UBH argued that the prospective injunction was unnecessary because, after the trial, UBH allegedly "adopted" *The ASAM Criteria* "effective January 2019." *Id*. at 42. Although UBH agreed to use Plaintiffs' proposed criteria if it were ordered to reprocess claims on remand, UBH argued that it should not be *ordered* to do so since it had already voluntarily adopted them. *Id.* at 3 & n.1. UBH also argued against the appointment of a monitor, claiming that UBH would not "seek to subvert any future order of the Court," *id*. at

52, and that as a "sophisticated entity," UBH is "capable of managing its own compliance." *Id*. at 53.

Plaintiffs responded by pointing out that UBH's arguments were based upon factual assertions that were not contained in the trial record, and that its arguments therefore violated the Court's direction that any evidence related to remedies be submitted at trial. Pls.' Reply Remedies Br. (July 10, 2019), *Wit* Dkt. No. 435 ("Reply") at 29-30. Plaintiffs further argued that the actual trial evidence (and inferences to be drawn therefrom) established that UBH could not be trusted to act in a faithful manner. *Id*. at 30-31.

Against this backdrop, evidence has recently become available to Plaintiffs' counsel that directly contradicts UBH's post-trial assertions about its purported adoption of *The ASAM Criteria* and whether it can be trusted to apply the criteria faithfully. This newly discovered evidence further demonstrates why the Court must not only specify the criteria UBH is to use, but also appoint a Special Master to monitor UBH's compliance with the Court's remedies order.[1]

While UBH claims it has "adopted" *The ASAM Criteria*, and publicly asserts[2] that it "standardly uses the ASAM Criteria to make coverage determinations," the Declaration of Bernadette Cattaneo demonstrates that UBH is, at best, actually following only portions of *The ASAM Criteria* and is still refusing to cover entire levels of care—specifically, lower-intensity levels of service. Ms. Cattaneo is the CEO of The Lakes Treatment Center, Inc. ("The Lakes"), a facility that is licensed in California to provide residential rehabilitation services between ASAM Levels 3.1 and 3.5. UBH recently notified The Lakes that UBH is categorically refusing to authorize coverage for The Lakes' services at ASAM Level 3.1, on the grounds that ***none*** of the plans UBH administers covers lower-intensity residential rehabilitation at that level. *See* Cattaneo Decl. at Ex. 5 (Nov. 13, 2019 email from A. Murray (Optum) to B. Cattaneo) ("While Optum has adopted ASAM to determine medical necessity, based on member benefit plans

---

[1] In the event that the Court declines to consider the attached evidence because it was not submitted during the trial, Plaintiffs respectfully request that the Court also decline to consider UBH's assertions that, since the trial, it has "adopted" the ASAM Criteria.

[2] *See* https://www.providerexpress.com/content/ope-provexpr/us/en/clinical-resources/guidelines-policies.html.

***3.2WM and 3.1 are not covered benefits***.") (emphasis added).  UBH also informed The Lakes that UBH would not authorize coverage for residential detoxification ("withdrawal management") services, which The Lakes provides at ASAM Level 3.2WM, because of an alleged "misalignment."  Cattaneo Decl., Ex. 4.  Specifically, UBH claimed that its members' plans—***all of them***—cover residential detoxification only at ASAM Levels 3.7WM and 4WM.  *Id.*  In other words, according to UBH, all of the thousands of plans it administers limit detoxification services to the highest levels of service intensity, and do not cover the lower-intensity clinically-managed detoxification services *The ASAM Criteria* provide for in Level 3.2WM.  UBH further asserted that, in California, it will authorize coverage for ASAM Level 3.7WM detoxification at facilities licensed at ASAM Level 3.5 (with Incidental Medical Services), although *The ASAM Criteria* do not provide for residential detoxification at ASAM Level 3.5 at all.  *Id.*[3]  In effect, UBH is taking the position that all members have to meet criteria for ASAM Level ***3.7*** in order to obtain any detoxification services at clinically-managed residential levels of care.  UBH is effectively re-writing *The ASAM Criteria* to suit its own desire to restrict coverage to only the higher levels of service intensity, and again, justifying its position by asserting that Level 3.2WM detoxification is not a "covered benefit" under its "member benefit plans."  Cattaneo Decl. at Ex. 5.

This is a continuation of the gaslighting strategy that UBH engaged in when it misrepresented to its own consultant back in 2012 that ASAM Levels 3.1, 3.3, and 3.5 were "not an Optum member benefit," to justify the fact that its Guidelines were so restrictive they simply did not allow for coverage of treatment at those lower levels of service intensity, while at the same time falsely representing to the State of Connecticut that the Guidelines *did* include criteria for all ASAM Levels of care.  Findings of Fact and Conclusions of Law (Feb. 28, 2019), *Wit* Dkt. No. 413 at 80.  Now, in just the same way, UBH is assuring the Court that it has adopted The ASAM Criteria and will faithfully apply them as written, while at the same time it is refusing to

---

[3] Rather, at the clinically-managed residential levels of care (ASAM Levels 3.1 through 3.5), *The ASAM Criteria* expressly provide for detoxification at ASAM Level 3.2WM.

cover lower-intensity services on the ground that they are "not a member benefit." Nothing has changed.[4]

This newly-available evidence directly refutes UBH's post-trial assertions about its use of ASAM and the need for a monitor. Like the actual trial evidence, it demonstrates that UBH cannot be trusted to apply the ASAM Criteria as written—rather, UBH will *still* only cover residential detoxification if a person meets the ASAM Criteria for the very highest level of residential treatment intensity (Level 3.7), no matter what that person's plan says, and UBH simply will not cover low-intensity residential treatment at all. Accordingly, the Court should disregard UBH's claim that its "adoption" of the ASAM Criteria obviates the need for injunctive relief and a monitor. Both are clearly needed to keep UBH honest.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request leave to submit the attached Declaration and exhibits in support of their Request for Remedies.

Dated: November 18, 2019                    ZUCKERMAN SPAEDER LLP

/s/ Caroline E. Reynolds
Caroline E. Reynolds

PSYCH-APPEAL, INC.
Meiram Bendat

*Attorneys for Plaintiffs*

---

[4] UBH also touted its plans to adopt the Level of Care Utilization System and the Child and Adolescent Level of Care Utilization System next year. Response at 42. But UBH's approach to The ASAM Criteria also supports an inference that UBH should not simply be trusted to apply those criteria as written, either.