PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs and the Classes*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS), <br><br> Defendant. | Case No. 3:14-CV-02346-JCS <br> Action Filed: May 21, 2014 <br><br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASE NO. 14-CV-02346 AND CASE NO. 19-CV-06999 SHOULD BE RELATED** |
| GARY ALEXANDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS), <br><br> Defendant. | Case No. 3:14-CV-05337-JCS <br> Action Filed: December 4, 2014 |

## MOTION

Plaintiffs in the above-captioned consolidated cases (the "*Wit/Alexander* Plaintiffs") and Sandra Tomlinson (the "*Tomlinson* Plaintiff") hereby move the Court pursuant to Local Civil Rule 3-12 to designate as related cases *Wit v. United Behavioral Health*, No. 14-cv-2346 (JCS) ("*Wit*")[1] and *Tomlinson v. United Behavioral Health*, No. 19-cv-6999 (JSC) ("*Tomlinson*"), and to have *Tomlinson* reassigned or referred to Chief Magistrate Judge Joseph C. Spero.[2]  Pursuant to Local Civil Rule 3-12(f), an administrative motion to relate does not require a hearing.

## FACTUAL STATEMENT

*Wit* was filed in this Court on May 21, 2014, and assigned to Judge Spero.  Both parties consented to Judge Spero's assignment.  *Alexander* was filed in this Court on December 4, 2014, and on January 22, 2015, Judge Spero granted a consent motion to relate the two cases.  *Wit* Dkt. No. 72.  The Court later consolidated *Wit* and *Alexander*.  *Wit* Dkt. No. 338 (Sept. 28, 2017).

*Wit*/*Alexander* is a certified class action challenging UBH's creation of clinical coverage determination Guidelines that were more restrictive than generally accepted standards of care and UBH's use of those Guidelines to deny the class members' requests for coverage of residential, intensive outpatient, or outpatient treatment for their mental illnesses and/or substance use disorders.  Following a trial on the merits, Judge Spero issued Findings of Fact and Conclusions of Law on February 28, 2019.  *Wit* Dkt. No. 413.  In that ruling, the Court made factual findings and reached legal conclusions that pertain to the 2017 version of UBH's Level of Care Guidelines (the "2017 LOCGs"), among others.  *See, e.g.*, *id*. at 20; *id*. at 99-106.  The Class Periods covered by *Wit/Alexander* end on June 1, 2017.  *Id.* at 8-9.

*Tomlinson* is a putative class action challenging UBH's creation of its 2017 LOCGs and its use of those Guidelines to deny coverage to the members of the putative class on or after June

---

[1] *Wit* was previously consolidated with *Alexander v. United Behavioral Health*, No. 14-CV-5337 (JCS) (*"Alexander"*). This motion refers to the consolidated cases collectively as "*Wit/Alexander*."

[2] As of the date of filing, Defendant UBH has not yet consented or declined to consent to Magistrate Judge jurisdiction over this case.  Even if UBH declines to consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), the case can and should still be referred to Judge Spero for pretrial purposes pursuant to 28 U.S.C. § 636(b).

2, 2017.  Thus, the *Tomlinson* Complaint concerns one of the sets of Guidelines that was at issue in *Wit/Alexander*, and as to which the Court found UBH liable for breaching its fiduciary duties and violating ERISA, but picks up members who were excluded from the *Wit/Alexander* classes solely because of the date on which the class periods closed.

*Tomlinson* was filed in this Court on October 25, 2019, and assigned to Magistrate Judge Jacqueline Scott Corley.  Plaintiff Tomlinson consented to Judge Corley's assignment on November 8, 2019. *Tomlinson* Dkt. No. 11.  Counsel for Defendant has not yet entered an appearance in *Tomlinson*, but has advised that UBH will not consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Since *Tomlinson's* filing, there has been no substantive motions practice or additional pleading.  Defendant has waived service (*Tomlinson* Dkt. No. 12), and its response to the *Tomlinson* Class Action Complaint is currently due on January 7, 2020.[3]  The initial case management conference is currently set for January 23, 2020.

The *Wit/Alexander* Plaintiffs and the *Tomlinson* Plaintiff are represented by the same counsel.  Defendant is represented by the same counsel in *Wit/Alexander* and *Tomlinson*.

**POINTS AND AUTHORITIES**

"An action is related to another when:"

> (1) The actions concern substantially the same parties, property, transaction or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Local Civil Rule 3-12(a).  Because both of these requirements are plainly met, *Wit/Alexander* and *Tomlinson* should be related and *Tomlinson* should be referred to Judge Spero, who currently presides over the earlier-filed, and considerably more progressed, *Wit/Alexander* case.

---

[3] The parties have agreed to a brief extension of the response deadline, and will be filing a stipulation to that effect shortly.

2

### I. The cases "concern substantially the same parties, property, transaction or event."

*Wit/Alexander* and *Tomlinson* concern substantially the same parties. UBH is the sole defendant in both actions, and is represented by the same counsel. While the classes certified in *Wit/Alexander* and the putative class in *Tomlinson* are distinct, they are represented by the same counsel and may have significant overlap in class membership (given the likelihood that individuals who were wrongfully denied coverage for behavioral health treatment in the *Wit/Alexander* class period subsequently sought residential treatment and were denied coverage in the *Tomlinson* class period).

Perhaps more importantly, the classes in these cases raise closely related claims and have nearly identical litigation interests, in that both challenge the *very same* Guidelines, and differ only with respect to the date on which UBH denied coverage using those Guidelines. Thus, the process by which UBH created the 2017 Level of Care Guidelines at issue in *Tomlinson* has already been established at trial in *Wit/Alexander*, as have UBH's policies and practices of using its Level of Care Guidelines to make coverage determinations for plans it administers. The Court has already found in *Wit/Alexander* that the 2017 Level of Care Guidelines at issue in *Tomlinson* are much more restrictive than generally accepted standards of care, and that they conflict with plans that require services to be consistent with such standards. Accordingly, *Wit/Alexander* and *Tomlinson* clearly concern substantially the same property, transactions and events.

### II. Proceeding before different Judges would involve "an unduly burdensome duplication of labor and expense" and risk "conflicting results."

Precisely due to the commonalities identified in the preceding section, litigating *Tomlinson* before a different Magistrate Judge than *Wit/Alexander* would necessarily involve needless duplication of effort and carry significant risk of inconsistent judgments. Judge Spero has already ruled in *Wit/Alexander* on many factual and legal questions that will also be central to the *Tomlinson* case, and it would be a waste of judicial resources to require a new Magistrate Judge to familiarize herself with the *Wit/Alexander* record when Judge Spero is already fully engaged in that case.

**III.    No good cause exists for refusing to treat the cases as related.**

*Wit/Alexander* and *Tomlinson* comfortably meet the requirements of Local Civil Rule 3-12, and there is no reason to refuse to relate the cases.  UBH does not object to Plaintiffs' position that the cases are related.  All parties—and the Court—stand to benefit significantly from the efficiencies created by relating the cases.  There has been no substantive activity in *Tomlinson* beyond filing of the Complaint, and thus no judicial resources will have been needlessly expended if *Tomlinson* is reassigned to Judge Spero.

## CONCLUSION

For the reasons recited above, *Wit/Alexander* and *Tomlinson* should be related and *Tomlinson* should be referred to Judge Spero.

Dated: November 19, 2019                                ZUCKERMAN SPAEDER LLP

*/s/ Caroline E. Reynolds*
Caroline E. Reynolds

PSYCH-APPEAL, INC.
Meiram Bendat

*Attorneys for Class Plaintiffs*