JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID WIT, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED BEHAVIORAL HEALTH,**<br><br>Defendant. | Case No. 14-cv-02346 JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**UNITED BEHAVIORAL HEALTH'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SUBMIT NEWLY-DISCOVERED EVIDENCE IN SUPPORT OF MOTION FOR REMEDIES**<br><br>Hon. Joseph C. Spero |

| | |
|---|---|
| 1 | **GARY ALEXANDER, et al.,** |
| 2 | Plaintiffs, |
| 3 | v. |
| 4 | |
| 5 | **UNITED BEHAVIORAL HEALTH,** |
| | Defendant. |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

UBH'S RESPONSE TO PLS.
ADMIN MOT. TO SUBMIT EVIDENCE;
CASE NOS. 14-CV-02346 JCS; 14-CV-05337 JCS

## INTRODUCTION

More than four months after briefing closed on the issue of remedies, Plaintiffs move this Court to supplement the record with "newly-discovered" evidence of correspondence between UBH and an out-of-network residential treatment facility, The Lakes Treatment Center ("The Lakes"). To the extent this evidence is relevant at all, it proves that UBH is applying the ASAM Criteria to determine substance use benefits under the plans it administers, including benefits for ASAM Level 3.5 services. Plaintiffs ignore this fact and ask the Court to admit the evidence to support irrelevant and misleading arguments about UBH's current practices for covering ASAM Levels of Care that are either *not covered* under the current plans in evidence (ASAM Level 3.1) and/or *not at issue in this case* (ASAM Levels 3.2WM and 3.7WM). Plaintiffs' motion to admit this evidence for such irrelevant and improper purposes should be denied.

## ARGUMENT

### A. Plaintiffs' Proffered Evidence Proves That UBH Is Applying The ASAM Criteria, Including Criteria For ASAM Level 3.5.

To the extent Plaintiffs' belated exhibits are relevant at all, they simply confirm what UBH has already told the Court: "Optum Substance Used Disorder Level of Care Guidelines were retired on January 31, 2019" – before the Court entered its Findings of Fact and Conclusions of Law ("FFCL," ECF No. 418) – "and the ASAM Criteria are now in effect for substance use disorder services." ECF No. 444-6. The exhibits also show that UBH is using the ASAM Criteria to *authorize* covered services at the ASAM 3.5 level of care. ECF No. 444-6 (explaining that a "temporary suspension of authorization" for ASAM Level 3.5 services provided by The Lakes "will be removed" because UBH has confirmed that the "schedule and program description for Lakes Treatment Center's substance abuse residential rehabilitation level of care appear to be in alignment with the American Society of Addiction Medicine (ASAM) criteria" for ASAM Level 3.5).[1] This evidence belies Plaintiffs' baseless assertion in their remedies briefing that

---

[1] According the Declaration of Bernadette Cattaeno, The Lakes's CEO, The Lakes is licensed to "provide residential rehabilitation services between ASAM 3.1 and 3.5 intensity levels" (*i.e.*, not ASAM Level 3.7). ECF No. 444-2, ¶ 2; *see also* ECF 444-3.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1

UBH'S RESPONSE TO PLS.
ADMIN MOT. TO SUBMIT EVIDENCE;
CASE NOS. 14-CV-02346 JCS; 14-CV-05337 JCS

UBH is "continuing to ignore the criteria for" ASAM Level 3.5. (ECF No. 435, p. 71:3–5). Plaintiffs' corresponding demand for remedies based on that false accusation – including for a permanent injunction dictating the meaning of benefit plans not before the court and for the appointment of a special master – should be denied.

**B.   Plaintiffs' Proffered Evidence Regarding Whether UBH Would Authorize Benefits For ASAM Level 3.1 Services At The Lakes Is Irrelevant Because Plaintiffs' Own Evidence Demonstrates That ASAM Level 3.1 Is Not A Covered Benefit.**

Despite their failure to prove that a *single* named Plaintiff or class member *ever* sought or was denied ASAM Level 3.1 services based on a UBH guideline, Plaintiffs ask the Court to admit exhibits regarding ASAM 3.1 services for irrelevant and misleading purposes.  Plaintiffs make much of the fact that UBH informed The Lakes that services corresponding to ASAM Level 3.1 are not eligible for coverage under the plans currently administered by UBH.  But Plaintiffs offer no evidence that this is inaccurate, and the only evidence in the record supports UBH's interpretation of the current benefit plans.

