UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WIT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant. | Case No. 14-cv-02346-JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**ORDER RE FURTHER REMEDIES PROCEEDINGS** |
| GARY ALEXANDER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant. | |

The Court has considered the parties' briefs with respect to remedies and class certification questions and seeks additional briefing and/or information from the parties with respect to the following issues:

- Implications of certification of classes under Rule 23(b)(1)(A), (b)(2) and (b)(3): At Plaintiffs' request, the Court certified the classes in these actions under Rule 23(b)(1)(A), (b)(2) and (b)(3). What are the implications with respect to remedies for class members -- both those who have opted out and those who have not -- of certifying under all three sections of Rule 23(b)? Will or should class members who have opted out be bound by

any of the remedies that Plaintiffs have requested? Along those lines, can or should the Court specify that certain remedies are awarded under Rule 23(1)(A) and/or (b)(2) and therefore, that class members cannot opt out of those remedies? If the Court were to take such an approach, would it be necessary or appropriate to create remedies subclasses? The Court seeks briefing on these issues.

- <u>Res Judicata effect of a judgment in this action on class members</u>: The Court is aware that a number of class members have initiated individual actions against UBH in other courts across the country and those courts have been required to address the implications of this Court's decisions for those actions. While it is not appropriate for this Court to instruct other Courts with respect to these issues, it is important for the Court to have a clear understanding of the implications of the remedies it awards for all class members with respect to the potential preclusive effect of the judgment that will be entered in this case. Likewise, it will be important to provide clear guidance to class members with respect to the effect of the Court's judgment on their rights to bring (or proceed with) individual claims in other courts. The Court seeks briefing on these questions, as well as a summary of cases nationwide that involve members of the classes that have been certified in this action, including any motions or arguments asserted by UBH in those actions that claims should be dismissed or stayed in light of this action, and how courts have ruled on those requests.

- <u>Class List</u>: The parties appear to be in agreement that the class list in Trial Exhibit 255 is not entirely accurate and may both include individuals who are not class members and omit individuals who are class members. It is also the Court's understanding that the parties have engaged in meet and confer efforts to develop a complete and accurate class list. The parties are requested to provide a status report on those efforts. They should also address what measures may be required to address the fact that some class members did not receive notice and other individuals may have received notice informing them (incorrectly) that they are classes members and therefore will be entitled to remedies awarded in this case, including reprocessing, when in fact those remedies will not be

available to them.  Also, to the extent that the Court finds that the Texas class members may remain in the State Mandate Class, the Court seeks additional guidance as to how the review of denial letters should be conducted so as to ensure that these class members are included on the class list that will be used going forward to implement the Court's remedies order.

- <u>What Exclusions May be Invoked by UBH in Reprocessing</u>:  The parties disagree on the question of whether UBH should be allowed to deny benefits during reprocessing based on exclusions it did not invoke when it originally denied class members' claims.  The Court would like the parties to address whether *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014) suggests a middle ground whereby UBH would be limited to denying benefits based on exclusions that were not originally invoked only where the basis for invoking the exclusion was not "known or reasonably knowable."   Is this standard sufficiently clear-cut that it could be implemented by the parties, with the assistance of a special master, and what procedures would be appropriate for addressing disputes that might arise with respect to whether the basis for an exclusion was "known or knowable"?

- <u>Pre- and Post- Judgment Interest</u>:  UBH has opposed Plaintiffs' request for pre- and post-judgment interest on the basis that some plans may prohibit such an award, while other plans may include provisions that allow for such interest but on varying terms.  While the single example of the former (Trial Ex. 1539-0036) does not appear to lend strong support to UBH's position, the second trial exhibit UBH points to (Trial Ex. 1542-77) affirmatively provides that "[r]equests for payment that include all required information which are not paid within [specified time frames] will include an overdue payment of simple interest at the rate of 12% per annum."   The Court would like Plaintiffs to address whether an award of interest at a uniform rate under  28 U.S.C. § 1961 (which provides that post-judgment interest shall be calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [ ] the date of

the judgment") is appropriate given that this may conflict with explicit provisions in some class members' plans (and that the rate provided for in some class members' plans may be *higher* than the rate sought by Plaintiffs). The Court would also like the parties to address whether it would be permissible or appropriate to award pre- and post-judgment interest at the rate set in the class members' plans, or if their plans are silent, at the uniform rate under 28 U.S.C. § 1961. Finally, the Court would like UBH to address whether it has found any class member plan that explicitly prohibits a court award of pre- or post-judgment interest on benefits that it has found were improperly denied.

- <u>Status of UBH Guideline changes and adoption of ASAM, LOCUS and CALOCUS (or other third-party guidelines)</u> : UBH represents in its remedies brief that it made "substantial changes to both its mental health and substance use guidelines in early 2018," that it has adopted the ASAM Guidelines "where permitted by law" to determine substance use coverage, effective January 2019, and that it has approved adoption of LOCUS and CALOCUS for mental health benefits determinations, "with the goal of implementation in early 2020, subject to required regulatory approvals." The Court requests that UBH provide a report to the Court, supported by declarations and evidence as appropriate, listing the guidelines it is using in every State, including any anticipated changes and the status of any regulatory or licensing approvals that it has sought or is in the process of obtaining. To the extent that there are any limitations on UBH's use of ASAM, LOCUS or CALOCUS (or any guidelines that have been developed by third parties and adopted by UBH) in any State, those limitations should be noted. UBH should also specifically address Plaintiffs' contention that UBH re-adopted its Custodial Care Guidelines in 2019. *See* Plaintiffs' Remedies Reply Brief [Docket No. 435] at 63 n. 74. The Court requests that UBH include with its materials a chart that summarizes this information for all fifty states.

The Court requests that the parties meet and confer and submit a proposed schedule for addressing these questions, including proposed dates for conducting a telephonic hearing to address remedies and class certification issues. To the extent possible, the proposal should be

4

joint. The Court encourages the parties to propose a schedule that is reasonable in light of current circumstances; it will also grant reasonable requests for extensions on the deadlines the parties propose if warranted due to changing circumstances. The Court requests that the parties submit their joint proposal (or to the extent they are unable to agree, separate proposals) within two weeks of the date of this order. In the alternative, the parties may submit a request for additional time to propose a schedule if they are unable to propose a joint schedule by that date.

**IT IS SO ORDERED.**

Dated: March 24, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge