# EXHIBIT A

PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
399 Park Avenue, 14th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | Case No. 3:14-CV-02346-JCS <br><br> **STIPULATION CONCERNING DISCOVERY RELATING TO WHETHER CLASS MEMBERS' PLANS ARE GOVERNED BY ERISA** <br><br> Judge: Hon. Joseph Spero <br> Courtroom: G |
| GARY ALEXANDER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | Case No. 3:14-CV-05337-JCS |

1        WHEREAS, on March 14, 2016, the parties entered into a Joint Stipulation Concerning Sampling Methodology which describes (in paragraphs 7-9 and 18-19) the method by which UBH created the spreadsheets attached to that Joint Stipulation as Exhibits C and E.

        WHEREAS, Plaintiffs attached Exhibits C and E to their Motions for Class Certification in each of the above-captioned cases, which the Court granted on September 19, 2016.

        WHEREAS, on January 11, 2017, UBH supplemented Exhibits C and E by producing two new spreadsheets (attached hereto as Exhibits 1 and 2), using the same methodology, to include adverse benefit determinations made between April 17, 2015 and December 20, 2016 (as to Exhibit C) and between May 20, 2015 and December 20, 2016 (as to Exhibit E). Exhibits C and E, as supplemented on January 11, 2017, will hereinafter be referred to as the "Updated ABD Spreadsheets."

        WHEREAS, UBH has represented to Plaintiffs that there is no automated methodology by which UBH can remove from the Updated ABD Spreadsheets adverse benefit determinations issued pursuant to welfare benefit plans ("Plans") that are **not** governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1102 *et seq.* ("ERISA").

        WHEREAS, on November 30, 2015, Plaintiffs served on UBH Plaintiffs' Third Set of Requests for Production of Documents in the above-captioned cases, which (in Request No. 12) called for UBH to produce all agreements and contracts between UBH and any Plan or any of UBH's Corporate Affiliates, "including but not limited to administrative services agreements, concerning Benefit Claim administration and/or how UBH will be compensated for its services." The parties agreed that UBH would produce a sample of agreements, which UBH produced, subject to Plaintiffs' right to seek additional agreements and contracts.

        WHEREAS, on December 11, 2015, Plaintiffs served on UBH Plaintiffs' First Set of Requests for Admission in the above-captioned cases, which (in Request No. 1) called for UBH to "[a]dmit that UBH keeps track of which Plans are ERISA Plans," and UBH objected to and denied that Request for Admission.

        WHEREAS, on September 21, 2016, Plaintiffs served on UBH Plaintiffs' Third Set of Interrogatories in the above-captioned cases, which (in Interrogatory No. 11) called for UBH to,

"[w]ith respect to each claimant listed on Exhibits C or E to the parties' Joint Stipulation Concerning Sampling Methodology, Identify the Federal Employer Identification Number ("EIN") associated with such claimant's employer-sponsored health benefit plan," and UBH objected to that Interrogatory.

WHEREAS, on December 22, 2016, Plaintiffs served on UBH Plaintiffs' Fifth Set of Interrogatories in the above-captioned cases, which (in Interrogatory No. 17), called for UBH to, "[w]ith respect to each claimant listed on the denial lists UBH produced in response to Plaintiffs' Interrogatory No. 1 (including any supplements thereto), state whether UBH has information indicating whether the member's Plan is governed by ERISA and, if so, whether that information indicates that the member's Plan is governed by ERISA," and UBH objected to that Interrogatory.

WHEREAS, on December 22, 2016, Plaintiffs served on UBH Plaintiffs' Fifth Set of Requests for Production of Documents in the above-captioned cases, which (in Request No. 2) called for UBH to produce "[a]ll Documents in UBH's possession containing any representation, in any form or manner, by any person, to the effect that any Class Member's Plan is or was governed by ERISA," which request explicitly included "any employer application relating to any Class Member's Plan and any agreement with any such Plan or Plan Sponsor, insofar as such Document contains information about whether the Plan is or was governed by ERISA," and UBH objected to that Request.

WHEREAS, on December 29, 2016, Plaintiffs' counsel sent an email to counsel for Defendant requesting that, in further response to Plaintiffs' Request for Production No. 12 (of Set Three) (served on November 30, 2015), Defendant produce all of its agreements with its "carve-out" customers.

