JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Phone: (213) 622-4750
Fax: (213) 622-2690

THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
Fax: (415) 986-2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Fax: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID WIT et al.**,<br><br>        Plaintiffs,<br><br>    v.<br><br>**UNITED BEHAVIORAL HEALTH**,<br><br>        Defendant. | Case No. 14-cv-02346 JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**UNITED BEHAVIORAL HEALTH'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL REMEDIES BRIEF (TOPICS 1 AND 5)**<br><br>Hon. Joseph C. Spero |

1  **GARY ALEXANDER et al.**,

2        Plaintiffs,

3    v.

4  **UNITED BEHAVIORAL HEALTH**,

5        Defendant.

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 3

    I.  Mandatory Injunctive Remedies Can Only Be Awarded To A Class Certified Under Rule 23(b)(1)(a) Or (b)(2), And Reprocessing Can Only Be Awarded To A Class Certified Under Rule 23(b)(3) (Topic 1). ............................................................................. 3

        A.  Class Members Who Did Not Opt Out Will Be Precluded From Bringing Any Future Claims Based On The Same Benefit Determinations. ........................................................................ 3

        B.  Class Members Who Did Opt Out Must Nevertheless Be Bound By Any Remedies Awarded Under Rule 23(b)(1)(A) And 23(b)(2) ........................................................................... 4

        C.  In The Event The Court Awards Any Classwide Remedies, The Court Should Specify That Reprocessing Is Awarded Only Under Rule 23(b)(3) And Mandatory Injunctive Relief is Awarded Only Under Rule 23(b)(1)(A) And (b)(2), And Decertify The Classes Accordingly. ................................................. 6

        D.  Additional Subclasses Are Unnecessary. ......................................................... 8

    II.  A Judicial Award Of Pre- And Post-Judgment Interest Is Inappropriate And Would Require Class Decertification (Topic 5). ................................. 8

        A.  The Court Lacks Authority To Award Pre- Or Post-Judgment Interest Because There Will Be No "Money Judgment" To Which Interest May Attach. ........................................................ 9

        B.  Any Judicial Award of Interest In Advance Of Reprocessing Converts The Reprocessing Remedy Into Individual Monetary Relief And Requires Class Decertification. ............................................................................... 11

CONCLUSION ....................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*,
　938 F.3d 1170 (11th Cir. 2019) ................................................................................... 7, 11

*Acosta v. City Nat'l Corp.*,
　922 F.3d 880 (9th Cir. 2019) ............................................................................................ 12

*Blankenship v. Liberty Life Assur. Co. of Bos.*,
　486 F.3d 620 (9th Cir. 2007) ......................................................................................... 9, 12

*Brown v. Ticor Title Ins. Co.*,
　982 F.2d 386 (9th Cir. 1992) .............................................................................................. 5

*Dishman v. UNUM Life Ins. Co. of Am.*,
　269 F.3d 974 (9th Cir. 2001) ............................................................................................ 13

*Ellis v. Costco Wholesale Corp.*,
　657 F.3d 970 (9th Cir. 2011) .............................................................................................. 7

*Finkel v. Robco Elec. Corp.*,
　No. 11-CV-2353 NGG, 2012 WL 3306963 (E.D.N.Y. Mar. 30, 2012) ........................10, 11

*Frank v. United Airlines, Inc.*,
　216 F.3d 845 (9th Cir. 2000) .............................................................................................. 4

*Franks v. Prudential Health Care Plan, Inc.*,
　164 F. Supp. 2d 865 (W.D. Tex. 2001) ............................................................................. 10

*Hizer v. Gen. Motors Corp., Allison Gas Turbine Div.*,
　888 F. Supp. 1453 (S.D. Ind. 1995) ..............................................................................10, 11

*Landwehr v. DuPree*,
　72 F.3d 726 (9th Cir. 1995) .............................................................................................. 12

*McReynolds v. Sodexho Marriott Servs., Inc.*,
　208 F.R.D. 428 (D.D.C. 2002) ........................................................................................... 7

*Raffin v. Medicredit, Inc.*,
　No. 15-CV-4912 GHK, 2017 WL 131745 (C.D. Cal. Jan. 3, 2017) ................................... 8

*Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*,
　750 F.2d 1458 (9th Cir. 1985) .......................................................................................... 12

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*,
　322 F.3d 1064 (9th Cir. 2003) ............................................................................................ 3

*In re Vorhariwatt*,
  No. 17-CV-1255 WQH (MDD), 2017 WL 6497676 (S.D. Cal. Dec. 18, 2017)
  (interest under 28 U.S.C. § 1961 unavailable where judgment was a
  "declaratory judgment, not a monetary judgment") ............................................................ 9

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ........................................................................................... 4, 6, 7, 13

*Wise v. Glickman*,
  257 F. Supp. 2d 123 (D.D.C. 2003) ................................................................................ 3

*Zakinov v. Blue Buffalo Pet Prods., Inc.*,
  2018 WL 1426932 (S.D. Cal. Mar. 22, 2018) ................................................................. 3

**Statutes and Rules**

28 U.S.C. § 1961 ............................................................................................................. 9, 10

29 C.F.R. § 2560.503–1(b)(5) ............................................................................................. 6

Fed. R. Civ. P. Rule 23 .......................................................................... 1, 2, 3, 4, 5, 6, 7, 8

**INTRODUCTION**

Defendant United Behavioral Health ("UBH") responds to Plaintiffs' Supplemental Remedies Brief, addressing the first and fifth topics on which the Court requested further briefing: (1) the implications of the Court's certification of classes under Rules 23(b)(1)(A), (b)(2) and (b)(3); and (5) how the Court should calculate pre- and post-judgment interest, if the Court determines an award of interest is appropriate in this case.

In their Supplemental Remedies Brief, Plaintiffs ignore the inescapable consequences of the relief they seek. According to Plaintiffs, because this Court certified the classes and allowed opt-outs under Rule 23(b)(3), class members who opted out should not be bound by any of the relief Plaintiffs request, and there should be *no preclusive consequences* for those class members. But Plaintiffs also argued for and received class certification under Rules 23(b)(1) and (b)(2) on the basis that the relief sought was mandatory and indivisible—and they continue to seek injunctive relief for which opting out would be contrary to law and wholly impractical. Plaintiffs further argue that they are entitled to a classwide judicial award of interest, despite no money judgment upon which interest could attach. Plaintiffs are wrong on both questions.

Under Rule 23, ERISA, and the controlling law of this Circuit, Plaintiffs' decision to seek both prospective mandatory injunctive relief and retrospective individualized reprocessing requires the Court to specify the Rule 23(b) provision under which any particular remedy is awarded, and to decertify the classes to the extent they are not suitable for specific remedies. With respect to the Court's first topic, UBH responds as follows:

<u>First</u>, class members who <u>did not</u> opt out will be precluded from bringing any future claims based on the same benefit determinations. This result is compelled by Plaintiffs' request, and the Court's determination, to certify each of the classes under Federal Rule of Civil Procedure 23(b)(3).

<u>Second</u>, class members who <u>did</u> opt out will nevertheless be bound by any remedies awarded under Rule 23(b)(1)(A) or 23(b)(2). Mandatory prospective remedies awarded under those sections are, by their nature, indivisible; class members could not and did not opt out of them. If Plaintiffs were correct, and class members *could* opt out of the prospective injunctive and

declarative remedies they seek, the classes would not be properly certified under Rules 23(b)(1)(A) or 23(b)(2), and would need to be decertified under those subsections.

Third, these same principles confirm that a class seeking reprocessing should not have been certified under Rules 23(b)(1)(A) or 23(b)(2). Plaintiffs argue in their latest remedies brief that the Court can award reprocessing for some class members and not others. That admission compels the conclusion that reprocessing is an individualized, nonmandatory remedy that does not *require* classwide adjudication and therefore cannot meet the requirements for class certification under Rules 23(b)(1)(A) and 23(b)(2). Because Plaintiffs did not prove an individual right to reprocessing for all class members, that remedy should be denied. However, in the event that the court orders reprocessing, it should specify that reprocessing is available only under Rule 23(b)(3), and should decertify the classes under Rules 23(b)(1)(A) and (b)(2) as to that remedy. Conversely, because class members could not opt out of mandatory prospective remedies, if the Court awards any mandatory remedies, the Court should specify that they are awarded under Rules 23(b)(1)(a) and/or (b)(2), and should decertify the classes under Rule 23(b)(3) as to mandatory remedies.

