JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID WIT, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED BEHAVIORAL HEALTH,**<br><br>Defendant. | Case No. 14-cv-02346 JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**STATEMENT OF RECENT DECISIONS**<br><br>Hon. Joseph C. Spero |

| | |
|---|---|
| 1 | **GARY ALEXANDER, et al.,** |
| 2 | Plaintiffs, |
| 3 | v. |
| 4 | |
| 5 | **UNITED BEHAVIORAL HEALTH,** |
| 6 | Defendant. |

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Civil Local Rule 7-3(d)(2), United Behavioral Health ("UBH") submits this Statement of Recent Decisions to bring to the Court's attention the recent published decision by the United States Supreme Court in *Thole v. U.S. Bank N.A.*, 590 U.S. __, 140 S. Ct. 1615 (June 1, 2020), attached hereto as Exhibit A, as well as the recent published decision by the Ninth Circuit in *Ramirez v. TransUnion LLC*, 951 F.3d 1008 (9th Cir. Feb. 27, 2020), attached hereto as Exhibit B. These controlling decisions are germane to UBH's pending Motion for Class Decertification (ECF No. 425), this Court's subject matter jurisdiction and previous denial of UBH's motion for judgment (*see* ECF No. 424, at 16), which this Court may revisit at any time, and Plaintiffs' request for classwide remedies in this case (*see, e.g.*, ECF No. 429).

In *Thole*, participants in a defined benefit plan governed by ERISA brought putative class action claims for breach of fiduciary duty against the plan administrator alleging it breached its duties of loyalty and prudence by mismanaging the plan, and seeking repayment of the plan's losses, injunctive relief including removal of the plan's fiduciaries, and attorneys' fees. *Thole*, 140 S. Ct. at 1618–19. The Supreme Court held that the plan participants lacked Article III standing because whether they won or lost the lawsuit, their benefits would not change. *Id.* at 1619. The Supreme Court rejected the participants' argument that "a plan fiduciary's breach of a trust-law duty of prudence or duty of loyalty itself harms ERISA defined-benefit plan participants." *Id.*; *see* Pet'rs' Br., 2019 WL 4447276, at *20 (arguing that "the participant's legally protected interest in having [a] fiduciary obligation fulfilled" was itself a concrete injury under Article III). The Supreme Court held that the fact that Congress provided a cause of action in ERISA did not affect or create an exception to the Article III standing analysis, and petitioners' argument that participant lawsuits are necessary to ensure meaningful regulation of plan fiduciaries was both insufficient and incorrect. *Thole*, 140 S. Ct. at 1620–21.

In *Ramirez*, the Ninth Circuit held as a matter of first impression that a class certified under Rule 23(b)(3) for monetary damages must prove through the evidence at trial that each class member has Article III standing for each of the class's claims before each class member can be awarded individual relief at the final judgment stage. *Ramirez*, 951 F.3d at 1023. The Ninth

1  Circuit held that this "clearly follows from Supreme Court precedent, as well as the fundamental
2  nature of our judicial system," and that to hold otherwise would violate the Rules Enabling Act by
3  allowing uninjured class members to recover through the procedural vehicle of the class action.
4  *Id.* at 1023–24.
5     In compliance with Civil Local Rule 7-3(d)(2), this Statement of Recent Decisions does
6  not contain legal argument, nor would it be proper for Plaintiffs to respond with legal argument.

8  DATED:  June 29, 2020                    CROWELL & MORING LLP

                                            By:  */s/ Jennifer S. Romano*
                                                 Jennifer S. Romano

                                            Attorneys for Defendant
                                            UNITED BEHAVIORAL HEALTH