PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
8560 West Sunset Boulevard, Suite 500
West Hollywood, CA 90069
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Intervenor Mary Jones*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Action Filed: May 21, 2014<br><br>**UNOPPOSED NOTICE OF MOTION AND MOTION TO INTERVENE OF MARY JONES**<br><br>**No Hearing Requested** |
| GARY ALEXANDER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-05337-JCS<br>Action Filed: December 4, 2014 |

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION TO INTERVENE** |
| 2 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: |
| 3 | PLEASE TAKE NOTICE that without a hearing, or if the Court directs as soon as |
| 4 | counsel may be heard by videoconference before the Hon. Joseph C. Spero, located at |
| 5 | Courtroom F, 15th Floor, San Francisco Federal Courthouse, 450 Golden Gate Avenue, San |
| 6 | Francisco, CA 94102, Mary Jones ("Jones"), a pseudonym,[1] will and hereby does respectfully |
| 7 | move for permissive intervention pursuant to Federal Rule of Civil Procedure 24. |
| 8 | Jones moves for permissive intervention pursuant to Federal Rule of Civil Procedure 24 |
| 9 | and Local Civil Rules 7-1 and 7-11. Permissive intervention is appropriate because Jones is |
| 10 | plaintiff in *Jones v. United Behavioral Health*, No. 3:19-cv-6999-RS ("*Jones*"), which shares |
| 11 | "common question[s] of law or fact" with this case. Fed. R. Civ. P. 24(b)(1)(B). Jones requests |
| 12 | that the Court allow her to intervene in this action so that she may move to amend the November |
| 13 | 14, 2014 Stipulated Protective Order ("Protective Order"), ECF No. 61. Defendant United |
| 14 | Behavioral Health ("UBH") has authorized undersigned counsel to state that UBH consents to |
| 15 | Ms. Jones's intervention for the limited purpose of moving to amend the November 14, 2014 |
| 16 | Stipulated Protective Order in this case, but UBH has reserved all rights to object to or challenge |
| 17 | in the *Jones* action the discoverability of any discovery produced in this action. |
| 18 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19 | **I.    BACKGROUND** |
| 20 | As reflected in this Court's Order Re Joint Discovery Letter in *Jones*, ECF No. 51 (June |
| 21 | 2, 2020) (the "*Jones* Order"), that case challenges UBH's violations of ERISA associated with its |
| 22 | adoption and application of its 2017 Level of Care Guidelines for residential treatment of mental |
| 23 | health conditions and substance use disorders (and any Coverage Determination Guidelines that |
| 24 | |

---

[1] Judge Seeborg granted Plaintiff Jones's motion to proceed under a pseudonym. *See* Order Granting Plaintiff's Administrative Motion to Proceed Under Pseudonym, *Jones v. United Behavioral Health*, No. 3:19-cv-6999-RS (N.D. Cal. Feb. 10, 2020), ECF No. 39. *Jones* was previously referred to as *Tomlinson*. The case was initially filed by Sandra Tomlinson on behalf of her daughter. After UBH moved to dismiss the claims, the *Jones* Complaint was amended to substitute as plaintiff Ms. Tomlinson's daughter, via pseudonym.

1  incorporate the LOCG criteria). This Court found in *Wit*, after years of litigation, that UBH
2  violated its fiduciary duties, including by adopting and applying the same 2017 Guidelines at
3  issue in *Jones*. *See Wit v. United Behavioral Health*, No. 14-CV-02346-JCS, 2019 WL 1033730,
4  at *54 (N.D. Cal. Mar. 5, 2019); *see generally* Am. Compl., *Jones v. United Behavioral Health*,
5  No. 3:19-cv-6999-RS (N.D. Cal. Jan. 31, 2020), ECF No. 31.  Jones and members of the putative
6  *Jones* class will *not* obtain relief under this Court's judgments in *Wit* as to claims denied after
7  June 1, 2017, the cut-off date for membership in the *Wit* Class; that relief is sought in *Jones*. *See*
8  *Wit*, 2019 WL 1033730, at *4.

