1   PSYCH-APPEAL, INC.
    Meiram Bendat (Cal. Bar No. 198884)
2   8560 West Sunset Boulevard, Suite 500
    West Hollywood, CA 90069
3   Tel: (310) 598-3690, x.101
    Fax: (888) 975-1957
4   mbendat@psych-appeal.com

5   ZUCKERMAN SPAEDER LLP
    D. Brian Hufford (admitted *pro hac vice*)
6   Jason S. Cowart (admitted *pro hac vice*)
    485 Madison Avenue, 10th Floor
7   New York, NY 10022
    Tel: (212) 704-9600
8   Fax: (212) 704-4256
    dbhufford@zuckerman.com
9   jcowart@zuckerman.com

10  Caroline E. Reynolds (admitted *pro hac vice*)
    1800 M Street, N.W., Suite 1000
11  Washington, D.C. 20036
    Tel: (202) 778-1800
12  Fax: (202) 822-8106
    creynolds@zuckerman.com
13
    *Attorneys for Plaintiffs*
14
                    **UNITED STATES DISTRICT COURT**
15              **NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN FRANCISCO DIVISION**
16

17  DAVID AND NATASHA WIT, et al.,          Case No. 3:14-CV-02346-JCS

18              Plaintiffs,

19          v.

20  UNITED BEHAVIORAL HEALTH,

21              Defendant.

22  GARY ALEXANDER, et al.,                 Case No. 3:14-CV-05337-JCS

23              Plaintiffs,

24          v.                              **STIPULATION AND [PROPOSED]
                                            ORDER RE FINALIZATION OF CLASS
25  UNITED BEHAVIORAL HEALTH,               LISTS AND NOTICES OF PARTIAL
                                            CLASS DECERTIFICATION**
26              Defendant.

27

28

1

2       As directed by the Court, the parties in the above-captioned actions, by and through their

3   respective counsel of record, hereby submit the following stipulation and proposed order

4   regarding certain class-related procedures and attaching proposed class notices pursuant to Fed.

5   R. Civ. P. 23(c).

6                                    **STIPULATION**

7       The parties, through their counsel, have met and conferred regarding the procedures below

8   in light of the Court's Order of November 3, 2020 (*Wit* ECF No. 490) granting in part Defendant

9   United Behavioral Health's ("UBH's") Motion for Class Decertification, as well as the Court's

10  Remedies Order of the same date (*Wit* ECF No. 491), and have agreed to the following, subject to

11  Court approval:

12  **I.      APPOINTMENT OF NEW CLASS ADMINISTRATOR**

13      1.      The Court previously appointed Dahl Administration, LLC ("Dahl") as the third-

14  party notice administrator.  At this time, Dahl is in the process of winding down its class

15  administration functions.  For that reason, the parties agree that it is necessary and appropriate to

16  appoint a new class administrator.

17      2.      Accordingly, AB Data is appointed as the third-party class administrator (hereafter

18  "AB Data" or "Class Administrator") to distribute and administer the notices described below and

19  to undertake such other functions as the Court may direct.  The Class Administrator will be

20  responsible for printing and mailing the notices, performing address verification and skip tracing,

21  processing returned notices, and submitting reports to counsel and the Court.  A declaration from

22  Eric Schachter, AB Data's Vice President, documenting the firm's experience and qualifications,

23  and an estimate for administering the notices, are attached hereto as Exhibit 1.

24  **II.     FINALIZATION OF CLASS LISTS**

25      3.      As further detailed in this Section, if UBH contends that an individual should be

26  removed from the class list pursuant to the Court's November 3, 2020 ruling, except on the basis

27  of a successful administrative appeal (*see* paragraph 7, below), UBH will, by the dates indicated

28  below, send Plaintiffs information and/or documentation establishing that such removal is

appropriate. Plaintiffs will respond by the dates indicated below and will indicate whether they agree that removal is appropriate.

    a.  If the parties agree that an individual must be removed from the class list, that individual will be so removed and their name will, instead, be added to the corresponding list of individuals to receive a Notice of Partial Class Decertification or Notice of Non-Class Membership pursuant to Section III, below.

    b.  If the parties agree on all proposed removals, within 7 days after Plaintiffs' last response date below (i.e., by **December 31, 2020**), Plaintiffs will (a) produce to UBH a final list of recipients of each of the Notices of Partial Class Decertification described in Section III below; and (b) direct the Class Administrator to go forward with the process of issuing the Notices.

    c.  If the parties do not agree as to one or more individuals, they will jointly submit the dispute, and all relevant information/documentation, to the Court within 7 days after Plaintiffs' last response date below (i.e., by **December 31, 2020**).  Within **7 days** after the Court rules on the dispute, the Plaintiffs will (a) produce to UBH a final list of recipients of each of the Notices of Partial Class Decertification described in Section III below; and (b) direct the Class Administrator to go forward with the process of issuing the Notices.

