# EXHIBIT 5

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

**DEPARTMENT 72**

TENTATIVE RULING

| | |
|---|---|
| ALFREDO JOSE LOPEZ III,<br><br>vs.<br><br>CITY OF LYNWOOD, et al. | Case No.: BC517338<br><br><br><br>Hearing Date: August 3, 2017 |

**Plaintiff Alfredo Jose Lopez III's motion for attorneys' fees is granted in the reduced amount of $714,465. The Court declines to award a multiplier.**

Plaintiff Alfredo Jose Lopez III ("Plaintiff") moves for an award of attorneys' fees against Defendant City of Lynwood ("Defendant") in the amount of $948,460.00 (loadstar), plus either a multiplier of 1.5 (for a total of $1,422,637.00) or, in the alternative, a multiplier of 2.0 for fees accumulated on and after February 10, 2017, "when Defendant…rejected a previously agreed-to mediator's proposal, forcing [Plaintiff's] counsel to accumulate an additional 426.3 hours (for a total of $1,215,090.00). (Notice of Motion, pg. 2).

Plaintiff is entitled to an award of reasonable attorneys' fees under Government Code §12965(b). Government Code §12965(b) provides, in pertinent part, as follows: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." See also *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 393-395. Plaintiff filed a complaint on August 5, 2013 and a first amended complaint on January 28, 2014, alleging several claims. After stipulated dismissals and an order granting Defendant's motion for judgment on the pleadings, Plaintiff's retaliation claims remained, including a claim for retaliation in violation of the FEHA. (Declaration of Estrada ¶¶3-6; Exhibits A-D)(Motion, pg. 2). The parties settled this case. The parties agree this matter settled for $500,000.00, plus costs

and fees to be determined by motion. (Declaration of Nguyen ¶17)(Declaration of Estrada ¶24).[1]

Defendant argues the Court has discretion to award attorneys' fees under the FEHA, but is not required to do so. (Opposition, pgs. 4-5). However, the Court's discretion to deny a fee award to a prevailing plaintiff in a FEHA action is "narrow." *Steele v. Jensen Instrument Company* (1997) 59 Cal.App.4th 326, 331 (Citations Omitted). "A prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Id.* (Citations Omitted). Defendant failed to establish special circumstances exist to deny Plaintiff an award of attorneys' fees under the FEHA.

The parties agree the amount of reasonable attorneys' fees is determined by the lodestar adjustment method. (Motion, pgs. 8-12)(Opposition, pgs. 5-10). The lodestar is the "the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095. "The reasonable hourly rate is that prevailing in the community for similar work. The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary." *Id.* (Citations Omitted).

Plaintiff contends the lodestar amount is $948,460.00. (Notice of Motion, pg. 2)(Motion, pg. 5). Plaintiff's lodestar amount is based on 1,843.5 hours of attorney time at the following requested hourly rates of counsel: (1) Carney Shegerian - $950.00; (2) Anthony Nguyen - $600.00; (3) William Reed - $500.00; (4) Alex DiBona - $375.00; (5) Vanessa Deniston - $400.00; (6) Dave Abad - $350.00; (7) Patrick Nichols - $375.00; (8) Heather Conniff - $400.00; (9) Nare Avagyan - $400.00; and (10) Mark Lim - $250.00. (Motion, pg. 5).

Plaintiff did not establish the requested hourly rates are reasonable. (Declaration of Shegerian ¶¶1-29; Exhibits 1-6)(Declaration of Nguyen ¶¶1-20; Exhibits 1-2)(Declaration of Nichols ¶¶1-7; Exhibits 1-2)(Declaration of Deniston ¶¶1-7; Exhibits 1-2)(Declaration of Reed ¶¶1-7; Exhibits 1-2). See *Ketchum v.*

---

[1] Defendant did not provide the Court with a copy of the transcript evidencing the settlement agreement placed on the record. See Court's 3/7/17 Minute Order ("...The Court places the full terms and conditions of the settlement on the record as fully reflected in the official notes of the court reporter. Plaintiff Alfredo Lopez and defendant's representative agree to the terms of the settlement..."). From the Court's recollection of the terms, Plaintiff is entitled to recover his costs and fees as part of the settlement.

