# EXHIBIT 13

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNETTE WEIL, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>vs.<br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, CIGNA HEALTH MANAGEMENT, INC., CIGNA BEHAVIORAL HEALTH, INC., AND MCMC, LLC<br>Defendants. | Case No. CV 15-07074 MWF (JPR)<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING THIS ACTION WITH PREJUDICE** |

Plaintiff Annette Weil ("Plaintiff"), on behalf of herself and the Settlement Class Members, Defendants Cigna Health and Life Insurance Co., Cigna Health Management, Inc., and Cigna Behavioral Health, Inc. ("Cigna Defendants" or "Cigna") (with Plaintiff and the Cigna Defendants collectively referred to herein as the "Parties"), and Defendant MCMC, LLC (with Cigna Defendants collectively referred to herein as "Defendants") have agreed to settle the above-captioned class action suit (the "Action") on the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation") (this settlement process hereinafter referred to as the "Settlement").

Currently pending is an application for final approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and of the Plan of Allocation; also pending is Class Counsel's application for attorneys' fees and

expenses (the "Fee Application") and for the incentive award for the class representative.

In connection with the Settlement and the current applications before the Court, the Court makes the following findings:

A. On April 17, 2017, the Court entered an Order Preliminarily Approving Settlement and Approving Notice of Proposed Settlement and Fairness Hearing (the "Preliminary Approval Order") certifying the proposed Settlement Class under Rule 23(a) and Rule 23(b)(3); appointing Class Counsel, the class representative, and a Settlement Administrator; and directing that notice be given to the members of the Settlement Class of the proposed Settlement and of a Fairness Hearing.

B. In the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") directed to members of the Settlement Class.

C. During the Notice period, June 16, 2017 through July 26, 2017, the Settlement Administrator caused the Notice to be mailed to all members of the Settlement Class, which informed members of the Settlement Class of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval to the Settlement and Plan of Allocation; (ii) whether the Court should enter final judgment dismissing the Action with prejudice; (iii) the amount of attorneys' fees, costs, and expenses, if any, to be awarded to Class Counsel; (iv) whether to approve the payment of the Incentive Amount to the class representative and the amount of the Incentive Amount; and (v) any objections by members of the Settlement Class to any of the above that were timely and properly served in accordance with the Preliminary Approval Order.

D. Pursuant to the Notice, six (6) members of the Settlement Class

chose to exclude themselves from the Settlement by submitting timely and valid Opt-Out Forms, and zero (0) objections to the Settlement were filed with the Court and/or made at the Fairness Hearing.

E. On August 7, 2017, the Settlement Administrator filed with the Court a declaration attesting to the mailing of the Notice to all members of the Settlement Class and the results of the Notice.

F. Cigna mailed the Class Action Fairness Act Notices ("CAFA Notices") previously approved by the Court to the appropriate persons or entities more than 90 days before the scheduled August 28, 2017 Fairness Hearing date.

G. In accordance with the Notice, a Fairness Hearing was held on August 28, 2017.

The Court having entered the Preliminary Approval Order, having heard argument in support of the Settlement and Plan of Allocation, and the Fee Application and request for the Incentive Amount for the class representative, having reviewed all of the evidence, objections, and other submissions presented with respect to the Settlement and Plan of Allocation, and the record of all proceedings in this case, and having made the foregoing findings,

it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter and personal jurisdiction over the parties to the Action, including the Settlement Class Members.

2. The Stipulation and all of its exhibits (as filed with the Court) are incorporated in this Judgment, including the definitions and terms set forth in the Stipulation.

3. The Settlement Class is defined as the individuals identified on the Class List filed by Cigna under seal with the Court on May 9, 2017, Dkt. No. 77. The Class List reflects Cigna's reasonable efforts to identify all individuals who meet the criteria below:

Any individual: (1) who is or was enrolled in an ERISA-governed plan administered by a Cigna Defendant, or insured under ERISA-governed health insurance coverage offered by a Cigna Defendant in connection with a plan, (2) whose TMS claims were administered by a Cigna Defendant, and (3) who made a claim (including a request for pre-service authorization or a request for payment or reimbursement) for TMS based on a diagnosis of depressive disorder (a) that was denied and not paid, (b) that has a date of service or letter denying pre-service authorization dated on or after September 8, 2011, and (c) that was adjudicated as reflected in the class list data provided by Cigna on February 16, 2017.

4. The Court finds that Plaintiff's counsel satisfies the requirements of Rule 23(g). The Court further confirms for settlement purposes the appointment of Plaintiff's counsel as Class Counsel under Rule 23(g).

5. The Court also confirms the appointment of Annette Weil as the class representative of the Settlement Class.

6. Notice to the members of the Settlement Class has been given in an adequate and sufficient manner and the Notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Settlement Class, and their opportunity to exclude themselves from the Settlement Class or present objections to the Settlement. The Notice complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law.

7. Members of the Settlement Class were given the opportunity to exclude themselves from the Class through submission of Opt-Out Forms, and six (6) individuals did so in a timely fashion. These individuals are identified on the papers filed under seal with the Court on August 7, 2017.

8. No other individuals submitted Opt-Out Forms that were either untimely or not adequately completed. All individuals, other than the six who timely excluded themselves, are included in the Class. They are Settlement Class Members and are bound by the terms of the Stipulation and this Judgment.

9. Based on the number of members of the Settlement Class on the Class List and the number of timely and valid Opt-Out Forms submitted, the Settlement Amount is $2.75 million, in accordance with the formula set forth in the Stipulation.

