UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WIT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant. | Case No. 14-cv-02346-JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**ORDER OVERRULING DEFENDANT'S OBJECTIONS TO TERMS OF APPOINTMENT OF SPECIAL MASTER**<br><br>Dkt. No. 525 |
| GARY ALEXANDER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant. | |

In its November 3, 2020 Remedies Order, the Court resolved to "appoint, at UBH's expense, a Special Master to serve as an independent monitor to oversee and verify UBH's compliance with the Remedies Order, including UBH's faithful implementation of the training program, disclosures and reprocessing procedures ordered [t]herein." Dkt. No. 491. Pursuant to Rule 53(b)(1), the Court invited the parties to propose candidates for appointment as special master and the Court then gave notice of its intent to appoint one of the proposed candidates, Mr. Douglas Young. Dkt. No. 516. Mr. Young supplied an affidavit stating that he is aware of no grounds for disqualification under 28 U.S.C. § 455, which was filed with the Court's Order. *Id.* The parties were given an opportunity to object to Mr. Young's appointment but no objections were raised. The Court then gave the parties notice of the content of its proposed Rule 53 appointment Order ("Court's Proposed Appointment Order") and gave the parties until January 22, 2021 to object to its terms. Dkt. No. 522. Plaintiffs have filed a notice that they have no

objections to the terms of the Court's Proposed Appointment Order.  Dkt. No. 524.  UBH has filed two objections, Dkt. No. 525, which the Court overrules.

First, UBH objects on the basis that "the terms of the Order usurp UBH's discretionary authority as Plan Administrator to apply the plan terms under ERISA or the applicable plans." This objection relates to certain language UBH requested in the parties' proposed appointment order referring to the discretion of the plan administrator and which the Court did not include in its proposed appointment order.  *See* Dkt. No. 497 (Parties' Joint Submission Regarding Appointment of Special Master), Ex. 8 (redline version comparing parties' proposed appointment orders).  The language UBH would have the Court include does not relate to the specific duties of the Special Master but instead, to the degree of deference to which UBH is entitled with respect to the reprocessing remedy.  In its Remedies Order, the Court addressed this issue in detail when it set forth the parameters of the reprocessing remedy.  *See, e.g.,* Dkt. No. 491 at 54-55.  Moreover, the Special Master and the parties are familiar with the Court's rulings, including those related to the degree of discretion to which the plan administrator is (or is not) entitled on reprocessing. The vague references to the plan administrator's discretion that UBH proposes be included in the appointment order do nothing to clarify the Court's conclusions and will more likely cause confusion.  Therefore, the objection is overruled.

Second, UBH "re-states and preserves its general opposition and objection to the reprocessing remedy and the appointment of a Special Master."  Dkt. No. 525.  The Court addressed UBH's opposition to the reprocessing remedy and the appointment of a Special Master in its Remedies Order.  For the reasons stated therein, UBH's objection is overruled.

Accordingly, the Court will appoint Mr. Douglas Young as Special Master in this case, as set forth in the Court's separately filed Order Appointing Special Master.

**IT IS SO ORDERED.**

Dated: January 27, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge