UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WIT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant. | Case No. 14-cv-02346-JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**ORDER APPOINTING SPECIAL MASTER** |
| GARY ALEXANDER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant. | |

WHEREAS, on March 5, 2019, the Court issued its Findings of Fact and Conclusions of Law (*Wit* Docket No. 418), finding, among other things, that Defendant United Behavioral Health ("UBH") was a plan fiduciary with respect to Plaintiffs' Plans; acted in its fiduciary capacity when adopting and applying its Level of Care Guidelines ("LOCGs") and Coverage Determination Guidelines ("CDGs") (collectively, "Guidelines"); and breached its fiduciary duty of loyalty, its fiduciary duty of due care, and its fiduciary duty to comply with plan terms by adopting Guidelines that are unreasonable and do not reflect generally accepted standards of care; and

wrongfully denied coverage to the class members by using its Guidelines, which violated the terms of the class members' plans;

WHEREAS, on August 6, 2020, the Court issued Further Findings of Fact and Conclusions of Law (*Wit* Docket No. 469), finding that the CDGs at issue incorporated UBH's LOCGs and therefore also violated the terms of the class members' plans;

WHEREAS, because each of the Class members' requests for coverage was denied pursuant to Guidelines that the Court has found were more restrictive than generally accepted standards of care, in violation of the terms of their plans, each of the adverse benefit determinations at issue is subject to reprocessing;

WHEREAS, on November 3, 2020, the Court issued its Remedies Order (*Wit* Docket No. 491), ordering declaratory relief and various forms of injunctive relief, including requiring UBH to reprocess each Class member's claims subject to a number of restrictions and directions, and to implement training programs on faithful application of the specified coverage criteria as well as on "UBH's duties under ERISA, including what it means to be an ERISA fiduciary and to administer benefit plans solely in the interests of participants and beneficiaries, as well as the need to comply with plan terms," with reprocessing and training to be overseen by a Special Master (*id*. at 97-98);

WHEREAS, the Court has retained jurisdiction over the case for the duration of the injunction;

WHEREAS, the Court resolved to "appoint, at UBH's expense, a Special Master to serve as an independent monitor to oversee and verify UBH's compliance with the Remedies Order, including UBH's faithful implementation of the training program, disclosures and reprocessing procedures ordered [t]herein" (*id*. at 98), and gave the parties notice of its intent to appoint a special master and an opportunity to be heard with respect to such appointment in accordance with Rule 53(b)(1);

WHEREAS, the Court has found that post-trial responsibilities assigned to a special master pursuant to this Appointment Order cannot be effectively and timely addressed by an available district judge or magistrate judge of the district;

1   WHEREAS, the parties submitted the names of candidates to the Court pursuant to Rule
2   53(b)(1);
3   WHEREAS the Court issued a Notice of Intent to Appoint Mr. Douglas Young as Special
4   Master (*Wit* Docket No. 516), along with a declaration by Mr. Young that he is aware of no
5   grounds for disqualification under 28 U.S.C. § 455, and set a deadline of January 8, 2021 for
6   objections to Mr. Young's appointment;
7   WHEREAS the January 8, 2021 deadline has now passed and no party has filed an
8   objection to Mr. Young's appointment;
9   WHEREAS, the Court has determined no ground for disqualification exists, Fed. R. Civ. P.
10   53(a)(2); and
11   WHEREAS, pursuant to Rule 53(a)(3) the Court has considered the fairness of imposing
12   the likely expenses on the parties and protected against unreasonable expense or delay;
13   IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 53(a)(l)(A) and
14   (a)(l)(C), and ERISA, 29 U.S.C. § 1132(a)(3), Mr. Douglas Young is appointed to serve
15   as a special master to oversee and verify UBH's compliance with Sections III and IV of the
16   Court's Remedies Order (*Wit* Docket No. 491 at 90:15- 98:13).  He shall "proceed with all
17   reasonable diligence[,]" Fed. R. Civ. P. 53(b)(2), and within the deadlines set forth in Section VI
18   of the Court's Remedies Order (*id*. at 98:23- 99:6), as set forth in greater detail below.

