JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
NATHANIEL P. BUALAT (SBN 226917)
nbualat@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**DAVID WIT, et al.,**

Plaintiffs,

v.

**UNITED BEHAVIORAL HEALTH,**

Defendant.

Case No. 14-cv-02346 JCS
Related Case No. 14-cv-05337 JCS

**DEFENDANT UNITED BEHAVIORAL HEALTH'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS**

Hon. Joseph C. Spero

| |
|---|
| **GARY ALEXANDER, et al.,**<br>Plaintiffs,<br>v.<br>**UNITED BEHAVIORAL HEALTH,**<br>Defendant. |

## INTRODUCTION

Plaintiffs' Petition for Attorneys' Fees seeks more than $1.2 million in unsubstantiated litigation expenses. Instead of presenting evidence to support their significant demand, Plaintiffs rested on summary charts prepared by counsel. This is insufficient.

As UBH pointed out in its opposition, the Court cannot simply take Plaintiffs at their word and award costs based on summary spreadsheets without scrutinizing the underlying records. Indeed, UBH identified myriad reasons why the Court should be suspicious of Plaintiffs' claimed expenses, such as unexplained "investigator" fees and nearly $400,000 in travel expenses—including more than $150,000 to stay at the luxury Intercontinental Hotel during trial, scores of presumably first-class flights that cost as much as $4,000 each, and individual meals topping $2,000. They also seek hundreds of dollars in "laundry" charges, and more than $35,000 for the clerical task of "PDF linking." Accordingly, UBH asked the Court to deny Plaintiffs' requests for expenses because they are unsubstantiated, or in the alternative, to closely scrutinize those requests and deny or reduce them where unreasonable or unnecessary.

In their Reply, Plaintiffs concede that they failed to submit the underlying documents substantiating their expenses. In an effort to cure this deficiency, they attached over 6,000 pages of invoices and receipts purporting to document the claimed expenses. The Court granted UBH leave to file this sur-reply to respond to this newly-produced evidence. UBH, and its fee-audit expert James P. Schratz, have closely reviewed Plaintiffs' receipts over the past several weeks. This review confirms UBH's concerns, and shows why the Court should deny or, at the very least substantially reduce, many of Plaintiffs' claimed expenses.

## LEGAL STANDARD

To recover costs and expenses, Civil Local Rule 54-1(a) requires Plaintiffs to submit "[a]ppropriate documentation to support each item claimed." Generally, this requires detailed invoices documenting each expense. *See, e.g.*, *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1001 (N.D. Cal. 2017); *Delson v. CYCT Mgmt. Grp., Inc.*, No. C 11–03781 MEJ, 2013 WL 1819265, at *9 (N.D. Cal. Apr. 30, 2013). Self-created spreadsheets listing costs by category do

not suffice. *See, e.g.*, *Slaight v. Tata Consultancy Servs.*, 15-cv-01696-YGR, 2019 WL 3934934, at *9 (N.D. Cal. Aug. 20, 2019). Plaintiffs are not entitled to recover unsubstantiated, unreasonable, or unnecessary expenses. *See, e.g.*, *Congdon v. Uber Techs., Inc.*, 16-cv-02499-YGR, 2019 WL 2327922, at *9 (N.D. Cal. May 31, 2019) ("[P]laintiffs are not entitled to recover for meal expenses of class counsel because they have provided little evidence to substantiate these expenses, including explaining who attended the lunches or why they were necessary to further the litigation."); *In re CV Therapeutics, Inc., Sec. Litig.*, No. C 03-3709 SI, 2007 WL 1033478, at *1 (N.D. Cal. Apr. 4, 2007) (requiring "dates, reason for travel, and amounts spent on transportation, hotel and meals").

## ARGUMENT

UBH's and Mr. Schratz's audit of Plaintiffs' expense documentation and Plaintiffs' own admissions in their Reply confirm that a substantial amount of Plaintiffs' expenses is not reasonable or recoverable.

**Unaccounted Expenses:** Mr. Schratz and his team spent more than 180 hours analyzing and cataloguing over 6,000 pages of receipts and other expense documentation, yet were unable to account for $28,207.83 in costs. *See* Suppl. Decl. of James P. Schratz ("Schratz Supp. Decl.") ¶ 10. The Court should decline to award these unsubstantiated costs.

**Court Costs:** Class Counsel argue that their *pro hac vice* filing fees are recoverable as "non-taxable expenses" but they ignore the authorities cited by UBH showing that such expenses are not recoverable, and specifically addressing fee awards under ERISA. *See* UBH Opp'n at 21, (citing *Reg'l Local Union No. 846 v. QPL, Inc.*, No. 3:11-cv-00933-ST, 2013 WL 3972431, at *3 (D. Or. July 31, 2013); *N.L. v. Credit One Bank, N.A.*, No. 2:17-cv-01512-JAM-DB, 2019 WL 1428122, at *5 (E.D. Cal. Mar. 29, 2019)).

**Legal Research:** Plaintiffs' claim of $111,993.75 for "computerized research costs" should be disallowed because Plaintiffs still do not submit supporting documentation showing their contracted rates for legal research services (e.g. Westlaw, LexisNexis). *See* Schratz Supp. Decl. ¶ 20; *Payne v. Bay Area Rapid Transit Dist.*, No. C 08–2098 WDB, 2009 WL 1626588, at

*9 (N.D. Cal., June 5, 2009) (declining to award legal research costs where the plaintiff failed to provide sufficient information).

**<u>PDF Hyperlinking:</u>** The fact that UBH also used a vendor to perform PDF hyperlinking services does not change the nature of this activity, which is clerical and non-recoverable, not to mention that the billed amount—$35,976.72—is not reasonable for the post-trial brief and exhibits.

**<u>Photocopy, Delivery, and Related Services:</u>** Plaintiffs' documentation shows excessive per page photo copying charges of up to $0.20 *per page* for in-house duplication, when outside vendors could perform the same service for less than half the cost. *See* Schratz Supp. Decl. ¶ 19.

**<u>Process Service and Investigation:</u>** Plaintiffs still fail to supply sufficient information about the "investigator" they hired to substantiate or justify the $10,975 charge. Class Counsel's explanation that they retained the "pre-suit" investigator "to identify sources of background information to form litigation and discovery strategy" it too vague to permit either UBH or the Court to assess whether this charge was reasonable or necessary. *See* Reynolds Supp. Decl. ¶ 146.[1]

**<u>Travel and Meal Expenses:</u>** Mr. Schratz's audit of Class Counsel's expense records confirms that Class Counsel's charges are excessive and unreasonable. *See* Schratz Supp. Decl. ¶¶ 15-18.

For example, Class Counsel seek reimbursement for $16,893.41 in first class airfare, which courts routinely find is not reasonable. *See, e.g.*, *Reyes v. Bakery & Confectionery Union & Inds. Int'l Pension Fund*, 281 F. Supp. 3d 833, 859 (N.D. Cal. 2017) (rejecting travel expenses as unreasonable where attorneys "flew first or business class"); *see* Schratz Supp. Decl. ¶ 15 (detailing first-class airfare charges).

The newly-produced receipts also confirm excessive spending on room service, meals, and alcohol. *See* Schratz Supp. Decl. ¶ 16. These includes $130 breakfasts, $150 bar charges, and

[1] The invoices supporting these charges are heavily redacted, making it impossible to assess the reasonableness of the charge or the investigation's necessity for the litigation. *See* ZSWIT0000864-870.

(Continued…)

numerous dinners exceeding $100 per person. *Id.*[2] Class Counsel also seek reimbursement for $442.87 for alcohol at the Top of the Mark (ZSWIT0002999[3]) and $1,002.05 for dinner at One Market Restaurant on November 1, 2017, the day the trial concluded (ZSWIT0000315).

Zuckerman Spaeder's attorneys and paralegals also seek reimbursement for local parking and meal charges near their offices in Washington, D.C. and New York on numerous dates. UBH should not be made to pay for Ms. Reynold's parking at her own office, or for her secretary's dinner while working after-hours in her own office. *See* Schratz Supp. Decl. ¶ 17; *see also* ZSWIT0000101 (Reynolds $44.31 charge for "parking and meals for weekend and evening work"); ZSWIT0000110, 118, 119, 121, 203, 204, 207 (evening/weekend meals for Zuckerman Spaeder's Washington, D.C. office); ZSWIT0000192-201, 211, 409-10 (evening meals for Zuckerman Spaeder's New York office).

Hotel records also show that Class Counsel not only chose to stay at the luxury Intercontinental Hotel during trial, some stayed at that hotel for *10 days before* the start of trial on October 16, 2017, *and for several days after* the trial concluded on November 1, 2017. *See* Schratz Supp. Decl. ¶ 18. They also seek reimbursement for meals and minibar charges throughout this time. *See, e.g.*, ZSWIT0000287 ($334.55 meal on October 12, 2017)

Class Counsel's receipts reveal a host of other unnecessary or unreasonable charges. Examples include parking for a full month at BWI airport (ZSWIT0000326) and hundreds of dollars in hotel laundry charges (*e.g.* ZSWIT0000390).

Finally, Class Counsel's continued insistence that UBH should be taxed for travel expenses incurred by the Plaintiffs, rather than counsel, is simply wrong. Class Counsel argue that

---

[2] For meal expenses, Class Counsel generally produced only the credit card authorization slip, rather than the itemized receipt. It is therefore not possible to assess reasonableness for these charges, such as how many people were eating, and whether the receipt includes charges for alcohol. Some receipts include *only* alcohol. *See, e.g.*, ZSWIT0000117, 361, 2997, 2999. Other charges are clearly not necessary for this case, such as candy bars, gum, and a Reader's Digest magazine. ZSWIT0000162, 168. The receipts also include office supplies such as binder clips, a trash can, copy paper, and a hand truck (ZSWIT0003097-3101), along with multiple trips to Costco and Trader Joe's, and to Walgreens for bottled water, candy, toothpaste, and other personal care products.

[3] All documents cited by Bates number are included in Exhibit P to the Supplemental Reynolds Declaration (ECF No. 536-1).

witness fees are taxable under 28 U.S.C. § 1821(c) if "a party intended to call the witness and the witness was prepared to testify." Reynolds Supp. Decl. ¶ 148(g). But they also concede that they "changed litigation strategy" following the pretrial conference, which was nearly *two weeks* before the trial started. *Id.* None of the Plaintiffs testified at trial, and their personal travel expenses are not taxable to UBH. *Castellano v. Charter Commc'ns., LLC*, No. C12–5845 RJB, 2014 WL 1569242, at *4 (W.D. Wash. Apr. 17, 2014) ("A motion for attorney's fees is to recoup fees and counsel's expenses of litigation. This does not include personal expenses—meals, parking, and mileage—incurred by Plaintiff as an individual.").

**Trial Summary Exhibits:** Class Counsel argue that they are entitled to recover $92,246.55 in fees paid to The Brattle Group, an expert consulting firm, for the work and testimony of Josephine Duh because Ms. Duh "was not proffered as an expert." Reynolds Supp. Decl. ¶ 150. This is mere semantics. Class Counsel concede that they "engaged the Brattle Group" to provide paid testimony in this case. *Id.* Whether Class Counsel called Ms. Duh to provide expert testimony under Rule 702 or summary testimony under Rule 1006, the fees charged by the Brattle Group are "professional fees" paid to a witness, which are not recoverable under ERISA. *Agredano v. Mutual of Omaha Cos.*, 75 F.3d 541, 542–43 (9th Cir. 1996). Plaintiffs' citation to *Buffin v. City and County of San Francisco*, No. 15-cv-04959-YGR, 2019 WL 1017537, at *5, n.20 (N.D. Cal. Mar. 4, 2019) is inapposite as that case involved bail setting in a criminal matter, and addressed only a dispute over whether a certain witness was proffered as an expert. It says nothing about whether such charges are recoverable under ERISA following final judgment.

///

///

///

///

///

///

///

**CONCLUSION**

For the foregoing reasons, and those set forth in its Opposition to Plaintiffs' Fee Petition, UBH requests that the Court deny, or at the very least, substantially reduce the claimed expenses in Plaintiffs' petition for attorneys' fees and costs.

Dated: March 22, 2021

CROWELL & MORING LLP

By: */s/ Jennifer S. Romano*
Jennifer S. Romano

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH