1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | Case No. 3:14-CV-02346-JCS <br> Related Case No. 3:14-CV-05337-JCS <br><br> **STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO COMPLETE TRAINING** |
| GARY ALEXANDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH, <br><br> Defendant. | |

**IT IS HEREBY STIPULATED AND AGREED** by the Parties in the above-captioned action, by and through their respective counsel of record, as follows:

## I.      INTRODUCTION

The parties jointly submit this stipulation pursuant to Civil Local Rules 6-1(b), 6-2, and 7-12, and section IV.B of the Court's Remedies Order, ECF 491 at 96-98, to extend the time period for UBH to complete the trainings of UBH's personnel on the clinical coverage criteria under the Remedies Order, *id.* at 97 (§ IV.B.2.b & 2.c), and on UBH's fiduciary duties under ERISA, *id.* at 97-98 (§ IV.B.3.b and 3.c). Since appointment of the Special Master on January 27, 2021, and UBH's production of a training plan and materials on February 24, 2021, the parties have worked diligently to agree on a training program consistent with the Court's injunction, including by exchanging lengthy submissions to the Special Master addressing UBH's proposed training materials, preparing matrices regarding the parties' respective positions on those materials, and meeting and conferring in good faith to resolve or narrow any disputes.

Despite the parties' best efforts and the ongoing guidance of the Special Master, for the reasons explained below, the parties agree that it will not be possible to complete the required trainings by the current deadline of April 27, 2021. Accordingly, the parties jointly request that the deadlines set forth in Sections IV.B.2.b & 2.c and IV.B.3.b and 3.c be extended to September 30, 2021. Special Master Young endorses the parties' proposed training plan and agrees with the parties' proposal to extend the time frame for completing the training accordingly.

## II.     BACKGROUND

The Court entered its Remedies Order on November 3, 2020. In addition to reprocessing, the Court ordered injunctive relief, including two categories of training.

First, the Court ordered training on the clinical guidelines UBH is ordered to use going forward (the ASAM Criteria, LOCUS, CALOCUS-CASII, and ECSII), which is to be given to any personnel involved in clinical adjudications of requests for coverage (the "Guideline Training"):

> 2. With the oversight and approval of the Special Master, UBH shall promptly develop and implement a program for training UBH's Care Advocates, Peer Reviewers, external clinical

consultants, and any other personnel who make or have input into clinical coverage determinations, on the faithful application of the coverage criteria prescribed in § III.B,

> . . . b. UBH shall complete its training of any other personnel covered by this subsection, to the satisfaction of the Special Master, within 90 days following the Court's appointment of the Special Master. The Special Master shall report to the Court when this second phase of training is complete.
>
> c. UBH's training program shall include plans for training new personnel as they may be hired in the future and for refreshing the training of existing employees on at least an annual basis. UBH shall be required to obtain the approval of the Special Master on the design of UBH's ongoing training program within 90 days following the Court's appointment of the Special Master.

ECF 491 at 97.

Second, the Court ordered training on UBH's fiduciary duties under ERISA (the "Fiduciary Training"):

> 3. With the oversight of the Special Master, promptly develop and implement a program, to train UBH's Care Advocates, Peer Reviewers, external clinical consultants, any other personnel who make or have input into coverage determinations, and all senior and executive management on UBH's duties under ERISA, including what it means to be an ERISA fiduciary and to administer benefit plans solely in the interests of participants and beneficiaries, as well as the need to comply with plan terms.
>
> . . . b. UBH shall complete its training of any other personnel covered by this subsection, to the satisfaction of the Special Master, within 90 days following the Court's appointment of the Special Master. The Special Master shall report to the Court when this second phase of training is complete.
>
> c. UBH's training program shall include plans for training new personnel as they may be hired in the future and for refreshing the training of existing employees on at least an annual basis. UBH shall be required to obtain the approval of the Special Master on the design of UBH's ongoing training program within 90 days following the Court's appointment of the Special Master.

-2-   STIPULATION & [PROPOSED] ORDER EXTENDING TRAINING DEADLINE
CASE NOS. 3:14-CV-02346-JCS, 3:14-CV-05337-JCS

SFACTIVE-906064971.1                                                7683136.1

*Id.* at 97-98.

The Court appointed Mr. Douglas Young as Special Master on January 27, 2021. ECF 528. The parties first met with the Special Master on February 4, 2021, and have met with the Special Master nine times as of this filing. The first order of business in the proceedings before the Special Master was to develop a plan, and materials, for the Guideline Training and Fiduciary Training. On February 24, 2021, UBH submitted a proposed training plan to the Special Master, along with the principal materials it proposed for its personnel to use to conduct those trainings. UBH's February 24 submission estimated that a total of approximately 1,245 individuals will need to receive the Guideline Training (1,175 Care Advocates and 70 Peer Reviewers). A total of approximately 1,335 individuals will need to receive the Fiduciary Training (including all Care Advocates and Peer Reviewers, along with 40 external consultants and other personnel and about 50 members of UBH's senior and executive management).

UBH produced additional training materials and other related documents on March 4, 8, 10, and 15, 2021. The parties met and conferred several times to address Plaintiffs' substantive concerns about the content of UBH's proposed training plan and materials. On March 25, the parties informed the Special Master that in lieu of UBH's proposed internal training materials, they had agreed that the Guideline Trainings would be conducted by the American Society of Addiction Medicine ("ASAM"), the American Association of Community Psychiatrists ("AACP"), and the American Academy of Child & Adolescent Psychiatry ("AACAP").

**III.   GUIDELINE TRAINING PLAN AND TIMEFRAME**

The ASAM Criteria training will consist of a seven-hour live-virtual course, followed by a half-day asynchronous program. The LOCUS training will contain two components: a foundations training and a vignette training. For UBH's Peer Reviewers, both components will be conducted live by AACP personnel. For UBH's Care Advocates, the foundations component will be a pre-recorded training, and the vignette training will be conducted live by AACP personnel. As for CASII and ECSII, including the most recent version of CASII (now known as CALOCUS-CASII), the trainings will be accomplished through an existing asynchronous program developed by AACAP.

Because the ASAM Criteria and LOCUS trainings will be conducted in part through live trainings, and because of the large number of individuals to be trained—approximately 1,245 in total—and limitations on ASAM's and AACP's capacity to conduct the live trainings, ASAM and AACP have stated that they would need until August 31, 2021 (for ASAM) and September 30, 2021 (for AACP) to complete the trainings for all required personnel.

The parties agree that the benefits of having the Guideline Trainings conducted by the physician specialty associations outweigh the longer timeline, and thus request that the deadline for completing those training be extended to September 30, 2021.

## IV. FIDUCIARY TRAINING AND TIMEFRAME

As to the Fiduciary Training, the proposed training materials UBH produced on February 24, 2021 consisted of an asynchronous program developed through the International Foundation of Employee Benefit Plans. Plaintiffs agreed that an asynchronous training program was acceptable for UBH's Care Advocates, but proposed that the Peer Reviewers and senior executive should complete both an asynchronous training and a live training. UBH agrees to a live training for its Peer Reviewers and senior executives, and believes that all training can occur during the live session, without need for a separate asynchronous training for this group. The parties continue to meet and confer on this issue.

In their March 4 submission, Plaintiffs also raised substantive concerns as to the content of UBH's proposed Fiduciary Training. Plaintiffs proposed revisions to the training content on March 23, and UBH proposed further revisions on April 9.  Plaintiffs will respond promptly to UBH's most recent submission, and the parties will continue to narrow any disputes as to the content. In the meantime, the parties have agreed that the live trainings will be conducted jointly by Professor Colleen E. Medill of the University of Nebraska College of Law, and Professor Donald T. Bogan of the College of Law of the University of Oklahoma. Although disputes remain to be resolved, the parties are confident that the Fiduciary Trainings can also be completed well before September 30, 2021, particularly because the vast majority of the individuals to receive a Fiduciary Training will do so through an interactive asynchronous program, rather than through live trainings.

## V. JOINT EXTENSION REQUEST

For the reasons set forth above, and principally in order to permit the physician specialty associations to accomplish the Guideline Trainings, the parties jointly request that the deadlines set forth in Sections IV.B.2.b & 2.c and IV.B.3.b and 3.c be extended to September 30, 2021.

Dated: April 16, 2021    ZUCKERMAN SPAEDER LLP

*/s/ Caroline E. Reynolds*

Caroline E. Reynolds
Adam Abelson
Attorneys for Plaintiffs

Dated: April 16, 2021    CROWELL & MORING LLP

*/s/ Jennifer S. Romano*

Jennifer S. Romano
April N. Ross
Nathaniel P. Bualat
Andrew Holmer
Attorneys for Defendant United Behavioral Health

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: April 16, 2021    */s/ Caroline E. Reynolds*
Caroline E. Reynolds

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____    _____
The Honorable Joseph C. Spero
Chief United States Magistrate Judge