PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
7 West Figueroa Street, Suite 300
PMB# 300059
Santa Barbara, CA 93101
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs and the Classes
(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT** |
| GARY ALEXANDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Date: April 30, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Joseph C. Spero |

Pursuant to Civil Local Rule 16-10(d) and the Court's February 1, 2021 Zoom Civil Minute Order (*Wit* ECF No. 530), Plaintiffs and Defendant, by and through their respective counsel, submit the following Joint Case Management Statement. The parties' last Joint Case Management Statement was filed March 22, 2019. (ECF No. 419.) As set forth in Local Rule 16-10(d), the parties are reporting progress or changes since that statement.

**I.      Intervening Proceedings and Status**

The parties submitted briefs on remedies on May 3, June 14, and July 10, 2019 (ECF Nos. 426, 429, 435), and supplemental briefs pursuant to the Court's order regarding further remedies briefing (ECF No. 450) on May 15, June 15, and July 2, 2020 (ECF Nos. 451, 452, 455, 459, 460). The Court issued Further Findings of Fact and Conclusions of Law on August 6, 2020 (ECF No. 469). The Court held a hearing on remedies on September 2, 2020, and on November 3, 2020 entered its Remedies Order (ECF No. 491) along with its order on UBH's decertification motion (ECF No. 490) and an amended summary judgment order (ECF No. 492). The Court appointed a Special Master on January 27, 2021 (ECF No. 528), and entered judgment on February 1, 2021 (ECF No. 531). The Class Administrator issued the corresponding class notices in January and February 2021. (*See* ECF No. 529 (Pls.' Notice Regarding Mailing and Publication of Notices of Partial Class Decertification).)

Plaintiffs filed their fee petition on November 24, 2020 (ECF No. 507); UBH responded on January 15, 2021 (ECF No. 523); Plaintiffs replied on February 16, 2021 (ECF No. 535); and with the permission of the Court, UBH filed a surreply brief on March 22, 2021 (ECF No. 549).

UBH appealed the injunction and final judgment; the appeals were consolidated by the Court of Appeals on February 12, 2021. On February 12, 2021, the Court of Appeals granted UBH's motion to stay the reprocessing remedy pending appeal. The parties' briefing on the appeal will be complete June 2, 2021. The Court of Appeals has indicated a likelihood of scheduling argument in August.

**II.     Guideline and Fiduciary Duty Training**

The Court's remedies order provided that the trainings of UBH personnel required under Sections IV.B.2.b & 2.c and IV.B.3.b and 3.c of the Remedies Order, regarding the third-party

1   clinical coverage guidelines and UBH's fiduciary duties, respectively, be completed within 90
2   days following the Court's appointment of the Special Master. As set forth in the parties'
3   Stipulation and [Proposed] Order Extending Deadline to Complete Training, (ECF No. 552),
4   upon the Special Master's appointment, the parties met and conferred and made lengthy
5   submissions to the Special Master addressing UBH's proposed training materials and setting forth
6   the parties' respective positions on those materials.

7         On March 25, 2021, the parties informed the Special Master that in lieu of UBH
8   conducting the training in-house, using UBH's proposed internal training materials, they had
9   agreed that the Guideline Trainings would be conducted by the American Society of Addiction
10  Medicine ("ASAM"), the American Association for Community Psychiatry ("AACP"), and the
11  American Academy of Child & Adolescent Psychiatry ("AACAP"). Because the ASAM Criteria
12  and LOCUS trainings will be conducted in part through live trainings, and because of the large
13  number of individuals to be trained—approximately 1,245 in total—and limitations on ASAM's
14  and AACP's capacity to conduct the live trainings, ASAM and AACP stated that they would need
15  until August 31, 2021 (for ASAM) and September 30, 2021 (for AACP) to complete the trainings
16  for all required personnel. Accordingly, the parties requested that the deadline for completing
17  those trainings be extended to September 30, 2021, and on April 19, 2021, the Court issued an
18  order approving that request (ECF No. 553).

19        The parties also have made substantial progress working toward a plan for conducting the
20  fiduciary duty trainings under the Remedies Order. The parties have agreed that most of the
21  approximately 1,335 personnel to receive fiduciary duty training will receive the training
22  asynchronously. UBH submitted proposed content on March 4; Plaintiffs proposed revisions to
23  the training content on March 23; UBH proposed further revisions on April 9; and Plaintiffs
24  proposed further revisions on April 21. The Special Master will be deciding any remaining open
25  issues regarding the content of that training. The parties have also agreed that UBH's peer
26  reviewers and senior and executive management will receive live trainings, conducted jointly by
27  Professor Colleen E. Medill of the University of Nebraska College of Law and Professor Donald
28  T. Bogan of the College of Law of the University of Oklahoma. The parties disagree whether the

peer reviewers and senior and executive management will also need to complete the asynchronous training, and are discussing that issue with the Special Master. In any event, the parties are confident that the fiduciary duty trainings can also be completed well before September 30, 2021, particularly because the vast majority of the individuals to be trained will do so through an interactive asynchronous program, rather than through live trainings.

The parties and the Special Master have also discussed generally the going-forward training protocol for new personnel who join UBH and recurring training for existing personnel. They agree that the priority is implementation of training for the 1,300-plus current personnel to be trained, and that the up-front training protocol will impact the going-forward training protocol. For example, Plaintiffs have proposed that new personnel receive the same third-party guideline trainings being implemented for current personnel, and assert that the third-party associations will also be well positioned to conduct any recurring trainings for existing personnel. Plaintiffs and UBH will meet and confer on this issue. In addition, the asynchronous fiduciary duty training, once finalized, will be available to be completed by new peer reviewers and care advocates.

**III.     Injunction Implementation**

In addition to oversight of the guideline and fiduciary trainings (described above) and reprocessing (which has been stayed), the Court also appointed the Special Master to "oversee and verify UBH's compliance with [the Remedies] Order." (ECF No. 491 (Remedies Order) at 98; *see also* ECF No. 528 (Appointment Order) at 8.) In submissions made to the Special Master on March 4 and 23, 2021, Plaintiffs identified a number of areas in which they contend UBH has not faithfully implemented the ASAM Criteria, LOCUS, CASII and ECSII, per Remedies Order § IV.B.1 (ECF No. 491 at 96-98). UBH denies Plaintiffs' assertions, and UBH submitted a response to the Special Master on the subject on April 9, 2021, to which Plaintiffs are in the process of preparing a further response. The parties will work with the Special Master to address any outstanding disputes regarding UBH's implementation of the ASAM Criteria, LOCUS, CASII, and ECSII, and the Special Master has indicated that this may include a hearing in which the clinical consultants assist the Special Master. (*See* ECF No. 546 (Order Granting Special Master's Application For Leave To Engage Psychiatric Consultants).)

Respectfully Submitted:

Dated: April 22, 2021                                            ZUCKERMAN SPAEDER LLP

                                                                                                  /s/ *Caroline E. Reynolds*

                                                                           Caroline E. Reynolds
                                                                           Adam Abelson

                                                                            PSYCH-APPEAL, INC.
                                                                            Meiram Bendat

                                                                            *Attorneys for Plaintiffs*

Dated: April 22, 2021                                            CROWELL & MORING LLP

                                                                               /s/ *Jennifer S. Romano*

                                                                            Jennifer S. Romano
                                                                            April N. Ross
                                                                            Nathaniel P. Bualat
                                                                            Andrew Holmer

                                           *Attorneys for Defendant United Behavioral Health*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: April 22, 2021                                                                     /s/ *Caroline E. Reynolds*
                                                                                   Caroline E. Reynolds