**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID WIT; et al.,<br><br>    Plaintiffs-Appellees,<br><br>LINDA TILLITT; MARY JONES,<br><br>    Intervenor-Plaintiffs-Appellees,<br><br> v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant-Appellant. | Nos. 20-17363<br>      21-15193<br><br>D.C. No. 3:14-cv-02346-JCS<br><br><br>MEMORANDUM* |
| GARY ALEXANDER, on his own behalf and on behalf of his beneficiary son, Jordan Alexander; et al.,<br><br>    Plaintiffs-Appellees,<br><br>MICHAEL DRISCOLL,<br><br>    Intervenor-Plaintiff-Appellee,<br><br> v. | Nos. 20-17364<br>      21-15194<br><br>D.C. No. 3:14-cv-05337-JCS |

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

| UNITED BEHAVIORAL HEALTH, |
| Defendant-Appellant. |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted August 11, 2021
San Francisco, California

**Before: CHRISTEN and FORREST, Circuit Judges, and ANELLO,** District Judge. Partial Concurrence by Judge FORREST.**

Defendants appeal the district court's judgment in an ERISA class action against United Behavioral Health (UBH) for breach of fiduciary duties and wrongful denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3)(A). "We review the district court's conclusions of law de novo and its findings of fact for clear error." *Democratic Nat'l Comm. v. Hobbs*, 948 F.3d 989, 998 (9th Cir. 2020) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. Because the parties are familiar with the facts, we do not recite them here.

    1.    UBH argues that plaintiffs lacked Article III standing to bring their claims because: (1) plaintiffs did not suffer concrete injuries; and (2) plaintiffs did

---

** The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

2

not show proof of benefits denied, they cannot show any damages traceable to UBH's Guidelines. We disagree.

To determine whether a statutory violation caused a concrete injury, we ask: "(1) whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270–71 (9th Cir. 2019) (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017)).

Plaintiffs alleged that UBH developed Guidelines for use in administering claims, and that the Guidelines were not coextensive with the benefits afforded to them by the terms of their respective Plans. Plaintiffs argue they have standing to bring their claims because they were denied their rights to Guidelines that were developed for their benefit and to a fair adjudication of their claims. As to plaintiffs' fiduciary duty claim, plaintiffs alleged that they suffered injury because UBH failed to develop Guidelines that were consistent with generally accepted standards of care (GASC) in violation of its duty to administer the class members' health benefit plans "solely in the interest of the participants and beneficiaries," 29 U.S.C. § 1104(a)(l), "with . . . care, skill, prudence, and diligence," 29 U.S.C. § 1104(a)(l)(B), and "in accordance with the documents and instruments governing

3

the plan," 29 U.S.C. § 1104(a)(l)(D). Plaintiffs further argue that ERISA allows members to clarify their rights to future benefits under their Plans' terms allowing beneficiaries to enforce their rights.

ERISA's core function is to "protect contractually defined benefits," *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100 (2013) (quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985)), and UBH's alleged fiduciary violation presents a material risk of harm to plaintiffs' interest in the interpretation of those contractual benefits, *see Ziegler v. Connecticut Gen. Life Ins. Co.*, 916 F.2d 548, 551 (9th Cir. 1990) ("Congress intended to make fiduciaries culpable for certain ERISA violations even in the absence of actual injury to a plan or participant."). Plaintiffs' alleged harm includes the risk that their claims will be administered under a set of Guidelines that narrows the scope of their benefits, and also includes the present harm of not knowing the scope of the coverage their Plans provide. The latter implicates plaintiffs' ability to make informed decisions about the need to purchase alternative coverage and the ability to know whether they are paying for unnecessary coverage. Plaintiffs sufficiently alleged a concrete injury.

The alleged injury is also sufficiently particularized because the Guidelines are applied to the contractual benefits afforded to each class member. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" (citation omitted)).

4

The fact that plaintiffs did not ask the court to determine whether they were individually entitled to benefits does not change the fact that the Guidelines materially affected each plaintiff.  Cf. Thole v. U.S. Bank N.A., 140 S. Ct. 1615, 1616 (2020) (holding no injury where alleged ERISA violations had no effect on plaintiffs' *defined benefit plan*).  Plaintiffs have shown that UBH's actions resulted in uncertainty concerning the scope of their benefits and the material risk of harm to their contractual rights.

As to plaintiffs' denial of benefits claim, plaintiffs alleged that UBH adjudicated and denied their requests for coverage based on criteria that were inconsistent with the terms of member plans in an arbitrary and capricious manner. We conclude this claim also satisfies the concrete and particularized injury requirement.  ERISA protects contractually defined benefits, McCutchen, 569 U.S. at 88, 100, and plaintiffs alleged a harm—the arbitrary and capricious adjudication of benefits claims—that presents a material risk to their interest in a fair adjudication of their entitlement to benefits.  Despite UBH's argument to the contrary, plaintiffs need not have demonstrated that they were, or will be, actually denied benefits to allege a concrete injury.  See CIGNA Corp. v. Amara, 563 U.S. 421, 424-25 (2011); Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656 (1993).  Finally, the alleged injury is "fairly

5

traceable" to UBH's conduct. *See Spokeo*, 578 U.S. at 338. Thus, plaintiffs have established Article III standing to assert their claims.

2. UBH argues the district court erred by certifying a class that required individualized determinations. But plaintiffs' fiduciary duty claim, alleging that UBH applied overly restrictive Guidelines and thereby compromised their contractual rights under their Plans, is capable of being resolved on a class-wide basis. The district court did not abuse its discretion by concluding the claim was within Rule 23's ambit. As to certification of the denial of benefits claim, plaintiffs avoided the individualized nature of the benefits remedy available under § 1132(a)(1)(B) by seeking "reprocessing." We need not reach whether the district court's "reprocessing" remedy overextended Rule 23 in violation of the Rules Enabling Act because this claim fails on its merits.

3. UBH further argues the district court did not afford it the proper level of deference. "We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases." *Williby v. Aetna Life Ins. Co.*, 867 F.3d 1129, 1133 (9th Cir. 2017) (quoting *Estate of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1065 (9th Cir. 2016)). Because the Plans in this case confer UBH with discretionary authority to interpret the terms of the Plans, we "review the plan administrator's decisions for an abuse of discretion." *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 960–

61 (9th Cir. 2001). While the district court noted the correct standard of review, the district court misapplied this standard by substituting its interpretation of the Plans for UBH's.

UBH's interpretation—that the Plans do not require consistency with the GASC—was not unreasonable. *See Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 957–58 (9th Cir. 2016) (quoting *Canseco v. Constr. Laborers Pension Tr. for S. California*, 93 F.3d 600, 606 (9th Cir. 1996)). The Plans exclude coverage for treatment *inconsistent* with the GASC; Plaintiffs did not show that the Plans mandate coverage for all treatment that is consistent with the GASC. Plaintiffs argue UBH had a conflict of interest, which would decrease the level of deference to be afforded in applying an abuse of discretion standard. *See Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 929 (9th Cir. 2012). But even if UBH has a conflict of interest because it serves as plan administrator and insurer for fully insured plans that are the main source of its revenue, this would not change the outcome on these facts. *See Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008) ("We view[] the conflict with a low level of skepticism if there's no evidence of malice, of self-dealing, or of a parsimonious claims-granting history." (internal quotations omitted)). We therefore reverse. We need not reach UBH's argument that unnamed plaintiffs failed to comply with the Plans' administrative exhaustion requirement.

**REVERSED**

*Wit v. United Behavioral Health*, No. 20-17363
FORREST, J., concurring in part and in the judgment:

I agree that plaintiffs have standing and that the district court erred in rejecting UBH's interpretation of the Plan and granting judgment in favor of plaintiffs. I write separately because I disagree that plaintiffs "avoided" the individualized questions presented in their denial-of-benefits claims by seeking reprocessing of their claims as their remedy. We should have reached the merits of this issue and held that the district court erred in certifying plaintiffs' denial-of-benefits claims for class treatment.

The district court's class certification decision is reviewed for an abuse of discretion. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 984 (9th Cir. 2015). To avoid the inherent individualized issues involved in assessing whether plaintiffs are entitled to benefits under the Plan terms, plaintiffs framed their denial-of-benefits claims as seeking a procedural remedy—reprocessing of their claims based on the interpretation of the Plan that they advance. The district court abused its discretion in accepting that reprocessing *is itself* a remedy that justifies class treatment under 29 U.S.C. § 1132(a)(1)(B) independent from the express statutory remedies that Congress created. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985) ("The . . . carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to

1

incorporate expressly."); *see also Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1013 (9th Cir. 1997) (remanding for reevaluation of plaintiff's rights under Plan under § 1132(a)(1)(B)'s right to enforce the Plan terms); *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 461 (9th Cir. 1996) (remanding for reevaluation to determine whether plaintiff was entitled to benefits under § 1132(a)(1)(B)); *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 951 (9th Cir. 1993) (same).

Plaintiffs sought reprocessing so that UBH would re-look at their claims applying the interpretation of the Plan that they advance and award them benefits. But there are numerous individualized questions involved in determining plaintiffs' entitlement to benefits given the varying Guidelines that apply to their claims and their individual medical circumstances, and many class members have proceeded with alternative treatment and, therefore, likely would not benefit from reprocessing. Simply put, reprocessing is not the *remedy* that plaintiffs seek, it is the *means to the remedy* that they seek. And styling their sought-after relief as procedural for class-certification purposes does not resolve the individualized questions necessarily involved in deciding their claims. Moreover, plaintiffs are not entitled to seek reprocessing as an equitable remedy under § 1132(a)(3) because payment of benefits is an available remedy under § 1132(a)(1)(B). *See Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1229 (9th Cir. 2020).

For these reasons, I would hold that the district court abused its discretion in certifying plaintiffs' denial-of-benefits claims for class treatment.

3