PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
7 West Figueroa Street, Suite 300
PMB# 300059
Santa Barbara, CA 93101
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs and the Classes*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Next Event: Case Management Conference<br><br>Date:   September 22, 2023<br>Time:   2:00 p.m.<br>Judge:  Hon. Joseph C. Spero |
| GARY ALEXANDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | |

Pursuant to Civil Local Rule 16-10(d) and the Court's June 20, 2023 Civil Minute Order, *Wit* ECF No. 601, Plaintiffs and Defendant, by and through their respective counsel, submit the following Joint Case Management Statement. The parties' last Joint Case Management Statement was filed June 16, 2023. *Wit* ECF No. 600.

**I.      Status of Appellate Proceedings**

   **A.  Merits Appeal**

UBH appealed the injunction and final judgment entered by this Court. *See Wit et al. v. United Behavioral Health*, No. 20-17363 (9th Cir.); *Alexander et al. v. United Behavioral Health*, No. 21-15193 (9th Cir). The appeals were consolidated under No. 20-17363 on February 12, 2021. Briefing was completed on June 2, 2021, and a three-judge panel of the Court of Appeals (the "Panel") heard oral argument on August 11, 2021.

On March 22, 2022, the Panel entered a memorandum disposition reversing the judgment. Plaintiffs filed a petition for rehearing and rehearing en banc, which UBH opposed. On January 26, 2023, the Panel issued an order withdrawing its March 22, 2022 memorandum disposition and replacing it with a new opinion. Plaintiffs filed a second petition for rehearing and rehearing en banc, which UBH also opposed.

On August 22, 2023, the Panel issued an order granting Plaintiffs' second petition for panel rehearing. *See Wit* ECF No. 602. The Panel withdrew its January 26, 2023 opinion and replaced it with a new opinion (the "August 2023 Opinion" or "Op."). The August 2023 Opinion affirmed in part and reversed in part this Court's judgment and remanded the case to this Court for further proceedings, as discussed further below. Op. at 37.

Neither party sought further appellate review of the August 2023 Opinion. The mandate issued from the Court of Appeals on September 13, 2023.

   **B.  Attorneys' Fee Appeal**

UBH also appealed the Court's January 5, 2022 Order Granting in Part and Denying in Part Plaintiffs' Petition for Attorneys' Fees and Costs (*Wit* ECF No. 569). The Court of Appeals stayed the briefing schedule on that appeal until resolution of the merits-related appeal (No. 20-17363). On September 12, 2023, UBH filed a Status Report with the Court of Appeals requesting

that the award of fees and costs be vacated and remanded to the district court for reconsideration because the August 22, 2023 opinion in the merits appeal reversed in part the final judgment and remedies order underlying the fees and costs at issue in these appeals. Plaintiffs informed UBH that they do not intend to oppose this relief.

## II.     Status of Remedial Proceedings

On March 28, 2022, this Court entered a Stipulation and Order staying its Remedies Order and further proceedings before the Special Master, including the Special Master's First Order and the Special Master's Second Order, and any enforcement thereof, pending the issuance of mandate from the Ninth Circuit on the merits appeal. *Wit* ECF No. 586.

## III.    Plaintiffs' Position as to Proceedings Before this Court on Remand

As explained in further detail below, the Panel's August 2023 Opinion presents certain questions this Court must answer in order to determine the "extent" to which the Court's rulings were reversed. To tee those issues up for resolution, Plaintiffs intend to file a motion to modify and/or supplement the Court's Findings of Fact and Conclusions of Law (*Wit* ECF No. 413), Further Findings of Fact and Conclusions of Law (*Wit* ECF No. 469), Remedies Order (*Wit* ECF No. 491); and Judgment (*Wit* ECF No. 531), which would set forth Plaintiffs' proposed changes to those orders in light of the August 2023 Opinion and the legal and evidentiary support for each revision. Plaintiffs also intend to file a motion to re-certify a narrower denial of benefits class, consistent with the Panel's opinion. At the status conference, Plaintiffs would like to discuss with the Court an appropriate briefing schedule for these motions.

### A.  Clarification of Merits Rulings

The August 2023 Opinion reverses this Court's judgment only in part, leaving open various questions this Court must resolve in order to determine the "extent" of that reversal.

#### i.  Denial of Benefits Claims

On the merits of Plaintiffs' wrongful denial of benefits claims, the Panel held that the Court erred "to the extent" the Court "interpreted the Plans to require coverage for all care consistent with GASC," Op. at 33; *see also id.* at 36-37 (Court erred "to the extent it determined that the Plans require the Guidelines to be coextensive with GASC"). The panel, therefore,

1  reversed the Court's judgment only "to the extent" the Court "concluded the Plans require
2  coverage for all care consistent with GASC." Op. at 34.
3  At the same time, the Panel affirmed this Court's factual findings "[t]o the extent" the
4  Court "concluded that the challenged portions of the Guidelines represented UBH's
5  *implementation* of the GASC requirement," Op. at 33 (original emphasis), and found no error in
6  the Court's ruling "that UBH abused its discretion because the challenged portions of the
7  Guidelines did not *accurately* reflect GASC." *Id.* at 33 n.6 (original emphasis).
8  The August 2023 Opinion, therefore, necessarily presents the question: "Did the Court
9  interpret the Plans to require coverage for all care consistent with GASC?" Plaintiffs respectfully
10  submit that the answer to this question is "No," and that the Court should amend and/or
11  supplement its findings and rulings to more clearly reflect that the Court interpreted the Plans
12  correctly, consistent with the interpretation affirmed by the Panel.

### ii. Breach of Fiduciary Duty Claims

14  The Panel did not "disturb" the Court's findings on UBH's breaches of fiduciary duty "to
15  the extent they were not intertwined with an incorrect interpretation of the Plans" (i.e., an
16  interpretation that the Plans require coverage for all care consistent with GASC). Op. at 34 n.7. It
17  therefore reversed the judgment on Plaintiffs' breach of fiduciary claims only "to the extent" the
18  judgment was "based on [that] erroneous interpretation of the Plans." Op. 37. Again, Plaintiffs
19  contend that this Court interpreted the Plans correctly in keeping with the Panel's opinion.
20  Moreover, Plaintiffs contend that the Court clearly found fiduciary breaches that were distinct
21  from UBH's failure to pay benefits due to an unreasonable interpretation of the Plans. Rather, the
22  Court found that United breached its fiduciary duties by putting its own financial interests ahead
23  of the interests of plan participants when it developed its Guidelines for the express purpose of
24  keeping benefit expense down. *See*, *e.g.*, Op. at 34 n.7 (citing findings "among other things, that
25  financial incentives infected UBH's Guidelines development process and that UBH developed the
26  Guidelines with a view toward its own interests.").
27  Plaintiffs submit, therefore, that the August 2023 Opinion calls for this Court amend
28  and/or supplement its findings and rulings to clarify these points.

### iii. Exhaustion

The Panel held that "exhaustion is not required for statutory breach of fiduciary duty claims," but that "exhaustion *is* required if a plaintiff's statutory claim is a disguised claim for benefits." Op. at 35. For that reason, the Panel directed this Court, on remand, to "determine the threshold question of whether Plaintiffs' breach of fiduciary duty claim is a 'disguised claim for benefits,' subject to the exhaustion requirement." Op. at 36. The Panel, further, directed that if this Court "determines that the exhaustion requirement does apply, it must then determine if that requirement was satisfied or otherwise excused. . . ." Op. at 36.

As explained above, Plaintiffs contend that the breaches of fiduciary duty this Court found after trial are distinct from its conclusion that UBH's benefit denials were wrongful, and for that reason, no exhaustion requirement applies to Plaintiffs' breach of fiduciary duty claims. Plaintiffs submit that the Court should supplement its conclusions of law to include that ruling, as directed by the Panel.

Plaintiffs contend that this Court should nevertheless amend and/or supplement its factual findings and legal conclusions to confirm that exhaustion was "satisfied or otherwise excused," in part because Plaintiffs intend to seek an order re-certifying their denial of benefit claims for class treatment, as discussed in the following section.

**B. Modification of Class Certification Order**

This Court certified three classes (the *Wit* Guidelines Class; the *Alexander* Guidelines Class; and the State Mandate Class), each of which asserted two claims (breach of fiduciary duty and wrongful denial of benefits). *Wit* ECF Nos. 174 & 490. The August 2023 Opinion does not address certification on a class-by-class basis, but rather claim-by-claim.

With respect to Plaintiffs' breach of fiduciary duty claims, the Panel held that UBH forfeited any challenge to class certification. Op. at 25 n.5. Accordingly, with respect to those claims, all three classes remain certified and do not require modification.

With respect to Plaintiffs' denial of benefits claims, however, the Panel found class certification was erroneous because "the classes were not limited to those claimants whose claims were denied based only on the challenged provisions of the Guidelines." Op. at 29.

As a threshold matter, Plaintiffs contend that this error found by the Panel does not apply to the State Mandate Class's claim. Whereas Plaintiffs claimed that the Guidelines Classes' benefit denials were wrongful because of the pervasive defects in the Guideline criteria, Plaintiffs claimed the State Mandate Class's denials were wrongful because UBH was prohibited by state law from using *any* provisions of its own Guidelines *at all*. Since UBH did not appeal the Court's findings that "the Guidelines were impermissibly inconsistent with state-mandated criteria," as the Panel held, that portion of the judgment "remains intact." Op. at 30-31. It follows that certification of the State Mandate Class's denial of benefits claim likewise remains intact, since there is no "unchallenged" portion of the Guidelines for purposes of that claim. Therefore, the Court should view certification of the State Mandate Class as undisturbed by the Panel's ruling.

With respect to the *Wit* and *Alexander* Guidelines Classes, the Panel was concerned that UBH may have denied some class members' claims based on "unchallenged" portions of the Guidelines or for some other reason entirely independent of the Guidelines. Op. at 28-29. In the Panel's view, providing relief to class members who were not prejudiced by UBH's use of its Guidelines would be a "useless formality." Op. at 29 (quotations omitted). Plaintiffs contend that a narrower class definition will address the Panel's concerns. For that reason, Plaintiffs intend to seek leave to file a motion to re-certify a narrower denial of benefits class, consistent with the August 2023 Opinion.

**C. Plaintiffs' Response to UBH's Position**

Plaintiffs have not yet had an adequate opportunity to prepare a response to the legal arguments UBH presents in Section IV, below.[1] Accordingly, to the extent the Court has doubts as to the scope of its authority on remand, Plaintiffs respectfully request an opportunity to brief the issue fully.

---

[1] Plaintiffs sent a draft of this status report, including Sections III.A and III.B, above, to UBH at 3:24 pm (EST) on September 8, 2023. UBH did not send its position, reflected in Section IV, below, to Plaintiffs until 2:30 pm (EST) on September 15, 2023, the date on which this status report was due, and also Rosh Hashana, a religious holiday observed by several of Plaintiffs' counsel.

1   That said, Plaintiffs disagree with UBH's argument that the remand in this case is limited only to addressing whether the exhaustion requirement applies to Plaintiffs' breach of fiduciary duty claim. *See*, *e.g.*, *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (district court "'may consider and decide any matters left open by the mandate of this court....'") (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255-56 (1895); *Reyes v. City of Santa Ana*, No. 21-55940, 2022 WL 14424085, at *1 (9th Cir. Oct. 25, 2022) ("'the rule of mandate allows a lower court to decide anything not foreclosed by the mandate.'") (quoting *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)); *G.P.P., Inc. v. Guardian Prot. Prod., Inc.*, No. 22-15569, 2023 WL 4311611, at *2 (9th Cir. July 3, 2023) ("district court was free to reconsider" an issue where "it was not 'clear' that the issue was foreclosed by [Ninth Circuit's] mandate").

**IV.     UBH's Position as to Proceedings Before this Court on Remand**

After over three years of litigation, this court held a three-week bench trial in October 2017. Following hundreds of pages of post-trial briefing, on February 28, 2019, the Court entered Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52 ("FFCL," ECF No. 413), and on November 3, 2020 the Court issued its Remedies Order. ECF No. 491. The Court then entered its final judgment based on its FFCL and Remedies Order on February 1, 2021 (ECF No. 531). UBH timely appealed from, among other things, the Court's final judgment, Remedies Order, FFCL, and class certification order (ECF No. 532), and the Ninth Circuit largely reversed. *Wit v. United Behavioral Health*, --- F.3d ---, 2023 WL 5356640, at *14 (9th Cir. 2023). Plaintiffs' suggestion that the Ninth Circuit mandate empowers this Court to conduct wide-ranging proceedings on remand, including revisiting pre-trial rulings and modifying the post-trial FFCL is contrary to well-established law and the Ninth Circuit's judgment.

**A. The Court Has No Power To Conduct Proceedings Beyond The Scope of the Ninth Circuit's Limited Remand.**

The Ninth Circuit's judgment is clear. This Court's final judgment in this action, entered on February 1, 2021, is reversed in part and affirmed in part as follows:

1     Article III Standing

2        • This court's determination that "Plaintiffs have Article III standing" is **affirmed**. *Wit*

3           2023 WL 5356640, at *14.

4     Class Certification

5        • This court's order "certifying three classes" – i.e., the *Wit* Guideline Class, the *Wit*

6          State Mandate Class, and the *Alexander* Guideline Class – "to pursue the fiduciary

7          duty claim" is **affirmed**. *Id*.

8        • Conversely, the court's "certification of the denial of benefits classes" is "**reverse[d]**."

9          *Id*. (emphasis added).

10     Merits

11        • The "judgment on Plaintiffs' denial of benefits claim is **reversed** . . . ." *Id*. (emphasis

12          added).

13        • "[T]o the extent the judgment on Plaintiff's fiduciary duty claim is based on the district

14          court's erroneous interpretation of the Plans, it is also **reversed**." *Id*. (emphasis

15          added).

16          Tellingly, the Ninth Circuit's judgment *does not* remand any of the foregoing questions to

17 this Court for further proceedings, nor does it include an "open remand." Rather, the Ninth

18 Circuit's judgment remanded a single, discrete question to this Court. The only issue that is

19 "**remand[ed]** for the district court to answer" is "the threshold question of whether Plaintiffs'

20 fiduciary duty claim is subject to the [administrative] exhaustion requirement." *Id*. (emphasis

21 added).

22          Neither Plaintiffs nor UBH sought rehearing of the Panel's decision, and mandate issued

23 from the Ninth Circuit on September 13, 2023. Under the settled law of this Circuit, "the district

24 court" has "no power to expand [the] remand beyond the boundary ordered by" the Ninth Circuit.

25 *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1173 (9th Cir. 2006); *see also Twentieth Century*

26 *Fox Film Corp. v. Ent. Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005) (trial court correctly "restricted

27 the scope" of proceedings on remand to the specific issue identified by the Ninth Circuit for

28 remand), *abrogated on unrelated grounds by Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873

1  (2019). This Court is thus "bound by the scope of [the] remand to resolve only the remaining

2  issue" identified by the Ninth Circuit's judgment. *Mendez-Gutierrez v. Gonzales*, 444 F.3d at

3  1173; *see also Terbush v. United States*, No. 102CV05509SMS, 2010 WL 399136, at *3 (E.D.

4  Cal. Jan. 28, 2010) ("Where the scope of remand is clear, a district court is bound to resolve only

5  the issue remanded").

6  Accordingly, the role of this Court on remand is limited to (1) applying the Ninth Circuit's

7  reversal as to Plaintiffs' breach of fiduciary duty claim to the existing FFCL and judgment; (2) if

8  necessary, determining the sole issue remanded by the Ninth Circuit relating to the exhaustion of

9  administrative remedies with respect to the fiduciary duty claim; (3) determining which, if any,

10  aspects of the declaratory and injunctive relief in the Remedies Order are enforceable following

11  the Ninth Circuit's mandate and the court's determination of the limited remanded issue; and (4)

12  entering judgment for UBH on the portions of the judgment that were reversed by the Ninth

13  Circuit and, if applicable, on any remaining portions of Plaintiffs' breach of fiduciary duty claim

14  following the Court's determination of the remanded issue.

### i. The Court Has No Authority To Conduct Further Proceedings On Plaintiffs' Denial Of Benefits Claim.

17  Plaintiffs' assertion that the Ninth Circuit reversed this Court's judgment on their denial of

18  benefits claim "only to the extent" that the Court "concluded the plans require coverage for all

19  care consistent with GASC" is incompatible with the Ninth Circuit's opinion. The Ninth Circuit

20  did reverse the judgment on Plaintiffs' denial of benefit claim on that ground that UBH's plan

21  interpretation (as reflected in the challenged guidelines) "gives effect to all the Plan provisions"

22  as a whole. *Wit*, 2023 WL 5356640, at *12. But that was only one of two independent grounds for

23  the Ninth Circuit's judgment of reversal on Plaintiffs' denial of benefit claim.

24  The first and principal ground on which the Ninth Circuit reversed this Court's judgment

25  on the denial of benefits claim was that Plaintiffs did not prove the element of causation. As the

26  Ninth Circuit explained in its discussion of class certification, Plaintiffs fell "short of

27  demonstrating that all class members were denied a full and fair review of their claims" (*Wit*,

28  2023 WL 5356640, at *12) and they did not prove that any (let alone every) class member "might

1   be entitled to benefits under the proper standard." *Id*., at * 9. Since that fundamental failure of
2   proof applies equally to Plaintiffs' denial of benefits claim, the Ninth Circuit began its discussion
3   of "the merits of Plaintiffs' claims" by incorporating its class certification analysis into its merits
4   determination, as well. *Id*., at *11 ("[T]he same errors present in the district court's denial of
5   benefits class certification order also infected its merits and remedy determinations. Rather than
6   determining whether UBH denied Plaintiffs' claims under a flawed provision of the Guidelines,
7   the district court determined that remand was appropriate anytime UBH referenced any portion of
8   the Guidelines in denying the claims."). Plaintiffs simply ignore this independent and dispositive
9   ground for the Ninth Circuit's decision.

10   Second, after concluding that Plaintiffs' denial of benefits claim failed for lack of proof of
11   causation, the Ninth Circuit went on to consider UBH's alternative argument for reversal on the
12   distinct issue of plan interpretation. *See id*., at *11 ("UBH further argues that the district court
13   erred by concluding that the Guidelines improperly deviated from GASC, and by failing to apply
14   an appropriate level of deference to UBH's interpretation of the Plans.") Based on this alternative
15   ground, the panel *also* "reverse[d] the . . . judgment that UBH wrongfully denied benefits to the
16   named Plaintiffs to the extent the district court concluded the Plans require coverage for all care
17   consistent with GASC."[2] *Id.*, at * 13.

18   Nevertheless, because the panel's principal holding on the issue of causation required
19   reversal of this Court's judgment on the denial of benefits claim in full, the Ninth Circuit's
20   ultimate judgment on Plaintiffs' denial of benefits was not a reversal "to the extent," but a
21   reversal in full. *Id*., at * 14 ("Therefore, the judgment on Plaintiffs' denial of benefits claim is
22   reversed"). The exclusion of any "to the extent" language in the panel's ultimate judgment on the
23   denial of benefits claim is particularly notable because, in the very next clause, the Ninth Circuit
24   *did* limit its reversal of the distinct fiduciary duty claim "to the extent the judgment on Plaintiffs'

---

[2] The Ninth Circuit's principal holding on Plaintiffs' failure to prove causation was, itself, sufficient to support the panels' judgment of reversal. This independent ground of plan interpretation also implicated the Ninth Circuit's analysis (and at least partial reversal) of Plaintiffs' separate claim for breach of fiduciary duty. *Id*., at * 13 n.7 ("The district court's judgment on Plaintiffs' breach of fiduciary duty claim also relied heavily on its conclusion that the Guidelines impermissibly deviated from GASC.")

1   breach of fiduciary duty claim is based on the district court's erroneous interpretation of the Plans
2   . . . ." *Id*. Nothing in the Ninth Circuit's order leaves intact any portion of this Court's judgment
3   on Plaintiffs' denial of benefits claim, and that claim was not remanded to this Court for any
4   further proceedings. *Id.*

5   Since the Ninth Circuit's limited remand order did not open the door to any further
6   proceedings on the denial of benefits claim, the Court is without authority to conduct further
7   proceedings on that claim other than to enter judgment in UBH's favor. *See Mendez-Gutierrez*,
8   444 F.3d at 1173; *see also Twentieth Century Fox*, 429 F.3d at 883. The Court should not
9   entertain Plaintiffs' proposed motion for supplemental findings of fact and conclusions of law
10  more than two years after the deadline to seek amendment has passed. Fed. R. Civ. Proc. 52(b)
11  ("On a party's motion filed no later than 28 days after the entry of judgment, the court may
12  amend its findings—or make additional findings—and may amend the judgment accordingly.");
13  Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry
14  of judgment).

### ii. The Court Has No Authority To Modify Its Partially-Reversed Class Certification Order.

17  The Court also should decline to entertain Plaintiff's proposed motion to "re-certify a
18  narrower denial of benefits class, consistent with the August 2023 Opinion." Once again, nothing
19  in the Ninth Circuit's judgment and narrow remand order provides any basis for this Court to
20  further address the denial of benefits claim other than to enter judgment for UBH on that claim.
21  And it certainly provides no basis for Plaintiffs to seek a second, post-judgment bite at the apple
22  on their now-defunct class certification theory. To the contrary, the Court lacks discretion or
23  authority under Rule 23 to entertain a post-judgment motion to modify the prior certification
24  order. Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be
25  altered or amended before final judgment."); *see also Schwarzschild v. Tse*, 69 F.3d 293, 296 (9th
26  Cir. 1995) (class "notice must be sent *before* a judgment has been granted") (emphasis in
27  original). And certifying a narrower denial of benefits class would be futile because the Ninth
28  Circuit reversed judgment on the merits of that claim based on Plaintiffs' failure to prove

1    causation. Changing the class definition would not cure that failure of proof, and the record
2    cannot be reopened after Plaintiffs elected not to introduce proof of causation at trial.

3       Plaintiffs' attempt to revive class certification on their denial of benefits claim as to the
4    State Mandate Class is equally unavailing. As Plaintiffs acknowledge, "[t]he August 2023
5    Opinion does not address certification on a class-by-class basis, but rather claim-by-claim." As to
6    that *entire claim*, the Ninth Circuit held that this Court "abused its discretion in certifying
7    Plaintiffs' denial of benefits claims as class actions" (*Wit*, 2023 WL 5356640, at * 11) and
8    "reverse[d] the . . . certification of the denial of benefits classes," without distinguishing among
9    the three certified classes. *Id*. at *14. Plaintiffs did not seek rehearing, and this Court is bound by
10   that unqualified judgment of reversal.

11      Plaintiffs' contention that the "error found by the Panel" on class certification does not
12   apply to the State Mandate Class's claim also misconstrues the Ninth Circuit's opinion. The panel
13   reversed class certification as to the denial of benefits claim for multiple independent reasons,
14   including the Ninth Circuit's conclusion that reprocessing requires a showing that each class
15   member's "claim was denied based on the wrong standard *and* that he or she might be entitled to
16   benefits under the proper standard." *Id*. at *9 (emphasis in original). That holding applies equally
17   to the State Mandate Class. Even if the Court's determination that UBH applied the "wrong
18   standard" as it relates to the State Mandate Class survives, the Ninth Circuit's opinion is clear that
19   such a finding is *insufficient to support class certification*.[3] Plaintiffs offered no class-wide
20   evidence to prove that each member of the State Mandate Class "might be entitled to benefits
21   under the proper standard." *Id*. The Ninth Circuit emphasized that was because Plaintiffs
22   "stipulated at the class certification stage" that they would <u>not</u> seek to show any causal link
23   between the deficiencies they sought to establish in the guidelines and a denial of benefits. *Id*. at
24   *5 ("Plaintiffs stipulated at the class certification stage of the case that they do not ask the Court
25   to make determinations as to whether individual class members were actually entitled to

---

[3] The Ninth Circuit's holding that the Court "abused its discretion by concluding that the reprocessing remedy could arise under § 1132(a)(3)" similarly makes no distinction between the *Wit* and *Alexander* Guideline Classes and the State Mandate Class. *Wit*, 2023 WL 5356640, at * 11

1  benefits") (quoting FFCL, ECF No. 418, at 11). Plaintiffs cannot now – seven years later – try to
2  retract that stipulation. The Ninth Circuit's clear reversal of class certification as to *all* of "the
3  denial of benefits classes" (*id*. at \*14) applies equally to the State Mandate Class.

### B. The Court Should Set A Briefing Schedule To Address The Narrow Remanded Issue Identified By The Ninth Circuit.

6  Given the scope of the Ninth Circuit's decision and the narrow question remanded to this
7  Court, all that remains for this Court is to: (1) apply the Ninth Circuit's reversal as to Plaintiffs'
8  breach of fiduciary duty claim to the existing FFCL and judgment; (2) if, necessary, determine the
9  sole issue remanded by the Ninth Circuit relating to the exhaustion of administrative remedies
10 with respect to the fiduciary duty claim; (3) determine which, if any, aspects of the declaratory
11 and injunctive relief set forth in the Remedies Order are enforceable following the Ninth Circuit's
12 mandate and the court's determination of the limited remanded issue; and (4) enter judgment for
13 UBH on the portions of the judgment that were reversed by the Ninth Circuit and, if applicable,
14 on any remaining portions of Plaintiffs' breach of fiduciary duty claim following the Court's
15 determination of the remanded issue.

16 To address these issues, UBH suggests that the Court should set an initial schedule for the
17 parties to submit briefing on the scope of the Ninth Circuit's reversal as to Plaintiffs' breach of
18 fiduciary duty claim.  UBH contends that no additional findings of fact or conclusions of law
19 under Rule 52 are necessary (or permissible) to make that determination, which is simply a matter
20 of applying the Ninth Circuit's opinion to the FFCL and judgment already entered, as the Ninth
21 Circuit's opinion makes clear. *See Wit*, 2023 WL 5356640, at \* 34 n.7 ("Our decision does not
22 disturb these findings to the extent they were not intertwined with an incorrect interpretation of
23 the Plans.") To the extent that the Court determines that any portions of the Court's judgment as
24 to the breach of fiduciary duty claim remain following the Ninth Circuit's opinion, the Court
25 should then set a schedule to address the remaining issues (2) through (4) above.[4]

---

[4] To the extent that the Court determines that the entire judgment on Plaintiff's breach of fiduciary duty claim has been reversed, issues of administrative exhaustion and remedies will be moot. All that will be left for the court to do in that event is enter judgment for UBH in full.

**C. The Court Should Continue To Stay Enforcement Of Its Remedies Order, Including All Special Master Proceedings And Orders, Pending Resolution Of The Remanded Issue.**

Pursuant to the Court's March 28, 2022 stay order, the Remedies Order, as well as all further proceedings of the Special Master and the Special Masters order, are "stayed pending the issuance of mandate from the Ninth Circuit on the Merits Appeal." ECF No. 586, at 3. However, there can be no question that many (or all) aspects of the Remedies Order and related Special Master proceedings and Orders are incompatible with the Ninth Circuit's opinion and judgment. Given the Ninth Circuit's reversal of this Court's judgment on the denial of benefits claim, and its at least partial reversal of the judgment on Plaintiffs' breach of fiduciary duty claim, UBH requests that the Court continue its stay of the Remedies Order and related Special Master proceedings and order (ECF No. 586) pending the resolution of issues (1) through (3) above.

Respectfully Submitted:

Dated: September 15, 2023                     ZUCKERMAN SPAEDER LLP

/s/ Caroline E. Reynolds

Caroline E. Reynolds
D. Brian Hufford
Jason S. Cowart

PSYCH-APPEAL, INC.
Meiram Bendat

*Attorneys for Plaintiffs*

Dated: September 15, 2023                     CROWELL & MORING LLP

/s/ Jennifer S. Romano

Jennifer S. Romano
April N. Ross
Andrew Holmer

*Attorneys for Defendant United Behavioral Health*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: September 15, 2023                     /s/ Caroline E. Reynolds
                                              Caroline E. Reynolds