JENNIFER SALZMAN ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 26884)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

DAVID AND NATASHA WIT, *et al.*,

Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),

Defendant.

Case No. 3:14-CV-02346-JCS
Related Case No. 3:14-CV-05337-JCS

**UNITED BEHAVIORAL HEALTH'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL STAY AND RELATED RELIEF**

GARY ALEXANDER, *et al.*,

Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),

Defendant.

## INTRODUCTION

In its August 22, 2023 opinion, the Ninth Circuit "reverse[d] the district court's certification of the denial of benefits classes," and it did so as to the "three classes" this court had previously certified – the *Wit* Guideline Class, the *Wit* State Mandate Class, and the *Alexander* Guideline Class. *Wit v. United Behav. Health*, 79 F.4th 1068, 1084, 1089 (9th Cir. 2023). As Plaintiffs admit, for Plaintiffs' denial of benefits claim, those classes "have been decertified." Mot., ECF No. 609, at 1. The mandate issued on September 13, 2023, and the Ninth Circuit's decertification order is final. ECF No. 603. There are no longer any certified classes as to Plaintiffs' claim for denial of benefits. The Ninth Circuit's mandate leaves this Court with no authority to alter, amend, or modify the decertification order, and no amount of further proceedings in this Court can revive the classes that the Ninth Circuit decertified.

Citing no authority, Plaintiffs ask the court to indefinitely "stay" the denial of benefit claims of absent class members, and delay notice of the Ninth Circuit's binding decision decertifying those claims. Plaintiffs' motion should be denied.

## ARGUMENT

### I. Former Class Members Are Entitled to Notice.

Plaintiffs do not dispute that the Court "must cause notice to be sent to the class" informing the class members of the Ninth Circuit's decertification order. *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1343 n.12 (11th Cir. 2003); *see also Lambert v. Nutraceutical Corp.*, No. EDCV1305942ABSPX, 2015 WL 12655392, at *8 (C.D. Cal. June 24, 2015) ("class members must receive notice following class decertification"). Yet Plaintiffs ask this court to delay the inevitable, mandatory notice to class members because Plaintiffs intend to ask this Court "to modify this Court's class certification order and to certify narrower denial of benefits subclasses . . . ." Mot., at 2. Although this Court lacks authority to hear such a motion (and no narrower classes can be certified consistent with Rule 23 and the Ninth Circuit's order), that is beside the point for now.

For now, the point is that the previously certified denial of benefits classes *are already decertified* by virtue of the Ninth Circuit's opinion and mandate. Whatever new "narrower" classes

Plaintiffs might apparently seek to certify, Plaintiffs effectively admit that any such classes will be different from the prior classes the Ninth Circuit decertified. The hypothetical possibility that *some* (but not all) former class members *might* later be included in a *different* class does not change the need to notify them that the prior classes have been decertified. They should receive that notice now.

Prompt notice of the Ninth Circuit's decertification order is particularly important here because, for absent members of those now-decertified classes, the statute of limitations is *already running* as to any claims they may have for denial of benefits. *Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Lab. (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 856 (9th Cir. 2002) (the "statute began running anew when" class certification was denied); *see also Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372, 375 (5th Cir. 2013) ("the statute of limitations for the putative class members resumes running when . . . a certified class is decertified"); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1394 (11th Cir. 1998) ("statutes of limitations resume running immediately upon" the entry of an "order denying class certification"). Plaintiffs' announcement that they plan to seek certification of "narrower" classes does not change that fact. *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 117 (2d Cir. 2013) (statute of limitations is not tolled for absent class members "even where the plaintiffs seek reconsideration or appeal" of an order denying class certification); *Armstrong*, 138 F.3d at 1389 (fact that plaintiffs sought interlocutory appeal of an order denying class certification did not toll the statute of limitations for absent class members); *Stiller v. Costco Wholesale Corp.*, No. 3:09-CV-2473-GPC-BGS, 2014 WL 4955695, at *3 (S.D. Cal. Oct. 1, 2014) (a "Stay Order" of the entire action following decertification "did not toll the claims of the former putative class action members").

Thus, even if the statute of limitations is briefly tolled on a prospective basis pending prompt notice of decertification (which UBH does not oppose), the Ninth Circuit's decertification order has *already affected* the rights of those former absent class members, and they are entitled to prompt notice.[1] *Birmingham Steel*, 353 F.3d at 1343 (the court "must cause notice to be sent to

[1] Plaintiffs' requested "stay" of the denial of benefits claim will not, by itself, toll the statute of limitations for any former class member. *See Armstrong*, 138 F.3d at 1390 n.35 ("we do not

the class in order that the latter will be made aware that the statute of limitations, tolled during the class action, has begun running upon the decertification of the class”). Plaintiffs admit this, conceding that the Ninth Circuit’s opinion and mandate “may have triggered limitations periods that could run before the class members could be notified” of the decision. Mot., at 3. Class members are entitled to notice of that fact without delay.

Prompt notice of the Ninth Circuit’s decertification order also is necessary to ensure that individual members of the former classes can choose whether to commence their own individual actions. These consolidated lawsuits were filed nearly a decade ago, and the former classes were certified more than six years ago. Upon learning of class decertification, many class members might prefer to seek final resolution of their denial of benefit claims through individual litigation rather than continuing to wait on the off-chance that some undefined “narrower” class might be certified in the future, might include them and their claims, and might survive appellate review despite the Ninth Circuit’s clear mandate rejecting Plaintiffs’ theory of class certification.

## II. Concerns About Confusion And Administration Weigh In Favor Of Prompt Notice

Plaintiffs’ speculative assertions of potential confusion are not grounds to delay notice of the decertification order. Citing only the possibility that the Court might in the future “grant[] a motion to certify a new subclass,” Plaintiffs argue that that class members should not be notified of the Ninth Circuit’s decertification order now because, according to Plaintiffs, any *hypothetical* notice of such a subclass might confuse class members. Mot. at 3. Plaintiffs cite no authority to suggest that the court has authority to, or should, delay the mandatory notice of class decertification based solely on Plaintiffs’ unfounded speculation about the prospects of a supposed “narrower” class, which they have not even identified. To the contrary, “the risk of confusion decertification may have on class members is inherent in any class action suit,” and is not a reason for delay. *Lopez v. Liberty Mut. Ins. Co.*, No. 214CV05576ABJCX, 2019 WL 1452906, at *4 (C.D. Cal. Jan. 9, 2019) (denying a stay of class notice pending appeal from a class certification order) (quotation

---

hold that a stay of a district court’s order denying certification would toll the limitations period”); *Stiller*, 2014 WL 4955695, at *3.

marks omitted).

In any event, Plaintiffs' proposed delay will create more, not less, confusion. Even if a different class could be later certified (and, to be clear, it cannot be), members of the decertified classes will still need to be notified of the Ninth Circuit's decertification order for all the reasons stated above. Thus, to the extent that a different class is later certified, delaying notice of decertification will result in members of any (improper) *new* class receiving simultaneous notices of both decertification and certification, leaving them confused as to whether they are in or out of the class.[2] The better, less confusing course is to send notice of decertification now. To the extent that a new class is later certified, members of that new class will receive a separate notice informing them of that new and different class, without the confusion of cross-notice.

Plaintiffs' assertion that "it takes time for notice to be provided to class members" (Mot., at 3) also counsels in favor of prompt notice, not against it. For example, following the Court's prior order of partial decertification, it took more than two months to finalize and send just 528 decertification notices. *Compare* ECF No. 490 (partial decertification order dated November 3, 2020), *with* ECF No. 529 (notice informing the court that 528 decertification notices were mailed on January 22, 2021). Yet Plaintiffs ask this Court to indefinitely delay even the initiation of that lengthy process to over 60,000 members of the denial of benefits classes based solely on their speculation that the Court *might* allow them to seek certification in the future of a "narrower" class and then *might* grant such a motion (both of which UBH will oppose). Again, Plaintiffs cite no authority to justify adding more indefinite delay. The parties should begin that process now.

## III. UBH Does Not Oppose Prospective Tolling Pending Prompt Decertification Notice.

As explained above, following the Ninth Circuit's opinion and mandate, the statute of

[2] Plaintiffs also express concern that sending notice of decertification will "needlessly compound the expense of this action." Mot., at 3. It is true that "it is Plaintiff's duty to . . . bear the cost of class notice" following decertification. *Lambert*, 2015 WL 12655392, at *8. But, as discussed above, that cost is not "needless"; it is mandatory in light of the Ninth Circuit's final and binding decertification order. The timing of when Plaintiffs should bear that cost is not an appropriate consideration for determining when former class members should be notified of the Ninth Circuit's decertification order and its impact on their substantive rights.

limitations immediately resumed running on former class members' individual claims for denial of benefits. To avoid any further prejudice to former class members' ability to bring a timely individual claim, UBH does not oppose an order tolling the statute of limitations for the individual denial of benefits claims of any former class members—to the extent such period has not already expired—on a prospective basis until 120 days after notice of the Ninth Circuit's decertification order is provided to those former class members. But neither the interests of justice, nor the important purpose of the applicable limitations periods, will be served by *indefinite* tolling while Plaintiffs erroneously pursue certification of different classes after entry of final judgment and appeal. Any prospective tolling should be limited to 120 days after notice is mailed, and the notice process should begin immediately.

Dated: October 13, 2023

CROWELL & MORING LLP

*/s/ Jennifer S. Romano*
Jennifer S. Romano
April N. Ross
Andrew Holmer

*Counsel for Defendant*
*United Behavioral Health*