UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WIT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>　　　　Defendant. | Case No. 14-cv-02346-JCS<br><br>**ORDER GRANTING MOTION FOR PARTIAL STAY, VACATING MOTION HEARING, ADJUSTING DATES RE CASE MANAGEMENT CONFERENCE AND SCOPE OF REMAND BRIEFING AND SETTING HEARING ON SCOPE OF REMAND**<br><br>Re: Dkt. No. 609 |

## I.　INTRODUCTION

Plaintiffs have filed a Motion for Partial Stay and Related Relief ("Motion") in which they ask the Court for an order: 1) staying the case with respect to the class members' denial-of-benefits claims until the Court rules on the scope of remand; and 2) tolling the limitations period on any individual denial-of-benefits claims in this case that are no longer subject to class treatment until 120 days after notice of the same is provided to the affected class members. The Court has reviewed the parties' briefs and finds that the Motion is suitable for determination without oral argument. Accordingly, the motion hearing scheduled for November 3, 2023 at 9:30 a.m. is vacated pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED.[1]

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

**II.     DISCUSSION**

Under Fed. R. Civ. P. 23(d)(1)(B)(i), the Court is authorized to issue orders to require "giving appropriate notice to some or all class members of . . . any step in the action" "to protect class members and fairly conduct the action." Fed. R. Civ. P. 23(d)(1)(B)(i). Thus, when a district court decertifies a class, it must "see that timely notification of decertification is sent to the class" alerting members "that the statute of limitations has begun to run again on their individual claims." *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1339 (11th Cir. 2003). Likewise, it is undisputed that members of the denial-of-benefits class must be given notice that the Ninth Circuit has reversed this Court's certification of that class.[2] There is also no dispute that it is appropriate to toll the limitations period on any individual claims of these former class members for 120 days from the date when notice is given. *See* dkt. no. 611 at 5 ("UBH does not oppose an order tolling the statute of limitations for the individual denial of benefits claims of any former class members—to the extent such period has not already expired—on a prospective basis until 120 days after notice of the Ninth Circuit's decertification order is provided to those former class members."); *see also McReynolds v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 05 C 6583, 2012 WL 5278555, at *2 (N.D. Ill. July 13, 2012) (certifying a class that excluded certain putative class members, ordering that notice be sent to the former putative class members pursuant to Rule 23(d)(1)(B)(i), staying all proceedings as to those class members and tolling the limitations period for their individual claims for 120 days). The only dispute relates to whether the Court should immediately order that notice be given to these former class members (as UBH contends) or whether a brief stay should be entered as to their individual denial-of-benefits claims so that the Court can resolve the parties' dispute relating to the scope of the remand before it requires that notice be sent to these individuals. The Court concludes that the latter approach best protects the interests of these former class members.

---

[2] There *is* a dispute as to whether the statute of limitations on the individual denial-of-benefits claims of the decertified class members is currently running, but the Court does not need to decide that question. Rather, the Court assumes for the purposes of deciding the instant Motion that the limitations period is (as UBH contends) running, and therefore that it is necessary to protect these former class members with respect to the running of the statute of limitations.

1   UBH's opposition to a short delay in sending notice to class members is based on its
2   position that the Ninth Circuit's mandate "leaves this Court with no authority to alter, amend, or
3   modify the decertification order, and no amount of further proceedings in this Court can revive the
4   classes that the Ninth Circuit decertified." *Id.* at 1. That, however, is a question that the Court has
5   not yet decided and that is still being briefed.  Given that the Court's decision regarding the
6   appropriate scope of remand may have important implications for the individuals who are to
7   receive notice and the choices they make with respect to their individual claims going forward, it
8   is simply common sense to delay notice to these individuals at least for the brief period required
9   for the Court to resolve that question. This is true even if the Court ultimately agrees with UBH
10  that it cannot amend its prior certification of the denial-of-benefits class as that determination is
11  likely to be an important factor for some former class members in deciding whether or not they
12  should initiate individual actions.

13  The Court is mindful of the need to act expeditiously, however, and does not take lightly
14  UBH's concern that Plaintiffs may be seeking an "indefinite" stay. **To that end, the Court finds**
15  **that it is appropriate to accelerate the briefing schedule it previously set for addressing the**
16  **scope of remand by moving Plaintiffs' deadline to file a reply brief to November 20, 2023**
17  **and Defendant's deadline to file a sur-reply to November 27, 2023.** A hearing on the scope of
18  remand issue will be held on **December 8, 2023 at 9:30 a.m.** unless the Court determines that the
19  issue can be decided without a hearing before that date. Assuming the hearing goes forward, the
20  Court expects to issue an order resolving the dispute promptly following the hearing. At that time,
21  the Court and the parties will be better equipped to address the appropriate form of notice and
22  timing of such a notice. The Case Management Conference currently set for **December 15, 2023**
23  **at 2:00 p.m.** is rescheduled for **December 8, 2023 at 9:30 a.m.**
24  Therefore, the Court ORDERS as follows:
25  1. The case is STAYED with respect to the class members' denial-of-benefits claims until the
26     Court rules on the scope of remand; to the extent Plaintiffs seek to extend the stay beyond
27     that date, the Court will set a briefing schedule for any such request in its order addressing
28     the scope of remand.

2. The limitations period on any individual denial-of-benefits claims that are no longer subject to class treatment in this case are TOLLED until 120 days after notice of the same is provided to the affected class members.

**IT IS SO ORDERED.**

Dated: October 27, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge