JENNIFER SALZMAN ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**UNITED BEHAVIORAL HEALTH'S BRIEF ON SCOPE OF REMAND** |
| GARY ALEXANDER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | |

# TABLE OF CONTENTS


INTRODUCTION ........ 1

BACKGROUND ........ 2

A. Plaintiffs Obtained Class Certification, Pursued A 10-Day Bench Trial, And Obtained Remedies And Judgment Based On Their Novel Theory Of Procedural Harm........ 2

B. On Appeal, Plaintiffs Repeatedly Sought Rehearing Before The Ninth Circuit Issued The August 22, 2023 Decision. ........ 4

C. The Ninth Circuit Categorically Rejected Plaintiffs' Novel Case Theory. ........ 5

1. The Ninth Circuit Affirms Plaintiffs' Article III Standing But That Aspect Of The Ruling Does Not Decide ERISA Causation........ 6

2. The Ninth Circuit Reverses Certification Of The Denial Of Benefits Claim. ........ 7

3. The Ninth Circuit Concludes Plaintiffs' Denial Of Benefits Claim Also Fails On The Merits And Reverses Judgment. ........ 8

4. The Ninth Circuit Leaves the Breach of Fiduciary Duty Classes Intact And Partially Reverses That Claim On The Merits. ........ 10

5. The Ninth Circuit Declines To Reach The Question Of Whether Plaintiffs' Breach Of Fiduciary Duty Claim Is Subject To Administrative Exhaustion. ........ 10

6. The Court Remands For Further Limited Proceedings On Plaintiffs' Breach of Fiduciary Duty Claims. ........ 11

D. Post-Mandate Proceedings ........ 12

ARGUMENT ........ 12

I. This Court Lacks Authority To Consider Issues Beyond The Sole Remanded Question Of Administrative Exhaustion. ........ 12

II. Executing The Mandate Requires Entering Judgment For UBH On The Denial Of Benefits Claim........ 17

A. Executing The Mandate Requires The Court To Enter Judgment For UBH On Plaintiffs' Denial Of Benefits Claim. ........ 18

B. Executing The Mandate Requires That The Court Clarify The Judgment And Remedies As To The Breach Of Fiduciary Duty Claim Based On The Ninth Circuit's Holding That The Plans Did Not Require Coverage Of All Care Consistent With GASC. ........ 19

C. Plaintiffs May Not Nullify The Ninth Circuit's Judgment By Seeking New Factual Findings Post-Appeal. .......... 22

D. The Court Should Maintain The Stay On Prospective Injunctive Relief Until The Ninth Circuit's Mandate Has Been Fully Effectuated. .......... 24

III. The Mandate Requires That The Court Determine Whether Members Of The Breach Of Fiduciary Duty Class Were Required To Exhaust Administrative Remedies. .......... 24

A. The Ninth Circuit Ordered Remand To Assess Whether Exhaustion Is Required. .......... 24

B. Plaintiffs And Class Members Were Required To Exhaust Administrative Remedies Before Bringing Suit. .......... 25

IV. Plaintiffs' Other Proposed Actions On Remand Are Improper. .......... 28

A. Plaintiffs Are Not Entitled To An Opportunity To Correct Their Fatally-Flawed Denial Of Benefits Class. .......... 29

1. Allowing Plaintiffs To Seek Class Certification Again Would Violate The Ninth Circuit's Mandate. .......... 29

2. Plaintiffs' Litigation Choices Foreclose Their Belated Attempt To Seek Reprocessing On A New Theory. .......... 32

3. Any Recertification Of A Denial Of Benefits Class Would Be Futile Because Plaintiffs Have Failed To Exhaust Administrative Remedies. .......... 35

B. Plaintiffs Cannot Seek Any New Forms Of Relief. .......... 36

CONCLUSION .......... 36

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amato v. Bernard*,
618 F.2d 559 (9th Cir. 1980) ....................25

*BankAmerica Pension Plan v. McMath*,
206 F.3d 821 (9th Cir. 2000) ....................34

*Behrend v. Comcast Corp.*,
655 F.3d 182 (3d Cir. 2011)....................31

*Brown v. Wright*,
588 F.2d 708 (9th Cir. 1978) ....................34

*City of Oakland v. Wells Fargo & Co.*,
14 F.4th 1030 (9th Cir. 2021) ....................6

*Conde Quevedo v. Barr*,
947 F.3d 1238 (9th Cir. 2020) ....................13

*Conley v. Pitney Bowes*,
34 F.3d 714 (8th Cir. 1994) ....................26

*Diaz v. United Agric. Emp. Welfare Benefit Plan and Trust*,
50 F.3d 1478 (9th Cir. 1995) ....................1, 26

*Dukes v. Wal-Mart Stores, Inc.*,
2012 WL 4329009 (N.D. Cal. Sept. 21, 2012) ....................31

*Facebook, Inc. v. Power Ventures, Inc.*,
252 F. Supp. 3d 765 (N.D. Cal. 2017), *aff'd*, 749 F. App'x 557 (9th Cir. 2019) ....................34

*Firth v. United States*,
554 F.2d 990 (9th Cir. 1977) ....................16, 17, 22, 29

*Flores v. Barr*,
934 F.3d 910 (9th Cir. 2019) ....................33

*G.P.P., Inc. v. Guardian Prot. Prod. Inc.*,
No. 22-15569, 2023 WL 4311611 (9th Cir. July 2, 2023)....................16

*Gene & Gene, L.L.C. v. BioPay, L.L.C.*,
624 F.3d 698 (5th Cir. 2010) ....................29, 31

*Glaberson v. Comcast Corp.*,
295 F.R.D. 95 (E.D. Pa. 2013)....................30

*Greany v. W. Farm Bureau Life Ins. Co.*,
973 F.2d 812 (9th Cir. 2022) ....................35

*Guenther v. Lockheed Martin Corp.*,
972 F.3d 1054 (9th Cir. 2020) ....................26

*Hall v. City of Los Angeles*,
697 F.3d 1059 (9th Cir. 2012) ....................12, 15, 16

*Jeldness v. Pearce*,
30 F.3d 1220 (9th Cir. 1994) ....................14

*Kerkhof v. MCI WorldCom, Inc.*,
282 F.3d 44 (1st Cir. 2002) ....................30

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014) ....................6

*LiButti v. United States*,
178 F.3d 114 (2d Cir. 1999) ....................34

*Meeks v. Experian Info. Sols., Inc.*,
Case No. 21-cv-03266-VC, 2022 WL 53832 (N.D. Cal. Jan. 5, 2022), *rev'd and remanded on other grounds*, 2022 WL 17958634 (9th Cir. Dec. 27, 2022) ....................33

*Mendez-Gutierrez v. Gonzales*,
444 F.3d 1168 (9th Cir. 2006) ....................13, 36

*Nationstar Mortgage LLC v. River Glider Ave. Trust*,
No. 20-17271, 2022 WL 187840 (9th Cir. Jan. 2022) ....................15

*Noren v. Jefferson Pilot Fin. Ins. Co.*,
378 F. App'x 696 (9th Cir. 2010) ....................28

*Odima v. Westin Tucson Hotel*,
53 F.3d 1484 (9th Cir. 1995) ....................16

*Pit River Tribe v. U.S. Forest Serv.*,
615 F.3d 1069 (9th Cir. 2010) ....................13

*Planned Parenthood of Columbia/Willamette Inc. v. Am. Coalition of Life Activists*,
422 F.3d 949 (9th Cir. 2005) ....................12, 13

*In re Qualcomm Antitrust Litig.*,
Case No. 17-md-02773-JSC, 2023 WL 6301063 (N.D. Cal. Sept. 26, 2023) ....................28, 32

*In re Sanford Fork & Tool Co.*,
160 U.S. 247 (1895) ....................12, 15

*Schmookler v. Empire Blue Cross & Blue Shield*,
107 F.3d 4 (2d Cir. 1997) ....................28

*Schwarzschild v. Tse*,
69 F.3d 293 (9th Cir. 1995) ....................30

*Sheldon L. Pollack Corp. v. Universal Health Servs. Inc.*,
919 F.2d 741 (9th Cir. 1990) ....................34

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*,
770 F.3d 1282 (9th Cir. 2014) ....................26

*Stacy v. Colvin*,
825 F.3d 563 (9th Cir. 2016) ....................16

*Stephens v. Pension Ben. Guar. Corp.*,
755 F.3d 959 (D.C. Cir. 2014) ....................26

*Twentieth Cent. Fox Film Corp. v. Ent. Distrib.*,
429 F.3d 869 (9th Cir. 2005), *abrogated on other grounds by Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019) ....................11

*United States v. Cote*,
51 F.3d 178 (9th Cir. 1995) ....................15

*United States v. Kellington*,
217 F.3d 1084 (9th Cir. 2000) ....................15

*United States v. Thrasher*,
483 F.3d 977 (9th Cir. 2007) ....................13, 14, 17

*Van v. LLR, Inc.*,
61 F.4th 1053 (9th Cir. 2023) ....................31

*Van v. LLR, Inc.*,
Case No. 3:18-cv-00197-JMK, 2023 WL 3338630 (D. Alaska May 10, 2023) ....................31

*Vidrio v. United Airlines, Inc.*,
No. CV157985PSGMRWX, 2021 WL 3884282 (C.D. Cal. June 29, 2021) ....................13

*Washington Alder LLC v. Weyerhaeuser Co.*,
No. CV 03-753-PA, 2004 WL 1119822 (D. Or. May 19, 2004) ....................34

*Wit v. United Behavioral Health*,
58 F.4th 1080 (9th Cir. 2023) .................... *passim*

*Wit v. United Behavioral Health*,
79 F.4th 1068 (9th Cir. 2023) .................... *passim*

**Statutes**

Rules Enabling Act, 28 U.S.C. § 2072(b) ........ 3, 8, 35

**Other Authorities**

Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2804 (3d ed.) ........ 34

Fed. R. Civ. P. 1 ........ 28

Fed. R. Civ. P. 23 ........ 5, 8, 30, 35

Fed. R. Civ. P. 23(c)(1)(C) ........ 30

Fed. R. Civ. P. 23(f) ........ 3, 30, 31

Fed. R. Civ. P. 52(b) ........ 22, 29

Fed. R. Civ. P. 59 ........ 34, 35

## INTRODUCTION

For years, Plaintiffs asked this Court to embrace a novel "process" theory of ERISA. Plaintiffs made this tactical request to overcome individualized issues (concerning harm and causation) that would otherwise plainly have barred their requests for class certification of their denial of benefits claims. This Court accepted that request, certified Plaintiffs' proposed classes, and, following a bench trial, entered judgment in Plaintiffs' favor. The Ninth Circuit has now clearly rejected that "process" theory as a matter of law. The Ninth Circuit held that before a plaintiff is entitled to reprocessing as a remedy under ERISA, she must show that she might actually *benefit* from that remedy. That holding means the denial of benefits issues have been conclusively resolved against Plaintiffs, and there is nothing to do on remand with respect to those claims other than enter judgment in UBH's favor and promptly notify absent class members that those claims have been decertified.

Plaintiffs see things differently. They believe that, because the matter has been remanded, this Court can and should now conduct a complete do-over of this decade-long proceeding. Plaintiffs seek to reopen the record to introduce more evidence about their claims, show that they were in fact harmed by the Guidelines, and recraft a "narrower" bid for class certification in some unspecified way. These requests violate the mandate rule and mischaracterize and ignore key portions of the Ninth Circuit's decision. The Ninth Circuit was not agnostic as to whether Plaintiffs failed to prove their benefits classes—it *held* that they failed to do so as a matter of law. Plaintiffs' requests also both ignore their blatant waiver of these issues and fail to meet the stringent requirements needed to reopen the record following a trial. This is not a case in which the discovery of critical new post-trial evidence requires reopening the record as a matter of fairness; it is instead a case in which Plaintiffs made the tactical choice not to introduce that evidence and must now stand by that choice following a class trial. This Court should reject Plaintiffs' request for a free-for-all on their benefits claims on remand.

That does not mean there is nothing for the Court to do on remand other than enter judgment and notify the class. The Ninth Circuit made clear that there are three remaining

substantive issues for this Court to address concerning Plaintiffs' breach of fiduciary duty claims. *First*, the Court should apply the Ninth Circuit's holding to Plaintiff's breach of fiduciary duty claim and clarify the extent to which the Ninth Circuit's holding reversed the judgment on that claim. In particular, the Ninth Circuit held that this Court erred to the extent it held that UBH breached its fiduciary duties by failing to cover *all* treatment that was consistent with Generally Accepted Standards of Care ("GASC"). The Court should clarify that this was its holding and enter judgment for UBH on that claim. *Second*, the Court should decide which aspects, if any, of the declaratory and injunctive relief in the Remedies Order are enforceable following the Ninth Circuit's decision, which held that this Court cannot require UBH to develop guidelines that exclusively mirror GASC. *Third*, if any portion of Plaintiffs' breach of fiduciary duty claim remains following the Court's resolution of the first issue noted above, the Court should then decide whether Plaintiffs and absent class members were required to exhaust available administrative remedies before bringing their claims. In so doing, the Court should decide that Plaintiffs failed to exhaust those remedies, thereby barring their breach of fiduciary duty claim.

This is all that is required, and all that is permitted, to carry forth the Ninth Circuit's mandate. Plaintiffs are not entitled to a second chance at proving their defective claims.

## BACKGROUND

### A. Plaintiffs Obtained Class Certification, Pursued A 10-Day Bench Trial, And Obtained Remedies And Judgment Based On Their Novel Theory Of Procedural Harm.

The Ninth Circuit's August 22, 2023 decision caps off almost ten years of hard-fought litigation. Throughout that time, Plaintiffs consistently cast their claims as a purely "facial challenge" to UBH's Level of Care Guidelines ("LOCGs" or "Guidelines") based solely on the alleged procedural "harm" of having had their claims for benefits reviewed under UBH's former LOCGs.

It is not debatable that it was this theory of procedural harm on which Plaintiffs expressly sought and obtained class certification. *See* Findings of Fact and Conclusions of Law ("FFCL"), ECF No. 418, ¶ 19 ("Plaintiffs stipulated at the class certification stage of the case that they do

not ask the Court to make determinations as to whether individual class members were actually entitled to benefits . . . Rather, they assert only facial challenges to the Guidelines."). UBH opposed Plaintiffs' motion for class certification, among other reasons, because Plaintiffs' theory of procedural harm was insufficient to support a claim under ERISA, and thus could not support class certification without violating the Rules Enabling Act, 28 U.S.C. § 2072(b). *See*, *e.g.*, UBH Opp. to Pls. Mot. for Class Cert., ECF No. 149, at 20–22. But the Court accepted Plaintiffs' assertion of procedural harm and certified three classes on that basis. *See* Class Cert. Order, ECF No. 174, at 31 (granting class certification because the "harm alleged by Plaintiffs—the promulgation and application of defective guidelines to the putative class members—is common to all of the putative class members").

As Plaintiffs have acknowledged, the theory of procedural harm on which they premised their entire case, and on which this Court granted class certification, was novel and untested. *See* Pls. Mot. for Attorneys' Fees, ECF No. 507, at 1 (arguing "[n]o other lawyer had ever brought similar claims, much less prevailed on them"). Yet when UBH sought interlocutory Ninth Circuit review that would have provided guidance on the viability of that central legal theory before trial on the merits, Plaintiffs opposed review, Ninth Cir. No. 16-80164, ECF No. 2, and the Ninth Circuit denied UBH's Rule 23(f) petition. Ninth Cir. No. 16-80164, ECF No. 6.

Plaintiffs then made the strategic decision to proceed to trial based solely on their untested, facial-challenge theory of procedural harm. *See* Pls. Trial Br., ECF No. 299 at 5–7 (arguing that "Individualized Facts Concerning Absent Class Members" did not need to be addressed at trial). Not a single Plaintiff or class member testified at trial. Over the 10-day bench trial, Plaintiffs offered no evidence to show that they suffered cognizable injuries under ERISA (e.g., by paying for their own care, as opposed to accepting payment at a lower level of care) or how their, or any class member's, claims might have been affected by the challenged guidelines or adjudicated under their preferred guidelines. This was not an accident. It was a strategic choice by Plaintiffs, aided by sophisticated counsel, to pursue a class certification and trial strategy premised on a novel theory of procedural harm. And based on that same theory, the

Court entered its FFCL, ECF No. 418, issued its Remedies Order, ECF No. 491, and entered a class-wide judgment in favor of Plaintiffs and the classes. ECF No. 531.

**B. On Appeal, Plaintiffs Repeatedly Sought Rehearing Before The Ninth Circuit Issued The August 22, 2023 Decision.**

Plaintiffs mischaracterize the scope of UBH's appeal and the issues presented to the Ninth Circuit. UBH appealed this Court's judgment arguing, among other things, that Plaintiffs' conscious strategic decision to pursue their claims as a purely "facial challenge" to UBH's Guidelines was insufficient to support either class certification or a judgment on the merits. *See* UBH Not. of Appeal, ECF No. 532; UBH Opening Br. on Appeal, Ninth Cir. No. 20-17363 ("App."), ECF No. 25. UBH argued that this fundamental error, i.e., "relaxing that [causation] requirement to facilitate class treatment . . . infects *all the classes and relief awarded* below," whether styled as a claim for denial of benefits or for breach of fiduciary duty. UBH Opening Br. on Appeal, App. ECF No. 25, at 24–25 (emphasis added). UBH thus argued on appeal that "all [three] classes" should be "decertif[ied]" and that judgment should be reversed "on all the named Plaintiffs' claims" for both denial of benefits and breach of fiduciary duty. *Id*. It is thus demonstrably incorrect for Plaintiffs to claim, as they do in their Remand Brief, that UBH did not challenge: (1) certification of the *Wit* State Mandate Class; (2) certification of the two Guidelines Classes "insofar as they asserted breach of fiduciary duty claims;" (3) the Court's ruling on the merits of Plaintiffs' breach of fiduciary duty claims; or (4) the Court's ruling on the merits of the State Mandate Class's denial of benefit claim. *See* Pls. Remand Br., at 2. UBH expressly challenged this Court's judgment as to all classes, all claims, and all remedies.

Plaintiffs' assertion that UBH did not challenge "the Court's entry of a declaratory judgment; [or] the Court's issuance of prospective injunctive relief for the Classes," *id.*, also is false. In addition to arguing that the relaxed causation requirement rendered "all the relief awarded" by this Court improper, UBH argued that the Court "independently committed reversible error" by "usurp[ing] UBH's discretionary authority, rewrit[ing] the underlying plans, and impos[ing] its preferred medical standards on UBH and the plans it administers for an astounding *twenty-year period* from 2011 to late 2030." UBH Opening Br. on Appeal, App.,

ECF No. 25, at 43–44; *see also id.* at 45 (arguing that, between the retrospective and prospective relief ordered by the Court, the Court impermissibly "impos[ed] Plaintiffs' preferred guidelines on UBH (and the thousands of plans it administers) for a twenty-year period").

Following oral argument, the Ninth Circuit issued an unpublished memorandum decision reversing this Court's judgment in full on the merits. *See* App. ECF No. 92-1 (the "March 22, 2022 Memorandum"). Plaintiffs sought rehearing of the March 22, 2022 Memorandum. *See* App. ECF No. 97-1. On January 26, 2023, the Ninth Circuit denied Plaintiffs' request for rehearing and withdrew the March 22, 2022 Memorandum. App. ECF No. 123. It then issued a published opinion reversing in part, and affirming in part, the Judgment. *See Wit v. United Behavioral Health*, 58 F.4th 1080 (9th Cir. 2023) (the "January 26, 2023 Opinion"). Plaintiffs once again sought rehearing. App. ECF No. 128. On August 22, 2023, the Ninth Circuit issued a new opinion replacing the January 26, 2023 decision in full. *See Wit v. United Behavioral Health*, 79 F.4th 1068 (9th Cir. 2023) ("*Wit*"). The mandate then issued. ECF No. 603.

Throughout the Ninth Circuit proceedings, Plaintiffs never argued that they could or would narrow the scope of their denial of benefits class and never requested an opportunity to do so to cure potential defects in their process-based theory. Rather, they vigorously defended their procedural harm theory as sufficient under Rule 23 and ERISA.

### C. The Ninth Circuit Categorically Rejected Plaintiffs' Novel Case Theory.

The Ninth Circuit's decision on August 22, 2023 conclusively resolves all but a few clearly-defined issues in this case. The Ninth Circuit: (1) affirmed Plaintiffs' Article III standing; (2) reversed class certification as to Plaintiffs' denial of benefits claims; (3) reversed the judgment on Plaintiffs' denial of benefits claim on the merits; and (4) affirmed certification of Plaintiffs' breach of fiduciary duty claim and reversed the class-wide judgment on that claim on the merits to the extent it is based on an incorrect interpretation of the coverage requirements under Plaintiffs' benefits plans. The Ninth Circuit also remanded for further proceedings on one specific issue: whether unnamed members of Plaintiffs' breach of fiduciary duty class were required to exhaust all available administrative remedies before bringing suit.

**1. The Ninth Circuit Affirms Plaintiffs' Article III Standing But That Aspect Of The Ruling Does Not Decide ERISA Causation.**

The Ninth Circuit affirmed the Court's determination that Plaintiffs have Article III standing to assert their breach of fiduciary duty and denial of benefits claims. *Wit*, 79 F.4th at 1082–83. In doing so, the Ninth Circuit analyzed whether Plaintiffs had sufficiently alleged a concrete, particularized injury that was "fairly traceable" to UBH's conduct. *See id.* The Ninth Circuit concluded that Plaintiffs' allegations were sufficient for standing purposes because Plaintiffs' "interest in the proper interpretation of their contractual benefits, inability to know the scope of coverage under their Plans, and denial of coverage requests" were all allegedly "connected to" UBH's development and use of the Guidelines. *Id.* at 1083.

Plaintiffs argue that the Ninth Circuit's narrow determination of Article III standing also extends to the statutory element of causation required under ERISA, arguing that the Ninth Circuit rejected UBH's argument that "Plaintiffs had failed to *prove* causation as to their denial of benefits claim." Pls. Remand Br., at 11–12 (emphasis added). That is a blatant misstatement. Under settled law (and indeed, the Ninth Circuit's decision in *Wit*), Article III standing and statutory causation requirements "are not coextensive." *City of Oakland v. Wells Fargo & Co.*, 14 F.4th 1030, 1039 (9th Cir. 2021) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 (2014)). As the Supreme Court has explained, Article III standing is a constitutional "bare minimum," *Lexmark Int'l.*, 572 U.S. at 137, and it does not "allow all factually injured plaintiffs to recover" irrespective of more stringent *statutory* causation requirements. *Id.* at 129; *see also id.* ("[W]e generally presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute."); *id.* at 134 n.6 ("Proximate causation is not a requirement of Article III standing.").

Plaintiffs' statement is not only legally false, it ignores the reality of this lengthy proceeding. As the Court knows, Plaintiffs never tried to make the statutory causation showing required under ERISA and instead repeatedly disclaimed any need to do so. *See* FFCL, ECF No. 418, ¶ 19 ("Plaintiffs stipulated at the class certification stage of the case that they do not ask the Court to make determinations as to whether individual class members were actually entitled to

benefits."); *see also* Pls. Trial Br., ECF No. 299, at 5 (listing "individualized facts concerning absent class members" among the "issues that need not be addressed at trial."). Thus, as detailed below, when the Ninth Circuit actually addressed the question of whether Plaintiffs met their statutory burden under ERISA to prove claims denials were caused by a challenged portion of the Guidelines, the Ninth Circuit held that they had not. *Wit*, 79 F.4th at 1086.

**2. The Ninth Circuit Reverses Certification Of The Denial Of Benefits Claim.**

After an extensive review and discussion of the record, the Ninth Circuit reversed the Court's certification of all three denial of benefits classes. *Wit*, 79 F.4th at 1083–86. The Ninth Circuit explained that under ERISA, a plaintiff may contend that they have been denied their right to a "full and fair review" of their benefits claim based on application of an improper standard, *see id.*, but to prevail, the plaintiff must have evidence demonstrating that he or she was injured, and "that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard." *Id.* at 1084 (citing *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 458, 460–61 (9th Cir. 1996); *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948 949–51 (9th Cir. 1993)). Thus, the Ninth Circuit held that the Court erred in concluding that Plaintiffs were entitled to reprocessing "regardless of the individual circumstances at issue in their claims." *Id.* The Ninth Circuit emphasized that it has "never held that a plaintiff is entitled to reprocessing without a showing that application of the wrong standard could have prejudiced the claimant," *id.* at 1084, and that both the Ninth Circuit and other circuit courts have held that reprocessing is only available where a claimant shows prejudice from the benefits denial and eligibility for the denied benefit. *Id.* at 1084–85.

The Ninth Circuit also found insufficient evidence in the record to support Plaintiffs' and the Court's reasoning that no individualized inquiry into harm was required because "every Guidelines-based denial *necessarily* implicated" one of the many defects in the Guidelines. *See id.* at 1085. To the contrary, the Ninth Circuit found that there were "many provisions of the Level of Care Guidelines that Plaintiffs did not challenge and that the district court did not find

to be overly restrictive." *Id.* Thus, defining the classes to include any member whose claim denial was based on application of the Guidelines meant that the classes impermissibly included members who were denied coverage based on *unchallenged* portions of the Guidelines. *Id.* ("Plaintiffs do not show that claimants who were denied coverage solely based on unchallenged provisions of these Guidelines were denied a full and fair review, yet those claimants are included in the certified classes.").

This error was even more pronounced with respect to class members whose claims were denied based on UBH's Coverage Determination Guidelines, which merely incorporated the LOCGs. *Id.* ("There is no indication that a claimant whose claim was denied under one of the many unchallenged provisions in the Coverage Determination Guidelines failed to receive a full and fair review of his or her claim."). And for the same reasons, the Ninth Circuit also held that the Court erred in certifying classes that included plan members whose claims had been denied "in part" due to the LOCGs. *See id.* at 1085–86 (noting existence of record evidence indicating that some class members' claims had been denied for reasons "wholly independent" of the Guidelines).

Ultimately, the Ninth Circuit concluded that Plaintiffs did not, and could not, prove on a class-wide basis that they had been denied a substantive right under ERISA: "In sum, on this record Plaintiffs have fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible." *Id.* at 1086. By failing to properly limit the class to individuals who were actually denied their ERISA right to a full and fair review via an improper application of their Plan's terms by UBH, "Rule 23 was applied in a way that enlarged or modified Plaintiffs' substantive rights in violation of the Rules Enabling Act." *Id.* The Ninth Circuit therefore reversed the part of the Court's class certification order certifying Plaintiffs' denial of benefits claim. *Id.*

### 3. The Ninth Circuit Concludes Plaintiffs' Denial Of Benefits Claim Also Fails On The Merits And Reverses Judgment.

The Ninth Circuit also identified errors and ordered reversal on the merits of Plaintiffs' denial of benefits claim for two independent reasons.

First, the Ninth Circuit held that this Court's judgment as to the merits and remedies of Plaintiffs' denial of benefits claim suffered from the "same errors" the Ninth Circuit identified as to class certification of the denial of benefits claim, *i.e.*, excusing the *Wit* plaintiffs from their obligation to establish harm and causation. *Id.* at 1086. Once more, Plaintiffs misrepresent the Ninth Circuit's opinion. They claim that the Ninth Circuit did not reverse the liability rulings "because of any failure of causation" and that "to the extent the Panel's ruling was concerned with causation, it identified a shortfall only with respect to a remedy, not to liability." *See* Pls. Remand Br., at 12 n.13. This statement is directly contradicted by the Ninth Circuit's explicit finding that the errors as to class certification, which included Plaintiffs' failure to show that all class members were denied a full and fair review of their claims, "also infected [the district court's] merits *and* remedy determinations." *Id.* at 1086 (emphasis added). Plaintiffs' characterization of the Ninth Circuit's holdings only makes sense if one completely omits this portion of the opinion. *See* Pls. Remand Br., at 6–7, 11–13.

Second, the Ninth Circuit went on to reverse on the merits for the additional reason that Plaintiffs' narrow focus on GASC was incompatible with the Plans in question and with ERISA. The Ninth Circuit held that "while the Plans mandated that a treatment be consistent with GASC, they did not compel UBH to cover *all* treatment that was consistent with GASC." *Wit*, 79 F.4th at 1088. Thus, although the Ninth Circuit found no clear error "[t]o the extent the district court concluded that the challenged portions of the Guidelines represented UBH's *implementation* of the GASC requirement," it was error to "interpret[] the Plans to require coverage for all care consistent with GASC." *Id.* There was no basis in the Plans or ERISA to require guidelines (or coverage) solely consistent with GASC. *Id.* "To the contrary," the Ninth Circuit explained that UBH's LOCGs gave "effect to all the Plan provisions," because, like here, those Plans "do not require coverage for all care consistent with GASC . . . ." *Id.* Thus, the Ninth Circuit concluded that "the district court erred to the extent it determined that the Plans require the Guidelines to be coextensive with GASC." *Id.* at 1089.

### 4. The Ninth Circuit Leaves the Breach of Fiduciary Duty Classes Intact And Partially Reverses That Claim On The Merits.

The Ninth Circuit did not reverse certification of the breach of fiduciary duty classes because of its understanding that, on appeal, UBH "disputed class certification only on the grounds that Plaintiffs facially challenged the Guidelines and have asserted a 'novel reprocessing theory.'" *Id.* at 1084. As the Ninth Circuit expressly observed, and as Plaintiffs noticeably omit from their Remand Brief, Plaintiffs only "sought injunctive and declaratory relief" for their breach of fiduciary duty claim and "[a]s to their denial of benefits claim, Plaintiffs sought reprocessing of their claims." *Id.* at 1079. The Ninth Circuit thus declined to reach the question of whether class certification of Plaintiffs' breach of fiduciary duty claim was proper and left class certification of those claims intact. *Id.* at 1084 n.5.

On the merits, the Ninth Circuit concluded that "the district court erred to the extent it determined that the Plans require the Guidelines to be coextensive with GASC."[1] *See id.* at 1089. This error impacted the Court's judgment both as to Plaintiffs' denial of benefits claim and their breach of fiduciary duty claim. *See id*. The Ninth Circuit thus reversed the judgment as to Plaintiffs' breach of fiduciary duty claim to the extent it was based on such a determination. *Id.*

### 5. The Ninth Circuit Declines To Reach The Question Of Whether Plaintiffs' Breach Of Fiduciary Duty Claim Is Subject To Administrative Exhaustion.

The Ninth Circuit identified one specific issue requiring further proceedings on remand—whether unnamed class members should be excused from demonstrating compliance with the administrative exhaustion requirements in their Plans. *Id.* at 1088–89. Because the Ninth Circuit had already concluded that the Court erred in certifying and entering judgment for Plaintiffs on their denial of benefits claim, and gave no indication that the claim could be revived, the Ninth Circuit limited its examination of the exhaustion question to "the only remaining class claim"—the breach of fiduciary duty claim. *Id.* at 1089. The Ninth Circuit declined to decide whether exhaustion was required for all members of the breach of fiduciary duty classes because UBH's

[1] Plaintiffs omit this portion of the opinion from their discussion of the Ninth Circuit's merits holdings as well. *See* Pls. Remand Br., at 6–7.

argument that the claim was a "disguised benefit claim" had not been addressed by this Court. *Id.* Accordingly, the Court did not reach the merits of the issue and "remand[ed] for the district court to determine the threshold question of whether Plaintiffs' breach of fiduciary duty claim is a 'disguised claim for benefits,' subject to the exhaustion requirement." *Id.*

#### 6. The Court Remands For Further Limited Proceedings On Plaintiffs' Breach of Fiduciary Duty Claims.

In sum, the Ninth Circuit's opinion conclusively resolves the following issues that were raised on appeal:

- <u>Article III Standing</u> – This Court's determination that "Plaintiffs have Article III standing" is **affirmed**. *Wit*, 79 F.4th at 1083.
- <u>Class Certification</u> – The Court's order "certifying three classes"—*i.e.*, the Wit Guideline Class, the Wit State Mandate Class, and the Alexander Guideline Class—"to pursue the fiduciary duty claim" is **affirmed**. *Id.* at 1089. Conversely, the Court's "certification of the denial of benefits classes" is "**reverse[d]**." *Id.*
- <u>Merits</u> – The "judgment on Plaintiffs' denial of benefits claim is **reversed** . . . ." *Id.* "[T]o the extent the judgment on Plaintiff's fiduciary duty claim is based on the district court's erroneous interpretation of the Plans, it is also **reversed**." *Id.*

Tellingly, the Ninth Circuit's judgment does not remand any of the foregoing questions to this Court for further proceedings. Nor did the Ninth Circuit issue an "open" remand "for further proceedings consistent with this opinion." *See Twentieth Cent. Fox Film Corp. v. Ent. Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005) (trial court correctly "restrict[ed] the scope of" proceedings on remand" because there was "nothing in [the Ninth Circuit's] prior decision that indicates that [it] issued an open remand").[2] Rather, the Ninth Circuit's judgment remanded a single, discrete question to this Court: "whether Plaintiffs' fiduciary duty claim is subject to the [administrative] exhaustion requirement." *Wit*, 79 F.4th at 1090. (emphasis added).

---

[2] *Abrogated on other grounds by Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019).

### D. Post-Mandate Proceedings

No party sought rehearing of the Ninth Circuit's August 22, 2023 decision and the mandate issued on September 13, 2023. ECF No. 603.

On September 15, 2023, the parties submitted a joint status report to this Court in which Plaintiffs indicated, for the first time, that they intended to ask the Court to issue new findings of fact and conclusions of law and would seek leave to move for certification of a "narrower" denial of benefits class. *See* ECF No. 604 at 4–5. Plaintiffs did not describe the "narrower" class they intend to seek leave to certify, nor do they describe it in their Remand Brief.

After a case management conference on September 22, 2023, the Court "directed the parties to submit briefing addressing the scope of the remand from the Court of Appeals." ECF No. 610.

## ARGUMENT

### I. This Court Lacks Authority To Consider Issues Beyond The Sole Remanded Question Of Administrative Exhaustion.

"When a case has been once decided by" a higher court, "whatever was before [the] court, and disposed of by its decree, is considered as finally settled." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895). The lower "court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Id.*; *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coalition of Life Activists*, 422 F.3d 949, 966 (9th Cir. 2005) (citing *Sanford* and affirming district court decision not to consider issues that were "finally settled" in a prior appeal).

The Ninth Circuit remanded to this Court for a single purpose: "to determine in the first instance the threshold issue of whether the exhaustion requirement applies to the fiduciary duty claim and, if so, whether that requirement was satisfied by the unnamed class members or should otherwise be excused in light of our decision." *Wit*, 79 F.4th at 1089. Since "the scope of the remand is clear," the "district court is limited" by that scope.[3] *Hall v. City of Los Angeles*, 697

[3] Plaintiffs try to confuse the issues with a technical argument about the formal meaning of a

F.3d 1059, 1067 (9th Cir. 2012). This Court has "no power to expand [the] remand beyond the boundary ordered by" the Ninth Circuit. *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1173 (9th Cir. 2006); *see also United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) ("[W]e have repeatedly held, in both civil and criminal cases, that a district court is limited by this court's remand in situations where the scope of the remand is clear."); *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (on remand, agency had "no power to expand [the Ninth Circuit's] remand beyond the boundary ordered by [the Ninth Circuit]"); *see also* Jean-Claude André, Fed. Appeals Jurisdiction and Prac., § 14:3 (2023 ed.) (A court is "limited by the remand order and may not take the occasion to reach out and decide issues not embraced within its scope."). Failure to adhere to the Ninth Circuit's mandate is reversible error and is subject to immediate appellate review by writ of mandamus. *See Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1078 (9th Cir. 2010) ("[W]hen a lower court obstructs the mandate of an appellate court, mandamus is the appropriate remedy.").

Plaintiffs' assertion that "the mandate consists of the ***entire*** opinion," read "holistically," Pls. Remand Br., ECF No. 612, at 10, does not open the door to a wholesale strategic do-over. The Ninth Circuit reversed on three separate issues: (1) class certification on Plaintiffs' denial of benefits claim, *Wit*, 79 F.4th at 1083–86; (2) the merits of Plaintiffs' individual denial of benefits claim, *id*. at 1086–88; and (3) the merits of Plaintiffs' class-wide breach of fiduciary duty claim "[t]o the extent the judgment on Plaintiffs' breach of fiduciary duty claim is based on the district court's erroneous interpretation of the Plans . . . ." *Id*. at 1089. The Ninth Circuit did not remand or order further proceedings on any of those reversed issues, or even issue a general remand "for further proceedings consistent with this opinion." *See Vidrio v. United Airlines, Inc.*, No. CV157985PSGMRWX, 2021 WL 3884282, at *2 (C.D. Cal. June 29, 2021) ("In fact, the panel here avoided the usual 'open remand,' where an appellate court will remand for further

---

"limited remand." Pls. Remand Br. at 9 n.11. Whatever technical meaning that phrase may have in other contexts is irrelevant. Under the settled law of this circuit, because the Ninth Circuit expressly "remanded only for consideration of" the administrative exhaustion issue, "additional issues are not open for review." *Planned Parenthood*, 422 F.3d at 967.

proceeding consistent with its decision."). Instead, the Ninth Circuit ordered a remand for further proceedings *only* on the narrow issue of administrative exhaustion. *Wit*, 79 F.4th at 1089–90. Since the Ninth Circuit expressly "remanded for a single purpose," the mandate "preclude[s] the district court from considering any other arguments" on remand. *Thrasher*, 483 F.3d at 983; *id.*, at 982 ("[I]f a district court errs by violating the rule of mandate, the error is a jurisdictional one."); *see also* Pl. Remand Br., at 9 n.10 (citing *Thrasher*).

The narrow scope of the Ninth Circuit's remand makes sense. Contrary to Plaintiffs' assertion, the Ninth Circuit's decision here is nothing like a "reversal of a verdict because it was based on an invalid jury instruction . . . ." Pls. Remand Br., at 11 (citing *Jeldness v. Pearce*, 30 F.3d 1220, 1231 (9th Cir. 1994)). The Ninth Circuit did not reverse because the trial court *disregarded* Plaintiffs' legal theories and evidence and applied an incorrect standard.[4] Instead, the Ninth Circuit reversed because, after a full trial on the merits, the trial court *adopted* Plaintiffs' erroneous legal theory, and the Ninth Circuit found the evidence and legal theories on which *Plaintiffs chose to try their case* were insufficient. *See Wit*, 79 F.4th at 1086 (reversing class certification on the denial of benefits claim because plaintiffs failed to show "that all class members were denied a full and fair review of their claims *or that such a common showing is possible*") (emphasis added); *id.* (reversing the denial of benefits claim on the merits because, among other things, "the same errors present in the district court's denial of benefits class certification order also infected its merits and remedy determinations"). As to the issues on which the Ninth Circuit reversed—including certification and the merits of the denial of benefits claim—there is nothing for this Court to do other than implement reversal of its final judgment.[5]

[4] The *Jeldness* decision does not help Plaintiffs. In that case, the Ninth Circuit partially reversed a *defense judgment* because the affirmative defense on which the judgment was based did not exist. *Jeldness*, 30 F.3d at 1230. In other words, because the trial court granted judgment based on a non-existent affirmative defense, it failed to properly consider the plaintiffs' evidence. The Ninth Circuit then explicitly "REMANDED for reconsideration . . . " *Id*. Unlike in *Jeldness*, this Court's error was not in disregarding Plaintiffs' evidence or claim; the error was in finding that evidence sufficient to support a judgment. If anything, *Jeldness* demonstrates that the Ninth Circuit knows how to remand for further fact-finding when it intends to do so.

[5] Plaintiffs' assertion that the Ninth Circuit did not "dismiss any claims," Pls. Remand Br., at 10, misses the point. After a full trial on the merits, the result of Plaintiffs' fundamental failure of

*See Sanford Fork*, 160 U.S. at 255 (stating when an issue has been finally decided on appeal, the lower "court cannot vary it, or examine it for any other purpose than execution").

Plaintiffs cite no authority authorizing the relief they seek. Most of Plaintiffs' cited cases simply stand for the generic proposition that matters not encompassed by the mandate are not foreclosed. *See* Pls. Remand Br. at 9 n.10. *Nationstar Mortgage LLC v. River Glider Ave. Trust*, No. 20-17271, 2022 WL 187840, at *1 (9th Cir. Jan. 2022), an unpublished memorandum opinion that Plaintiffs cite, bears little resemblance to this case. In *Nationstar*, the district court had issued a summary judgment explicitly limited to a single issue; on appeal the Ninth Circuit issued a broad mandate in which it remanded "to allow the district court to address the remaining issues for the first time." *Id*. Here, the Court decided all issues of fact and law, and all district court proceedings were complete and final before the Ninth Circuit reviewed the record on appeal and issued a narrow remand on a clearly-defined issue. This case is not one in which the appellate court remanded for further proceedings "without limiting what the proceedings [are] to be," *see* Pls. Remand Br., at 8–9 (quoting 5 Am. Jur. 2d Appellate Review § 688) or where the appellate court left open "matters that were not resolved on appeal," *see id.* (citing 18B Fed. Prac. & Proc. Juris § 4478.3 (3d ed.)).

Nor do Plaintiffs cite a single case allowing further fact-finding (let alone new class certification proceedings) after a post-trial final judgment has been reversed for insufficient evidence at trial. Instead, Plaintiffs cite inapposite criminal cases[6] or cases where the Ninth Circuit's mandate expressly instructed the district court to make new findings or conduct further proceedings on remand.[7]

---

proof is not dismissal, it is an *affirmative judgment on the merits* in favor of UBH.

[6] *United States v. Kellington*, 217 F.3d 1084 (9th Cir. 2000), involved a criminal defendant who was granted a new trial on remand because he had already requested one immediately following his first trial and the district court's judgment of acquittal was reversed on appeal. *Id*. at 1091, 1094–95. *United States v. Cote*, 51 F.3d 178, 182 (9th Cir. 1995), another criminal case Plaintiffs cite, simply held that a prior Ninth Circuit decision reversing a criminal jury verdict for instructional error did not preclude retrial. *Id*. at 181–82.

[7] In *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012), the Ninth Circuit had expressly remanded to the district court for consideration of an issue the lower court had

That does not mean the Court is without guidance. The Ninth Circuit's decision in *Firth v. United States*, 554 F.2d 990, 994 (9th Cir. 1977), cited by Plaintiffs, is instructive and supports UBH's position. In that case, as here, the Ninth Circuit had previously reversed judgment following a bench trial on the ground that "the evidence did not support" the district court's "finding of contributory negligence." *Id*. The Ninth Circuit also identified issues with the district court's damages award and "remanded for proceedings consistent with [the] decision." *Id.* at 993. On remand, the defendant asked the court to "embellish[] or clarify[] its . . . finding of fact" to revive its previously-reversed contributory negligence defense. *Id*. The district court refused, concluding that any additional or clarified findings were prohibited by the Ninth Circuit's prior mandate. *Id*. On appeal back to the Ninth Circuit, the Ninth Circuit affirmed. Since the Ninth Circuit had already found the evidence insufficient to support a claim, "the resulting mandate did not leave the matter open for reappraisal or clarification by the district court." *Id*. at 994.

The same logic applies here. At trial, Plaintiffs were required to prove the elements of their denial of benefits claim, on a class-wide basis, with class-wide evidence of causation and harm. *Wit*, at 1083–87. The Ninth Circuit reviewed the trial record on appeal, concluded that Plaintiffs did not meet their burden, and reversed as to class certification and on the merits. *See Wit*, 79 F.4th at 1086 ("[O]n this record Plaintiffs have fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible."); *id*. ("the same errors present in the district court's denial of benefits class certification order also infected its merits and remedy determinations"). Having found that "the

---

declined to reach on collateral estoppel grounds. On the subsequent appeal, the Ninth Circuit reached the unremarkable conclusion that the earlier mandate was not violated by the district court deciding the remanded issue. *See id.* In *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995), the Ninth Circuit's mandate included express "instructions for the [district] court to make specific findings," so the district court was not precluded from ordering remedies based on the findings compelled by the mandate. Plaintiffs' other cases are similarly inapposite. *See Stacy v. Colvin*, 825 F.3d 563, 567–68 (9th Cir. 2016) (administrative law judge did not violate the rule of mandate given "the expansive remand orders" in the case which "essentially remanded on an open record, directing the ALJ to start again at step 1"); *G.P.P., Inc. v. Guardian Prot. Prod. Inc.*, No. 22-15569, 2023 WL 4311611, at *2 (9th Cir. July 2, 2023) (no error in holding a trial on an issue where prior mandate expressly "remand[ed] it for retrial").

evidence did not support" either class certification or judgment for Plaintiffs on that claim, the Ninth Circuit's "mandate did not leave the matter open for reappraisal or clarification by the district court." *Firth*, 554 F.2d at 994.

As to Plaintiffs' breach of fiduciary duty claim, while it is true that judgment on that claim was reversed "to the extent that" it was premised on an incorrect interpretation of the Plans' coverage provisions, nothing in the mandate permits further factual findings or other proceedings to revive the portions of the fiduciary duty claim that have been reversed. The trial record is complete, and cannot now be modified. As with the denial of benefits claim, questions of class certification and the merits have already been "finally adjudicated" with respect to the breach of fiduciary duty claim, and the Ninth Circuit "remanded only for consideration of" administrative exhaustion. *See Thrasher*, 483 F.3d at 983 (quotation marks omitted).

Under settled Ninth Circuit law, this Court lacks authority to entertain the open-ended reexamination of class certification and merits determinations that Plaintiffs ask for here. The Court should decline Plaintiffs' request to exceed the Ninth Circuit's mandate. *See Thrasher*, 783 F.3d at 983; *Firth*, 554 F.2d at 993–94.

## II. Executing The Mandate Requires Entering Judgment For UBH On The Denial Of Benefits Claim.

In addition to holding that Plaintiffs' denial of benefits classes were improperly certified, the Ninth Circuit also held that Plaintiffs failed on the merits to prove they were harmed by an ERISA violation attributable to UBH and therefore reversed judgment on the denial of benefits claim. The Ninth Circuit also identified other issues with the Court's interpretation of the coverage requirements under Plaintiffs' Plans, and thus reversed the judgment at least in part as to Plaintiffs' breach of fiduciary duty claim. Execution of the Ninth Circuit mandate requires that the Court reverse its prior entry of final judgment, enter judgment in favor of UBH on Plaintiffs' denial of benefits claim, and amend the judgment and associated remedies related to the breach of fiduciary duty claim as set forth below.

### A. Executing The Mandate Requires The Court To Enter Judgment For UBH On Plaintiffs' Denial Of Benefits Claim.

In evaluating the Court's decision to certify the denial of benefits classes, the Ninth Circuit held that to be entitled to relief under ERISA, each plaintiff would need to show "that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard." *Wit*, 79 F.4th at 1084. Plaintiffs thus could not maintain a denial of benefits claim based on UBH's allegedly defective LOCGs "without a showing that application of the wrong standard could have prejudiced the claimant." *Id*. Plaintiffs failed to carry that evidentiary burden for a number of reasons.

As the Ninth Circuit explained, even if issues with the LOCGs were "pervasive," they were not deemed defective (or even challenged) in their entirety, and yet the classes included members who were denied coverage based on *unchallenged* portions of the guidelines. *Id.* Likewise, Plaintiffs included in their denial of benefits classes plan members whose claims had been denied based on separate Coverage Determination Guidelines that only referenced the LOCGs, as well as other plan members whose claims were denied "in part" due to the Guidelines. *See id.* at 1085–86 (noting existence of record evidence indicating that some class members' claims had been denied for reasons "wholly independent" of the Guidelines). The Ninth Circuit thus concluded that "Plaintiffs have fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing was possible" and ordered that the Court's class certification order be reversed as to the denial of benefits claim. *Id.* at 1086.

Then, in the very first sentence of its merits analysis, the Ninth Circuit held: "Turning to the merits of Plaintiffs' claims, we begin by noting that the same errors present in the district court's denial of benefits class certification order also infected its merits and remedy determinations." *Id.* In other words, Plaintiffs' failure to "demonstrat[e] that all class members were denied a full and fair review of their claims" due to a challenged LOCG provision, or show "that such a common showing is possible," *id*. at 1086, was not just a problem for class certification; it also doomed Plaintiffs' denial of benefits claim on the merits. This is true even

for the named Plaintiffs. Plaintiffs did not prove, did not ask for findings to show, and this Court did not find, that *any* Plaintiff "might be entitled to benefits under the proper standard," *id*. at 1085, or that the LOCGs were otherwise the but-for cause of their denial of benefits. *See id*. at 1085–86. For this reason, the Ninth Circuit expressly held that "the judgment on Plaintiffs' denial of benefits claim is reversed." *Id.* at 1089.

Incredibly, Plaintiffs do not even mention this portion of the Ninth Circuit's holding. Ignoring entirely the Ninth Circuit's determination that the Court's class certification errors "also infected its merits and remedy determinations," Plaintiffs argue that if the Court were to "clarify" its interpretation of the Plans, then the Court's judgment as to the denial of benefits claim was "in fact, wholly ***affirmed*** by the Ninth Circuit." Pls. Remand Br., at 17. Plaintiffs' position completely and absurdly writes out of the opinion one of the key bases for the Ninth Circuit's unqualified reversal of Plaintiffs' denial of benefits claim.

The Ninth Circuit's judgment that Plaintiffs failed to prove the element of causation on their denial of benefits claim at trial leaves only one thing for the Court to do. The Court must amend its judgment and enter judgment for UBH on that claim.

### B. Executing The Mandate Requires That The Court Clarify The Judgment And Remedies As To The Breach Of Fiduciary Duty Claim Based On The Ninth Circuit's Holding That The Plans Did Not Require Coverage Of All Care Consistent With GASC.

The Ninth Circuit's mandate also requires the Court to clarify its judgment as to Plaintiffs' breach of fiduciary duty claim, and enter judgment for UBH; specifically, the portions of the judgment and remedies order granting prospective injunctive relief compelling UBH to use court-ordered medical necessity guidelines, which the Ninth Circuit reversed.

After finding that Plaintiffs failed to show prejudicial harm attributable to a defective portion of the LOCGs, the Ninth Circuit identified another error concerning the judgment on the merits of Plaintiffs' claims. It found that Plaintiffs' health plans did not require coverage of all treatment consistent with GASC and that on at least two occasions, the Court's statements and orders were incompatible with a proper interpretation of the Plans. *Wit*, 79 F.4th at 1086–88.

The Ninth Circuit explained that construing members' plans to mandate coverage of all care consistent with GASC would conflict with the "plain language of the Plans." *Wit*, 79 F.4th at 1088. And while the Ninth Circuit found "no clear error" to "the extent the district court concluded that the challenged portions of the Guidelines represented UBH's *implementation* of the GASC requirement," *Wit*, 79 F.4th at 1088, nothing in the Ninth Circuit's opinion *affirmed the judgment* on this ground, as Plaintiffs argue. Pls. Remand Br., at 15. "To the contrary," the Ninth Circuit was clear that "UBH's interpretation of the plans . . . gives effect to all the Plan provisions because the Plans exclude coverage for treatment *inconsistent* with GASC or otherwise condition treatment on consistency with GASC."[8] *Wit*, 79 F.4th at 1088.

While certain portions of this Court's judgment acknowledged that the Plans did not require coverage for services just because they are consistent with GASC, this Court's ultimate judgment requiring UBH to (a) reprocess and pay claims based solely on whether services were consistent with GASC, ECF No. 531, at 7–8, and (b) adopt medical necessity guidelines that were solely consistent with GASC, *id*. at 12–13, hold otherwise, as the Ninth Circuit recognized. *Wit*, 79 F.4th at 1088. The Ninth Circuit therefore reversed, not only as to the denial of benefits claim (for which Plaintiffs sought reprocessing), but *also* as to the breach of fiduciary duty claim (for which Plaintiffs sought declaratory and prospective injunctive relief) "to the extent [the court] determined that the Plans require the Guidelines to be coextensive with GASC." *Id*. at 1089. In doing so, the Ninth Circuit emphasized that the judgment on the fiduciary duty claim "relied heavily" on the same erroneous conclusion "that the Guidelines impermissibly deviated from GASC." *Id*. at 1088 n.7. Since that erroneous conclusion is the core of the Court's entire judgment as to Plaintiffs' breach of fiduciary duty claim, the Court should clarify that judgment on that entire claim is reversed and enter judgment for UBH.

---

[8] As explained above, this aspect of the Ninth Circuit's judgment independently requires judgment for UBH on the denial of benefits claim as well. However, the Court need not reach the issue in connection with the denial of benefits claim because that claim is independently reversed, in full, due to Plaintiffs' failure to prove causation.

The Court's Remedies Order confirms why judgment on the breach of fiduciary duty claim cannot stand under the Ninth Circuit's holding. The principal relief this Court ordered as to the breach of fiduciary duty claim was a 10-year injunction ordering UBH to adopt and use medical necessity guidelines that are solely consistent with GASC. But under the express terms of the Plans, questions of medical necessity are not driven by GASC alone. Among other things, as part of medical necessity, the Plans required that services:

- be "[n]ot more costly than an alternative drug, service(s) or supply that is at least as likely to produce equivalent therapeutic or diagnostic results," Trial Ex. 1588-0122;
- be "the most cost-effective method and yield a similar outcome to other available remedies," Trial Ex. 2014-0164; or
- be "[t]he most appropriate . . . level of service which can safely be provided," which for inpatient services, "means that [the] condition cannot safely be diagnosed or treated on an outpatient basis." Trial Ex. 1614-0102.

For that reason, and as noted above, UBH specifically challenged that prospective relief on appeal, arguing that the Court had no authority under ERISA and the Plans to impose Plaintiffs' "preferred medical standards on UBH and the plans it administers for" a decade into the future. UBH Opening Br. on Appeal, App., ECF No. 25, at 43–44. The Ninth Circuit agreed, and held that it was "err[or]" to "require the Guidelines to be coextensive with GASC," *Wit*, 79 F.4th at 1089, to the exclusion of other plan terms.

Thus, even if the Court clarifies that certain *other* aspects of its judgment on the breach of fiduciary duty claim are not "intertwined with an incorrect interpretation of the plans," *id*. at 1088 n.7,[9] there can be no question that the portions of the fiduciary duty judgment and remedies order requiring UBH to adopt guidelines that are solely consistent with GASC cannot survive the Ninth Circuit's holding in *Wit*. The Ninth Circuit was clear that UBH cannot be precluded from

[9] *See id*. ("The district court also found, among other things, that financial incentives infected UBH's Guideline development process and that UBH developed the Guidelines with a view toward its own interests. Our decision does not disturb these findings to the extent they were not intertwined with an incorrect interpretation of the Plans.")

adopting guidelines different from those ordered by the Court as part of a holistic interpretation of medical necessity under the plans.[10] In ordering otherwise, this Court effectively rewrote the Plans to eliminate those other aspects of medical necessity and instead require coverage based solely on whether services are consistent with GASC. Such relief fails to "give[] effect to all the Plan provisions" and is in direct contravention of the Ninth Circuit's judgment. *Wit*, 79 F.4th at 1088.

### C. Plaintiffs May Not Nullify The Ninth Circuit's Judgment By Seeking New Factual Findings Post-Appeal.

Recognizing that the Ninth Circuit's judgment fundamentally rejected their theory of the case, Plaintiffs ask this Court to nullify it. According to Plaintiffs, so long as this Court "clarifies" that the Ninth Circuit was wrong in its conclusion that this Court misinterpreted the Plans,[11] the Ninth Circuit's judgment of reversal will have no effect. *See* Pls. Remand Br. at 13–17; *see also id.* at 17 (arguing that the "Court need only state, when construing the mandate, that its merits rulings were based on the plan interpretation approved by the Court of Appeals" in order for the Ninth Circuit's "reversals" to "have no effect"). Plaintiffs' brazen attempt to unwind their loss in the Ninth Circuit gets them nowhere.

First, the mandate does not remand to this Court for *additional* or *supplemental* findings in the guise of a "clarification." To execute the mandate, the Court must simply apply the Ninth Circuit's holding to the facts already found by this Court prior to appeal.[12] *Firth*, 554 F.2d at 993 (on remand following reversal of a trial judgment, district court could not make additional findings to "embellish[] or clarify[] [an] intended, albeit unarticulated, finding of fact").

---

[10] This problem with the Court's remedies order is even more pronounced with respect to the Coverage Determination Guidelines, which were designed to describe Plan coverage as a whole, not just the narrow requirement of GASC. *See* Trial Ex. 450-005 (CDGs "are Based On the Terms of the Benefit Plan" and not just "Medical Necessity").

[11] *See*, e.g., Pls. Remand Br., at 14 n.15 (arguing that the Ninth Circuit incorrectly identified instances reflecting an incorrect interpretation of what coverage under the Plans required).

[12] The deadline to seek amended or additional findings was "no later than 28 days after the entry of judgment . . . ." Fed. R. Civ. P. 52(b). Plaintiffs failed to timely move for amended or additional findings and have thus waived any request for "clarified" findings.

Second, Plaintiffs' proposed "clarification" will have no impact on the former members of the decertified denial of benefits classes. The Ninth Circuit unequivocally decertified all three classes on the denial of benefits claim, so as to them, there is no denial of benefits claim to resuscitate.

Third, even as to the named Plaintiffs, their proposed "clarification" is of no import to their denial of benefits claim and would not impact the Ninth Circuit's reversal of judgment on that claim. Despite their insistence that the *Wit* opinion be read "holistically," Plaintiffs completely ignore the Ninth Circuit's principal basis for reversing on the denial of benefits claim: Plaintiffs failed to make the required showings of causation and harm at trial. The fact that the Ninth Circuit also reversed "to the extent" the judgment was based on an incorrect interpretation of the Plans is irrelevant.

Plaintiffs refuse to acknowledge this central component of the Ninth Circuit's *merits* ruling because it explains why the Ninth Circuit ultimately did not limit its reversal of the judgment on the denial of benefits claim "to the extent" it relied on this Court's erroneous Plan interpretation. *Id*. at 1089 ("[T]he judgment on Plaintiffs' denial of benefits claim is reversed, and to the extent the judgment on Plaintiffs' breach of fiduciary duty claim is based on the district court's erroneous interpretation of the Plans, it is also reversed."). It also explains why the Ninth Circuit did not remand for further proceedings on the denial of benefits claim. *See id*. There is nothing for this court to "clarify" that would alter the Ninth Circuit's judgment on the denial of benefits claim.

Fourth, for similar reasons, Plaintiffs cannot "clarify" their way out of the Ninth Circuit's judgment on their breach of fiduciary duty claim. As discussed above, the fact that the Court (correctly) observed that the Plans do not require coverage solely consistent with GASC does not alleviate the fundamental error in the Court's ultimate judgment and remedies orders. The effect of the Court's judgment on the breach of fiduciary duty claim, and the related prospective remedies it imposed, was to compel coverage that is solely consistent with GASC, without

regard to any other plan terms, including other requirements of medical necessity. That error cannot be corrected by simply announcing that the Ninth Circuit was wrong.

### D. The Court Should Maintain The Stay On Prospective Injunctive Relief Until The Ninth Circuit's Mandate Has Been Fully Effectuated.

Plaintiffs request in their Remand Brief that the Court "promptly" lift the stay currently in place with respect to prospective injunctive relief and the Special Master. *See* Pls. Remand Br., at 21–22. Plaintiffs' request should be denied. As discussed above, *see, supra* Section II.B, the Ninth Circuit's mandate precludes enforcement of the prospective injunctive remedies ordered by the Court because it would effectively compel coverage that is solely consistent with GASC, which the Ninth Circuit confirmed this Court cannot do. This Court therefore lacks authority to resume enforcement of prospective injunctive relief that is prohibited by the Ninth Circuit's mandate.

## III. The Mandate Requires That The Court Determine Whether Members Of The Breach Of Fiduciary Duty Class Were Required To Exhaust Administrative Remedies.

### A. The Ninth Circuit Ordered Remand To Assess Whether Exhaustion Is Required.

This Court previously decided that absent members of the classes were excused from exhausting all available administrative remedies, even if the terms of their plans required them to do so. *See* FFCL, ECF No. 418, at ¶¶ 190–91. The Court determined that because the named Plaintiffs had exhausted administrative remedies, and were bringing "purely facial challenges" to the Guidelines, UBH was put "on notice of the absent class members' claims." *Id.* at ¶ 190. The Court also found that requiring class members to exhaust their administrative remedies would have been "futile" because the same "faulty Guidelines" used to make initial benefits determinations would also be used to decide an appeal. *Id.* at ¶ 191.

UBH appealed the Court's refusal to enforce the administrative exhaustion requirements set forth in the Plans. *See* App. ECF No. 25 at 59–63. But the Ninth Circuit did not resolve this issue. After clarifying that the question of exhaustion was relevant only to Plaintiffs' breach of fiduciary duty claim as "the only remaining class," the Ninth Circuit considered Plaintiffs'

argument that their "statutory" breach of fiduciary duty claim did not require administrative exhaustion. *Wit*, 79 F.4th at 1089. While the Ninth Circuit recognized past cases in which it did not require a plaintiff asserting a statutory breach of fiduciary duty to exhaust administrative remedies, it held that "exhaustion *is* required if a plaintiff's statutory claim is a disguised claim for benefits." *Id.* (citing *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1294 (9th Cir. 2014)).

The Ninth Circuit "decline[d] to reach the merits" of whether the Court erred in holding that absent class members were excused from exhausting their administrative remedies because this Court did not decide the issue of whether Plaintiffs' breach of fiduciary duty claim was subject to the exhaustion requirement. *Id.* Thus, the Ninth Circuit remanded for this Court to determine, in the first instance, whether the exhaustion requirement applies to Plaintiffs' remaining claims and whether "that requirement was satisfied or otherwise excused in light of our resolution of the issues presented in this appeal." *Id.*

To whatever extent Plaintiffs' claims survive the Ninth Circuit's reversal on the merits, *see, supra* Section II.B, the mandate requires this Court to decide whether those surviving claims are exempt from the administrative exhaustion requirements imposed by both the Plans and ERISA. Given that this is the only matter expressly remanded to the Court for further consideration and analysis, the issue merits its own briefing schedule.

### B. Plaintiffs And Class Members Were Required To Exhaust Administrative Remedies Before Bringing Suit.

Plaintiffs have resolved to begin arguing the merits of the administrative exhaustion issue here. Pls. Remand Br., at 13.[13] To the extent they do so, their position is incorrect.

Before filing suit to enforce rights under ERISA, a benefits plan member must exhaust available administrative remedies. *Amato v. Bernard*, 618 F.2d 559, 566–68 (9th Cir. 1980). This

[13] The Court ordered briefing on the *scope* of the issues to be decided on remand, not the substance of those issues. Plaintiffs' unilateral determination that the merits of the administrative exhaustion issue ought to be briefed and decided based on these scope of remand submissions, Pls. Remand Br., at 13, is procedurally improper and incorrect.

exhaustion requirement arises both from judicial construction of ERISA *and*, in relevant cases, the contractual terms of the members' plan itself. *See Conley v. Pitney Bowes*, 34 F.3d 714, 716 (8th Cir. 1994). Here, UBH presented evidence at trial indicating that "some class members who did not exhaust available administrative remedies were required under their Plans to exhaust those remedies before they could bring a legal action against UBH." *See* FFCL, ECF No. 418, at ¶ 192. For example, some members' plans required exhaustion of administrative remedies "both as to claims for reimbursement and as to claims '*for any other reason*.'" *See id.* (citing Trial Exs. 1557, 1583, 1633) (emphasis added). It is also undisputed that a substantial portion of the class members here did not exhaust administrative remedies. *See* Trial Ex. 1655-0002.

Plaintiffs have argued that because they allege a "statutory claim" for breach of fiduciary duty they need not comply with any administrative exhaustion requirement. *See* App. ECF No. 52, at 69 (citing *Spinedex*, 770 F.3d at 1294). But the Ninth Circuit has made clear that in determining whether exhaustion is required, form cannot be elevated over substance. *Diaz v. United Agric. Emp. Welfare Benefit Plan and Trust*, 50 F.3d 1478 (9th Cir. 1995), which the *Spinedex* decision cites,[14] rejected an argument similar to Plaintiffs' here that "ERISA's usual exhaustion requirements do not apply where a claimant's action is based on a statutory violation." *Id.* at 1483. According to the Ninth Circuit, plaintiff's position "seriously overstate[d]" the law. *Id.* Rather, the Ninth Circuit explained, "many employee claims for plan benefits may implicate statutory requirements imposed by ERISA." *Id.* at 1484. Thus, a plaintiff cannot simply "attach a 'statutory violation' sticker to his or her claim and then use that label as an asserted justification for a total failure to pursue the congressionally mandated internal appeal procedures." *Id.*; *see also Stephens v. Pension Ben. Guar. Corp.*, 755 F.3d 959, 966 n.7 (D.C. Cir. 2014) (a plaintiff cannot "avoid the exhaustion requirement by recharacterizing a claim for benefits as a claim for breach of fiduciary duty").

---

[14] The Ninth Circuit cites *Diaz* in its discussion of the administrative exhaustion requirement. *Wit*, 79 F.4th at 1089. The other cases cited by the Ninth Circuit on this issue also rely on *Diaz*. *See Guenther v. Lockheed Martin Corp.*, 972 F.3d 1054, 1052 (9th Cir. 2020); *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1294 (9th Cir. 2014).

Both the Ninth Circuit's and this Court's findings demonstrate that Plaintiffs' breach of fiduciary duty claim is, at its core, a disguised, plan-based claim for benefits. This is most readily apparent in the Ninth Circuit's analysis of Article III standing, where the court of appeals repeatedly described Plaintiffs' breach of fiduciary duty claim as being based on Plaintiffs' rights to contractual benefits. *See Wit*, 79 F.4th at 1082–83. This Court's own findings similarly demonstrate that Plaintiffs' breach of fiduciary duty claim is not a mere statutory violation, but rather a claim grounded in Plaintiffs' interests in securing benefits under their plans. The Court made extensive fact findings regarding the terms of the plans UBH administered, *see* FFCL, ECF No. 418, at ¶¶ 52–56, whether UBH complied with the terms of those plans, *see, e.g.*, *id.* at ¶¶ 82–156, and then went on to determine that the harm resulting from UBH's alleged breach of fiduciary duty was a denial of Plaintiffs' "right to fair adjudication of their claims for coverage." *Id.* at ¶ 204; *see also Wit*, 79 F.4th at 1088 n.7 (noting that the "district court's judgment on Plaintiffs' breach of fiduciary duty claim also relied heavily on its conclusion that the Guidelines impermissibly deviated from GASC," consistency with which was one of the requirements for obtaining coverage under the Plans).

These findings flow directly from the strategic choices Plaintiffs made in trying this case, where their breach of fiduciary duty claims were not meaningfully different from their denial of benefits claims. Both claims were premised on essentially the same theory—that Plaintiffs were improperly denied benefits due to the application of the Guidelines that did not accurately reflect generally accepted standards of care. *See* Pls. Trial Br., ECF No. 299, at 14 (arguing that a finding that the Guidelines are more restrictive than GASC "alone [would] entitle Plaintiffs to relief on both their claims"). Plaintiffs' emphasis here on the Court's conclusions regarding why UBH may have structured the Guidelines the way that it did, *see* Pls. Remand Br., at 19–20, does not alter the fact that the principle interest Plaintiffs seek to protect is in how UBH ultimately adjudicated benefits claims.[15]

---

[15] As the Ninth Circuit recognized, Plaintiffs do not seek reprocessing relief in connection with their breach of fiduciary duty claims. But to the extent that Plaintiffs now demand reprocessing through their surviving breach of fiduciary duty claims (including as "appropriate equitable

In sum, Plaintiffs' breach of fiduciary duty claim is one that is premised upon, and intended to redress, denied benefits or the risk thereof. Plaintiffs must therefore demonstrate that they have complied with the exhaustion requirements established by the terms of their plans and judicial interpretation of ERISA.[16]

## IV. Plaintiffs' Other Proposed Actions On Remand Are Improper.

Not content to impermissibly expand the Ninth Circuit's mandate and seek new factual findings and "clarifications" not authorized by the Ninth Circuit, Plaintiffs seek to use their loss on appeal as a roadmap to undo their failed strategy and relitigate issues long-ago decided that they have now lost. But that is not how civil procedure works. "Litigation often involves strategic choices." *In re Qualcomm Antitrust Litig.*, Case No. 17-md-02773-JSC, 2023 WL 6301063, at *9 (N.D. Cal. Sept. 26, 2023). Plaintiffs here made a conscious and strategic gamble to pursue an untested "facial challenge" to a purely "procedural harm," and they did so to obtain class certification that they knew would otherwise be foreclosed by the need for individual proof of causation and harm. They lost that gamble. "To relieve Plaintiffs of their choices under the circumstances of this case would violate Federal Rule of Civil Procedure 1, and would open the flood gates to prolonged do-over litigation." *Id.* (refusing to allow supplemental discovery proceedings after Ninth Circuit appeal changed legal landscape of case). Plaintiffs' improper request that the Court defy the Ninth Circuit's mandate by granting Plaintiffs an opportunity to

---

relief," *see* Pls. Remand Br., at 27–28), that relief would plainly constitute a "disguised claim for benefits" and would be precluded for all but the named Plaintiffs given the unnamed members' failure to exhaust administrative remedies.

[16] As UBH has previously argued, there is no basis for excusing unnamed class members from the mandated administrative exhaustion requirements. First, the fact that the named Plaintiffs exhausted their administrative remedies does not excuse unnamed class members from needing to do so. Courts have repeatedly rejected such a rule. *See, e.g.*, *Schmookler v. Empire Blue Cross & Blue Shield*, 107 F.3d 4 (2d Cir. 1997) (affirming dismissal of subclass who "have not exhausted their administrative remedies"). Second, "futility" does not excuse unnamed members of the breach of fiduciary duty class from needing to exhaust administrative remedies. "Futility" serves as an exception to "the *prudential* exhaustion doctrine," *Noren v. Jefferson Pilot Fin. Ins. Co.*, 378 F. App'x 696, 698 (9th Cir. 2010), not contract-based exhaustion requirements such as those found in many of the Plans at issue here.

"recertify" the denial of benefits classes and an opportunity to request new remedies should be rejected.

### A. Plaintiffs Are Not Entitled To An Opportunity To Correct Their Fatally-Flawed Denial Of Benefits Class.

#### 1. Allowing Plaintiffs To Seek Class Certification Again Would Violate The Ninth Circuit's Mandate.

Again ignoring the Ninth Circuit's mandate, Plaintiffs ask the court to entertain a motion to "modify its class certification order," Pls. Remand Br., at 23, and certify a host of unspecified new classes and subclasses. *Id*. at 22–25. But under the Ninth Circuit's judgment, there is nothing for the court to "modify." As this Court already recognized, "the Ninth Circuit has reversed this Court's certification of [the denial of benefits] class." ECF No. 615, at 2. The Court is bound by the Ninth Circuit's mandate and cannot undo that reversal by retroactively "modifying" the portion of the class certification order that the Ninth Circuit reversed. *Firth*, 554 F.2d at 994 (where judgment was reversed for insufficient evidence, district court lacked authority to revisit the issue on remand; "the resulting mandate did not leave the matter open for reappraisal or clarification by the district court"). Plaintiffs' attempt to relitigate class certification, based on new theories and arguments, which Plaintiffs acknowledge would require new findings of fact,[17] should be rejected. *See* Pls. Remand Br. at 22 (identifying issues, including recertification of the denial of benefits class, that would require "limited" additional factual findings). The issue of class certification "was expressly decided by" the Ninth Circuit, "and 'that should be the end of the matter.'" *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 703 (5th Cir. 2010) (quoting *United States v. U. S. Smelting Ref. & Min. Co.*, 339 U.S. 186, 198 (1950)) (where appellate court previously reversed class certification after the close of discovery, district court erred in hearing a new class certification motion based on its view that

[17] Plaintiffs did not move for any new or amended findings of fact within 28 days after this court entered its final judgment, and they have waived any right to seek additional findings now. Fed. R. Civ. P. 52(b).

"there [was] nothing in the opinion to preclude [plaintiff] from asserting a viable theory on remand").

Plaintiffs' request for a second bite at class certification is not only prohibited by the Ninth Circuit's mandate, it is barred by settled Ninth Circuit law prohibiting "one-way intervention." Under the rule against one-way intervention, class certification must be decided, and notice provided to the class "*prior* to the determination of defendant's liability" on the merits. *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 759 (3d Cir. 1974)).

Plaintiffs are quick to argue that many of this Court's merits-related "factual findings remain in effect." Pls. Remedies Br. at 13. But, even if true, that just confirms why they are prohibited from seeking class certification now. Rule 23 is designed to ensure that class members and defendants bear the same risks of an adverse judgment; *i.e.*, that the "estoppel" effect of a class judgment is "mutual." *Schwarzschild*, 69 F.3d at 295 (quoting *Katz*, 496 F.2d at 759). It would be fundamentally unfair to allow absent class members to decide whether to intervene now, with the full benefit of the trial evidence, this court's merits-related findings and Remedies Order, and the Ninth Circuit's judgment. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended *before final judgment*.") (emphasis added). "Post-judgment certification . . . would frustrate" Rule 23, which was "intended to avoid situations in which class members could choose to join only when the judgment favored the class." *Kerkhof v. MCI WorldCom, Inc.*, 282 F.3d 44, 55 (1st Cir. 2002).

If Plaintiffs thought that new or different classes or subclasses were appropriate in this case, the time to seek certification was *before* the Court: (a) held a 10-day bench trial; (b) issued over 100 pages of Findings of Fact and Conclusions of Law; (c) issued a 99-page Remedies Order; and (d) entered final judgment. They declined to do so.

Plaintiffs do not cite a single case to the contrary. Instead, Plaintiffs rely on a handful of cases involving reversal of class certification on *pre-judgment interlocutory appeal* under Rule 23(f). *See* Pls. Remand Br., at 22–25. That includes *Glaberson v. Comcast Corp.*, 295 F.R.D. 95

(E.D. Pa. 2013), where on remand the district court allowed plaintiffs to move to recertify a class after the court's previous class certification order was reversed by the Supreme Court. Unlike here, that case had not yet gone to trial and the defendant had appealed the class certification ruling under Rule 23(f). *See Behrend v. Comcast Corp.*, 655 F.3d 182, 188–89 (3d Cir. 2011). The decision in *Dukes v. Wal-Mart Stores, Inc.*, 2012 WL 4329009 (N.D. Cal. Sept. 21, 2012) is even further afield, as that case involved a pre-trial motion to dismiss the plaintiffs' amended class complaint, again following earlier appellate proceedings under Rule 23(f). In *In re Initial Public Offerings Securities Litigation*, the Second Circuit merely clarified, in response to a motion for rehearing of its decision vacating a district court's class certification order following a Rule 23(f) appeal, that a district court may consider certifying a narrower class on remand if consistent "with an appellate ruling ***after a Rule 23(f) appeal***." 483 F.3d 70, 73 (2d Cir. 2007) (emphasis added). And in *Van v. LLR, Inc.,* Case No. 3:18-cv-00197-JMK, 2023 WL 3338630 (D. Alaska May 10, 2023), which again involved remand proceedings following an interlocutory, pre-trial appeal under Rule 23(f), *see Van v. LLR, Inc.*, 61 F.4th 1053, 1061 (9th Cir. 2023), the district court concluded that it was "well within its discretion to entertain [plaintiff's amended class certification motion] *at this stage*." *Van*, 2023 WL 3338630, at *2 (emphasis added).

Whether Plaintiffs could have sought recertification on remand following an interlocutory appeal to the Ninth Circuit is beside the point.[18] Plaintiffs *opposed UBH's Rule 23(f) petition* for a pre-judgment Ninth Circuit ruling on these very issues, and the Ninth Circuit declined the

---

[18] *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698 (5th Cir. 2010) demonstrates the significance of the distinct procedural postures involved in the cases Plaintiffs cite concerning remand proceedings following Rule 23(f) appeals, and the remand proceedings here following an appeal from a final judgment. While *BioPay* itself involved remand proceedings following an appeal under Rule 23(f), the Fifth Circuit held that the district court violated its earlier mandate by allowing the plaintiff to move for recertification. *See id.* at 702–05. The Fifth Circuit explained that while there may be scenarios in which modification of a class certification order is appropriate on remand following a Rule 23(f) appeal, but the present case "present[ed] a very different procedural posture" given that discovery was complete when plaintiff had first moved for class certification and "both parties had another full opportunity to argue the propriety of the class certification decision" on appeal. *Id.* at 703. Here, not only was discovery completed but plaintiff had a "full opportunity to argue the propriety of the class certification decision" to the Ninth Circuit based on a complete trial record.

interlocutory request. "That Plaintiffs chose . . . a novel theory rather than a traditional, longstanding . . . theory" of harm "was a strategic choice that ultimately proved unsuccessful." *In re Qualcomm*, 2023 WL 6301063, at *4. Plaintiffs should not be permitted "to revisit that choice now." *Id.* "Indeed, to accept Plaintiffs' argument, and give them a do-over, would result in even more years of overly expensive litigation." *Id.*

Finally, despite making the extraordinary request for an opportunity to try and rehabilitate the defective class theory they pursued for years through trial on the merits, Plaintiffs play coy about how exactly they intend to do so. Plaintiffs do not specify how they would define the class to address the errors identified by the Ninth Circuit. *See* Pls. Remand Br., at 22–23. And more importantly, Plaintiffs have not explained here or anywhere else how they propose to identify the individuals that would belong to any recertified classes or "subclasses." *See id.* Plaintiffs lean on various affirmances by the Ninth Circuit on certain factual issues but they do not explain, for example, how they could use common evidence to separate those who were denied benefits solely by application of a challenged Guidelines provision from those who were denied under an unchallenged provision. It is precisely because Plaintiffs *could not do this* that they pursued the now-backfired strategy that got them here. It thus is highly doubtful that the "recertification" Plaintiffs propose will be anything but futile.[19]

**2. Plaintiffs' Litigation Choices Foreclose Their Belated Attempt To Seek Reprocessing On A New Theory.**

Plaintiffs' improper request to redo class certification is only compounded by their insistence that the "Court should [then] decide whether to order UBH to reprocess the subclass members' benefit claims." Pls. Remand Br., at 26.

[19] Plaintiffs also suggest in their Remand Brief that they may seek recertification of the denial of benefits claim for the purpose of obtaining remedies other than reprocessing. *See* Pls. Remand Br., at 6 n.9. But despite acknowledging that Plaintiffs pursued these additional forms of relief, the Ninth Circuit nevertheless reversed class certification and on the merits based on Plaintiffs' failure to show that "UBH denied Plaintiffs' claims under a flawed provision of the Guidelines." *Wit*, 79 F.4th at 1086. This failure of proof and the Ninth Circuit's clear reversal precludes any certification of a denial of benefits claim, regardless of the remedy sought.

Even if the court could revisit class certification now (it cannot), the Ninth Circuit's holding squarely forecloses Plaintiffs' claim to class-wide reprocessing. As even Plaintiffs acknowledge, to obtain reprocessing, they must show that every class member "might be entitled to benefits under the proper standard." Pls. Remand Br., at 26 (quoting *Wit*, 79 F.4th at 1089). But as the Ninth Circuit explained after a full review of the trial record, Plaintiffs did not just fail to make that showing, they failed to show "*that such a common showing is possible*." *Wit*, 79 F.4th at 1086 (emphasis added).

And even if such a showing were possible in theory, it would come too late to cure Plaintiffs' failure of proof in this case. Plaintiffs made the strategic choice not to offer that evidence at trial to facilitate class certification on their flawed theory of procedural harm. *See* FFCL, ECF No. 418, ¶ 19 ("Plaintiffs stipulated at the class certification stage of the case that they do not ask the Court to make determinations as to whether individual class members were actually entitled to benefits . . . . Rather, they assert only facial challenges to the Guidelines."). That choice precludes their belated efforts to seek reprocessing now for two reasons.[20]

First, black letter principles of waiver and forfeiture foreclose Plaintiffs from arguing a new theory of liability after failing to prove an essential element of their claims at trial. "'[A] party cannot offer up successively different legal or factual theories that could have been presented in a prior request for review.'" *Flores v. Barr*, 934 F.3d 910, 917–18 (9th Cir. 2019). Indeed, "it is an elementary principle of judicial economy that parties are expected to raise all relevant arguments" the first time around, and "parties do not get a second bite at the apple if their initial arguments fail. Without these rules, courts would exist in a state of paralysis, subject to a never-ending loop of argument on the same underlying issues." *Meeks v. Experian Info.*

[20] To the extent that Plaintiffs claim they are entitled to any reprocessing relief by virtue of their breach of fiduciary duty claim, that too must be rejected. As the Ninth Circuit recognized, Plaintiffs sought reprocessing only in connection with their denial of benefits claim. *See Wit*, 79 F.4th at 1079 ("For their breach of fiduciary duties claim, Plaintiffs sought injunctive and declaratory relief. As to their denial of benefits claim, Plaintiffs sought reprocessing of their claims."); *see also id.* at 1084 n.5 (recognizing that challenge to Plaintiffs' reprocessing theory did not implicate Plaintiffs' breach of fiduciary duty class).

*Sols., Inc.*, Case No. 21-cv-03266-VC, 2022 WL 53832, at *1 (N.D. Cal. Jan. 5, 2022) (citations omitted), *rev'd and remanded on other grounds*, 2022 WL 17958634 (9th Cir. Dec. 27, 2022); *see, e.g.*, *Washington Alder LLC v. Weyerhaeuser Co.*, No. CV 03-753-PA, 2004 WL 1119822, at *1 (D. Or. May 19, 2004) (similar). "A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case," *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 826 (9th Cir. 2000), and "an issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived on remand," *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017), *aff'd*, 749 F. App'x 557 (9th Cir. 2019). Here, Plaintiffs abandoned their alternative theory by strategically deciding to proceed to trial based solely on their "facial challenge" theory. Now that that claim has failed as a matter of law, it is much too late to go back and relitigate those strategic choices, trapping this court in an endless loop of litigation.

Second, the record in this case is closed, and Federal Rule of Civil Procedure 59 strictly limits the circumstances in which it can be opened after completion of a trial. Under the rule, such relief can be sought "no later than 28 days after the entry of judgment," *id.* 59(b)—which expired years ago here—and the "[g]rounds" for such relief, *id.* 59(a)(1)(B), are limited to exceptional circumstances such as "manifest error of law or mistake of fact," Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2804 (3d ed.). Contrary to Plaintiffs' argument, a party's "desire to introduce additional evidence after losing the case d[oes] not constitute a proper ground for granting a new trial." *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978); *see also*, *e.g.*, *Sheldon L. Pollack Corp. v. Universal Health Servs. Inc.*, 919 F.2d 741 (9th Cir. 1990) ("[A] party who fails to present his strongest case is not entitled to a second opportunity by moving to amend a finding of fact and a conclusion of law, or for a new trial."); *LiButti v. United States*, 178 F.3d 114, 118–19 (2d Cir. 1999) ("Certainly, a trial court should not grant a new trial simply because, like the proverbial second bite at the apple, the losing party believes it can present a better case if

afforded another chance."). Plaintiffs cannot overcome this wall of authority rejecting their proposed grounds to relitigate the case (which is also grossly untimely under Rule 59).

**3. Any Recertification Of A Denial Of Benefits Class Would Be Futile Because Plaintiffs Have Failed To Exhaust Administrative Remedies.**

Plaintiffs' request that the Court find that members of a recertified denial of benefits class be excused from their failure to exhaust all available administrative remedies betrays yet another fundamental problem with their position on remand. As Plaintiffs acknowledge, if the Court were to grant leave to file a motion to recertify the denial of benefits claim, and ultimately grant that motion, it would then be faced with the task of determining whether members of that recertified class exhausted their administrative remedies. If the Ninth Circuit understood its mandate to permit Plaintiffs to maintain a denial of benefits class, it would not have limited its analysis of the exhaustion issue to Plaintiffs' breach of fiduciary duty claim as "the only remaining class claim." *Wit*, 79 F.4th at 1089.

Moreover, Plaintiffs opt not to confront the question of whether the exhaustion requirement may be excused here, *see* Pls. Remand Br., at 25 n.29, likely because doing so would demonstrate the futility in recertifying a denial of benefits class. Where an ERISA plan explicitly mandates exhaustion of administrative remedies before filing suit, as the plans in this case do, judicial waiver of those requirements would conflict with the written terms of the plan. *Cf. Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 822 (9th Cir. 2022) (precluding application of federal common law doctrines where plan terms were unambiguous). Excusing such contractually-mandated exhaustion requirements in the context of a class action would run afoul of the Rules Enabling Act by expanding the substantive rights of absent class members (and abridging UBH's) through Rule 23. Nor could the Court excuse the absent class members' failure to exhaust administrative remedies on futility grounds given the record evidence demonstrating that many plan members successfully appealed their denied benefits claims. *See* Trial Tr. 1504:8-1505:4 (Bridge). Thus, even if the Court were to permit recertification of the denial of benefits class, Plaintiffs would be unable to overcome the absent class members' failure to comply with the administrative exhaustion requirements set forth in their plans.

**B. Plaintiffs Cannot Seek Any New Forms Of Relief.**

Plaintiffs' request for additional, unidentified forms of relief is beyond the scope of the Ninth Circuit's mandate. Nowhere in the Ninth Circuit's opinion did it indicate that the Court would be free to consider new, as-of-yet unidentified remedies on remand. Any such remedies were not raised on appeal, were not before the Ninth Circuit, and therefore may not be considered by the Court on remand. *See Mendez-Gutierrez,* 444 F.3d at 1172–73 (party may not raise new issues on remand).

## CONCLUSION

For the reasons set forth above, UBH respectfully requests that the Court (1) enter judgment in favor of UBH as to Plaintiffs' denial of benefits claim; (2) amend the judgment to address the Ninth Circuit's holding as to the proper construction of the Plans and appropriate remedies; (3) determine, if necessary, whether Plaintiffs must demonstrate exhaustion of all administrative remedies to sustain any surviving breach of fiduciary duty claim; and (4) deny Plaintiffs' requests for an opportunity to reopen the record, "recertify" the denial of benefits class, or seek additional relief.

Dated: November 13, 2023

CROWELL & MORING LLP

*/s/ Jennifer S. Romano*
Jennifer S. Romano
April N. Ross
Andrew Holmer

*Counsel for Defendant*
*United Behavioral Health*