JENNIFER SALZMAN ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

DAVID AND NATASHA WIT, *et al.*,

Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),

Defendant.

GARY ALEXANDER, *et al.*,

Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),

Defendant.

Case No. 3:14-CV-02346-JCS
Related Case No. 3:14-CV-05337-JCS

**UNITED BEHAVIORAL HEALTH'S SUR-REPLY BRIEF ON SCOPE OF REMAND**

## TABLE OF CONTENTS

INTRODUCTION ........ 1
ARGUMENT ........ 2
I. The Ninth Circuit's Mandate Dictates This Court's Limited Authority On Remand ........ 2
II. The Court Must Execute The Mandate By Entering Judgment For UBH As To The Denial Of Benefits Claim and Partial Judgment As To The Breach Of Fiduciary Duty Claim. ........ 6
A. The Mandate Requires Judgment For UBH On Plaintiffs' Denial Of Benefits Claim. ........ 6
B. The Mandate Requires Partial Judgment For UBH On Plaintiffs' Fiduciary Duty Claim. ........ 10
C. The Mandate Requires That The Court Modify Its Judgment And Remedies Order To Conform To The Ninth Circuit's Judgment. ........ 11
III. The Court Must Determine Whether Members Of Plaintiffs' Breach Of Fiduciary Duty Classes Were Required To Exhaust Administrative Remedies And Should Conclude That They Were. ........ 12
IV. The Ninth Circuit's Mandate Does Not Allow For A Motion To "Recertify" Or "Modify" The Class Certification Order. ........ 14
CONCLUSION ........ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Conley v. Pitney Bowes*,
34 F.3d 714 (8th Cir. 1994) .......... 13

*Creech v. Tewalt*,
84 F.4th 777 (9th Cir. 2023) .......... 2

*Diaz v. United Agric. Emp. Welfare Benefit Plan and Trust*,
50 F.3d 1478 (9th Cir. 1995) .......... 13, 14

*Dilts v. Penske Logistics, LLC*,
No. 08-CV-318-CAB BLM, 2014 WL 305039 (S.D. Cal. Jan. 21, 2014) .......... 19

*Firth v. United States*,
554 F.2d 990 (9th Cir. 1977) .......... 4, 5, 10, 17

*Hall v. City of Los Angeles*,
697 F.3d 1059 (9th Cir. 2012) .......... 4

*Markson v. CRST Int'l, Inc.*,
No. 5:17-CV-01261-SB-SP, 2022 WL 1585754 (C.D. Cal. Apr. 6, 2022) .......... 19

*Mendez-Gutierrez v. Gonzales*,
444 F.3d 1168 (9th Cir. 2006) .......... 4

*Pit River Tribe v. U.S. Forest Serv.*,
615 F.3d 1069 (9th Cir. 2010) .......... 3

*Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*,
422 F.3d 949 (9th Cir. 2005) .......... 3, 4

*Sali v. Corona Reg'l Med. Ctr.*,
909 F.3d 996 (9th Cir. 2018) .......... 17

*Schwarzschild v. Tse*,
69 F.3d 293 (9th Cir. 1995) .......... 19

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*,
770 F.3d 1282 (9th Cir. 2014) .......... 13

*Stephens v. Pension Benefit Guar. Corp.*,
755 F.3d 959 (D.C. Cir. 2014) .......... 14

*United States v. Thrasher*,
483 F.3d 977 (9th Cir. 2007) .......... 3, 5, 10

*Vidrio v. United Airlines, Inc.*,
No. CV 15-7985 PSG, 2021 WL 3884282 (C.D. Cal. June 29, 2021) ....................................3

*Vizcaino v. U.S. Dist. Ct. for W. Dist. of Washington*,
173 F.3d 713 (9th Cir. 1999), *opinion amended on denial of reh'g sub nom. In re Vizcaino*, 184 F.3d 1070 (9th Cir. 1999) ....................................19

*Wit v. United Behav. Health*,
79 F.4th 1068 (9th Cir. 2023) .................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................................2

Fed. R. Civ. P. 23 ....................................8, 17, 18, 19

Fed. R. Civ. P. 23(c)(2)(B) ....................................19

Fed. R. Civ. P. 23(f)....................................17, 20

Fed. R. Civ. P. 52 ....................................18

Fed. R. Civ. P. 52(b) ....................................10, 18

Fed. R. Civ. P. 59(b) ....................................10, 18

## INTRODUCTION

Plaintiffs ask the Court to ignore key provisions of the Ninth Circuit's opinion and permit them to re-litigate their claims from the pre-trial stage. They take no accountability for either their decision to pursue a "facial" challenge to the Guidelines or their wholesale failure to offer proof of causation and harm to themselves or the class members. That was their theory of the case, and they refuse to accept that the Ninth Circuit rejected their theory and issued a clear mandate for limited proceedings on remand. This Court is bound by that remand.

On remand, the Court has two functions:

First, as to issues that the Ninth Circuit did not leave "open," the Court's role is purely executory. The Court must execute the Ninth Circuit's mandate and: (1) enter judgment for UBH on the named Plaintiffs' claim for denial of benefits and promptly notify class members that those claims have been decertified; (2) apply the Ninth Circuit's partial reversal of Plaintiffs' fiduciary duty claim to the prior judgment and enter partial judgment for UBH on that claim; and (3) vacate the portions of the judgment and Remedies Order that are inconsistent with the Ninth Circuit's mandate in that they require guidelines that are co-extensive with generally accepted standards of care ("GASC").

Second, as to the sole remanded issue of administrative exhaustion, the Court should confirm that the remaining portions of Plaintiffs' claim for breach of fiduciary duty were subject to administrative exhaustion requirements under both the Plans and ERISA and order briefing to determine whether that exhaustion was satisfied or excused.

That is all that is left following the Ninth Circuit's decision. Having litigated their case through class certification, trial, final judgment, and appeal on the theories and evidence they chose to pursue, neither the law nor the interests of finality provide Plaintiffs a second chance to pursue their defective classes, claims, or remedies.

## ARGUMENT

### I. The Ninth Circuit's Mandate Dictates This Court's Limited Authority On Remand.

Plaintiffs' argument for expansive new proceedings on remand boils down to their bald assertion that the Ninth Circuit "did **not** say the remand was limited to that single question" regarding Plaintiffs' administrative exhaustion obligations. ECF No. 617, Plaintiffs' Remand Reply Brief ("Reply"), at 2 (emphasis in original). Plaintiffs' assertion is demonstrably wrong.

In its 22-page opinion, the Ninth Circuit references a remand to this Court three times. Each time the Ninth Circuit identified one, and only one, issue for further proceedings on remand: the application of administrative exhaustion to Plaintiffs' breach of fiduciary duty claim:

- "We remand for the district court to determine in the first instance the threshold issue of whether the exhaustion requirement applies to the fiduciary claim and, if so, whether that requirement was satisfied by the unnamed class members or should otherwise be excused in light of our decision." *Wit v. United Behav. Health*, 79 F.4th 1068, 1088 (9th Cir. 2023).
- "[W]e remand for the district court to determine the threshold question of whether Plaintiffs' breach of fiduciary duty claim is a 'disguised claim for benefits,' subject to the exhaustion requirement. [Citation]. If the district court determines that the exhaustion requirement does apply, it must then determine if that requirement was satisfied or otherwise excused in light of our resolution of the issues presented in this appeal." *Id.* at 1089.
- "[W]e remand for the district court to answer the threshold question of whether Plaintiffs' fiduciary duty claim is subject to the exhaustion requirement." *Id.* at 90.

UBH does not dispute Plaintiffs' assertion that this Court must adhere to both the "letter and the spirit of the mandate." Reply at 2 (quoting *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023)).[1] But it is Plaintiffs' reading of the mandate that cannot be reconciled with either of them.

[1] Plaintiffs repeatedly cite *Creech*, without further discussion, suggesting that their position self-evidently reflects "the letter and the spirit" of the Ninth Circuit's mandate. *See* Reply at 2, 3, 9, 14. It does not, for the reasons set forth below. *Creech* is otherwise irrelevant. In that case two death row inmates challenged Idaho's lethal injection practices, and the district court dismissed the claims for lack of subject matter jurisdiction. 84 F.4th at 782. On the first appeal, the Ninth Circuit held that subject matter jurisdiction existed for some of the claims, and partially reversed. *Id.* In passing, the Ninth Circuit "noted that Creech's claims did not appear to be viable," *id.*, but stated "parenthetically that Creech should be permitted to amend the complaint" to try and fix his claims. *Id.* at 783. On remand, the district court dismissed under Rule 12(b)(6) and denied leave to amend as futile. *Id.* Since the Ninth Circuit had never actually considered Rule 12(b)(6) arguments or futility, the Ninth Circuit held that the district court did not violate the prior mandate by addressing them. *Id.*

*See Vidrio v. United Airlines, Inc.*, No. CV 15-7985 PSG (MRWx), 2021 WL 3884282, at *2 (C.D. Cal. June 29, 2021) ("In fact, the panel here avoided the usual 'open remand,' where an appellate court will remand for further proceeding consistent with its decision."). Since the Ninth Circuit expressly "remanded for a single purpose," the "plain language of the disposition preclude[s] the district court from considering any other arguments" beyond the scope of that remanded question. *United States v. Thrasher*, 483 F.3d 977, 983 (9th Cir. 2007). This "court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief" beyond that lone remanded issue. *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 966 (9th Cir. 2005) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).

Failure to adhere to the Ninth Circuit's mandate is reversible error and is subject to immediate appellate review by writ of mandamus. *See Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1078 (9th Cir. 2010) ("[W]hen a lower court obstructs the mandate of an appellate court, mandamus is the appropriate remedy," in part "because litigants who have proceeded to judgment in higher courts should not be required to go through that entire process again") (quotation marks omitted).

Plaintiffs neither acknowledge nor address this controlling authority cited in UBH's Brief on the Scope of Remand ("UBH Remand Br.") at pages 12–17. Instead, Plaintiffs engage in wordplay to try and create a false dichotomy between a "limited remand" and an "open remand." In their Opening Brief, Plaintiffs argued that a "limited remand" is a narrow term of art that only applies to criminal sentencing or circumstances where the Court of Appeals remands for further proceedings while the appeal is still pending. Pls. Remand Br. at 9 (citing ECF No. 604 at 7) and 9–10 n.11. In its Remand Brief, UBH explained why Plaintiffs' narrow focus on a "limited remand" as a term of art is a sideshow. *See* UBH Remand Br. at 13. The fact that limited remands are commonly issued in the context of criminal resentencing or for further proceedings while an appeal is still pending does not mean that those are the *only* instances in which the Ninth Circuit can (or does) limit the scope of remand. Whatever terms Plaintiffs want to use to

describe a limited remand, the Court's power is constrained here by the terms of the mandate. *Planned Parenthood*, 422 F.3d at 967 (when a case is "remanded only for consideration of" a single issue, "additional issues are not open for review").

In Reply, Plaintiffs double down on this false distinction by arguing that "UBH concedes that the Panel did not order a special 'limited remand.'" Reply at 2. That is not only false (UBH made no such concession, *see* UBH Remand Br. at 12–13 n.3), it is irrelevant. Even Plaintiffs do not argue that the only two types of remand are the hyper-technical "limited remand" they describe and an unlimited "open" remand they urge. Regardless of the label, in every case, it is the mandate itself that determines the district court's authority on remand, and lower courts have "no power to expand [the] remand beyond the boundary ordered by [the appellate] court." *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1173 (9th Cir. 2006).

Plaintiffs next rely on the general proposition that district courts have authority to decide issues left "open" by the mandate. Reply at 2–3 (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)[2]). But that general principle does not help Plaintiffs because the Ninth Circuit's opinion did not leave any other issues "open." Since the Ninth Circuit "had before it and considered on the first appeal all of the evidence on the issue[s] of" class certification as to the denial of benefits class, and the merits of the denial of benefits and fiduciary duty claims, "the resulting mandate did not leave the matter[s] open for reappraisal or clarification by the district court." *Firth v. United States*, 554 F.2d 990, 994 (9th Cir. 1977). The only "open" issue on which this Court retains discretion to hold *new* proceedings or entertain *new* arguments is the remanded question of administrative exhaustion.

In a footnote, Plaintiffs try to distinguish *Firth* by arguing that some shortcoming in the record here prevented the Ninth Circuit from considering all of the evidence. Reply at 11 n.12. But the shortcoming Plaintiffs point to is *their own failure* to produce sufficient evidence at trial.

[2] As set forth in UBH's opening brief, the Ninth Circuit's decision in *Hall* does not help Plaintiffs. *See* UBH Remand Br. at 15–16 n.7. In *Hall*, the Ninth Circuit held that the district court had authority to decide an issue that was *expressly remanded* by the Ninth Circuit's prior mandate. *Hall*, 697 F.3d at 1067. It is undisputed here that the Court has authority to decide the single remanded issue of administrative exhaustion as to the breach of fiduciary duty claim.

*See Wit*, 79 F.4th at 1086 (holding that "*Plaintiffs . . . f[ell] short* of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible" (emphasis added)). Plaintiffs' own evidentiary shortcomings do not provide a basis to expand the remand beyond the limits recognized in *Firth*.

Here, as in *Firth*, the "record" that the Ninth Circuit found wanting was the evidence (or lack thereof) that Plaintiffs chose to offer at trial, not gaps in the appellate record. The record on appeal included, among other things: (1) all of the testimony taken over the course of the 10-day bench trial; (2) over a thousand pages of trial exhibits; and (3) each of this Court's Findings of Fact and Conclusions of Law based on that trial evidence. *See Wit v. United Behav. Health*, Ninth Cir. No. 20-17363, ECF Nos. 26-1 (UBH's Excerpts of Record Index Volume); 49-1 (Pls. Supp. Excerpts of Record Index Volume); 70 (UBH's Further Excerpts of Record Index Volume). Plaintiffs do not identify any material evidence that they *actually introduced at trial* that the Ninth Circuit failed to consider. Nor could they. Plaintiffs filed the appeal and submitted the record to the appellate court. Plaintiffs cannot hold back evidence from the appellate record and then fault the Ninth Circuit for failing to consider it on appeal.

As to each of the issues that the Ninth Circuit resolved—class certification of the denial of benefits classes, the merits of Plaintiffs' denial of benefits claim, and the merits of Plaintiffs' breach of fiduciary duty claim—this Court's task is purely ministerial; the court "must carry [the Ninth Circuit's opinion] into execution according to the mandate." *Thrasher*, 483 F.3d at 983 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. at 255–56). Executing that mandate requires three things: [3]

[3] Plaintiffs conflate the court's ministerial role in executing the mandate with an "open" remand. *See* Reply at 3 (arguing that because "this Court has the authority address **some** open issues beyond the discrete question of administrative exhaustion, . . . the Court has the authority to address **all** the open issues"). As with every mandate following reversal, it is of course true that there are certain acts that the court must take in order to formally execute the appellate court's mandate. But the fact that the Court must do *certain specific things* in order to implement the mandate does not mean that it has authority to do *everything*. *Thrasher*, 483 F.3d at 983 (where case was remanded to address a single issue, the "plain language of the disposition preclude[s] the district court from considering any other arguments" beyond the scope of that remanded question).

1. To execute the reversal of judgment on the merits on Plaintiffs' decertified claim for denial of benefits, the Court should enter judgment for UBH on the individual plaintiffs' denial of benefits claims and order that class members be promptly notified that those claims have been decertified.
2. To execute the reversal of judgment on the merits of Plaintiffs' breach of fiduciary duty claim to the extent it was based on improper plan interpretation, the Court should apply the Ninth Circuit's holding to its prior findings and enter partial judgment for UBH on that claim.
3. After determining which portions of the breach of fiduciary duty claim are reversed, the Court should conform its Remedies Order to the judgment required by the Ninth Circuit's mandate.

Once the Court has completed those non-discretionary, ministerial aspects of implementing the Ninth Circuit's mandate, it should proceed to its discretionary task of addressing the single remanded question of administrative exhaustion as it pertains to any portions of the fiduciary duty claim that have not been reversed.

## II. The Court Must Execute The Mandate By Entering Judgment For UBH As To The Denial Of Benefits Claim and Partial Judgment As To The Breach Of Fiduciary Duty Claim.

### A. The Mandate Requires Judgment For UBH On Plaintiffs' Denial Of Benefits Claim.

The Ninth Circuit's judgment on Plaintiffs' denial of benefits claim was not equivocal: "the judgment on Plaintiffs' denial of benefits claim is reversed . . . ." *Wit*, 79 F.4th at 1089. On that claim, all that remains for this Court to do is to enter judgment in favor of UBH and order that the class be promptly notified.[4]

The very first paragraph of the Ninth Circuit's merits discussion in Section V of the opinion reads as follows:

---

[4] Plaintiffs argue that "the opinion . . . says nothing about the claims of the individual class representatives, so it cannot be construed as directing entry of judgment on their claims . . . ." Reply at 5. To the contrary, the Ninth Circuit opinion applies squarely to Plaintiffs' own claims, because it did not carve out the named Plaintiffs from its judgment. The fact that the Ninth Circuit only reached the merits of the denial of benefits claim *after* it reversed class certification on that claim leaves little doubt that Plaintiffs' individual claims are rejected. There could be no other result, since the named plaintiffs pursued their individual claims based on the same facial challenge that the Ninth Circuit rejected for the three (now decertified) denial of benefits classes. Plaintiffs did not present any unique evidence for the named plaintiffs beyond the (insufficient) evidence they offered for the three (now-decertified) classes, and the Court did not make any findings as to their specific claims that would change the Ninth Circuit's analysis.

> "Turning to the *merits of Plaintiffs' claims*, we begin by noting that the same errors present in the district court's denial of benefits class certification order *also infected its merits and remedy determinations*. Rather than determining whether UBH denied Plaintiffs' claims under a flawed provision of the Guidelines, the district court determined that remand was appropriate anytime UBH referenced any portion of the Guidelines in denying the claims."

*Wit*, 79 F.4th at 1086; *see also* Reply at 4.

For the first time in their Reply Brief, Plaintiffs now acknowledge this portion of the Ninth Circuit's holding. Reply at 4. But they ask the Court to un-reverse judgment on their denial of benefits claim based on their incomplete description of the "errors" referenced in that portion of the Ninth Circuit's decision. Plaintiffs proclaim that because the Ninth Circuit did not expressly say in the above-quoted passage that UBH won on the merits of the denial of benefits claim for lack of causation, then this passage relates only to a "Rules Enabling Act problem" that is limited to class certification of a reprocessing remedy. Reply at 3–4. That interpretation is nonsensical. The passage is in the merits portion of the Ninth Circuit's opinion, and includes the word "merits" twice. Plaintiffs not only disregard the clear language of the above-quoted *merits* determination, they ignore how that conclusion fits into the rest of Ninth Circuit's analysis. *Cf.* Pls. Remand Br., ECF No. 612 at 10 (Arguing "the mandate consists of the ***entire*** opinion, and in construing the mandate, the Court must read the entire opinion 'holistically.'") (quoting *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016)).

The "errors" that the Ninth Circuit held to "infect" every element of Plaintiffs' denial of benefits claim—from class certification to "merits and remedy determinations," *Wit*, 79 F.4th at 1086—were not just, as Plaintiffs' argue, this Court's failure to "'determin[e] whether UBH denied Plaintiffs' claims under a flawed provision of the Guidelines.'" Reply at 4 (quoting *Wit*, 79 F.4th at 1086). To be sure, the lack of any findings by this Court to support that element of prejudice was *one* error, but that was not the only error. As the Ninth Circuit also made clear throughout Section IV of its opinion, the Court's failure to make findings on the issue of causation and harm was a symptom of *Plaintiffs*' failure to present *evidence* to support such findings in the first place. *See Wit*, 79 F.4th at 1083–86. Plaintiffs "f[ell] short of demonstrating

that all class members were denied a full and fair review of their claims or that such a common showing is possible." *Id.* at 1086.

If anything, Plaintiffs' admission that their failure of proof created a "Rules Enabling Act problem" just confirms why it was necessarily a failure of proof *on the merits*. The Court's class certification order did not just misapply the usual Rule 23 factors of commonality or predominance (though it did that, too), it improperly relieved Plaintiffs from proving a substantive element of their denial of benefits claim under ERISA. As the Ninth Circuit explained, that created a Rules Enabling Act problem because, in doing so, the Court "enlarged or modified Plaintiffs' *substantive rights* in violation of the Rules Enabling Act." *Id.* (emphasis added). The merits problem is precisely the same—Plaintiffs tried their claims without proving causation and harm and failed to prove the substantive elements of their denial of benefits claim. *Id.* ("the same errors present in the district court's denial of benefits class certification order also infected its merits and remedy determinations").

Nor is there any merit to Plaintiffs' contention that the reversal on the merits of their denial of benefits claim is limited to the reprocessing remedy. The Ninth Circuit did not reverse on a single remedy; it reversed the judgment on the merits unequivocally and as to the entirety of Plaintiffs' denial of benefits claim. The Ninth Circuit expressly recognized that Plaintiffs did not just seek reprocessing for their denial of benefits claim; they also sought a "declaration that UBH's denial of benefits was improper and an order for UBH to apply the new guidelines in processing future claims." *Wit*, 79 F.4th at 1079 n.3. After identifying multiple failures of proof on the issue of causation, *id.* at 1082–84, the Ninth Circuit "reverse[d] . . . certification of the denial of benefits classes" in *full*, as to all remedies sought. *Id.* at 1089. Because Plaintiffs chose to pursue their denial of benefits claim solely based on a "facial challenge" to the Guidelines, without any showing of causation, Plaintiffs' failure of proof was not limited to the specific reprocessing remedy. Again, Plaintiffs ultimately failed to show the basic *statutory* harm required by ERISA: they "f[ell] short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible." *Wit*, 79 F.4th at

1086. Since that failure of proof went directly to the injury required by ERISA, the Ninth Circuit reversed on the merits and class certification of the denial of benefits claim as to all remedies, not just reprocessing. *Id*. at 1086, 1089.

Thus, Plaintiffs' narrow focus on the Ninth Circuit's second ground for reversal on the merits— the Court's requirement that UBH "cover all treatment that was consistent with GASC" *Wit*, 79 F.4th at 1088; *see also* Reply at 5–6—misses the mark. The Ninth Circuit's opinion is clear that this was an *additional* ground for reversal of the denial of benefits claim. It was only *after* the Ninth Circuit held that Plaintiffs' failure to prove causation "also infected [the Court's] merits and remedy determinations," that the Court went on to consider UBH's "further argu[ment] that the district court erred by concluding that the Guidelines improperly deviated from GASC, and by failing to apply an appropriate level of deference to UBH's interpretation of the Plans." *Wit*, 79 F.4th at 1086. As to that "further argument," the Ninth Circuit *also reversed*, but only "to the extent the district court concluded the Plans require coverage for all care consistent with GASC." *Id*. at 1088. And since that ground for reversal applied equally to Plaintiffs' fiduciary duty claim, the Ninth Circuit went on to reverse judgment on the breach of fiduciary duty claim "to the extent" it was based on the same underlying error.[5] *Id*. at 1090.

Ultimately, because the judgment on the denial of benefits claim suffered from *both* a failure of proof of causation *and* the improper plan interpretation error, the Ninth Circuit drew a clear distinction between its judgment on the denial of benefits claim and the breach of fiduciary duty claim. Whereas, "the judgment on Plaintiffs' denial of benefits claim is reversed" without limitation, judgment on the breach of fiduciary duty claim is reversed only "to the extent [it] is based on the district court's erroneous interpretation of the Plans . . . ." *Id*. at 1089.

---

[5] Plaintiffs argue that the Ninth Circuit's judgment of reversal cannot require judgment in favor of UBH on the denial of benefits claim because the Ninth Circuit did not separately use the word "ent[er] . . . judgment in UBH's favor . . . ." Reply at 5. Plaintiffs cite no law to support that argument because it is wrong. As Plaintiffs argue elsewhere, the Ninth Circuit was not required to "use a talismanic phrase" to accomplish its clear intent. *See* Reply at 2 n.1. The "letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces," Reply at 2 (quoting *Creech*, 84 F.4th at 787), permit no other result as to the denial of benefits claim.

Plaintiffs ask the Court to ignore that plain distinction in the Ninth Circuit's judgment, but the Court may not do so. On the denial of benefits claim, "the resulting mandate did not leave the matter[s] open for reappraisal or clarification by the district court." *Firth*, 554 F.2d at 994. There is only one thing left to do on the denial of benefits claim: enter judgment for UBH.

**B. The Mandate Requires Partial Judgment For UBH On Plaintiffs' Fiduciary Duty Claim.**

The parties agree that further proceedings are not required to implement the Ninth Circuit's mandate on Plaintiffs' breach of fiduciary duty claim. See Reply at 5 ("No Further Proceedings are Needed for the Court to Clarify its Interpretation of the Plans"). Indeed, beyond the remanded exhaustion issue, no further "proceedings" are allowed; the Court may not "consider[] any other arguments," *Thrasher*, 483 F.3d at 983, and it cannot reopen the record to hear new evidence or make new findings. *See* Fed. R. Civ. P. 52(b); Fed. R. Civ. P. 59(b). To execute the Ninth Circuit's mandate, the Court must simply apply the Ninth Circuit's reasoning to the judgment this Court has already entered, and clarify which portions of that judgment are reversed.

As relevant here, this Court's judgment concluded that "class members had a right, under ERISA and their plans" to guidelines that were solely consistent with GASC, ECF No. 531 at 2, and the Court entered judgment on the breach of fiduciary duty claim based on that conclusion. *Id*. at 26. As UBH explained in its Remand Brief, UBH Remand Br. at 19–22, there is no way to square that aspect of the judgment with the Ninth Circuit's determination that "UBH's interpretation of the plans . . . gives effect to all the Plan provisions because the Plans exclude coverage for treatment *inconsistent* with GASC or otherwise condition treatment on consistency with GASC." *Wit*, 79 F.4th at 1088. Even if this Court did not err in holding that UBH cannot use its former guidelines to "*implement*[] the GASC requirement," *id*., that alone cannot support the court's full judgment on the fiduciary duty claim. Neither ERISA nor the plans permit the additional step that this Court's judgment took when it affirmatively required UBH to adopt guidelines that are solely consistent with GASC.

The Ninth Circuit did not "thr[ow] up its hands" and reverse, as Plaintiffs contend. Reply at 7. The Ninth Circuit clearly held that this Court "erred" when it imposed that additional requirement—*i.e.*, that the Guidelines be "coextensive with GASC." *Id.* at 1089 ("the district court erred to the extent it determined that the Plans require the Guidelines to be coextensive with GASC")—and partially reversed the judgment on the breach of fiduciary duty claim on that ground. *See id*. at 1088 (reversing "to the extent the district court concluded the Plans require coverage for all care consistent with GASC."). Pursuant to the Ninth Circuit's mandate, the Court must vacate that reversed element of its judgment and instead enter judgment for UBH on that question.[6]

**C. The Mandate Requires That The Court Modify Its Judgment And Remedies Order To Conform To The Ninth Circuit's Judgment.**

The Ninth Circuit's partial reversal of the judgment on the fiduciary duty claim also requires this Court to vacate the portions of its Remedies Order (and the remedial portions of its final judgment) that required UBH, on a prospective basis, to use guidelines that are coextensive with GASC, and specifically to use the ASAM Criteria (for substance use disorders), the LOCUS criteria (for adult mental health conditions), the CALOCUS-CASII criteria (for child and adolescent mental health conditions) and the ECSII criteria (for early childhood mental health conditions).

Plaintiffs' primary response on this issue is to argue that the Ninth Circuit "did not consider the injunction at all . . . ." Reply at 13. But Plaintiffs do not dispute that this prospective injunctive relief flows directly from the portion of this Court's final judgment imposing a fiduciary duty to use guidelines that are solely consistent with GASC. Plaintiffs fail to explain how that relief can possibly stand in the absence of this Court's underlying judgment on the

---

[6] Plaintiffs argue that, if administrative exhaustion is the only "open" issue, then a finding in Plaintiffs' favor on that remanded question would necessarily require the court to "simply re-enter the original judgment" as to the breach of fiduciary duty claim. Reply at 2. Not so. Because the Ninth Circuit's opinion partially reversed the judgment on the breach of fiduciary duty claim, the Court must enter partial judgment for UBH on that claim and revise its Remedies Order to conform to the new judgment required by the mandate.

fiduciary duty claim. It plainly cannot: the Court has no authority to "require the Guidelines to be coextensive with GASC."[7] *Wit*, at 79 F.4th at 1089.

Plaintiffs' attempt to fabricate a difference between "medical necessity guidelines" and the criteria ordered by the Court, Reply at 13, also is unsupported.[8] But even if the Court did not order the use of specific "medical necessity guidelines," that does not change the Ninth Circuit's decision. Neither the Plans nor ERISA require coverage or guidelines that are solely consistent with GASC. *Wit*, at 79 F.4th at 1089.

## III. The Court Must Determine Whether Members Of Plaintiffs' Breach Of Fiduciary Duty Classes Were Required To Exhaust Administrative Remedies And Should Conclude That They Were.

Members of any class pursuing a breach of fiduciary duty claim were required to exhaust all available administrative remedies under their plans before bringing suit against UBH. Plaintiffs maintain a narrow view of the law on this issue in an effort to avoid their judicially and contractually mandated exhaustion requirements.

Plaintiffs admit in their Reply brief that their argument derives from the erroneous assumption that exhaustion is entirely prudential, and derived only from federal common law. *See* Reply at 9 (insisting that the "reasons for enforcing plan exhaustion requirements *as a matter of federal common law* developed under ERISA simply have no application to UBH's development of its company-wide Guidelines in violation of its statutory fiduciary duties"). As UBH explained in its opening Remand Brief, that is not true. *See* UBH Remand Br. at 25–26 (citing *Conley v. Pitney Bowes*, 34 F.3d 714, 716 (8th Cir. 1994)). The exhaustion requirements

---

[7] Plaintiffs point to other portions of the Court's judgment, Reply at 12–13, but fail to explain how those aspects of the judgment can sustain the Court's prospective injunction to use court-ordered guidelines in light of the Ninth Circuit's conclusion that the plans do not require guidelines that are coextensive with GASC.

[8] *See, e.g.,* https://www.asam.org/docs/default-source/public-policy-statements/2020-statement-on-third-party-payment-for-addiction-treatment4824349472bc604ca5b7ff000030b21a.pdf?sfvrsn=cf9854c2_2 (ASAM Public Policy Statement describing the ASAM Criteria as "Medical necessity criteria"); https://www.communitypsychiatry.org/keystone-programs/locus (American Association of Community Psychiatrists website describing the LOCUS and CALOCUS criteria as "medical necessity criteria").

in this case arise both from judicial construction of ERISA *and* from the contractual terms of many members' Plans, as the Court recognized in its FFCL. *See* ECF No. 418 ¶ 192. Plaintiffs' failure to address this independent contractual basis for exhaustion waives any argument on this issue.

It is undisputed that, for at least some class members, exhaustion was contractually required for claims brought for *any reason—i.e.*, including alleged breaches of fiduciary duty. *See* FFCL, ECF No. 418, at ¶ 192 (some members' plans required exhaustion of administrative remedies "both as to claims for reimbursement and as to claims '*for any other reason*.'") (citing Trial Exs. 1557, 1583, 1633) (emphasis added). Those contractual exhaustion requirements must be enforced under ERISA. *Conley*, 34 F.3d at 716. Plaintiffs' passing contention that "UBH did not even offer an internal administrative review process," Reply at 9, is unsupported by evidence and does not change the language of the Plans.

In addition to disregarding the class members' contractual obligation to exhaust available administrative remedies, Plaintiffs also fail to demonstrate that their breach of fiduciary duty claims are not simply a roundabout effort to address adverse benefit decisions. Looking beyond Plaintiffs' labeling of their breach of fiduciary duty claim, as the Ninth Circuit requires, *see Diaz v. United Agric. Emp. Welfare Benefit Plan and Trust*, 50 F.3d 1478 (9th Cir. 1995),[9] the ultimate interest Plaintiffs' claim aims to protect is the class members' interest in receiving benefits consistent with the terms of their plans. *See* UBH Remand Br. at 27 (describing the Court's and the Ninth Circuit's recognition that the Plaintiffs' breach of fiduciary duty claim is premised upon whether UBH properly applied plan-mandated coverage requirements). Plaintiffs,

[9] Plaintiffs criticize UBH for not discussing more extensively the decision in *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282 (9th Cir. 2014). Reply at 8–9. But *Spinedex*'s brief treatment of the administrative exhaustion issue does little more than state the rule identified in the *Wit* decision, and in other cases discussed in UBH's Remand Brief such as *Diaz*, that exhaustion is required where a plaintiff's claim is a "disguised" claim for benefits. *See Spinedex*, 770 F.3d at 1294. The court's determination that the defendant in *Spinedex* had committed "*statutory* violations" that were "willful and systematic," *see id.*, begs the relevant question here of whether Plaintiffs' claims are based on plan provisions, as opposed to statutory provisions.

however, insist that "the gravamen" of their claim is not about what benefits they are entitled to under their Plans, but about "UBH's self-interested creation of excessively restrictive clinical coverage Guidelines." Reply at 8. For example, Plaintiffs single out the Court's finding that UBH's "financial self-interest was a critical consideration." *Id.* But whatever relevance UBH's self-interest may have had on the "degree of skepticism" the Court may apply in evaluating UBH's conduct, *see, e.g.,* FFCL, ECF No. 418 at ¶¶ 200–202, the ultimate question raised by Plaintiffs' fiduciary duty claim is whether UBH complied with the terms of members' Plans by developing Guidelines that accurately reflect generally accepted standards of care *as that term is used in the Plans*. *See* FFCL, ECF No. 418 at ¶ 203. That is a question of plan interpretation, not a legal interpretation of ERISA or other federal law. *See Diaz*, 50 F.3d 1478 (distinguishing between "ERISA [v]iolation[s]" and "[p]lan [v]iolations" for administrative exhaustion requirement purposes); *Stephens v. Pension Benefit Guar. Corp.*, 755 F.3d 959, 967 (D.C. Cir. 2014) (distinguishing between claims based on federal law standards and "plan-based claims").[10] Plaintiffs' fiduciary duty claim is not exempt from administrative exhaustion requirements.

## IV. The Ninth Circuit's Mandate Does Not Allow For A Motion To "Recertify" Or "Modify" The Class Certification Order.

In their Reply Brief, Plaintiffs cling to the mistaken view that the Ninth Circuit's decision resolves nothing and serves only to provide Plaintiffs with guidance on how they might restructure their denial of benefits class claims (after trial and appeal) to conform to the law. Plaintiffs are wrong. The Ninth Circuit's reversal was not an advisory ruling. It was a conclusive determination of class certification and the merits following final judgment after a full review of the trial court record. The Ninth Circuit's decertification order is final and is not subject to

[10] Plaintiffs' suggestion that the court's decision in *Stephens v. Pension Benefit Guar. Corp.*, 755 F.3d 959, 967 (D.C. Cir. 2014), supports their position here is wrong. Reply at 8 n.11. The *Stephens* court concluded that the plaintiffs' claims were "statutory" in nature because the key issue was whether the defendant's 45-day delay in making lump sum pension payments was "unreasonable", and this "unreasonableness" standard was one derived from federal law, not the terms of the plaintiffs' pension plans. *See id.* at 966–67. Here, the key question is whether UBH's administration of the plans conformed to the terms of the plans—a question that does not rely on interpretation or application of federal law.

modification or reconsideration by this Court.

As set forth in UBH's opening Remand Brief, once an issue has been decided by a higher court, the matter is considered "finally settled" and the lower court cannot alter it or "examine it for any other purpose than execution." UBH Remand Br. at 12 (citing *Sanford Fork.*, 160 U.S. at 255; *Planned Parenthood of Columbia/Willamette, Inc.*, 422 F.3d at 966). The question of whether Plaintiffs can maintain a class pursuing denial of benefits claims based on the facts in evidence thus has been "finally settled." The Ninth Circuit unequivocally reversed the Court's decision to certify a class of plaintiffs pursuing denial of benefits claims, after concluding that no class could be maintained on the law and on the facts as presented by Plaintiffs during a full bench trial. *See Wit*, 79 F.4th at 1083–86. Plaintiffs fail to engage with UBH's arguments or authorities on this issue. Instead, Plaintiffs simply invoke (as they do repeatedly throughout their Reply Brief) the truism that district courts "must implement both the letter and the spirit of the mandate," as though that general rule self-evidently supports Plaintiffs' construction that they get a do-over of their legal and evidentiary theories in this case. *See* Reply at 9; *see also id.* at 2, 3, 13–14. It does not. Rather, it is Plaintiffs' self-servingly narrow reading of the Ninth Circuit's opinion that conflicts with the mandate both in letter and in spirit.

According to Plaintiffs, the Ninth Circuit merely pointed out minor defects in the composition of the denial of benefits classes and determined that that those defects could and should be easily corrected. Not so. The mandate does not, either explicitly or implicitly, "leave[] open" to Plaintiffs the remedy of reprocessing. Reply at 10. Rather, the Ninth Circuit concluded, "[t]he district court abused its discretion in certifying Plaintiffs' denial of benefits claims as class actions," full stop. *Wit*, 79 F.4th at 1086.[11] The Ninth Circuit did not instruct or authorize the Court to modify or "narrow" the denial of benefits class definitions; it did not remand for further

[11] It also is incorrect for Plaintiffs to suggest that the Ninth Circuit's ruling on class certification of the denial of benefits claim was limited solely to a Rules Enabling Act issue. Reply at 10. The Ninth Circuit also identified errors in the Court's conclusion that reprocessing relief is available under Section 1132(a)(3) and that reprocessing constitutes available equitable relief under that section. *Wit*, 79 F.4th at 1086.

proceedings on the issue of class certification as it did on the issue on administrative exhaustion; and it did not otherwise state that any issue concerning class certification for the denial of benefits claims remained "open." *See id.*[12] Instead, the Ninth Circuit definitively and straightforwardly "reverse[d] this part of the district court's class certification order," *id.*, then proceeded through the rest of its opinion with the understanding that the matter was finally settled. *See, e.g.*, *id.* at 1089 ("Because we conclude that the district court erred in certifying Plaintiffs' denial of benefits claim, the only remaining class claim is for breach of fiduciary duty."). The letter and the spirit of the Ninth Circuit's decision are clear—Plaintiffs' denial of benefits claims cannot be certified.

Continuing to disregard the finality of the Ninth Circuit's ruling on class certification, Plaintiffs insist that courts "routinely re-certify classes after certification is reversed on appeal." Reply at 10. But Plaintiffs tellingly cite no authority allowing a district court to revisit class certification after a full trial, entry of final judgment, and presentation of a full evidentiary record to the circuit court on appeal. *See id.* Plaintiffs feign ignorance as to the distinction between the procedural posture of this case—where the Ninth Circuit reviewed class certification after final judgment—and the cases they cite where class certification rulings were reversed following a pre-trial, interlocutory appeal under Rule 23(f). Unlike an interlocutory appeal under Rule 23(f), the Ninth Circuit here had the opportunity to review the entire trial record and evaluate not only whether Plaintiffs *might* be able to prove their claims with class-wide evidence, but whether the trial record *actually* contained sufficient evidence to support class-wide adjudication. *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018) ("[T]he 'manner and degree of evidence required' at the preliminary class certification stage is not the same as at the successive

[12] The Ninth Circuit also gave no indication that it was reversing the class certification ruling only as to a particular remedy, i.e., reprocessing, as Plaintiffs have suggested. *See* Pls. Remand Br. at 25; Pls. Reply at 9. The Ninth Circuit expressly recognized that Plaintiffs sought multiple remedies under their denial of benefits claim, *Wit*, 79 F.4th at 1079 n.3, and reversed class certification as to *that entire claim*, not just reprocessing. *Wit*, 79 F.4th at 1086 ("The district court abused its discretion in certifying Plaintiffs' denial of benefits claims as class actions. Therefore, we reverse this part of the district court's class certification order.").

stages of the litigation'—*i.e.*, at trial."). Plaintiffs' unwillingness to engage with this distinction is surprising given their repeated emphasis on construing the mandate by "taking into account the appellate court's opinion and the circumstances it embraces."[13] *See, e.g.*, Reply at 2.

Based on this full record, Plaintiffs failed to prove causation and harm to themselves or any class members. That was because of their own tactical decision to pursue a facial, process-based theory of liability. The Ninth Circuit's reversal on that fulsome trial record was not a road map for Plaintiffs to try this decade-old case all over again. It was a final resolution of the issue, which is why the Ninth Circuit did not remand for further class certification proceedings. Ninth Circuit law is thus clear that "the resulting mandate did not leave the matter open for reappraisal or clarification" by this Court. *Firth*, 554 F.2d at 994. Plaintiffs do not cite a single case where a court certified (or "recertified") a class after trial, let alone after judgment, and an appeal determination on the merits, because that is not permitted under Rule 23 or settled Ninth Circuit precedent.

Plaintiffs also fail to meaningfully respond to UBH's argument that their demand for new proceedings, including (at a minimum) new factual findings, is no longer timely and is precluded under Rules 52(b) and 59(b). *See* UBH Remand Br. at 22 n.12, 29 n.17, 34–35. As UBH explained, the Court held a 10-day trial in which Plaintiffs failed to prove their denial of benefits claim on the merits, let alone with the class-wide proof required by Rule 23. After the trial ended, Plaintiffs had until 28 days after entry of judgment to move for new proceedings to offer additional evidence in support of their claims. *See id.* at 34. By failing to do so, they forfeited their opportunity to reopen the record. Fed. R. Civ. P. 52(b) & 59(b).

---

[13] Plaintiffs' refusal to acknowledge the posture of this case may explain their puzzling focus on the Ninth Circuit's determination that "*on this record* Plaintiffs have fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible." 79 F.4th at 1086 (emphasis added). Contrary to Plaintiffs' argument, Reply at 11, UBH twice quoted the "on this record" language in its Remand Brief, *see* UBH Remand Br. at 8 and 16. Regardless, that language does not invent a "caveat" in the Ninth Circuit's holding. Reply at 11. *Unlike* the interlocutory appeal cases on which Plaintiffs rely, the "record" on which the Ninth Circuit held that Plaintiffs failed to prove the requirements of Rule 23 was the *full trial record*, including all trial testimony, all of the Court's findings of fact, and all trial exhibits Plaintiffs saw fit to give the Ninth Circuit to justify class certification.

Plaintiffs do not dispute any of this, nor do they even mention Rules 52 and 59 in their discussion of the denial of benefits claims or classes. *See* Reply at Section V. Instead, they merely make a passing reference to those rules in a footnote in their breach of fiduciary duty argument, claiming those rules "have nothing to do with proceedings on remand." Reply at 6 n.8. But Plaintiffs' terse attempt at rebuttal misses the point. Had this Court correctly recognized Plaintiffs' failure of proof after trial, the result would have been exactly what the Ninth Circuit mandated: decertification of the denial of benefits classes and judgment for UBH on the merits of the denial of benefits claim. The fact that UBH had to obtain that result by way of an appeal cannot leave Plaintiffs better off than they would have been if the Court had recognized Plaintiffs' failure of proof in the first place. It is too late for Plaintiffs to reopen the record or seek new findings on their denial of benefits claim to correct their own strategic decisions about the evidence they adduced at trial. Indeed, reopening the record to fix Plaintiffs' decertified classes would be pointless. Since the Ninth Circuit conclusively decided the *merits* of the denial of benefits claim in UBH's favor, any new or re-certified classes would just wind up with an adverse class-wide judgment.

Plaintiffs' insistence that they "merely seek to *narrow* the classes," Reply at 10, also makes no sense and flouts settled Ninth Circuit law. For the denial of benefits claim, there is nothing left to "narrow." The three classes are *already decertified* on the denial of benefits claim, as this Court has recognized. ECF No. 615, at 2 ("the Ninth Circuit has reversed this Court's certification of [the denial of benefits] class"). Plaintiffs essentially concede this when they acknowledge that their proposal is really one to "recertify" the decertified class, along with reprocessing-specific subclasses. *See* Pls. Remand Br. at 24–25; Reply at 11. Consequently, any new subclass Plaintiffs might seek to certify would necessarily be *new*, and Rule 23 would require a new opportunity for class members to opt-out. Fed. R. Civ. P. 23(c)(2)(B). That is simply not allowed.

It is settled Ninth Circuit law that class certification must be decided, and notice provided to the class "'prior to the determination of defendant's liability' on the merits." *Schwarzschild v.*

*Tse*, 69 F.3d 293, 295 (9th Cir. 1995). For obvious reasons, this rule applies equally when the merits of a claim have been finally adjudicated on appeal. *See Vizcaino v. U.S. Dist. Ct. for W. Dist. of Washington*, 173 F.3d 713, 721 (9th Cir. 1999), *opinion amended on denial of reh'g sub nom. In re Vizcaino*, 184 F.3d 1070 (9th Cir. 1999) (where the Ninth Circuit's "prior decision adjudicate[d] the merits of the plaintiff class' claim", Rule 23 does "not provide authority for [a] modification" of the class definition on remand). Having decided both class certification and the merits of the denial of benefits claim, the Ninth Circuit's "mandate . . . left the district court no room to revise the class definition . . . ."[14] *Id.*

Contrary to Plaintiffs' assertion, they had ample "opportunity" to "make [a] showing" that would pass muster under the standards articulated by the Ninth Circuit.[15] *See* Reply at 11. Plaintiffs could have tried to make that showing at any point in the more than six years between the time they filed this action and the time that this Court entered its final judgment. *Markson v. CRST Int'l, Inc.*, No. 5:17-CV-01261-SB-SP, 2022 WL 1585754, at *2 (C.D. Cal. Apr. 6, 2022) (denying motion to modify class certification decision to certify a narrower class; "[n]othing prevented [plaintiffs] from seeking certification of a narrower . . . class during the first four years they litigated this case"). Plaintiffs also could have joined UBH's request to obtain the Ninth Circuit's guidance *before* judgment by way of a Rule 23(f) appeal. They made the tactical choice not to take any of those opportunities and instead resolved to barrel forward on their fundamentally flawed class certification and merits theory. Plaintiffs must live with that

[14] Plaintiffs' proposed motion to re-certify a new class and subclasses is nothing like a motion for class decertification. *See* Reply at 14. Class members have no option to "opt out" of a decertification order, and thus, no ability to "intervene" after a decision on the merits. Indeed, courts often decertify classes after trial, as both this Court and the Ninth Circuit did here. *See Dilts v. Penske Logistics, LLC*, No. 08-CV-318-CAB BLM, 2014 WL 305039, at *3 (S.D. Cal. Jan. 21, 2014) (decertifying a class after trial where common evidence necessary to support class certification "did not materialize" at trial).

[15] While Plaintiffs protest that they "have been as clear as they can be" about the new subclasses they want to try to certify, Reply at 10 n.13, it is telling that they still do not try to define a subclass that would satisfy both the requirements of Rule 23 and the Ninth Circuit's holding.

"intentional strategic choice" and cannot "escape the consequences of their tactics and get a second chance to certify a class they did not seek to certify previously." *Id.*

**CONCLUSION**

For the reasons set forth above, UBH respectfully requests that the Court (1) enter judgment in favor of UBH as to Plaintiffs' denial of benefits claim and promptly notify the classes; (2) amend the judgment to execute the Ninth Circuit's holding as to the proper construction of the Plans and appropriate remedies; (3) determine, if necessary, whether Plaintiffs must demonstrate exhaustion of all administrative remedies to sustain any surviving breach of fiduciary duty claim; and (4) deny Plaintiffs' requests for an opportunity to reopen the record, "recertify" the denial of benefits class, or seek additional relief.

Dated: November 27, 2023

CROWELL & MORING LLP

*/s/ Jennifer S. Romano*
Jennifer S. Romano
April N. Ross
Andrew Holmer

*Counsel for Defendant*
*United Behavioral Health*