1
2
3
4                    UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7
8    DAVID WIT, et al.,                        Case No.  14-cv-02346-JCS
                                               Related Case No. 14-cv-05337 JCS
9              Plaintiffs,

10        v.                                   **ORDER RE SCOPE OF REMAND**

11   UNITED BEHAVIORAL HEALTH,

12              Defendant.

13   GARY ALEXANDER, et al.,

14
               Plaintiffs,
15

16        v.

17   UNITED BEHAVIORAL HEALTH,

18              Defendant.

19

20   I.      **INTRODUCTION**

21          On August 22, 2023, the Ninth Circuit issued an opinion affirming this Court's judgment

22   in part, reversing it in part, and remanding for further proceedings. *Wit v. United Behavioral*

23   *Health*, 79 F.4th 1068 (9th Cir. 2023) ("*Wit III*"). The mandate has now issued, dkt. no. 603, and

24   therefore, this Court must set a schedule for conducting further proceedings.   However, the parties

25   have dramatically different interpretations of the Ninth Circuit's opinion with respect to what

26   further proceedings are appropriate.  United Behavioral Health ("UBH") contends there is very

27   little for the Court to do as the panel remanded the case primarily for this Court to address certain

28   limited questions related to administrative exhaustion of Plaintiffs' breach of fiduciary duty claim.

Plaintiffs assert that the mandate left open a much broader range of issues that this Court should address.  The parties have briefed the scope of the Ninth Circuit's remand and the Court held a hearing addressing that question on December 15, 2023.  The Court's rulings are set forth below.[1]

## II.     BACKGROUND

### A.  Proceedings in this Court

Plaintiffs in these consolidated cases assert claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that they were improperly denied benefits for treatment of mental health and substance use disorders because guidelines developed internally and used by UBH to make benefits determinations ("Guidelines") did not comport with the terms of their insurance plans and/or state law.  On September 19, 2016, the Court certified three classes, each of which asserted ERISA claims for breach of fiduciary duty and wrongful denial of benefits: the *Wit* Guidelines Class; the *Alexander* Guidelines Class; and the *Wit* State Mandate Class.  *Wit v. United Behavioral Health*, 317 F.R.D. 106, 116-17, 141 (N.D. Cal. 2016) ("Class Certification Order"). The Court later issued an order partially decertifying these classes and narrowing the class definitions.  *Wit v. United Behavioral Health*, No. 14-cv-02346-JCS, 2020 WL 6462401 (N.D. Cal. Nov. 3, 2020) (Order Partially Decertifying Classes, Requiring Notice to Excluded Class Members, Staying All Proceedings as to those Class Members and Tolling Limitation Period on their Individual Claims).

Following a ten-day bench trial, the Court found UBH liable on the merits on both the breach of fiduciary duty claim and the denial of benefits claim. *Wit v. United Behavioral Health*, No. 14-cv-02346-JCS, 2019 WL 1033730 (N.D. Cal Mar. 5, 2019) (Findings of Fact and Conclusions of Law ("FFCL")). The Court issued a Remedies Order on November 3, 2020, awarding prospective and retrospective relief. *Wit v. United Behavioral Health*, No. 14-cv-02346-JCS, 2020 WL 6479273 (N.D. Cal. Nov. 3, 2020) ("Remedies Order").  Among other things, the Court ordered that the class members' claims for benefits be remanded to UBH for reprocessing using criteria consistent with the terms of their plans and/or state law; it also awarded injunctive

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

1    relief aimed at preventing future ERISA violations by UBH involving similar conduct. Remand

2    Order at 42-57, 74-80.  The Court entered final judgment on February 1, 2021 and UBH appealed

3    the judgment.

4         **B.    Proceedings on Appeal**

5              On appeal, UBH argued that this Court erred in adopting what UBH characterized as

6    Plaintiffs' "novel" facial challenge to its Guidelines whereby "*any* reference to any part of the

7    challenged guidelines during the doctors' reviews deprived Plaintiffs of the intangible procedural

8    right to a 'fair adjudication' of their coverage requests."  Def.-Appellant's Opening Brief, Ninth

9    Cir. Dkt. No. 25 (Mar. 15, 2021) ("UBH's Appeal Brief") at 1-2.  In doing so, UBH asserted, the

10   Court eliminated the causation element of Plaintiffs' claims and improperly awarded reprocessing

11   for all of the class members.  *Id.*  UBH argued that the Court's judgment should be reversed

12   because Plaintiffs' "vague procedural injuries (to a 'fair adjudication')" do not establish standing

13   under Article III and *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).  *Id.*  Nor do such injuries

14   satisfy the requirements of ERISA, UBH asserted, as ERISA "does not create a cause of action for

15   violating the intangible procedural right to 'fair adjudication' of a request[.]" *Id.* at 2-3.

16             Next, UBH argued that the Court erred because it "found that UBH's guidelines were

17   inconsistent with the 'generally accepted' medical standards . . . [b]ut ERISA does not require

18   plans to cover all 'generally accepted' treatment, and the plans here included numerous

19   additional requirements that UBH was authorized—and often required—to apply in

20   its role as a claims administrator."  *Id.* at 3.  According to UBH, the Court "effectively rewrote the

21   plans to eliminate coverage limits set by plan sponsors" and then "substituted its own medical

22   judgment for the judgment UBH exercised in promulgating the guidelines."  *Id.*

23             Finally, UBH argued that the Court erred in holding that absent class members were

24   excused from exhausting administrative remedies before seeking judicial relief, violating the Rules

25   Enabling Act and overriding plan terms in violation of ERISA.  *Id.* at 3-4.

26             In its appeal, UBH did not challenge the Court's certification of the *Wit* State Mandate

27   Class or the certification of the two Guideline Classes as to their breach of fiduciary duty claims.

28   Nor did they challenge the Court's rulings on the merits as to Plaintiffs' breach of fiduciary

United States District Court
Northern District of California

3

duty claim and State Mandate Class's denial of benefits claim. UBH also did not challenge the Court's factual findings.

### C.   *Wit I*

On March 22, 2022, the Ninth Circuit panel issued a 7-page unpublished memorandum disposition on UBH's appeal.  Ninth Circuit docket no. 92-1 ("*Wit I*").  In *Wit I*, the panel rejected UBH's standing argument, finding that Plaintiffs had demonstrated concrete and particularized injury as to both their breach of fiduciary duty claim and their denial of benefits claim.  *Id.* at 4-6.  As to the former, the panel held that this requirement was met because UBH's alleged fiduciary violation presented a "material risk of harm" in connection with Plaintiffs' contractually defined benefits, namely, the "risk that their claims will be administered under a set of Guidelines that narrows the scope of their benefits." *Id.* at 4.  As to the denial of benefits claim, the panel found that Plaintiffs' alleged harm – "the arbitrary and capricious adjudication of benefits claims" – was sufficient to meet Article III standing requirements because it presented "a material risk to [Plaintiffs'] interest in a fair adjudication of their entitlement to benefits." *Id.* at 5.  The panel observed that Plaintiffs "need not have demonstrated that they were, or will be, actually denied benefits to allege a concrete injury." *Id.*

With respect to UBH's argument that the Court had erred in certifying classes that required individualized inquires, the panel found that class certification was proper as to the breach of fiduciary duty claim because that claim was "capable of being resolved on a class-wide basis." *Id.* at 6.  As to the denial of benefit claim, the panel found that Plaintiffs avoided the need for individualized inquiries by seeking reprocessing and did not reach the question of whether that approach violated the Rules Enabling Act because it found that the denial of benefits claim failed on the merits.  *Id.*

The panel reversed this Court's judgment on the denial of benefits claim on the basis that UBH's "interpretation—that the Plans do not require consistency with the [generally accepted standards of care ('GASC')]—was not unreasonable[,]" reasoning that "[t]he Plans exclude coverage for treatment inconsistent with the GASC; Plaintiffs did not show that the Plans mandate coverage for all treatment that is consistent with the GASC." *Id.*  The panel noted that even if

1    UBH had a conflict of interest and therefore, was entitled to a lower level of deference, its

2    conclusion would be the same.  *Id.* at 7.  The panel did not reach UBH's argument "that unnamed

3    plaintiffs failed to comply with the Plans' administrative exhaustion requirement."  *Id.*

4           In *Wit I*, the panel did not address the Court's ruling on the merits of Plaintiffs' breach of

5    fiduciary duty claims.  It made no mention of the State Mandate Class or the Court's ruling on the

6    merits as to that class.

7           Plaintiffs filed a Petition for Panel Rehearing and Rehearing en Banc.  Ninth Cir. docket

8    no. 97-1. Amicus briefs in support of en banc rehearing were filed by numerous private entities

9    and the states of Rhode Island, Connecticut, Illinois and California.  *See* Ninth Cir. dkt. nos. 101-

10   2, 104-105, and 112-113.  In response, the panel withdrew *Wit I*.  Ninth Cir. dkt. no. 123.

11      **D.    Wit II**

12          On January 26, 2023, the panel issued a new opinion, this time for publication. 58 F.4th

13   1080 (9th Cir. 2023) ("*Wit II*").  The panel once again rejected UBH's standing challenge, again

14   finding that there was concrete and particularized injury and observing that "[t]he fact that

15   Plaintiffs did not ask the court to determine whether they were individually entitled to benefits

16   does not change the fact that the Guidelines materially affected each Plaintiff."  *Wit II*, 79 F.4th at

17   1093. The panel expressly held that the Plaintiffs' injuries were particularized because "the

18   Guidelines materially affected each plaintiff" and were fairly traceable to UBH's wrongdoing

19   because there was "a causal connection between the injury and the defendant's challenged

20   conduct." *Id*.

21          With respect to UBH's appeal of the Court's Class Certification Order, the panel

22   concluded that UBH's argument based on the Rules Enabling Act was aimed only at certification

23   of the denial of benefits claim.  *Id.* at 1094 n. 4.  Therefore, the panel found that "any challenge to

24   certification of the breach of fiduciary duty claim [had been] forfeited" and left "class certification

25   as to that claim intact."  *Id.*

26          The panel reversed as to the certification of the denial of benefits claim.  It reasoned that

27   the remedies available under § 1132(a)(1)(B) are to recover benefits or to enforce or clarify rights

28   under the plan, and therefore, a remand to the administrator for reevaluation is only a means to the

United States District Court
Northern District of California

ultimate remedy and not a stand-alone remedy. *Id.* at 1094. The panel concluded that the Court "abused its discretion in accepting the erroneous legal view that reprocessing is itself a remedy under § 1132(a)(1)(B) independent from the express statutory remedies that Congress created, justifying class treatment" and that in doing so, the Court "improperly allowed Plaintiffs to use Rule 23 as a vehicle for enlarging or modifying their substantive rights where ERISA does not provide reprocessing as a standalone remedy." *Id.* at 1095. The panel further held that reprocessing was not an available remedy under the catch-all provision, § 1132(a)(3). *Id.*

As to the Court's rulings on the merits, the panel let stand this Court's ruling that the Guidelines were impermissibly inconsistent with state-mandated criteria, finding that UBH did not appeal that portion of the Court's judgment. *Id.* at 1096. The panel reversed the judgment that UBH wrongfully denied benefits to the named Plaintiffs, once again concluding that this Court "ruled that UBH abused its discretion because the Guidelines did not require coverage for all care consistent with GASC." *Id.* at 1097. The panel further held that this Court "erred when it excused unnamed class members from demonstrating compliance with the Plans' administrative exhaustion requirement[,]" finding that Plaintiffs had not shown that the Ninth Circuit has extended the futility exception to a contractual exhaustion requirement, and noting that even if the panel were "were inclined to do so, here it [was] uncontested that some beneficiaries successfully appealed the denial of their benefit claims," so the exception was not satisfied. *Id.* at 1097-1098.

The panel concluded with the following summary of its holdings:

> In sum, Plaintiffs have Article III standing to bring their breach of fiduciary duty and improper denial of benefits claims pursuant to 29 U.S.C. §§ 112(a)(1)(B) and (a)(3). And the district court did not err in certifying three classes to pursue the fiduciary duty claim. However, because Plaintiffs expressly declined to make any showing, or seek a determination of, their entitlement to benefits, permitting Plaintiffs to proceed with their denial of benefits claim under the guise of a "reprocessing" remedy on a class-wide basis violated the Rules Enabling Act. Accordingly, we affirm in part and reverse in part the district court's class certification order.
>
> On the merits, the district court erred in excusing absent class members' failure to exhaust administrative remedies as required under the Plans. The district court also erred in determining that the Guidelines improperly deviate from GASC based on its interpretation that the Plans mandate coverage that is coextensive with GASC. Therefore, the judgment on Plaintiffs' denial of benefits claim is

1
2
3
4
5
6
7
8
9
10
11

United States District Court
Northern District of California

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> reversed, and to the extent the judgment on Plaintiffs' breach of fiduciary duty claim is based on the district court's erroneous interpretation of the Plans, it is also reversed.

*Id.* at 1098-1099.

Plaintiffs filed another Petition for Panel Rehearing and Rehearing En Banc, which was again supported by numerous amicus briefs. Ninth Cir. dkt. no. 128 (Mar. 10, 2023).

### E.    *Wit III*

On August 22, 2023, the panel withdrew *Wit II* and issued a new opinion, *Wit III*.  The panel again rejected UBH's Article III standing argument, finding with respect to both of Plaintiffs' claims that Plaintiffs suffered concrete, particularized injuries-in-fact that were "fairly traceable" to UBH's alleged misconduct. 79 F.4th at 1082-1083.

Addressing UBH's challenges to class certification, the panel again "deem[ed] any challenge to certification of the breach of fiduciary duty claim forfeited," leaving "class certification as to that claim intact." *Id.* at 1084 n.5. With regard to the denial of benefits claim, the panel once again concluded that this Court erred but for different reasons. In particular, the panel did not hold, as it had in *Wit II*, that reprocessing was not available as a stand-alone remedy under ERISA.  Rather, it recognized that "remand may be an appropriate remedy in some cases where an administrator has applied an incorrect standard." *Id.*  The panel held that such a remedy, however, is only appropriate "where a plaintiff has shown that his or her claim was denied based on the wrong standard *and* that he or she might be entitled to benefits under the proper standard." *Id.* (emphasis in original) (citing *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 458, 460–61 (9th Cir. 1996); *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 949–51 (9th Cir. 1993)). On the other hand, the panel explained, the Ninth Circuit has "never held that a plaintiff is entitled to reprocessing without a showing that application of the wrong standard could have prejudiced the claimant' and has "declined to remand for reevaluation where it would be a 'useless formality' because the administrator's alleged error did not prejudice the claimant or it was clear that the claimant was ineligible for benefits." *Id.* (citing *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095–96 (9th Cir. 1985); *Hancock v. Montgomery Ward Long Term Disability Tr.*, 787 F.2d 1302, 1308 (9th Cir. 1986)).

The panel found that in certifying the denial of benefits classes for reprocessing, this Court failed to adhere to these standards by including class members Plaintiffs had not established might be entitled to benefits, reasoning as follows:

> Plaintiffs defined their proposed classes such that every class member's claim was denied, at least in part, based on UBH's application of the Guidelines. The district court found that the Level of Care Guidelines represented UBH's interpretation of GASC. It then made detailed findings illustrating that many provisions of the Level of Care Guidelines were more restrictive than GASC. These factual findings are not challenged on appeal. But there are also many provisions of the Level of Care Guidelines that Plaintiffs did not challenge and that the district court did not find to be overly restrictive. Plaintiffs do not show that claimants who were denied coverage solely based on unchallenged provisions of these Guidelines were denied a full and fair review, yet those claimants are included in the certified classes.
>
> The flaw in class certification is even more apparent with regard to the Coverage Determination Guidelines. The district court found that the Coverage Determination Guidelines incorporated the Level of Care Guidelines, but the incorporation of flawed Level of Care Guidelines does not demonstrate that class members whose claims were denied under the Coverage Determination Guidelines were necessarily denied a full and fair review. The Coverage Determination Guidelines included many unchallenged provisions, and some Coverage Determination Guidelines incorporated the Level of Care Guidelines only "as support in a specific paragraph or paragraphs." There is no indication that a claimant whose claim was denied under one of the many unchallenged provisions in the Coverage Determination Guidelines failed to receive a full and fair review of his or her claim. Nonetheless, such claimants were included in the classes.
>
> Also fatal to Plaintiffs' argument is that the classes were defined as members whose claims were denied in part based on the Guidelines. And the district court determined such classes were ascertainable based on a UBH database that could identify denials that merely referenced the Guidelines. UBH pointed to at least some evidence that some class members' claims may have been denied for reasons wholly independent of the Guidelines even though the Guidelines were referenced in their denial letters. For such class members, remand for reevaluation may be a "useless formality," *Ellenburg*, 763 F.2d at 1096, if UBH's alleged error in utilizing the Guidelines did not prejudice them.

*Id.* at 1085-1086.  The panel went on to hold that "[b]ecause the classes were not limited to those claimants whose claims were denied based only on the challenged provisions of the Guidelines, Rule 23 was applied in a way that enlarged or modified Plaintiffs' substantive rights in violation of the Rules Enabling Act."  *Id.*  at 1086.

1    The panel further held that the Court abused its discretion by concluding that the

2    reprocessing remedy was available to the classes the Court certified under § 1132(a)(3).  *Id.*  In

3    particular, the panel found that "the type of relief that Plaintiffs seek is not available under §

4    1132(a)(3) where they declined to make the showing necessary to seek relief under §

5    1132(a)(1)(B)" and further, that the Court had not pointed to any "precedent showing how

6    reprocessing constitutes relief that was typically available in equity for infirm Guidelines unrelated

7    to Plaintiffs' claim for benefits."  *Id.*  The panel concluded:

8            The district court abused its discretion in certifying Plaintiffs' denial
             of benefits claims as class actions. Therefore, we reverse this part of
9            the district court's class certification order.

10   *Id.*

11   Next, the panel addressed the merits, observing that "the same errors present in the district

12   court's denial of benefits class certification order also infected its merits and remedy

13   determinations" because "[r]ather than determining whether UBH denied Plaintiffs' claims under

14   a flawed provision of the Guidelines, the district court determined that remand was appropriate

15   anytime UBH referenced any portion of the Guidelines in denying the claims."  *Id.*

16   As in *Wit II*, the panel recognized that "UBH did not appeal the portions of the district

17   court's judgment finding the Guidelines were impermissibly inconsistent with state-mandated

18   criteria" and therefore, that "[t]his portion of the district court's decision . . . remains intact."  *Id.*

19   Turning to the standard of review, the panel found that this Court correctly applied an abuse of

20   discretion standard and that it's finding that UBH had a structural conflict of interest was not

21   clearly erroneous.  *Id.* at 1087.  Nonetheless, it found that in applying the abuse of discretion

22   standard, tempered by skepticism of UBH's plan interpretations due to its conflict of interest, the

23   Court erred "to the extent [it] interpreted the Plans to require coverage for all care consistent with

24   GASC."  *Id.* at 1088. The panel rejected UBH's argument that "it did not abuse its discretion

25   because substantial evidence supports the challenged portions of UBH's Guidelines" and held that

26   "it was not error for the district court to rule that UBH abused its discretion because the challenged

27   portions of the Guidelines did not accurately reflect GASC."  *Id.*  at 1088 n. 6.

28   Whereas in *Wit I*  and *Wit II*, the panel definitively found that this Court's judgment on the

United States District Court
Northern District of California

9

denial of benefits claim was an abuse of discretion because the Court found that UBH was required to cover *all* treatment consistent with GASC, notwithstanding exclusions in class members' plans that limited  the types of treatments to which they were entitled, the panel in *Wit III* did not decide whether or not this Court based its ruling on such a finding, observing:

> The district court's statements on this issue are conflicting. In several places throughout its orders, the district court made clear its understanding that consistency with GASC was just one requirement for coverage, and that some plans excluded coverage for care that was consistent with GASC. But there are other places in the record where the district court stated the opposite. For instance, in its partial decertification order, the court described class members as those "covered by insurance plans that require coverage consistent with generally accepted standards of care but were denied coverage by UBH under [the] Guidelines." And the district court's final judgment directed that on remand, UBH must "re-evaluate only whether the proposed treatment at the requested level of care was consistent with generally accepted standards of care," even where the denial letter provided independent reasons for the denial of coverage. If the treatment was consistent with GASC, the court ordered UBH to pay the claims within 30 days.

*Id.* The panel thus "reverse[d] the district court's judgment that UBH wrongfully denied benefits to the named Plaintiffs to the extent the district court concluded the Plans require coverage for all care consistent with GASC." *Id.*

In a footnote, the panel stated that "[t]he district court's judgment on Plaintiffs' breach of fiduciary duty claim also relied heavily on its conclusion that the Guidelines impermissibly deviated from GASC." *Id.* at 1088 n. 7.  It found, however, that "this was not the only finding relevant to the district court's judgment on the breach of fiduciary duties claim[,]" pointing to the Court's findings that "among other things, . . . financial incentives infected UBH's Guideline development process and . . . UBH developed the Guidelines with a view toward its own interests." *Id.*  The panel made clear that its "decision [did] not disturb these findings to the extent they were not intertwined with an incorrect interpretation of the Plans." *Id.*

Addressing UBH's exhaustion argument as to the remaining breach of fiduciary duty claim, the panel recognized that exhaustion is not required as to claims for breach of fiduciary duty unless the claim is actually a "disguised benefit claim." *Id*. at 1089.  The panel noted that this Court did not decide whether Plaintiffs' breach of fiduciary duty claim was a disguised claim

for benefits and therefore, the panel "remand[ed] for the district court to determine the threshold question of whether Plaintiffs' breach of fiduciary duty claim is a 'disguised claim for benefits,' subject to the exhaustion requirement." *Id.* The panel further instructed that "[i]f the district court determines that the exhaustion requirement does apply, it must then determine if that requirement was satisfied or otherwise excused in light of our resolution of the issues presented in this appeal." *Id.*

In the final section of the panel's decision, it summarized its rulings as follows:

> In sum, Plaintiffs have Article III standing to bring their breach of fiduciary duty and improper denial of benefits claims pursuant to 29 U.S.C. §§ 112(a)(1)(B) and (a)(3). And the district court did not err in certifying three classes to pursue the fiduciary duty claim. However, by certifying the denial of benefits classes without limiting the classes to those with claims that UBH denied under a specific Guidelines provision(s) challenged in this litigation that applied to the claimant's own request for benefits, the certification order improperly enlarged or modified Plaintiffs' substantive rights in violation of the Rules Enabling Act. Accordingly, we reverse the district court's certification of the denial of benefits classes.

> On the merits, the district court erred to the extent it determined that the Plans require the Guidelines to be coextensive with GASC. Therefore, the judgment on Plaintiffs' denial of benefits claim is reversed, and to the extent the judgment on Plaintiffs' breach of fiduciary duty claim is based on the district court's erroneous interpretation of the Plans, it is also reversed. And we remand for the district court to answer the threshold question of whether Plaintiffs' fiduciary duty claim is subject to the exhaustion requirement.

*Id.* at 1089-1090. The panel, accordingly, affirmed in part, reversed in part, and "remanded for further proceedings." *Id.* at 1090.

## F. Contentions of the Parties

### 1. Plaintiffs' Opening Brief on Scope of Remand (dkt. no. 612)

In their Brief on Scope of Remand ("Plaintiffs Opening Brief"), Plaintiffs rejects UBH's assertion – set forth in the parties' joint status report (dkt. no. 604) ("Joint Status Report") – that the panel in *Wit III* ordered only a "limited remand" to address "a single, discrete question[,]" namely, " 'the threshold question of whether Plaintiffs' fiduciary duty claim is subject to the [administrative] exhaustion requirement.' " Plaintiffs' Opening Brief at 8 (citing Joint Status Report at 7-12 (quoting *Wit III*, 2023 WL 5356640, at *14)). Plaintiffs contend the Court is free to decide any question that is not foreclosed by the mandate and must interpret the mandate in a

1  manner that is reasonable and in the interests of justice when distinguishing the issues that have

2  been decided already from the issues that may be revisited upon remand.  *Id.* at 8-9.

3          According to Plaintiffs, UBH's position does not comport with these standards because it

4  improperly looks only to the paragraph at the end of the opinion while ignoring the rulings and

5  reasoning contained in the remainder of the opinion.  *Id.* at 8-9. Plaintiffs contend consideration of

6  the opinion as a whole "makes clear that the last, summary paragraph contains only a fraction of

7  the Panel's rulings, many others of which necessarily raise questions this Court must answer to

8  carry out the mandate."  *Id.*  at 10.  They note, as an aside, that if UBH were correct in its assertion

9  that this Court can only decide the exhaustion question and has no authority to do anything but

10  enter judgment on the denial of benefits claim, the same limitation would apply to the breach of

11  fiduciary duty claim, meaning that if the Court were to find that the exhaustion requirement does

12  not apply to that claim it would then be required to enter judgment in Plaintiffs' favor on the

13  breach of fiduciary duty claim under the mandate.  *Id.* at 10 n.12.

14          Plaintiffs argue that UBH also makes another, "more fundamental, error by equating the

15  Panel's reversal of a portion of the judgment with dismissal of the underlying claims." *Id.* (citing

16  Joint Status Report at 11 (arguing that "the Court is without authority to conduct further

17  proceedings [on the denial of benefit claim] other than to enter judgment in UBH's favor")).

18  According to Plaintiffs, "[i]f the Panel required the Court to dismiss any claims, it would have said

19  so" but it did not say so and its reasoning also does not imply that any claim should be dismissed.

20  *Id.*  Furthermore, Plaintiffs contend, "[t]he Panel's reversal of a portion of the judgment based on

21  an error in the class certification order means that the Court cannot recertify the same claims for

22  the same reasons the Panel held to be invalid, but it does not preclude certification of a narrower

23  class consistent with the appellate decision . . . and it certainly does not require dismissal of the

24  Named Plaintiffs' individual claims." *Id.*

25          Moreover, Plaintiffs argue, the panel's reversal of the Court's liability decisions "to the

26  extent" they were based on an incorrect standard "simply means that the Court must determine on

27  remand whether the evidence supports liability under the correct standard[,]" just as the proper

28  remedy for an incorrect jury instruction is to "remand so that findings can be made in accordance

1    with the applicable legal standard." *Id.* (quoting *Jeldness v. Pearce*, 30 F.3d 1220, 1231 (9th Cir.

2    1994)).

3          Plaintiffs go on to list the issues they contend were decided on appeal and those that should

4    be addressed on remand.  In the former category, they identify the following issues:

5          <u>Standing and Causation</u>:  According to Plaintiffs, the panel found the Plaintiffs have

6    Article III standing to assert both their breach of fiduciary duty and denial of benefits claims,

7    rejecting UBH's argument on appeal that Plaintiffs failed to prove causation as to their

8    denial of benefits claim. *Id.* at 11. In reaching this conclusion, Plaintiffs point out, the panel

9    observed that Plaintiffs were not required to demonstrate "that they were, or will be, entitled to

10   benefits" to prove injury and further found that "[t]he fact that Plaintiffs did not ask the court to

11   determine whether they were individually entitled to benefits does not change the fact that the

12   Guidelines materially affected each Plaintiff." *Id.* (quoting *Wit III*, 79 F.4th at 1083). Plaintiffs

13   note that the panel also found that the alleged injury was "fairly traceable" to UBH's conduct

14   because of the material risk to Plaintiffs of having their entitlement to benefits adjudicated

15   unfairly as a result of the use of improper guidelines.  *Id.*

16         <u>Class Certification on the Breach of Fiduciary Duty Claim</u>: According to Plaintiffs, the

17   panel found that UBH forfeited any challenge to certification of the breach of fiduciary duty claim

18   by failing to raise it, which "means that all three of the certified classes remain certified and

19   unchanged for purposes of the breach of fiduciary duty claim."  *Id.* (citing *Wit III*, 79 F.4th at 1084

20   n.5).

21         <u>Class Certification on the Denial of Benefits Claim</u>:  According to Plaintiffs, the panel

22   "held that the Court erred in certifying the denial of benefits claim for a reprocessing remedy

23   because the certified classes included individuals who did not show that they 'might be entitled to

24   benefits under the proper standard' if their benefit claims were reprocessed." *Id.* at 12 (quoting *Wit*

25   *III*, 79 F.4th at 1084).  The class members who the panel found were improperly included in the

26   class, Plaintiffs contend, were "claimants who were denied coverage solely based on unchallenged

27   provisions of [the] Guidelines" and claimants "whose claims were denied in part based on the

28   Guidelines," but also based on independent reasons.  *Id.* (quoting *Wit III*, 79 F.4th at 1085).

United States District Court
Northern District of California

1    <u>Merits-Related Findings and Conclusions</u>:  Plaintiffs point to the following findings and

2 conclusions by this Court that they assert the panel explicitly left intact: 1) "The 'portions of the

3 district court's judgment finding the Guidelines were impermissibly inconsistent with state-

4 mandated criteria' remain 'intact' because UBH did not appeal them." *Id.* (quoting *Wit III*, 79

5 F.4th at 1085); 2) "The Court's factual findings that 'in addition to [its] structural conflict of

6 interest, . . . UBH also had a financial conflict because it was incentivized to keep benefit expenses

7 down' were not clearly erroneous." *Id.* (quoting *Wit III*, 79 F.4th at 1087);  3) "The Court's

8 conclusion that 'the challenged portions of the Guidelines represented UBH's implementation of

9 the GASC requirement' was not clearly erroneous." *Id.* (quoting *Wit III*, 79 F.4th at 1088); 4)

10 "'[I]t was not error for the district court to rule that UBH abused its discretion because the

11 challenged portions of the Guidelines did not accurately reflect GASC.' " *Id.* (quoting *Wit III*, 79

12 F.4th at 1088 n.6).

13    Finally, Plaintiffs contend *all* of the Court's factual findings were left undisturbed by the

14 panel's opinion because UBH did not challenge any factual finding on appeal.  *Id.*

15    As to the issues Plaintiffs contend remain to be resolved on remand, Plaintiffs identify

16 three issues they assert the Court can rule on without the need for any further factual findings and

17 argue that doing so promptly is in the interests of justice. *Id.* at 13.

18    First, Plaintiffs assert, the Court should clarify the basis for its ruling on their denial of

19 benefits claim.  *Id.*  at 13-17.  According to Plaintiffs, the panel reversed this Court's liability

20 ruling on the denial of benefits claim only "to the extent the district court concluded the Plans

21 require coverage for all care consistent with GASC." *Id.*  at 14 (quoting *Wit III*, 79 F.4th at 1088).

22 Likewise, Plaintiffs assert, the panel reversed the judgment on the breach of fiduciary duty claim

23 "to the extent" it was based on—and "intertwined with"—the same "erroneous interpretation of

24 the Plans." *Id.* (quoting *Wit III*, 79 F.4th at 1089).  Conversely, the panel "affirmed the Judgment

25 '[t]o the extent the district court concluded that the challenged portions of the Guidelines

26 represented UBH's implementation of the GASC requirement,' ruling there was 'no clear error' in

27 that finding." *Id.* (quoting *Wit III*, 79 F.4th at 1088). Furthermore, Plaintiffs assert, the panel

28 "affirmed the Court's legal conclusion that 'UBH abused its discretion because the challenged

14

portions of the Guidelines did not accurately reflect GASC,' rejecting UBH's argument to the contrary." *Id.* (quoting *Wit III*, 79 F.4th at 1088 n.6).  Thus, Plaintiffs contend, the mandate requires simply that the Court clarify that "its merits rulings were based on the plan interpretation approved by the Court of Appeals, and not on the interpretation the Court of Appeals rejected[,]" which will "make clear that [the Court's]  judgment on the merits of the denial of benefits claims and the breach of fiduciary duty claims were, in fact, wholly affirmed by the Ninth Circuit." *Id.* at 17.

Plaintiffs further assert that clarification on this issue will not require any additional fact-finding because the Court already has made clear that it did not conclude that UBH was required to cover all services consistent with GASC or rely on that premise in support of its judgment.  *Id.* at 15-17 (citing statements made by the Court on this question at summary judgment, at trial, in the FFCL and in the Judgment).

Second, Plaintiffs contend that the Court should decide the question the panel explicitly remanded, whether Plaintiffs' breach of fiduciary duty claim is a disguised claim for benefits subject to exhaustion requirements.  *Id.* at 18.  Again, Plaintiffs assert that this is a "simple matter" because the Court only needs to  "apply the extensive factual findings it has already made—and which the Panel affirmed, *Wit III*, 79 F.4th at 1088 n.7—that UBH breached its fiduciary duties by developing and adopting as its standard GASC criteria Guidelines that were designed to serve, and did serve, its own interests rather than the interests of plan participants and beneficiaries." *Id.* (citing examples).  Plaintiffs argue that "[t]hat fiduciary breach is distinct from (and antecedent to) UBH's wrongful denials of the class members' benefits by applying the tainted Guidelines." *Id.* Furthermore, they contend, "[a] 'disguised benefit claim' is a breach of fiduciary duty claim that— like a denial of benefits claim—focuses exclusively on 'an individual's claim for plan benefits under a particularized set of facts[,]' *Diaz*, 50 F.3d at 1483[,] [whereas] Plaintiffs' breach of fiduciary duty claim is focused on UBH's pre-denial disloyalty in creating criteria that were intentionally designed to prioritize UBH's financial interests at the expense of the ERISA plan members whose interests UBH was supposed to be serving." *Id.* at 20.  Therefore, Plaintiffs assert, "the Court should hold that no exhaustion requirement applies to Plaintiffs' statutory

15

1    breach of fiduciary duty claim and, as such, that all members of the three classes are entitled to

2    relief for that claim." *Id.*

3          Third, Plaintiffs argue that the Court should promptly lift the stay that was entered at the

4    time of *Wit I* as to the prospective injunctive relief awarded in the Remedies Order and the Special

5    Master Order. *Id.* at 21-22. According to Plaintiffs, the panel's ruling in *Wit III* "did not alter any

6    aspect of the forward-looking injunctive relief or Special Master Order, nor did the appeal call into

7    question any of the reasons the Court found it necessary to impose that relief to protect the class

8    members' interests." *Id.* at 21. Furthermore, Plaintiffs assert, "enforcing the mandate from the

9    Court of Appeals calls for the Court to reinstate its rulings in the Plaintiffs' favor on the merits of

10   both of their claims . . . [a]nd answering the exhaustion question posed by the Panel necessarily

11   clarifies that all class members are entitled to relief for UBH's breaches of fiduciary duty" for the

12   reasons discussed above. *Id.* With respect to declaratory relief, Plaintiffs contend the panel's

13   "rulings also did not alter any aspect of the declaratory judgment this Court previously entered"

14   and therefore, "the Court should re-issue the same declaratory relief for the class members when it

15   enters its final judgment." *Id.* at 21 n. 25.

16         In addition to the issues that can be resolved without further proceedings, discussed above,

17   Plaintiffs assert that there are also a number of other unresolved issues that should be addressed

18   following additional briefing and/or motion practice. *Id.* at 22-28.

19         First, Plaintiffs contend the Court should consider and decide Plaintiffs' motion to

20   recertify the denial of benefits claim and to certify subclasses to seek reprocessing relief. *Id.*

21   According to Plaintiffs, while the panel found that the reprocessing relief Plaintiffs sought for the

22   denial of benefits claim was not available to two discrete groups of class members (those whose

23   claims were denied based solely on "unchallenged provisions" of the Guidelines, and those whose

24   claims were denied "in part based on the Guidelines" but also for independent reasons), it

25   "affirmed the Court's ruling on the merits of the wrongful denial of benefits claim, after explicitly

26   holding that proving their benefit denials were arbitrary and capricious did not require Plaintiffs to

27   demonstrate 'that they were, or will be, entitled to benefits.' " *Id.* at 22 (citing *Wit III*, 79 F.4th at

28   1083). In particular, Plaintiffs assert, the panel "upheld the Court's finding that 'the challenged

United States District Court
Northern District of California

16

portions of the Guidelines represented UBH's implementation of the GASC requirement' and affirmed its ruling that 'UBH abused its discretion because the challenged portions of the Guidelines did not accurately reflect GASC[ ]'" and also "took care to note that Plaintiffs sought other forms of relief for the denial of benefits claim in addition to reprocessing . . . and that UBH's arguments on appeal only disputed class certification in relation to the reprocessing remedy for the wrongful benefit denials." *Id.* at 23 (citing *Wit III*, 79 F.4th at 1079 n.3, 1084 n.5, 1088 & 1088 n.6).

In other words, Plaintiffs argue, the panel opinion in *Wit III* "affirms that UBH abused its discretion and injured *all* the class members whose denials were based on the challenged portions of the Guidelines, *regardless* of whether the class members would be eligible for benefits after reprocessing" and "also affirms that class members whose denials were based only on the challenged portions of the Guidelines, and not on any independent ground, *are* entitled to a reprocessing." *Id.* at 23 (emphasis in original). Furthermore, they contend, the panel "left it up to this Court to determine how to implement those rulings—including whether to certify new subclasses limited only to those class members and order UBH to reprocess their claims." *Id.*

According to Plaintiffs, any time before entry of final judgment, the district court has discretion under Fed. R. Civ. P. 23(c)(1)(C) to modify its class certification order and "[c]onsistent with that rule, an appellate court's reversal of a class certification order does not preclude the district court, on remand, from certifying a different class or subclass." *Id.* at 23-24 (citing *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 4329009, at *4 (N.D. Cal. Sept. 21, 2012); *Van v. LLR, Inc.*, No. 3:18-CV-00197-JMK, 2023 WL 3338630, at *2 (D. Alaska May 10, 2023); *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007)).

As an example, Plaintiffs point to *Glaberson v. Comcast Corp.*, 295 F.R.D. 95 (E.D. Pa. 2013). *Id.* at 24. In that case, Plaintiffs assert, the Supreme Court reversed class certification and the Third Circuit remanded for further proceedings. *Id.* The plaintiff brought a motion for recertification in the district court, which the defendant asked the court to strike on the basis that the Supreme Court's order precluded any further class certification proceedings, even as to a "narrowed class", but the district court rejected that argument on the basis that "[f]ollowing

17

1  remand, the district court has discretion to consider a modified class certification, as long as it is

2  consistent with the issues decided by the appellate court." *Id*. (quoting *Glaberson*, 295 F.R.D. at

3  100) (citing *In re Initial Pub. Offering Sec. Litig*., 483 F.3d at 73).  The district court in *Dukes*

4  reached a similar conclusion, Plaintiffs contend.  *Id*. at 25 (citing 2012 WL 4329009, at *5 for the

5  proposition that "rule of mandate did not preclude plaintiffs from bringing 'a narrower class-action

6  claim, which the Supreme Court has yet to consider and did not foreclose'").  Therefore, Plaintiffs

7  ask the Court to set a briefing schedule on class certification.

8         Second, Plaintiffs request that if the Court grants Plaintiffs' motion to recertify, that it

9  set an expedited briefing schedule to address "whether the Court should reinstate two of its prior

10  rulings: (1) that the class representatives' exhaustion excuses exhaustion by absent class members,

11  see FFCL, 2019 WL 1033730, at *50 (¶ 190); and (2) that exhaustion of the subclass members'

12  denial of benefits claims is excused because it would have been futile, *id*. (¶ 191)."  According to

13  Plaintiffs, UBH challenged both of these findings on appeal, but the panel in *Wit III* declined to

14  reach the merits of UBH's argument that the Court "erred in holding that the class members were

15  excused from exhausting their claims."  *Id.* at 26 (quoting *Wit* III, 79 F.4th at 1089).  Therefore,

16  Plaintiffs contend, the Court should decide these issues on remand.  *Id.*

17         Third, Plaintiffs assert that "[a]fter resolving the class certification and exhaustion

18  questions, the Court should decide what relief to award to the Named Plaintiffs and to the class

19  members (if denial of benefits classes and reprocessing subclasses are certified) for UBH's

20  wrongful benefit denials" and "whether to order UBH to reprocess the subclass members' benefit

21  claims."  *Id.* at 26.  Plaintiffs observe that "the panel confirmed that reprocessing is available as a

22  form of relief for an improper denial of benefits 'where a plaintiff has shown that his or her claim

23  was denied based on the wrong standard and that he or she **might be** entitled to benefits under the

24  proper standard."  *Id.* at 26-27 (quoting *Wit III*, 79 F.4th at 1083- 1084) (emphasis added in

25  Plaintiffs' brief).  They argue that "nothing in the [p]anel's opinion precludes the Court from

26  finding that the Named Plaintiffs and the subclass members satisfy that test."  *Id.* at 27.  According

27  to Plaintiffs, "the Panel has already affirmed the Court's ruling that UBH abused its discretion by

28  using its Guidelines to decide whether the class members' treatments were consistent with

United States District Court  
Northern District of California

GASC[,]" which meets the first part of the test, and as to the second part of the test, "the Court should make additional factual findings, based on the trial record, to clarify that none of the Named Plaintiffs' or subclass members' denials were (1) based solely on unchallenged portions of the Guidelines; or (2) based, in part, on independent (non-Guideline) reasons." *Id.* Plaintiffs argue that "[a]fter making those additional factual findings, the Court should order UBH to reprocess the claims, amending its prior Remedies Order as appropriate to comply with the guidance provided in the Panel's opinion." *Id.*

Finally, Plaintiffs argue that after the issues discussed above are resolved, "the Court may need to consider whether to modify the Remedies Order to award additional equitable relief for UBH's breach of fiduciary duty in deploying Guidelines it developed in its own financial self-interest rather than in the interests of plan members." *Id.* at 27-28.

### 2.  UBH Opening Brief on Scope of Remand (dkt. no. 616)

In its Brief on Scope of Remand ("UBH Opening Brief"), UBH contends the panel in *Wit III* "clearly rejected" what it characterizes as Plaintiffs' "novel 'process' theory of ERISA." UBH Opening Brief at 1. According to UBH, "[t]he Ninth Circuit held that before a plaintiff is entitled to reprocessing as a remedy under ERISA, she must show that she might actually *benefit* from that remedy" and that "[t]hat holding means the denial of benefits issues have been conclusively resolved against Plaintiffs, and there is nothing to do on remand with respect to those claims other than enter judgment in UBH's favor and promptly notify absent class members that those claims have been decertified." *Id.* (emphasis in original). UBH rejects Plaintiffs' position that "the Court can and should now conduct a complete do-over of this decade-long proceeding[,]" arguing that Plaintiffs' requests "violate the mandate rule and mischaracterize and ignore key portions of the Ninth Circuit's decision." *Id.*

According to UBH there are, however, three substantive issues the Court needs to address on remand related to the breach of fiduciary duty claim. *Id.* First, UBH contends, "the Court should apply the Ninth Circuit's holding to Plaintiff's breach of fiduciary duty claim and clarify the extent to which the Ninth Circuit's holding reversed the judgment on that claim." *Id.* at 2. "In particular, the Ninth Circuit held that this Court erred to the extent it held that UBH breached its

fiduciary duties by failing to cover all treatment that was consistent with [GASC]." *Id.* According to UBH, the Court should clarify that this was its holding and enter judgment for UBH on that claim." *Id.*

Second, UBH asserts, "the Court should decide which aspects, if any, of the declaratory and injunctive relief in the Remedies Order are enforceable following the Ninth Circuit's decision, which held that this Court cannot require UBH to develop guidelines that exclusively mirror GASC." *Id.*

Third, UBH argues, "if any portion of Plaintiffs' breach of fiduciary duty claim remains following the Court's resolution of the first issue noted above, the Court should then decide whether Plaintiffs and absent class members were required to exhaust available administrative remedies before bringing their claims." *Id.* On this issue, UBH argues that "the Court should decide that Plaintiffs failed to exhaust those remedies, thereby barring their breach of fiduciary duty claim." *Id.*

UBH challenges Plaintiffs' assertion that the panel rejected its arguments on appeal related to causation, arguing that while the panel found that Plaintiffs have Article III standing, this was a "narrow determination" that does not extend to statutory standing under ERISA. *Id.* at 6. According to UBH, Plaintiffs "never tried to make the statutory causation showing required under ERISA and instead repeatedly disclaimed any need to do so." *Id.* (citing FFCL ¶ 19 ("Plaintiffs stipulated at the class certification stage of the case that they do not ask the Court to make determinations as to whether individual class members were actually entitled to benefits."); Pls. Trial Br., dkt. no. 299, at 5 (listing "individualized facts concerning absent class members" among the "issues that need not be addressed at trial.")). Thus, UBH asserts, "when the Ninth Circuit actually addressed the question of whether Plaintiffs met their statutory burden under ERISA to prove claims denials were caused by a challenged portion of the Guidelines, the Ninth Circuit held that they had not." *Id.* (citing *Wit III*, 79 F.4th at 1086).

Summarizing the holdings of *Wit III*, UBH argues that the panel reversed the Court's certification of all three denial of benefits classes. *Id.* (citing *Wit III*, 79 F.4th at 1083–86). In particular, UBH contends, the panel held that "the Court erred in concluding that Plaintiffs were

20

entitled to reprocessing 'regardless of the individual circumstances at issue in their claims' " and "emphasized that it has 'never held that a plaintiff is entitled to reprocessing without a showing that application of the wrong standard could have prejudiced the claimant[.]' "  *Id.* at 7 (citing *Wit III*, 79 F.4th at 1084).  According to UBH, the panel "also found insufficient evidence in the record to support Plaintiffs' and the Court's reasoning that no individualized inquiry into harm was required because 'every Guidelines-based denial necessarily implicated' one of the many defects in the Guidelines."  *Id.* (citing *Wit III*, 79 F.4th at 1085).  As a result, UBH asserts, the panel found that "defining the classes to include any member whose claim denial was based on application of the Guidelines meant that the classes impermissibly included members who were denied coverage based on *unchallenged* portions of the Guidelines" and further, that this error was "even more pronounced with respect to class members whose claims were denied based on UBH's Coverage Determination Guidelines."  *Id.* at 8 (emphasis in original).  According to UBH, the panel ultimately found that Plaintiffs "did not, and could not, prove on a class-wide basis that they had been denied a substantive right under ERISA" and that "[b]y failing to properly limit the class to individuals who were actually denied their ERISA right to a full and fair review via an improper application of their Plan's terms by UBH, 'Rule 23 was applied in a way that enlarged or modified Plaintiffs' substantive rights in violation of the Rules Enabling Act.'"  *Id.* (citing *Wit III*, 79 F.4th at 1086).

UBH argues further that the panel in *Wit III* not only reversed class certification of the denial of benefits claim but also reversed on the merits as to that claim.  *Id.*  at 8-9.  First, it contends, the panel "held that this Court's judgment as to the merits and remedies of Plaintiffs' denial of benefits claim suffered from the 'same errors' the Ninth Circuit identified as to class certification of the denial of benefits claim, *i.e.*, excusing the *Wit* plaintiffs from their obligation to establish harm and causation."  *Id.* at 9 (citing *Wit III*, 79 F.4th at 1086).   On this point, UBH argues that Plaintiffs misrepresent the panel's holding in their argument that the panel "did not reverse the liability rulings 'because of any failure of causation' and that 'to the extent the Panel's ruling was concerned with causation, it identified a shortfall only with respect to a remedy, not to liability.' "  *Id.* (quoting Plaintiffs' Opening Brief at 12 n. 13). According to UBH, Plaintiffs'

21

1    position "is directly contradicted by the Ninth Circuit's explicit finding that the errors as to class

2    certification, which included Plaintiffs' failure to show that all class members were denied a full

3    and fair review of their claims, 'also infected [the district court's] merits *and* remedy

4    determinations.'" *Id.* (quoting *Wit III*, 79 F.4th at 1086) (emphasis added by UBH).

5          UBH argues that the panel also reversed on the merits as to the denial of benefits claim in

6    holding "that Plaintiffs' narrow focus on GASC was incompatible with the Plans in question and

7    with ERISA." *Id.* UBH concedes that the Ninth Circuit found no clear error "[t]o the extent the

8    district court concluded that the challenged portions of the Guidelines represented UBH's

9    implementation of the GASC requirement," but asserts the panel held that "it was error to

10   'interpret[] the Plans to require coverage for all care consistent with GASC.' " *Id.* (citing *Wit III*,

11   79 F.4th at 1088).

12         As to the breach of fiduciary duty claim, UBH argues that the panel left class certification

13   intact but partially reversed on the merits. *Id.* UBH asserts that the panel did not reach

14   certification of the breach of fiduciary claim because of "its understanding that, on appeal, UBH

15   'disputed class certification only on the grounds that Plaintiffs facially challenged the Guidelines

16   and have asserted a "novel reprocessing."'" *Id.* (citing *Wit III*, 79 F.4th at 1079).   UBH notes that

17   Plaintiffs "noticeably omit from their Remand Brief" the panel's observation that "Plaintiffs only

18   'sought injunctive and declaratory relief' for their breach of fiduciary duty claim and '[a]s to their

19   denial of benefits claim, Plaintiffs sought reprocessing of their claims.' " *Id.* (citing *Wit III*, 79

20   F.4th at 1079).  On the merits, UBH asserts, the panel reversed the Court's judgment on the breach

21   of fiduciary duty claim, finding "the district court erred to the extent it determined that the Plans

22   require the Guidelines to be coextensive with GASC." *Id.* (citing *Wit III*, 79 F.4th at 1089).

23         UBH contends the panel did not reach the question of whether Plaintiffs' breach of

24   fiduciary duty claim is subject to administrative exhaustion because this Court had not addressed

25   the threshold question of whether that claim was a "disguised benefit claim." *Id.* at 10-11.  It

26   points out that the panel did not address the applicability of the exhaustion requirement to the

27   denial of benefits claim, noting that the panel had "already concluded that the Court erred in

28   certifying and entering judgment for Plaintiffs on their denial of benefits claim, and gave no

1    indication that the claim could be revived[.]"  *Id.* at 10.

2         Thus, UBH asserts, the panel in *Wit III* "conclusively resolve[d] the following issues that

3    were raised on appeal:"  1) Article III Standing; 2)  Class Certification; and 3) Merits.  *Id.* at 11.

4    According to UBH, "the Ninth Circuit does not remand any of the foregoing questions to this

5    Court for further proceedings."  *Id.*  Instead, UBH contends, the Ninth Circuit mandate "remanded

6    a single, discrete question to this Court: 'whether Plaintiffs' fiduciary duty claim is subject to the

7    [administrative] exhaustion requirement.' "

8         Because the scope of remand is clear, UBH contends, this Court has no power to decide

9    any questions other than the one that was expressly remanded for further consideration and "there

10   is nothing for this Court to do other than implement reversal of its final judgment."  *Id.* at 14.  This

11   conclusion is unavoidable, according to UBH, because the Ninth Circuit found the evidence and

12   legal theories on which Plaintiffs chose to try their case were insufficient, reversing after a full

13   trial on the merits.  *Id.* at 15.  UBH contends there is no authority that permits further fact-finding

14   on remand under such circumstances, as Plaintiffs' broader reading of the mandate would require,

15   citing as a contrary example *Firth v. United States*, 554 F.2d 990, 994 (9th Cir. 1977).  *Id.* at 15-

16   16.  In that case, UBH contends, the district court refused to clarify findings of fact on remand

17   because it found that doing so would be contrary to the mandate in that case.  *Id.*  at 16.

18        UBH goes on to argue that executing the mandate requires the Court to enter judgment for

19   UBH on Plaintiffs' denial of benefits claim.  *Id.* at 18-19.  This is because the panel not only found

20   that there was no showing that all class members might be entitled to benefits under proper

21   standards but also because of the panel's holding that "the same errors present in the district

22   court's denial of benefits class certification order also infected its merits and remedy

23   determinations." *Id.* (quoting 79 F.4th at 1086).  According to UBH, this means that "Plaintiffs'

24   failure to 'demonstrat[e] that all class members were denied a full and fair review of their claims'

25   due to a challenged LOCG provision, or show 'that such a common showing is possible,' . . . was

26   not just a problem for class certification; it also doomed Plaintiffs' denial of benefits claim on the

27   merits."  *Id.*  at 18.

28        Even as to the named plaintiffs, UBH asserts, judgment on the denial of benefits claim

United States District Court
Northern District of California

23

1   must be reversed because "Plaintiffs did not prove, did not ask for findings to show, and this Court

2   did not find, that any Plaintiff 'might be entitled to benefits under the proper standard,' . . . or that

3   the LOCGs were otherwise the but-for cause of their denial of benefits." *Id.*  Therefore, UBH

4   contends, Plaintiffs' argument that the Court should clarify the basis for its entry of judgment as to

5   the denial of benefits claim is "absurd[ ]" and "writes out of the opinion one of the key bases for

6   the Ninth Circuit's unqualified reversal of Plaintiffs' denial of benefits claim." *Id.*

7          On the other hand, UBH argues that the mandate *does* require the Court "to clarify its

8   judgment as to Plaintiffs' breach of fiduciary duty claim." *Id.* at 19-22.  In particular, it contends,

9   the panel found that the Court's judgment on the breach of fiduciary duty claim " 'relied heavily'

10  on the same erroneous conclusion 'that the Guidelines impermissibly deviated from GASC.' " *Id.*

11  at 20 (quoting 79 F.4th at 1088 n.7).  According to UBH, "[s]ince that erroneous conclusion is the

12  core of the Court's entire judgment as to Plaintiffs' breach of fiduciary duty claim, the Court

13  should clarify that judgment on that entire claim is reversed and enter judgment for UBH." *Id.*  In

14  particular, UBH argues, this Court's judgment on the breach of fiduciary duty claim cannot stand

15  because "[t]he principal relief this Court ordered as to the breach of fiduciary duty claim was a 10-

16  year injunction ordering UBH to adopt and use medical necessity guidelines that are solely

17  consistent with GASC [ ] [b]ut under the express terms of the Plans, questions of medical

18  necessity are not driven by GASC alone." *Id.*  at 21.

19         UBH contends:

20         Among other things, as part of medical necessity, the Plans required
           that services:

21         •   be "[n]ot more costly than an alternative drug, service(s) or
               supply that is at least as likely to produce equivalent
22             therapeutic or diagnostic results," Trial Ex. 1588-0122;
           •   be "the most cost-effective method and yield a similar
23             outcome to other available remedies," Trial Ex. 2014-0164; or
           •   be "[t]he most appropriate . . . level of service which can
24             safely be provided," which  for inpatient services, "means that
               [the] condition cannot safely be diagnosed or treated on an
25             outpatient basis." Trial Ex. 1614-0102.

26  *Id.*  For these reasons, UBH explains, "it specifically challenged that prospective relief

27  on appeal, arguing that the Court had no authority under ERISA and the Plans to impose

28  Plaintiffs' 'preferred medical standards on UBH and the plans it administers for" a decade into

United States District Court
Northern District of California

24

the future.'" *Id.* (quoting UBH Opening Br. on Appeal, Ninth Cir. dkt. no. 25, at 43–44). UBH asserts the panel agreed with its argument when it "held that it was 'err[or]' to 'require the Guidelines to be coextensive with GASC,' . . . to the exclusion of other plan terms." *Id.* (quoting *Wit III*, 79 F.4th at 1089). Therefore, UBH concludes, "even if the Court clarifies that certain other aspects of its judgment on the breach of fiduciary duty claim are not 'intertwined with an incorrect interpretation of the plans,' . . . there can be no question that the portions of the fiduciary duty judgment and remedies order requiring UBH to adopt guidelines that are solely consistent with GASC cannot survive the Ninth Circuit's holding in [*Wit III*]." *Id.*

Next, UBH argues that the Court may not seek new factual findings on remand, which it contends would "nullify the Ninth Circuit's judgment." *Id.* at 22-24. In support of this position, UBH argues that: 1) "the mandate does not remand to this Court for *additional* or *supplemental* findings in the guise of a 'clarification.'"; 2) "Plaintiffs' proposed 'clarification' will have no impact on the former members of the decertified denial of benefits classes [because the panel] unequivocally decertified all three classes on the denial of benefits claim" and there is no claim to resuscitate at to them; 3) the panel's merits ruling on the denial of benefits claim applies even to the named plaintiffs and so the proposed "clarification" also "is of no import" as to their denial of benefits claim; and 4) "Plaintiffs cannot 'clarify' their way out of the Ninth Circuit's judgment on their breach of fiduciary duty claim" because "[t]he effect of the Court's judgment on the breach of fiduciary duty claim, and the related prospective remedies it imposed, was to compel coverage that is solely consistent with GASC, without regard to any other plan terms, including other requirements of medical necessity" and "[t]hat error cannot be corrected by simply announcing that the Ninth Circuit was wrong." *Id.* at 23-24 (emphasis in original).

Similarly, UBH argues that the Court should reject Plaintiffs' request to promptly lift the stay on the prospective injunctive relief awarded in the Remedies Order for the same reasons, namely, that the "enforcement of the prospective injunctive remedies ordered by the Court . . . would effectively compel coverage that is solely consistent with GASC[,]" which the panel found was not permissible. *Id.* at 24.

Next, UBH argues the mandate requires that this Court conduct further proceedings to

United States District Court
Northern District of California

1    determine whether administrative exhaustion is required on the breach of fiduciary duty claim. *Id.*

2    at 24-25.  UBH contends this issue "merits its own briefing schedule." *Id.* at 25. Nonetheless,

3    UBH addresses this question on the merits in its brief on the grounds that Plaintiffs have done the

4    same in theirs. *Id.*  at 25-28.  It argues that the breach of fiduciary duty claim is a disguised claim

5    for benefits and therefore, is subject to administrative exhaustion.  *Id.*

6            Finally, UBH argues that Plaintiffs' "other proposed actions" on remand are improper.  *Id.*

7    at 28-36.   First, they contend that allowing Plaintiffs to seek recertification on the denial of

8    benefits claim would violate the mandate, the rule against one-way intervention, and Fed. R. Civ.

9    P. 23(c)(1)(C), which requires that certification must occur before final judgment.  *Id.*  According

10   to UBH, the cases Plaintiffs rely upon in which courts have permitted recertification following

11   remand involved interlocutory appeals under Rule 26(f) and not cases where judgment has been

12   entered following a bench trial.  *Id.* (citing *Glaberson v. Comcast Corp.*, 295 F.R.D. 95 (E.D. Pa.

13   2013); *Dukes v. Wal-Mart Stores, Inc.*, 2012 WL 4329009 (N.D. Cal. Sept. 21, 2012); *In re Initial

14   Public Offerings Securities Litigation*, 483 F.3d 70, 73 (2d Cir. 2007); *Van v. LLR, Inc.*, Case No.

15   3:18-cv-00197-JMK, 2023 WL 3338630 (D. Alaska May 10, 2023)).  Furthermore, they accuse

16   Plaintiffs of being "coy" to the extent they do not "specify how they would define the class to

17   address the errors identified by the Ninth Circuit." *Id.* at 32.  UBH argues that "Plaintiffs have not

18   explained here or anywhere else how they propose to identify the individuals that would belong to

19   any recertified classes or 'subclasses[ ]' " and that "[i]t is precisely because Plaintiffs could not do

20   this that they pursued the now-backfired strategy that got them here." *Id.*  Therefore, UBH asserts,

21   it is "highly doubtful that the 'recertification' Plaintiffs propose will be anything but futile." *Id.*

22           UBH further asserts that even if the Court permits recertification, it should not consider

23   awarding reprocessing to a newly defined subclass as doing so would conflict with the panel's

24   holding that Plaintiffs failed to show "that such a common showing is possible" and therefore

25   would violate the mandate. *Id.* at 33.  Even if such a showing were possible, UBH contends, it is

26   too late for Plaintiffs to seek reprocessing here because: 1) "black letter principles of waiver and

27   forfeiture foreclose Plaintiffs from arguing a new theory of liability after failing to prove an

28   essential element of their claims at trial";  2) "the record in this case is closed, and Federal Rule of

Civil Procedure 59 strictly limits the circumstances in which it can be opened after completion of a trial"; and 3) if the Court were to recertify denial of benefits classes "it would then be faced with the task of determining whether members of that recertified class exhausted their administrative remedies." *Id.* at 33-35.

Finally, UBH argues that the mandate does not allow Plaintiffs to seek any new form of relief. *Id*. at 36.

### 3. Plaintiffs' Reply Brief on Scope of Remand (dkt. no. 617)

In their Reply Brief on Scope of Remand ("Plaintiffs' Reply"), Plaintiffs reject UBH's assertion that they are seeking a "complete do-over . . . by going back on their 'strategic choice' to assert a facial challenge to UBH's Guidelines rather than proving that each class member was actually entitled to benefits." Plaintiffs' Reply at 1 (citing UBH Opening Brief at 1, 3, 13, 28, 33). Plaintiffs assert that the panel "did not impose any 'actual entitlement to benefits' standard—either as an element of an ERISA claim, or as a prerequisite to a reprocessing remedy" and therefore, "everything Plaintiffs have asked the Court to do on remand—*e.g*., clarify certain rulings, consider a motion to certify subclasses to apply the Panel's holding to the trial evidence—is consistent with Plaintiffs' approach to the case from the beginning." *Id.* Moreover, Plaintiffs assert, UBH's arguments "rest on selective, incomplete, and misleadingly altered quotations from the Panel's opinion; they are inconsistent and contradictory and they fail to give effect to the entirety of the Panel's opinion, construed reasonably and to avoid injustice." *Id.* at 1-2.

Plaintiffs argue that UBH's position regarding this Court's limited authority on remand is "at war with itself" because it argues simultaneously that the panel remanded only a single issue (whether the breach of fiduciary duty claim is subject to administrative exhaustion) while also asserting that the Court should address other open issues, such as clarifying its rulings on the breach of fiduciary duty claim and modifying the Remedies Order. *Id.* at 2-3. Plaintiffs assert that "[b]y arguing that this Court has the authority to address some open issues beyond the discrete question of administrative exhaustion, UBH necessarily concedes that the Court has the authority to address **all** the open issues." *Id.* at 3 (emphasis in original). Furthermore, Plaintiffs contend, "UBH points to no limit on the scope of the remand actually appearing in the Panel's opinion, let

alone a 'clear' one" and does not "present any authority indicating that compliance with the mandate means anything more than adhering to the Panel's rulings on the issues it decided on appeal." *Id.* at 3.

Plaintiffs further reject UBH's "attempts to spin straw into gold by converting the Court of Appeals' partial reversal of class certification (on the ground that the Court certified an overbroad class for purposes of Plaintiffs' request for reprocessing relief) into a directive to enter judgment for UBH on the merits for a failure to prove a causation element of an ERISA § 1132(a)(1)(B) claim." *Id.* at 3. Rather than ruling on the merits of the denial of benefits claim, Plaintiffs contend, the panel's decision was limited to "partially revers[ing] the class certification decision because the classes, as certified to pursue claims under §§ 1132(a)(1)(B) and (a)(3) and seek remedies including declaratory and injunctive relief, as well as reprocessing, included some members who, the Panel concluded, would not be eligible for reprocessing." *Id.* at 3-4.

Addressing UBH's argument that the panel reversed on the merits with respect to the denial of benefits claim, Plaintiffs argue that the statement upon which UBH relies – "the Panel's statement at the beginning of Section V that 'the same errors present in the district court's denial of benefits class certification order also infected its merits and remedy determination[,]' " UBH Opening Brief at 18–19 (quoting *Wit III*, 79 F.4th at 1086) – is "not a holding on the merits of Plaintiffs' § 1132(a)(1)(B) claim [but instead] refer[s] to the 'merits' of a 'claim' for reprocessing." *Id.* at 4.

According to Plaintiffs, this is apparent from the sentence that follows the sentence cited by UBH, which "makes it clear that the errors the Panel was referring to were the rulings underlying the reprocessing order, which the Panel found to violate the Rules Enabling Act's constraints on class-wide relief." *Id.* (citing *Wit III*, 79 F.4th at 1086 ("the district court determined that remand [i.e., for reprocessing] was appropriate anytime UBH referenced any portion of the Guidelines in denying the claims," "[r]ather than determining whether UBH denied Plaintiffs' claims under a flawed provision of the Guidelines")). Plaintiffs contend:

> The Rules Enabling Act problem the Panel identified was that, because of how the classes were defined, the judgment granted reprocessing relief to class members who, the Panel believed, would

1
2
3
4

not be entitled to such relief in an individual case—specifically, class members whose denial letters indicated their denial was based on unchallenged provisions of the Guidelines or on additional grounds independent of the Guidelines. . . . As such, the class certification order implicitly resolved a question about the merits of a claim for reprocessing for those class members. The Panel's unelaborated statement acknowledging that fact does not add to or change any other part of the Panel's disposition.

5    *Id.*

6         Plaintiffs argue that UBH also "mischaracterizes Section IV of the opinion as though the

7    Panel were examining causation as an element of ERISA claims, rather than identifying a

8    prerequisite for reprocessing relief." *Id.* at 4 (citing UBH Opening Brief at 18–19). In particular,

9    Plaintiffs point out, UBH claims that "[t]he Ninth Circuit held that to be entitled to relief under

10   ERISA, each plaintiff would need to show 'that his or her claim was denied based on the wrong

11   standard and that he or she might be entitled to benefits under the proper standard[ ]'" whereas the

12   quoted sentence in the panel's opinion instead begins with the phrase, "[w]e have ordered **remand**

13   **for claim reprocessing** where a plaintiff has shown . . ." *Id.* (quoting UBH Opening Brief at 18)

14   (quoting *Wit III*, 79 F.4th at 1084) (emphasis added by Plaintiffs). Therefore, Plaintiffs contend,

15   "[t]he Panel's decision to partially decertify because the classes include individuals who are not

16   entitled to reprocessing is just that: a partial reversal of a class certification order, not a direction to

17   enter judgment in favor of UBH, and it was based on eligibility for a particular remedy, not on the

18   merits of Plaintiffs' § 1132(a)(1)(B) claims." *Id.* at 5. Plaintiffs argue further that the panel's

19   opinion "says nothing about the claims of the individual class representatives, so it cannot be

20   construed as directing the entry of judgment on their claims—even if UBH were right (which it is

21   not) that the opinion precludes recertification of narrower reprocessing subclasses." *Id.*

22         Plaintiffs argue that there is nothing in the panel's opinion directing entry of judgment on

23   the denial of benefits claim and UBH's argument to the contrary is contradicted by the conditional

24   reversal on the denial of benefits claim whereby the panel reversed only "to the extent the district

25   court concluded the Plans require coverage for all care consistent with GASC[.]" *Id.* (citing *Wit*

26   *III*, 79 F.4th at 1088). Plaintiffs assert that this conditional dismissal "would make no sense if the

27   Court of Appeals had actually ordered entry of judgment in UBH's favor on the claim on

28   causation grounds, as UBH contends." *Id.*

United States District Court
Northern District of California

1    Furthermore, Plaintiffs argue, UBH ignores the holding in Section V of the opinion and

2 misleadingly quotes from the summary of its ruling in Section VII to argue that "the Ninth Circuit

3 ultimately did not limit its reversal of the judgment on the denial of benefits claim 'to the extent' it

4 relied on this Court's erroneous Plan interpretation." *Id.* at 6 (quoting UBH Opening Brief at 23).

5 According to Plaintiffs, "that is exactly what the Panel did." *Id.* In support of that position, they

6 contend the panel "identified a dispute between the parties on the issue, threw up its hands, and

7 reversed only 'to the extent' the Court erred." *Id.* (quoting *Wit III*, 79 F.4th at 1088). In other

8 words, Plaintiffs assert, the panel "remand[ed] for clarification to determine whether the judgment

9 should stand (based on the understanding that the Guidelines were supposed to implement the

10 GASC exclusion) or be reversed (based on the misinterpretation UBH claimed the Court had

11 relied on)." *Id.* Plaintiffs reject UBH's argument that the Court is precluded from clarifying its

12 interpretation of the plans on this question, arguing instead that the mandate *requires* the Court to

13 consider that question. *Id.* Moreover, they contend, no further proceedings on this question are

14 required for the reasons stated in Plaintiffs' Opening Brief.

15    Similarly, Plaintiffs contend the Court can clarify, without any further proceedings, that the

16 breach of fiduciary claim is not subject to administrative exhaustion because it is not a disguised

17 claim for benefits, rejecting UBH's argument that this issue warrants further briefing. *Id.* at 7.

18 According to Plaintiffs, controlling law and the Court's unchallenged findings of fact allow the

19 Court to "easily dispose" of this question. *Id.* (citing *Spinedex Physical Therapy USA Inc. v.*

20 *United Healthcare of Ariz., Inc*., 770 F.3d 1282, 1294 (9th Cir. 2014) and *Diaz v. United Agric.*

21 *Emp. Welfare Benefit Plan & Tr*., 50 F.3d 1478, 1484 (9th Cir. 1995)). As to the question of

22 whether some class members may be subject to exhaustion with respect to the denial of benefits

23 claim, Plaintiffs contend doctrines like futility may apply (and were not foreclosed by *Wit III*) but

24 that the Court should wait to address this question until it has considered Plaintiffs' motion to

25 recertify subclasses. *Id.* at 7 n. 9.

26    Plaintiffs reject UBH's reliance on *Diaz* to argue on the merits of the fiduciary duty

27 exhaustion question that a "plaintiff can't just repackage an individual claim for benefits as a

28 statutory claim merely because the individual claim may implicate statutory requirements." *Id.* at

8 (citing UBH Opening Brief at 26). According to Plaintiffs, "that observation has no bearing on Plaintiffs' claims here" because "[t]he gravamen of Plaintiffs' breach of fiduciary duty claim is UBH's self-interested creation of excessively restrictive clinical coverage Guidelines to serve its own bottom line, in violation of its ERISA fiduciary duties." *Id.* Plaintiffs assert, "[t]he fact that UBH subsequently applied the self-serving Guidelines to requests for coverage does not transform the crux of the claim into a mere 'label.' " *Id.* (quoting *Diaz*, 50 F.3d at 1484.) Plaintiffs reason that "[e]very statutory violation under ERISA has something to do with protecting plan members' interest in their benefits—that is the whole purpose of the statute—so that cannot be enough to transform a statutory violation into a 'disguised claim for benefits.'" *Id.*

Plaintiffs also point to *Spinedex* in support of their position, asserting that in that case, the Ninth Circuit "held that exhaustion was not required when 'United's alleged statutory violations were willful and systematic, . . . and [the plaintiff's] complaint sought injunctive relief that clearly will benefit the Plans.'" *Id.* (quoting 770 F.3d at 1294). That holding applies here, Plaintiffs assert, because "UBH's adoption of the guidelines in its own interest was willful and systematic, and requiring UBH to cover services consistent with the plans (rather than narrowing everyone's coverage so it could increase its profits on fully-insured plans) benefits the plans as well as individual members." *Id.* at 8-9.

Plaintiffs also assert that treating their breach of fiduciary duty claim as a "disguised claim for benefits" subject to exhaustion makes no sense where UBH does not offer an administrative review process that allows members to challenge its guidelines – which is the theory of Plaintiffs' claim. *Id.* at 9. Therefore, Plaintiffs argue, "[t]he reasons for enforcing plan exhaustion requirements as a matter of federal common law developed under ERISA simply have no application to UBH's development of its company-wide Guidelines in violation of its statutory fiduciary duties." *Id.*

Plaintiffs argue that UBH's position with respect to whether the Court can recertify denial of benefits subclasses contravenes "both the letter and the spirit of the Panel's opinion." *Id.* (citing *Creech*, 84 F.4th at 787). They contend UBH is "just not being honest when it argues 'there is nothing for the court to "modify."'" *Id.* (quoting UBH Opening Brief at 29). In fact,

1  Plaintiffs argue, recertification is appropriate because "this Court did not certify separate classes

2  for each claim and each remedy; it certified three classes, each of which asserted both claims and

3  sought all remedies." *Id.*  According to Plaintiffs, "[t]he Panel did not reverse the class

4  certification order *in toto*, but only with respect to the denial of benefits claim insofar as the class

5  members sought a reprocessing remedy[,]" explicitly leaving intact class certification for the

6  breach of fiduciary duty claim.  *Id.* (citing *Wit III*, 79 F.4th at 1086).  Plaintiffs contend, "there are

7  still three certified classes, and the Court has the authority and discretion to modify them at any

8  time before it re-enters a final judgment. Fed. R. Civ. P. 23(c)(1)(C)." *Id.* at 9-10.

9       Plaintiffs characterize as "nonsense" UBH's argument that the panel "decided '[t]he issue

10 of class certification,' [and therefore] considering a motion to modify the class certification order

11 in any respect would violate the mandate." *Id.* (citing UBH Opening Brief at 29–30).  The rule,

12 Plaintiffs assert, is that "[t]he mandate . . . prohibits the Court from recertifying subclasses for

13 purposes of the reprocessing remedy that include class members the Panel found were not entitled

14 to that relief." *Id.*  On the other hand, Plaintiffs argue, "the mandate leaves open reprocessing for

15 class members who meet the Court of Appeals' standard for reprocessing, because that is

16 entirely consistent with the Court of Appeals' understanding of the Rules Enabling Act." *Id.*

17 (citing *Wit III*, 79 F.4th at 1086).

18       Plaintiffs further contend that courts "routinely re-certify classes after certification is

19 reversed on appeal, consistent with guidance in the appellate court's opinion[,]" as they also

20 argued in their opening brief.  *Id.*  Plaintiffs dismiss UBH's argument that such recertification

21 "most frequently happens when certification is reversed after a Rule 23(f) motion, and thus

22 before a decision on the merits." *Id.* (citing UBH Opening Brief at 30–31).  Plaintiffs observe that

23 "UBH fails to explain why that posture makes any difference here, where Plaintiffs merely seek to

24 narrow the classes for purposes of one of the remedies the Court awarded." *Id.* at 10-11. As to

25 UBH's criticism that Plaintiffs have not specifically described the subclasses they seek to

26 recertify, Plaintiffs respond that they have "been as clear as they can be (before being permitted to

27 file their motion) that they intend to seek to certify subclasses that consist only of the members of

28 the currently certified classes who qualify for the reprocessing remedy under the test stated by the

32

Panel." *Id.* at 10 n. 13 (citing Plaintiffs' Opening Brief at 25). Plaintiffs state that they "will seek to certify three subclasses because there are three certified classes." *Id.* According to Plaintiffs, they "are not asking to amend their complaint, re-do discovery, or hold a new trial." *Id.* at 11. Rather, they contend "[t]he existing trial evidence will support certification of the subclasses" and they "merely ask for the opportunity to make that showing."

Plaintiffs also reject UBH's assertion that the panel "foreclosed consideration of reprocessing subclasses by holding that 'the evidence and legal theories on which Plaintiffs chose to try their case were insufficient.' " *Id.* (quoting UBH Opening Brief at 14 (quoting *Wit III*, 79 F.4th at 1086)). Plaintiffs assert that the full sentence from which UBH took this partial quotation points to the opposite conclusion. *Id.* (quoting *Wit III*, 79 F.4th at 1086) ("In sum, on this record Plaintiffs have fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible."). The words "on this record[,]" Plaintiffs contend, reflects the panel's recognition that its "ruling may well be different if it is presented with a subclass that is more narrowly tailored to include only class members who meet the Panel's two part reprocessing test." *Id.*

Plaintiffs argue that UBH's reliance on the rule against one-way intervention in support of its position is misplaced. *Id.* at 11 n. 14. Plaintiffs assert, "[t]he classes were certified before the Court ruled on liability [and] [a]ll Plaintiffs are proposing now is to remove some class members for purposes of one form of relief." *Id.* Thus, Plaintiffs contend, [n]o one is going to 'intervene' in the case as a result of Plaintiffs' motion to modify." *Id.* Furthermore, Plaintiffs assert, "this is no different than UBH's own motion to decertify, which resulted in class members being removed from the classes after the Court made findings on liability." *Id.* (citing *Wit v. United Behavioral Health*, No. 14-cv-02346-JCS, 2020 WL 6462401 (N.D. Cal. Nov. 3, 2020)).

Plaintiffs also distinguish *Firth v. United States*, 554 F.2d 990, 994 (9th Cir. 1977), cited by UBH in its opening brief as an example in which the district court refused to "embellish or clarify" its findings of fact on remand to "revive its previously reversed contributory negligence claim" and the Ninth Circuit affirmed. *Id.* at 11 n. 16. According to Plaintiffs, in *Firth*, the appellate court's "reversal of the contributory negligence finding on the first appeal 'was

33

based on a thorough review of all of the evidence and consideration of the same arguments' the government pressed on the second appeal." *Id.* (citing 554 F.2d at 994). According to Plaintiffs, in that case "[t]he court stressed that it 'had before it and considered on the first appeal all of the evidence on the issue of contributory negligence, and the resulting mandate did not leave the matter open for reappraisal or clarification by the district court.'" *Id*. (citing 554 F.2d at 994). In contrast, Plaintiffs contend, in this case the panel "identified a shortcoming in the record before it, which meant the Panel could not consider 'all of the evidence' pertinent to the test it prescribed." *Id.*

Plaintiffs reject UBH's assertion that they are "abandoning their whole theory of the case and now intend to show that 'individual class members were actually entitled to benefits.'" *Id.* at 12 (quoting UBH Opening Brief at 33-34). According to Plaintiffs, UBH is advancing its "'strategic choice' narrative" based on the "false premise" that Plaintiffs are now abandoning their facial challenge and seeking to prove "actual entitlement to benefits." *Id.* In fact, Plaintiffs contend, there is nothing in the panel's opinion that requires them to prove actual entitlement to benefits and they are not seeking to do so. *Id.* Instead, Plaintiffs assert, the panel "was clear that to be entitled to reprocessing, Plaintiffs need to show 'that application of the wrong standard **could have** prejudiced the claimant' because he or she '**might be** entitled to benefits under the proper standard.'" *Id.* (quoting *Wit III*, 79 F.4th at 1084)(emphasis added by Plaintiffs). Further, Plaintiffs assert, "[t]he Panel's ruling makes clear that class members who do meet the Panel's test are entitled to reprocessing, and UBH does not (and could not) contend that there are no such class members." *Id.* Therefore, Plaintiffs argue, the Court should ensure "the *just* resolution of this action by allowing Plaintiffs to file their motion to modify the class certification order so that the Court can authorize reprocessing for the class members who satisfy the Panel's reprocessing eligibility standard." *Id.* (emphasis in original).

Finally, Plaintiffs reject UBH's argument that the Court should modify the Remedies Order as to the prospective injunctive relief it awarded. *Id.* at 12-14. Plaintiffs contend the injunctive relief is warranted in light of the Court's findings that "there was a 'significant danger of recurrent violation,' given that (among other things) UBH's 'violations were in no way

34

1    "isolated"'; that UBH's witnesses 'were evasive and even tried to mislead the Court' at trial; that

2    'UBH also knowingly misled Connecticut regulators about the scope of coverage afforded under

3    its Guidelines'; and that 'UBH executives put in place business practices that ensured that

4    financial considerations would take precedence over faithful administration of class members'

5    plans.' " *Id.* at 13 (quoting Remedies Order, 2020 WL 6479273, at *42). Moreover, Plaintiffs

6    assert, UBH's argument that "it was 'err[or]' to 'require the Guidelines to be coextensive with

7    GASC' " is based on a ruling by the panel that UBH "invent[ed]." *Id.* (quoting UBH Opening

8    Brief at 21). Plaintiffs observe that the panel "did not consider the injunction at all, mentioning its

9    existence only in passing" and assert that it did not hold that the Court erred to the extent it

10   determined that the Plans require the Guidelines to be coextensive with GASC. *Id.* (citing *Wit III*,

11   79 F.4th at 1081).

12        In any event, Plaintiffs argue, the injunctive relief in the Remedies Order does not order

13   UBH "to 'adopt medical necessity guidelines that [are] solely consistent with GASC,' as UBH

14   contends." *Id.* (quoting UBH Opening Brief at 2). Rather, Plaintiffs assert, the injunctive relief

15   ordered by the Court simply "orders UBH to 'make any and all coverage-related determinations

16   under ERISA-governed plans about whether services are consistent with [GASC] according to

17   criteria that are consistent with [GASC] . . . .' and orders . . . UBH to use specified sets of criteria,

18   which the Court found to be consistent with GASC, for that purpose." *Id.* (citing Remedies Order,

19   2020 WL 6479273at *54-55). Plaintiffs contend, "[n]othing in the injunction precludes UBH

20   from enforcing other plan exclusions" and therefore, the prospective injunction is entirely

21   consistent with the mandate. *Id.*

22            **4.  UBH's Sur-Reply Brief on Scope of Remand (dkt. no. 618)**

23        In its Sur-Reply Brief on Scope of Remand ("UBH Sur-Reply"), UBH reiterates its

24   position that the only issue the panel left open, and thus the sole issue that this Court can consider

25   on remand, is administrative exhaustion. UBH Sur-Reply at 1. On the other hand, UBH contends,

26   the panel's decisions on the remaining issues in the case leave this Court only the power to

27   conduct the following "executory" functions:  "(1) enter judgment for UBH on the named

28   Plaintiffs' claim for denial of benefits and promptly notify class members that those claims have

1   been decertified; (2) apply the Ninth Circuit's partial reversal of Plaintiffs' fiduciary duty claim to

2   the prior judgment and enter partial judgment for UBH on that claim; and (3) vacate the portions

3   of the judgment and Remedies Order that are inconsistent with the Ninth Circuit's mandate in that

4   they require guidelines that are co-extensive with [GASC]." *Id.*

5        UBH points out that the panel mentioned remand three times in its opinion and each time,

6   it stated that it was remanding for this Court to consider administrative exhaustion. *Id.* at 2 (citing

7   *Wit III*, 79 Cal. 4th at 1088, 1089, 1090). Therefore, UBH asserts, it is clear that the panel

8   "expressly 'remanded for a single purpose,' [and that] the 'plain language of the disposition

9   preclude[s] the district court from considering any other arguments' beyond the scope of that

10  remanded question." *Id.* (citing *United States v. Thrasher*, 483 F.3d 977, 983 (9th Cir. 2007)). To

11  the extent the Court exceeds the scope of the mandate, UBH contends, it will commit reversible

12  error that is subject to immediate appellate review by writ of mandamus. *Id.* at 3 (citing *Pit River*

13  *Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1078 (9th Cir. 2010)).

14       On the question of whether the panel ordered a "limited remand," UBH argues that

15  Plaintiffs engage in "wordplay to try and create a false dichotomy between a 'limited remand' and

16  an 'open remand.'" *Id.* at 3-4. UBH argues that this is a "false distinction" and that "[r]egardless

17  of the label, in every case, it is the mandate itself that determines the district court's authority on

18  remand, and lower courts have 'no power to expand [the] remand beyond the boundary ordered by

19  [the appellate] court.'" *Id.* at 4 (quoting *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1173 (9th

20  Cir. 2006)). Here, UBH argues, Plaintiffs are incorrect as to the issues the panel purportedly left

21  "open" for reappraisal or clarification and their position is inconsistent with the limits imposed by

22  the Ninth Circuit under *Firth*. *Id.* at 4-5. Rejecting Plaintiffs' argument that *Firth* is

23  distinguishable, UBH argues that in this case, as in *Firth*, "the 'record' that the Ninth Circuit

24  found wanting was the evidence (or lack thereof) that Plaintiffs chose to offer at trial, not gaps in

25  the appellate record." *Id.* at 5.

26       UBH again argues that the mandate requires that this Court enter judgment for UBH on

27  Plaintiffs' denial of benefits claim. *Id.* at 6-10. UBH disagrees with Plaintiffs' interpretation of

28  the following passage in the panel's opinion:

United States District Court
Northern District of California

> Turning to the *merits of Plaintiffs' claims*, we begin by noting that the same errors present in the district court's denial of benefits class certification order *also infected its merits and remedy determinations*. Rather than determining whether UBH denied Plaintiffs' claims under a flawed provision of the Guidelines, the district court determined that remand was appropriate anytime UBH referenced any portion of the Guidelines in denying the claims.

*Id.* at 7 (quoting *Wit III*, 79 F.4th at 1086) (emphasis added by UBH).  According to UBH, Plaintiffs are incorrect in their assertion "that because the Ninth Circuit did not expressly say in the above-quoted passage that UBH won on the merits of the denial of benefits claim for lack of causation, then this passage relates only to a 'Rules Enabling Act problem' that is limited to class certification of a reprocessing remedy." *Id.* (citing Plaintiffs' Reply at 3–4).  According to UBH, this passage should be read to rule on the merits of Plaintiffs' denial of benefits claim because it is "in the merits portion of the Ninth Circuit's opinion, and includes the word 'merits' twice." *Id.*

UBH also rejects "Plaintiffs' contention that the reversal on the merits of their denial of benefits claim is limited to the reprocessing remedy." *Id.* at 8.  According to UBH, "[t]he Ninth Circuit did not reverse on a single remedy; it reversed the judgment on the merits unequivocally and as to the entirety of Plaintiffs' denial of benefits claim[,]" "expressly recogniz[ing] that Plaintiffs did not just seek reprocessing for their denial of benefits claim; they also sought a 'declaration that UBH's denial of benefits was improper and an order for UBH to apply the new guidelines in processing future claims.'" *Id.* (citing *Wit III*, 79 F.4th at 1079 n.3). UBH contends, "[a]fter identifying multiple failures of proof on the issue of causation, [*Wit III*, 79 F.4th] at 1082–84, the Ninth Circuit 'reverse[d] . . . certification of the denial of benefits classes' in full, as to all remedies sought." *Id.* (quoting *Wit III*, 79 F.4th at 1089). Therefore, UBH contends, Plaintiffs' "narrow focus on the Ninth Circuit's second ground for reversal on the merits— the Court's requirement that UBH 'cover all treatment that was consistent with GASC' . . . misses the mark." *Id.* at 9 (citing *Wit III*, 79 F.4th 1088; Plaintiffs' Reply at 5-6).  Because the panel's decision was based on "*both* a failure of proof of causation and the improper plan interpretation error," UBH argues, its reversal on the denial of benefits claim was "without limitation" even though the panel reversed the Court's judgment on the breach of fiduciary duty claim only "to the extent [it] [was] based on the district court's erroneous interpretation of the

1    Plans . . . ." *Id.* (quoting *Wit III*, 79 F.4th at 1089).

2        As to the breach of fiduciary duty claim, UBH again argues that the mandate requires the

3    Court to enter partial judgment in UBH's favor.  *Id.* at 10-11. It asserts that because the Court held

4    in its judgment "that 'class members had a right, under ERISA and their plans' to guidelines that

5    were solely consistent with GASC, [dkt. no.] 531 at 2, and the Court entered judgment on the

6    breach of fiduciary duty claim based on that conclusion[,]" "there is no way to square that aspect

7    of the judgment with the Ninth Circuit's determination that 'UBH's interpretation of the plans . . .

8    gives effect to all the Plan provisions because the Plans exclude coverage for treatment

9    inconsistent with GASC or otherwise condition treatment on consistency with GASC.'"  *Id.* (citing

10   *Wit III*, 79 F.4th at 1088). UBH continues, "Even if this Court did not err in holding that UBH

11   cannot use its former guidelines to 'implement[ ] the GASC requirement,'. . . , that alone cannot

12   support the court's full judgment on the fiduciary duty claim" because "[n]either ERISA nor the

13   plans permit the additional step that this Court's judgment took when it affirmatively required

14   UBH to adopt guidelines that are solely consistent with GASC."  *Id.* UBH rejects Plaintiffs'

15   argument that the panel "threw up its hands" and did not decide this question.  *Id.*

16       UBH argues that Plaintiffs are also incorrect in arguing that the mandate does not require

17   the Court to modify its remedies order with respect to prospective injunctive relief.  *Id.* at 11-12.

18   Whether or not the panel discussed the injunctive relief in its opinion, UBH asserts, it "flows

19   directly from the portion of this Court's final judgment imposing a fiduciary duty to use guidelines

20   that are solely consistent with GASC."  Therefore, UBH argues, that relief cannot stand.  *Id.* at 11-

21   12.

22       UBH again argues that on remand the Court *should* address whether members of the

23   fiduciary duty class were required to exhaust their administrative remedies and, further, the Court

24   must conclude that they were.  *Id.* at 12-14.  UBH rejects Plaintiffs' reliance on federal common

25   law in support of their assertion that exhaustion is not required, arguing that as a matter of

26   contract, many class members' plans require exhaustion, even as to the breach of fiduciary duty

27   claim.  *Id.*  UBH also repeats its argument that Plaintiffs' breach of fiduciary duty claim is a

28   disguised claim for benefits.  *Id.*

United States District Court
Northern District of California

Finally, UBH reiterates its position that the mandate does not allow Plaintiffs to bring a motion to recertify. *Id.* at 14-19. According to UBH, such a motion is precluded by the mandate, which definitively decided class certification, along with the merits of Plaintiffs' claims. *Id.* UBH further asserts that such a motion – which will require new factual findings – is untimely under Rules 52(b) and 59(b) of the Federal Rules of Civil Procedure and claims that Plaintiffs did not meaningfully respond to that argument. *Id.* at 17. To the extent Plaintiffs argue that they merely seek to narrow the classes, UBH responds that "there is nothing left to narrow" because the classes have already been decertified. *Id.* at 18. Moreover, UBH asserts, it is well-established that class certification must be decided before liability on the merits has been decided. *Id.* at 18-19 (citing *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995)). According to UBH, "[f]or obvious reasons, this rule applies equally when the merits of a claim have been finally adjudicated on appeal." *Id.* at 19 (citing *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Washington*, 173 F.3d 713, 721 (9th Cir. 1999), opinion amended on denial of reh'g sub nom. *In re Vizcaino*, 184 F.3d 1070 (9th Cir. 1999)).

## III.     ANALYSIS

### A.     Legal Standards

In the Ninth Circuit, it is well-established that "[a] district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). Nonetheless, a district court is limited by the court of appeals' remand only "when the scope of the remand is clear." *Id.* (citing *Mendez–Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006)). Further, the mandate "leaves to the district court any issue not expressly or impliedly disposed of on appeal." *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) (internal quotations and citations omitted). "In determining which matters fall within the compass of a mandate, '[d]istrict courts "must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." ' " *Id.* (citing *Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash.*, 173 F.3d 713, 719 (9th Cir. 1999) (as amended) (internal quotation marks omitted) (quoting *Delgrosso v. Spang & Co.*, 903 F.2d 234, 240 (3d Cir. 1990))).

1    "Violation of the rule of mandate is a jurisdictional error." *United States v. Thrasher*, 483

2    F.3d 977, 982 (9th Cir. 2007).

3    **B.    Whether the Ninth Circuit's Remand was a "Limited Remand"**

4        The parties devote significant attention to words and phrases the panel did or did not use

5    in its opinion to support their positions regarding the scope of the remand.  Plaintiffs respond to

6    UBH's argument in the Joint Status Report that the panel ordered a "limited remand" by arguing

7    that that term does not apply here.  Plaintiffs' Opening Brief at 9 n. 11.  UBH essentially concedes

8    that the term, as typically used by the Ninth Circuit, does not apply, UBH Opening Brief at 12 n.

9    3, but points out that the panel also did not state that it was remanding "for further proceedings

10   consistent with this opinion."  *Id.* at 13.  With respect to the exhaustion issue, Plaintiffs point out

11   that the panel did not expressly state that the remand was "limited to that single question[,]"

12   Plaintiffs' Reply at 2, while UBH points out that the panel's only explicit references to the remand

13   refers to the exhaustion issue as the purpose for the remand, reasoning that this indicates the panel

14   remanded for the Court to consider *only* that question.  UBH Sur-Reply at 2.

15       The Court finds the inclusion or omission of what both sides refer to as "talismanic

16   phrases," *see* UBH Surreply at 9 n. 5; Plaintiffs' Reply at 2 n. 1, does not provide significant

17   guidance as to the scope of the mandate.  Further, having carefully considered *Wit III* and the

18   extensive briefing supplied by the parties, the Court concludes that the panel left a number of

19   questions open for consideration on remand beyond the exhaustion issue that is explicitly

20   discussed in the summary portion of *Wit III*, as discussed further below.

21   **C.    Whether the Ninth Circuit Decided the Denial of Benefits Claim on the Merits**

22       UBH is insistent that with respect to the denial of benefits claim, the logic of the panel's

23   opinion leaves this Court no discretion to do anything other than perform the purely ministerial

24   task of entering judgment in favor of UBH.  Its position is premised on its interpretation of the

25   panel's opinion as ruling not only on the certification of the classes as to denial of benefits claim

26   but also the merits and its further understanding that the panel's ruling rested on: 1) the panel's

27   holdings that this Court erred in finding that UBH was required to "cover all treatment that was

28   consistent with GASC"; and 2) the panel's finding that there was a failure of proof as to causation

United States District Court
Northern District of California

40

1   with respect to the denial of benefits claim – an error UBH contends was not limited to the

2   reprocessing remedy.  The Court concludes that UBH's interpretation of the panel's decisions on

3   these questions goes beyond what the panel stated or implied.

4   First, UBH relies heavily on the panel's statement in Section IV of *Wit III* "noting that the

5   same errors present in the district court's denial of benefits class certification order also infected

6   its merits and remedy determinations." *Wit III*, 79 F.4th at 1086.  But this statement does not

7   clearly support the broad reading UBH gives it.  Instead, the sentence that follows indicates that

8   the panel was referring to the merits of a claim *for reprocessing*.  In particular, the next sentence

9   states: "Rather than determining whether UBH denied Plaintiffs' claims under a flawed provision

10  of the Guidelines, the district court determined that remand [*ie.,* for reprocessing] was appropriate

11  anytime UBH referenced any portion of the Guidelines in denying the claims." *Id.*  In other

12  words, the panel was calling out the same problem it had previously identified in connection with

13  class certification, namely, its finding that *some* class members' claims for benefits would be

14  remanded for reprocessing even though those class members would not have been entitled to

15  reprocessing if they had brought individual cases for denial of benefits based on those claims.

16  Therefore, the Court concludes that the panel's statement is simply a recognition that as to the

17  class members who it found were improperly included in the classes and were not entitled to

18  reprocessing, this Court's error as to class certification also meant that *those* class members'

19  claims for reprocessing on the denial of benefits claims were defective.

20  Second, despite UBH's repeated assertions that the panel found that this Court applied the

21  wrong standard and found that UBH is required to cover *all* treatments consistent with GASC, a

22  more plausible reading of the panel's opinion is that it explicitly left that question open in *Wit III*.

23  In contrast to the panel's decisions in *Wit I* and *Wit II*, in which the panel appears to have held that

24  this Court found that Plaintiffs were entitled to coverage of all treatment consistent with GASC,

25  the panel's discussion in *Wit III* explicitly found that the Court's statements on this question were

26  "conflicting" and went on to reverse the district court's judgment that UBH wrongfully denied

27  benefits to the named Plaintiffs only "*to the extent* the district court concluded the Plans require

28  coverage for all care consistent with GASC." *Wit III*, 79 F.4th at 1088 (emphasis added).  UBH

United States District Court
Northern District of California

41

1    would have the Court treat the highlighted phrase as simply meaning "because" but the more

2    accurate interpretation of this language is that it qualifies the panel's reversal, recognizing that the

3    reversal does not apply "to the extent" the Court did *not* premise its judgment (and associated

4    remedies) on the conclusion that the class members' plans require coverage for all care consistent

5    with GASC and leaving open the question of whether the Court did or did not rely on that

6    reasoning when it entered judgment on the denial of benefits claim.  Indeed, UBH interprets this

7    same phrase when used in reference to the panel's partial reversal of the Court's judgment on the

8    breach of fiduciary duty claim in just this manner.  *See* UBH Opening Brief at 19-20 (arguing that

9    on remand the Court should clarify the basis for its judgment on the breach of fiduciary duty claim

10   in light of the panel's reversal of judgment on that claim "to the extent [the court] determined that

11   the Plans require the Guidelines to be coextensive with GASC.") (citing *Wit III*, 79 F.4th at 1089).

12        Third, the Court finds unpersuasive UBH's argument that the panel implicitly found that

13   Plaintiffs' denial of benefits claim failed for the separate reason that the Plaintiffs did not prove

14   statutory causation under ERISA. To support this argument, UBH alters a statement made by the

15   panel about reprocessing to suggest that the panel was addressing the requirements of ERISA

16   generally.  *See* UBH Opening Brief at 18-19.  In particular, UBH provides a partial quote of the

17   following sentence found in *Wit III*:  "We have ordered remand for claim reprocessing where a

18   plaintiff has shown that his or her claim was denied based on the wrong standard *and* that he or

19   she might be entitled to benefits under the proper standard."  79 F.4th at 1084 (emphasis in

20   original). UBH, however, omits the first part of the sentence, referring to reprocessing, and

21   replaces it with its own language, stating that "the Ninth Circuit held that to be entitled to relief

22   under ERISA" this standard must be met.  In so doing, it invents a ruling that was not stated by the

23   panel.  UBH is unable to point to any clear statement in *Wit III* indicating that the panel reversed

24   on the merits as to the denial of benefits claim based on Plaintiffs' failure to prove statutory

25   causation under ERISA.

26        Finally, the Court rejects UBH's argument that it cannot conduct further proceedings on

27   the denial of benefits claim, including consideration of whether narrower subclasses might be

28   entitled to judgment on that claim, because the panel purportedly reversed for insufficient

42

1    evidence following trial.  UBH relies on the panel's statement that "[i]n sum, on this record

2    Plaintiffs have fallen short of demonstrating that all class members were denied a full and fair

3    review of their claims or that such a common showing is possible." 79 F.4th at 1086.  This

4    statement, on its face, relates to the evidence that was presented at trial to show that *the classes the*

5    *Court certified* was insufficient.  Likewise, it casts doubt on Plaintiffs' ability to make a sufficient

6    evidentiary showing on the denial of benefits *as to those classes*.  The statement simply does not

7    address, and certainly does not foreclose, the possibility that Plaintiffs can make an adequate

8    evidentiary showing as to potential subclasses that are defined more narrowly in order to address

9    the class certification error the panel found with respect to the denial of benefits claim.

10        UBH's reliance on *Firth v. United States*, 554 F.2d 990 (9th Cir. 1977) in support of its

11   position is also misplaced.  In that case, which involved an individual plaintiff who brought an

12   admiralty injury claim against the government after sustaining an injury on a government vessel,

13   the district court, following a bench trial, found the government liable but reduced the plaintiff's

14   recovery by half based on the plaintiff's contributory negligence, namely, the plaintiff's failure to

15   use the handrails in the passageway where he fell.  554 F.2d at 992-993.  The court of appeals

16   reversed, finding that there was "no real evidence of contributory negligence to justify cutting the

17   recovery in half."  *Id.* at 993.  In reaching this conclusion, the Court of Appeals explained:

18            Based on the premise that plaintiff's fall occurred at a 'T' intersection
19            on the passageway, we noted that no handrails existed at the
             intersection, and thus plaintiff could not have been contributorily
20            negligent for failing to hold on to what was not there. Therefore, it
             was concluded that the government failed to sustain its burden of
21            proof on the defense of contributory negligence, since it did not show
             "beyond conjecture whether there were any handrails in the
22            'intersection' where the accident happened."

23   *Id.* In light of this holding, the district court, on remand, concluded that it did not have the

24   discretion to clarify its contributory negligence holding to include a finding that the fall did *not*

25   occur at the T-intersection and therefore, the court did not reduce the revised damages award on

26   that ground.  *Id.*  The court of appeals agreed when the government brought a second appeal of the

27   district court's ruling, explaining that its "prior decision and mandate in this case, whether correct

28   or in error, was based on a thorough review of all of the evidence and consideration of the same

United States District Court
Northern District of California

43

1    arguments pressed here, and we concluded that the evidence did not support a finding of

2    contributory negligence." *Id.* at 994. Therefore, the court of appeals held that its mandate "did

3    not leave the matter open for reappraisal or clarification by the district court." *Id.*

4         Here, the panel did not assess whether the evidence presented at trial would be sufficient to

5    support a denial of benefits claim as to a narrower class that did not include class members who

6    the panel found were improperly included under this Court's class definitions. Consequently,

7    while Plaintiffs here (as in *Firth*) do ask the Court to clarify the basis for its ruling, the similarity

8    ends there because the sufficiency of the evidence as to the merits of the denial of benefits claim

9    as to a narrower subclass was *not* considered or decided by the panel. Nor are the arguments on

10   that question going to be the same.

11        For these reasons, the Court concludes that UBH's is incorrect in its assertion that the

12   mandate requires the Court to enter judgment on the denial of benefits claim and forecloses any

13   further discretionary proceedings as to that claim.

14   **D.    Whether the Court is Required to Enter Judgment or Partial Judgment on the**
          **Breach of Fiduciary Duty Claim for UBH**

15        UBH asserts that the Court is also required by the mandate to enter judgment in its favor

16   on the breach of fiduciary duty claim as to the declaratory and prospective injunctive relief the

17   Court awarded on that claim in its Remedies Order. In particular, it contends the Court's

18   conclusion that the Plans require the Guidelines to be coextensive with GASC "is the core of the

19   Court's entire judgment as to Plaintiffs' breach of fiduciary duty claim, [and therefore] the Court

20   should clarify that *judgment on that entire claim is reversed and enter judgment for UBH*." UBH

21   Opening Brief at 20 (emphasis added); *see also* Sur-Reply at 10 ("[T]his Court's judgment

22   concluded that 'class members had a right, under ERISA and their plans' to guidelines that were

23   solely consistent with GASC, [dkt. no.] 531 [Final Judgment] at 2[.]" . . . "Neither ERISA nor the

24   plans permit the additional step that this Court's judgment took when it affirmatively required

25   UBH to adopt guidelines that are solely consistent with GASC"). The Court finds UBH's

26   argument unpersuasive.

27        UBH's position is based on the following passage in the summary at the end of *Wit III*:

28

United States District Court
Northern District of California

1

2

3

> On the merits, the district court erred to the extent it determined that the Plans require the Guidelines to be coextensive with GASC. Therefore, the judgment on Plaintiffs' denial of benefits claim is reversed, and to the extent the judgment on Plaintiffs' breach of fiduciary duty claim is based on the district court's erroneous interpretation of the Plans, it is also reversed.

4   *Id.* UBH does not, however, point to any explicit discussion of the Court's prospective injunctive

5   relief or finding that the Remedies Order did, in fact, "require UBH to adopt guidelines that are

6   solely consistent with GASC."   Rather, this appears to be UBH's own "gloss" on the Court's

7   Remedies Order, which nowhere states such a requirement.   The section of the Final Judgment

8   cited by UBH in supported of the Court's purported holding, at page 2 of the Remedies Order,

9   makes clear that the Court did not require UBH to provide coverage coextensive with GASC,

10  specifically stating that "[t]he terms of the plans of each class member of the Wit and Alexander

11  Guidelines Classes required, *as one condition of coverage*, that services be consistent with

12  generally accepted standards of care. UBH uses its Guidelines to interpret and apply those plan

13  terms, and acts in a fiduciary capacity when it develops, revises and applies its Guidelines."  Final

14  Judgment at 2 ¶ 5 (emphasis added).

15      Furthermore, for the reasons discussed above, the Court finds that the panel's holding

16  reversed the Court's judgment on the benefits claim only "to the extent that" it relied on the

17  understanding that the plans required coverage of all treatment consistent with GASC but left that

18  question open for further clarification.   Nor does the reasoning of the panel clearly point to the

19  conclusion that judgment must be entered in favor of UBH with respect to the prospective

20  injunctive relief the Court awarded in connection with the breach of fiduciary duty claim.   In

21  particular, the panel expressly held "that it was not error for the district court to rule that UBH

22  abused its discretion because the challenged portions of the Guidelines did not accurately reflect

23  GASC[,]" *Wit II*, 79 F.4th at 1088 n. 6, and left undisturbed the Court's factual findings that

24  "UBH engaged in this course of conduct deliberately, to protect its bottom line," and that, "[t]o

25  conceal its misconduct, UBH lied to state regulators and UBH executives with responsibility for

26  drafting and implementing the guidelines deliberately attempted to mislead the Court at trial in

27  this matter." Remedies Order at 1. While the Court agrees that, in these proceedings on remand,

28  the Court must scrutinize its Remedies Order to make sure that it is consistent with the decision of

United States District Court
Northern District of California

1   the Court of Appeals, the Court disagrees with the conclusion pressed by UBH that the declaratory

2   and injunctive remedies imposed by this Court are based on the conclusion that the plans require

3   coverage for all treatment consistent with GASC and must be vacated.  The Court finds nothing in

4   the panel decision that limits the Court's mandate in this respect.

5          The Court declines Plaintiffs' invitation to immediately lift the stay as to the prospective

6   injunctive relief in the Remedies Order, however.  Rather, the Court will consider this question

7   separately following further briefing.

8      **E.    Whether this Court has the Authority on Remand to Consider a Motion to Modify
            its Class Certification Order to Add Narrower Subclasses to Seek a Reprocessing
9            Remedy**

10         UBH argues strenuously that the Court does not have the authority to revisit class

11  certification because that question has already been fully and finally adjudicated and there is

12  nothing for the Court to modify.  The Court finds UBH's position to be inconsistent with the

13  panel's ruling leaving class certification "intact" as to the breach of fiduciary duty claim and only

14  partially reversing class certification on the denial of benefits claim. As a general matter, the Court

15  finds nothing in the panel's decision that forecloses consideration of narrowed subclasses that

16  conform to the panel's rulings.

17         First, under Fed. R. Civ. P. 23(c)(1)(C), the Court has the authority and discretion to

18  modify a class at any time before it enters a final judgment, Fed. R. Civ. P. 23(c)(1)(C), and that

19  rule applies here, where the Court has been tasked by the Ninth Circuit with conducting further

20  proceedings and then re-entering final judgment consistent with the mandate.   The Court rejects

21  UBH's argument that this rule does not apply because final judgment has already been entered.

22  There is no doubt that the Court's prior "final judgment" has been reversed and that this Court is

23  therefore permitted (and required) to conduct further proceedings. *See* 18B Fed. Prac. & Proc.

24  Juris. § 4478.3 (3d ed.) ("Appellate courts . . . ordinarily do not enter the final judgment; that task

25  is accomplished on remand to the district court."); *Rogers v. Hill*, 289 U.S. 582, 587-88 (1933)

26  (absent "unequivocal[]" direction to the contrary, district court on remand has discretion to permit

27  the plaintiff to "file additional pleadings, vary or expand the issues, and take other proceedings").

28         The Court finds the reasoning in *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB,

United States District Court
Northern District of California

2012 WL 4329009, at *4 (N.D. Cal. Sept. 21, 2012) to be persuasive on this question.  The court

in that case explained:

> Rule 23 "confers broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 106–107 (N.D.Cal.2008) (quoting *Armstrong v. Davis*, 275 F.3d 849, 872 n. 28 (9th Cir.2001). Rule 23(c)(1)(c) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." The Supreme Court has stated that when a court denies certification of a class it would expect that court to reassess and revise such an order in response to events "occurring in the ordinary course of litigation.*" Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Accordingly, it is not uncommon for district courts to permit renewed certification motions that set out a narrower class definition or that rely upon different evidence or legal theories.
> *E.g., The Apple iPod iTunes Antitrust Litig.*, No. 05–0037, 2011 WL 5864036, at *1–2, *4 (N.D.Cal. Nov.22, 2011).
>
> An appellate ruling rejecting class certification does not change this ability to consider a renewed certification motion. For example, *in In re Initial Public Offering Securities Litigation*, 483 F.3d 70, 73 (2d Cir.2007), the Second Circuit stated that its earlier order reversing certification of broad classes without further instruction did not bar the district court from considering different or narrower proposed classes in the same action, because district courts "have ample discretion to consider (or decline to consider) a revised class certification motion after an initial denial." *See also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 987–88 (9th Cir.2011) (reversing certification but noting district court may consider whether a different type of class could be certified).

2012 WL 4329009, at *4.

Moreover, courts routinely revisit class certification following remand. *See, e.g., Van v. LLR, Inc.*, No. 3:18-CV-00197-JMK, 2023 WL 3338630, at *2 (D. Alaska May 10, 2023) (permitting Plaintiffs to propose narrower class definition on remand that was "the natural and foreseeable outcome of the Ninth Circuit's decision" and observing that "[i]t is not uncommon for district courts to permit renewed class certification motions that set out a narrower class definition or that rely upon different evidence or legal theories[ ]" and that "[a]n appellate ruling rejecting class certification does not change this ability to consider a renewed certification motion." (citing *Dukes v. Wal-Mart Stores, Inc.*, 2012 WL 4329009, at *4));  *Glaberson v. Comcast Corp.*, 295 F.R.D. 95 (E.D. Pa. 2013) (holding that where Supreme Court reversed class certification on the basis that class was overbroad, district court could consider motion to certify a narrower class on

1    remand because the "Supreme Court did not decide as a matter of law that class-wide proof could

2    never be established."). UBH points out that in these cases, the class certification orders were

3    addressed on interlocutory appeal under Rule 26(f) rather than after a bench trial in which the

4    court entered judgment on the merits. It does not, however, point to any authority that expressly

5    holds that the district court's discretion on remand with respect to class certification is more

6    limited under those circumstances. And the only possible rationale UBH has cited to support

7    drawing such a distinction, the rule against one-way intervention, is not implicated by a motion to

8    narrow already-certified classes on remand, as discussed below.

9         The rule against one-way intervention provides that class certification must be decided,

10   and notice provided to the class "prior to the determination of defendant's liability" on the

11   merits. *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (quoting *Katz v. Carte Blanche*

12   *Corp*., 496 F.2d 747, 759 (3d Cir. 1974)). The purpose of the rule is to prevent "intervention of a

13   plaintiff in a class action after an adjudication favoring the class ha[s] taken place" – a

14   phenomenon that "[m]any commentators objected" to because it "had the effect of giving

15   collateral estoppel effect to the judgment of liability in a case where the estoppel was not

16   mutual[,]" which was "thought to be unfair to the defendant." *Id.* at 295-296 (quoting *Katz*, 496

17   F.2d at 759). According to the *Schwarzschild* court, "To meet the point that one-way intervention

18   was unfair to the defendant, the Advisory Committee on Federal Rules concluded that class

19   members should be brought in prior to the determination of defendant's liability, thus making the

20   estoppel mutual." *Id*. at 296 (quoting *Katz*, 496 F.2d at 759). Here, Plaintiffs seek only to narrow

21   the classes consistent with the mandate and thus, no new class members will be added even if the

22   Court grants Plaintiffs' request. UBH has pointed to no authority that suggests that under these

23   circumstances the rule against one-way intervention is implicated and the Court has found none.

24        Finally, the Court finds that the time limits under Fed.R.Civ.P. 52(b) and 59 for asking the

25   Court to amend a judgment or make additional fact findings do not apply where the court of

26   appeals has reversed and remanded for further proceedings. UBH failed to cite any authority

27   suggesting the deadlines set in those rules apply to proceedings on remand. More importantly,

28   adopting such an approach would severely limit the district court's discretion with respect to

United States District Court
Northern District of California

48

remand and fly the face of the rule that on remand, the court has discretion to consider and decide any matters left open by the mandate of the court of appeals.

### F.    Whether this Court May Clarify its Prior Rulings Without Further Proceedings

Plaintiffs contend the Court can clarify several issues without further proceedings, namely, the basis for its ruling on the denial of benefits claim and that the breach of fiduciary duty claim is not a disguised claim for benefits.  The Court, however, finds that these questions should be decided separately following additional briefing.

## IV.    CONCLUSION

The parties shall meet and confer and submit to the Court within fourteen (14) days a stipulated schedule for the remainder of the case that takes into account the guidance offered by the Court at the December 15, 2023 hearing.  The Court envisions that the first stage of the proceedings on remand will be focused on class certification, to be followed by motion practice relating to the issues of exhaustion and other clarifications consistent with the mandate and then motion practice relating to remedies. In addition, the parties should include dates relating to class notice and may include dates relating to any other motions or events they believe should be included in the Court's schedule governing the proceedings going forward.

**IT IS SO ORDERED.**

Dated:  December 18, 2023

JOSEPH C. SPERO
United States Magistrate Judge