PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
7 West Figueroa Street, Suite 300
PMB# 300059
Santa Barbara, CA 93101
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs and the Classes*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**JOINT NOTICE REGARDING CASE SCHEDULE** |
| GARY ALEXANDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Next Event: Case Management Conference<br><br>Date:   March 15, 2024<br>Time:   2:00 p.m.<br>Judge:  Hon. Joseph C. Spero |

Pursuant to the Court's December 18, 2023 Order re the Scope of Remand (the "Scope of Remand Order"), *Wit* ECF No. 625, and the Court's December 28, 2023 order granting the parties' joint request for an extension of the deadline to submit a proposed schedule, *Wit* ECF NO. 628, Plaintiffs and Defendant United Behavioral Health ("UBH"), by and through their respective counsel, submit the following Joint Notice Regarding Case Schedule.

In its Scope of Remand Order, the Court directed the parties to submit "a stipulated schedule for the remainder of the case that takes into account the guidance offered by the Court at the December 15, 2023 hearing." *See Wit* ECF No. 625 at 49. The parties have conferred about the schedule, but have been unable to reach agreement about how the case should proceed. Accordingly, the parties submit below their respective positions and proposed schedules.

**I.      Plaintiffs' Position and Proposed Schedule**

   A.      The Court Should Not Issue a Stay

In its section, below, UBH seeks a stay of these cases while it continues to pursue its meritless position on the scope of the remand through an as-yet unfiled mandamus petition. Although UBH informed Plaintiffs' counsel on Friday, January 5, 2024, of UBH's intent to seek a stay, counsel represented that UBH did not intend to include legal argument in this joint notice. UBH, nevertheless, does include its legal arguments below, in a section it provided to Plaintiffs' counsel for the first time at 5:00 p.m. EST on January 9, 2024, the same day the parties' proposed schedule is due. To the extent the Court intends to consider entering a stay, therefore, Plaintiffs' counsel respectfully requests an adequate opportunity to prepare an opposition brief.

For present purposes, to be clear, Plaintiffs oppose any stay. For the reasons set forth in Plaintiffs' briefs on the scope of remand, the Court's Scope of Remand Order is entirely consistent with the Ninth Circuit's mandate. UBH has virtually no chance of succeeding on a mandamus petition asserting the same meritless arguments it offered to this Court. Nor did the arguments UBH previously presented about the scope of remand raise any "serious legal questions." *See, e.g.*, *Leiva-Perez v. Holder*, 640 F.3d 962, 964, 966 (9th Cir. 2011) (per curiam) (stating four-factor test for stay of proceedings). UBH, a company that earns hundreds of millions of dollars in profits each year, will not suffer "irreparable harm" from participating in briefing on

1  the remaining issues. On the other hand, the tens of thousands of absent Class Members are
2  suffering ongoing harm each day that the remedies to which they are entitled—including
3  prospective remedies for their breach of fiduciary duty claims—are delayed. Finally, resolving
4  the many issues the Ninth Circuit left open and bringing this case to a conclusion serves the
5  public interest far more than a needless delay while UBH attempts to convince the Ninth Circuit
6  that this Court is defying its mandate, when in fact, the Court is implementing it. The four-factor
7  test weighs conclusively against a stay, as Plaintiffs would be happy to demonstrate in more detail
8  in formal briefing.

### B. The Court Should Not Send Class Discovery Back to Square One

As the Court is aware, Plaintiffs intend to file a motion to recertify the denial of benefits claims and to certify narrow reprocessing subclasses. The key question the motion will present is whether the narrowed class and subclass definitions resolve the overbreadth concerns identified by the Ninth Circuit—specifically, that the certified classes may include members to whom UBH denied coverage, at least in part, based on an independent ground and/or on an unchallenged portion of the Guidelines. The Ninth Circuit decertified the denial of benefits classes because such individuals would not be entitled to a reprocessing remedy under the two-part test the Panel identified. Plaintiffs will propose narrowed class and subclass definitions to ensure that only individuals who may be entitled to a reprocessing remedy are included in the subclasses seeking such relief.

The additional class criteria Plaintiffs will propose, therefore, center primarily on ascertaining UBH's reasons for denying coverage. As a matter of law and fact, UBH was required to, and did, set forth in its denial letters all of its reasons for denying coverage. 29 U.S.C. § 1133(1); 29 C.F.R. § 2560.503-1(g)(1); Findings of Fact and Conclusions of Law, ECF No. 418, at ¶ 50. Accordingly, Plaintiffs' motion will rely upon the Claim Sample members' denial letters (which were admitted at trial) to demonstrate that class membership can be objectively

1  ascertained through a manageable process.[1]

2  There is no need for inquiry into denials outside the Claim Sample in order for the Court
3  to rule on Plaintiffs' motion. The existing Claim Sample, which the parties long since agreed to
4  use for purposes of class certification, more than adequately evidences UBH's uniform practice of
5  stating all reasons for its denials in its denial letters. To the extent there is any variation that could
6  possibly matter to Plaintiffs' motion, it will show up in the Claim Sample members' denials.

7  Plaintiffs strongly object, therefore, to UBH's proposal to submit new evidence as to
8  additional claims, outside the agreed-upon Claim Sample and therefore never previously
9  produced to Plaintiffs, as well as new, previously undisclosed, expert testimony on subjects UBH
10 has yet to identify, and which are difficult to imagine would be relevant in any event. Not only is
11 there no need for such evidence, its introduction would be highly prejudicial to the Plaintiffs.
12 Permitting UBH to ignore the evidentiary limitations the parties previously agreed to, and which
13 the Court has consistently enforced, would obviously be unfair to Plaintiffs, who have relied on
14 the Claim Sample throughout this decade-long litigation. Permitting UBH to cherry-pick new
15 claims, rather than randomly selecting additional claims jointly with Plaintiffs as the parties did
16 for the existing Claim Sample, would also unfairly and inaccurately skew the evidentiary record
17 in UBH's favor. And permitting UBH to blow up the Claim Sample and expand the record,
18 especially without affording Plaintiffs any discovery as to that additional evidence before
19 Plaintiffs file their motion, would be inexcusably prejudicial and would be a tremendous waste of
20 both the parties' resources and the Court's time.

21 UBH's justification for seeking a wholesale re-do on class discovery is its incorrect
22 assertion that Plaintiffs' theory of the case and/or their "theory of class certification" have
23 changed. That is simply not true, as Plaintiffs' counsel has explained to UBH's counsel.
24 Plaintiffs' legal theory on the denial of benefits claim is the same as it was before; namely, that
25 UBH abused its discretion by denying claims using its excessively restrictive Guidelines to

---

[1] Plaintiffs will also rely upon the Court's post-trial findings of fact and the evidence presented at trial concerning UBH's Guidelines and its utilization management procedures, among other evidence from the existing record.

1  implement the plans' requirement that services must be consistent with generally accepted
2  standards of care. Plaintiffs' "theory of class certification" on the denial of benefits claim is the
3  same, too—specifically, that UBH's common course of conduct (i.e., its uniform use of its
4  Guidelines) means that the classes satisfy all the elements of Rule 23(a), (b)(1)(A), (b)(2), and
5  (b)(3).

6       As for the reprocessing subclasses, Plaintiffs' motion will demonstrate that UBH's denial
7  letters establish whether any class member's denial was based on an independent ground or on an
8  unchallenged portion of the applicable Guideline. This demonstration is a simple matter of
9  reading UBH's denial letters, which are supposed to be clearly and comprehensibly written, at a
10 tenth-grade reading level. No expert assistance is required to engage in this inquiry. Nor does
11 UBH offer any reason why the existing Claim Sample is not adequate for this exercise.

12      If the Court intends to consider UBH's bid for a class discovery do-over, Plaintiffs
13 respectfully request that the Court first require UBH to explain, with specificity, what new
14 evidence it wishes to introduce and why it is needed, and give Plaintiffs an opportunity to
15 respond.[2]

16     C.    <u>Plaintiffs' Proposed Schedule</u>

17      In light of the foregoing, Plaintiffs propose below a schedule that does not include another
18 round of claim sampling and class discovery.

| Date | Event |
| --- | --- |
| 2/7/2024 | Plaintiff's Motion to Recertify Denial of Benefits Claims and Certify Reprocessing Subclasses ("Certification Motion") |
| 3/6/2024 | UBH's Opposition to Certification Motion |
| 3/20/2024 | Plaintiffs' Reply in Support of Certification Motion |

---

[2] UBH suggests Plaintiffs have waived any right to additional discovery, *even if* the Court allows UBH to introduce new evidence. That is obviously false. Plaintiffs' assertion that their anticipated motion can be resolved without the need for new evidence was plainly contingent on the assumption that *both* sides would adhere to the same limitations.

| Date | Event |
|---|---|
| 5/1/2024 | Anticipated Date for the Court's Ruling on Certification Motion[3] |
| 5/15/2024 | Plaintiff's Opening Brief on Merits Issues (including exhaustion) |
| 6/12/2024 | UBH's Response on Merits Issues |
| 6/26/2024 | Plaintiff's Reply on Merits Issues |
| 8/7/2024 | Anticipated Date for Court's Ruling on Merits Issues |
| 8/21/2024 | Plaintiffs' Opening Brief on Remedies Issues |
| 9/18/2024 | UBH's Response on Remedies Issues |
| 10/10/2024 | Plaintiffs' Reply on Remedies Issues |

## II. UBH's Position

Defendant United Behavioral Health ("UBH") intends to file a petition for mandamus with the Ninth Circuit seeking immediate review of this Court's Order Re the Scope of Remand ("Scope of Remand Order") entered on December 18, 2023. *See Vizcaino v. U.S. Dist. Ct. for W. Dist. of Wash.*, 173 F.3d 713, 718-20 (9th Cir. 1999) (party may petition for mandamus under the All Writs Act, 28 U.S.C. § 1651, to enforce an appellate court's mandate). UBH expects to file the petition the week of January 15, 2024. The basis for UBH's petition is that the Court's Scope of Remand Order does not adhere to the Ninth Circuit's mandate and will force UBH to relitigate issues that the Ninth Circuit has conclusively resolved. *See id.* (mandamus is appropriate where it is "sought to compel the district court to follow the appellate mandate and avoid relitigation of final judgments").

In light of UBH's forthcoming mandamus petition, UBH's position is that the Court should not enter a briefing schedule at this time, and instead proceedings in this Court should be stayed pending a decision by the Ninth Circuit on the mandamus petition. UBH asked Plaintiffs to

---

[3] If the Court schedules a hearing on the Certification Motion, Plaintiffs respectfully request that the hearing occur outside the timeframe from March 25, 2004 to March 29, 2004, as undersigned counsel will be out of the country during that week.

stipulate to a stay, and Plaintiffs declined.[4] Courts in this Circuit have granted stays of litigation pending appeal under both the "four-factor test" applicable to stays of district court orders, *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073 (S.D. Cal. 2019), and the more lenient standard reflecting district courts' "inherent" authority to manage their own dockets, *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see Romero*, 383 F. Supp. 3d at 1073 n.1. Either test independently supports a stay here to spare the parties and the Court from lengthy and burdensome additional litigation on issues that UBH maintains the Ninth Circuit already decided and that may be definitively foreclosed or at a minimum clarified by the resolution of UBH's mandamus petition.

The four-factor test considers: (1) "'likelihood of success'" or "'serious legal questions'"; (2) "'irreparabl[e] injur[y] absent a stay'"; (3) "'injur[y]'" to "'other [interested] parties'"; and (4) "'the public interest.'" *Leiva-Perez v. Holder*, 640 F.3d 962, 964, 966 (9th Cir. 2011) (per curiam). Under the Ninth Circuit's "sliding scale" approach, these elements are "'balanced,'" so "'a stronger showing of one element may offset a weaker showing of another.'" *Id*. at 964. UBH may show "'either a probability of success on the merits and the possibility of irreparable injury,'" or "serious legal questions" if "the balance of hardships tips sharply in [its] favor.'" *Id.*

A stay is warranted under either standard. UBH's mandamus petition raises serious legal questions on which it is likely to prevail. "[W]hen a lower court obstructs the mandate of an appellate court, mandamus is the appropriate remedy." *Vizcaino*, 173 F.3d at 719. The ordinary test for mandamus in other contexts—requiring, for example, a "clea[r] erro[r] … of law" that is "not correctable on appeal," *Bauman v. United States Dist. Ct.*, 557 F.2d 650, 654-55 (9th Cir. 1977)—"does not apply when mandamus is sought on the ground that the district court failed to follow the appellate court's mandate," *Vizcaino*, 173 F.3d at 719-20. Respectfully, this Court's Scope of Remand Order violates the mandate. Because Plaintiffs disclaimed any attempt to make

---

[4] Plaintiffs object that UBH provided the following written summary of its request for a stay "for the first time at 5:00 p.m. EST on January 9, 2024," or 2 p.m. PST, when UBH sent Plaintiffs UBH's initial position statement for this joint submission. To be clear, UBH advised Plaintiffs of its intent to seek a stay on January 5, 2024, and promptly provided its position statement on the stay issue shortly after receiving Plaintiffs' position statement earlier today.

1   the showing of prejudice required to prove their entitlement to reprocessing, the Ninth Circuit
2   "reverse[d]" class certification as to the denial of benefits claim, and "reversed" judgment on that
3   claim without any qualification or remand, *Wit v. United Behav. Health*, 79 F.4th 1068, 1089 (9th
4   Cir. 2023), leaving nothing for this Court to do on that claim but enter judgment against the
5   named Plaintiffs. The Scope of Remand Order, however, does not enter this judgment and allows
6   Plaintiffs to renew their motion to certify the denial of benefits claim. ECF 625 at 40-44, 46-49.

7         The other factors likewise support a stay. Absent a stay, UBH faces significant irreparable
8   harm. "[L]itigants who have proceeded to judgment in higher courts 'should not be required to go
9   through that entire process again to obtain execution of the judgment.'" *Vizcaino*, 173 F.3d at
10  719. Yet the Scope of Remand Order contemplates multiple rounds of additional briefing and
11  litigation, potentially taking place over multiple years and at significant time and expense for all
12  parties. ECF 625 at 49. In this context, a stay will not significantly harm Plaintiffs—and may save
13  the parties from costly litigation that could be mooted by mandamus proceedings. The public
14  interest also favors a stay in this context to ensure respect for the appellate mandate, "disregard"
15  of which "'severely jeopardize[s] the supervisory role of the courts of appeals.'" *Vizcaino*, 173
16  F.3d at 719.

17        A stay is also warranted under *Landis* based on this Court's "inherent" authority "to
18  control the disposition of the causes on its docket with economy of time and effort for itself, for
19  counsel, and for litigants." 299 U.S. at 254-55; *see Romero*, 383 F. Supp. at 1073 n.1. A stay of
20  litigation on this basis turns on several factors, "includ[ing]: '[1] the possible damage which may
21  result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being
22  required to go forward, and [3] the orderly course of justice measured in terms of the simplifying
23  or complicating of issues, proof, and questions of law which could be expected to result from a
24  stay.'" *Romero*, 383 F. Supp. 3d at 1073 n.1. These factors strongly favor a stay, largely for
25  reasons discussed above. The balance of harms tips in favor of UBH, and the Ninth Circuit's
26  ruling on UBH's mandamus petition could greatly streamline the remand proceedings in this
27  Court.

28        To ensure a sufficient opportunity for UBH to timely protect its rights, UBH respectfully

1  requests that this Court issue an order in response to the request for a stay no later than January
2  16, 2024, so that UBH can inform the Ninth Circuit of this Court's decision, and if this Court
3  denies the request, UBH can include with the petition to the Ninth Circuit a request that it issue a
4  stay of the district court proceedings.

5  If no stay of the district court proceedings is entered by this Court or the Ninth Circuit,
6  UBH hereby sets forth its position for additional briefing in the district court.

7  Plaintiffs indicate an intent to file a motion for class certification on February 7, 2024.
8  UBH's position remains that permitting this motion is inconsistent with the Ninth Circuit's
9  mandate, and that briefing on this motion should not be permitted, least of all while UBH is
10 seeking mandamus in the Ninth Circuit. But if this Court nonetheless proceeds with briefing on
11 class certification, a full and fair airing of that issue requires that UBH have an adequate
12 opportunity to present evidence in response to Plaintiffs' modified theory of the case.
13 Accordingly, as this Court inquired about at the hearing on December 15, 2023, UBH intends to
14 introduce additional evidence and/or exhibits in opposition to Plaintiffs' anticipated motion.
15 While Plaintiffs have not confirmed the scope of the class they intend to have certified or the
16 evidence they intend to offer in support of the motion, UBH contemplates that it will introduce
17 new expert evidence regarding clinical and administrative matters relating to class member
18 claims, as well as evidence regarding additional class members who were not included in the
19 original sample claims in this matter. UBH will need sufficient time to collect and analyze this
20 evidence, to engage experts to perform their review and analysis, and to prepare the papers
21 needed to oppose the motion. UBH therefore asks for a schedule providing that the opposition to
22 the motion be due on June 6, 2024.

23 Plaintiffs' assertion that UBH previously agreed to "evidentiary limitations" that should
24 limit the class certification record here is meritless. The sample to which the parties previously
25 agreed for the purpose of class certification was necessarily based on the classes Plaintiffs sought
26 to certify *at that time*, which the Ninth Circuit rejected. Although Plaintiffs have not yet identified
27 the purported classes that they seek to certify now, it is clear that Plaintiffs now seek to certify
28 *different*, *narrower* classes. Even under Plaintiffs' view of the Ninth Circuit's mandate (which

1  UBH disputes) any new classes that Plaintiffs seek to certify will require a different factual
2  showing by Plaintiffs.[5] Now that Plaintiffs have changed their theory of class certification, UBH
3  must be permitted to develop additional evidence to defend against Plaintiffs' new theories of
4  class certification. *See* 12/15/2023 Hr. Tr. (Court noting that "[t]his is a different scope" of class
5  certification and acknowledging that UBH "might want to put in more evidence").

In meet and confer discussions, Plaintiffs' counsel raised concern that they should be permitted an opportunity to meet and confer on the additional class members whose information will be included in the record and an opportunity to depose UBH's experts, potentially before Plaintiffs file their motion for class certification. UBH is willing to meet and confer on these issues, including meeting and conferring with respect to the class definition that Plaintiffs intend to assert in their motion.

Respectfully Submitted:

Dated: January 9, 2024

ZUCKERMAN SPAEDER LLP

/s/ Caroline E. Reynolds

Caroline E. Reynolds
D. Brian Hufford
Jason S. Cowart

PSYCH-APPEAL, INC.
Meiram Bendat

*Attorneys for Plaintiffs*

Dated: January 9, 2024

CROWELL & MORING LLP

/s/ Jennifer S. Romano

Jennifer S. Romano
April N. Ross
Andrew Holmer

*Attorneys for Defendant United Behavioral Health*

---

[5] While Plaintiffs have disclaimed (and thus waived) any need for additional evidence to make that showing, if they are to be given a second chance on a new theory, UBH is entitled to oppose that showing with evidence.

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: January 9, 2024

/s/ Caroline E. Reynolds
Caroline E. Reynolds