JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone:  213.622.4750
Facsimile:  213.622.2690

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone:  202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS), <br><br> Defendant. | Case No. 3:14-CV-02346-JCS <br> Related Case No. 3:14-CV-05337-JCS <br><br> **UNITED BEHAVIORAL HEALTH'S MOTION FOR STAY PENDING PETITION FOR A WRIT OF MANDAMUS** |
| GARY ALEXANDER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS), <br><br> Defendant. | |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. A Stay Is Warranted Under The Four-Factor Test For Stays Of Judicial Orders ............... 3

    A. UBH's Mandamus Petition Raises Serious Legal Questions On Which UBH Is Likely To Prevail. .................................................................... 3

    B. UBH Will Be Irreparably Harmed Absent A Stay. .................................................. 6

    C. A Stay Will Not Substantially Prejudice Plaintiffs Or Class Members. ................................................................................................................ 8

    D. The Public Interest Favors A Stay. ........................................................................... 9

II. A Stay Is Also Warranted Based On This Court's Authority To Manage Its Docket ...... 10

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alascom, Inc. v. ITT N. Elec. Co.*,
    727 F.2d 1419 (9th Cir. 1984) ...................................................................................................7

*In re Apple Inc.*,
    52 F.4th 1360 (Fed. Cir. 2022) ..................................................................................................7

*Bauman v. United States Dist. Ct.*,
    557 F.2d 650 (9th Cir. 1977) .....................................................................................................6

*In re Beverly Hills Bancorp*,
    752 F.2d 1334 (9th Cir. 1984) ...................................................................................................4

*C.B.S. Emps. Fed. Credit Union*,
    716 F. Supp. at 310 .................................................................................................................10

*Coinbase, Inc. v. Bielski*,
    599 U.S. 736 (2023) ............................................................................................................7, 10

*Doe #1 v. Trump*,
    957 F.3d 1050 (9th Cir. 2020) ...................................................................................................9

*Earl v. Boeing Co.*,
    21 F.4th 895 (5th Cir. 2021) ......................................................................................................7

*Firth v. United States*,
    554 F.2d 990 (9th Cir. 1977) .....................................................................................................5

*Gen. Atomic Co. v. Felter*,
    436 U.S. 493 (1978) ..................................................................................................................8

*Gray v. Golden Gate Nat'l Recreational Area*,
    2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ....................................................................8, 10

*Delaware ex rel. Jennings v. BP Am. Inc.*,
    2022 WL 605822 (D. Del. Feb. 8, 2022) .................................................................................8, 9

*Johnson v. Serenity Transp., Inc.*,
    2018 WL 9782170 (N.D. Cal. Oct. 12, 2018) ...........................................................................8

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ............................................................................................................2, 10

ii

UBH's MOTION FOR STAY PENDING
PETITION FOR A WRIT OF MANDAMUS
CASE NOS. 3:14-CV-02346-JCS; 3:14-CV-05337-JCS

*Leiva-Perez v. Holder*,
    640 F.3d 962 (9th Cir. 2011) (per curiam) ................................................................................3

*Romero v. Securus Techs., Inc.*,
    383 F. Supp. 3d 1069 (S.D. Cal. 2019) ................................................................................2, 10

*Salhotra v. Simpson Strong-Tie Co.*,
    2022 WL 1091799 (N.D. Cal. Apr. 12, 2022) ......................................................................7, 8

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ....................................................................................................5

*Schwarzschild v. Tse*,
    69 F.3d 293 (9th Cir. 1995) ......................................................................................................6

*Sec. Inv. Prot. Corp. v. Vigman*,
    74 F.3d 932 (9th Cir. 1996) ......................................................................................................4

*Vizcaino v. U.S. Dist. Ct.*,
    173 F.3d 713 (9th Cir. 1999) ............................................................................................ passim

*Wit v. United Behav. Health*,
    79 F.4th 1068 (9th Cir. 2023) .......................................................................................1, 4, 5, 9

*Zaborowski v. MHN Gov't Servs., Inc.*,
    2013 WL 1832638 (N.D. Cal. May 1, 2013) ............................................................................9

**Other Authorities**

Fed. R. Civ. P. 52, 59 ........................................................................................................................4

U.S. Court Data, http://tinyurl.com/3auh9t85 ..................................................................................9

U.S. Courts, *U.S. Courts of Appeals – Median Times for Original Proceedings
    and Miscellaneous Applications Terminated on the Merits, by Circuit, During
    the 12-Month Period Ending September 30, 2022*, http://tinyurl.com/3auh9t85 ......................2

**INTRODUCTION**

"[L]itigants who have proceeded to judgment in higher courts 'should not be required to go through the entire process again to obtain execution of the judgment.'" *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 719 (9th Cir. 1999).  Yet Defendant United Behavioral Health ("UBH") now faces "years" of additional litigation, ECF 626, Tr. of Remand Hr'g ("Tr.") 29:11, on issues UBH contends the Ninth Circuit already decided in UBH's favor in its prior appeal.  Because "mandamus is the appropriate remedy" when "a lower court obstructs the mandate of an appellate court," *Vizcaino*, 173 F.3d at 719, UBH has filed a mandamus petition to compel this Court to enter judgment for UBH on the issues the Ninth Circuit previously decided, and to limit future proceedings to the narrow issues the Ninth Circuit left open.  UBH respectfully seeks a temporary stay of proceedings in this Court while that petition is pending.

Plaintiffs brought this suit as a novel "facial challenge" to certain medical guidelines that UBH's doctors used as part of making health benefit coverage decisions.  *Wit v. United Behav. Health*, 79 F.4th 1068, 1077 (9th Cir. 2023).  To avoid numerous "individualized inquiries" that otherwise would have defeated class certification, ECF 492 at 7-8, Plaintiffs cast their denial of benefits claim as a "'process claim' only" and obtained an order requiring UBH to reprocess nearly 67,000 denials under different, third-party guidelines—all without any evidence that the alleged deficiencies in the old guidelines prejudiced anyone.  *Wit*, 79 F.4th at 1080.  But a panel of the Ninth Circuit reversed, holding that Plaintiffs' deliberate failure to prove prejudice both defeated class certification and undercut the judgment against UBH on the denial of benefits claim seeking reprocessing.  *Id.* at 1083-86.  The panel remanded for further proceedings on Plaintiffs' separate fiduciary duty claim seeking declaratory relief and a prospective injunction.  But as to Plaintiffs' denial of benefits claim, the panel completely "reversed," leaving nothing for this Court to do on that claim but enter judgment for UBH against the named Plaintiffs.  *Id.* at 1089.

UBH contends that this Court's order on remand violates that mandate.  This Court declined to enter judgment for UBH on the denial of benefits claim and instead ordered a multi-stage proceeding that will give Plaintiffs a second bite at the apple.  As the first step of the proceeding,

this Court has authorized Plaintiffs to file a renewed class certification motion to try to cure their failure of proof at trial, and defeat on appeal, by certifying a redefined class that Plaintiffs admit will remove "almost no one" from the class the Ninth Circuit decertified. Tr. 26:17-19.

UBH requests that this Court stay proceedings while UBH seeks a writ of mandamus directing this Court to enter judgment for UBH on Plaintiffs' denial of benefits claim and prohibiting further proceedings as to that claim. UBH's mandamus petition presents serious questions on which UBH is likely to prevail. And UBH faces significant irreparable harm absent a stay. This case is approaching its ten-year anniversary, and UBH now faces potentially "another five years of litigation," Tr. 29:11, on issues the Ninth Circuit already resolved in UBH's favor. Avoiding such litigation following an appeal is a central purpose of mandamus in this context. By contrast, a brief stay while the Ninth Circuit decides UBH's mandamus petition will not injure Plaintiffs. In fact, the median time for resolution of "[o]riginal [p]roceedings and [m]iscellaneous [a]pplications"—including mandamus petitions—in the Ninth Circuit is only 1.8 months.[1] This short delay in the proceedings will conserve the resources of UBH, Plaintiffs, and this Court alike by allowing the Ninth Circuit to clarify this Court's task on remand before the remand proceeds. Granting a stay will preserve the status quo during the pendency of UBH's mandamus petition.

## ARGUMENT

Courts in this Circuit have granted stays of litigation pending appeal under both the "four-factor test" applicable to stays of district court orders, *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073 (S.D. Cal. 2019), and the more lenient standard reflecting district courts' "inherent" authority to manage their own dockets, *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see Romero*, 383 F. Supp. 3d at 1073 n.1. Either test independently supports a temporary stay here to spare the parties and the Court from lengthy and burdensome additional litigation on issues that

---

[1] This estimate is based on United States Courts data. *See* U.S. Courts, *U.S. Courts of Appeals – Median Times for Original Proceedings and Miscellaneous Applications Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2022*, http://tinyurl.com/3auh9t85 (hereinafter, "U.S. Court Data").

UBH maintains the Ninth Circuit already decided and that may be definitively foreclosed or at a minimum clarified by the resolution of UBH's mandamus petition.

**I.     A Stay Is Warranted Under The Four-Factor Test For Stays Of Judicial Orders**

The four-factor test considers: (1) "'likelihood of success'" or "'serious legal questions'"; (2) "'irreparabl[e] injur[y] absent a stay'"; (3) "'injur[y]'" to "'other [interested] parties'"; and (4) "'the public interest.'"  *Leiva-Perez v. Holder*, 640 F.3d 962, 964, 966 (9th Cir. 2011) (per curiam).  Under the Ninth Circuit's "sliding scale" approach, these elements are "'balanced,'" so "'a stronger showing of one element may offset a weaker showing of another.'"  *Id*. at 964.  UBH may show "'either a probability of success on the merits and the possibility of irreparable injury," or "serious legal questions" if "the balance of hardships tips sharply in [its] favor.'"  *Id.*

A stay is warranted under either standard.  UBH raises serious legal questions on which it is likely to prevail, and the balance of hardships strongly favors UBH.  Absent a stay, UBH will be forced to redo costly litigation that the Ninth Circuit already deemed improper.  Meanwhile, a brief, months-long stay of this long-running litigation will not injure Plaintiffs.  The public interest also favors a stay in this context to preserve the supervisory power of the courts of appeals.

**A.     UBH's Mandamus Petition Raises Serious Legal Questions On Which UBH Is Likely To Prevail.**

Violations of a mandate raise inherently serious questions because they "'severely jeopardize the supervisory role of the courts of appeals'" and compel "litigants who have proceeded to judgment in higher courts … 'to go through that entire process again to obtain execution of the judgment.'"  *Vizcaino*, 173 F.3d at 719.  The underlying substantive questions here are also important and novel.  As Plaintiffs touted when seeking more than $28 million in attorneys' fees, "[n]o other lawyer" had previously brought the kind of classwide facial challenge they pursued here. ECF 507 at 1.  And despite the Ninth Circuit's mandate, Plaintiffs still insist they are entitled to a multi-million-dollar reprocessing of virtually all of the nearly 67,000 disputed coverage determinations.  This claim presents serious questions, as the Ninth Circuit no doubt recognized when

it granted UBH's motion for a stay of the reprocessing order pending UBH's prior appeal. No. 20-17363, Dkt. 21 (9th Cir. Feb. 12, 2021).

### 1. The Ninth Circuit Reversed The Judgment On Plaintiffs' Denial of Benefits Claim For Failure Of Proof.

The Ninth Circuit panel resolved Plaintiffs' denial of benefits claim completely and conclusively based on Plaintiffs' indisputable and deliberate failure to prove that UBH's use of the guidelines prejudiced any individual class member's coverage determination.

As to Plaintiffs' "denial of benefits claim"—the claim seeking "reprocessing"—the panel's disposition is decisive and unqualified: The Ninth Circuit "reverse[s] the district court's certification of the denial of benefits classes," and "the judgment on Plaintiffs' denial of benefits claim is reversed." *Wit*, 79 F.4th at 1079, 1089. By contrast, as to Plaintiffs' fiduciary duty claim, the disposition is doubly qualified: (1) That "judgment" is "reversed" only "to the extent" it "is based on the district court's erroneous interpretation of the Plans," and (2) that claim is "remand[ed]" on an exhaustion issue. *Id.* at 1089-90. The decision states three times that the panel is "remand[ing]" the fiduciary duty claim, but never suggests a remand of the denial of benefits claim. *Id.* When the Ninth Circuit reverses one issue and "remands" another, the "necessary implication" is that the remand is limited to the latter. *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1337 (9th Cir. 1984).

The Ninth Circuit's reasoning further confirms the scope of its mandate. The crux of the panel's decision was Plaintiffs' utter failure of proof at trial: "[On] this record Plaintiffs have fallen short of demonstrating that all class members were denied a full and fair review of their claims or that such a common showing is possible." *Wit*, 79 F.4th at 1086. This failure of proof fully explains the panel's unqualified reversal of Plaintiffs' denial of benefits claim. In light of Plaintiffs' strategic choice to try this case on a novel legal theory without individualized (or any) proof of prejudice, well-settled principles of waiver and finality prohibit Plaintiffs from curing their failure of proof after a full trial, judgment, and reversal. *See*, *e.g.*, Fed. R. Civ. P. 52, 59; *Sec. Inv. Prot. Corp. v. Vigman*, 74 F.3d 932, 938 (9th Cir. 1996).

Further, the Ninth Circuit's mandate must be construed in light of the "the circumstances it embrace[d]." *Vizcaino*, 173 F.3d at 719. Here, Plaintiffs' strategic decision not to prove prejudice was express and indisputable, so it is only natural that the panel would have recognized that failure of proof as dispositive. To obtain class certification, Plaintiffs "stipulated that they do not seek to show … that the alleged flaws in UBH's Guidelines were the 'but for' cause of the denial of their benefits." ECF 492 at 19. This Court thus limited the trial to a facial assessment of UBH's guidelines, and Plaintiffs submitted no evidence at trial as to those guidelines' effect on, or application to, any class member or named Plaintiff—other than the fact that each class member's denial letter "referenced" the guidelines. This was inadequate to satisfy Plaintiffs' burden. *Wit*, 79 F.4th at 1085-86. The clear meaning of the Panel's conclusion that Plaintiffs "declined to make" and "f[ell] short of demonstrating" the required showings, *id.* at 1086, is that Plaintiffs failed to prove prejudice, and their claim for denial of benefits failed on the merits.

### 2. Plaintiffs Cannot Be Permitted An Opportunity To Seek Certification Of A New Class After The Ninth Circuit's Reversal.

Because the Ninth Circuit fully reversed the judgment on Plaintiffs' denial of benefits claim, this Court should have entered judgment for UBH. Declining to do so and instead reopening class certification violated the mandate, and mandamus is the appropriate remedy.

Having found that "the evidence did not support" reprocessing as to the named Plaintiffs' claim, the Ninth Circuit's "mandate did not leave th[at] matter open for reappraisal" on remand. *Firth v. United States*, 554 F.2d 990, 993-94 (9th Cir. 1977). This Court therefore should have entered judgment against the named Plaintiffs on their denial of benefits claim. Doing so likewise would have foreclosed a further round of class certification on that claim, because "[w]hen a named plaintiff has no cognizable claim for relief, 'she cannot represent others who may have such a claim.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010).

Even if this Court could have declined to enter judgment for the named Plaintiffs, it would still have been improper to revive the absent class members' claims, for two reasons. *First*, Plaintiffs' failure of proof as to the class was even starker than their failure as to the named Plaintiffs.

Although Plaintiffs largely declined to address the denial letters and clinical records for *any* denial at trial (other than vaguely noting references to the guidelines), they at least *introduced* those documents for the named Plaintiffs. For the majority of class members, by contrast, the record was silent. *Second*, Plaintiffs' attempt to certify a new class *after* a full trial on the merits violates the rule against "one-way intervention," which requires class certification to be decided "'*prior* to the determination of defendant's liability.'" *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995).

Because this Court violated the Ninth Circuit's mandate, "mandamus is the appropriate remedy." *Vizcaino*, 173 F.3d at 720. The ordinary test for mandamus in other contexts—requiring, for example, a "clea[r] erro[r] … of law" that is "not correctable on appeal," *Bauman v. United States Dist. Ct.*, 557 F.2d 650, 654-55 (9th Cir. 1977)—"does not apply when mandamus is sought on the ground that the district court failed to follow the appellate court's mandate," *Vizcaino*, 173 F.3d at 719. Instead, the question is simply whether "the district court disregarded this Court's mandate." *Id.* at 720. Respectfully, this Court did that here.

### B. UBH Will Be Irreparably Harmed Absent A Stay.

A stay is essential to prevent irreparable harm to UBH. Absent a stay, UBH will be forced to expend substantial resources defending against Plaintiffs' class certification efforts and additional briefing on the merits of their denied benefits claim. Those burdens amount to irreparable harm here because UBH already defeated Plaintiffs' class certification efforts and denial of benefits claim in the Ninth Circuit. Avoiding the burdens of potentially unnecessary litigation is a key reason for a stay when a party seeks only to stay further litigation, rather than an order or judgment.

The irreparable harm that UBH faces is acute. UBH engaged in nearly seven years of costly litigation to defend against Plaintiffs' ill-conceived facial challenge. The Ninth Circuit then rejected that facial challenge, more than nine years after Plaintiffs filed suit. Yet Plaintiffs now seek to extend "this decade-long litigation" by pursuing "a motion to recertify the denial of benefits clai[m]." ECF 629 at 2-3. And having agreed that Plaintiffs can pursue this course, the Court has ordered a multi-stage proceeding that it projects could last "another five years." Tr. 29:11. Indeed, "full[y] and fair[ly] airing" Plaintiffs' class certification motion will require UBH to develop new

evidence, followed by "multiple rounds of additional briefing and litigation" that portend "multiple years" of additional litigation "at a significant time and expense for all parties," ECF 629 at 7-9—all on top of the millions the parties have already spent, *cf.* ECF 569 at 1 (awarding Plaintiffs more than $20 million in fees and costs), *vacated*, No. 22-15184, Dkt. 29 (9th Cir. Dec. 15, 2023).

These substantial litigation burdens amount to irreparable harm. One of the core advantages of a final appellate decision is "avoid[ing] relitigation" of that judgment. *Vizcaino*, 173 F.3d at 720. If UBH is forced to "undergo the expense and delay" of that relitigation before obtaining a remedy, the advantage of its existing judgment will be "lost forever." *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). Litigants like UBH that obtain a favorable judgment on appeal, therefore, "'should not be required to go through that entire process again to obtain execution of th[at] judgment.'" *Vizcaino*, 173 F.3d at 719.

Indeed, "avoid[ing]" improper and redundant "relitigation of final judgments" is one of the key reasons why mandamus is "the appropriate remedy" for violations of an appellate mandate. *Vizcaino*, 173 F.3d at 720. Much of that purpose could be "'defeat[ed]'" if UBH is forced to "move forward with [district court] proceedings" while the proceedings on its mandamus petition are "ongoing." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023). The Supreme Court has acknowledged that "litigating a dispute in the district court only for the court of appeals" to deem that litigation improper "represents the 'worst possible outcome' for parties and the courts." *Coinbase, Inc.*, 599 U.S. at 743; *see also Salhotra v. Simpson Strong-Tie Co.*, 2022 WL 1091799, at *2 (N.D. Cal. Apr. 12, 2022) ("both parties would suffer irreparable harm in spending substantial time and resources on litigation" that "may become moot on appeal").

Further, UBH is not currently seeking to stay any relief granted by this Court; it merely seeks to briefly stay further proceedings in this Court. In that context, avoiding the burden and expense of additional proceedings is a well-recognized basis for a stay. Parties make "a strong showing" of "irreparable harm" where "they have already spent millions of dollars in defense costs" and will be subjected to yet more "very costly and time-consuming" litigation absent a stay. *Earl v. Boeing Co.*, 21 F.4th 895, 899 (5th Cir. 2021); *see also In re Apple Inc.*, 52 F.4th 1360,

1361-62 (Fed. Cir. 2022) (granting "stay" of "all proceedings on the merits until transfer is resolved" because "it is a clear abuse of discretion to require the parties to expend additional party and court resources litigating the substantive matters of the case while [the] motion to transfer" is pending); *Salhotra*, 2022 WL 1091799, at *2 ("spending substantial time and resources on litigation" is "irreparable harm" in context of interlocutory review of class certification decision).

Plaintiffs' urging of a truncated briefing schedule to jam their new class definition through without adequate fact development and evidentiary support only compounds the problem. ECF 629 at 2-5. Either way, whether the Court affords the full process these new claims would require or Plaintiffs' rushed approach prevails, the result will be the same: UBH will be improperly deprived of the benefit of having already "obtained judgment" in the Ninth Circuit "after a lengthy process of litigation." *Gen. Atomic Co. v. Felter*, 436 U.S. 493, 497 (1978).

### C.  A Brief Stay Will Not Substantially Prejudice Plaintiffs Or Class Members.

Unlike UBH, Plaintiffs face no substantial prejudice from a stay. There is no reason why a short stay would "substantially injur[e]" Plaintiffs' ability to "b[e] heard" on their claims," *Gray v. Golden Gate Nat'l Recreational Area*, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011), or "prosecute [their] case," *Delaware ex rel. Jennings v. BP Am. Inc.*, 2022 WL 605822, at *3 (D. Del. Feb. 8, 2022); *accord Salhotra*, 2022 WL 1091799, at *2; *Johnson v. Serenity Transp., Inc.*, 2018 WL 9782170, at *4 (N.D. Cal. Oct. 12, 2018). To the contrary, awaiting a decision on UBH's mandamus petition will simplify and clarify proceedings on remand by permitting the Ninth Circuit to provide guidance on the scope of its mandate—sparing *all* parties and this Court from the burden and expense of unnecessary litigation.

Plaintiffs are likely to argue—as they did in opposing UBH's request to stay reprocessing while UBH's prior appeal was pending—that putative class members will be "harm[ed]" "[a]s long as UBH's … decisions remain uncorrected." No. 20-17363, Dkt. 17, at 18 (9th Cir. Jan. 15, 2021). But the Ninth Circuit implicitly rejected that argument in granting UBH's prior stay motion. This Court should likewise reject that argument for at least two independent reasons.

*First*, any compensable harms to Plaintiffs remain entirely hypothetical.  The Ninth Circuit decertified the class action as to Plaintiffs' denial of benefits claim, *Wit*, 79 F.4th at 1089, so Plaintiffs do not even represent a certified class as to that claim.  They have yet to offer any persuasive reason to think that such a class can be recertified in a way that avoids the need for "'individualized inquiries'" that drove Plaintiffs to pursue the novel strategy that the Ninth Circuit rejected.  *Id.* at 1080.  And they have never explained how they could possibly prove on a classwide basis that UBH's guidelines "prejudiced" each member of the new class they seek to certify despite the failure of proof recognized by the Ninth Circuit.  *Id.* at 1084-86.  But even assuming *arguendo* that a new class could be certified and could obtain reprocessing, Plaintiffs have submitted no evidence that reprocessing will alter *any* coverage determinations.[2]

*Second*, any stay is likely to be at most a "short pause" "relativ[e]" to the "lengthy litigation" that has already ensued and will ensue absent mandamus relief.  *Delaware ex rel. Jennings*, 2022 WL 605822, at *3.  The median time in the Ninth Circuit for resolution of "[o]riginal [p]roceedings and [m]iscellaneous [a]pplications"—including mandamus petitions—is just 1.8 months.  *See* U.S. Court Data, http://tinyurl.com/3auh9t85.  Even a stay that exceeds the median by several months would still be relatively brief compared to the ten years of litigation that have already taken place, and the additional "five years of litigation" forewarned.  Tr. 29:11.  A months-long stay in the middle of more than a decade of litigation is not a consequential delay.  Instead, the fastest way to resolve this litigation is for the Ninth Circuit to decide UBH's mandamus petition and clarify its mandate *before* proceedings move forward.

### D. The Public Interest Favors A Stay.

The public interest also strongly favors a stay.  Generally, the "public interest lies with maintaining the *status quo* while [an] appeal is pending."  *Doe #1 v. Trump*, 957 F.3d 1050, 1068 (9th Cir. 2020).  Here, that interest is heightened because proceeding with litigation threatens to

---

[2] Further, the reprocessing order that the Ninth Circuit reversed had provided for interest on any benefits awarded as a result of reprocessing.  ECF 491 at 94-95.  Plaintiffs are certain to seek that relief again.  An award of interest "mitigate[s]" any impact of "delay" on these recoveries.  *Zaborowski v. MHN Gov't Servs., Inc.*, 2013 WL 1832638, at *3 (N.D. Cal. May 1, 2013).

preclude meaningful review of UBH's mandamus petition. The public has a strong interest in avoiding that outcome because "inferior courts' disregard of appellate mandates 'would severely jeopardize the supervisory role of the courts of appeals,'" and "litigants who have proceeded to judgment in higher courts 'should not be required to go through the entire process again to obtain execution of the judgment.'" *Vizcaino*, 173 F.3d at 719. A stay would ensure review before the parties and this Court engage in costly and irreversible "relitigation." *Id.* at 720.[3]

## II. A Stay Is Also Warranted Based On This Court's Authority To Manage Its Docket

A stay is also warranted under *Landis* based on this Court's "inherent" authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." 299 U.S. at 254-55; *see Romero*, 383 F. Supp. at 1073 n.1. A stay of litigation on this basis turns on several factors, "includ[ing]: '[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Romero*, 383 F. Supp. 3d at 1073 n.1. These factors strongly favor a stay, largely for reasons discussed above. The balance of harms tips in favor of UBH, which faces significant irreparable injury absent a stay, whereas Plaintiffs will not incur substantial prejudice from a stay. *See supra*, at I.B & I.C. Moreover, the Ninth Circuit's ruling on UBH's mandamus petition could greatly simplify and streamline the remand proceedings in this Court—or at minimum will clarify the scope of the mandate and the proper course of further litigation. *See supra*, at I.D.

## CONCLUSION

UBH respectfully requests that the Court grant a stay pending the Ninth Circuit's disposition of UBH's mandamus petition.

---

[3] In addition, it is not in the public interest for a "district court" to expend "scarce judicial resources" that "could be devoted to other pressing criminal or civil matters" on proceedings that the "court of appeals" may deem improper in a pending appeal or petition. *Coinbase, Inc.*, 599 U.S. at 743; *see also Gray*, 2011 WL 6934433, at *3 ("public interest" favors "a stay [that] would avoid wasting resources on a class action litigation which might be changed in scope on appeal"); *C.B.S. Emps. Fed. Credit Union*, 716 F. Supp. at 310 (similar).

| | |
|---|---|
| Dated: January 16, 2024 | CROWELL & MORING LLP |
| | */s/ Jennifer S. Romano* |
| | Jennifer S. Romano |
| | April N. Ross |
| | Andrew Holmer |
| | |
| | *Counsel for Defendant*  *United Behavioral Health* |