JENNIFER SALZMAN ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: 213.622.4750
Facsimile:  213.622.2690

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING UBH'S MOTION TO STAY (ECF NO. 631)** |
| GARY ALEXANDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | |

1       Pursuant to Civil Local Rules 6-1(b), 6-2 and 7-12, the Parties in the above-captioned

2 action, by and through their respective counsel of record, hereby stipulate as follows:

3       WHEREAS, on December 18, 2023, this Court issued its Order re Scope of Remand in

4 which the Court ruled on certain issues pertaining to the scope of proceedings remanded by the

5 Ninth Circuit and directed the Parties to meet and confer regarding a "schedule for the remainder

6 of the case" (ECF No. 625, at 49);

7       WHEREAS, in directing the Parties to meet and confer about a case schedule, the Court

8 "envision[ed] that the first stage of the proceedings on remand will be focused on class

9 certification, to be followed by motion practice relating to the issues of exhaustion and other

10 clarifications consistent with the mandate and then motion practice relating to remedies" (*id.*);

11       WHEREAS, on January 9, 2024, the Parties filed a Joint Notice Regarding Case

12 Management Schedule ("Joint Notice") in which the Parties set out their respective positions on a

13 schedule for further proceedings in this Court (ECF No. 629);

14       WHEREAS, in the Joint Notice, Plaintiffs proposed a case schedule that, among other

15 things, began with briefing on Plaintiffs' proposed Motion to Recertify Denial of Benefits Claims

16 and Certify Reprocessing Subclasses (*id.* at 4);

17       WHEREAS, in the Joint Notice, among other things, UBH stated its position that UBH

18 opposed Plaintiffs' proposed schedule; UBH informed the Court that UBH intended to file a

19 petition for writ of mandamus from the Court's Order re Scope of Remand; and UBH requested

20 that this Court stay further proceedings pending the resolution of UBH's then-forthcoming

21 petition for writ of mandamus (*id.*, at 5-7);

22       WHEREAS, on January 11, 2024, the Court entered an Order Setting Briefing Schedule

23 on UBH's Request to Stay (ECF No. 630);

24       WHEREAS, the Court directed UBH to file a motion to stay no later than January 16,

25 2024, directed Plaintiffs to file their opposition no later than January 23, 2024, and directed UBH

26 to file its reply on January 26, 2024 (*id.*);

27       WHEREAS, on January 12, 2024, UBH filed a petition for writ of mandamus from the

28 Court's Order re Scope of Remand in the proceeding *United Behavioral Health v. United States*

*District Court for the Northern District of California, San Francisco*, Ninth Cir. No. 24-00242 (the "Petition");

WHEREAS, in UBH's Petition, UBH has requested that the Ninth Circuit issue a writ of mandamus directing this Court to: (1) enter judgment for UBH on Plaintiffs' denial of benefits claim; (2) promptly notify former class members that the denial of benefits classes have been decertified; (3) conduct no further proceedings on Plaintiffs' denial of benefits claims, including but not limited to further class certification proceedings on that claim or Plaintiffs' request for claim reprocessing; and (4) limit further proceedings in this Court solely to Plaintiffs' fiduciary duty claim with respect to the narrow issues on that claim that UBH contends the Ninth Circuit identified in the mandate on UBH's prior Ninth Circuit appeal (*see* Ninth Cir. No. 24-00242, ECF No. 1);

WHEREAS, Plaintiffs oppose the Petition;

WHEREAS, the Ninth Circuit has not yet acted on UBH's Petition;

WHEREAS, UBH filed its motion to stay on January 16, 2024 (ECF No. 631);

WHEREAS, Plaintiffs filed their opposition to UBH's motion to stay on January 23, 2024 (ECF No. 632);

WHEREAS, Plaintiffs stated in their opposition that, while Plaintiffs oppose the stay requested by UBH, Plaintiffs "would not object to entry of a schedule that prioritizes proceedings on the breach of fiduciary duty claims, which are separate and distinct from the denial of benefits claims." ECF No. 632, at 9.

WHEREAS, in light of Plaintiffs' statement in their opposition brief, the Parties have begun to meet and confer to explore whether the Parties can stipulate to the entry of a case schedule that prioritizes proceedings on the breach of fiduciary duty claims, and which stays or defers further proceedings and briefing on issues relating to class certification, Plaintiffs' denial of benefits claim, and Plaintiffs' request for claim reprocessing, which are the subject of UBH's Petition;

WHEREAS, the Parties require additional time to meet and confer to determine whether a stipulation can be reached that will avoid the need for the Court to rule on UBH's pending motion

1  to stay, and request additional time to do so;

2  WHEREAS, to allow the parties sufficient time to meet and confer, the parties agree that
3  UBH's deadline to file its reply in support of its motion to stay should be continued and the Court
4  should defer ruling on UBH's pending motion to stay as set forth below;

5  **IT IS HEREBY STIPULATED AND AGREED** that, subject to the approval of the
6  Court:

7  1. The Parties shall have until January 31, 2024 to submit a stipulation and proposed
8  order regarding the entry of a case schedule;

9  2. In the event that the parties are unable to reach a stipulation, UBH shall file its
10  reply brief in support of its motion to stay no later than February 1, 2024;

11  3. The Court will defer decision on UBH's motion to stay (ECF No. 631) pending
12  either the submission of a stipulation on January 31, 2024 or the filing of UBH's
13  reply brief on February 1, 2024.

Respectfully Submitted:

Dated: January 26, 2024                ZUCKERMAN SPAEDER LLP

/s/ Caroline E. Reynolds

Caroline E. Reynolds
D. Brian Hufford
Jason S. Cowart

PSYCH-APPEAL, INC.
Meiram Bendat

*Attorneys for Plaintiffs*

Dated: January 26, 2024                CROWELL & MORING LLP

/s/ Jennifer S. Romano

Jennifer S. Romano
April N. Ross
Andrew Holmer

*Attorneys for Defendant United Behavioral Health*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: January 26, 2024

/s/ Jennifer S. Romano
Jennifer S. Romano

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____

_____
Honorable Joseph C. Spero
United States Magistrate Judge