JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: 213.622.4750
Facsimile:  213.622.2690

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**UNITED BEHAVIORAL HEALTH'S REPLY IN SUPPORT OF MOTION FOR STAY PENDING PETITION FOR A WRIT OF MANDAMUS** |
| GARY ALEXANDER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ....................................................................................................................... 2

I.     The Court Should Stay Proceedings As To Plaintiffs' Denial Of Benefits Claim. ............ 2

        A.     UBH's Mandamus Petition At Minimum Raises Serious Legal Questions................................................................................................... 2

        B.     The Equitable Factors Strongly Favor A Stay. ........................................... 2

        C.     A Stay Will Streamline Proceedings On The Denial Of Benefits Claim. ............................................................................................................ 3

II.    The Court Should Not Proceed With Plaintiffs' Fiduciary Duty Claim While The Denial Of Benefits Claim Is Stayed. ..................................................................... 4

CONCLUSION .................................................................................................................... 5

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Coinbase, Inc. v. Bielski*,
    599 U.S. 736 (2023) ................................................................................................................3

*Leiva-Perez v. Holder*,
    640 F.3d 962 (9th Cir. 2011) (per curiam) ..............................................................................2

*Romero v. Securus Techs., Inc.*,
    383 F. Supp. 3d 1069 (S.D. Cal. 2019) ...................................................................................4

*Vizcaino v. U.S. Dist. Ct.*,
    173 F.3d 713 (9th Cir. 1999) ...................................................................................................3

*Wit v. United Behav. Health*,
    79 F.4th 1068 (9th Cir. 2023) .........................................................................................1, 4, 5

**Other Authorities**

Fed. R. Civ. P. Rule 23(f) ...............................................................................................................3

**INTRODUCTION**

Plaintiffs spend the bulk of their brief arguing that a stay should be denied because this Court correctly interpreted the Ninth Circuit's mandate, and even if it did not, UBH can afford to unnecessarily relitigate issues previously resolved on appeal while its mandamus petition is pending. But UBH's petition raises serious legal questions as to the Court's interpretation and implementation of the appellate mandate. Forging ahead risks compounding the violation of the mandate alleged in the petition and further depriving UBH of its right to finality. And awaiting the Ninth Circuit's decision will benefit all parties by clarifying the issues and avoiding wasteful litigation.

Plaintiffs say they "would not object" to "a schedule that prioritizes proceedings on the breach of fiduciary duty claims," Opp. 9–10, but when UBH engaged them on such a schedule, it proved an illusion. Plaintiffs flatly refused to stay the denial of benefits claim until the Ninth Circuit decides UBH's mandamus petition on that very claim, and refused to rule out seeking reprocessing on their fiduciary duty claim. In short, Plaintiffs want to litigate both claims as if the Ninth Circuit's mandate is meaningless, forcing UBH to proceed with its stay motion.

A full stay pending mandamus is the only outcome that would respect the Ninth Circuit's prerogative in ruling on the scope of its mandate before this Court proceeds. Plaintiffs' fiduciary duty claim is too "intertwined" with their denial of benefits claim to proceed independently while the petition is pending. *Wit v. United Behav. Health*, 79 F.4th 1068, 1088 n.7 (9th Cir. 2023). Plaintiffs' proposal for briefing on the fiduciary duty claim also raises issues that may affect and be affected by the disposition of the denial of benefits claim—including whether absent class members must exhaust administrative remedies, the extent to which this Court's rulings rested on the legal errors reversed by the Ninth Circuit, and the extent to which this Court's remedies order should be revised. And Plaintiffs have refused to give assurances that they will not further evade the Ninth Circuit's mandate by seeking reprocessing—the central issue in UBH's mandamus petition—through their fiduciary claims. Only a full stay ensures that the Court will not move forward on issues raised by or intertwined with the mandamus petition. The efficient and respectful course, therefore, is to stay all proceedings until the Ninth Circuit decides that petition.

# ARGUMENT

## I. The Court Should Stay Proceedings As To Plaintiffs' Denial Of Benefits Claim.

Staying proceedings on the denial of benefits claim should be uncontroversial. In the end, Plaintiffs themselves propose a briefing schedule that defers such proceedings for months. But only a formal stay will ensure that the claim remains in abeyance until the Ninth Circuit rules. A stay is warranted both under the familiar four-factor test—based on UBH's likelihood of success and the balance of equities—and as an exercise of this Court's inherent discretion, because a further Ninth Circuit decision may simplify or obviate further proceedings.

### A. UBH's Mandamus Petition At Minimum Raises Serious Legal Questions.

Plaintiffs' main argument as to likelihood of success is that "[t]his Court has already rejected" UBH's interpretation of the mandate. Opp. 3. Were that enough to defeat a stay, no court could ever enter a stay while its own ruling is under review. But that is not the rule. UBH "need not" even "demonstrate that it is more likely than not that [it] will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). And where (as here) the equities are strong, Plaintiffs concede that a stay requires only that the petition raises "serious legal questions." Opp. 2 n.1. In prior stay briefing, this Court found this factor "satisfied"—even though the Court had "already … reject[ed] UBH's arguments" on the merits—because UBH's appeal raised "serious legal questions," "issues of first impression," and "thorny legal issues." ECF 517 at 4. So too here. Mot. 3. Indeed, the Court should be even more hesitant to discount UBH's likelihood of success on mandamus when UBH already succeeded in the prior appeal in reversing several of this Court's rulings—and the Plaintiffs refused to agree that the very panel that decided the appeal should decide what its opinion means. At a minimum, the panel's multiple findings of error undercut Plaintiffs' tired refrain that *UBH* is the party "mischaracteriz[ing] the law." Opp. 1.

### B. The Equitable Factors Strongly Favor A Stay.

Plaintiffs also offer no reason to doubt that the remaining stay factors—irreparable harm to UBH, harm to Plaintiffs, and the public interest—likewise weigh strongly in favor of a stay.

*First*, the irreparable harm UBH faces is not "'mere litigation expense.'" Opp. 4. It is a loss of the right to finality—to not "'be required to go through the entire process again'" after a successful appeal. *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 719 (9th Cir. 1999). Merely being "entitled to file" a mandamus petition, Opp. 6 n.4, does not protect that right if UBH must suffer that process while the petition is pending. Contrary to Plaintiffs' assertions (at 6), the closest analogy is to an interlocutory appeal as to arbitrability, as in *Coinbase, Inc. v. Bielski*, where "efficiency" and "less expense" are key components of the right asserted on appeal. 599 U.S. 736, 743 (2023).

By contrast, none of Plaintiffs' cases involve judicial review of a district court's compliance with an appellate mandate, or any comparable right that specifically protects against unwarranted litigation expenses (except arbitration cases overruled by *Coinbase*). And even in the Rule 23(f) context—where no comparable right is involved—Plaintiffs do not dispute that this Court and other courts have recently found harm sufficient to warrant staying litigation where "litigation expenditures" pending appeal "would necessarily be wasted" if the appeal succeeded. Opp. 7 n.6.

Plaintiffs cannot dismiss UBH's injury as "self-inflicted," simply because UBH intends to fully and fairly litigate the new issues Plaintiffs have introduced into this case. Opp. 7. Nor does UBH's financial ability to pay the litigation expenses, *id.*, in any way diminish its right to avoid litigating issues already decided on appeal, or make the loss of that right any less real or irreparable.

*Second*, Plaintiffs do not assert any injury that would result from briefly staying their denial of benefits claim. Instead, they *ask* the court to defer proceedings on that claim. Opp. 9–10. Plaintiffs claim injury only from delaying proceedings on their fiduciary duty claim. *See infra* Section II. But that alleged injury is not a reason to proceed with the denial of benefits claim.

*Third*, the public interest favors a stay because *any* litigation on an "'issue … disposed of on appeal'" violates the mandate and thus undermines the Ninth Circuit's "'supervisory role.'" *Vizcaino*, 173 F.3d at 719. The point is not that the Ninth Circuit could not decide the petition absent a stay, Opp. 8–9; it is that proceeding in the meantime risks deepening the violation.

**C.   A Stay Will Streamline Proceedings On The Denial Of Benefits Claim.**

Plaintiffs concede this Court also has "inherent discretionary power" over its docket.

3
UBH's REPLY IN SUPPORT OF MOTION FOR STAY PENDING PETITION FOR A WRIT OF MANDAMUS
CASE NOS. 3:14-CV-02346-JCS; 3:14-CV-05337-JCS

Opp. 9. While *some* factors for exercising this discretion may "mirror" the four-factor stay test, *id.*, Plaintiffs ignore one key difference: A discretionary stay may be warranted, even absent irreparable harm, when it will help "'simplif[y]'" the case. *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073 n.1 (S.D. Cal. 2019). That is the case here, as the disposition of UBH's mandamus petition may streamline or obviate further proceedings on the denial of benefits claim. Mot. 10.

**II.     The Court Should Not Proceed With Plaintiffs' Fiduciary Duty Claim While The Denial Of Benefits Claim Is Stayed.**

Apparently recognizing the merits of a stay as to their denial of benefits claim, Plaintiffs retreat in the end to an alternative proposal that the Court "prioritiz[e] proceedings on the breach of fiduciary duty clai[m]" and order briefing on exhaustion, other merits, and remedies issues for this claim. Opp. 9. While that proposal is superior to proceeding with an attempt to recertify denial of benefits classes pending UBH's mandamus petition, the far better course is to stay the case in full, particularly now that Plaintiffs have revealed the true meaning of their proposal.

Plaintiffs originally agreed with this Court's proposal to address class certification on the denial of benefits claim before addressing any liability or remedies issues on either claim. ECF 625 at 49; ECF 629 at 4–5. Although *no* proceedings should move forward in this Court while UBH's mandamus petition is pending, Plaintiffs endorsed this sequence because they recognized that their fiduciary duty claim is closely "intertwined" with the denial of benefits claim, *Wit*, 79 F.4th at 1088 n.7, and—under Plaintiffs' interpretation of the mandate—both claims implicate similar questions about "whether any exhaustion requirement applies" and "the 'extent' to which" this Court's merits rulings survive the Ninth Circuit's findings of error, Opp. 9.

Plaintiffs' new proposal to flip the order and proceed first on exhaustion, merits, and remedies for the breach of fiduciary duty claim would potentially require the parties to brief, and this Court to decide, those overlapping issues twice—once in the context of the fiduciary claim, then again in the context of the denial of benefits claim if UBH's mandamus petition is denied. Efficiency dictates that these issues be briefed and resolved at most one time. In addition, proceeding with those "intertwined" issues now—*after* decertification of the denial of benefits claim and

*before* the Court considers recertifying a new class for that claim—would only exacerbate the one-way intervention problem that UBH identifies in its mandamus petition. Mot. 6. Class members should not be able to opt into a denial of benefits class *after* this Court has issued favorable rulings on exhaustion and other merits issues with respect to the closely related fiduciary duty claim.

Similarly, Plaintiffs' new proposal asks this Court to decide whether to "revis[e]" "the remedies previously awarded on the fiduciary duty claim" "in any respect," Opp. 9, without a full understanding of what claims will ultimately survive UBH's mandamus petition. Although the Ninth Circuit understood Plaintiffs' fiduciary duty claim to be seeking only "injunctive and declaratory relief" and not reprocessing, *Wit*, 79 F.4th at 1079—and Plaintiffs did not object to this conclusion—Plaintiffs now refuse to stipulate to this understanding. With no assurance that Plaintiffs will not now seek reprocessing on their fiduciary duty claim, any further proceedings on that claim while the Ninth Circuit addresses the reprocessing issues raised in UBH's mandamus petition risks a further violation of the mandate and further unnecessary proceedings that may be obviated by the Ninth Circuit's disposition of the mandamus petition.

Staying all proceedings while the Ninth Circuit considers UBH's mandamus petition avoids these issues. And a full stay would not prejudice Plaintiffs' fiduciary duty claim. As Plaintiffs acknowledge, this Court has "already" stayed any relief for that claim. Opp. 8; *see also* ECF 625 at 46 ("declin[ing] … to … lift" that stay). Further, Plaintiffs agree that a stay pending UBH's mandamus petition is likely to be relatively brief. Opp. 8–9 & n.8. In addition, because the fiduciary duty claim is "intertwined" with the denial of benefits claim, *Wit*, 79 F.4th at 1088 n.7, the Ninth Circuit's disposition of the mandamus petition is likely to clarify and streamline the scope of further proceedings on the fiduciary duty claim, thereby saving Plaintiffs from the burden of unnecessary litigation. Mot. 8. The efficient and respectful course, therefore, is to stay all proceedings pending the disposition of UBH's mandamus petition.

## CONCLUSION

The Court should stay all proceedings pending the Ninth Circuit's disposition of UBH's mandamus petition.

| | |
|---|---|
| Dated: February 1, 2024 | CROWELL & MORING LLP |
| | */s/ Jennifer S. Romano* |
| | Jennifer S. Romano |
| | April N. Ross |
| | Andrew Holmer |
| | |
| | *Counsel for Defendant* |
| | *United Behavioral Health* |