JENNIFER SALZMAN ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**UNITED BEHAVIORAL HEALTH'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF** |
| GARY ALEXANDER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | |

Plaintiffs already had their chance to oppose UBH's request for a stay in the opposition they filed pursuant to the briefing schedule ordered by this Court. As UBH's reply explained, they failed to do so persuasively. Now, Plaintiffs seek a second bite at the apple to try to shore up the inadequate arguments in their original opposition. But "sur-replies are disfavored," *Cnty. of Monterey v. Blue Cross of Cal.*, 2019 WL 3238941, at *8 (N.D. Cal. July 18, 2019), and may be permitted "[o]nly [in] the most exceptional or extraordinary circumstances," *Old Republic Ins. Co. v. City Plan Dev., Inc.*, 2018 WL 283250, at *3 (D. Nev. Jan. 3, 2018). Plaintiffs come nowhere close to meeting that standard. Instead, as is "'usually'" true of sur-replies, Plaintiffs' brief is nothing more than a "'strategic effort'" to "'have the last word.'" *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Pro-Cut LLC*, 2016 WL 1688001, at *1 n.1 (D. Nev. Apr. 26, 2016); *see also Cooper v. Curallux LLC*, 2020 WL 4051466, at *1 n.1 (N.D. Cal. July 20, 2020) ("the court will not consider plaintiff's arguments raised in the sur-reply" that "only see[k] to get in the last word"). Neither of the grounds Plaintiffs offer for requesting leave to file a sur-reply are persuasive.

*First*, Plaintiffs are not entitled to another opportunity to rebut what they disingenuously characterize as a "new argument" about UBH's "'right to finality.'" ECF 636 ("Mot. for Leave") at 1. Contrary to Plaintiffs' assertion that UBH "should have, but did not, address [finality] in its opening brief," *id.*, UBH's interest in finality has been the centerpiece of its arguments from the very first sentence of its stay motion: "Litigants who have proceeded to judgment in higher courts 'should not be required to go through the entire process again to obtain execution of the judgment.'" ECF 631 at 1 (quoting *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 719 (9th Cir. 1999)). UBH could not have been more clear that its interest in finality is the basis for its assertion of irreparable harm. UBH claimed irreparable harm because "[o]ne of the core advantages of a final appellate decision is 'avoid[ing] relitigation' of that judgment," and avoiding "improper and redundant 're-litigation of final judgments' is one of the key reasons why mandamus is 'the appropriate remedy' for violations of an appellate mandate." *Id.* at 7. Plaintiffs' failure to adequately rebut those arguments in their opposition is not grounds for a sur-reply.

Even now, Plaintiffs' proposed sur-reply barely addresses finality, except in a cursory three-sentence footnote. Their sole argument that *Vizcaino* is "not about a right to finality," ECF 636-1 ("Sur-Reply) at 3 n.2, ignores the language quoted above from *Vizcaino*, which *Vizcaino* derived in turn from *General Atomic Co. v. Felter,* 436 U.S. 493, 497 (1978), and which explains why mandamus is available to enforce an appellate mandate. The same principles equally justify a stay while a mandamus petition is pending.

Rather than meaningfully address finality, Plaintiffs use it as a pretext to raise new arguments about a distinct topic— "likelihood of success," Sur-Reply 3. They falsely claim that UBH's reply brief "focus[ed] on the ... sliding scale standard," *id.*, ignoring UBH's main argument that irrespective of whether a sliding scale applies, UBH "'need not' … 'demonstrate that it is more likely than not that [it] will win on the merits.'" ECF 635 ("Reply") at 2; *see Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam) (explaining that this is true regardless of "the exact degree of likely success that stay petitioners must show"). Plaintiffs also assert for the first time in this stay briefing, without citing authority, that this Court need only follow the appellate mandate when that mandate is "clear," Sur-Reply 3, ignoring *Vizcaino*'s directive that district courts must "implement both 'the letter and the spirit of the mandate,'" and cannot reopen any issue "'expressly *or impliedly* disposed of on appeal,'" 173 F.3d at 719 (emphasis added). It is thus Plaintiffs, not UBH, who are seeking to raise "new arguments." Mot for Leave 1. None of these arguments is remotely appropriate in a sur-reply.

*Second*, Plaintiffs claim a sur-reply is warranted so they can rebut UBH's "representations" in UBH's reply brief "about the parties' failed negotiations on a … stipulation" that the parties briefly discussed but failed to achieve. Mot. for Leave 1. But UBH's sole representation on this topic—that Plaintiffs "refused to stay the denial of benefits claim until the Ninth Circuit decides UBH's mandamus petition on that very claim, and refused to rule out seeking reprocessing on their fiduciary duty claim," Reply 1—is undisputedly ***true***. Indeed, Plaintiffs concede in their proposed sur-reply (at 1) that they would "not sta[y]" proceedings on their denial of benefits claim and would not "limit the remedies Plaintiffs could ever seek" on their fiduciary duty claim. The fact that

Plaintiffs concede that UBH's statements are correct is sufficient grounds by itself to deny a sur-reply. *See Mednansky v. Gillette*, 2009 WL 10725747, at *1 (S.D. Cal. July 27, 2009) (denying request to file sur-reply where plaintiffs "do not say what corrections they would like to make").

Rather than rebut any actual falsity in UBH's account of the negotiations—because there is none—Plaintiffs' proposed sur-reply is offered for the improper purpose of rehashing their argument that a staged briefing schedule is preferable to an actual stay. Sur-Reply 1–2. Plaintiffs thus offer a one-sided history of the failed negotiations to bolster their assertion that if everything goes exactly as they predict in the best-case scenario, their proposed staged briefing schedule might succeed in "deferr[ing] any proceedings related to the matters raised in UBH's petition until well after the Court of Appeals disposes of the petition." *Id.* at 2. But they already addressed this in their opposition. And they still do not explain why, if their proposal will allow the Ninth Circuit ample time to decide the petition, they refused to stay proceedings on their denial of benefits claim, and why they expressly sought to reserve their right to seek briefing in this Court on their denial of benefits claim even while UBH's mandamus petition on that claim remains pending.

As to Plaintiffs' "refus[al] to rule out seeking reprocessing on their fiduciary duty claim," Reply 1, UBH sought assurances that Plaintiffs would not try to make an end-run around the Ninth Circuit's conclusion that they do not seek reprocessing for their breach of fiduciary duty claim (which Plaintiffs never disputed) and use their fiduciary duty claim as a separate path to once again seek reprocessing. Absent such assurances, UBH plainly could not agree to further briefing on the fiduciary duty claim, given the possibility that the claim could be used to advance the very same "request for claim reprocessing" that Plaintiffs conceded is "the subject of UBH's [mandamus] Petition." ECF 634 at 2. Plaintiffs' refusal to acknowledge that their fiduciary duty claim does not seek reprocessing makes clear why a stay of that claim too—and thus a full stay of this case—is critical.

The Court should deny Plaintiffs' request for leave to file a Sur-Reply.

Dated: February 5, 2024

CROWELL & MORING LLP

*/s/ Jennifer S. Romano*
Jennifer S. Romano
April N. Ross
Andrew Holmer

*Counsel for Defendant United Behavioral Health*