UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WIT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>    Defendant. | Case No. 14-cv-02346-JCS<br>Related Case No. 14-cv-5337 JCS<br><br>**ORDER DENYING MOTION TO STAY AND GRANTING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY**<br><br>Re: Dkt. Nos. 631, 636 |

UBH brings a Motion to Stay ("Motion") asking the Court to stay all proceedings in these related cases pending a decision by the Court of Appeals on its petition for a writ of mandamus directing this Court to enter judgment for UBH on Plaintiffs' denial of benefits claim and prohibiting further proceedings as to that claim. Having considered the parties' briefs,[1] the Court DENIES the Motion for the reasons stated below.[2]

In deciding a motion to stay an order pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotations and citation omitted). "The first two factors of the traditional standard are the most critical." *Id.* "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party

---

[1] The Court grants Plaintiffs' request to file a surreply. Dkt. no. 636. As UBH made representations in its Reply brief about the parties' negotiations related to a possible scheduling stipulation that might have addressed UBH's concerns without requiring entry of a stay, fairness requires that the Court permit Plaintiffs to respond.

[2] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

and weighing the public interest." *Id.* at 435. In applying the *Nken* test, the Ninth Circuit follows a "sliding scale" approach. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020). Under that approach, "a stronger showing of one element may offset a weaker showing of another." *Id.* (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

        The Court first considers whether UBH has demonstrated that it will be irreparably harmed if a stay is not entered. The Court finds that UBH's assertions that it will suffer irreparable harm if the Court does not stay all proceedings to be overblown. "The minimum threshold showing for a stay pending appeal requires that irreparable injury is likely to occur *during the period before the appeal is likely to be decided*." *Id.* (citation omitted) (emphasis added). As UBH emphasizes, typically the Ninth Circuit decides petitions for a writ of mandamus in a matter of months. Thus, UBH's suggestion that denying its request for a stay will improperly require it to "go through [the] entire process again[,]" Motion at 7 (quoting *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 719 (9th Cir. 1999)), is hyperbole. Furthermore, it is well-established in the Ninth Circuit that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 735 n.20 (9th Cir. 2017) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974)). Therefore, UBH's reliance on the expense of continuing to litigate in this Court while the Court of Appeals decides its petition is misplaced.

        Because UBH has not demonstrated it will suffer irreparable harm if the Court denies its request for a stay, the Court need not reach the remaining *Nken* factors. *See Doe #1 v. Trump*, 957 F.3d 1050, 1061 (9th Cir. 2020)("if a stay applicant cannot show irreparable harm, 'a stay may not issue, regardless of the petitioner's proof regarding the other stay factors[.]' ") (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011)). However, even assuming the weak showing UBH has made is sufficient to trigger a requirement that the Court consider the likelihood of success on UBH's appeal, the Court finds that UBH has not made a "a commensurately strong showing of a likelihood of success on the merits to prevail under the sliding scale approach." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1010 (9th Cir. 2020). UBH's arguments with respect to the likelihood that its appeal will be successful mirror the arguments it made in its briefing addressing

the scope of the mandate.  The Court rejected those arguments only after considering the parties' extensive briefing and offering detailed reasoning for its conclusions.  For the reasons set forth in the Court's Order re Scope of Remand, the Court concludes that the likelihood that UBH will prevail on its appeal is not sufficiently strong to overcome the minimal harm of proceeding in this Court while the appeal is pending.

Therefore, the Court ORDERS the parties to meet and confer and, no later than February 12, 2024, propose a stipulated schedule for going forward with this case.  If the parties are unable to agree on a schedule, they may present separate proposals, along with up to three pages each (double spaced) of briefing setting forth their positions.

**IT IS SO ORDERED.**

Dated: February 6, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge