PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
7 West Figueroa Street, Suite 300
PMB# 300059
Santa Barbara, CA 93101
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs and the Classes*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**PLAINTIFFS' NOTICE AND PROPOSED CASE SCHEDULE** |
| GARY ALEXANDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | |

In the Court's February 6, 2024 Order Denying Motion to Stay and Granting Administrative Motion for Leave to File Surreply (ECF No. 638), the Court directed the parties to submit "a stipulated schedule for going forward with this case," or, "[i]f the parties are unable to agree on a schedule," to "present separate proposals, along with up to three pages each (double spaced) of briefing setting forth their positions." *Wit* ECF No. 638 at 3. The parties have not reached agreement on a schedule.[1] Accordingly, Plaintiffs submit below their proposed schedule and a brief explanation of why the Court should adopt Plaintiffs' proposal. A proposed order is attached.

### I.   Plaintiffs' Proposed Schedule

| Briefing Relating to Breach of Fiduciary Duty Claim | |
|---|---|
| **Date** | **Event** |
| March 13, 2024 | Plaintiffs' Opening Brief on Breach of Fiduciary Duty Questions (1) and (2) |
| April 17, 2024 | UBH's Responsive Brief on Breach of Fiduciary Duty Questions (1) and (2) |
| May 8, 2024 | Plaintiffs' Reply on Breach of Fiduciary Duty Questions (1) and (2) |
| Within 10 days after the Court rules on Questions (1) and (2) | Parties to Submit Proposed Schedule for Briefing on Breach of Fiduciary Duty Questions (3) and/or (4), as Applicable |

| Briefing Relating to Denial of Benefits Claim | |
|---|---|
| **Date** | **Event** |
| March 13, 2024 | UBH's Motion to Expand the Evidentiary Record with Respect to Re-Certification of the Denial of Benefits Claim |
| April 3, 2024 | Plaintiffs' Opposition to Motion to Expand the Evidentiary Record with Respect to Re-Certification of the Denial of Benefits Claim |

---

[1] Plaintiffs sent UBH the proposed schedule set forth herein on February 9, 2024. On February 12, 2024, UBH rejected Plaintiffs' proposal, and did not propose any alternative schedule.

| **Briefing Relating to Denial of Benefits Claim** ||
|---|---|
| **Date** | **Event** |
| April 10, 2024 | Reply in Support of Motion to Expand the Evidentiary Record with Respect to Re-Certification of the Denial of Benefits Claim |
| Within 10 days after the Court rules on Motion to Expand the Record | Parties to Submit Proposed Schedule for Further Proceedings Concerning Denial of Benefits Claim |

## II.   Plaintiffs' Position Regarding the Case Schedule

Ever since the Ninth Circuit remanded this case, UBH has done everything it can to prevent Plaintiffs from submitting their motion to re-certify the denial of benefits claims for class treatment and to certify subclasses to seek a reprocessing remedy for those claims (at the same time, repeatedly complaining that it cannot imagine what such a motion would look like). Following months of briefing on UBH's various arguments for inaction, the Court has now ruled on the scope of the remand and denied UBH's request for a stay while UBH seeks a writ of mandamus to try to alter that scope. There is now no further reason for delay; the case must move forward.

In the parties' previous negotiations on a stipulated schedule that would have obviated UBH's motion to stay, UBH agreed with Plaintiffs that the Court will have to answer at least two questions relating to the certified Classes' breach of fiduciary duty claims: (1) "whether Plaintiffs' breach of fiduciary duty claim is a 'disguised claim for benefits,' subject to the exhaustion requirement," *Wit v. United Behavioral Health*, 79 F.4th 1068, 1089 (9th Cir. 2023); and (2) to what extent the Ninth Circuit reversed the judgment on the merits of the breach of fiduciary duty claim. The parties further agreed that the Court should decide two additional questions only if they remain applicable after the Court resolves the first two questions: (3) whether any applicable exhaustion requirement has been satisfied or excused; and (4) whether the Court should revise some or all of the remedies it previously ordered as relief for the breach of fiduciary duty claims.

Plaintiffs' proposed schedule for briefing these issues is the same as the one to which UBH previously agreed, except that it provides an additional week for Plaintiffs' reply brief in light of the lengthy interval UBH had proposed for its opposition brief. Although Plaintiffs would prefer an overall shorter schedule, Plaintiffs continue to propose the agreed-upon dates in an effort to minimize disputes.

With respect to the denial of benefits claims, UBH has taken the position that it should be allowed to expand the evidentiary record in response to Plaintiffs' motion to re-certify, including with new evidence relating to claims outside the stipulated Claim Sample, new expert opinions, and potentially other materials. *See* Joint Notice Regarding Case Schedule, ECF No. 629, at 8-9. Indeed, as of the date of this filing, UBH continues to assert that "there is no basis to restrict the evidence it may offer in opposition to any motion to certify a class that may be filed by Plaintiffs." Yet UBH does not agree that briefing on even this preliminary issue should proceed *at all*.

Plaintiffs strenuously object to UBH's position and believe their motion can and should be resolved based on the existing evidentiary record, including the stipulated Claim Sample. *Id*. at 2-4. If the Court *were* to grant UBH's request to expand the evidentiary record, however, Plaintiffs would be entitled to discovery relating to that new evidence *before* they file their motion to re-certify. Thus, to address the issues in an orderly fashion and avoid unnecessary delay, Plaintiffs submit that the Court should resolve UBH's request to expand the record before Plaintiffs file their motion to re-certify. Accordingly, Plaintiffs' proposed schedule calls for UBH to file a motion to expand the record and provides for a standard briefing schedule on that motion. Plaintiffs, moreover, propose to give UBH a full month to prepare and file its motion, which is more than fair.

For these reasons, Plaintiffs respectfully submit that the Court should enter the proposed schedule attached hereto.

| | | |
|---|---|---|
| 1 | Dated: February 12, 2024 | Respectfully submitted, |
| 2 | | ZUCKERMAN SPAEDER LLP |
| 3 | | /s/ Caroline E. Reynolds |
| | | Caroline E. Reynolds |
| 4 | | D. Brian Hufford |
| | | Jason S. Cowart |
| 5 | | Joshua Mathew |
| 6 | | PSYCH-APPEAL, INC. |
| | | Meiram Bendat |
| 7 | | |
| | | *Attorneys for Plaintiffs and the Classes* |