JENNIFER SALZMAN ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California 90071
Telephone: 213.622.4750
Facsimile:  213.622.2690

APRIL N. ROSS (admitted *pro hac vice*)
aross@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: 202.624.2500
Facsimile: 202.628.5116

Attorneys for Defendant
UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUM HEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**DEFENDANT UNITED BEHAVIORAL HEALTH'S PROPOSAL REGARDING SCHEDULE FOR FURTHER PROCEEDINGS** |
| GARY ALEXANDER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH (operating as OPTUMHEALTH BEHAVIORAL SOLUTIONS),<br><br>Defendant. | |

Following the Court's February 6, 2024 Order Denying Motion to Stay (ECF No. 638, "February 6 Order"), the parties met and conferred regarding a schedule for going forward with this case. Because the parties were unable to agree to a stipulated schedule, Defendant United Behavioral Health ("UBH") hereby files its separate proposed schedule for further proceedings.

As this Court is aware, UBH filed a mandamus petition in the Ninth Circuit, seeking an order directing the district court to limit future proceedings to the narrow issues the Ninth Circuit left open, on the ground that UBH should not be forced to litigate issues in this Court that the Ninth Circuit has already decided in its judgment. *United Behav. Health v. U.S. District Court for N.D. Cal.*, Ninth Cir. No. 24-242, Dkt No. 1 ("litigants who have proceeded to judgment in higher courts 'should not be required to go through the entire process again to obtain execution of the judgment.'") (quoting *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 719 (9th Cir. 1999)). UBH also filed a motion in this Court seeking to stay these proceedings pending a decision on UBH's mandamus petition (ECF No. 631), which this Court denied in its February 6 Order. On the date of this filing, UBH is filing a motion with the Ninth Circuit seeking a stay of the district court proceedings pending resolution of the mandamus petition. UBH's motion to stay in the Ninth Circuit will be fully briefed on February 29, 2024.

UBH reiterates its position that the Ninth Circuit finally decided Plaintiffs' denial of benefits claim, and that all proceedings in this Court should be stayed until the Ninth Circuit rules on UBH's pending mandamus petition and stay motion. Without waiving that position, UBH states that, if this Court orders briefing on Plaintiffs' breach of fiduciary duty claim while UBH's mandamus petition is pending, such briefing should be limited to the first two issues presented in Plaintiffs' submission: (1) "whether Plaintiffs' breach of fiduciary duty claim is a 'disguised claim for benefits,' subject to the exhaustion requirement," *Wit v. United Behavioral Health*, 79 F.4th 1068, 1089 (9th Cir. 2023); and (2) to what extent the Ninth Circuit reversed the judgment on the merits of the breach of fiduciary duty claim. UBH agrees with Plaintiffs that the Court's resolution of the first two issues will affect the answers to the last two proposed issues: (3) whether any applicable exhaustion requirement has been satisfied or excused; and (4)

whether the Court should revise some or all of the remedies it previously ordered as relief for the breach of fiduciary duty claim.

UBH therefore proposes the following schedule for briefing Plaintiffs' purported breach of fiduciary duty issues, which is aligned with the timing in Plaintiffs' proposal:

| Briefing Relating to Breach of Fiduciary Duty Claim | |
|---|---|
| Date | Event |
| March 13, 2024 | Plaintiffs' Opening Brief on Breach of Fiduciary Duty Questions (1) and (2) |
| April 17, 2024 | UBH's Responsive Brief on Breach of Fiduciary Duty Questions (1) and (2) |
| May 8, 2024 | Plaintiffs' Reply on Breach of Fiduciary Duty Questions (1) and (2) |
| Within 10 days after the Court rules on Questions (1) and (2) | Parties to submit positions regarding whether the Court should proceed with issues (3) and/or (4), based on decisions on Questions (1) and (2) and status of UBH's Mandamus Petition |

With respect to briefing on the denial of benefits claim, however, UBH and Plaintiffs part company. UBH contends that no litigation regarding the denial of benefits claim or certification of a class to pursue that claim should proceed while UBH's mandamus petition is pending in the Ninth Circuit. If the Ninth Circuit rules in UBH's favor on the mandamus petition, judgment will issue in UBH's favor on the denial of benefits claim, and there will be nothing more for this Court to decide on that claim, including class certification, merits, or remedies. This Court should not order any briefing or other litigation on that claim while the mandamus petition is pending. Even Plaintiffs conceded this point less than two weeks ago, arguing (in their *successful* opposition to UBH's stay motion) that the only issues that should be addressed by this Court during the pendency of the mandamus petition are the four "fiduciary duty" issues above. *See* ECF 636-1.

Further, Plaintiffs' proposal that UBH should be required to effectively move this Court for leave to submit new evidence in opposition to a new motion for class certification is unsupported by the law and defies logic. Discovery in this case, and the class certification and trial records, were developed in response to the specific classes that this Court certified. But the

Ninth Circuit has *decertified* the class as it relates to Plaintiffs' denial of benefits claim. UBH therefore must be permitted to develop additional evidence to defend against Plaintiffs' new theories of class certification, as this Court has already recognized. *See* 12/15/2023 Hr. Tr. (Court noting that "[t]his is a different scope" of class certification and acknowledging that UBH "might want to put in more evidence"). There is no federal rule or other rationale restricting the evidence UBH may offer in opposition to a motion to certify a new class. Under Rule 23, parties regularly offer evidence in support of, and in opposition to, motions for class certification.

      Moreover, Plaintiffs to this day still do not reveal the definition of the denial of benefits class they seek to certify or what evidence they intend to use to support their motion. There is no basis to require UBH to affirmatively seek permission to offer evidence in opposition to a motion that is yet to be filed to certify classes that are yet to be disclosed. Accordingly, no order should issue requiring briefing regarding the scope of permissible evidence on a class certification motion to be filed in the future. UBH is entitled to develop and offer any relevant evidence to oppose any motion to certify a new class once it is filed.

Dated: February 12, 2024                                    CROWELL & MORING LLP

                                                                                    */s/ Andrew Holmer*
                                                                                Jennifer S. Romano
                                                                                  April N. Ross
                                                                               Andrew Holmer

                                                                       *Counsel for Defendant*
                                                                 *United Behavioral Health*