**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED BEHAVIORAL HEALTH,<br><br>    Petitioner-Defendant,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,<br><br>    Respondent,<br><br>DAVID WIT and GARY ALEXANDER, et al.,<br><br>    Real-Parties-In-Interest-Plaintiffs. | No. 24-242<br><br>D.C. Nos. 3:14-cv-02346-JCS, 3:14-cv-5337<br><br>MEMORANDUM* |

Petition for Writ of Mandamus

Submitted September 4, 2024**

Before: CHRISTEN and FORREST, Circuit Judges, and ANELLO,*** District Judge.

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*  The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

1

Defendant United Behavioral Health (UBH) petitions for a writ of mandamus, contending that the district court misunderstood this court's mandate regarding plaintiffs' denial of benefits claim that was issued after our decision in *Wit v. United Behav. Health* (*Wit III*), 79 F.4th 1068 (9th Cir. 2023). We grant the petition and direct the district court to enter judgment for UBH on this claim.

1.

A writ of mandamus is a remedy reserved for "extraordinary situations." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976). Three criteria must be met for this remedy to issue: (1) the right to the writ must be clear and indisputable, (2) no other adequate means, such as an appeal, may exist to obtain the relief desired, and (3) in exercising discretion, we must be "satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004).

Mandamus is the appropriate remedy when district courts vary from our mandate. *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 719 (9th Cir. 1999); *see also Vendo Co. v. Lektro-Vend Corp.*, 434 U.S. 425, 427 (1978); *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). When "execut[ing] the terms of a mandate," district courts can reconsider "any issue not expressly or impliedly disposed of on appeal." *S.F. Herring Ass'n v. U.S. Dep't of Interior*, 946 F.3d 564, 574 (9th Cir. 2019) (citations omitted); *see also United States v. Kellington*, 217 F.3d 1084, 1092 (9th

2

Cir. 2000); *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006). "In determining which matters fall within the compass of a mandate, '[d]istrict courts must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) (quoting *Vizcaino*, 173 F.3d at 719).

We review a district court's adherence to our mandate de novo. *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1080 (9th Cir. 2010) (citing *Kellington*, 217 F.3d at 1092).

2.

Because UBH did not appeal the district court's resolution of plaintiffs' state-mandate claims, *see Wit III*, 79 F.4th at 1086, we addressed two claims in our decisions: a denial of benefits claim and a fiduciary duty claim.

Starting with the denial of benefits claim, in *Wit III*, we held that the district court erred in certifying this claim for class treatment. Plaintiffs did not limit their proposed classes to members who were denied a full and fair review of their claims, nor did they establish that such a common showing was possible because the classes were also not limited to claimants whose claims were denied based only on UBH's challenged Guidelines. *Id.* at 1086, 1089.

3

On the merits of the denial of benefits claim, in an earlier decision we explained that "the [Plans'] GASC[1] precondition mandates that a treatment be consistent with GASC as a starting point." *Wit v. United Behav. Health* (*Wit II*), 58 F.4th 1080, 1097 (9th Cir. 2023), *vacated and superseded by Wit III*, 79 F.4th 1068. And we elaborated that the GASC precondition "does not compel UBH to cover *all* treatment that is consistent with GASC" because "other Plan provisions . . . still exclude certain treatments even if they are consistent with GASC." *Id.* In subsequent filings interpreting *Wit II*, the parties disputed whether the district court mistakenly understood that the Plans were obliged to cover services simply because they were consistent with GASC.

In *Wit III*, we clarified that although the district court's findings, conclusions, and orders were inconsistent on this point, viewed as a whole, the record included statements reflecting the district court's recognition that the various Plans allowed claims to be excluded even if the services provided were consistent with GASC. *Wit III*, 79 F.4th at 1086–88. It was in this context that we held: "[T]o the extent the district court interpreted the Plans to require coverage for all care consistent with GASC, the court erred." *Id.* at 1088. And we reversed both "the district court's

---

[1] GASC stands for "generally accepted standards of care."

4

certification of the denial of benefits classes" *and* "the judgment on Plaintiffs' denial of benefits claim" without remand. *Id*. at 1089.

Our reasoning on the merits of the denial of benefit claim also applied to the fiduciary duty claim, *id.* at 1088 n.7, and we reversed the district court's judgment on that claim as well "to the extent [it] [wa]s based on the district court's erroneous interpretation of the Plans," *id.* at 1089. But because it was unclear whether the entirety of the fiduciary duty claim was based on misinterpretation of the Plans' GASC precondition, we remanded for the district court to identify any surviving aspect of that claim and, if some part of that claim did survive under our reasoning, "to answer the threshold question of whether Plaintiffs' fiduciary duty claim is subject to the exhaustion requirement." *Id.* at 1090.

### 3.

In its thorough analysis of the spirit of our mandate, the district court lost the letter. *Vizcaino*, 173 F.3d at 719.

*Wit III* established that the errors in the class certification order related to the denial of benefits claim also infected the merits and remedy determinations related to that same claim. 79 F.4th at 1086. And in "revers[ing] the district court's judgment that UBH wrongfully denied benefits to the named Plaintiffs to the extent the district court concluded the Plans require coverage for all care consistent with GASC," we

5

held that requiring "coverage for all care consistent with GASC" was a misinterpretation of the Plans. *Id.* at 1088. Despite the "to the extent" qualifier, the substance of our decision definitively resolved the denial of benefits claim.

Perhaps we could have said it more plainly. But our holding in *Wit III* is nonetheless definitive. We reversed (without remand) both the district court's class certification order and merits judgment on the denial of benefits claim. Our omission of any reference to remand or direction for remand related to this claim, coupled with our plain reversal of the district court's judgment on that claim, disposed of the entire claim. *S.F. Herring Ass'n*, 946 F.3d at 574. In parsing the mandate, an informative difference is the contrast between the explicit remand on the fiduciary duty claim and the lack of remand or direction on the denial of benefits claim. *See* A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 107 (2012) ("The expression of one thing implies the exclusion of others.").

As a result, after our decision in *Wit III*, the district court only had jurisdiction to enter judgment for UBH on the denial of benefits claim. *See United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) ("[I]f a district court errs by violating the rule of mandate, the error is a jurisdictional one."). Because the district court has instead concluded that certification of the denial of benefit class and the merits of that claim are both subject to re-litigation, UBH has shown a "clear and indisputable"

6

right to mandamus relief. *Cheney*, 542 U.S. at 381 (internal quotation marks and citation omitted).

Moreover, UBH does not have an adequate remedy beyond mandamus relief. *Id.* As the Supreme Court instructed, "[a] litigant who . . . has obtained judgment in this Court after a lengthy process of litigation, involving several layers of courts, should not be required to go through that entire process again to obtain execution of the judgment of this Court." *Gen. Atomic Co. v. Felter*, 436 U.S. 493, 497 (1978). Given our prior decision, the district court was not "free to again" allow plaintiffs to litigate their denial of benefits claim. *Id.* Moreover, the district court's error will impose years of litigation costs on UBH. As a result, we conclude mandamus relief is warranted under our governing precedent. *Id.* On remand, further proceedings are limited to those we directed as relates to the breach of fiduciary duty claim.

The petition is **GRANTED** and the matter is **REMANDED** to the district court for further proceedings consistent with this opinion.[2]

---

[2] The motion to file a reply brief (Dkt. 15) is DENIED. The stay of the underlying proceedings in the district court (Dkt. 11) is LIFTED.