1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PSYCH-APPEAL, INC.
Meiram Bendat (Cal. Bar No. 198884)
7 West Figueroa Street, Suite 300
PMB# 300059
Santa Barbara, CA 93101
Tel: (310) 598-3690, x.101
Fax: (888) 975-1957
mbendat@psych-appeal.com

ZUCKERMAN SPAEDER LLP
D. Brian Hufford (admitted *pro hac vice*)
Jason S. Cowart (admitted *pro hac vice*)
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
Fax: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

*Attorneys for Plaintiffs and the Classes*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR SCHEDULING ORDER**<br><br>Judge:    Hon. Joseph C. Spero |
| GARY ALEXANDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | |

Pursuant to Civil Local Rule 16-10(d), Plaintiffs and Defendant, by and through their respective counsel, submit the following Joint Case Management Statement and Request for Scheduling Order.

## I.    Background

As the Court knows, the Ninth Circuit issued its third ruling on UBH's appeal from the post-trial judgment in this case on August 22, 2023, *Wit v. United Behavioral Health*, 79 F.4th 1068, 1089 (9th Cir. 2023) ("*Wit III*"), and the mandate issued on September 13, 2023. Following briefing throughout the fall, this Court issued its Order re Scope of Remand on December 18, 2023. *See* ECF No. 625. UBH then filed a petition for a writ of mandamus from the Ninth Circuit. *In re United Behavioral Health*, No. 24-242 (Ninth Cir.), at ECF No. 1. The Ninth Circuit granted UBH's petition on September 4, 2024. *In re United Behavioral Health*, No. 24-242, at ECF No. 20. Plaintiffs sought en banc review, which was denied on November 19, 2024. *Id*. at ECF No. 22. The mandate from *Wit IV* issued on November 27, 2024. *Id*. at ECF No. 23.

## II.    Briefing on Breach of Fiduciary Duty Claims

The parties agree that, pursuant to *Wit III* and *Wit IV*, there are two "threshold" questions this Court must now decide: (1) what portion of the Plaintiffs' breach of fiduciary duty claim, if any, remains in the case; and (2) whether any surviving portion of the breach of fiduciary duty claim is subject to administrative exhaustion (and if so, whether such requirements have been satisfied). However, the parties disagree about how these issues should be briefed.

### a.  Plaintiffs' Position

Plaintiffs propose to follow a standard briefing sequence: Plaintiffs will file an opening brief on both issues, followed by a response from UBH and a reply brief from Plaintiffs. Indeed, this is exactly the sequence the parties previously proposed for briefing these very questions, *see* ECF No. 640 at 2, and which this Court ordered before the Ninth Circuit stayed further proceedings while UBH's mandamus petition was pending. ECF No. 641 at 1. UBH's current demand for a schedule that builds in a sur-reply transparently seeks to guarantee UBH the last word, which would be unfair in light of the questions at issue. For one thing, Plaintiffs undoubtedly bear the burden of proof on the first question, which asks whether, in light of *Wit III*,

the facts Plaintiffs proved at trial support the judgment in Plaintiffs' favor on the merits of their breach of fiduciary duty claim. And while failure to exhaust is an affirmative defense, the answer to the Ninth Circuit's second question—whether exhaustion applies to the Plaintiffs' breach of fiduciary duty claims at all—turns on the particular facts and legal theories underlying the Plaintiffs' breach of fiduciary duty claims, issues that are integrally tied to the merits and on which it therefore makes sense for Plaintiffs to have the last word.

It is also wholly unnecessary to predetermine whether UBH should be granted leave to file a surreply. Since Plaintiffs will be "going first" on both issues, UBH will have a more than sufficient opportunity in its brief to respond to Plaintiffs' positions and make its own arguments, to which Plaintiffs must have an equal opportunity to respond.[1] Especially if the Court intends to hear argument on these questions, the normal course of briefing as provided in the Rules will be more than adequate to protect UBH's interests. And in any event, if there is a truly justifiable reason for UBH to file a sur-reply, it can always seek leave of Court pursuant to Local Civil Rules 7-3(d) or 7-11. The Court should decide any such motion for leave in light of the briefs that have actually been filed and in view of whether a surreply would aid the Court, rather than granting UBH leave up front, without regard to whether a surreply is even warranted.

### b. UBH's Position

The Ninth Circuit's decision in *Wit III*, as clarified in *Wit IV*, leaves only a limited set of issues to be resolved by the Court. At an appropriate time, the Court must enter judgment for UBH on Plaintiffs' denial of benefits claim and make appropriate adjustments to the Remedies Order, including striking any reprocessing relief. UBH thus agrees that what remains to be decided is the extent of the Ninth Circuit's reversal on Plaintiffs' breach of fiduciary duty claim and whether Plaintiffs satisfied applicable administrative exhaustion requirements, if any, as to that claim. Once those matters are resolved, the Court will be able to determine what declaratory and prospective injunctive remedies, if any, remain appropriate as relief for any surviving breach

---

[1] After the Ninth Circuit issued *Wit IV*, Plaintiffs initially proposed a simultaneous cross-briefing schedule that would have given both sides an equal opportunity to respond fully to each others' arguments. UBH rejected that proposal.

JOINT CASE MANAGEMENT STATEMENT
CASE NOS. 3:14-CV-02346-JCS, 3:14-CV-05337-JCS

of fiduciary duty claim or for the state mandate classes.

The parties' briefing on the remaining issues will present competing views on questions arising directly from the Ninth Circuit's decision, namely, the extent to which the decision requires reversal of the judgment on the breach of fiduciary duty claim and the extent to which the breach of fiduciary duty claim is subject to administrative exhaustion requirements. There is no "moving" or "opposing" party in the traditional sense, and the briefing on these issues is akin to cross-motions on two issues. Indeed, Plaintiffs acknowledge that briefing will involve multiple issues and that both sides will bear the burden of proof on at least one issue that is the subject of the briefing. *See* Section II.a, *supra*. Plaintiffs' assertion that they should nevertheless "have the last word" on *UBH's affirmative defense* of administrative exhaustion, simply because exhaustion is "tied to the merits" of Plaintiff's fiduciary duty claim, makes no sense. That is almost always true of an affirmative defense and is not a basis to deny UBH its right to fully brief its own affirmative defense. A four-brief structure will ensure that both Plaintiffs and UBH receive a full and fair opportunity to brief both issues identified by the Ninth Circuit. This structure also is consistent with the approach adopted by the Court when the parties previously briefed post-remand issues. *See* ECF No. 610. Thus, UBH proposes a four-brief approach under which Plaintiffs file the opening brief on both pending issues, followed by UBH's response, a reply from Plaintiffs, and a sur-reply from UBH.[2]

### c. Briefing Schedule

The parties have been in discussion regarding filing deadlines for the upcoming briefing. Once the Court decides the appropriate briefing structure, the parties will confer and submit a stipulated briefing schedule.

---

[2] UBH's position that neither party is the "moving party" is consistent with Plaintiffs' initial proposal as to how the parties should brief these issues. Initially, Plaintiffs proposed that the parties file competing cross-motions, in which Plaintiffs moved on the first issue (whether any portion of the Plaintiffs' breach of fiduciary duty claim remains), and UBH moved on the second issue (whether each class member was required to exhaust administrative remedies, and whether they satisfied that obligation). Plaintiffs proposed that each motion would be followed by an opposition and reply brief, which would have resulted in a total of six briefs. UBH considered this approach to be excessive and unnecessary.

Respectfully Submitted:

Dated: February 6, 2025                ZUCKERMAN SPAEDER LLP

                                       /s/ Caroline E. Reynolds

                                       Caroline E. Reynolds
                                       D. Brian Hufford
                                       Jason S. Cowart
                                       Joshua Mathew

                                       PSYCH-APPEAL, INC.
                                       Meiram Bendat

                                       *Attorneys for Plaintiffs*

Dated: February  6, 2025               CROWELL & MORING LLP

                                       /s/ Jennifer S. Romano

                                       Jennifer S. Romano
                                       Andrew Holmer

                                       *Attorneys for Defendant United Behavioral Health*


## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: February 6, 2025                     /s/ Caroline E. Reynolds
                                            Caroline E. Reynolds