1    PSYCH-APPEAL, INC.
     Meiram Bendat (Cal. Bar No. 198884)
2    7 West Figueroa Street, Suite 300
     PMB# 300059
3    Santa Barbara, CA 93101
     Tel: (310) 598-3690, x.101
4    Fax: (888) 975-1957
     mbendat@psych-appeal.com
5
     ZUCKERMAN SPAEDER LLP
6    Jason S. Cowart (admitted *pro hac vice*)
     485 Madison Avenue, 19th Floor
7    New York, NY 10022
     Tel: (212) 704-9600
8    Fax: (212) 704-4256
     jcowart@zuckerman.com
9
     *Attorneys for Plaintiffs and the Classes*
10   *(Additional Counsel on Signature Page)*

11

12                        UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF CALIFORNIA
13                            SAN FRANCISCO DIVISION

14   DAVID AND NATASHA WIT, et al.,          Case No. 3:14-CV-02346-JCS
                                             Related Case No. 3:14-CV-05337-JCS
15                    Plaintiffs,

16          v.                               **JOINT SUBMISSION ON REMEDIES**
                                             **ORDER AND FURTHER PROCEEDINGS**
17   UNITED BEHAVIORAL HEALTH,

18                    Defendant.

19   _____    Judge:    Hon. Joseph C. Spero
     GARY ALEXANDER, et al.,
20
                      Plaintiffs,
21
            v.
22
     UNITED BEHAVIORAL HEALTH,
23
                      Defendant.
24   _____

25

26

27

28

Pursuant to Civil Local Rule 16-10(d) and as directed by the Court in its August 5, 2025 Order re Breach of Fiduciary Duty Claim (ECF No. 669) (the "BOFD Order"), Plaintiffs and Defendant, by and through their respective counsel, have conferred on the next steps in the case and whether the relief previously ordered by the Court requires modification in light of the BOFD Order, and now submit the following Joint Submission on Remedies Order and Further Proceedings.

## I.     Next Steps in the Case

The parties agree that, in light of the Court's BOFD Order, the following tasks remain to be completed in this action.

### A. Remedies Order

In light of the Ninth Circuit's ruling on UBH's appeal and this Court's BOFD Order, the Court should amend its prior Remedies Order (ECF No. 491). In Section II below, the parties set forth certain proposed amendments to the Remedies Order on which they agree, as well as their positions with respect to proposed amendments that are in dispute.[1]

### B. Special Master Appointment Order

As noted below, UBH contends that the Remedies Order should be modified to remove any remedies involving the Special Master. Plaintiffs dispute UBH's contention and assert that remedies involving a Special Master remain appropriate. After determining what amendments to make to the Remedies Order, the Court may also need to strike or amend its Order Appointing Special Master (ECF No. 528) to conform to any relevant revisions to the Remedies Order.

The parties propose to submit to the Court a jointly proposed order either striking or

---

[1] UBH respectfully disagrees with the Court's conclusion that any portion of the BOFD claim survives the Ninth Circuit's ruling, for the reasons UBH previously argued. *See* ECF Nos. 662 (UBH's Opening Brief on Breach of Fiduciary Duty Claims); 664 (UBH Sur-Reply Brief on Breach of Fiduciary Duty Claims), and 670 (transcript of July 30, 2025 hearing on breach of fiduciary duty claims). UBH maintains, and expressly does not waive, those arguments. Consequently, UBH contends that no remedies should issue and the Court's Remedies Order should be withdrawn or stricken in its entirety. Nevertheless, pursuant to the Court's direction, UBH herein addresses specific changes that are required to the Remedies Order in light of the Court's ruling in the BOFD Order. To the extent UBH does not propose striking or amending a particular provision of the prior Remedies Order, this is not an admission that such a provision is proper or that Plaintiffs are entitled to that relief.

amending (as appropriate) the Order Appointing Special Master within 14 days after the Court enters a revised Remedies Order. If the parties disagree as to any necessary amendments, the parties will also submit a joint statement setting forth their respective positions on the disputed portions.

### C. Class Notice

After the Court enters an amended Remedies Order, the Court should direct notice to the Classes to provide the Class members the most complete and accurate information possible on the outcome of the case; inform them that the denial of benefits claim is decertified; and notify them of the date on which the Court will lift the stay on the effectiveness of the decertification order.

The parties propose to submit a jointly proposed form of Class Notice to the Court within 14 days after the Court enters a revised Remedies Order. If the parties disagree as to the contents of the Class Notice, the parties will also submit a joint statement setting forth their respective positions on the disputed portions.

The parties further propose that the Class Notice be mailed to the Class Members within 45 days after the Court approves the form of Class Notice.

### D. Attorneys' Fees and Expenses

Plaintiffs intend to file a renewed motion for attorneys' fees and expenses. The parties propose to submit a briefing schedule for Plaintiffs' motion within 14 days after the Court issues its amended Remedies Order.

### E. Final Judgment

After the tasks above are completed, the Court should amend its prior Final Judgment in light of the Ninth Circuit's ruling on UBH's appeal, the Court's BOFD Order, and the Court's amended Remedies Order. The parties propose to submit jointly proposed amendments to the Final Judgment within 14 days after the Court issues its order on the Plaintiffs' motion for attorneys' fees and expenses. If the parties disagree as to any proposed amendments, the parties propose to also submit a joint statement setting forth their respective positions on the disputed portions.

1

**II.      Proposed Amendments to the Remedies Order**

2      As directed in the Court's BODF Order, the parties have met and conferred extensively

3   about what amendments should be made to the Conclusion section of the Court's November 3,

4   2020 Remedies Order. ECF No. 491 at 85-99 (hereafter, the "original Remedies Order").  Below,

5   the parties set forth the proposed changes on which they agree. Exhibit A hereto contains an

6   excerpt of the relevant portions of the original Remedies Order, with redlines reflecting the

7   proposed changes on which the parties agree.

8      The parties have exchanged numerous drafts of a joint submission setting forth their

9   respective positions on the proposed changes on which the parties do not agree. The parties still

10  need additional time to finalize that joint submission and the accompanying exhibits, to ensure

11  that the disputed proposed amendments and the parties' positions are presented as clearly and

12  efficiently as possible. The parties propose to file that joint submission by October 21, 2025.

13     **A.  Proposed amendments on which the parties agree**

14     The parties agree that the following amendments should be made to the original Remedies

15  Order to conform that order to the Ninth Circuit's rulings in *Wit III* and the BOFD Order:

16     1.      Before the Introduction section, ECF No. 491 at 1, add the following sentence:

17  "Pursuant to the Ninth Circuit's rulings in *Wit v. United Behavioral Health*, 79 F.4th 1068 (9th

18  Cir. 2023) ('*Wit III*') , and this Court's August 5, 2025 Order re Breach of Fiduciary Duty Claim

19  (ECF No. 669) (the 'BOFD Order'), the Court's November 3, 2020 Remedies Order, ECF No.

20  491, is hereby vacated in its entirety and superseded by this Amended Remedies Order." *See* Ex.

21  A at 1.

22     2.      In the preliminary statement of the Conclusion section, ECF No. 491 at 85, add

23  references the BOFD Order and the Court's post-trial findings, and add the phrase, "to the extent

24  the FFCL and Further FFCL have not been reversed or nullified." *See* Ex. A at 1.

25     3.      In Section I (Declaratory Judgment), ¶ 3, add a footnote following "class

26  member," stating as follows: "The final class definitions for the *Wit* Guidelines Class, the

27  *Alexander* Guidelines Class, and the *Wit* State Mandate Class, as well as the applicable Class

28  Periods, are set forth in the Court's Order on UBH's decertification motion (ECF No. 490). The

members of the three classes are referred to collectively herein as the 'class members.'" *See* Ex. A at 1 n.1.

4.      In Section I (Declaratory Judgment), add the following clarifying sentence to the beginning of ¶ 5 to conform to the Ninth Circuit's ruling in *Wit III*: "The plans did not require UBH to approve benefits for *all* services that were consistent with generally accepted standards of care." *See* Ex. A at 2.

5.      In Section I, delete ¶¶ 9, 10, and 22 in their entirety. *See* Ex. A at 3-4, 5-6.

6.      In Section I, ¶ 11, replace the phrase "provide for coverage of" with "include criteria for". *See* Ex. A at 4.

7.      In Section I, ¶ 21: (a) delete "The Wit State Mandate Class members' plans and" and the phrase "and their plans"; (b) add "when administering the Wit State Mandate Class members' plans" at the end of the first sentence; (c) replace "adjudicate their claims solely" with "implement their plans' medical necessity term"; and (d) replace "and these class members' plans" with "as well as state law." Ex. A at 5.

8.      In Section I, ¶ 26, (a) add references to the Court's BOFD order and the Further FFCL; (b) add the phrase "to the extent those decisions have not been reversed or nullified"; (c) delete "and (a)(1)(D)"; and (d) replace "applied the Guidelines" with "adopted the Guidelines." Ex. A at 6.

9.      Delete Section II (Notice to the Class Members) in its entirety. Ex. A at 6.

10.     Delete Section III (Remand to the Administrator for Reprocessing) in its entirety. Ex. A at 6-11.

11.     In Section IV.B (Injunctive Relief), delete ¶¶ 2(a) and 3(a). Ex. A at 13-14.

12.     Add the following clarifying sentence at the end of Section IV to conform to the Ninth Circuit's ruling in *Wit III*: "For the avoidance of doubt, none of the injunctive relief ordered above requires UBH to approve coverage for *all* services that are consistent with generally accepted standards of care, nor does this order prohibit UBH from applying any plan terms." Ex. A at 15.

13.     In Section VI (Interim and Final Deadlines), delete ¶¶ 1 and 2 in their entirety. Ex.

1    A at 15.

2         14.    Delete Section VII (Attorneys' Fees and Expenses and Service Awards to Class

3    Representatives), in its entirety. Ex. A at 15.

4         15.    In Section VIII (Retention of Jurisdiction), replace "ten" with "five" and delete

5    "unless the injunction is terminated sooner, as set forth in § IV.B.1." Ex. A at 16.

6

7                                        Respectfully Submitted:

8
     Dated: October 15, 2025              ZUCKERMAN SPAEDER LLP
9
                                          /s/ Caroline E. Reynolds
10
                                          Caroline E. Reynolds
11                                        Jason S. Cowart
                                          Joshua Mathew
12
                                          THE HUFFORD LAW FIRM, PLLC
13                                        D. Brian Hufford

14                                        PSYCH-APPEAL, INC.
                                          Meiram Bendat
15
                                          *Attorneys for Plaintiffs and the Classes*
16

17   Dated: October 15, 2025              CROWELL & MORING LLP

18                                        /s/ Nicholas Dowd

19                                        Jennifer S. Romano
                                          Andrew Holmer
20                                        Nicholas Dowd

21                                        *Attorneys for Defendant United Behavioral Health*

22

23

24

25

26

27

28

JOINT SUBMISSION ON REMEDIES
                                            AND FURTHER PROCEEDINGS
                                  CASE NOS. 3:14-CV-02346-JCS, 3:14-CV-05337-JCS

1

## ATTESTATION

2        Pursuant to Civil Local Rule 5-1(h)(3) regarding signatures, I attest that concurrence in

3   the filing of this document has been obtained from the other signatories.

4

5   Dated: October 15, 2025                          /s/ *Caroline E. Reynolds*
                                                      Caroline E. Reynolds

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28