JENNIFER S. ROMANO (SBN 195953)
jromano@crowell.com
ANDREW HOLMER (SBN 268864)
aholmer@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690

NICHOLAS DOWD (admitted pro hac vice)
NDowd@crowell.com
CROWELL & MORING LLP
1601 Wewatta Street, Suite 815
Denver, CO 80202
Telephone: 303.524.8660
Facsimile: 303.524.8650
Attorneys for Defendant

UNITED BEHAVIORAL HEALTH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID AND NATASHA WIT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 3:14-CV-02346-JCS<br>Related Case No. 3:14-CV-05337-JCS<br><br>**UBH'S RESPONSE TO THE COURT'S ORDER RE INJUNCTIVE RELIEF SECTION OF AMENDED REMEDIES ORDER**<br><br>Judge: Hon. Joseph C. Spero |
| GARY ALEXANDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | |

Pursuant to the Court's Order Re Injunctive Relief Section Of Amended Remedies Order ("Order," ECF No. 690), UBH hereby submits this response.

UBH objects to the Court's Tentative Injunction (*see* Order at 1:16–26) on the grounds it has raised previously, including but not limited to in the briefing and argument on the scope of Plaintiffs' remaining claim for breach of fiduciary duty (ECF Nos. 662, 664, 667), UBH's Submission On Disputed Proposed Changes To Remedies Order (ECF No. 682), the parties' Jointly Submitted Proposed Remedies Order Comparison (ECF No. 680-4), and at the hearings held on November 12, 2025 (*see* ECF No. 687) and December 3, 2025 (*see* ECF No. 692). Following the Court's direction, UBH hereby incorporates by reference the arguments made in those prior filings and hearings, and does not otherwise repeat them herein. *See* ECF Nos. 680-4, 682, 678, and 692; *see also* ECF Nos. 662, 664, 667.

UBH's only additional suggestion is that the word "guideline" found between lines 19 and 20 on page 1 of the Order should be capitalized to reflect that the term "guideline" as used in that portion of the Tentative Injunction has the same meaning as the capitalized term Guideline referenced elsewhere in Section A of the Tentative Injunction (*i.e.*, "any of the Guidelines listed on Exhibit A"). So modified, Section A of the Tentative Injunction would read as follows, with the newly capitalized word noted in bold:

> A. UBH is hereby permanently ENJOINED from: Using any of the Guidelines listed on Exhibit A to this Order to implement the GASC requirement contained in any plan governed by ERISA. This provision shall not prohibit UBH from using limited portions of the specific language contained in those Guidelines that accurately reflect GASC so long as UBH does not re-adopt in large part or its entirety any **Guideline** that the Court has found invalid. This provision also does not prohibit UBH from using specific language contained in those Guidelines for purposes other than implementing the GASC requirement in ERISA-governed plans, such as implementing plan terms other than the GASC requirement.

Respectfully Submitted:

Dated: December 19, 2025

CROWELL & MORING LLP

/s/ *Jennifer S. Romano*

Jennifer S. Romano
Andrew Holmer
Nicholas Dowd

*Attorneys for Defendant*
*United Behavioral Health*