In connection with Plaintiffs' Reply In Support of Their Request for Remedies (ECF No. 435), Plaintiffs belatedly submitted four benefit plans effective for the year 2019 for Plaintiffs Tillitt, Muir, Holdnak, and Driscoll.  ECF Nos. 435-3, 435-4, 435-5, 435-6.  These four plans constitute the only evidence before the Court about the terms of current UBH-administered plans. Each of these plans includes a defined term –"Transitional Living" services or "Transitional Care" services – which directly corresponds to ASAM Level. 3.1.  Under these plans, "Transitional Living" services or "Transitional Care" services are defined as: "*Mental Health Services/Substance-Related and Addictive Disorders Services that are provided through* facilities, group homes and supervised apartments that provide 24-hour supervision that are either": (a) "sober living arrangements such as drug free housing, alcohol/drug halfway houses"; or (b) "supervised living arrangement[s] which are residences such as facilities, group homes, and supervised apartments".  ECF No. 435-6, p. 141 (emphasis added); ECF No. 435-5, p. 81; ECF No. 435-4, p. 163; ECF No. 435-3, p. 136.  This is consistent with how both this Court and the ASAM Criteria have described ASAM Level 3.1: halfway house, sober living, or group home

facilities that provide both non-clinical transitional services *and* clinical mental health or substance use disorder services.[2] See FFCL ¶¶ 154–155 (finding that ASAM Level 3.1 consists of "sober living homes" or "halfway houses" "that include a clinical component" of at least 5 hours of treatment services per week); Trial Ex. 662-0254 (ASAM Criteria describing Level 3.1 as "a halfway house, group home, or other supportive living environment . . . with 24-hour staff and close integration with clinical services").

Under each of the 2019 benefit plans offered by Plaintiff, the "Transitional Living" or "Transitional Care" services that directly align with ASAM Level 3.1 are not covered benefits. Three plans *expressly exclude* coverage for all "Transitional Living services". ECF Nos. 435-3, p. 77; 435-5, p. 36; 435-6, p. 76. And the fourth plan does not provide coverage for "Transitional Care" services rendered at out-of-network facilities, such as The Lakes. ECF No. 435-4, pp. 61–62 (omitting "Transitional Care" from the list of covered substance use disorder benefits, and instead describing transitional care as a "Special Substance Used Disorder Program" that "may not otherwise be covered" but "may become available" *if* UBH contracts with the provider); ECF No. 444-2, ¶ 7 (declaring that The Lakes is an out-of-network provider). In the instant motion, Plaintiffs ignore these plans – which *Plaintiffs* offered into evidence – and disingenuously argue that UBH's statement that ASAM Level 3.1 is "not a member benefit" under current plans is false. Mot., at 3–4.

Plaintiffs purport to offer this evidence regarding ASAM Level 3.1 coverage to support their request for class-wide injunctive relief compelling coverage of ASAM Level 3.1 (or the appointment of a special master to oversee such an injunction). To be entitled to such relief, they must prove that ASAM Level 3.1 services are covered on a classwide basis – in all plans applicable to all class members. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 365 (2011)

---

[2] In each of these four plans, the "Mental Health" and "Substance Use Disorder Services" described in the definition of "Transitional Living" or "Transitional Care" services are themselves defined as clinical services. ECF Nos. 435-3, pp. 43–44; 435-4, pp. 59–61; 435-5, pp. 18–19; 435-6, pp. 44–46. Thus, the "Transitional Living" or "Transitional Care" services defined by each plan are, by definition, sober or supervised living arrangements that provide both non-clinical transitional services *and* clinical mental health or substance use disorder services.

(classwide injunctive relief unavailable where "about half the members of the class . . . have no claim for injunctive or declaratory relief at all").  This is particularly so here, where UBH has an affirmative fiduciary duty to apply plan exclusions and limitations as written, and cannot be compelled consistent with ERISA to apply a guideline or authorize or pay benefits for services that are excluded from coverage.  *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004) ("ERISA requires fiduciaries to comply with a plan as written unless it is inconsistent with ERISA"); *Conkright* v. *Frommert* 559 U.S. 506, 520 (2010) (ERISA imposes a "duty to all beneficiaries to preserve limited plan assets" and to "prevent [] windfalls for particular employees."); *see also* ECF No. 249, pp. 43–45.  Plaintiffs' proposed "new evidence" that UBH *correctly* told an out-of-network provider that services at ASAM Level 3.1 are not covered by the plan demonstrates that Plaintiffs have not satisfied their burden of class-wide proof.  *See* ECF Nos. 425, pp. 6–9; 433, pp. 8–9.

    **C.**    **Irrelevant Evidence About Detoxification Levels of Care Not At Issue In This Case Should Be Rejected.**

Plaintiffs' remaining arguments for admitting their "newly-discovered evidence" are equally irrelevant and misleading.  More than *two years* after trial concluded and evidence closed, more than eight months after the Court issued is FFCL, and more than four months after briefing on the issue of remedies concluded, Plaintiffs for the first time attempt to introduce evidence about two detoxification levels of care – ASAM Levels 3.2WM and 3.7WM – that are not at issue in this case and were never discussed at trial.

On their face, the ASAM Criteria define "withdrawal management" (or "WM") as *distinct levels of care* involving *different behavioral health services* (detoxification or withdrawal management), found in a *different section of ASAM*.  Trial Ex. 662-0148.  Likewise UBH's former Level of Care Guidelines provided separate criteria for residential *detoxification* as compared to residential *rehabilitation*.  *See e.g.,* Trial Ex. 1-0053–59; 8-0034–36.  At trial, Plaintiffs did not offer *any* evidence about *any* of the separate ASAM detoxification levels of care, or about UBH's separate residential detoxification guidelines.  Plaintiffs' expert, Dr. Fishman, offered no opinions about whether UBH's detoxification guidelines were consistent

CROWELL
& MORING LLP
ATTORNEYS AT LAW

4

UBH'S RESPONSE TO PLS.
ADMIN MOT. TO SUBMIT EVIDENCE;
CASE NOS. 14-CV-02346 JCS; 14-CV-05337 JCS

with generally accepted standards of care or with ASAM Levels 3.2WM or 3.7WM. Plaintiffs offered no evidence or argument that either of these ASAM Levels are covered under any class member's benefit plan or under any plan currently administered by UBH. And Plaintiffs have not sought any remedies related to these levels of care, which are not mentioned in their remedies briefing. *See* ECF Nos. 426, 435. Belated evidence about these levels of care is irrelevant to any issue in this case and should be rejected.

Plaintiffs seek to rely on this irrelevant evidence for an overtly misleading purpose. UBH informed The Lakes that, in California, UBH would provide coverage for ASAM Level 3.7WM services at facilities licensed for a lower-intensity ASAM Level 3.5 rehabilitation level of care, so long as the facility had an incidental medical license (as The Lakes does) from the State of California.[3] Plaintiffs falsely suggest that UBH is imposing additional *limits* on coverage beyond the ASAM Criteria. In truth, UBH's letter demonstrates the exact opposite. UBH's letter informed The Lakes that UBH would *provide additional coverage* – beyond that indicated by ASAM – by authorizing *higher-intensity* Level 3.7WM services at a lower-intensity Level 3.5, so long as the facility has a license to provide the requisite level of incidental medical services. *See* ECF No. 444-6; Trial Ex. 662-0160 (ASAM Criteria; Level 3.7WM is "staffed by physicians" who provide "on-site monitoring of care and further evaluation on a daily basis"). Plaintiffs' unsupported assertion to the contrary is both false and irrelevant.

## CONCLUSION

For the foregoing reasons, UBH respectfully requests that Plaintiffs' Motion be denied. To the extent the Court entertains this belated evidence, it should be considered for the limited purpose of confirming that UBH is applying the ASAM Criteria, including for ASAM Level 3.5.

---

[3] In California, residential treatment facilities are not permitted to provide medical detoxification services – such as Level 3.7WM services – unless they have obtained an incidental medical license. *See* 9 Cal. Code Regs., § 10501(a)(27) (defining a residential treatment facility as a facility that provides "nonmedical" services); Cal. Health & Saf. Code §11834.026(a)(6), (c) (permitting a residential treatment facility to provide medical detoxification services if it obtains an incidental medical license).

| | |
|---|---|
| DATED:  November 22, 2019 | CROWELL & MORING LLP |
| | By: */s/ Jennifer S. Romano*<br>Jennifer S. Romano |
| | Attorneys for Defendant<br>UNITED BEHAVIORAL HEALTH |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

6

UBH'S RESPONSE TO PLS.
ADMIN MOT. TO SUBMIT EVIDENCE;
CASE NOS. 14-CV-02346 JCS; 14-CV-05337 JCS