WHEREAS, on January 23, 2017, Plaintiffs served on UBH notice of third-party subpoenas to United Healthcare Insurance Company, Inc. and Oxford Health Plans LLC seeking information about plans administered by UBH and Plaintiffs thereafter served those subpoenas;

WHEREAS, Defendant's and Plaintiffs' counsel have met and conferred on numerous dates regarding Plaintiffs' discovery requests described above. In those discussions, Plaintiffs have informed Defendant that the requests described above seek (among other things)

information to establish that each of the members identified in the Updated ABD Spreadsheets was a member of a Plan that was subject to ERISA when Defendant issued the adverse benefit determination(s) that is/are at issue in the above-captioned cases.

WHEREAS, in lieu of UBH serving substantive responses and/or producing documents in response to the discovery requests described above, the parties, through their respective counsel, have agreed to this stipulation as set forth below.

WHEREAS, the parties, acting in good faith, intend by this Stipulation to meaningfully narrow the issues genuinely in dispute and to reduce the burden of discovery for all parties and for third parties; and

WHEREAS, the parties, through their respective counsel, agree that entering into this stipulation would be beneficial to simplify, streamline and expedite fact discovery in the above-captioned cases:

**IT IS HEREBY STIPULATED AND AGREED**, subject to the approval of the Court:

1. By March 22, 2017, UBH will identify for Plaintiffs each Plan appearing on one or more of the Updated ABD Spreadsheets that UBH contends was not subject to ERISA on the date the adverse benefit determination reflected on the spreadsheet was issued (hereafter, the "Challenged Plans"). "Identify" for purposes of this paragraph means to provide the full name of the Plan, any account or group numbers associated with the Plan, and a mailing address for the Plan.

2. Each adverse benefit determination issued pursuant to a Challenged Plan will be removed from the Updated ABD Spreadsheets. On March 31, 2017, the parties will execute a Stipulation that each Plan appearing on the Updated ABD Spreadsheets, as so amended, was governed by ERISA at all times relevant to the above-captioned cases.

3. By April 14, 2017, UBH will produce, with respect to each Challenged Plan, documentation demonstrating that the Challenged Plan was not governed by ERISA at the time of the related adverse benefit decisions relating to the Challenged Plan. If a Challenged Plan was sponsored by a federal, state or local government, Indian tribal entity, or church, UBH's production shall include (but will not necessarily be limited to) the Summary Plan Description or

Certificate of Coverage for the Challenged Plan. If a Challenged Plan was sponsored by any employer or entity other than a federal, state or local government, Indian tribal entity, or church, UBH's production shall include (but will not necessarily be limited to) the following documents, to the extent that UBH possesses them: (a) the Summary Plan Description or Certificate of Coverage for the Challenged Plan; (b) any employer group application submitted in connection with such Plan; and/or (c) any contracts between UBH and the Plan or Plan Sponsor. If, however, any one document of these types of documents is sufficient, by itself, to show that a Challenged Plan is not governed by ERISA, UBH will only be obligated, under this Paragraph, to produce that document.

4. By May 3, 2017, Plaintiffs will identify for UBH each Challenged Plan that Plaintiffs contend is subject to ERISA and a short statement as to the basis for that contention (hereafter, the "Disputed Plans"). For each such Disputed Plan, Plaintiffs will be permitted to take discovery relating to whether the Disputed Plan is subject to ERISA. Discovery relating to Disputed Plans shall not be subject to the fact or expert discovery deadlines, but instead shall be completed, including the issuance and enforcement of third-party subpoenas, by no later than September 26, 2017.

//
//
//
//
//
//
//
//
//
//
//
//

5. By July 16, 2017, if the parties agree that any Disputed Plan is subject to ERISA, the parties will execute a Stipulation that each of those formerly Disputed Plans was governed by ERISA at all times relevant to the above-captioned cases. Notwithstanding this provision, UBH is not obligated to agree that any Disputed Plan is subject to ERISA.

Dated: February 8, 2017

_____
ZUCKERMAN SPAEDER LLP
Caroline E. Reynolds
Attorney for the Plaintiff Classes

_____
CROWELL & MORING LLP
Christopher Flynn
Jennifer Romano
Nathaniel Bualat
Attorney for Defendant UBH