Fourth, additional subclasses are unnecessary to address this issue. If the Court awards any of the remedies Plaintiffs seek, the Court can specify which remedies are issued to the class under which subsection of Rule 23(b).

With respect to the Court's fifth topic, UBH responds that an award of pre- or post-judgment interest by the Court is not proper because Plaintiffs abandoned any request for individual awards of benefits. Likewise, Plaintiffs have not presented any class-wide proof that interest is warranted. As a result, the class will not be awarded any "money judgment" to which pre- or post-judgment interest could attach. If the Court orders UBH to reprocess any individual claims for benefits, the amount of any interest due to a class member based on deferred benefits paid after reprocessing will be governed by the terms of that class member's individual benefit plan, and will be addressed individually during reprocessing. In urging the Court to award classwide interest, Plaintiffs implicitly concede that they are seeking money damages. Because they chose not to present classwide proof of entitlement to benefits or any other monetary

judgment, the classes should be decertified as to the reprocessing remedy if interest is awarded to Plaintiffs.

## ARGUMENT

### I. Mandatory Injunctive Remedies Can Only Be Awarded To A Class Certified Under Rule 23(b)(1)(A) Or (b)(2), And Reprocessing Can Only Be Awarded To A Class Certified Under Rule 23(b)(3) (Topic 1).

The first topic in the Court's March 24 order directs the parties to provide briefing on four questions related to class certification:

(i) "the implications with respect to remedies for class members -- both those who have opted out and those who have not -- of certifying under all three sections of Rule 23(b)";

(ii) "[w]ill or should class members who have opted out be bound by any of the remedies that Plaintiffs have requested?";

(iii) "can or should the Court specify that certain remedies are awarded under Rule 23(1)(A) and/or (b)(2) and therefore, that class members cannot opt out of those remedies?"; and

(iv) "[i]f the Court were to take such an approach, would it be necessary or appropriate to create remedies subclasses?"

ECF No. 448, at 1–2. UBH addresses each of these questions in turn.

#### A. Class Members Who Did Not Opt Out Will Be Precluded From Bringing Any Future Claims Based On The Same Benefit Determinations.

The Court requested that the parties address the implications of class certification for "both those who have opted out *and those who have not*". ECF No. 448, at 1 (emphasis added). In their Supplemental Remedies Brief, Plaintiffs ignore the latter (much larger) group. The implication of class certification for class members who did not opt out is simple: if the Court does not decertify the classes in their entirety, "persons who did not opt out and who pursued their claims [in this action] cannot raise claims [in subsequent litigation] that they raised, *or could have raised*" here. *Wise v. Glickman*, 257 F. Supp. 2d 123, 129 (D.D.C. 2003) (emphasis added); *see also Zakinov v. Blue Buffalo Pet Prods., Inc.*, 2018 WL 1426932, at *7 (S.D. Cal. Mar. 22, 2018) (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003)); *see also Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1083 n.18. Thus,

class members who did not opt out should, and will, be barred in future litigation from asserting claims based on the same benefit determination, even if they challenge those determinations on different grounds. UBH's Opening Supp. Remedies Br., ECF No. 451, at 5–7.

### B. Class Members Who Did Opt Out Must Nevertheless Be Bound By Any Remedies Awarded Under Rule 23(b)(1)(A) And 23(b)(2).

The Court did not limit its class certification order to a Rule 23(b)(3) class. It also certified mandatory classes under Rule 23(b)(1)(A) and (b)(2) because Plaintiffs seek prospective injunctive and declaratory relief. Since class members cannot opt out of any remedies awarded under Rule 23(b)(1)(A) and (b)(2), all class members—regardless of opt-out status—must be bound by any mandatory remedies that the Court may award, including prospective injunctive relief and declaratory relief.

As the Court previously concluded, the *prospective* "injunctive and declaratory relief sought by Plaintiffs . . . are most appropriately considered mandatory relief of the sort that is awarded to (b)(1) and (b)(2) classes, and therefore, as to these remedies, class members effectively cannot opt out" of the classes. Order re Joint Mot. for Approval of Notice Plan, ECF 224, at 9. Class members thus were notified, in the class notice, that they may be bound by certain prospective remedies "[e]ven if [they] choose to be excluded from the lawsuit."[1] ECF No. 279-1, at 4.

For any relief that may be awarded under sections (b)(1) and (b)(2), as a matter of law, class members cannot opt out. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (explaining that (b)(1) and (b)(2) classes are "mandatory classes" and "[t]he Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out"); *see also Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) ("In a Rule 23(b)(2) class action . . . class members are not allowed to opt out."); 3 Newberg on Class Actions § 9:51 (5th ed.) ("[C]lass actions under (b)(1) and (b)(2) would often be undermined if individuals could opt out of them, and these

---

[1] The notice provided to the class specified: "Even if you choose to be excluded from the lawsuit, if the Court orders UBH to revise its guidelines, UBH may apply those revised Guidelines to your future claims." *See* ECF No. 279-1, at 4.

actions, therefore, not only do not require opt-out opportunities, they tend to prohibit them.").[2] Because class members cannot opt out of mandatory remedies awarded under Rule 23(b)(1)(A) or (b)(2), they "will be bound by [any] injunctive relief provided [in this case], and foreclosed from seeking other or further injunctive relief in" future litigation. *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 392 (9th Cir. 1992).

Yet Plaintiffs urge the Court to exclude opt-outs from *all* remedies and *all* aspects of the final judgment in this case, including any prospective declaratory and injunctive relief that may be awarded under Rules 23(b)(1)(A) and (b)(2), allowing them to pursue separate claims for similar relief. Specifically, they argue that opt-outs are only "indirectly affected by . . . those remedies" and should retain the right to "file legal claims and/or seek remedies against UBH" that are different from any remedies that may be awarded in this case. Pls.' Supp. Remedies Br., ECF No. 452 at 3–5. Plaintiffs cite no authority whatsoever for this position, which conflicts with this Court's own construction of ERISA and with Rule 23.

Plaintiffs ask the Court for a prospective permanent injunction compelling UBH to use certain clinical guidelines in perpetuity for all ERISA-governed benefit plans.[3] Pls.' Proposed Remedies Order, ECF 435-1, at 11–12. According to Plaintiffs' latest argument in their supplemental remedies brief, even if the Court entered that injunction, any class member who opted out would be free to bring a separate action against UBH seeking a prospective order compelling it to use *different guidelines* from the ones ordered by this Court. But the Court has previously held that ERISA prohibits this result. Order Granting Class Cert., ECF No. 174 at 40–41 (explaining that "challenges to the Guidelines by multiple class members could subject UBH to

---

[2] Plaintiffs misleadingly cite Newberg on Class Actions to argue that "[o]nce an individual opts out of a class action, she is excluded entirely from the suit." Pls.' Supp. Remedies Br., ECF No. 452, at 4 (quoting 3 Newberg on Class Actions § 9:39 (5th ed.)). But the language quoted by Plaintiffs discusses the effect of opting out *under Rule 23(b)(3)*. 3 Newberg on Class Actions § 9:39 (discussing an individual's "right to opt out of a class action certified under Rule 23(b)(3)").

[3] UBH opposes any such injunction on multiple grounds. *See* UBH's Response to Pls.' Remedies Brief, ECF 429, at 39–46.

inconsistent legal obligations with respect to the use of its Guidelines").[4] It would also be wholly impractical given the prospective-relief sought by Plaintiffs in this case: UBH cannot implement new guidelines (as UBH has already done) and apply them for some plan participants and not for other members of the same plans. *See also* 29 C.F.R. § 2560.503–1(b)(5).

Plaintiffs' proposal to exclude certain class members from prospective injunctive and declaratory remedies also is incompatible with Rule 23 because it ignores the *mandatory* and *indivisible* nature of the relief available under Rule 23(b)(1)(A) and (b)(2). *Dukes*, 564 U.S. at 362. In fact, what Plaintiffs propose is exactly what Rule 23(b)(1)(A) is designed to avoid. Fed. R. Civ. P. 23(b)(1)(A) (permitting class certification when "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class"). It also is what the Supreme Court expressly disallowed under Rule 23(b)(2) when it explained that Rule 23(b)(2) permits only injunctions or declaratory relief that apply "as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360. Indeed, if Plaintiffs were correct that class members could elect whether they want to participate in mandatory injunctive and declaratory relief, this would prove that those remedies are in fact individualized relief and preclude class certification altogether under Rule 23(b)(1)(A) and (b)(2). *See id.* at 361–63.

### C. In The Event The Court Awards Any Classwide Remedies, The Court Should Specify That Reprocessing Is Awarded Only Under Rule 23(b)(3) And Mandatory Injunctive Relief is Awarded Only Under Rule 23(b)(1)(A) And (b)(2), And Decertify The Classes Accordingly.

Reprocessing is an individualized remedy, which can be ordered, if at all, only under Rule 23(b)(3). Order re Jt. Mot. for Approval of Class Notice, ECF No. 224, at 10, (holding there are "sound reasons for treating the reprocessing . . . as [a] (b)(3) remed[y]"). Conversely, this individualized relief is *prohibited* under subsections (b)(1)(A) and (b)(2). Rule 23(b)(1) applies only when "individual adjudications would be impossible or unworkable." *Dukes*, 564 U.S. at

---

[4] UBH disputes that the classes are properly certified under any section of Rule 23 for multiple reasons. *See, e.g.*, ECF Nos. 149, 425, 433.

361–63. And Rule 23(b)(2) applies only when injunctive relief is "indivisible," so that the challenged conduct "can be enjoined . . . only as to all of the class members or as to none of them." *Id.* at 360 (quotation marks and citation omitted). "[C]laims for *individualized* relief" thus "do not satisfy" Rule 23(b)(2). *Id.* Yet here, by asking this Court to limit reprocessing to class members who have not opted out, Plaintiffs effectively concede that the relief they seek is individualized and divisible. Pls.' Supp. Remedies Br., ECF No. 452, at 4. For that reason, reprocessing "is not a viable theory of recovery under Rule 23(b)(2)" or (b)(1)(A), and a class seeking that relief must proceed under Rule 23(b)(3) or not at all. *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1175 (11th Cir. 2019) (reversing certification of class seeking to "reprocess all claims" previously-denied under an allegedly unlawful claims policy and related declaratory relief because reprocessing "is not a viable theory of recovery under Rule 23(b)(2)"). And backing up all of these rules and principles is the Due Process Clause, which likewise requires the applicable protections under each subpart of Rule 23 to match the judgment and remedies to any class.

In the event the Court orders any remedies[5], it should specify that individual retroactive reprocessing of prior claims is awarded solely under Rule 23(b)(3) and accordingly decertify the classes under Rules 23(b)(1)(A) and 23(b)(2) to the extent they seek reprocessing. Likewise, it should specify that any order granting mandatory injunctive relief is awarded solely under Rule 23(b)(1)(A) and (b)(2) and accordingly decertify the classes under Rules 23(b)(3) to the extent they seek mandatory injunctive relief. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986–87 (9th Cir. 2011) ("[T]he relevant inquiry" in determining which subsection of Rule 23(b) applies to a claim for classwide relief turns on "the type of relief sought."); *McReynolds v. Sodexho Marriott Servs., Inc.*, 208 F.R.D. 428, 448 (D.D.C. 2002) ("Central to the Rule 23 analysis are the remedies sought by plaintiffs.").

---

[5] For each remedy they seek, Plaintiffs had the burden to demonstrate that the specific relief is available under ERISA, supported by common evidence presented at trial that is applicable to the class as a whole, and otherwise appropriate. As UBH explained in its earlier remedies brief, Plaintiffs do not identify a single classwide remedy to which the class as a whole is entitled under ERISA based on the evidence presented at trial. *See generally* UBH's Response to Pls.' Remedies Brief, ECF 429.

Specifying the subdivision(s) of Rule 23(b) under which any specific remedy is awarded is necessary for multiple reasons. First, specifying that mandatory injunctive relief can only be awarded under Rules 23(b)(1)(A) and 23(b)(2) will confirm that class members could not opt out of those remedies, which will assist courts in any future litigation in determining the preclusive effect of such a judgment in this case. Second, specifying that reprocessing can only be awarded under Rule 23(b)(3) will conform to Plaintiffs' concessions that reprocessing is an elective remedy and to prior directives of the Court that reprocessing should be treated as a (b)(3) remedy. And third, specifying the nature of any classwide remedies will facilitate appellate review by clarifying how the Court's class certification order applies to each remedy ordered.

### D. Additional Subclasses Are Unnecessary.

UBH agrees with Plaintiffs that the creation of formal subclasses is unnecessary to address the issues above. Additionally, Plaintiffs have made no showing to support subclasses, and subclasses would not eliminate any of the reasons why no class should be certified in this case. If the Court awards any of the remedies Plaintiffs seek on a class-wide basis despite UBH's objections, it can specify which remedies are issued under which subsection of Rule 23(b), which will provide clarity on the effect of an "opt out" request and the preclusive effect of a judgment in this case. *See Raffin v. Medicredit, Inc.*, No. 15-CV-4912 GHK (PJWx), 2017 WL 131745, at *11 (C.D. Cal. Jan. 3, 2017) (specifying that the "injunctive relief portion" of a class was certified "under Rule 23(b)(2)" while the "the monetary damages portion" of that same class was certified "under Rule 23(b)(3)").

## II. A Judicial Award Of Pre- And Post-Judgment Interest Is Inappropriate And Would Require Class Decertification (Topic 5).

If the Court remands class members' benefit determinations to UBH for individual reprocessing, the Court cannot and should not order UBH to pay pre- or post-judgment interest at a fixed rate for any benefits ultimately paid to the member. Any award of pre- or post-judgment interest prior to reprocessing (and an individualized benefits determination) would convert the reprocessing remedy into a classwide money judgment. Such an order would compel

1  decertification because Plaintiffs never presented proof that any particular member was entitled to
2  a benefit payment, much less classwide proof that every member was entitled to benefit payments
3  or any other money judgment (and for that reason, the Court should also deny Plaintiffs' request
4  for classwide reprocessing). Moreover, the specific considerations associated with awarding
5  interest are also individualized and unsupported by any classwide proof in this case.

### A. The Court Lacks Authority To Award Pre- Or Post-Judgment Interest Because There Will Be No "Money Judgment" To Which Interest May Attach.

As set forth in UBH's Response to Plaintiffs' Remedies Brief, Plaintiffs' strategic decision to drop any request for the payment of benefits (or any other monetary relief) precludes any judicial award of pre- or post-judgment interest as a matter of law. ECF 429, at 33–35. Plaintiffs argue that interest should be calculated for the entire class (and without regard to the terms of class members' plans) pursuant to 28 U.S.C. § 1961 (ECF 452, at 6), but that section provides only for interest on a "**money judgment** in a civil case." 28 U.S.C. § 1961 (emphasis added); *see also In re Vorhariwatt*, No. 17-CV-1255 WQH (MDD), 2017 WL 6497676, at *4 (S.D. Cal. Dec. 18, 2017) (interest under 28 U.S.C. § 1961 unavailable where judgment was a "declaratory judgment, not a monetary judgment"). In the context of ERISA, as elsewhere, a money judgment is a prerequisite for any award of pre- or post-judgment interest. Plaintiffs have never identified any authority holding otherwise, and their lead case on the issue involved a money judgment. *See Blankenship v. Liberty Life Assur. Co. of Bos.*, 486 F.3d 620, 627–28 (9th Cir. 2007) (awarding prejudgment interest "on an award of ERISA benefits" where plaintiff had proven entitlement to $6,093.82 per month in disability benefits over a specified period).

Since the class certification stage, Plaintiffs repeatedly have disavowed that they seek any award of benefits or a money judgment in this case. *See*, *e.g.*, Pls.' Reply ISO Class Cert, ECF 153, at 7, 15 (arguing "reprocessing is "not court-ordered benefit payments" and will "not [result in] a court order requiring UBH to pay previously denied benefit claims"). Because Plaintiffs do not ask the Court to award benefits to any class member, there is nothing for an award of interest to attach to, making any award of interest improper as a matter of law. Indeed, despite three opportunities to brief the issue of pre- and post-judgment interest, Plaintiffs have failed to cite a

single case awarding pre- or post-judgment interest on *hypothetical* benefits that *may* be awarded after a remand for reprocessing.

Instead, the availability and amount of interest due on any benefits paid in the event the Court orders reprocessing will be dictated by the terms of the individual benefit plans and ERISA. *See Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 880 (W.D. Tex. 2001) ("An ERISA plan's language controls . . . ."). "Courts should strictly enforce the terms of an ERISA plan to ensure the question of what benefits a plan may offer are left largely to the private parties creating the plan." *Id.* This rule applies equally to plan language regarding interest payments. *See Finkel v. Robco Elec. Corp.*, No. 11-CV-2353 NGG, 2012 WL 3306963 at *5 (E.D.N.Y. Mar. 30, 2012), *R. & R. adopted*, No. 11-CV-2353 NGG (RLM), 2012 WL 3307631 (E.D.N.Y. Aug. 13, 2012) (holding that the plaintiff should not be entitled to recover interest if such interest contradicts plan terms); *cf. Hizer v. Gen. Motors Corp., Allison Gas Turbine Div.*, 888 F. Supp. 1453, 1464 n.8, 1465 (S.D. Ind. 1995) (holding that a general rule for calculating interest would be applied in the absence of contrary policy language in an ERISA plan, but noting that reasonable plan terms governing interest calculation would be enforceable).

As the examples cited in UBH's opening remedies brief illustrate (ECF No. 429 at 34–35) and as the Court acknowledged in its order regarding supplemental remedies briefing (ECF 448 at 3–4), some plans may mandate an interest rate that is higher than the rate prescribed by 28 U.S.C. § 1961. Other plans may mandate a lower rate, or prohibit interest altogether.[6] Any interest award

---

[6] The Court has asked UBH to "address whether it has found any class member plan that explicitly prohibits a court award of pre- or post-judgment interest on benefits that it has found were improperly denied." ERISA plans typically do not address the remedies that a court may award, and while UBH has not yet reviewed the individual terms of the thousands of benefit plans at issue, it has not yet identified a plan that expressly references "a court award of pre- or post-judgment interest". Nevertheless, UBH's Response to Plaintiffs' Remedies Brief (ECF No. 429, at 34–35) identifies at least one plan—Trial Exhibit 1539-0036—that specifies that such relief is not available under the terms of the plan. That plan excludes payment of "[i]nterest or late fees charged due to untimely payment for services." Trial Ex. 1539-0036. Plaintiffs failed to address this language in their Reply Remedies Brief (ECF No. 435), waiving any argument to the contrary. And their belated argument that "the provision excludes coverage of interest imposed by a *provider* if a patient pays the billed charge late" (ECF No. 452, at 9 n.2) has no basis in the plan language. On its face, the plan language excludes coverage for the interest Plaintiffs seek here— "interest . . . due to untimely payment for services"—without regard to *who* charges the interest. That plan prohibition on the payment of interest "due to untimely payment for services" must be (Continued...)

will require an individualized assessment of each plan's terms as part of reprocessing. If the Court orders that UBH reprocess certain claims in accordance with those class members' specific plan terms, any interest due on benefits paid should be determined as part of reprocessing, and in accordance with the plan terms.

### B. Any Judicial Award of Interest In Advance Of Reprocessing Converts The Reprocessing Remedy Into Individual Monetary Relief And Requires Class Decertification.

Awarding interest in advance of reprocessing would confirm that the "reprocessing" relief Plaintiffs seek is, in fact, a "money judgment" for unpaid benefits. Because Plaintiffs did not prove their entitlement to a classwide monetary remedy, awarding interest would require decertification as to the reprocessing remedy for multiple reasons.

First, Plaintiffs obtained class certification specifically because they represented to this Court that they were *not* seeking money damages, which Plaintiffs admit would require individualized determinations of causation. Plaintiffs now seek interest on a "money judgment," undermining the foundational principle of the Court's class certification order. If Plaintiffs are awarded interest, this confirms they indeed sought, and obtained, a monetary remedy. But Plaintiffs could not continue to maintain their claims for monetary relief on behalf of the classes because they offered no classwide proof that all class members were wrongfully denied benefits for medically necessary services and entitled to an award of money and interest under the terms of their individual plans. *See AA Suncoast Chiropractic Clinic*, 938 F.3d at 1178–79 (demand for an "injunction" for the reprocessing of previously-denied insurance claims is nothing more than a "retrospective damages remedy"). Plaintiffs did not attempt to present that evidence at trial.

Second, calculating pre- and post-judgment interest would require an individualized factual inquiry into the circumstances of each claim, and Plaintiffs have not offered any classwide proof sufficient to support such an award. Even where interest is theoretically available, the question "[w]hether to award prejudgment interest to an ERISA plaintiff is 'a question of fairness

---

enforced and precludes a judicial award of interest here. *See Finkel*, 2012 WL 3306963, at *5; *Hizer*, 888 F. Supp. at 1464 n.8, 1465.

1  . . . to be answered by balancing the equities.'" *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir.
2  1995) (citation omitted). That equitable judgment depends on particular circumstances. *See*, *e.g.*,
3  *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th
4  Cir. 1985) (affirming the denial of prejudgment interest on an award of pension benefits, based on
5  a "balanc[e of] equities"). In the case on which Plaintiffs rely, *Blankenship*, the Ninth Circuit
6  affirmed an award of interest based on a monetary judgment awarding disability benefits and
7  additional factual findings that the plaintiff had been forced to replace the denied benefits out of
8  his personal funds during the period in question, and that if the benefits had been paid he would
9  have instead invested the personal funds and earned interest. 486 F.3d at 628.

10        Plaintiffs have not made any showing here to support such a balancing, on a classwide
11  basis. Indeed, the record shows that the circumstances vary from class member to class member,
12  even for the hypothetical subset of class members whose denials could potentially change to
13  approvals through a reprocessing. For example, while some class members went on to receive the
14  requested treatment and paid out-of-pocket, others chose not to pursue the treatment after the
15  denial of their request for preauthorization (*see* UBH's Response to Pls.' Remedies Brief, ECF
16  No. 429, at 20–21) and still others received full coverage after their initial denials were
17  overturned on appeal (*see* Trial Ex. 1655). Class members who already received the full amount
18  of benefits they sought through an earlier administrative appeal could not during reprocessing
19  receive any "late" benefits for which interest could accrue, because they are not entitled to double
20  payments under ERISA. Additionally, some plan participants assigned their claims to providers,
21  or did not pay any charges out of pocket. *See* Decl. of Ngoc Han S. Nguyen ISO UBH's Opening
22  Supp. Remedies Br., ECF No. 451-5; UBH Opp'n to Class Cert., ECF No. 148-1, at 29–31. Class
23  members whose denials never resulted in any financial loss have no basis to receive any monetary
24  award—much less interest on a monetary award—on reprocessing. Any award of interest to these
25  class members would not be compensation for amounts they lost, but a windfall. Because "[t]he
26  essential point of prejudgment interest is to 'ensure that an injured party is fully compensated for
27  its loss,'" a district court "abuse[s] its discretion by awarding interest on amounts that [were]
28  never lost," *Acosta v. City Nat'l Corp.*, 922 F.3d 880, 891 (9th Cir. 2019) (citation omitted), such

as the asserted claims of class members who already received benefits or who never paid for treatment out of pocket. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001) ("Prejudgment interest is an element of compensation, not a penalty."). Plaintiffs have not shown and cannot show that interest is proper on a classwide basis.

Finally, while these individualized fact questions preclude class treatment of any kind, they also make certification under Rule 23(b)(1) or (b)(2) particularly inappropriate because the requested monetary relief "introduce[s] new and substantial legal or factual issues" and "entail[s] individualized determinations" that make this remedy more than merely "incidental" to Plaintiffs' requested injunctive relief. *Dukes*, 564 U.S. at 366 (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, UBH respectfully submits that in the event the Court awards any of the remedies Plaintiffs seek in this case, it must specify which provision(s), if any, of Rule 23(b) authorize those remedies on a classwide basis and clarify that class members' right to opt out of certain remedies is limited to the individualized remedy of reprocessing, and does not extend to mandatory prospective injunctive or declaratory relief. The Court should also decline to prospectively award interest, and instead hold that, if reprocessing is ordered, any interest due will be determined during reprocessing based on the specific terms of the individual member's benefit plan.

Dated:  June 15, 2020                    **CROWELL & MORING LLP**

                                         */s/ Jennifer S. Romano*
                                         Jennifer S. Romano
                                         Attorneys for UNITED BEHAVIORAL HEALTH