9       "Given the overlap between [*Jones*] and *Wit*, the interests in judicial economy and
10 avoidance of wasteful duplication," *Jones* Order at 6-7, much of the discovery produced in *Wit*
11 will be highly relevant in *Jones*. Moreover, "the Ninth Circuit 'strongly favors access to
12 discovery materials to meet the needs of parties engaged in collateral litigation' because
13 '[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the
14 interests of judicial economy by avoiding the wasteful duplication of discovery.'" *Id.* at 6
15 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)).
16 "[W]here an appropriate modification of a protective order can place private litigants in a
17 position they would otherwise reach only after repetition of another's discovery, such
18 modification can be denied only where it would tangibly prejudice substantial rights of the party
19 opposing modification." *Foltz*, 331 F.3d at 1131 (citations omitted).

20      Jones will request modification of the *Wit* Protective Order, which presently only permits
21 the *Wit* parties to "use" Protected Material "for prosecuting, defending, or attempting to settle
22 this litigation." Protective Order at 9 (§ 7.1). To effectuate such joint motion, Jones hereby
23 moves to intervene.

24 **II.  ARGUMENT**

25      "On timely motion, the court may permit anyone to intervene who: . . . has a claim or
26 defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.
27 24(b)(1).  In the Ninth Circuit, permissive intervention generally requires: "(1) an independent
28 ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between

1  the movant's claim or defense and the main action." *Freedom From Religion Found., Inc. v.
2  Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).  If the party seeking to intervene satisfies those
3  elements, the district court "is then entitled to consider other factors in making its discretionary
4  decision on the issue of permissive intervention." *See Spangler v. Pasadena City Bd. of Educ.*,
5  552 F.2d 1326, 1329 (9th Cir. 1977).

6       The first requirement—an independent ground for jurisdiction—is "irrelevant" and
7  automatically met where, as here, a "district court is exercising federal-question jurisdiction and
8  [the proposed intervenor] does not seek to bring any counterclaims or cross-claims." *Freedom
9  From Religion Found., Inc.*, 644 F.3d at 844.  Jones is not seeking to bring any claims in *this
10 action*, and Judge Seeborg indisputably has jurisdiction over the ERISA claims in *Jones*.
11 Moreover, the Protective Order recognizes that non-parties may seek to modify it, as the *Jones*
12 plaintiff does here, along with UBH, which is already a party in both actions.  *See* Protective
13 Order at 15 (§ 12.1) ("Nothing in this Order abridges the right of *any person* to seek its
14 modification by the court in the future.") (emphasis added).

15      The "timely motion" requirement is satisfied so long as granting intervention will not
16 "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P.
17 24(b)(3).  Jones's intervention in this action will not delay or prejudice the adjudication of the
18 claims in *Wit* at all.  Intervention to ensure efficient discovery is common and appropriate where,
19 as here, it will not affect the rights of the litigants to the main action.  *See, e.g.*, *Am. Small Bus.
20 League v. U.S. Dep't of Def.*, No. C 18-01979 WHA, 2019 WL 2579200, at *2 (N.D. Cal. June
21 24, 2019); *California v. Health & Human Servs.*, No. 17-cv-05783-HSG, 2017 WL 6731640, at
22 *9 (N.D. Cal. Dec. 29, 2017).

23      The third requirement—a common question of law and fact—is easily met as well.
24 *Jones*, *Wit*, and *Alexander* all concern whether UBH's adoption of its 2017 Level of Care
25 Guidelines violated its duties under ERISA.  There are also narrower common issues of fact and
26 law within the discovery processes.  For example, the relevance of discovery in *Wit* is a close
27 proxy for relevance in *Jones*.

28

Because the requirements of permissive intervention are met; the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation," *Foltz*, 331 F.3d at 1131; and substantial time and resources of the parties and the Court will be preserved by modifying the Protective Order, *see Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989) ("[J]udicial economy is a relevant consideration in deciding a motion for permissive intervention."), the Court should exercise its discretion to allow Jones to intervene.

### III. CONCLUSION

For the reasons set forth above, the Court should enter the attached Proposed Order.

Dated: July 13, 2020            ZUCKERMAN SPAEDER LLP

*/s/ Caroline E. Reynolds*
Caroline E. Reynolds
D. Brian Hufford
Jason S. Cowart
Adam B. Abelson

PSYCH-APPEAL, INC.
Meiram Bendat

*Attorneys for Intervenor Mary Jones*