    4.    <u>Post-January 1, 2016 Illinois Denials</u>.  By **November 20, 2020**, UBH will send Plaintiffs an excel spreadsheet identifying each individual whose health plan was governed by both ERISA and Illinois law, who was previously identified as a member of the *Wit* State Mandate Class and sent a Notice of Pendency, but whose initial denial was issued on or after January 2, 2016.  Plaintiffs will respond by **November 24, 2020**.

    5.    <u>Appeal-Only Guideline Denials</u>. The Court has ordered publication notice of partial class decertification for most individuals who were previously included in the class based solely on a denial at the administrative appeal level of review, because most such individuals were not sent a Notice of Pendency.  However, the Court ordered UBH to review the files of 170

individuals, previously identified by the parties, who were included on the class list based on administrative initial denials and who were therefore sent Notices of Pendency, in order to determine whether these individuals should remain in the classes.  By **December 11, 2020**, UBH will send Plaintiffs an excel spreadsheet stating, as to each of the 170 individuals: (a) whether the individual appealed the initial denial; (b) whether the appeal was determined based on UBH's clinical guidelines; (c) whether such clinical appeal was fully successful; and (d) UBH's position on whether the individual should remain in the class. If UBH contends that an individual on the list should be removed from the class, UBH shall send Plaintiffs, also by **December 11, 2020**, the written notification(s) of denial and/or the relevant case notes or any other documentation necessary to show either that (a) there was no appeal; (b) the appeal determination was not based on UBH's Guidelines in whole or in part; or (c) the appeal was determined based on UBH's guidelines and was fully successful.  Plaintiffs will respond by **December 24, 2020**.

6.       <u>Texas Members of the State Mandate Class</u>.  By **December 11, 2020**, UBH will send Plaintiffs an excel spreadsheet identifying each member of the *Wit* State Mandate Class whose ERISA plan was governed by Texas law and who received substance use disorder treatment services in the state of Texas.  If UBH contends that any such individual was denied coverage based solely on the Texas Department of Insurance criteria, UBH will produce to Plaintiffs, also by **December 11, 2020**, the written notification of denial and the relevant case notes for the denial.  Plaintiffs will respond by **December 24, 2020**.

7.       <u>Successful Administrative Appeals</u>.  UBH has represented to Plaintiffs that it does not have searchable data by which it could identify class members (a) who appealed UBH's initial denial of coverage; and (b) who subsequently received all requested benefits following such administrative appeal. UBH has further represented that the only way to determine whether a member successfully appealed from a denial otherwise meeting the Class criteria is to review the UBH Case Notes and any appeal or claims records related to the denial.  UBH thus proposed, and Plaintiffs agree, that such individuals should be identified as UBH carries out the reprocessing remedy for the Class as a whole. Accordingly, the parties propose the following procedure for identifying individuals whose denied requests for coverage were subsequently approved in full

and who are thereby excluded from the classes:

    a. The parties will provide publication notice that members are excluded from the class if their claims for coverage were approved in full as a result of an administrative appeal. *See* paragraphs 8(g)-(h), below. The parties will also include this notification in the Notice of Relief Awarded to Class Members to be mailed to all class members informing the class members of the Court's ruling on liability and remedies and the procedures for reprocessing. *See* paragraph 9, below.

    b. When reprocessing claims pursuant to the Court's Remedies Order, UBH will determine (i) whether the member, or anyone acting on their behalf, filed an administrative appeal of the Remanded ABD; and (ii) if so, whether such appeal was fully successful (i.e., resulted in approval of all benefits the member had requested).

    c. On the last business day of each month while reprocessing is ongoing, UBH will send Plaintiffs one or more excel spreadsheets identifying each individual who was previously identified as a member of any of the classes certified by the Court based on an initial denial pursuant to UBH's Guidelines; who filed an administrative appeal of such denial or on whose behalf an administrative appeal was filed; and who, after such appeal, was granted *all* of the benefits that were initially sought. For each such individual, UBH will also produce on the same date documentary evidence showing: (i) the total length of stay and/or number of visits requested or estimated in the initial request for coverage; and (ii) the total length of stay and/or number of visits for which coverage was approved on appeal.

    d. Plaintiffs will respond to each such list within two weeks.

    e. To the extent the parties agree that one or more individual(s) should be excluded from the Class, the individual will be added to a list of Class members who successfully appealed their denials.

f.   If the parties disagree on whether any such individuals should be removed from the class, the dispute will be submitted to the Special Master.

g.   All Notices of Partial Class Decertification will issue to the individuals identified through this process on the same date, within two weeks after reprocessing is complete.  This notice will be in substantially the same form as the publication notices addressed in Paragraphs 8(f) and 8(g), below.

## III.   CLASS NOTICES

8.   The content of the Notices of Partial Class Decertification and Notices of Non-Class Membership shall be the same or substantially similar to the notices attached hereto as:

a.   Exhibit 2: Notice of Partial Class Decertification directed to Illinois members of the *Wit* State Mandate Class whose denials were issued on or after January 2, 2016.

b.   Exhibit 3: Publication-only Notice of Partial Class Decertification directed to any member of a health benefit plan governed by ERISA whose request for coverage of residential treatment services for a mental illness or substance disorder was denied by UBH between May 22, 2011 and June 1, 2017, based on any ground other than application of UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines, where such request was denied at the administrative appeal level of UBH's coverage determination process based, in whole or in part, on UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines, who did not receive actual notice of this class action prior to the opt-out deadline.

c.   Exhibit 4: Publication-only Notice of Partial Class Decertification directed to any member of a health benefit plan governed by ERISA whose request for coverage of outpatient or intensive outpatient treatment services for a mental illness or substance disorder was denied by UBH between December 4, 2011 and June 1, 2017, based on any ground other than application of UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines, where such request was denied at the administrative appeal level of UBH's coverage determination process based, in whole or in part, on UBH's Level of Care Guidelines or UBH's Coverage Determination Guidelines, who did not receive actual notice of this class action prior to the opt-out deadline.

d.   Exhibit 5: Notice of Non-Class Membership directed to members of the *Wit* Guidelines Class and the *Wit* State Mandate Class who are among the 170 individuals included on the class list based on administrative initial denials who did not subsequently receive a Guideline denial.

e.   Exhibit 6: Notice of Non-Class Membership directed to members of the *Alexander* Guidelines Class who are among the 170 individuals included on the class list based on administrative initial denials who did not subsequently receive a Guideline denial.

f.   Exhibit 7: Publication-only Notice of Partial Class Decertification directed to

members of the *Wit* Guidelines Class and the *Wit* State Mandate Class whose administrative appeals of their denials were fully successful.

g. Exhibit 8: Publication-only Notice of Partial Class Decertification directed to members of the *Alexander* Guidelines Class whose administrative appeals of their denials were fully successful.

h. Exhibit 9: Notice of Non-Class Membership directed to Texas members of the *Wit* State Mandate Class whose denials were based solely on the Texas Department of Insurance criteria and not on UBH's Guidelines.

9. A Notice of Relief Awarded to Class Members shall be sent to all Class members not excluded pursuant to the processes described in paragraphs 3-6 above. The content of the Notice of Relief Awarded to Class Members shall be the same as or substantially similar to the notices attached hereto as Exhibit 10 (*Wit* Guideline Class); Exhibit 11 (*Wit* State Mandate Class); and Exhibit 12 (*Alexander* Guideline Class). Plaintiffs will direct the Class Notice Administrator to issue the Notices of Relief Awarded to Class Members on the earlier of the following dates: (a) two weeks after the United States Court of Appeals for the Ninth Circuit rules on UBH's motion to stay the reprocessing remedy, if the motion is denied; or (b) two weeks after any such stay is lifted, if the motion is granted.

10. Upon direction by the Plaintiffs pursuant to paragraphs 3, 7(g), or 9, above, notice will issue promptly to the recipients in the following manner:

a. *By direct mail*. The Class Administrator will update all recipients' addresses using the National Address Change Registry and other resources. The Class Administrator will then send the approved Notices to all class members. To the extent that any Notices are returned due to an invalid address, the administrator will conduct additional searches to attempt to obtain a valid address and re-send the Notice.

b. *By email*. Where UBH possesses an email address for a recipient, the Class Administrator will also email the notice to that recipient.

c. *By limited publication*. On the same date as the approved notices are sent by mail and email:

i. Zuckerman Spaeder LLP and Psych-Appeal, Inc. will each post the

1    Notices on the firms' websites.

2    ii.   The Class Administrator will post the notices on the class action

3    website, www.UBHGuidelinesClassAction.com.

4    11.    Within **7 days** after mailing/publication, Plaintiffs will file a notice with the Court

5    specifying the date on which the Notices were sent and published to the recipients.

6    12.    Plaintiffs will pay the costs of the notice process outlined herein, subject to

7    reimbursement from Defendant as a recoverable cost.

8    **IV.    PROPOSED SCHEDULE**

9    13.    The Court directed the parties to submit, by November 17, 2020, a proposed

10   schedule for submitting proposed notices for Court approval and for accomplishing the required

11   notice. Order at 85, 90.  The Court further requested that the parties submit a single proposed

12   schedule addressing all issues relating to class notices, including notices required in connection

13   with the Partial Decertification Order.  *Id*. at 85.

14   14.    UBH intends to seek a stay of the reprocessing remedy pending its appeal to the

15   Ninth Circuit.  Plaintiffs intend to oppose any stay. However, the parties agree that, to avoid

16   unnecessary confusion to the Class members, the Notice of Relief Awarded to the Class should

17   not issue until the Ninth Circuit rules on UBH's motion to stay.

18   15.    Accordingly, the parties jointly propose the following schedule, which

19   incorporates the deadlines set forth above and deadlines for briefing on UBH's motion to stay the

20   reprocessing remedy:

21

| Date | Event |
|---|---|
| November 20, 2020 | (1) UBH files motion for stay pending appeal.<br>(2) UBH identifies Illinois members of the *Wit* State Mandate Class whose initial denials were issued on or after January 2, 2016. |
| November 24, 2020 | Plaintiffs respond to UBH's identification of Illinois members to be excluded from State Mandate Class. |
| December 4, 2020 | Plaintiffs file response to UBH motion for stay pending appeal |

28

STIP. AND [PROPOSED] ORDER RE CLASS NOTICE
CASE NOS. 3:14-CV-02346-JCS, 3:14-CV-05337-JCS

| Date | Event |
|------|-------|
| December 11, 2020 | (1) UBH files reply in support of motion to stay pending appeal.<br><br>(2) UBH identifies each individual from among the 170 Administrative Denials whom UBH contends should be removed from the class, and to produce supporting evidence.<br><br>(3) UBH identifies each Texas member of the *Wit* State Mandate Class whom UBH contends should be removed from the class, and to produce supporting evidence. |
| December 24, 2020 | (1) Plaintiffs to respond to UBH's identification of individuals with Administrative Denials to be excluded from the classes.<br><br>(2) Plaintiffs to respond to UBH's identification of Texas members to be excluded from the *Wit* State Mandate Class. |
| December 31, 2020 | Plaintiffs produce to UBH a final list of recipients of each of the Notices of Partial Class Decertification **OR** Parties jointly submit disputed exclusions to Court. |
| January 8, 2021 | If no disputes as to exclusions, all pre-reprocessing Notices of Partial Decertification and Notices of Non-Class Membership to be mailed on this date. |
| One week after Court's ruling on disputed exclusions | If disputed exclusions are submitted to the Court, all pre-reprocessing Notices of Partial Decertification and Notices of Non-Class Membership to be mailed on this date. |
| Two weeks after the Ninth Circuit rules on UBH's motion to stay | Notices of Relief Awarded to Class Members to be mailed on this date, if UBH's motion to stay is denied by the Ninth Circuit |
| Two weeks after a stay is lifted | Notices of Relief Awarded to Class Members to be mailed on this date, if UBH's motion to stay is granted by the Ninth Circuit |
| Two weeks after reprocessing is completed | Notices of Partial Class Decertification to be sent to members whose requests for coverage were approved in full, following an administrative appeal from UBH's original denial. |

1    Dated: November 17, 2020                    ZUCKERMAN SPAEDER LLP

2                                                /s/ Caroline E. Reynolds

3                                                D. Brian Hufford
                                                 Jason S. Cowart
4                                                Caroline E. Reynolds

5                                                PSYCH-APPEAL, INC.
                                                 Meiram Bendat
6

7                                                *Attorneys for Class Plaintiffs*

8    Dated:  November 17, 2020                   CROWELL & MORING LLP

9                                                /s/ April Ross

10                                               Jennifer S. Romano
                                                 April Ross
11
                                                 *Attorneys for Defendant*
12                                               *United Behavioral Health*

13

14                          **FILER'S ATTESTATION**

15

16        Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the

17   filing of this document has been obtained from the other signatories.

18

     Dated: November 17, 2020              /s/ Caroline E. Reynolds
19                                          Caroline E. Reynolds

20

21

22

23

24

25

26

27

28

STIP. AND [PROPOSED] ORDER RE CLASS NOTICE
                                 CASE NOS. 3:14-CV-02346-JCS, 3:14-CV-05337-JCS

1

**[PROPOSED] ORDER**

2

3          For good cause shown, the Court hereby APPROVES the procedures and notice plan

4   described in the foregoing stipulation and ORDERS that the Notices of Relief Awarded to the

5   Class; Notices of Partial Class Decertification; and Notices of Non-Class Membership be

6   provided in accordance with the terms set forth above.

7

8   IT IS SO ORDERED.

9

10  Dated: _____                    _____

11                                         The Honorable Joseph C. Spero
                                           Chief Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28