*Moses* (2001) 24 Cal.4th 1122, 1139 (The "reasonable hourly rate [used to calculate the lodestar] is the product of a multiplicity of factors…the level of skill necessary, time limitations, the amount to be obtained in the litigation, the attorney's reputation, and the undesirability of the case.")(Citations Omitted). This case was filed in 2013. The Court held a telephonic conference with Mr. Nguyen and Mr. Estrada during which Mr. Nguyen represented that, of the total hours billed, 1041.1 of the hours were performed prior to 2016. The highest rate Mr. Shegerian and Mr. Nguyen had ever been approved for was $700.00 per hour and $500.00 per hour in 2015, respectively, in the Leggins case where the plaintiff achieved great results after trial. A majority of the work in this case was performed in 2013, 2014, and 2015 by brand new attorneys, Nichols, Conniff, and Deniston, who became members of the California State Bar in 2013, 2013, and 2014, respectively, according to Mr. Nguyen. For these reasons, the Court finds the following hourly rates are reasonable: (1) Shegerian - $~~725.00~~; (2) Nguyen - $~~525~~.00; (3) Reed - $400.00; (4) DiBona - $350.00; (5) Deniston - $325.00; (6) Abad - $300.00; (7) Nichols - $300.00; (8) Conniff - $300.00; (9) Avagyan - $300.00; and (10) Lim - $250.00.

Also, as argued by Defendant, the hours claimed by Plaintiff are not reasonable. The billing records submitted by Plaintiff contain an improper charge by Nichols for *68 hours in one day*. In light of the error, the Court will reduce Nicholas' claimed hours by 68. Additionally, the billing records submitted by Plaintiff contain excessive time entries for work performed. For example, Plaintiff's attorneys spent over 40 hours meeting with the client and drafting the 14-page complaint, 23.9 hours relating to the Haley Depo (which includes 8.5 hours to summarize the deposition), 23.3 hours relating to the AJ Lopez deposition(s) (which includes 9.9 hours to summarize the deposition(s)), over 85 hours drafting/preparing opposition to the MSJ, and over 35 hours for prep sessions with Plaintiff/client (over a 6-day period). Also, the billing records contain vague entries, including discussions with client (not showing subject matter) and general updates about the case. In light of the excessive and vague time entries, the Court will reduce the number of hours by 5% across the board (after subtracting the improperly included 68 hours discussed above).

After subtracting 68 hours from Nicholas' total hours, reducing the number of hours by 5% across the board, and applying the attorneys' hourly rates, the reasonable amount of attorneys' fees determined by the Court is $735,008.00, set forth, as follows:

| | Hourly Rate | Reduced Hours | Total |
|---|---|---|---|
| Shegerian | ~~$725.00~~ 700 | 144.8 | $ 101,360.00 |
| Nguyen | ~~$525.00~~ 500 | 676.9 | $ 338,450.00 |
| Reed | $400.00 | 62 | $24,800.00 |
| DiBona | $350.00 | 139.8 | $48,930.00 |
| Deniston | $325.00 | 133.3 | $43,322.50 |
| Abad | $300.00 | 6.46 | $1,938.00 |
| Nichols | $300.00 | 464.7 | $139,410.00 |
| Conniff | $300.00 | 29.9 | $8,970.00 |
| Avagyan | $300.00 | 3.7 | $1,110.00 |
| Lim | $250.00 | 24.7 | $6,175.00 |
| | | Total: | $ 714,465.00 |

In opposition, Defendant argues the Court must adjust the hours billed because Plaintiff did not prevail on most of his claims and dismissed the Individual Defendants. (Opposition, pgs. 11-12). However, an additional adjustment is not warranted. Plaintiff's claims are based on the same core set of facts. See *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 159 ("'Attorneys fees need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal theories.' Apportionment is not required when the issues in the fee and nonfee claims are so inextricably intertwined that it would be impractical or impossible to separate the attorney's time into compensable and noncompensable units.")(Citations Omitted). See also *Wysinger v. Automobile Club of Southern California* (2007) 157 Cal.App.4th 413, 431 ("'[E]mployment discrimination cases, by their very nature, involve several causes of action arising from the same set of facts.'")(Citations Omitted). Even assuming, arguendo, some apportionment is appropriate, it would be minimal because Plaintiff's main claims in this action were the retaliation claims. As discussed above, the Court already reduced the number of hours by 5%. This reduction is sufficient.

The Court declines Plaintiff's request for a 1.5 multiplier. The lodestar "may be adjusted by the court based on factors including..., (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum* at 1132 (Citations Omitted). This case does not involve novel or difficult questions. This case, at its core, is an employment retaliation case. Additionally, Plaintiff did not submit

admissible evidence suggesting the nature of the litigation precluded counsel from accepting other cases. Conclusory declarations are insufficient. Further, the contingent nature of this matter alone does not warrant an enhancement, especially considering this is a FEHA case subject to an attorneys' fees statute. See *Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1175 ("Looking first to the contingent nature of the award, as has already been discussed, the situation here is unlike that in the *Serrano* cases, where it was uncertain that the attorneys would be entitled to an award of fees even if they prevailed. Government Code section 12965, subdivision (b) created a reasonable expectation that attorney fees would not be limited by the extent of Weeks's recovery and that Weeks's attorneys would receive full compensation for their efforts. The contingent nature of the litigation, therefore, was the risk that Weeks would not prevail. Such a risk is inherent in any contingency fee case and is managed by the decision of the attorney to take the case and the steps taken in pursuing it. When the public value of the case is great and the risk of loss results from the complexity of the litigation or the uncertainty of the state of the law, fee enhancement may be proper. Fee enhancement, however, should not be a tool that encourages litigation of claims where the actual injury to the plaintiff was slight. It should not compel a defendant to settle frivolous claims under threat that the weaker the claim the more likely it is that any fees awarded will be enhanced should the plaintiff manage to prevail. We do not intend to imply that Weeks's claim lacked factual or legal merit, although we do note that the jury concluded that her damages were not overwhelming. We do, however, mean to urge caution in awarding enhanced fees, particularly in private actions, that will then encourage future litigation of questionable claims.")(Citations Omitted).

The Court also declines Plaintiff's request for a 2.0 multiplier (for all post-mediator's proposal rejection fees). Plaintiff argues Defendant, in rejecting the mediator's proposal and amending its answer on the eve of trial, forced Plaintiff's counsel into a very difficult position, changed the entire landscape of the litigation, and had an impact on counsel's ability to prepare for trial. (Motion, pgs. 14-15). Plaintiff also argues rejection of the proposal led to trial continuances in two cases and lost opportunities for other cases. (Motion, pg. 15). However, the settlement was *not* set in stone. The evidence before the Court shows the mediator's proposal was accepted with conditions – two separate approvals – one from the City Council and one from risk pool, ICRMA. (Declaration of Estrada ¶20; Exhibit O). The mediator, Judge Winikow, referred to the settlement as "soft and tentative" and requiring "two separate approvals on the defense side." (Declaration of Estrada ¶20; Exhibit O). Moreover, Defendant notified Plaintiff of the rejection on February 10, 2017, a little over a week after the parties reached the "soft" deal. (Declaration of Estrada ¶¶20-22; Exhibits O-P). Plaintiff could not have relied on

such a tentative agreement and could not have been prejudiced by the timing of the rejection. Further, Plaintiff did not submit admissible evidence suggesting counsel lost opportunities for other cases during this time period.

Based on the foregoing, Plaintiff's motion for attorneys' fees is granted in the amount of $ 714,465 The Court declines to award a multiplier.

Dated: August _____, 2017

_______________________
Hon. Ruth A. Kwan
Judge of the Superior Court