10. Cigna Defendants have satisfied the requirements of CAFA.

11. The Court finally approves the Settlement and Plan of Allocation in all respects as fair, reasonable, adequate, and in the best interests of the Settlement Class pursuant to Rule 23(e). The Settlement was not a product of fraud or collusion, and the Court finds it satisfies Rule 23(e) after considering (i) the complexity, expense, and likely duration of the Action; (ii) the stage of the proceedings and amount of discovery completed; (iii) the factual and legal obstacles to prevailing on the merits; (iv) the possible range of recovery; (v) the respective opinions of the parties, including Plaintiff, Class Counsel, Defendants, and Defendants' Counsel; and (vi) any objections submitted by members of the Settlement Class.

12. The terms of the Stipulation, including all exhibits to the Stipulation and to this Judgment, shall be forever binding on the Settlement Class.

13. Neither the Settlement, this Judgment, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission by Defendants, of any fault, wrongdoing, or liability whatsoever.

14. The parties and the Settlement Administrator shall carry out all the terms of the Settlement, including the payment of the Settlement Amount, the

Case 3:17-cv-02346-JCS Document 52-14 Filed 08/20/21 Page 6 of 9 PageID #: 37184

Individual Share to each of the Settlement Class Members, and the release provisions in the Stipulation in accordance with the terms of the Stipulation.

15. Defendants shall have no liability or responsibility for any payments, fees, or costs under this Judgment or the Settlement aside from the Settlement Amount. Under no circumstances shall Defendants be required to pay any amounts in furtherance of this Settlement, this Judgment, and the administration of the Settlement other than the payment of the Settlement Amount and payment of the Incentive Amount.

16. Releases:

A. Settlement Class Members fully, finally, and forever release, relinquish, and discharge Defendants and their Affiliated Entities from, and shall forever be enjoined from prosecution of Defendants and their Affiliated Entities for, any and all "Settled Claims," which the Stipulation defines as:

> any and all past, present and future claims, actions, causes of action, rights or liabilities, known or unknown, based in whole or in part on facts existing as of the date on which the motion for preliminary approval is filed with the Court, arising out of or related to Defendants' decisions concerning coverage of TMS for the treatment of a depressive disorder. The Settled Claims include, but are not limited to, claims, actions, rights or causes of action arising under federal, state, or local statutory or common law or mandate that were raised or could have been raised in the Action, including, without limitation, those seeking benefits or coverage under the terms of an employee benefits plan insured or administered by Cigna; claims under ERISA or the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (and amendments to any such laws); intentional wrongdoing; fraud, misrepresentation, or negligent misrepresentation; breach of fiduciary duty or prohibited transaction; breach of contract; and breach of the duty of good faith and/or fair dealing. The Settled Claims also include, but are not limited to, claims for benefits, damages, profits, accounting for profits, unjust

enrichment, attorneys' fees, punitive damages, injunctive relief, or other equitable relief that were brought or could have been brought by, or on behalf of, Plaintiff or any Settlement Class Member, and claims related to this Action and based on facts existing in whole or in part as of the date on which the motion for preliminary approval is filed with the Court that were raised or could have been raised in this Action. For avoidance of doubt, "Settled Claims" are limited to claims arising out of or related to Defendants' decisions concerning coverage of TMS for the treatment of a depressive disorder; and "Settled Claims" do not include claims challenging individual medical necessity determinations for coverage of TMS made under the Revised TMS Coverage Policy or revisions thereto, or claims challenging Cigna's failure to pay for TMS treatment approved under the Revised TMS Coverage Policy or revisions thereto.

B. Settlement Class Members expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provide that a general release does not extend to claims that a creditor does not know or suspect exists in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. Settlement Class Members expressly waive all rights related to the Settled Claims under Section 1542 of the Civil Code of the State of California, which reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Settlement Class Members acknowledge that they may have claims that are covered by the terms of this Settlement that they have not yet discovered.

Settlement Class Members acknowledge that they intend to release any and all such known, unknown or unsuspected Settled Claims. Notwithstanding the choice of law provision in the Settlement, to the extent that California or other law may be applicable and enforceable, Settlement Class Members hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable here are hereby knowingly and voluntarily waived and relinquished by Settlement Class Members, and Settlement Class Members agree and acknowledge that this provision is an essential term of the Settlement and this release.

C. Settlement Class Members are barred and permanently enjoined from prosecuting any and all Settled Claims against Defendants or their Affiliated Entities.

D. Until April 17, 2022, a Settlement Class Member shall not initiate a facial legal challenge to the Revised TMS Coverage Policy or revisions thereto, either individually or as a named plaintiff in a putative class action; however, a Settlement Class Member may participate as an absent class member in a putative class action that is a facial challenge to the Revised TMS Coverage Policy or revisions thereto.

E. Nothing in this Judgment or the Stipulation shall preclude any action to enforce the terms of the Settlement.

17. Plaintiff's Motion for Attorneys' Fees and Expenses and an Incentive Award (Dkt. No. 78) is granted; the Court awards Class Counsel attorneys' fees in the amount of $907,500 and payment of expenses in the amount of $9,370.47. Consistent with the Settlement Agreement, the Court approves payment of the awarded attorneys' fees and expenses immediately upon payment of the Settlement Amount.

18. An incentive award in the amount of $10,000 is approved for the class representative.

19. Without affecting the finality of this Judgment in any way, this Court will retain exclusive continuing jurisdiction over all parties and Settlement Class Members with regard to implementation of the Stipulation, disposition of the Settlement Fund, and enforcement and administration of this Stipulation, including the release provisions thereof. The Court may order any appropriate legal or equitable remedy necessary to enforce the terms of this Judgment and/or the Settlement.

20. The Action is dismissed with prejudice and without costs (except as otherwise provided herein).

21. This is a final and appealable judgment.

SO ORDERED



DATED: August 28, 2017

MICHAEL W. FITZGERALD
United Stated District Judge