**<u>General Provisions</u>**

1.  The Special Master will be accountable only to the Court.
2.  The Special Master shall have authority to engage associate attorneys and administrative staff as he deems necessary and appropriate to assist him in his responsibilities as Special Master and does not need to obtain Court approval before doing so.
3.  Subject to Court approval, the Special Master may also engage one or more psychiatrists or other individuals with expertise in mental health and/or substance use disorder treatment to provide assistance that he deems necessary and appropriate.  Prior to engaging such an individual, the Special Master shall file a request for leave to appoint the individual and the parties will be given seven days to file an objection or statement of non-opposition to the

3

1    appointment.  After considering any objections, the Court will rule on the Special Master's
2    request.
3. 4. The Special Master shall have authority to direct the activities of the Court appointed Class
     Administrator for any purpose the Special Master deems appropriate and necessary to
     assist the Special Master in the performance of the duties set forth herein;
4. 5. The Special Master shall file a report on the docket for this case every 60 days describing
     the Special Master's activities, including the status of the reprocessing procedures; the
     number of Remanded ABDs that have been reprocessed; and the number of Remanded
     ABDs that remain to be reprocessed. The Special Master shall file any order, report, or
     recommendation to the Court and promptly serve a copy on each party. Fed. R. Civ. P.
     53(d), (e). Prior to filing any such order, report or recommendation to the Court, the
     Special Master shall provide each party a draft to provide an opportunity to review it for
     accuracy. Fed. R. Civ. P. 53(f), 2003 Advisory Committee Notes. Docketing an order,
     report, or recommendation via the CM/ECF system shall constitute proper service upon all
     parties. The Special Master shall have the authority to require the parties to report to the
     Special Master or to the Court on other issues and at other times, in the Special Master's
     discretion.
5. 6. The Special Master will be permitted to make and receive *ex parte* communications with
     the Court necessary and proper to effectuate his duties.
6. 7. The Special Master shall not communicate *ex parte* with the parties or their counsel, or
     with the Class Administrator, except (1) with respect to administrative and procedural
     matters; (2) to the extent the Special Master determines *ex parte* communication is
     necessary to maintain the confidentiality of privileged communications (for example, in
     conducting in-camera review); and (3) as mutually agreed to by the parties. The Special
     Master must give notice to the other parties of any *ex parte* communication that falls
     within category (2).
7. 8. UBH shall pay all reasonable costs and expenses of the Special Master, including
     reasonable compensation to the Special Master and any staff or consultants the Special

Master may retain, at their usual hourly rates. If UBH objects to the hourly rate or to other charges by the Special Master, it may challenge the rate or charge in question under the procedures in this paragraph and Paragraph 9 below. Such objections must be lodged with the Special Master and served on opposing counsel within 10 days of the first time that a particular hourly rate appears in an invoice, and within 10 days of any other charges appearing in an invoice. The Special Master shall submit monthly invoices to UBH detailing the Special Master's hours and any expenses, and those invoices shall be promptly paid, even if UBH has an objection to one or more charges on an invoice. However, if a timely objection is made, the payment will be subject to a possible refund by the Special Master in the event that the parties and the Special Master agree that a refund is appropriate, or the Court on motion orders a refund.

9. With the exception of challenges to reports or recommendations by the Special Master, which will be governed by the procedures set forth in Rule 53(f), if a party objects to any action by the Special Master taken in connection with his duties as Special Master, they shall within ten days of the action lodge a written objection with the Special Master and serve the objection upon opposing counsel. If the objecting party and the Special Master are unable to resolve the issue to the satisfaction of all parties through good-faith discussions, the objecting party may seek relief from the Court by filing, within 45 days of the action by, or receipt of invoice from, the Special Master, a noticed motion pursuant to the Civil Local Rules. Fed. R. Civ. P. 53(b)(2)(D).

10. The Special Master shall comply with the Protective Order, *Wit* Docket No. 61, and shall complete an Acknowledgment and Agreement To Be Bound (Exhibit A to the Protective Order).

11. The terms set forth in this Appointment Order shall bear the same meaning as in the Remedies Order (e.g., "Remanded ABD" refers to each adverse benefit determination meeting the criteria for Class Membership, see Remedies Order at 90).

12. This order may be amended at any time after notice to the parties and an opportunity to be heard.

13. In the event the Special Master wishes to cease serving as Special Master, he must give as much notice as practicable, ideally at least six months, in order to facilitate the selection of a succeeding Special Master.

14. In the event it becomes necessary to appoint a successor Special Master, the parties shall confer to propose three agreed-upon candidates (or, in the absence of agreement, separate candidate proposals), and provide the Court details on the candidates' qualifications for the position.

## **Reprocessing**

15. The Special Master shall serve as an unbiased and objective monitor and is authorized to take appropriate measures the Special Master deems necessary to oversee and verify UBH's faithful reprocessing of Remanded ABD's, in compliance with Section III of the Court's Remedies Order. This authority includes, but is not limited to:

   a. Overseeing and verifying the process for Class members to complete the administrative records under Section III.A of the Remedies Order, including user-friendly means for class members and their providers to submit additional evidence relevant to a class member's request for benefits;

   b. Overseeing and verifying that under Section III.A of the Remedies Order, in the event a class member's administrative record remains incomplete after the member's deadline to submit additional evidence, UBH issues no adverse benefit determinations without first making good-faith efforts to contact the providers listed on the relevant requests for coverage and attempting to collect the additional necessary clinical information from the provider. The Special Master shall determine what steps are sufficient to constitute a good-faith effort for these purposes.

   c. Overseeing and verifying that UBH faithfully applies the criteria set forth in Section III.B of the Remedies Order, including that UBH conducts a full and fair review of all of the available clinical information for all services received by the class member at the requested level of care, regardless of whether the member submitted a post-service claim for such services prior to issuance of the Remedies Order; and

    d. Overseeing and verifying UBH's compliance with the retaliation prohibitions set forth in Section III.C of the Remedies Order (including the prohibitions on denials for any ground other than the lack of medical necessity or the clinical inappropriateness of the services, as set forth therein); the provisions governing procedures following re-determination in Section III.D of the Remedies Order; and the interest provisions in Section III.E of the Remedies Order.

16. In discharging the duties set forth above, including to ensure UBH's faithful application of the guidelines ordered by the Court, the Special Master or his/her designee(s) may review some or all of the reprocessed claims and/or underlying documentation (including but not limited to medical records, claim forms, plan documents, denial letters, case notes, appeal records, materials submitted through reprocessing, and/or written notices of re-determination). Upon any request to UBH by the Special Master or his/her designee(s) for such documents or information, UBH shall provide the requested documents or information within 14 days of such request.

17. The Special Master shall review and approve UBH's certification and report required pursuant to Section III.F of the Remedies Order, which UBH shall submit to the Special Master no fewer than 15 days before their due date, and as to which the Special Master may obtain from UBH any information the Special Master deems necessary for verification purposes. The Special Master may require UBH to report to the Special Master or the Court on other issues and at other times in his/her discretion.

18. The Special Master shall oversee and verify UBH's compliance with the deadlines for reprocessing set forth in Remedies Order §§ VI.1 and .2, and in doing so, has the authority to consider and decide class members' requests to extend the deadlines for completion of the administrative record (per Remedies Order § III.A.3); to extend the deadline for UBH to complete reprocessing of individual class members claims, (per Remedies Order at 57:21-26); and to extend the period by which UBH must complete its reprocessing of class members' Remanded ABDs (i.e. the entire class) upon a showing by UBH of good cause (per Remedies Order § VI.2).

7

**Injunctive Relief**

19. The Special Master shall serve as an unbiased and objective monitor and is authorized to take appropriate measures the Special Master deems necessary to aid and monitor UBH's good faith compliance with Section IV of the Court's Remedies Order. This authority includes, but is not limited to:

   a. Overseeing and verifying UBH's compliance with Section IV.A and IV.B.1 of the Remedies Order, including that UBH, (i) makes any and all coverage-related determinations under ERISA governed plans about whether services are consistent with generally accepted standards of care according to criteria that are consistent with generally accepted standards of care, as established in this Court's Findings of Fact and Conclusions of Law, and the requirements of any applicable state law; (ii) makes no coverage-related determinations using guidelines that are listed on Exhibit A to the Remedies Order; and (iii) also makes no coverage-related determinations using guidelines that include, alone or in combination, any prohibited criterion as set forth in Remedies Order § IV.A.2;

   b. Overseeing and verifying the development and implementation of the mandatory training program regarding faithful application of appropriate coverage criteria as set forth in Remedies Order § IV.B.2;

   c. Overseeing and verifying the development and implementation of the mandatory training program regarding UBH's duties under ERISA, including what it means to be an ERISA fiduciary and to administer benefit plans solely in the interests of participants and beneficiaries, as well as the need to comply with plan terms, as set forth in Remedies Order § IV.B.3.

**Successful Appeal Determinations Prior to Remand**

20. In the event of any disagreement between the parties as to whether particular requests for coverage, made by or on behalf of individuals within the class as originally defined, were "subsequently approved, in full, following an administrative appeal" prior to remand, see *Wit* Docket 490 at 14:1-15:18, the Special Master is hereby authorized to make any such determinations.

**Records**

21. The Special Master shall maintain the following records: i) normal billing records of time spent on the matter by the Special Master and any other individuals retained to assist him, with reasonably detailed descriptions of activities and matters worked on; ii) records of reasonable expenses incurred in carrying out the duties of Special Master; iii) all formal written reports and recommendations issued in connection with his duties; iv) informal notes taken in connection with his work; v) all communications sent to or received from the parties, counsel and the Class Administrator;  and v) a complete record of the evidence considered in making or recommending findings of fact to the Court.  Fed.R.Civ. P. 53(b)(2)(C). He shall maintain orderly files of his work on this case until the case is terminated.  Such files shall be confidential and will not be filed.

The Special Master shall contact the parties and the Class Administrator within thirty (30) days to set up a meeting to discuss logistics and next steps in the administration of the reprocessing remedy.

**IT IS SO ORDERED.**

Dated: January 27, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge